**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

Donovan J Foster
Appellant(s),

vs.

United States of America et. al.
Appellee(s).

9th Cir. Case No. 24-140

District Court or BAP Case No.
2:22-cv-08522-FWS-PVC

# APPELLANT'S INFORMAL OPENING BRIEF

*(attach additional sheets as necessary, up to a total of 50 pages including this form)*

**JURISDICTION.** This information helps the court determine if it can review your case.

1. Timeliness of Appeal:

   a. What is the date of the judgment or order that you want this court to review? Filed: December 14, 2023 Entered: December 15, 2023.

   b. Did you file any motion, other than for fees and costs, after the judgment was entered? Answer yes or no: No

      - If you did, on what date did you file the motion? Not Applicable
      - For prisoners or detainees, what date did you give the motion to prison authorities for mailing? Not Applicable
      - What date did the district court or bankruptcy appellate panel (BAP) decide the motion that you filed after judgment? Not Applicable

   c. What date did you file your notice of appeal? January 1, 2024

      - For prisoners or detainees, what date did you give your notice of appeal to prison authorities for mailing? Not Applicable

9. **Other Pending Cases.** Do you have any other cases pending in the court of appeals? If so, give the name and docket number of each case.

No, I do not have any other cases pending in the court of appeals.

10. **Previous Cases.** Have you filed any previous cases that the court of appeals has decided? If so, give the name and docket number of each case.

No, I have not filed any previous cases that the court of appeals has decided.

Donovan J. Foster
Name

s/Donovan J Foster
Signature

578 Washington Blvd NUM 312
Marina Del Rey, CA 90292
Address

February 11, 2024
Date

**FACTS.** Include all facts that the court needs to know to decide your case.

2. What are the facts of your case?

Please see Attachment A

**PROCEEDINGS BEFORE THE DISTRICT COURT OR THE BAP.** In this section, we ask you about what happened before you filed your notice of appeal with this court.

3. What did you ask the district court or the BAP to do—for example, did you ask the court to award money damages, issue an injunction, or provide some other type of relief?

   I asked the court for the following:
   1. Hold Appelle liable for the harm and damages caused to the Appellant.
   2. Award appropriate compensation to Appellant (not to exceed the sum certain).
   3. Award Appellant their costs and expenses incurred in this action.
   4. Grant such other and further relief as the court deems just and proper.

4. What legal claim or claims did you raise in the district court or at the BAP?

Personal Injury, medical negligence, damages.

5. **Exhaustion of Administrative Remedies.** For prisoners, did you use up all administrative remedies for each claim before you filed your complaint in the district court? If you did not, please tell us why.

   Not Applicable

**PROCEEDINGS BEFORE THE COURT OF APPEALS.** In this section, we ask you about issues related to this case before the court of appeals and any previous cases you have had in this court.

6. What issues are you asking the court to review in this case? What do you think the district court or the BAP did wrong?

   I am asking the court to review the case in it's entirety particularly the United States District Court decision to grant the Defendant's Motion to Dismiss the Plaintiff's First Amended Complaint entered 12/15/2023. I believe the district court did not apply the law or applicable precedent setting appeals court case law correctly in my case.

7. Did you present all issues listed in Question 6 to the district court or the BAP? No

   Answer yes or no: No. If not, why not?

   The case was dismissed with prejudice precluding me from raising the issue with the federal district court.

8. What law supports these issues on appeal? (You may refer to cases and statutes, but you are not required to do so.)

Please see Attachment B

9. **Other Pending Cases.** Do you have any other cases pending in the court of appeals? If so, give the name and docket number of each case.

No, I do not have any other cases pending in the court of appeals.

10. **Previous Cases.** Have you filed any previous cases that the court of appeals has decided? If so, give the name and docket number of each case.

No, I have not filed any previous cases that the court of appeals has decided.

Donovan J. Foster
Name

578 Washington Blvd NUM 312
Marina Del Rey, CA 90292
Address

s/Donovan J Foster
Signature

February 11, 2024
Date

2. What are the facts of your case?

The Appellant is Donovan J Foster a United States Armed Forces veteran who resident in Los Angeles, CA. The Appellee is United States of America a sovereign entity that waived sovereign immunity under the Federal Torts Claims Act. The Appellee's stonewalling attempts makes it difficult to know the facts of the case. This is what I know as the victim of the admitted to in writing negligence, medical negligence, medical malpractice, etc.

