No. 24-140

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**DONOVAN FOSTER**,
*Plaintiff-Appellant*,

v.

**UNITED STATES OF AMERICA**,
*Defendant-Appellee*.

Appeal from the United States District Court
Central District of California
No. CV 22-08522 FWS (PVC)

# APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE

E. MARTIN ESTRADA
*United States Attorney*
DAVID M. HARRIS
*Assistant United States Attorney*
*Chief, Civil Division*
JONATHAN RUSSELL BLAKEY
*Assistant United States Attorney*
Federal Building
300 N. Los Angeles Street, Suite 7516
Los Angeles, California 90012
Telephone: (213) 894-8341
E-mail: Jonathan.Blakey@usdoj.gov

Attorneys for Defendant-Appellee
United States of America

# MOTION FOR SUMMARY AFFIRMANCE

Pursuant to Ninth Circuit Rule 3-6, Defendant-Appellee United States of America moves for summary affirmance of the district court's order dismissing *pro se* Plaintiff-Appellant Donovan Foster's action for lack of subject matter jurisdiction. Finding that Foster's claims are based on the Department of Veterans Affairs' denial of his request for veterans' benefits, the district court correctly concluded that Section 511 of the Veterans' Judicial Review Act of 1988 (VJRA) deprived it of jurisdiction over Foster's action. *See Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1026 (9th Cir. 2012) (en banc), *cert. denied*, 568 U.S. 1086 (2013). Because this appeal is "obviously controlled by precedent" and is one "in which the insubstantiality is manifest from the face of appellant's brief," *United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (*per curiam*), summary affirmance is warranted.

## A. Summary of Allegations and Proceedings Below

Foster, a United States Army veteran, initiated this action in November 2022, asserting a single claim for negligence arising from the VA's denial of his 2009 application for compensation and/or pension because his service department and treatment records could not be

located. *See generally* CR 1. In June 2023, Foster filed an Amended Complaint, this time asserting several claims against the United States under the Federal Tort Claims Act. CR 29. Foster's Amended Complaint essentially alleged that the government's misplacement of his treatment records for approximately ten years prevented him from receiving necessary mental health treatment from the VA and delayed his ability to receive treatment from other providers. CR 29 at 2-3.

In December 2023, the district court dismissed the Amended Complaint for lack of subject matter jurisdiction without leave to amend. CR 62. The court concluded that the VJRA divested it of subject matter jurisdiction, as adjudication of Foster's claims would require the court to evaluate his request for treatment to determine whether the VA acted in a timely and effective manner regarding the provision of mental health care. CR 62 at 6. The court accordingly dismissed the Amended Complaint with prejudice. CR 62 at 7. Foster timely appealed. CR 63.

### B. Argument

Under Ninth Circuit Rule 3-6(a)(2), this Court may summarily dispose of an appeal at "any time prior to the completion of briefing" when "it is manifest that the questions on which the decision in the appeal or

petition for review depends are so insubstantial as not to justify further proceedings ....” Summary affirmance is appropriate where, as here, “the outcome of [the] case is beyond dispute,” such that “summary disposition is of obvious benefit to all concerned.” *Hooton*, 693 F.2d at 858.

Pursuant to the VJRA, the Secretary of the VA “shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans[.]” 38 U.S.C. § 511(a). The VJRA further provides that all such decisions “shall be final and conclusive and may not be reviewed by any other official or by any court ....” *Id.* Regulations define “benefit” to include “any payment, service, commodity, function, or status, entitlement of which is determined under laws administered by the Department of Veterans Affairs ....” 38 C.F.R. § 20.3(e).

In *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013 (9th Cir. 2012), this Court held that Section 511(a) of the VJRA precludes jurisdiction over a claim if it requires the district court to review a veterans’ benefits determination, including “any decision made by the Secretary in the course of making benefits determinations.” 678 F.3d at 1025 (citations and internal quotation marks omitted). “This preclusion

extends not only to cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits, but also to those decisions that may affect such cases." *Id.* This Court later confirmed this principle in *Tunac v. United States*, 897 F.3d 1197, 1205-06 (9th Cir. 2018), holding that allegations seeking relief for "administrative negligence" rather than medical negligence on the part of medical professionals must be channeled through the VJRA. *See also id.* at 1202 ("In addition to establishing this exclusive pathway for judicial review of benefits decisions, Congress enacted a new provision, eventually codified at 38 U.S.C. § 511, to 'broaden the scope' of the prior preclusion provision and 'limit outside "court intervention" in the VA decision making process.'").

Relying on *Veterans for Common Sense*, the district court correctly concluded that it lacked subject matter jurisdiction over Foster's action. Despite attempting to characterize his claims as common law torts, Foster seeks a judicial determination that the VA improperly handled his request for mental health treatment and that the denial of his application for compensation and/or pension delayed his care and caused him harm. *See generally* CR 1, 29. But as the district court appropriately recognized,

judicial review of the VA's denial of Foster's application based on the misplacement of his service and treatment records would have required it to evaluate Foster's individual request for treatment and determine whether the VA handled that request properly. CR 62 at 5. Indeed, Foster's allegations do not describe actual medical negligence in the provision of care, but instead challenge the VA's initial denial of his application for benefits based on the unavailability of his treatment records, which Foster contends ultimately delayed his access to mental health care and caused him harm. *See* CR 29 at 2 ("Defendant has committed medical malpractice by losing Plaintiff's service department records, which has resulted in harm.... The loss of these records has made it difficult for healthcare providers to provide appropriate medical department (*sic*)."). Because the VA's misplacement of Foster's treatment records is akin to the "administrative negligence" described in *Tunac*, the district court correctly concluded that it lacked jurisdiction over Foster's Amended Complaint. CR 62 at 5-6. *Tunac*, 897 F.3d at 1205-06 ("As currently drafted, these allegations do not give rise to a reasonable inference that VA medical professionals breached their duty of care, but rather seek relief for the type of administrative negligence in scheduling

appointments that must be channeled through the VJRA."). This Court should affirm.

### C. Conclusion

For the foregoing reasons, the district court's dismissal of Foster's action without leave to amend should be affirmed.[1]

Dated: April 26, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

*/s/ Jonathan Russell Blakey*
JONATHAN RUSSELL BLAKEY
Assistant United States Attorney

Attorneys for Defendant-Appellee
United States of America

[1] As set forth in the concurrently filed Motion to Stay, the United States requests that the briefing schedule be stayed until this motion is decided.