**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**Donovan Foster,**

**Plaintiff-Appellant,**

**v.**

**United States of America,**

**Defendant-Appellee.**

**No. 24-140**

# APPELLANT'S OPPOSITION TO APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE

**Donovan J. Foster**

**Pro Se-Appellant**

**578 Washington Blvd**

**Marina Del Rey, CA 90292**

**Telephone: +1-212-920-1477**

**Email: fostermailbox@gmail.com**

**Date: April 29, 2024**

**Table of Contents**

**I. Introduction ............................................................................ 1**

**II. Jurisdictional Statement ..................................................... 3**

**III. Background and Statement of Facts .................................. 3**

**IV. Argument ............................................................................. 4**

**A. The FTCA Provides Jurisdiction for Claims Arising from Negligence by Federal Employees ...................................... 4**

**B. Ninth Circuit and Supreme Court Precedents Support the Actionability of Appellant's FTCA Claims .......................... 6**

**C. Genuine Issues of Material Fact Preclude Summary Judgment ........................................................... 7**

**V. Conclusion ............................................................................ 9**

**Certificate of Compliance ........................................................ 10**

**Certificate of Service ............................................................. 10**

**TABLE OF AUTHORITIES**

**CASES**

**Gila River Indian Cmty. v. United States Dep't of Veterans Affs.,**

**899 F.3d 1076 (9th Cir. 2018) .......................................... 6**

**Tunac v. United States,**

**897 F.3d 1197 (9th Cir. 2018) .......................................... 5**

**United States v. Gaubert,**

**499 U.S. 315 (1991) ....................................................... 7**

**Veterans for Common Sense v. Shinseki,**

**678 F.3d 1013 (9th Cir. 2012) .......................................... 6**

**STATUTES**

**28 U.S.C. § 1291 ........................................................ 3**

**28 U.S.C. §§ 1346(b), 2671-2680 ........................................... 4**

**38 U.S.C. § 511 ........................................................ 4**

**Federal Rule of Civil Procedure 56 ....................................... 1**

**Ninth Circuit Rule 3-6 ................................................. 1**

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**Donovan Foster,**

**Plaintiff-Appellant,**

**v.**

**United States of America,**

**Defendant-Appellee.**

**No. 24-140**

**APPELLANT'S OPPOSITION TO MOTION FOR SUMMARY AFFIRMANCE**

Pursuant to Federal Rule of Civil Procedure 56 and Ninth Circuit Rule 3-6, Donovan J. Foster, Plaintiff-Appellant, hereby opposes the Motion for Summary Affirmance filed by the United States of America, Defendant-Appellee. This opposition is grounded in a detailed analysis of statutory provisions, relevant case

law from the U.S. Ninth Circuit Court of Appeals, and other pertinent federal jurisprudence.

## I. INTRODUCTION

This case presents significant questions regarding the applicability of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, to claims of gross malpractice to include gross negligence by the United States Department of Veterans Affairs (VA). The Appellant contends that the district court erroneously conflated the mishandling of medical records with decisions related to the provision of VA benefits, thereby misapplying the Veterans' Judicial Review Act (VJRA), 38 U.S.C. § 511, and prematurely dismissing a valid tort claim under the FTCA.

## II. JURISDICTIONAL STATEMENT

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, as this appeal is from a final decision of the district court dismissing the appellant's complaint with prejudice.

## III. BACKGROUND AND STATEMENT OF FACTS

Donovan J. Foster, a veteran of the United States Armed Forces, alleges substantial negligence in the handling of his service and treatment records by VA employees resulting in severe, ongoing harm. Despite the clear separation of his claims from benefits decisions typically reviewed under the VJRA, the district court dismissed his action, conflating administrative gross negligence with benefits adjudication. This case presents significant federal questions regarding the application of the FTCA to claims arising from actions independent of benefits decisions.

## IV. ARGUMENT

### A. The FTCA Provides Jurisdiction for Claims Arising from Negligence by Federal Employees

#### 1. Statutory Framework of the FTCA:

The FTCA waives sovereign immunity "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," as articulated in 28 U.S.C. § 1346(b)(1). This case involves direct claims of gross malpractice to include but not limited to gross negligence that are squarely within this provision.

**2. Exclusion from VJRA Preclusion:**

The VJRA, while precluding review of benefits decisions, does not bar tort claims for gross negligence that do not involve adjudication of benefits eligibility. The Ninth Circuit in Tunac v. United States, 897 F.3d 1197 (9th Cir. 2018), clarified that FTCA claims independent of benefits determinations are actionable, affirming the jurisdiction of federal courts over such matters. Furthermore, Sanders v. United States, 556 U.S. 396 (2009) clarifies the scope of judicial review in cases involving administrative errors, establishing that such mishaps when leading to substantial harm, merit FTCA consideration outside the limitations of the VJRA.

