No. 24-140

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**DONOVAN FOSTER**,
*Plaintiff-Appellant*,

v.

**UNITED STATES OF AMERICA**,
*Defendant-Appellee*.

Appeal from the United States District Court
Central District of California
No. CV 22-08522 FWS (PVC)

# APPELLEE'S ANSWERING BRIEF

E. MARTIN ESTRADA
*United States Attorney*
DAVID M. HARRIS
*Assistant United States Attorney*
*Chief, Civil Division*
JONATHAN RUSSELL BLAKEY
*Assistant United States Attorney*
Federal Building
300 N. Los Angeles Street, Suite 7516
Los Angeles, California 90012
Telephone: (213) 894-8341
E-mail: Jonathan.Blakey@usdoj.gov

Attorneys for Defendant-Appellee
United States of America

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ........ 1

II. COUNTER-STATEMENT OF THE ISSUES ........ 2

III. STATEMENT OF JURISDICTION ........ 3

IV. STATEMENT OF THE CASE ........ 3

A. Foster's 2009 VA Benefits Application ........ 3

B. Foster's 2019 VA Benefits Application ........ 4

C. Foster's Administrative Tort Claim ........ 4

D. Foster's First Action ........ 5

E. Foster Initiates the Instant Action ........ 5

V. STANDARD OF REVIEW ........ 6

VI. SUMMARY OF THE ARGUMENT ........ 7

VII. ARGUMENT ........ 8

A. Section 511 of the VJRA Bars Foster's Claims Because They are Based on Alleged Delays and Denials of Veterans' Benefits ........ 8

1. Statutory Framework ........ 9

2. The District Court Properly Construed Foster's Claims as Relating to the VA's Benefits Decision ........ 14

B. Foster's Claims are Time-Barred ........ 16

1. Foster Waited Over a Decade to File His Administrative Tort Claim ........ 16

2. Foster's Claims Remain Time-Barred Even If a Later Accrual Date is Accepted .................................... 17

VIII. CONCLUSION ........................................................................ 21

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Autery v. United States*,
424 F.3d 944 (9th Cir. 2005) .................... 9

*Bender v. Williamsport Area Sch. Dist.*,
475 U.S. 534 (1986) .................... 9

*Cervantes v. Countrywide Home Loans, Inc.*,
656 F.3d 1034 (9th Cir. 2011) .................... 7

*Chodos v. W. Publ'g Co.*,
292 F.3d 992 (9th Cir. 2002) .................... 7

*Edison v. United States*,
822 F.3d 510 (9th Cir. 2016) .................... 9

*Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*,
753 F.3d 862 (9th Cir. 2014) .................... 9

*Flamingo Indus. (USA) Ltd. v. U.S. Postal Serv.*,
302 F.3d 985 (9th Cir. 2002) .................... 7

*Franklin Sav. Corp. v. U.S. (In re Franklin Sav. Corp.)*,
385 F.3d 1279 (10th Cir. 2004) .................... 19

*Gila River Indian Cmty. v. United States Dep't of Veterans Affairs*,
899 F.3d 1076 (9th Cir. 2018) .................... 11

*Griggs v. Pace Am. Group, Inc.*,
170 F.3d 877 (9th Cir. 1999) .................... 7

*Johnson v. Robison*,
415 U.S. 361 (1974) .................... 12

*Lambert v. U.S.*,
44 F.3d 296 (5th Cir. 1995) .................... 19, 20

*Lopez v. Smith*,
203 F.3d 1122 (9th Cir. 2000) .................................................................. 7

*Mehrkens v. Blank*,
556 F.3d 865 (8th Cir. 2009) .................................................................. 13

*Milbauer v. United States*,
587 Fed. App'x 587 (11th Cir. 2014) ........................................................ 12

*Recinto v. U.S. Dep't of Veterans Affairs*,
706 F.3d 1171 (9th Cir. 2013) ........................................................... 11, 16

