**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

----------------------------------

DONOVAN J. FOSTER,
Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA,
Defendant-Appellee.

----------------------------------

Case No. 24-140

----------------------------------

On Appeal from the United States District Court
for the Central District of California
District Court Case No. CV 22-08522 FWS (PVC)

----------------------------------

REPLY BRIEF OF PLAINTIFF-APPELLANT

Donovan J. Foster, Pro Se
578 Washington Blvd NUM 312
Marina Del Rey, CA 90292
1-212-920-1477
fostermailbox@gmail.com

August 14, 2024

----------------------------------

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................ 1
II. JURISDICTION AND SCOPE OF THE FTCA ............ 2
III. TIMELINESS OF THE CLAIMS ............................ 3
A. The Last Act Rule and Continuing Tort Doctrine ..... 3
B. The Discovery Rule ........................................... 4
C. Professional Negligence of Prior Counsel and Refiling of Identical Case ..................................... 5
D. Conclusion .................................................... 6
IV. ACKNOWLEDGMENT OF FIRST AMENDED COMPLAINT AND SUBSTANCE OF THE CLAIM ......... 7
V. PROTECTION OF STATEMENTS MADE IN THE DEMAND LETTER ............................................ 8
1. Federal Rule of Evidence 408 ............................ 8
2. Supporting Case Law ....................................... 9
3. Public Policy Considerations ............................... 10
4. Application to This Case .................................. 11
5. Conclusion .................................................... 12
VI. NON-COMPLIANCE WITH VA REGULATIONS ......... 12
VII. CONCLUSION .................................................. 13
A. Summary ...................................................... 13
B. Request for Relief .......................................... 14

CERTIFICATE OF COMPLIANCE ............................... 15
PROOF OF SERVICE .............................................. 16

**TABLE OF AUTHORITIES**

Cases:
- Bialowas v. United States, 443 F.2d 1047 (3d Cir. 1971) .................................. 2
- Cassino v. Reichhold Chemicals, Inc., 817 F.2d 1338 (9th Cir. 1987) ................ 9
- Dynamic Image Technologies, Inc. v. United States, 221 F.3d 34 (1st Cir. 2000) .... 2
- Holland v. Florida, 560 U.S. 631 (2010) ....................................................... 5
- Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990) .............................. 6
- Lopez v. United States, 823 F.3d 970 (10th Cir. 2016) ..................................... 2, 7
- McNeil v. United States, 508 U.S. 106 (1993) .................................................. 2
- Pierce v. F.R. Tripler & Co., 955 F.2d 820 (2d Cir. 1992) .................................... 9
- Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236 (3d Cir. 1999) ................. 6
- United States v. Kubrick, 444 U.S. 111 (1979) .................................................... 4

Statutes:
- 28 U.S.C. § 1346(b) ........................................................................... 2
- 28 U.S.C. § 2675(a) ........................................................................... 2, 7
- 38 U.S.C. § 7316 ............................................................................... 2
- 38 U.S.C. § 5103A(b) ......................................................................... 12
- 38 C.F.R. § 3.156(c)(1) ...................................................................... 12

Rules:
- Federal Rule of Evidence 408 ........................................................... 8, 9, 10, 11

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**Donovan Foster, Plaintiff-Appellant,**

**v.**

**United States of America, Defendant-Appellee.**

**Case No. 24-140**

## I. Introduction

Plaintiff-Appellant Donovan J. Foster respectfully submits this reply to refute Defendant-Appellee's mischaracterization of this lawsuit as concerning VA benefits, rather than addressing the core issue: the VA's negligent loss or mislabeling of service department records. This reply outlines the jurisdictional basis under the Federal Tort Claims Act (FTCA), the timeliness of the claims, and the merits of the case.

## II. Jurisdiction and Scope of the FTCA

The FTCA confers jurisdiction over claims involving personal injury, negligence, and medical malpractice by federal employees, including those at the VA. Pursuant to 28 U.S.C. § 1346(b), this Court has jurisdiction over claims arising from the negligent acts of government employees acting within the scope of their employment. Further, under 38 U.S.C. § 7316, medical malpractice and negligence claims against VA healthcare employees are actionable under the FTCA.

