# TABLE OF CONTENTS

## Consolidated Submission – Case No. 24-140


| Section Title | Page Number |
|---|---|
| Motion for Judicial Notice of Ongoing Economic Retaliation and Procedural Sabotage | 2 |
| Legal Basis for Judicial Notice | 4 |
| Factual Background for Judicial Notice | 6 |
| Relevance to the Court's Jurisdictional Inquiry | 8 |
| Conclusion (Judicial Notice Motion) | 9 |
| Signature Line for Motion for Judicial Notice | 11 |
| Declaration of Donovan J. Foster in Support of Motion for Judicial Notice | 12 |
| Signature Line for Declaration | 15 |
| Motion for Leave to File Amicus Curiae Brief by Gio Beverly Hills LLC | 16 |
| Identity and Interest of Amicus | 17 |
| Necessity of Amicus Participation | 18 |
| Request for Leave | 19 |
| Signature Line for Motion for Leave | 20 |
| Brief of Amicus Curiae Gio Beverly Hills LLC in Support of Appellant | 21 |
| Interest of Amicus Curiae | 21 |
| Summary of Argument | 23 |
| Argument Section I: FTCA Tort Based on Independent Negligent Conduct | 24 |
| Argument Section II: Ninth Circuit Doctrine Confirms FTCA Jurisdiction | 25 |
| Argument Section III: Constitutional Fault Lines in DOJ's § 511 | 26 |
| Argument Section IV: Economic Retaliation and Procedural Sabotage | 27 |
| Argument Section V: Why the Ninth Circuit Must Decide the Jurisdictional Issue Now | 28 |
| Conclusion (Amicus Brief) | 29 |
| Signature Line for Amicus Brief | 30 |
| Certificate of Service | 32 |

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

# MOTION FOR JUDICIAL NOTICE OF ONGOING ECONOMIC RETALIATION AND PROCEDURAL SABOTAGE LINKED TO FEDERAL TORT CLAIMS ACT APPEAL

## INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Federal Rule of Appellate Procedure 27, and Ninth Circuit Rule 27-1, Appellant Donovan J. Foster respectfully moves this Court to take judicial notice of key facts bearing on the procedural, constitutional, and economic context of this appeal. Specifically, Appellant requests that this Court recognize:

1. That substantial economic interference has occurred following the filing of this FTCA appeal, targeting Appellant's lawful business entity;

2. **That such interference includes the placement of Appellant's company, Gio Beverly Hills LLC, on the Federal Do Not Pay (DNP) list, which directly resulted in the denial of access to federal small business capital;**

3. **That these actions were taken without any adjudicative process, statutory basis, or notice to the affected party;**

4. **That the timing of this exclusion correlates precisely with the pendency of this appeal, raising legitimate concerns about retaliatory governmental conduct;**

5. That the economic harm from this exclusion has been calculated in good faith at $24,482,503.95, based on anticipated contract performance, disabled-veteran business enterprise (DVBE) opportunities, and federal program access projections denied as a result.

These facts are not offered for purposes of evidentiary adjudication or monetary relief at the appellate level. Rather, they are submitted so that the full constitutional and procedural stakes of this litigation can be appreciated, preserved, and considered by the Court in evaluating whether jurisdiction under the Federal Tort Claims Act (FTCA) is proper, and whether further remand would be just or efficient.

## LEGAL BASIS FOR JUDICIAL NOTICE

Federal Rule of Evidence 201(b) provides that a court may take judicial notice of a fact that is not subject to reasonable dispute because it:

1. Is generally known within the trial court's territorial jurisdiction; or
2. **Can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.**

Judicial notice is appropriate on appeal where the facts in question:

- **Arise after the trial court record closed but bear directly on the continuing viability or constitutional scope of the case;**
- **Serve to preserve structural harms or due process failures that color the judicial process itself;**
- Establish the existence of parallel governmental conduct that reinforces the need for judicial oversight.

Ninth Circuit precedent supports judicial notice for post-record governmental activity tied to constitutional litigation. See:

- United States v. Ritchie, 342 F.3d 903, 909 (9th Cir. 2003);

- Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001);
- Karnoski v. Trump, 926 F.3d 1180, 1196 (9th Cir. 2019).

## FACTUAL BACKGROUND FOR JUDICIAL NOTICE

Appellant Donovan J. Foster is a 100% disabled United States military veteran prosecuting this appeal under the Federal Tort Claims Act for injuries arising from negligent loss and/or misclassification of military medical records by the VA, which caused a nine-year delay in diagnosis of a serious health condition.

To lawfully and therapeutically re-enter economic life within the constraints of his disability, Appellant caused to be formed Gio Beverly Hills LLC, a rehabilitative limited liability company owned by GBH Trust. The company was created as a disabled-veteran-owned enterprise with the intent to participate in federal and state economic programs, including:

- SBA-backed loan programs;
- DVBE set-asides;
- Department of Commerce capacity building contracts;
- Private sector opportunities dependent on federal registration.

On or about February 11, 2025, while this appeal was pending, Gio Beverly Hills LLC received notice that it had been denied SBA participation due to its presence on the Federal Do Not Pay (DNP) list—a Treasury-operated list meant to exclude ineligible entities from receiving federal disbursements.