In the United States Department of Veterans Affairs Decision Letter dated November 25, 2019 I was informed for the first time that my military service department records to include service treatment records (medical records) had been lost or mislabeled. The harms that were caused by this negligence, medical negligence, malpractice, etc. are unquantifiable, infinite, and endless.

One of the more extreme harms caused by the Appellee's negligence, medical negligence, malpractice etc. is that the "losing or mislabeling" of my service treatment records (medical records) caused a nine year delayed diagnosis of a very serious disorder.

Due to the unquantifiable, infinite, and endless harm I experienced because of the Appellee's negligence, medical negligence, malpractice etc. I timely filed on October 16, 2020 Standard Form 95 concerning the matter with both the National Archives and Records Administration and the United States Department of Veterans Affairs. January 6, 2021 the United States Department of Veterans Affairs responded to my October 16, 2020 FTCA Claim with a denial. I then submitted a Reconsideration Request on June 2, 2021 which was denied September 21, 2021 exhausting all administrative remedies.

Promptly I filed a Complaint with the United States District Court for the Central District of California concerning the negligence, medical negligence, malpractice etc. Case #: 2:22-cv-01702-FWS-PVC. I had a rogue lawyer who did not prosecute my case despite my many documented demands for her to comply with the court's orders because of this Case #: 2:22-cv-01702-FWS-PVC was dismissed without prejudice for Lack of Prosecution on November 21, 2022. This attorney did refile the identical case on the same day November 21, 2022 Case #:2:22-cv-08522-FWS-PVC.

The claim comes now before the United States Court of Appeals for the Ninth Circuit because the lower court granted the Appellee's Motion to Dismiss

Plaintiff's First Amended Complaint with prejudice for lack of jurisdiction; as I understand the ruling.

However, 38 U.S.C.S.§ 7316 is clear and unambiguous; at the bare minimum a plaintiff may bring medical malpractice and negligence claims against a "health care employee" to include clerks under the Federal Tort Claims Act. see Anestis v. United States, 749 F.3d 520, 524, 528 (6th Cir. 2014) (holding that a veteran could bring an FTCA claim for medical malpractice against a VA intake clerk).

In addition, 38 U.S.C.S.§ 7316 makes it abundantly clear when a Plaintiff brings an action against a VA health care employee alleging injury from a negligent medical decision the action may proceed under the FTCA and is not barred by the Veterans' Judicial Review Act (VJRA).

As the victim of these unfortunate acts of negligence, medical negligence, malpractice etc. I feel like my voice can not be heard at all. Everyone involved in the claim is saying that the claim is about “benefits" or is about something else that is precluded by 38 USC § 511 while I am pleading and shouting as loud as I can but nobody can hear me; that this claim this pursuit for justice, this pursuit for accountability has nothing to do with United States Department of Veterans Affairs benefits, which I gratefully have fully awarded, or, United States Department of

Veterans Affairs denial decision of a 2009 claim. This case is about the tortious conduct of the Appellee i.e. negligence, medical negligence, malpractice etc. I am only seeking recourse and damages for the tortious conduct for which the Appellee can be held liable for under the law.

Just because the United States Department of Veterans Affairs cannot be held liable for a delay in benefits they are NOT ABSOLVED of liability from harms inflicted by their negligence, medical negligence, malpractice, etc.

Simply put, Somebody in the employ of the Appellee lost or mislabeled my military service department records to include service treatment records (medical records) for 10 years, and never informed me when the records were found. Causing unquantifiable, infinite, endless harm. All the while, concealing their involvement in the “unavailability" of my records.

The responsible parties need to go to prison for malfeasance concerning records and their employer the Appellee needs to be brought to Justice and held accountable for the unquantifiable, infinite, and endless harms caused by the Appellee’s negligence, medical negligence, malpractice etc.