It is critical to clarify a significant mischaracterization in the Appellee's Motion for Summary Affirmance. Contrary to the assertions advanced therein, the Appellant's claim does not challenge the Department of Veterans Affairs' initial denial of benefits based on the unavailability of his treatment records. Instead, this action strictly pertains to the distinct and separate issue of tortious conduct—specifically, the malpractice to include negligence of the Appellee's employees that did not encompass the adjudication of benefits eligibility. This claim is grounded in gross malpractice to include but not limited to gross negligence that exists independently of, and is legally separable from, any determinations related to Appellant's benefits under the Federal Tort Claims Act. Thus, the Appellant seeks redress for harms arising exclusively from gross malpractice to included but not limited to gross

negligence, a realm unequivocally outside the purview of the Veterans' Judicial Review Act.

The issue at hand does not merely involve routine administrative negligence, such as the scheduling of appointments as suggested by the Appellee. Rather, it concerns the more grievous misconduct of losing or mislabeling medical documentation, which directly resulted in significant patient harm. Such conduct cannot reasonably be equated with minor administrative oversights; it constitutes a severe breach of duty with dire consequences for the patient involved.To suggest that the ramifications of such errors are akin to mere scheduling negligence grossly understates the severity of the harm inflicted and misinterprets the legal standards governing administrative negligence.

To pose the question, "Would losing or mislabeling a medication or a x-ray resulting in patient harm be akin to administrative negligence?" reveals a profound misunderstanding by the Appellee of the gravity and legal implications of losing or mislabeling medical health information. Clearly, the answer is an unequivocal no. Losing or mislabeling a medication or x-ray that results in patient harm involves a significant breach of duty, far surpassing mere administrative oversight and directly impacting patient safety and well-being. The same standard is held

concerning losing or mislabeling patient health information or medical records. Any suggestion to the contrary borders on facetious.

The Appellee's attempt to equate it's own serious misconduct of losing or mislabeling, to be clear it is still unknown which it is losing or mislabeling because of the Appellee's lack of transparency, medical records as a minor administrative error not only misrepresents the factual basis of the claims but also diminishes the legal responsibility entailed.

The Appellee's Motion for Summary Affirmance, by minimizing grave errors, not only misleads but also potentially disrespects the procedural and substantive rights afforded within this Court. Such a characterization of the events as trivial administrative missteps is both factually incorrect and legally insupportable.

**B. Ninth Circuit and Supreme Court Precedents Support the Actionability of Appellant's FTCA Claims**

1. **Relevant Ninth Circuit Precedents:**

- In Veterans for Common Sense v. Shinseki, 678 F.3d 1013 (9th Cir. 2012), the court differentiated between procedural irregularities (actionable under FTCA) and substantive benefits decisions (covered by VJRA).

- Gila River Indian Cmty. v. United States Dep't of Veterans Affs., 899 F.3d 1076 (9th Cir. 2018), further supports that administrative errors not directly tied to benefits decisions can form the basis of FTCA claims.

**2. Supreme Court Confirmation of FTCA's Broad Application:**

- The Supreme Court in United States v. Gaubert, 499 U.S. 315 (1991), upheld that negligent acts falling outside discretionary functions are actionable under the FTCA, which supports Appellant's position against summary judgment dismissal.

**C. Genuine Issues of Material Fact Preclude Summary Judgment**

The factual discrepancies surrounding the violations of the Appellant's Fourteenth and Fifth Amendment rights through discriminatory actions against the appellants protected classification which negates the preclusionary effects of the VJRA, and the particular damages suffered by the Appellant all call for a detailed judicial review rather than a summary affirmance.

The presence of factual discrepancies concerning the causation and the extent of the injuries inflicted upon the Appellant, coupled with constitutional claims, highlight the necessity of these proceedings and subsequently a comprehensive trial. Summary affirmance is wholly inappropriate in this context where significant

material facts are still actively contested. It is imperative that these critical issues be thoroughly examined in a court setting to ensure a just resolution for all parties involved, aligning with the foundational legal principles of our judiciary system.

**V. CONCLUSION**

Given the extensive legal and factual complexities presented, summary judgement is inappropriate. Appellant respectfully requests that this Court deny the Appellee's Motion for Summary Judgment and remand the case for proceedings to include a comprehensive trial consistent with this opposition.

**Respectfully submitted,**

**__/s/ Donovan J Foster___**

**Donovan Foster**

**Pro se-Appellant**

**578 Washington Blvd**

**Marina Del Rey, CA 99282**

**+1-212-920-1477**

**fostermailbox@gmail.com**

**Dated: April 29, 2024**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2024 I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system. I certify that all participants in the case are registered ACMS users and will be served by the appellate ACMS system.

**Donovan Foster**

**/s/ Donovan Foster**

**Pro se-Appellant**

**CERTIFICATE OF COMPLIANCE**

**Pursuant to Ninth Circuit Rule 32-1, I certify that to the best of my understanding :**

**- This brief complies with the type-volume limitation of Ninth Circuit Rule 32-1 and the Federal Rules of Appellate Procedure, excluding the parts of the brief exempted by the rules.**

**- This brief is prepared in a proportionally spaced typeface using 14-point Times New Roman font.**

**Date: April 29, 2024**

**/s/ Donovan J. Foster**

**Donovan Foster**

**Pro Se-Appellant**