*Stein v. Reynolds Sec., Inc.*,
667 F.2d 33 (11th Cir. 1982) .................................................................. 19

*Sugrue v. Derwinski*,
26 F.3d 8 (2d Cir. 1994) ........................................................................ 12

*Tunac v. United States*,
897 F.3d 1197 (9th Cir. 2018) ........................................................... 12, 14

*U.S. v. Kubrick*,
444 U.S. 111 (1979) ............................................................................... 17

*United States v. Brown*,
348 U.S. 110 (1954) ............................................................................... 13

*Veterans for Common Sense v.* Shinseki,
("VCS"), 678 F.3d 1013 (9th Cir. 2012) ................................ 8, 11, 12, 15

*Whitman v. Mineta*,
541 F.3d 929 (9th Cir. 2008) .................................................................... 7

*Yakama Indian Nation v. State of Wash. Dep't of Revenue*,
176 F.3d 1241 (9th Cir. 1999) .................................................................. 7

**Statutes**

28 U.S.C. § 1291 ........................................................................................ 3

28 U.S.C. § 1346(b)(1) ............................................................................... 13

28 U.S.C. § 2041(b) .......... 18

28 U.S.C. § 2401(b) .......... 18

38 U.S.C. § 511(a) .......... 9, 10, 14

38 U.S.C. § 511(b) .......... 10

38 U.S.C. §§ 7251 .......... 12

38 U.S.C. § 1151(b) .......... 13

**Rules**

Fed. R. App. P. 4(a)(1)(B) .......... 3

**Regulations**

38 C.F.R. § 20.3(e) .......... 10

## I. INTRODUCTION

Plaintiff-Appellant Donovan Foster brought this action against the United States under the Federal Tort Claims Act, seeking damages resulting from the Department of Veterans Affairs' denial of his 2009 application for compensation and/or pension. Specifically, Foster alleged that the denial of his application both prevented him from receiving necessary treatment from the VA and delayed his ability to receive treatment from other providers.

In dismissing Foster's original complaint, the district court concluded that Foster alleged that the VA was negligent in the way it handled his request for treatment and that its denial of his application delayed his receipt of necessary care. In doing so, the court properly recognized that adjudicating Foster's claim would require an evaluation of Foster's circumstances and his request for treatment to determine whether the VA acted in a timely and effective manner regarding the provision of mental health care. And because an *en banc* panel of this Court previously held that the Veterans' Judicial Review Act strips district courts of jurisdiction to review such inquiries, the district court dismissed Foster's original complaint with leave to amend.

In amending his complaint, Foster alleged that the VA's failure to maintain and safeguard his service records caused him harm during his "administrative proceedings." Although Foster's Amended Complaint asserted eight new causes of action arising from the same allegations rather than the single negligence claim he originally pled, the district court found that Foster's Amended Complaint still required it to determine whether the VA was negligent in how it handed his request for treatment and whether the VA acted in a timely and effective manner regarding the provision of care. After finding that further amendment would be futile, the district court dismissed Foster's Amended Complaint with prejudice and without leave to amend. Foster timely appealed.

## II. COUNTER-STATEMENT OF THE ISSUES

1. Whether the district court correctly dismissed Foster's Amended Complaint after finding that the VJRA deprived it of subject matter jurisdiction over claims relating to the VA's denial of his request for veterans' benefits.

2. Whether Foster's claims are independently subject to dismissal as time-barred.

## III. STATEMENT OF JURISDICTION

The district court correctly concluded that it lacked subject matter jurisdiction over Foster's claims arising from the VA's denial of his request for veterans' benefits under the VJRA. The statutory basis for jurisdiction in this Court is 28 U.S.C. § 1291.

On December 14, 2023, the district court entered a final and appealable order dismissing the Amended Complaint without leave to amend. SER-4-10. Foster filed his Notice of Appeal on January 1, 2024. SER-113. Thus, the appeal is timely. Fed. R. App. P. 4(a)(1)(B).