The lawsuit must align with the facts and theories presented in the administrative claim, as mandated by 28 U.S.C. § 2675(a). This principle has been upheld in *Lopez v. United States*, 823 F.3d 970 (10th Cir. 2016), and further reinforced by *Bialowas v. United States*, 443 F.2d 1047 (3d Cir. 1971), and *McNeil v. United States*, 508 U.S. 106 (1993). Additionally, *Dynamic Image Technologies, Inc. v. United States*, 221 F.3d 34 (1st Cir. 2000), emphasizes that the lawsuit must adhere to the scope of the administrative claim.

The Plaintiff's Standard Form 95 Attachment C explicitly states: "My Service Department Records were lost or mislabeled. This flagrant negligent act by your governmental entity or by someone in the employ thereof, in a facility of and/or in

the control of your governmental entity, has caused infinite, endless harm and/or personal injury to myself, the claimant." The Standard Form 95 unambiguously bases the claim on the negligent handling of service department records, including protected patient health information. Therefore, the claim falls squarely outside the scope of the Veterans Judicial Review Act (VJRA).

The Appellee's attempt to invoke Section 511 of the VJRA, alleging that the claims pertain to delays and denials of veterans' benefits, is a blatant mischaracterization. The record shows that Mr. Foster's claims are rooted in flagrant negligence, as articulated in Standard Form 95. Accordingly, the VJRA is inapplicable to this case.

**III. Timeliness of the Claims**

The Appellant's claims are timely under the FTCA, as established by the Last Act Rule (Continuing Tort Doctrine), the Discovery Rule, and the doctrine of equitable tolling due to professional negligence by prior counsel. Each legal principle, supported by robust precedent, demonstrates that the statute of limitations does not bar the Appellant's claims.

**A. The Last Act Rule and Continuing Tort Doctrine**

The Last Act Rule provides that the statute of limitations does not commence until the final wrongful act or omission has ceased. This doctrine is particularly applicable in cases of continuous or ongoing harm, where each day of wrongful conduct constitutes a new tort. The Ninth Circuit has consistently affirmed this doctrine in cases involving continuous injury caused by negligence.

In this instance, the Appellant has endured sustained and ongoing harm due to the Appellee's failure to properly maintain and safeguard his service department records, including protected patient health information. This ongoing negligence establishes a continuing tort, delaying the accrual of the statute of limitations until the wrongful conduct ceases—specifically, when the Appellee fully rectifies its negligence.

The Appellee's admission on November 25, 2019, that it lost or mislabeled the Appellant's service records constitutes the most recent acknowledgment of its ongoing negligence. However, the repercussions of this negligence remain unresolved, as the VA has not provided a comprehensive remedy. Consequently, under the Last Act Rule, the statute of limitations remains tolled until the wrongful conduct is fully addressed.

## B. The Discovery Rule

The Discovery Rule further reinforces the timeliness of the Appellant's claims. A claim does not accrue until the plaintiff knows, or reasonably should know, both the existence of the injury and its cause. The Supreme Court in *United States v. Kubrick*, 444 U.S. 111 (1979), clarified that the statute of limitations begins to run when the plaintiff is aware of the injury and its causation, irrespective of when the plaintiff understands the legal implications of the injury.

In this case, the Appellant could not have reasonably discovered the VA's negligence until November 25, 2019, when the VA admitted to the loss or mislabeling of his service records in Department of Veterans Affairs Decision Letter Attachment D. Before this admission, the Appellant had no reason to suspect that the VA's actions—or inactions—were the root cause of his inability to access critical records and protected patient health information. The VA's lack of transparency and repeated failure to disclose the loss of records prevented the Appellant from identifying the cause of his injuries at an earlier stage.

The Appellee's assertion that the claim should have accrued in 2010, is fundamentally flawed. The VA's communication in 2010 was ambiguous and did

not clearly indicate that the records were lost or mislabeled due to its negligence. Therefore, under the Discovery Rule, the claim did not accrue until November 25, 2019, making the subsequent filing of the claim well within the permissible time frame.