Upon investigation, it was discovered that the DNP flag had been initiated not by any court or disqualifying federal action, but by the California Department of Social Services (CDSS)—an executive agency of the State of California. The company was given:

- No warning;
- No hearing;

- No findings of fraud, misconduct, or ineligibility;
- No procedural mechanism for appeal or rebuttal.

This blacklisting occurred within weeks of the docketing of this FTCA appeal, and has had a chilling effect on Appellant's ability to lawfully fund, operate, and defend this litigation. The denial resulted in immediate economic exclusion from federal capital programs—a form of collateral suppression that runs afoul of due process and calls into question the structural integrity of sovereign litigation.

## RELEVANCE TO THE COURT'S JURISDICTIONAL INQUIRY

These facts are not submitted as new causes of action, nor do they request monetary relief here. Rather, they bear on three issues critical to the Court's jurisdictional analysis:

1. **They establish the gravity and persistence of harm flowing from the VA's original tort, including harm to entities aligned with the Appellant;**

2. They demonstrate the presence of state-federal interference, arising not from formal proceedings but from systemic retaliatory conduct against a federal litigant;

3. They underscore the urgency of appellate resolution now—not through remand—because the judicial delay enables continued injury, economic suppression, and loss of public access rights.

This is not merely an appeal. It is a live constitutional battlefield where the FTCA's promise of accountability is being tested not just in the courtroom, but in the lived experience of those daring to invoke it.

## CONCLUSION

Appellant respectfully requests that the Court:

1. **Take judicial notice that Appellant's affiliated business, Gio Beverly Hills LLC, was denied SBA access following improper listing on the Federal Do Not Pay list, without adjudication, during the pendency of this appeal;**

2. Take judicial notice that this exclusion arose from an unexplained designation by the California Department of Social Services, imposed without process or recourse;

3. Take judicial notice that the resulting damages have been calculated at over $24 million, based on foregone economic opportunity and confirmed operational exclusion;

4. Consider these facts not as evidence of liability, but as structural context that underscores the constitutional necessity of preserving FTCA jurisdiction and deciding this appeal without remand.

This litigation has not occurred in a vacuum. It is now surrounded by forces that the judiciary alone can neutralize. To take notice is not to

decide the facts—but to honor the constitutional terrain on which they unfold.

Respectfully submitted,

/s/ Donovan J. Foster

Appellant / GBH Trust Fiduciary

April 23, 2025

Los Angeles, California

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

**DECLARATION OF DONOVAN J. FOSTER IN SUPPORT OF MOTION FOR JUDICIAL NOTICE**

I, Donovan J. Foster, declare and state as follows:

1. I am the Appellant in the above-captioned matter, currently pending before the United States Court of Appeals for the Ninth Circuit. I make this declaration in support of my Motion for

Judicial Notice, and based on personal knowledge unless otherwise stated.

2. I am a 100% service-connected disabled veteran of the U.S. Armed Forces. I am also the fiduciary of GBH Trust, which formed Gio Beverly Hills LLC as a therapeutic, non-distributing commercial entity to assist in my lawful economic rehabilitation following catastrophic medical harm inflicted by the VA.

3. On or about February 11, 2025, while my FTCA appeal in this matter was pending, I learned that Gio Beverly Hills LLC had been denied access to federal SBA programs based on the company's presence on the Federal Do Not Pay (DNP) list.

4. That DNP designation was not based on any adjudicated finding of ineligibility, fraud, or disqualification. It was instead initiated by the California Department of Social Services, and entered into a federal exclusion system without my notice, opportunity to rebut, or access to an appeals process.

5. This action resulted in the immediate financial exclusion of Gio Beverly Hills LLC from government contracts and small business capital, including DVBE pathways and procurement programs, at the precise time I was pursuing legal redress under the Federal Tort Claims Act.

6. As a result of this blacklisting, projected earnings, federal contract performance, and private investment were lost, causing measurable harm. A good-faith financial model calculates those damages at $24,482,503.95 over the lost operational timeline.

7. I am not asking this Court to award monetary relief here. I am requesting that the Court take judicial notice of these publicly verifiable, post-record facts in order to understand the constitutional and structural significance of this appeal, and to preserve those facts for any further proceedings.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 23, 2025, in Los Angles, California.

**/s/ Donovan J. Foster**

**Donovan J. Foster**

## CERTIFICATE OF SERVICE

I certify that on April 23, 2025, I electronically filed the following documents as part of a consolidated PDF submissionin the above-captioned appeal:

- **Motion for Judicial Notice of Economic Retaliation and Procedural Sabotage**
- **Declaration of Donovan J. Foster in Support**
- **Motion for Leave to File Amicus Curiae Brief**
- **Brief of Amicus Curiae Gio Beverly Hills LLC in Support of Appellant**

All documents were filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit via the CM/ECF system. All parties registered to receive electronic notice will be served via ECF.

Executed on April 23, 2025 in Marina Del Rey, California.

/s/ Donovan J. Foster

Appellant / Declarant