Somebody in the employ of the Appellee who had a legal duty to me breached that duty, and, caused unquantifiable, infinite, endless harm. This person(s) is the proximate cause of harm to me. This person(s) in the employ of the Appellee actions are the cause-in-fact of harm to me. I would simply like to pursue a tort claim for the admitted negligence, medical negligence, malpractice etc. as permitted under the FTCA.

Accountability is imposed by Congress through the FTCA. The United States District Court is the only court in which a victim of negligence, medical negligence, malpractice etc can seek recourse and damages when the employer of the perpetrator is unfortunately the country I Love the United States of America.

38 U.S.C.S.§ 7316 clearly gives jurisdiction to federal district courts; notwithstanding the United States District Court for the Central District found in favor of the Appellee and granted the Appellee's Motion to Dismiss Plaintiff's First Amended Complaint. At which time I filed a Notice of Appeal with The Ninth Circuit Court of Appeals.

The Appellee has successfully mischaracterized and falsely defined the victim's narrative and voice particularly as to why the victim is seeking damages, in a

attempt to evade the jurisdiction conferred on federal district courts by the Federal Torts Claims Act.

8. What law supports these issues on appeal? (You may refer to cases and statutes, but you are not required to do so.)

United States Court of Appeals for the Ninth Circuit and sister circuits have found that individual veterans can bring claims for medical negligence, negligence, and malpractice under the FTCA. Especially as in this claim where "benefits" have already been fully awarded.

"The FTCA allows private tort actions against the United States where, if the United States were a private person, it would be liable to the claimant according to the law of the place where a particular act or omission occurred. The FTCA is codified at 28 U.S.C. Chapter 171" . If this was a

private medical provider in California and they among other things, lost someone's medical records for 10 years, failed to notify them when the medical records were found, and caused a 9 year delayed diagnosis as in this claim there would be no question of liability. The Appellee here is held to the same standard.

In Tunac v United States of America The Ninth Circuit Court of Appeals found "Notwithstanding the expansive scope of 38 U.S.C. § 511 preclusion of judicial review, VCS acknowledged that we continue to have jurisdiction to hear some claims brought by individual veterans under the FTCA. See id. at 1023 & n.13. The FTCA gives district courts "exclusive jurisdiction of civil actions on

claims against the United States, for money damages,… for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. " 28 U.S.C. § 1346(b)(1). We noted in VCS that we had previously considered a veteran's FTCA claim and held that jurisdiction was appropriate because his claim that he did not receive a timely and correct diagnosis "would not 'possibly have any effect on the benefits [the veteran] has already been awarded." (quoting and citing Littlejohn v. United States, 321 F.3d 915, 921 (9th Cir. 2003)). VCS therefore recognized that the FTCA "specifically confers

jurisdiction on federal district courts to hear" claims involving medical negligence.

Sister circuits have found similarly the Department of Veterans Affairs can be held liable under the FTCA in District Court for negligence and malpractice. “In Thomas v. Principi, for instance, the D.C. Circuit held that it had jurisdiction under the FTCA over the veteran's claims that the VA negligently failed to inform the veteran about his diagnosis. See 394 F.3d 970, 973-75 (D.C. Cir. 2005). While acknowledging the broad definition of "benefit" in § 511, the D.C. Circuit rejected "any implication that all action or inaction by the VA represents a type of 'service, and therefore automatically constitutes a

“benefit” Id. at 975. For instance, “if a VA doctor left a sponge inside a patient during surgery, section 511 would permit an FTCA malpractice suit in district court. " Id. The D.C. Circuit ultimately concluded that the veteran's negligence and malpractice claims did not raise any "questions of law [or] fact necessary to a decision by the Secretary under a law that affects the provision of benefits" for purposes of § 511, and that the claims could therefore proceed under the FTCA. Id. at 974-75 (alteration in original)

It is clear I am allowed to lodge a claim against the Appellee in Federal district court for malpractice, medical negligence, and negligence under the FTCA. Jurisdiction

is proper as I assert it with United States District Court for the Central District of California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC Date: December 14, 2023

Title: Donovan J. Foster v. The United States of America *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Melissa H. Kunig | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [43]**

Before the court is Defendant United States of America's ("Defendant") Motion to Dismiss Plaintiff Donovan J. Foster's ("Plaintiff") First Amended Complaint ("Motion" or "Mot.").[1] (Dkt. 43.) On September 11, 2023, Plaintiff opposed the Motion ("Opposition" or "Opp."). (Dkt. 58.) On September 14, 2023, Defendant filed a Reply ("Reply"). (Dkt. 60.) On September 25, 2023, having found the matter appropriate for decision without oral argument, the court took the matter under submission. (Dkt. 61.) Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion and **DISMISSES WITH PREJUDICE** the First Amended Complaint.