## IV. STATEMENT OF THE CASE

### A. Foster's 2009 VA Benefits Application

Foster is a United States Army veteran who served honorably from October 2007 to July 2008. SER-77. According to his original complaint, Foster suffers from Bipolar II Disorder and Post-Traumatic Stress Disorder. SER-87. In October 2009, Foster submitted an application for compensation and/or pension. SER-53-68. Upon receipt of his application, the VA made several attempts to locate Foster's service department and treatment records but ultimately was unable to locate them. SER-66-68. In early May 2010, the VA informed Foster that it could not locate his records and requested that he submit any records in his possession or

"buddy" certificates or affidavits,[1] among other helpful documentation. SER-66-68. Having received no documents from Foster, the VA denied his 2009 application in late May 2010. SER-69-71.

### B. Foster's 2019 VA Benefits Application

Approximately nine years later, in February 2019, Foster submitted another application for disability compensation and related compensation benefits. SER-72-76. In processing this subsequent application, the VA was able to recover Foster's service records and granted his request for VA disability benefits. SER-77-80.

### C. Foster's Administrative Tort Claim

In November 2020, Foster submitted an administrative tort claim against the VA, alleging negligence. SER-14-20. Foster alleged that because the VA misplaced his service medical records from 2009 to 2019, he was prevented from receiving timely and effective mental health treatment leading to his subsequent "permanent debilitating injury." SER-14. In January 2021, the VA denied Foster's administrative tort claim, explaining that because his claim involved VA benefits, it was not

[1] "A 'buddy' certificate or affidavit is a statement by a person who knew you when you were in service and knows of any disability you had while on active duty." SER-67.

cognizable under the FTCA. SER-44-45. Rather, Foster's claim was reviewable solely under the VJRA. SER-44-45. In February 2021, Foster submitted a Request for Reconsideration and the VA again denied Foster's tort claim based on the VJRA's jurisdiction stripping provisions. SER-46-51.

### D. Foster's First Action

On March 15, 2022, Foster filed a complaint asserting a single negligence claim under the FTCA arising from the VA's denial of his 2009 application. *See generally* Complaint, *Foster v. United States of America*, CV 22-01702 (C.D. Cal. Mar. 15, 2022). On November 21, 2022, the district court dismissed Foster's complaint for lack of prosecution and for his failure to comply with the Court's orders. *See* Minute Order, *Foster v. United States of America*, CV 22-01702 (C.D. Cal. Nov. 21, 2022).

### E. Foster Initiates the Instant Action

The same day the district court dismissed his prior action, Foster initiated a new and separate action by re-filing his original complaint. *Foster v. United States of America*, CV 22-08522, CR 1; SER-82-111. In March 2023, the United States moved to dismiss Foster's complaint for lack of jurisdiction and for failure to state a claim. CR 15; SER-32-38. In May 2023, the Court dismissed Foster's complaint with leave to amend.

SER-32-38.

In June 2023, Foster filed his operative Amended Complaint, this time asserting several claims against the United States under the FTCA. SER-26-30. Though its factual allegations are sparse, Foster's Amended Complaint essentially alleged that the VA's misplacement of his treatment records for approximately nine years prevented him from receiving necessary mental health treatment from the VA and delayed his ability to receive treatment from other providers. SER-26-30. In July 2023, the United States again moved to dismiss Foster's Amended Complaint for lack of jurisdiction and for failure to state a claim. CR 43; SER-4-10. In December 2023, the Court dismissed Foster's Amended Complaint with prejudice. SER-4-10. Because it twice concluded that it lacked subject matter jurisdiction over Foster's claims, the district court found that Foster's "allegations [were] futile at this stage and denie[d] Foster leave to amend his claims." SER-4-10. Foster timely appealed. SER-113.

## V. STANDARD OF REVIEW

The grant or denial of a motion to dismiss is a conclusion of law which this Court reviews *de novo*. *Whitman v. Mineta*, 541 F.3d 929, 931

(9th Cir. 2008).