**C. Professional Negligence of Prior Counsel and Refiling of Identical Case**

Equitable tolling further supports the timeliness of the Appellant's claims, particularly in light of the professional negligence exhibited by his former counsel. The Supreme Court in *Holland v. Florida*, 560 U.S. 631 (2010), reaffirmed that equitable tolling is appropriate when a diligent plaintiff is prevented from timely filing due to extraordinary circumstances, including gross attorney misconduct.

The Appellant filed his complaint on March 15, 2022, within the statutory deadline following the VA's admission of negligence on November 25, 2019. However, due to the professional negligence of his prior attorney—who failed to comply with court orders and effectively abandoned the case—the Appellant was compelled to refile the identical complaint on the same day the case was dismissed without prejudice.

The Ninth Circuit has recognized that professional negligence, particularly when it results in a dismissal without prejudice, warrants the application of equitable tolling. As emphasized in *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 241 (3d Cir. 1999), attorney misconduct that deprives a client of their day in court justifies tolling the statute of limitations.

Moreover, the Supreme Court in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990), held that attorney misconduct, including abandonment of a case, may justify tolling the statute of limitations. The Appellant's situation aligns directly with this precedent, as his former attorney's professional negligence significantly compromised the timely pursuit of his claims.

Given that the Appellant was forced to refile the same complaint due to his attorney's professional negligence, this Court should recognize the applicability of equitable tolling and permit the case to proceed without penalty. The Appellant should not be made to suffer the consequences of his former counsel's failures, and his claims should be deemed timely as of the original filing date.

**D. Conclusion**

The application of the Last Act Rule, the Discovery Rule, and equitable tolling due to professional negligence unequivocally demonstrates the timeliness of the Appellant's claims. The statute of limitations does not bar these claims, as the wrongful acts and resulting harm are ongoing, and the Appellant could not have discovered the injury and its cause until November 25, 2019. The Appellant's diligent pursuit of his rights should not be undermined by his prior attorney's professional negligence. Accordingly, this Court should reject the Appellee's statute of limitations defense.

**IV. Acknowledgment of First Amended Complaint and Substance of the Claim**

The Plaintiff-Appellant acknowledges that the First Amended Complaint contained certain deficiencies, which arose due to severe time constraints created by the professional negligence of the Appellant's prior attorney. The Appellant, whose background is in economics rather than law, faced significant challenges in addressing these issues without adequate legal representation.

Nevertheless, these deficiencies in the First Amended Complaint should not detract from the substantive claims detailed in the Appellant's Standard Form 95, which serves as the foundation of this lawsuit. The Standard Form 95 explicitly outlines

the basis of the claim: the negligent loss or mislabeling of service department records by the Appellee. This core issue underpins all other claims in this case.

Federal jurisprudence firmly establishes that the contents of the Standard Form 95 can clarify and supplement the claims made in the complaint, particularly in cases where the complaint may be deficient. Courts have recognized that the administrative claim, submitted through Standard Form 95, must form the basis for the lawsuit, as required by 28 U.S.C. § 2675(a). In *Lopez v. United States*, 823 F.3d 970 (10th Cir. 2016), the court emphasized that FTCA claims must align with the facts and theories presented in the administrative claim, reinforcing that the Standard Form 95 is central to the Plaintiff's case. Therefore, any issues with the First Amended Complaint should not affect the viability of the claims, as the substantive basis for the lawsuit is clearly established in the Standard Form 95.

The Plaintiff-Appellant's Standard Form 95 explicitly focuses on the negligent handling of service department records, which has caused significant harm and personal injury. The substance of this claim remains intact, and the Court should proceed with considering the merits of the case based on the information presented in the Standard Form 95.

## V. Protection of Statements Made in the Demand Letter

The Appellee's attempt to use statements from the Appellant's demand letter as evidence in this litigation is improper and legally impermissible. Established federal jurisprudence, reinforced by the Federal Rules of Evidence, protects statements made during settlement negotiations and renders them generally inadmissible in court proceedings. This protection reflects public policy considerations that encourage the resolution of disputes without resorting to litigation.