## I. Procedural Background

The court briefly reviews the relevant procedural history of this case. On November 21, 2022, Plaintiff filed a Complaint alleging he is a U.S. Army veteran who suffers from Bipolar II Disorder and Post-Traumatic Stress Disorder ("PTSD"). (*See* Dkt. 1 ¶¶ 14, 17.) Per the allegations of the Complaint, in October 2009, Plaintiff submitted an Application for

[1] The Motion is brought under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because the court ultimately concludes it lacks subject matter jurisdiction over this action, it does not reach the merits of Defendant's Rule 12(b)(6) motion and proceeds to evaluate the Complaint under the framework applicable to Rule 12(b)(1) motions.

Compensation and/or Pension to the VA. (*Id.* ¶ 15.) The VA denied his application on May 13, 2010, because his service department and/or treatment records were unavailable and could not be located. (*Id.*) On November 26, 2019, the VA informed Plaintiff by letter that his service department records had been lost or mislabeled. (*Id.* ¶ 16.) Plaintiff alleges the denial of his claim prevented him from receiving necessary mental health treatment from the VA and delayed his ability to receive timely treatment from other providers. (*Id.* ¶ 17.) The Complaint asserts a single cause of action for negligence based on the VA's alleged failure to maintain Plaintiff's service and medical records. (*Id.* ¶¶ 22-29.) The Complaint alleges the VA's failure prevented Plaintiff from receiving treatment for his conditions for approximately ten years and allegedly caused Plaintiff's conditions to worsen, such that he is now completely disabled. (*Id.*)

On May 12, 2023, the court dismissed the Complaint for lack of subject matter jurisdiction, with leave to amend. (Dkt. 25.) Specifically, the court concluded it lacked subject matter jurisdiction under the Veterans' Judicial Review Act ("VJRA"), 38 U.S.C. 511(a), which divests district courts of jurisdiction over suits brought by veterans regarding their benefits. (*Id.*) On June 12, 2023, Plaintiff filed a First Amended Complaint ("FAC"). (Dkt. 29.)

## II. Summary of Allegations of the FAC

In the FAC, Plaintiff again alleges he is a veteran, Defendant failed to maintain and safeguard his service records, and Plaintiff was harmed during his "administrative hearings" by Defendant's failure to maintain and safeguard his service records. (FAC ¶¶ 5-48.) Plaintiff also asserts the court has subject matter jurisdiction over this case under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. (*Id.* ¶ 3.) Based on these allegations, Plaintiff asserts eight causes of action for violation of his right to due process, breach of contract, medical malpractice, negligent infliction of emotional distress, fraud, violation of the Privacy Act of 1974, 5 U.S.C. § 552a, breach of fiduciary duty, and negligent hiring or training. (*Id.*)

## III. Legal Standard

### a. Rule 12(b)(1) Motion to Dismiss

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citation and internal quotation marks omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a case for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A defendant's challenge under the Rule may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "accepts the truth of plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone*, 373 F.3d at 1039). A factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside of the pleadings." *Id.*

"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039 (citation omitted). The court need not presume the truthfulness of the plaintiff's allegations in doing so. *Id.* "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citation omitted). Where "the jurisdictional disputes [are] not intertwined with the merits of the claim" and "the existence of jurisdiction turn[s] on disputed factual issues," the court may "resolve those factual disputes" where necessary. *See Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944 (9th Cir. 2021) (citation and internal quotation marks omitted); *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