A district court's denial of leave to amend is reviewed for abuse of discretion. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citing *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)). "[A] district court may dismiss without leave where…amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). "[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is 'particularly broad.'" *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (citing *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 879 (9th Cir. 1999)).

Finally, this Court may affirm on any ground supported by the record, even if not relied upon by the district court. *See Flamingo Indus. (USA) Ltd. v. U.S. Postal Serv.*, 302 F.3d 985, 996 (9th Cir. 2002), *rev'd on other grounds*, 540 U.S. 736 (2004).

## VI. SUMMARY OF THE ARGUMENT

This Court should affirm the district court's dismissal of Foster's action for lack of subject matter jurisdiction without leave to amend.

As this Court has long recognized, the VJRA "precludes jurisdiction over a claim if it requires the district court to review VA decisions that relate to benefits decisions, including any decision made by the Secretary in the course of making benefits determinations." *Veterans for Common Sense v. Shinseki* ("*VCS*"), 678 F.3d 1013, 1025 (9th Cir. 2012) (*en banc*) (internal citation and quotation marks omitted). Thus, Foster's claims, which are all based on the VA's inability to locate his service and treatment records and its consequent denial of his 2009 application, are barred by the VJRA.

Moreover, and although the district court did not reach the issue, Foster's claims are independently time-barred because of his delay in submitting his administrative tort claim. Indeed, Foster did not submit his administrative tort claim until approximately nine years after the VA's denial of his application in 2010. Accordingly, this Court may affirm on that basis as well.

## VII. ARGUMENT

### A. Section 511 of the VJRA Bars Foster's Claims Because They are Based on Alleged Delays and Denials of Veterans' Benefits

"[E]very federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in

a cause under review." *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 866 (9th Cir. 2014) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (internal quotation marks omitted)). While this Court reviews subject matter jurisdiction determinations *de novo*, it reviews "[t]he district court's findings of fact relevant to its determination of subject matter jurisdiction … for clear error." *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016) (quoting *Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005)).

### 1. Statutory Framework

The Veterans' Judicial Review Act, 38 U.S.C. § 511(a), provides that the VA "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." Absent application of exceptions not applicable here,[2] "the decision of the Secretary as to any such question shall be final and conclusive *and may not be reviewed by any other official or by any*

[2] The VJRA's jurisdictional bar "does not apply to (1) matters subject to section 502 of this title (Secretary actions regarding rules and regulations); (2) matters covered by sections 1975 and 1984 of this title (regarding servicemembers' life insurance); matters arising under chapter 37 of this title ('Housing and Small Business Loans'); and matters covered by chapter 72 of this title ('United States Court of Appeals for Veterans Claims')." 38 U.S.C. § 511(b).

*court*, whether by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511(a) (emphasis added). In this context, "[b]enefit means any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors." 38 C.F.R. § 20.3(e). This Court has recognized that Section 511(a) "expressly disqualifie[s] [courts] from hearing cases related to VA benefits," and that "Congress has conferred exclusive jurisdiction over such claims to the Veterans Court and the Federal Circuit." *VCS*, 678 F.3d at 1023 (citing §§ 511(b)(4), 7252(a), 7292(c)). This Court has also emphasized Congress's intent that this preclusion of jurisdiction be interpreted broadly, finding that Section 511(a) "precludes jurisdiction over a claim if it requires the district court to review VA decisions that *relate to benefits decisions, including any decision made by the Secretary in the course of making benefits determinations*." *Id.* at 1025 (citations and internal quotation marks omitted) (emphasis added). "The test is whether review requires consideration of predicate 'questions of law and fact … under a law that *affects* the provision of benefits.'" *Gila River Indian Cmty. v. United States Dep't of Veterans Affairs*, 899 F.3d 1076,

1080 (9th Cir. 2018) (emphasis in original).