### 1. Federal Rule of Evidence 408

Federal Rule of Evidence 408 governs the admissibility of statements made during settlement negotiations. The rule provides, in relevant part:

**Rule 408: Compromise Offers and Negotiations**

(a) *Prohibited Uses*. Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: (1) furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a

valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim.

The purpose of Rule 408 is to promote public policy favoring the settlement of disputes. Allowing statements made during settlement negotiations to be used in litigation would deter parties from engaging in open and honest discussions aimed at resolving their disputes outside the courtroom.

In this case, any statements made in the Appellant's demand letter are unequivocally protected by Rule 408. The demand letter was a clear attempt to resolve the dispute amicably. As such, any admissions, offers, or other statements contained therein are inadmissible for purposes of proving or disproving the validity of the Appellant's claims or the amount of damages.

**2. Supporting Case Law**

Federal courts have consistently upheld the protections afforded by Rule 408, excluding from evidence statements made during settlement negotiations. For example, in *Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 827 (2d Cir. 1992), the Second Circuit held that Rule 408 bars the use of statements made during

settlement discussions to prove liability, emphasizing that "compromise negotiations are meant to be confidential and inadmissible."

Similarly, in *Bankcard America, Inc. v. Universal Bancard Systems, Inc.*, 203 F.3d 477, 484 (7th Cir. 2000), the Seventh Circuit affirmed the exclusion of settlement communications, stating that "the rule applies to all conduct or statements made during settlement negotiations, including those that involve a concession or other form of admission of fault."

The Ninth Circuit has also applied Rule 408 in numerous cases. In *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1342 (9th Cir. 1987), the court emphasized that the rule protects against the admission of settlement discussions, noting that its purpose is to "encourage settlements by fostering free and full discussion of the issues."

These decisions reinforce the principle that statements made during settlement negotiations, including those in demand letters, cannot be used as evidence in subsequent litigation. This ensures that parties can negotiate freely, without fear that their words will be used against them if the negotiations fail.

**3. Public Policy Considerations**

The public policy rationale behind Rule 408 further supports the exclusion of the demand letter from evidence. Allowing the Appellee to use statements from the demand letter would undermine the policy goals of encouraging settlements and reducing the burden on the courts. If parties feared that their settlement discussions could later be used against them in court, they would be far less likely to engage in meaningful negotiations.

Moreover, allowing the use of settlement-related communications as evidence would create a chilling effect on the negotiation process, frustrating the purpose of Rule 408. This could lead to protracted litigation and increased costs for all parties involved, ultimately burdening the judicial system.

**4. Application to This Case**

In the present case, the demand letter represents a clear attempt by the Appellant to resolve the dispute amicably and without litigation. The Appellee's attempt to use the content of the demand letter in this proceeding directly contravenes Rule 408 and established federal jurisprudence. Any statements made within the demand letter are inadmissible and should be excluded from consideration by this Court.

The Appellee's reliance on the demand letter is not only legally impermissible but also undermines the integrity of the settlement process. The Court should reject any attempt by the Appellee to introduce or rely on statements made in the demand letter and should remind the parties of the protections afforded by Rule 408.

**5. Conclusion**

Based on the clear language of Federal Rule of Evidence 408, supported by applicable federal case law, the Appellee cannot use statements made in the Appellant's demand letter as evidence in this case. Such statements are protected as part of settlement negotiations, and their use would contravene both the letter and spirit of Rule 408. Accordingly, the Court should exclude any reference to or reliance on the demand letter in these proceedings, thereby upholding the principles of fairness and encouraging the resolution of disputes through negotiation rather than litigation.

**VI. Non-Compliance with VA Regulations**

The VA's failure to comply with specific regulations and U.S. Code provisions designed to assist veterans whose records are lost or unavailable further supports the Appellant's claims. Under 38 C.F.R. § 3.156(c)(1) and 38 U.S.C. § 5103A(b),

the VA is required to make reasonable efforts to obtain relevant records, reconsider claims when records are found, and to assist veterans whose records are missing.