## IV. Discussion

Defendant moves to dismiss this action on several grounds. (*See generally* Mot.) First, Defendant moves under Rule 12(b)(1), arguing that the court lacks subject matter jurisdiction over Plaintiff's claim under the Veterans' Judicial Review Act ("VJRA"). (Mot. at 5-7.) Second, Defendant argues that even if the VJRA does not divest the court of jurisdiction, dismissal is appropriate because multiple causes of action alleged in the FAC are improper

under the Federal Tort Claims Act. (*Id.* at 7-10.) Third, Defendant argues Plaintiff's claims are time-barred under the FTCA's two-year statute of limitations. (*Id.* at 10-11.) For the reasons discussed below, the new claims in the FAC do not alter the court's conclusion that it lacks subject matter jurisdiction over this action.

a. The Court Lacks Jurisdiction Over this Matter Under Section 511(a) of the VJRA

In 1988, Congress enacted the VJRA, which deprived Article III district courts of jurisdiction over veterans' suits concerning their benefits. *See Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1020-23 (9th Cir. 2012) (en banc) (discussing history of judicial review of VA decisions and the VJRA's effect on reviewability). The VJRA "place[s] responsibility for reviewing decisions" of the VA Regional Offices and the Board of Veterans' Appeals in the U.S. Court of Appeals for Veterans Claims ("Veterans Court"). *Id.* at 1021 (citing 38 U.S.C. §§ 7251, 7261). The Veterans Court has "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals," *Tunac v. United States*, 897 F.3d 1197, 1202 (9th Cir. 2018) (quoting 38 U.S.C. § 7252(a)), and may "decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of an action of the Secretary," *id.* (quoting 38 U.S.C. § 7261(a)(1)). Decisions of the Veterans Court are in turn "reviewed exclusively by the Federal Circuit, which 'shall decide all relevant questions of law, including interpreting constitutional and statutory provisions.'" *Veterans for Common Sense*, 678 F.3d at 1022 (quoting 38 U.S.C. § 7292(d)(1)) (citing 38 U.S.C. §§ 7292(a), (c)).

"In addition to establishing this exclusive pathway for judicial review of benefits decisions, Congress enacted a new provision, eventually codified at 38 U.S.C. § 511, to 'broaden the scope' of the prior preclusion provision and 'limit outside "court intervention" in the VA decisionmaking process.'" *Tunac*, 897 F.3d at 1202 (quoting *Veterans for Common Sense*, 678 F.3d at 1022). The statute provides that the Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans," 38 U.S.C. § 511(a), which are "final and conclusive and may not be reviewed by any other official or by any court" with certain exceptions not implicated here, *see id.* § 511(b).

"[Section] 511 precludes jurisdiction over a claim if it requires the district court to review VA decisions that relate to benefits decisions, including any decision made by the Secretary in the course of making benefits determinations." *Tunac*, 897 F.3d at 1202 (quoting *Veterans for Common Sense*, 678 F.3d at 1025). Section 511 also precludes district courts' judicial review of "cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits" and the "decisions that may affect such cases." *Veterans for Common Sense*, 678 F.3d at 1025-26 (citations omitted). But it does not bar "certain facial constitutional challenges that require only a 'consideration of the constitutionality of the procedures in place,' rather than 'a consideration of the decisions that emanate through the course of the presentation of those claims.'" *Gila River Indian Cmty. v. United States Dep't of Veterans Affs.*, 899 F.3d 1076, 1079 (9th Cir. 2018) (quoting *Veterans for Common Sense*, 678 F.3d at 1034) (citation omitted).

In this case, the court concludes it lacks jurisdiction over Plaintiff's claims under § 511(a). The Ninth Circuit, sitting *en banc* in *Veterans for Common Sense*, observed that "[s]ection 511 undoubtedly would deprive [district courts] of jurisdiction to consider an individual veteran's claim that the VA unreasonably delayed his mental health care." *See* 678 F.3d at 1026. In that case, the Ninth Circuit held that a district court lacks jurisdiction under § 511(a) where it would require "evaluating the circumstances of individual veterans and their requests for treatment, and determining whether the VA handled those requests properly" because "there is no way for the district court to resolve whether the VA acted in a timely and effective manner in regard to the provision of mental health care" without doing so. *Id.* at 1028.

Plaintiff's causes of action—though framed differently than in the original Complaint—still seek a determination from the court that the VA was negligent in how it handled Plaintiff's request for mental health treatment and that the VA's denial created an injurious delay in Plaintiff's receipt of necessary care. For example, although Plaintiff argues his claims arise under the FTCA rather than the VJRA, he repeats in the Opposition that Defendant's denial of his 2009 application for compensation or pension benefits "precluded me from receiving needed mental health treatment from Department of Veteran Affairs facilities" and "precluded me from receiving timely and effective treatment for my diagnosed Bipolar II disorder with Anxious

Distress and Post Traumatic Stress Disorder." (Opp. at 3-4.) The FAC also includes multiple allegations that the VA was negligent toward Plaintiff and caused him harm by delaying his medical care. (*See, e.g.*, FAC ¶¶ 19-29.) In summary, Plaintiff's claims require the court to engage in the prohibited analysis of "evaluating [Plaintiff's] circumstances" and his "request[] for treatment" to determine "whether the VA acted in a timely and effective manner in regard to the provision of mental health care." *See Veterans for Common Sense*, 678 F.3d at 1028. Accordingly, § 511(a) divests the court of subject matter jurisdiction over Plaintiff's claims.

Because Plaintiff has not adequately demonstrated that his claims fall outside the scope of the VJRA, the court concludes that it lacks jurisdiction over Plaintiff's claims. Given that the court lacks jurisdiction over Plaintiff's claims, it does not reach the merits of Defendant's arguments regarding the scope of the FTCA and the relevant statute of limitations. *See Tunac*, 897 F.3d at 1201 (noting court would first determine whether it had jurisdiction over the complaint before reaching "the government's argument that [the plaintiff's] complaint is barred by the statute of limitations").

b. The Court Denies Leave to Amend

"In assessing whether leave to amend is proper, courts consider the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 814-15 (9th Cir. 2020) (citation and internal quotation marks omitted). Courts may find amendment futile where "no amendment would allow the complaint to withstand dismissal as a matter of law," and "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Id.* at 815 (citation and internal quotation marks omitted). But "[i]f a complaint does not state a plausible claim for relief, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Perez v. Mortg. Elec. Registration Sys., Inc.*, 959 F.3d 334, 340 (9th Cir. 2020) (citation and internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC Date: December 14, 2023
Title: Donovan J. Foster v. The United States of America *et al.*

At this juncture, the court has previously dismissed Plaintiff's Complaint for lack of subject matter jurisdiction and explained in its prior dismissal order that the court's review of this case was precluded by Section 511 of the VJRA. (*See generally* Dkt. 25.) Though the court granted Plaintiff leave to file a FAC, the court finds, as discussed above, that Plaintiff's claims in the FAC are again subject to dismissal for lack of subject matter jurisdiction. Accordingly, the court finds the FAC's allegations dismissed by this Order are futile at this stage and denies Plaintiff leave to amend his claims. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (affirming denial of leave to amend where "Plaintiffs have had ample opportunity to properly plead a case and have failed to do so").

## V. Disposition

For the reasons set forth above, the court **GRANTS** the Motion and **DISMISSES WITH PREJUDICE** the First Amended Complaint. The Clerk of Court is directed to **CLOSE** this matter.

**IT IS SO ORDERED.**

Initials of Deputy Clerk: mku

Name Donovan J Foster
Address 578 Washington Blvd Num 312
City, State, Zip Marina Del Rey, CA 90292
Phone 1-212-9201477
Fax
E-Mail fostermailbox@gmail.com
☐ FPD ☐ Appointed ☐ CJA ☒ Pro Per ☐ Retained

FILED

2024 JAN -4 PM 2:17

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: [signature]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Donovan J Foster PLAINTIFF(S),

v.

United States of America DEFENDANT(S).

CASE NUMBER: 2:22-cv-08522-FWS-PVC

**NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that Donovan J Foster hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
Order granting Defendant's motion to Dismiss Docket [43]
☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on December 14, 2023 Entered on the docket in this action on Dec 14, 2023.

A copy of said judgment or order is attached hereto.

Jan 4, 2023
Date

[signature]
Signature
☒ Appellant/ProSe ☐ Counsel for Appellant ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).