Notably, the VJRA's jurisdictional bar does not foreclose review entirely. Instead, veterans seeking review of a veterans' benefit decision must follow a well-established administrative review process. Generally, a VA regional office initially processes veterans' claims for veterans' benefits and makes an initial decision. Veterans dissatisfied with the initial benefits decision may then appeal to the VA's Board of Veterans' Appeals (BVA), which issues the VA's final decision.[3] *See Recinto v. U.S. Dep't of Veterans Affairs*, 706 F.3d 1171, 1174 (9th Cir. 2013). Appeals of BVA decisions go first to the United States Court of Appeals for Veterans Claims (Veterans Court), and then to the United States Court of Appeals for the Federal Circuit. 38 U.S.C. §§ 7251, 7252(a), 7261, 7292.

The purpose of this scheme is to "(1) ensure that benefits claims will not burden the courts and the VA with litigation, and (2) promote the adequacy and uniformity of complex veterans' benefits decisions." *Sugrue*

[3] The VA expressly informed Foster how to proceed within the VJRA's framework when it denied his 2009 application: "If you do not agree with our decision, you should write and tell us why. You have *one year from the date of this letter to appeal the decision.* The enclosed *VA Form 4107, "Your Rights to Appeal Our Decision,"* explains your right to appeal." SER-70 (emphasis in original).

*v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994) (citing *Johnson v. Robison*, 415 U.S. 361, 369-70 (1974)). Relevant here, the exclusive appeal scheme set forth in the VJRA applies to both delays and denials of veterans' benefits. *See VCS*, 678 F.3d at 1020-1023 (9th Cir. 2012) ("Section 511 undoubtedly would deprive [district courts] of jurisdiction to consider an individual veteran's claim that the VA unreasonably delayed his mental health care."); *see also Tunac v. United States*, 897 F.3d 1197, 1202-03 (9th Cir. 2018) (*VCS* thus makes clear that we lack jurisdiction to review whether the VA unreasonably delayed medical care for an individual veteran as a scheduling matter, because such a claim requires review of a benefits decision.); *Milbauer v. United States*, 587 Fed. App'x 587, 591 (11th Cir. 2014) ("we agree with the Eighth Circuit's conclusion that 'there is no meaningful legal difference between a *delay* of benefits and an outright *denial* of benefits' for purposes of the VJRA.") (quoting *Mehrkens v. Blank*, 556 F.3d 865, 870 (8th Cir. 2009) (emphasis in original)).

Finally, although the VJRA bars judicial review of claims that implicate veterans' benefits decisions, it permits veterans to pursue other claims against the VA in district court. For example, under the FTCA,

veterans may file non-benefits-related claims against the VA for money damages for injuries caused by certain tortious conduct of "any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). To that end, both the Supreme Court and Congress have recognized that a veteran may seek damages under the FTCA if VA employees negligently perform a medical procedure. *See United States v. Brown*, 348 U.S. 110, 113 (1954); 38 U.S.C. § 1151(b) (providing that VA disability payments based on negligence by a VA employee in furnishing medical treatment will be offset against any recovery under the FTCA). Congress has made clear, however, that such claims may proceed *only if* they would not require the court to review decisions by the VA with respect to veterans' benefits, including intermediate decisions. *See* 38 U.S.C. § 511(a); *Tunac*, 897 F.3d at 1200-03 (distinguishing claims alleging negligence by VA healthcare employees, which are cognizable under the FTCA and not barred by the VJRA, from claims alleging "administrative negligence" in the denial or administration of benefits, which are not cognizable under the FTCA because they are barred by the VJRA). Thus, "claims regarding negligence in VA operations … must proceed under the congressionally

mandated pathway set forth in the [VJRA].” *Tunac*, 897 F.3d at 1200.

#### 2. The District Court Properly Construed Foster’s Claims as Relating to the VA’s Benefits Decision

The district court properly determined that the VJRA deprived it of subject matter jurisdiction because Foster’s claims, as pled in his Amended Complaint, required it to evaluate the circumstances of his request for treatment and whether the VA handled his request properly. SER-8. As this Court has recognized, “review of decisions *made in the context of* an individual veteran’s VA benefits proceedings are beyond the jurisdiction of federal courts outside the review scheme established by the VJRA.” *VCS*, 678 F.3d at 1023 (emphasis added). Thus, the VJRA’s preclusion “extends not only to cases where adjudicating veterans’ claims requires the district court to determine whether the VA acted properly in handling a veteran’s request for benefits, but also to those decisions that may affect such cases.” *Id.* at 1025.

Applying this standard, Foster’s claims fall squarely within the ambit of claims that the VJRA shields from judicial review. Despite his attempts to characterize his claims as alleging medical negligence, Foster’s reliance on the VA’s delay in conferring benefits due to its initial inability to locate his service records effectively seeks relief for

"administrative negligence," which this Court has held must be channeled through the VJRA. *See* SER-27. ("Defendant has committed medical malpractice by losing Foster's service department records, which has resulted in harm."); *see also* AOB – 11 ("Simply put, [s]omebody in the employ of the Appellee lost or mislabeled my military service department records to include service treatment records (medical records) for 10 years"). Foster further conceded this point in his original complaint when he alleged that "[t]he denial of [2009 application] precluded Plaintiff from receiving necessary and needed mental health treatment from the [VA]." SER-87. This very same allegation was echoed in the attachment to the administrative tort claim Foster submitted prior to bringing this action under the FTCA. SER-18 ("The denial of the [2009 application] precluded me from receiving needed mental health treatment from Department of Veterans['] Affairs Facilities. In addition, the unavailability of my service department records and or service treatment records precluded me from receiving timely and effective treatment for my diagnosed Bi Polar II Disorder with Anxious Distress and Post Traumatic Stress Disorder.") (original text in all capitalized lettering). Accordingly, and despite Foster's efforts to frame his claims

differently than in his initial Complaint, the district court correctly held that the Amended Complaint sought "a determination from the court that the VA was negligent in how it handled Foster's request for mental health treatment and that the VA's denial created an injurious delay in Foster's receipt of necessary care." SER-5. *See also Recinto v. U.S. Dep't of Veterans Affs.*, 706 F.3d 1171, 1175 (9th Cir. 2013) ("[I]f reviewing [a] claim would require review of the circumstances of individual benefits requests, jurisdiction is lacking.").

### B. Foster's Claims are Time-Barred

Although the district court did not reach the question of whether Foster's claims were timely under the FTCA, the record reflects that Foster declined to submit the administrative tort claim that forms the basis of his FTCA action until more than ten years after the VA denied his 2009 application. SER-42-43, 69-71. Accordingly, this Court may affirm the dismissal of Foster's Amended Complaint on this independent basis as well.

#### 1. Foster Waited Over a Decade to File His Administrative Tort Claim

In *U.S. v. Kubrick*, 444 U.S. 111 (1979), the Supreme Court held that "[a] claim accrues within the meaning of § 2401(b) when the plaintiff

knows both the existence and the cause of his injury…." *Kubrick*, 444 U.S. at 111. As Foster's complaints reflect, both of those elements were satisfied in May 2010. On May 21, 2010, the VA mailed a letter to Foster in response to his 2009 application, stating that (1) it was denying the 2009 application because Foster's claimed injuries were not related to his military service (the existence of the injury) and (2) Foster's service and treatment records were unavailable for review and all efforts to locate such records were unsuccessful (the cause of the injury). SER-69-71. Given that Foster submitted his SF-95 in October 2020, over ten years after the VA denied Foster's 2009 application, Foster administratively raised the issue well-after the FTCA's two-year statute of limitations. *See* 28 U.S.C. 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years ….").

### 2. Foster's Claims Remain Time-Barred Even If a Later Accrual Date is Accepted

Foster previously alleged that his claimed injury in fact accrued on November 25, 2019, when the VA issued its decision regarding his February 2019 application, which discussed the VA's recovery of his medical records. SER-98-105. However, Foster's claims are time-barred

even assuming November 25, 2019 is the correct date of accrual.

When the VA issued its final denial of Foster's administrative tort claim on September 21, 2021 (SER-51), Foster had six months to initiate a district court action, or by March 21, 2022. 28 U.S.C. § 2041(b). Foster failed to do so, and instead filed his initial Complaint on November 21, 2022 (SER-82-111), exactly 14 months after the VA issued its final denial. Foster previously tried to diffuse this fatal fact by relying on the filing date of his *prior* Complaint (*Foster v. United States of America*, CV 22-01702 (C.D. Cal. Mar. 15, 2022)), but that reliance is misplaced. While Foster's prior case involved identical issues as those presented in the instant case, it is nevertheless a **separate and distinct action** that cannot cure the untimeliness of the current action.

Sister circuits to consider the very same issue have found that the filing of an untimely claim is not remedied by the filing of a previous claim. *See, e.g.*, *Franklin Sav. Corp. v. U.S. (In re Franklin Sav. Corp.)*, 385 F.3d 1279, 1286 (10th Cir. 2004) (when evaluating FTCA claims under Section 2401(b), the "dismissal of an earlier suit … without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations") (quoting *Stein v. Reynolds Sec.*,

*Inc.*, 667 F.2d 33,34 (11th Cir. 1982)). In *Lambert v. U.S.*, 44 F.3d 296 (5th Cir. 1995), the plaintiff filed a timely FTCA claim, but the court granted the United States' motion to dismiss on the grounds that the plaintiff failed to properly serve the government. *Lambert*, 44 F.3d at 297-299. The plaintiff "filed a second complaint against the government alleging the same facts and theories as his first suit" on the same day his original suit was dismissed. *Id.* In response, the government again moved to dismiss the case as time-barred and the court granted the motion. *Id.* In evaluating the plaintiff's claim and what effect, if any, the timely filing of his first action had on the second action, the court stated, "the district court's order dismissing the suit without prejudice left Lambert in the same position as if the first suit had never been filed." *Id.*

Here, as in *Lambert*, once the district court dismissed Foster's initial March 2022 action, it was as if Foster had never filed his March 2022 complaint at all. Therefore, irrespective of which date is chosen as the date of accrual, Foster's claims remain time-barred and the filing of his prior action, which remains separate and distinct from the instant action, cannot cure his untimeliness. The district court's dismissal of the Amended Complaint must be affirmed.

## VIII. CONCLUSION

For the foregoing reasons, the United States of America respectfully requests that this Court affirm the district court's judgment in its favor.

Dated: July 24, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

*/s/ Jonathan Russell Blakey*
JONATHAN RUSSELL BLAKEY
Assistant United States Attorney

Attorneys for Defendant-Appellee
United States of America

## STATEMENT OF RELATED CASES

Counsel for Appellee is not aware of any related cases pending in this Court.

Dated: July 24, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

*/s/ Jonathan Russell Blakey*
JONATHAN RUSSELL BLAKEY
Assistant United States Attorney

Attorneys for Defendant-Appellee
United States of America

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 24-140

I am the attorney or self-represented party.

**This brief contains** 3,851 **words,** including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

- [x] complies with the word limit of Cir. R. 32-1.
- [ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.
- [ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).
- [ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.
- [ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  - [ ] it is a joint brief submitted by separately represented parties.
  - [ ] a party or parties are filing a single brief in response to multiple briefs.
  - [ ] a party or parties are filing a single brief in response to a longer joint brief.
- [ ] complies with the length limit designated by court order dated ______.
- [ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/ Jonathan Russell Blakey **Date** 7/24/2024

*(use "s/[typed name]" to sign electronically-filed documents)*