The VA's inadequate response to the loss of the Appellant's records contravened these procedural and substantive requirements, contributing to the Appellant's harm. This failure to comply with VA regulations and U.S. Code provisions underscores the VA's negligence and strengthens the Appellant's case.

## VII. Conclusion

### A. Summary

This Reply meticulously addresses each point raised by the Appellee and supports each argument with relevant U.S. Code, applicable federal jurisprudence, and thorough legal analysis. The Plaintiff-Appellant has built a compelling and robust case, grounded in a detailed examination of statutory provisions, pertinent case law from the U.S. Court of Appeals for the Ninth Circuit, and other authoritative legal precedents.

The Plaintiff's-Appellant's claims, as outlined in Standard Form 95, are based on flagrant negligence by the Appellee, which has caused the Appellant significant and

ongoing harm. For the reasons discussed above, the Plaintiff-Appellant respectfully submits that this Court has jurisdiction over the matter, and the claims have been timely filed under the applicable legal standards.

Given the Appellee's admitted negligence and failure to comply with its own regulations, this Court should grant the Plaintiff-Appellant's requested relief to ensure justice for the Appellant, who has suffered substantial harm as a direct result of the Appellee's actions.

**B. Request for Relief**

The Plaintiff-Appellant respectfully requests that this Court:

1. Hold the Appellee liable for the admitted negligence and the resulting harm and damages suffered by the Appellant.
2. Award the Appellant compensatory damages in the amount of $30 million not exceeding the sum certain.
3. Award the Appellant costs and expenses incurred in pursuing this action.
4. Grant such other and further relief as this Court deems just and proper under the circumstances.

5. Alternatively, reverse the district court's dismissal of the case on the grounds that the lower court erred in its jurisdictional or other legal determinations.

6. Alternatively, remand the case to the district court for further proceedings consistent with this Court's findings, particularly to allow for continued discovery. This is necessary to uncover whether the Department of Veterans Affairs engaged in any deliberate actions that lacked transparency, ensuring that all potential constitutional claims are fully explored

**Respectfully submitted,**
/s/ Donovan Foster
Donovan Foster
Donovan J. Foster, Pro Se
578 Washington Blvd NUM 312
Marina Del Rey, CA 90292
1-212-920-1477
fostermailbox@gmail.com
08/14/2024

**PROOF OF SERVICE**

I hereby certify that on [Insert Date], I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system.

I further certify that all participants in the case are registered ACMS users and that service will be accomplished by the appellate ACMS system.

Respectfully submitted,

/s/Donovan Foster
Donovan J. Foster, Pro Se
578 Washington Blvd NUM 312
Marina Del Rey, CA 90292
1-212-920-1477
fostermailbox@gmail.com

August 14, 2024

Attachment C

| CLAIM FOR DAMAGE, INJURY, OR DEATH | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

1. Submit to Appropriate Federal Agency:

NATIONAL ARCHIVES AND RECORDS ADMINISTRATION
AND
DEPARTMENT OF VETERANS AFFAIRS

2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.

DONOVAN J. FOSTER JR.
578 WASHINGTON BLVD NUM 312
MARINA DEL REY, CA 90292

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 08/13/1985 | SINGLE | 11/26/2019 | 11:00PM |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY OR BY SOMEONE IN THE EMPLOY THEREOF, IN A FACILITY OF AND OR IN THE CONTROL OF YOUR GOVERNMENTAL ENTITY HAS CAUSED INFINITE ENDLESS HARM AND OR PERSONAL INJURY TO MYSELF THE CLAIMANT. PLEASE SEE ATTACHED DEMAND LETTER FOR FURTHER DETAIL.

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

NONE

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED. THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY HAS CAUSED PERMANENT DEBILITATING INJURY AND POST TRAMATIC STRESS DISORDER.

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| TO BE DETERMINED IN PRE-TRIAL DISCOVERY IF APPLICABLE | TO BE DETERMINED IN PRE-TRIAL DISOVERY IF APPLICABLE |

12. (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| NONE | $92,288,776,984.00 | | $92,288,776,984.00 |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.**

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature] | 2129201477 | 10/13/2020 |

| **CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM** | **CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS** |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |