No. 24-140

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

**DONOVAN FOSTER**,
*Plaintiff-Appellant*,

v.

**UNITED STATES OF AMERICA**,
*Defendant-Appellee*.

Appeal from the United States District Court
Central District of California
No. CV 22-08522 FWS (PVC)

---

# APPELLEE'S CORRECTED SUPPLEMENTAL EXCERPTS OF RECORD

**Volume 1 of 1**

---

BILAL A. ESSAYLI
*United States Attorney*
DAVID M. HARRIS
*Assistant United States Attorney*
*Chief, Civil Division*
JESSICA O. CHEH
*Assistant United States Attorney*
Federal Building
300 N. Los Angeles Street, Suite 7516
Los Angeles, California 90012
Telephone: (213) 894-0886
E-mail: jessica.cheh@usdoj.gov

Attorneys for Defendant-Appellee
United States of America

# INDEX

**Page**

Minute Order Granting Defendant's Motion to Dismiss,
Docket No. 62 (filed December 14, 2023) .......... 4

Karen L. Rivera-Lebron Declaration with Exhibit 1,
Docket Nos. 50-1 and 50-2 (filed August 15, 2023) .......... 12

Amended Complaint,
Docket No. 29 (filed June 12, 2023) .......... 26

Order Granting Defendants' Motion to Dismiss,
Docket No. 25 (filed May 12, 2023) .......... 32

Declaration of Karen L. Rivera-Lebron with Exhibits 1-4,
Docket No. 15-1 (filed March 8, 2023) .......... 40

Declaration of Oswaldo Tapia with Exhibits 1-5,
Docket No. 15-2 (filed March 8, 2023) .......... 53

Complaint,
Docket No. 1 (filed November 21, 2022) .......... 82

Notice of Appeal,
Docket No. 63 (filed January 4, 2024) .......... 113

Docket Sheet .......... 115

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC Date: December 14, 2023

Title: Donovan J. Foster v. The United States of America *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Melissa H. Kunig | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [43]**

Before the court is Defendant United States of America's ("Defendant") Motion to Dismiss Plaintiff Donovan J. Foster's ("Plaintiff") First Amended Complaint ("Motion" or "Mot.").[1] (Dkt. 43.) On September 11, 2023, Plaintiff opposed the Motion ("Opposition" or "Opp."). (Dkt. 58.) On September 14, 2023, Defendant filed a Reply ("Reply"). (Dkt. 60.) On September 25, 2023, having found the matter appropriate for decision without oral argument, the court took the matter under submission. (Dkt. 61.) Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion and **DISMISSES WITH PREJUDICE** the First Amended Complaint.

## I. Procedural Background

The court briefly reviews the relevant procedural history of this case. On November 21, 2022, Plaintiff filed a Complaint alleging he is a U.S. Army veteran who suffers from Bipolar II Disorder and Post-Traumatic Stress Disorder ("PTSD"). (*See* Dkt. 1 ¶¶ 14, 17.) Per the allegations of the Complaint, in October 2009, Plaintiff submitted an Application for

[1] The Motion is brought under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because the court ultimately concludes it lacks subject matter jurisdiction over this action, it does not reach the merits of Defendant's Rule 12(b)(6) motion and proceeds to evaluate the Complaint under the framework applicable to Rule 12(b)(1) motions.

Compensation and/or Pension to the VA. (*Id.* ¶ 15.) The VA denied his application on May 13, 2010, because his service department and/or treatment records were unavailable and could not be located. (*Id.*) On November 26, 2019, the VA informed Plaintiff by letter that his service department records had been lost or mislabeled. (*Id.* ¶ 16.) Plaintiff alleges the denial of his claim prevented him from receiving necessary mental health treatment from the VA and delayed his ability to receive timely treatment from other providers. (*Id.* ¶ 17.) The Complaint asserts a single cause of action for negligence based on the VA's alleged failure to maintain Plaintiff's service and medical records. (*Id.* ¶¶ 22-29.) The Complaint alleges the VA's failure prevented Plaintiff from receiving treatment for his conditions for approximately ten years and allegedly caused Plaintiff's conditions to worsen, such that he is now completely disabled. (*Id.*)

On May 12, 2023, the court dismissed the Complaint for lack of subject matter jurisdiction, with leave to amend. (Dkt. 25.) Specifically, the court concluded it lacked subject matter jurisdiction under the Veterans' Judicial Review Act ("VJRA"), 38 U.S.C. 511(a), which divests district courts of jurisdiction over suits brought by veterans regarding their benefits. (*Id.*) On June 12, 2023, Plaintiff filed a First Amended Complaint ("FAC"). (Dkt. 29.)

## II. Summary of Allegations of the FAC

In the FAC, Plaintiff again alleges he is a veteran, Defendant failed to maintain and safeguard his service records, and Plaintiff was harmed during his "administrative hearings" by Defendant's failure to maintain and safeguard his service records. (FAC ¶¶ 5-48.) Plaintiff also asserts the court has subject matter jurisdiction over this case under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. (*Id.* ¶ 3.) Based on these allegations, Plaintiff asserts eight causes of action for violation of his right to due process, breach of contract, medical malpractice, negligent infliction of emotional distress, fraud, violation of the Privacy Act of 1974, 5 U.S.C. § 552a, breach of fiduciary duty, and negligent hiring or training. (*Id.*)

## III. Legal Standard

a. Rule 12(b)(1) Motion to Dismiss

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citation and internal quotation marks omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a case for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A defendant's challenge under the Rule may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "accepts the truth of plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone*, 373 F.3d at 1039). A factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside of the pleadings." *Id.*

"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039 (citation omitted). The court need not presume the truthfulness of the plaintiff's allegations in doing so. *Id.* "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citation omitted). Where "the jurisdictional disputes [are] not intertwined with the merits of the claim" and "the existence of jurisdiction turn[s] on disputed factual issues," the court may "resolve those factual disputes" where necessary. *See Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944 (9th Cir. 2021) (citation and internal quotation marks omitted); *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

## IV. Discussion

Defendant moves to dismiss this action on several grounds. (*See generally* Mot.) First, Defendant moves under Rule 12(b)(1), arguing that the court lacks subject matter jurisdiction over Plaintiff's claim under the Veterans' Judicial Review Act ("VJRA"). (Mot. at 5-7.) Second, Defendant argues that even if the VJRA does not divest the court of jurisdiction, dismissal is appropriate because multiple causes of action alleged in the FAC are improper

under the Federal Tort Claims Act. (*Id*. at 7-10.) Third, Defendant argues Plaintiff's claims are time-barred under the FTCA's two-year statute of limitations. (*Id*. at 10-11.) For the reasons discussed below, the new claims in the FAC do not alter the court's conclusion that it lacks subject matter jurisdiction over this action.

a. The Court Lacks Jurisdiction Over this Matter Under Section 511(a) of the VJRA

In 1988, Congress enacted the VJRA, which deprived Article III district courts of jurisdiction over veterans' suits concerning their benefits. *See Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1020-23 (9th Cir. 2012) (en banc) (discussing history of judicial review of VA decisions and the VJRA's effect on reviewability). The VJRA "place[s] responsibility for reviewing decisions" of the VA Regional Offices and the Board of Veterans' Appeals in the U.S. Court of Appeals for Veterans Claims ("Veterans Court"). *Id.* at 1021 (citing 38 U.S.C. §§ 7251, 7261). The Veterans Court has "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals," *Tunac v. United States*, 897 F.3d 1197, 1202 (9th Cir. 2018) (quoting 38 U.S.C. § 7252(a)), and may "decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of an action of the Secretary," *id.* (quoting 38 U.S.C. § 7261(a)(1)). Decisions of the Veterans Court are in turn "reviewed exclusively by the Federal Circuit, which 'shall decide all relevant questions of law, including interpreting constitutional and statutory provisions.'" *Veterans for Common Sense*, 678 F.3d at 1022 (quoting 38 U.S.C. § 7292(d)(1)) (citing 38 U.S.C. §§ 7292(a), (c)).

"In addition to establishing this exclusive pathway for judicial review of benefits decisions, Congress enacted a new provision, eventually codified at 38 U.S.C. § 511, to 'broaden the scope' of the prior preclusion provision and 'limit outside "court intervention" in the VA decisionmaking process.'" *Tunac*, 897 F.3d at 1202 (quoting *Veterans for Common Sense*, 678 F.3d at 1022). The statute provides that the Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans," 38 U.S.C. § 511(a), which are "final and conclusive and may not be reviewed by any other official or by any court" with certain exceptions not implicated here, *see id.* § 511(b).

"[Section] 511 precludes jurisdiction over a claim if it requires the district court to review VA decisions that relate to benefits decisions, including any decision made by the Secretary in the course of making benefits determinations." *Tunac*, 897 F.3d at 1202 (quoting *Veterans for Common Sense*, 678 F.3d at 1025). Section 511 also precludes district courts' judicial review of "cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits" and the "decisions that may affect such cases." *Veterans for Common Sense*, 678 F.3d at 1025-26 (citations omitted). But it does not bar "certain facial constitutional challenges that require only a 'consideration of the constitutionality of the procedures in place,' rather than 'a consideration of the decisions that emanate through the course of the presentation of those claims.'" *Gila River Indian Cmty. v. United States Dep't of Veterans Affs.*, 899 F.3d 1076, 1079 (9th Cir. 2018) (quoting *Veterans for Common Sense*, 678 F.3d at 1034) (citation omitted).

In this case, the court concludes it lacks jurisdiction over Plaintiff's claims under § 511(a). The Ninth Circuit, sitting *en banc* in *Veterans for Common Sense*, observed that "[s]ection 511 undoubtedly would deprive [district courts] of jurisdiction to consider an individual veteran's claim that the VA unreasonably delayed his mental health care." *See* 678 F.3d at 1026. In that case, the Ninth Circuit held that a district court lacks jurisdiction under § 511(a) where it would require "evaluating the circumstances of individual veterans and their requests for treatment, and determining whether the VA handled those requests properly" because "there is no way for the district court to resolve whether the VA acted in a timely and effective manner in regard to the provision of mental health care" without doing so. *Id.* at 1028.

Plaintiff's causes of action—though framed differently than in the original Complaint—still seek a determination from the court that the VA was negligent in how it handled Plaintiff's request for mental health treatment and that the VA's denial created an injurious delay in Plaintiff's receipt of necessary care. For example, although Plaintiff argues his claims arise under the FTCA rather than the VJRA, he repeats in the Opposition that Defendant's denial of his 2009 application for compensation or pension benefits "precluded me from receiving needed mental health treatment from Department of Veteran Affairs facilities" and "precluded me from receiving timely and effective treatment for my diagnosed Bipolar II disorder with Anxious

Distress and Post Traumatic Stress Disorder." (Opp. at 3-4.) The FAC also includes multiple allegations that the VA was negligent toward Plaintiff and caused him harm by delaying his medical care. (*See, e.g.*, FAC ¶¶ 19-29.) In summary, Plaintiff's claims require the court to engage in the prohibited analysis of "evaluating [Plaintiff's] circumstances" and his "request[] for treatment" to determine "whether the VA acted in a timely and effective manner in regard to the provision of mental health care." *See Veterans for Common Sense*, 678 F.3d at 1028. Accordingly, § 511(a) divests the court of subject matter jurisdiction over Plaintiff's claims.

Because Plaintiff has not adequately demonstrated that his claims fall outside the scope of the VJRA, the court concludes that it lacks jurisdiction over Plaintiff's claims. Given that the court lacks jurisdiction over Plaintiff's claims, it does not reach the merits of Defendant's arguments regarding the scope of the FTCA and the relevant statute of limitations. *See Tunac*, 897 F.3d at 1201 (noting court would first determine whether it had jurisdiction over the complaint before reaching "the government's argument that [the plaintiff's] complaint is barred by the statute of limitations").

b. The Court Denies Leave to Amend

"In assessing whether leave to amend is proper, courts consider the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 814-15 (9th Cir. 2020) (citation and internal quotation marks omitted). Courts may find amendment futile where "no amendment would allow the complaint to withstand dismissal as a matter of law," and "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Id.* at 815 (citation and internal quotation marks omitted). But "[i]f a complaint does not state a plausible claim for relief, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Perez v. Mortg. Elec. Registration Sys., Inc.*, 959 F.3d 334, 340 (9th Cir. 2020) (citation and internal quotation marks omitted).

At this juncture, the court has previously dismissed Plaintiff's Complaint for lack of subject matter jurisdiction and explained in its prior dismissal order that the court's review of this case was precluded by Section 511 of the VJRA. (*See generally* Dkt. 25.) Though the court granted Plaintiff leave to file a FAC, the court finds, as discussed above, that Plaintiff's claims in the FAC are again subject to dismissal for lack of subject matter jurisdiction. Accordingly, the court finds the FAC's allegations dismissed by this Order are futile at this stage and denies Plaintiff leave to amend his claims. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (affirming denial of leave to amend where "Plaintiffs have had ample opportunity to properly plead a case and have failed to do so").

**V. Disposition**

For the reasons set forth above, the court **GRANTS** the Motion and **DISMISSES WITH PREJUDICE** the First Amended Complaint. The Clerk of Court is directed to **CLOSE** this matter.

**IT IS SO ORDERED.**

Initials of Deputy Clerk: mku

# DECLARATION OF KAREN L. RIVERA-LEBRON

I, Karen L. Rivera-Lebron, do hereby declare and state as follows:

1. I am a Staff Attorney employed by the U.S. Department of Veterans Affairs ("VA"), Office of General Counsel ("OGC"). I have held this position since June 24, 2019. I make the following factual statements based on my personal knowledge. If called as a witness, I could and would competently testify thereto.

2. The OGC is responsible for processing administrative claims, investigating the claims, and making determinations on whether the claims are approved or denied. The OGC maintains the records of all administrative claims and related records dating back to 2015.

3. As part of my employment with the OGC, I am familiar with and have regular access to the OGC's databases for storing records related to administrative claims, which in my experience is well maintained and up to date. I regularly access these databases in the performance of my job duties.

4. On or around November 6, 2020, the VA received the Standard Form 95 administrative tort claim from Mr. Foster. Attached hereto as Exhibit 1 is a true and correct copy of the administrative tort claim, which includes Mr. Foster's attached demand letter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 11, 2023, at San Juan, Puerto Rico.

[signature]

Karen L. Rivera-Lebron

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| NATIONAL ARCHIVES AND RECORDS ADMINISTRATION AND DEPARTMENT OF VETERANS AFFAIRS | DONOVAN J. FOSTER JR. [redacted] |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | [redacted] | [redacted] | 11/26/2019 | 11:00PM |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY OR BY SOMEONE IN THE EMPLOY THEREOF, IN A FACILITY OF AND OR IN THE CONTROL OF YOUR GOVERNMENTAL ENTITY HAS CAUSED INFINITE ENDLESS HARM AND OR PERSONAL INJURY TO MYSELF THE CLAIMANT. PLEASE SEE ATTACHED DEMAND LETTER FOR FURTHER DETAIL.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

NONE

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED. THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY HAS CAUSED PERMANENT DEBILITATING INJURY AND POST TRAMATIC STRESS DISORDER.

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| TO BE DETERMINED IN PRE-TRIAL DISCOVERY IF APPLICABLE | TO BE DETERMINED IN PRE-TRIAL DISCOVERY IF APPLICABLE |

12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| NONE | $92,288,776,984.00 | | $92,288,776,984.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature] | [redacted] | 10/13/2020 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

NONE

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No

NONE

17. If deductible, state amount.

NONE

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

NONE

19. Do you carry public liability and property damage insurance? ☐ Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

NONE

**INSTRUCTIONS**

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A <u>**SUM CERTAIN**</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>**TWO YEARS**</u> AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

**PAPERWORK REDUCTION ACT NOTICE**

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) **BACK**

**DEMAND LETTER**

DONOVAN J. FOSTER JR.
[redacted]

OCTOBER 13, 2020

DEPARTMENT OF VETERANS AFFAIRS
OFFICE OF GENERAL COUNSEL
TORTS LAW GROUP
810 VERMONT AVENUE, NW
WASHINGTON, DC 20420

OFFICE OF GENERAL COUNSEL
NATIONAL ARCHIVES AND RECORDS ADMINISTRATION
8601 ADELPHI ROAD, SUITE 3110
COLLEGE PARK, MD 20740.

CC:
KIRKLAND & ELLIS LLP
555 SOUTH FLOWER STREET, SUITE 3700
LOS ANGELES, CA 90012

FLEISHMANHILLARD
12777 WEST JEFFERSON, SUITE 120
LOS ANGELES, CA 90066

RE:
WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR PERSONAL INJURY TO HAVE OCCURRED BY REASON OF THE INCIDENT.
CLAIMANT: DONOVAN J. FOSTER JR.
DATE OF LOSS: NOVEMBER 26, 2019

TO WHOM IT MAY CONCERN,

DEFINITIONS:
CLAIMANT: DONOVAN J FOSTER, JR
GOVERNMENTAL ENTITY: AS DEFINED BY 18 U.S. CODE § 2711.

PLEASE NOTE ALL DOLLAR AMOUNTS PRESENTED IN THIS DOCUMENT ARE IN PRESENT VALUE AND U.S. DOLLARS.

PLEASE BE ADVISED THIS DOCUMENT SERVES IN LIEU OF AND OR IN SUPPLEMENT TO STANDARD FORM 95 PRESCRIBED BY THE FEDERAL TORTS CLAIMS ACT AND OR A NOTICE OF A NATIONAL GUARD CLAIMS ACT CLAIM AS APPLICABLE. THIS DOCUMENT IS A CLAIM FOR PERSONAL INJURY FOR THE TOTAL SUM CERTAIN OF $92,288,776,984.00. I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT DESCRIBED IN THIS DOCUMENT AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

ON NOVEMBER 26, 2019 I WAS INFORMED BY THE DEPARTMENT OF VETERANS AFFAIRS IN WRITING THAT MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED. THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY OR BY SOMEONE IN THE EMPLOY THEREOF, IN A FACILITY OF AND OR IN THE CONTROL OF YOUR GOVERNMENTAL ENTITY HAS CAUSED INFINITE ENDLESS HARM AND OR PERSONAL INJURY TO MYSELF THE CLAIMANT.

IN THE UNITED STATES V. KUBRICK, 444 U.S. 111, 100 S. CT. 352, 62 L. ED. 2D 259 (1979) CASE THE SUPREME COURT MADE IT CLEAR THAT THERE ARE THREE AREAS OF KNOWLEDGE THAT ARE OF CRITICAL SIGNIFICANCE ON THE STATUTE OF LIMITATIONS ISSUE. THEY ARE 1) KNOWLEDGE OF THE EXISTENCE OF AN INJURY; 2) KNOWLEDGE OF THE CAUSE OF THE INJURY; AND 3) KNOWLEDGE OF THE LEGAL SIGNIFICANCE OF THE INJURY. THE COURT MADE IT CLEAR THAT THE ACCRUAL OF A CAUSE OF ACTION DOES NOT DEPEND ON THE THIRD AREA OF KNOWLEDGE (LEGAL SIGNIFICANCE) BUT DOES DEPEND ON THE CONGRUENCE OF THE FIRST TWO (EXISTENCE OF INJURY AND CAUSE OF INJURY). FURTHERMORE IT IS NOT ENOUGH TO TRIGGER THE STATUTE OF LIMITATIONS THAT THE CLAIMANT IS AWARE OF HIS INJURY IF HE IS UNAWARE OF THE ACT OR OMISSION WHICH CAUSED THE INJURY. DE WITT V. UNITED STATES, 593 F.2D 276 (7TH CIR. 1978); JORDAN V. UNITED STATES, 503 F.2D 620 (6TH CIR. 1974). AS OF NOVEMBER 26, 2019 I BECAME AWARE OF BOTH THE EXISTENCE OF AN INJURY AND THE CAUSE OF THE INJURY.

IN OCTOBER OF 2009 I SUBMITTED TO THE DEPARTMENT OF VETERANS AFFAIRS A VETERAN'S APPLICATION FOR COMPENSATION AND/OR PENSION, VA FORM 21-526. PER THE DEPARTMENT OF VETERANS AFFAIRS DECISION DATED MAY 14, 2010 MY CLAIM WAS DENIED BECAUSE MY SERVICE DEPARTMENT RECORDS AND OR SERVICE TREATMENT RECORDS BOTH TERMS HAVE BEEN USED BY THE DEPARTMENT OF VETERANS AFFAIRS WERE NOT AVAILABLE. IT WAS DISCOVERED IN 2019 THAT THE UNAVAILABILITY OF MY SERVICE DEPARTMENT RECORDS AND OR SERVICE TREATMENT RECORDS WAS DUE TO THE RECORDS BEING LOST OR MISFILED.

THE DENIAL OF THE CLAIM DECISION DATED MAY 14, 2010 PRECLUDED ME FROM RECEIVING NEEDED MENTAL HEALTH TREATMENT FROM DEPARTMENT OF VETERANS AFFAIRS FACILITIES. IN ADDITION, THE UNAVAILABILITY OF MY SERVICE DEPARTMENT RECORDS AND OR SERVICE TREATMENT RECORDS PRECLUDED ME FROM RECEIVING TIMELY AND EFFECTIVE TREATMENT FOR MY

DIAGNOSED BI POLAR II DISORDER WITH ANXIOUS DISTRESS AND POST TRAUMATIC STRESS DISORDER.

THE DEPARTMENT OF VETERANS AFFAIRS HAS CONCLUDED THAT MY BI POLAR II DISORDER WITH ANXIOUS DISTRESS NEGATIVELY PROGRESSED EXTENSIVELY THROUGHOUT THE APPROXIMATE TEN YEAR PERIOD FROM 2009 TO 2019 WHILE MY SERVICE DEPARTMENT RECORDS AND OR SERVICE TREATMENT RECORDS WERE UNAVAILABLE AND I WAS UNABLE TO RECEIVE TREATMENT. THIS EXACERBATION OF MY BI POLAR II DISORDER WITH ANXIOUS DISTRESS HAS LED TO PERMANENT AND TOTAL DISABILITY PER THE DEPARTMENT OF VETERANS AFFAIRS.

I CONTEND AND SOUND MEDICAL OPINION CONCURS THAT IF I WAS ABLE TO RECEIVE TIMELY AND ACCURATE DIAGNOSIS AND TREATMENT FOR MY DIAGNOSIS OF BI POLAR II DISORDER WITH ANXIOUS DISTRESS IT WOULD NOT HAVE EXACERBATED THE DIAGNOSIS TO THE POINT OF TOTAL AND PERMANENT DISABILITY WHICH HAS AND WILL IN PERPETUITY DIRECTLY AFFECT MY ABILITY TO MAINTAIN SUBSTANTIAL GAINFUL EMPLOYMENT TO INCLUDE MY CAREER IN FINANCIAL SERVICES SPECIFICALLY AS A HEDGE FUND PORTFOLIO MANAGER.

THE DEPARTMENT OF VETERANS AFFAIRS HAS CONFIRMED AND SERVICE CONNECTED THAT I AM MISSING A PART OF MY LEFT INDEX FINGER DUE TO DERMATOPHAGIA EXPERIENCED DURING A MANIC EPISODE WHILE ON ACTIVE DUTY. I HAVE A CONFIRMED DIAGNOSIS OF POST TRAUMATIC STRESS DISORDER FROM THIS INCIDENT.

THE UNAVAILABILITY OF MY SERVICE DEPARTMENT RECORDS AND OR SERVICE TREATMENT RECORDS PRECLUDED ME FROM RECEIVING TIMELY AND EFFECTIVE TREATMENT NAMELY FROM DEPARTMENT OF VETERANS AFFAIRS FACILITIES FOR THE INCIDENT THAT CAUSED MY DIAGNOSIS OF POST TRAUMATIC STRESS DISORDER AND EXACERBATED THE DIAGNOSIS TO THE POINT OF

PERMANENCE WHICH HAS AND WILL IN PERPETUITY DIRECTLY AFFECT MY ABILITY TO MAINTAIN SUBSTANTIAL GAINFUL EMPLOYMENT TO INCLUDE MY CAREER IN FINANCIAL SERVICES SPECIFICALLY AS A HEDGE FUND PORTFOLIO MANAGER.

MY MEDICAL SPECIAL DAMAGES FOR THE REQUIRED TREATMENT ARE:

LIFETIME TWICE WEEKLY PSYCHOLOGIST 60 MINUTE THERAPY SESSIONS: $3,120,000.00

LIFETIME TWICE MONTHLY PSYCHIATRIST 60 MINUTE THERAPY SESSIONS: $780,000

LIFETIME OF DAILY MEDICATIONS: $5,586,520.00

LIFETIME OF YEARLY 30 DAY IN-PATIENT PSYCHIATRIC AND PSYCHOLOGICAL TREATMENT: $1,950,000

LIFETIME OF NEED FOR A SERVICE DOG: $1,200,000

TOTAL: $12,636,520.00

*LIFETIME IS CALCULATED AT AN EXPECTED LIFESPAN OF 100 YEARS. CURRENT AGE 35. DATE OF BIRTH: [redacted] SEX: CIS MALE

AS A RESULT OF MY SERVICE TREATMENT RECORDS AND OR SERVICE DEPARTMENT RECORDS BEING LOST OR MISFILED I SUFFERED AS I WENT UNDIAGNOSED AS BI POLAR II WITH ANXIOUS DISTRESS FOR APPROXIMATELY TEN YEARS AND DEVELOPED POSTTRAUMATIC STRESS DISORDER. DUE TO THIS I AM NO LONGER ABLE TO MAINTAIN SUBSTANTIAL GAINFUL EMPLOYMENT SINCE 2016 OR WORK SPECIFICALLY IN MY ACADEMIC AND PROFESSIONAL CAREER FIELD OF ECONOMICS AND OR FINANCE IN THE CIVILIAN OR

MILITARY SECTOR. THE LOSS OF MY PROMISING CAREER AS A HEDGE FUND PORTFOLIO MANAGER IS EXTREMELY DEVASTATING, DEBILITATING, AND CAUSED A IMMENSE LOSS OF EARNING CAPACITY.

PAST, FUTURE, AND EARNING CAPACITY LOSSES OF INCOME ARE:

LOST INCOME: $600,000

LOSSES OF FUTURE INCOME OR WAGES $150,000 YEARLY AT A 5% GROWTH RATE):$25,540,464

LOSS OF EARNING CAPACITY:
$92,250,000,000

TOTAL: $92,276,140,464
*WORKING LIFE EXPECTANCY 85 YEARS OLD.
*LOSS OF EARNING CAPACITY IS CALCULATED FROM THE SALARY OF A HEDGE FUND PORTFOLIO MANAGER. LOSS OF EARNING CAPACITY, IS CATEGORIZED AS AN ELEMENT OF GENERAL DAMAGES "WHICH CAN BE INFERRED FROM THE NATURE OF THE INJURY, WITHOUT PROOF OF ACTUAL EARNINGS OR INCOME EITHER BEFORE OR AFTER THE INJURY, AND DAMAGES IN THIS RESPECT ARE AWARDED FOR THE LOSS OF ABILITY THEREAFTER TO EARN MONEY." (CONNELLY V. PRE-MIXED CONCRETE CO., (1957) 49 CAL.2D 483, 489.) HENCE, CACI 3903D INSTRUCTS: "TO RECOVER DAMAGES FOR THE LOSS OF THE ABILITY TO EARN MONEY AS A RESULT OF THE INJURY, PLAINTIFF MUST PROVE THE REASONABLE VALUE OF THAT LOSS TO HIM/HER. IT IS NOT NECESSARY THAT HE/SHE HAVE A WORK HISTORY."

DUE TO THE GROSSLY NEGLIGENT ACT OF YOUR GOVERNMENTAL ENTITY AND OR EMPLOYEE I SUFFERED TEN YEARS BEING UNDIAGNOSED BI-POLAR II WITH ANXIOUS DISTRESS, DEVELOPED SEVERE POST TRAUMATIC STRESS DISORDER DUE TO THE LOSS OF

MY FINGER, HAVE PERMANENT INJURIES, SUFFERED FROM INSURMOUNTABLE PAIN AND SUFFERING ALL WHICH CONTINUE TO THIS DAY. TO COMPENSATE ME FOR THE SEVERITY OF MY INJURIES AND MY PAIN AND SUFFERING I RESPECTFULLY DEMAND THE TOTAL SUM CERTIAN OF $92,288,776,984.00.

PLEASE SEND THE DEMANDED FULL SUM OF $92,288,776,984.00 VIA CHECK TO:

[redacted]

OR ARRANGE FOR DIRECT DEPOSIT BY CONTACTING ME AT THE CONTACT INFORMATION PROVIDED ABOVE OR ON THE SUBMITTED SF-95.

ALL NEEDED EVIDENCE TO CONFIRM THE ABOVE THE FEDERAL GOVERNMENT OF THE UNITED STATES I.E.THE DEPARTMENT OF VETERANS AFFAIRS ALREADY HAS IN ITS POSSESSION THIS IS TO INCLUDE BUT NOT LIMITED TO MEDICAL DIAGNOSES, WRITTEN STATEMENTS FROM THE DEPARTMENT OF VETERANS AFFAIRS STATING THE NEGLIGENT ACT OCCURRED, AFFIDAVITS FROM THE CLAIMANT MYSELF HIGHLIGHTING THE NATURE AND EXTENT OF PAIN AND SUFFERING FROM THE TIME PERIOD OF 2009 TO 2019, AFFIDAVITS FROM THE CLAIMANT MYSELF STATING THE NATURE, DEVELOPMENT AND SEVERITY OF MY POST TRAUMATIC STRESS DISORDER, AND DEPARTMENT OF VETERANS AFFAIRS RATING DECISIONS. PLEASE FIND ENCLOSED ADDITIONAL DOCUMENTATION AND AUTHORIZATION TO RECEIVE DOCUMENTATION NOT CURRENTLY IN THE POSSESSION OF THE DEPARTMENT OF VETERANS AFFAIRS AND OR YOUR GOVERNMENTAL ENTITY. IF ANY ADDITIONAL INFORMATION IS NEEDED PLEASE REACH OUT VIA THE METHODS OF CONTACT PROVIDED ABOVE I.E. PHONE, EMAIL, POST. PLEASE BE ADVISED THAT ANY OR ALL NON PHYSICAL WRITTEN FORMS OF COMMUNICATION E.G. PHONE CALLS AND EMAIL MUST BE FOLLOWED BY A PHYSICAL TYPED COPY SENT UNITED STATES POSTAL SERVICE CERTIFIED MAIL RETURN RECEIPT. PLEASE BE ADVISED ALL WRITTEN COMMUNICATION SENT VIA POST MUST BE

SENT VIA THE UNITED STATES POSTAL SERVICE CERTIFIED MAIL RETURN RECEIPT.

PLEASE BE ADVISED THAT WHILE IT WOULD PAIN ME TO DO SO BECAUSE I LOVE THE ARMY, MY COUNTRY, THE HARD WORKING PEOPLE AT THE DEPARTMENT OF VETERANS, AND ALL THOSE THAT WORK IN THE EMPLOY OF THE UNITED STATES GOVERNMENT TO MAKE MY COUNTRY THE BEST; IF A SETTLEMENT CAN NOT BE OFFERED AND OR REACHED WITHIN SIX (6) MONTHS FROM THE DATE OF THIS DOCUMENT I WILL GO PUBLIC WITH MY STORY OF HOW YOUR DEPARTMENT AND OR AGENCY MISFILED OR LOST A WAR TIME VETERANS RECORDS, BASICALLY TOLD HIM HE DOESN'T EXIST, LEFT HIM AS A DANGER TO THE PUBLIC AND HIMSELF AND NOW I AM RESPECTFULLY SUING FOR $92,288,776,984.00.

THE DRAMATIC EFFECT OF MY STORY CAN NOT BE OVERSTATED. THE DETRIMENTAL EFFECTS OF YOUR GOVERNMENTAL ENTITY'S NEGLIGENCE ON MY LIFE CAN NOT BE OVERSTATED.

I LOOK FORWARD TO HELPING IN ANYWAY I CAN FOR A SETTLEMENT TO BE REACHED INCLUDING BUT NOT LIMITED TO AGREEING TO A NON-DISCLOSURE AGREEMENTS, THIRD PARTY MEDICAL EXAMS AND PROVIDING ANY NEEDED ADDITIONAL DOCUMENTATION.

I READILY STANDBY FOR YOUR RESPONSE. PLEASE RESPOND WITHIN THIRTY (30) BUSINESS DAYS TO CONFIRM RECEIPT OF THIS DOCUMENT AND THAT ALL ELEMENTS NEEDED BY YOUR GOVERNMENTAL ENTITY TO SUBMIT A VALID CLAIM UNDER THE FEDERAL TORTS CLAIMS ACT OR NATIONAL GUARD CLAIM ACT AS APPLICABLE HAVE BEEN SATISFIED BY THIS DOCUMENT. IF ALL ELEMENTS HAVE NOT BEEN SATISFIED PLEASE ADVISE OF ANY AND ALL NEEDED INFORMATION. PLEASE BE INFORMED NOT ASSISTING TO RECTIFY A NEGLIGENT ACT COMMITTED BY YOUR GOVERNMENTAL ENTITY IS IN FACT NEGLIGENCE UNDER

APPLICABLE LAW. IF YOU BELIEVE YOUR GOVERNMENTAL ENTITY IS NOT RESPONSIBLE PLEASE ADVISE THE CLAIMANT MYSELF AND TRANSFER TO THE APPROPRIATE GOVERNMENTAL ENTITY PER 28 CFR § 14.2.

RESPECTFULLY,

DONOVAN J. FOSTER JR.

FILED

2023 JUN 12 PM 3: 15

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

Donovan Foster, Plaintiff

v.

UNITED STATES OF AMERICA, Defendant

Case No. 2:22-cv-08522-FWS-PVC

COMPLAINT FOR Personal Injury, Medical Negligence, Damages

Plaintiff, Donovan Foster files this Complaint against the United States of America, and alleges as follows:

PARTIES

1. Plaintiff, Donovan Foster, is an individual residing in Los Angeles, CA.

2. Defendant, United States of America, is a sovereign nation and is being sued under the Federal Tort Claims Act (FTCA).

JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671 et seq. In addition, pursuant to 38 U.S.C.S. § 7316, a plaintiff is entitled to bring forth medical malpractice and negligence claims against a "health care employee" of the VA under the Federal Tort Claims Act (FTCA), 28 U.S.C.S. § 1346, at a minimum. This provision allows a plaintiff to initiate an action against a VA health care employee for injury resulting from a negligent medical decision, and such action may proceed under the FTCA without being precluded by the Veterans' Judicial Review Act (VJRA). As the FTCA provides the exclusive means for resolving such claims, district courts possess the requisite jurisdiction to adjudicate them.

4. Venue is also proper under 28 U.S.C. §1391(e) and 28 U.S.C. §1402(b). Plaintiff resides and continues to reside in Los Angeles County, a county within the Central District of California and thus is a resident of the Central District of California.

FACTUAL ALLEGATIONS

5. Plaintiff is a veteran who served in the United States military.

6. Defendant had a duty to maintain and safeguard Plaintiff's service department records.

7. Defendant breached its duty of care towards Plaintiff by losing their service department records.

8. Defendant's breach of duty has resulted in significant harm and damages to Plaintiff.

9. Defendant admitted in writing November 25, 2019 that they lost or mislabeled the Plaintiff's service department records.

CLAIMS FOR RELIEF

10. Count I: Violation of Due Process

Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

11. Defendant has violated Plaintiff's right to due process by losing their service department records. The Defendant's loss of the Plaintiff's service department records has violated the Plaintiff's due process rights in administrative proceedings.

12. The Defendant's actions have caused harm to the Plaintiff's rights and interests. The Defendant's failure to safeguard the Plaintiff's service department records has resulted in a violation of their due process rights, and has caused the Plaintiff to suffer damages.

13. Count II: Breach of Contract

14. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

15. Defendant has breached its contract with Plaintiff by failing to maintain and safeguard their service department records.

16. The Defendant's loss of the Plaintiff's service department records constitutes a breach of the contract between the Plaintiff and the Defendant . The Plaintiff entered into a contract with the Defendant when they enlisted in the military, which outlined the terms and conditions of their service, including their duties, responsibilities, and entitlements.

17. The service department records are an essential part of the contract between the Plaintiff and the Defendant. These records contain important information about the Plaintiff's service, including their rank, awards, and qualifications. They also document any injuries or disabilities that the Plaintiff may have sustained during their service.

18. The Defendant's failure to maintain and safeguard the Plaintiff's service department records has resulted in harm to the Plaintiff's rights and interests, and has caused the Plaintiff to suffer damages.

Count III: Medical Malpractice

19. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein

20. Defendant has committed medical malpractice by losing Plaintiff's service department records, which has resulted in harm.

21. The Defendant's loss of the Plaintiff's service department records constitutes medical negligence. The Plaintiff's service department records contain important information about their medical history, including any injuries or illnesses that they may have sustained during their service.

22. The loss of the Plaintiff's service department records has resulted in harm to their health and medical department. The loss of these records has made it difficult for healthcare providers to provide appropriate medical department. Plaintiff developed an injury during their service that requires ongoing medical department, the loss of their service department records made it difficult for healthcare providers to determine the appropriate course of department.

23. The Defendant's medical negligence in failing to maintain and safeguard the Plaintiff's service department records has resulted in harm, and has caused the Plaintiff to suffer damages.

Count IV: Negligent Infliction of Emotional Distress

24. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein

25. Defendant's negligence in losing Plaintiff's service department records has caused them significant emotional distress and trauma.

26. The Defendant's negligence in losing the Plaintiff's service department records has caused them significant emotional distress and trauma.

27. As a result of the Defendant's negligence, the Plaintiff has experienced emotional distress to include but not limited too anxiety, stress, and frustration. The loss of their service department records has caused them to feel a sense of betrayal and abandonment by the government that they served. The Plaintiff has also experienced a loss of trust in the government's ability to protect their interests and provide them with the benefits and entitlements that they are entitled to.

28. The emotional distress and trauma that the Plaintiff has suffered as a result of the Defendant's negligence has had a significant impact on their daily life. They have experienced difficulty sleeping, loss of appetite, and a general sense of hopelessness and despair. The Plaintiff has also experienced a loss of enjoyment in activities that they previously found pleasurable.

29.Due to the Defendant's negligence in losing the Plaintiff's service department records, the Plaintiff has suffered significant emotional distress and trauma, resulting in harm and damages for Negligent Infliction of Emotional Distress.

Count V: Fraud

30. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein

31. Defendant has committed fraud by misrepresenting that Plaintiff's service department records were being properly maintained and safeguarded.

32. The Defendant has committed fraud by misrepresenting that the Plaintiff's service department records were being properly maintained and safeguarded. The Defendant had a duty to properly maintain and safeguard the Plaintiff's service department records, and they made false representations to the Plaintiff that they were doing so.

33. The Plaintiff relied on the Defendant's representations and entrusted their service department records to the Defendant. The Defendant's false representations have caused the Plaintiff harm and the Plaintiff suffered damages as a result of Defendants fraud.

Count VI: Violation of The Privacy Act of 1974

34. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein

35. Defendant has violated Plaintiff's privacy rights by losing their service department records, which contain sensitive and confidential medical information.

36. The Defendant has violated the Plaintiff's privacy rights by losing their service department records, which contain sensitive and confidential medical information. The Plaintiff had a reasonable expectation of privacy in their medical information, and the Defendant had a duty to protect the confidentiality of this information.

37. The Defendant's failure to properly maintain and safeguard the Plaintiff's service department records has caused the Plaintiff harm. The loss of these records has compromised the confidentiality of the Plaintiff's medical information and has exposed them to potential harm, including identity theft and discrimination. In addition the Plaintiff has suffered damages as a result of the Defendant's violation of their privacy rights.

Count VII: Breach of Fiduciary Duty

38. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein

39. Defendant has breached its fiduciary duty towards Plaintiff by failing to properly maintain and safeguard their service department records.

40. The Defendant had a fiduciary duty to act in the best interests of the Plaintiff and to protect their service department records.

41. The Defendant's failure to properly maintain and safeguard the Plaintiff's service department records has caused the Plaintiff harm.
The Plaintiff has suffered damages as a result of the Defendant's breach of fiduciary duty. The Plaintiff has suffered financial harm as a result of the loss of Plaintiff's service department records.

42. The Defendant has breached its fiduciary duty towards the Plaintiff by failing to properly maintain and safeguard their service department records. The Defendant had a fiduciary duty to act in the best interests of the Plaintiff and to protect their service department records.

43. The Defendant's failure to properly maintain and safeguard the Plaintiff's service department records has caused the Plaintiff harm and the Plaintiff has suffered damages as a result of the Defendant's breach of fiduciary duty.

Count VIII: Negligent Hiring or Training

45. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein

46. Defendant's negligence in hiring or training its employees has resulted in the loss of Plaintiff's service department records.

47. The Defendant's negligence in hiring or training its employees has resulted in the loss of the Plaintiff's service department records. The Defendant had a duty to exercise reasonable care in hiring and training its employees to ensure that they were competent and capable of properly maintaining and safeguarding the Plaintiff's service department records.

48. The Defendant's failure to exercise reasonable care in hiring or training its employees has caused the Plaintiff harm and the Plaintiff has suffered damages as a result of the Defendant's negligence.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Hold Defendant liable for the harm and damages caused to Plaintiff;

2. Award appropriate compensation to Plaintiff;

3. Award Plaintiff their costs and expenses incurred in this action; and

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Donovan Foster
578 Washington Blvd
Marina Del Rey, CA 90048
fostermailbox@gmail.com

Attorney for Plaintiff

Dated: [Insert Date]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-08522-FWS-PVC Date: May 12, 2023
Title: Donovan J. Foster v. The United States of America *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Melissa H. Kunig | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [15]**

Before the court is Defendant United States of America's ("Defendant") Motion to Dismiss Plaintiff Donovan J. Foster's ("Plaintiff") Complaint.[1] (Dkt. 15 ("Motion" or "Mot.").) Plaintiff opposes, (Dkt. 17 ("Opposition" or "Opp.")), and Defendant has replied, (Dkt. 22 ("Reply")). Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion. The court **DISMISSES WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** the Complaint. If Plaintiff wishes to file an amended complaint, Plaintiff must do so within **thirty (30) days** of this Order.

## I. Background

Plaintiff is a U.S. Army veteran who suffers from Bipolar II Disorder and Post-Traumatic Stress Disorder ("PTSD"). (Dkt. 1 ¶¶ 14, 17.) Plaintiff submitted an Application for Compensation and/or Pension, VA Form 21-526, to the United States Department of Veterans Affairs ("VA") in October 2009. (*Id.* ¶ 15.) The VA denied his application on May 13, 2010, because his service department and/or treatment records were unavailable and could not be

[1] The Motion is brought under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because the court ultimately concludes it lacks subject matter jurisdiction over this action, it does not reach the merits of Defendant's Rule 12(b)(6) motion, and proceeds to evaluate the Complaint under the framework applicable to Rule 12(b)(1) motions.

located. (*Id.*) On November 26, 2019, the VA informed Plaintiff by letter that his service department records had been lost or mislabeled. (*Id.* ¶ 16.) Plaintiff alleges the denial of his claim prevented him from receiving necessary mental health treatment from the VA and delayed his ability to receive timely treatment from other providers. (*Id.* ¶ 17.) Per the Complaint, Plaintiff's treating physician opines that Plaintiff's Bipolar II Disorder symptoms negatively progressed while his condition went untreated from 2009 to 2019 and that Plaintiff experienced symptoms consistent with PTSD while serving in the Army. (*Id.* ¶¶ 18-20.)

Plaintiff filed the Complaint on November 21, 2022.[2] (*Id.*) In it, Plaintiff raises a single cause of action for negligence based on the VA's alleged failure to maintain Plaintiff's service and medical records, which prevented him from receiving treatment for his conditions for approximately ten years. (*Id.* ¶¶ 22-28.) The Complaint asserts that this delay has caused Plaintiff's conditions to worsen, such that he "is now rated 100% disabled." (*Id.* ¶ 29.)

## II. Legal Standards

### A. Rule 12(b)(1) Motion to Dismiss

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citation and internal quotation marks omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a case for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A defendant's challenge under the Rule may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "accepts the truth of plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone*, 373

[2] As noted by Defendant, the court previously dismissed without prejudice a similar negligence action filed by Plaintiff for lack of prosecution and failure to file an appropriate document by the deadline set by the court. *See* Order Dismissing Action, *Foster v. United States, et al.*, No. 2:22-cv-01702-FWS-PVC (C.D. Cal. Nov. 21, 2022) (Dkt. No. 38).

F.3d at 1039). A factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside of the pleadings." *Id.*

"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039 (citation omitted). The court need not presume the truthfulness of the plaintiff's allegations in doing so. *Id.* "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citation omitted). Where "the jurisdictional disputes [are] not intertwined with the merits of the claim" and "the existence of jurisdiction turn[s] on disputed factual issues," the court may "resolve those factual disputes" where necessary. *See Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944 (9th Cir. 2021) (citation and internal quotation marks omitted); *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

## III. Discussion

Defendant moves to dismiss this action on two grounds. First, Defendant moves under Rule 12(b)(1), arguing that the court lacks subject matter jurisdiction over Plaintiff's claim under the Veterans' Judicial Review Act ("VJRA"). (Mot. at 5-10; Reply at 2-3.) Second, even if the VJRA does not divest the court of jurisdiction, Defendant asserts the Complaint fails to state a claim under Rule 12(b)(6) because it is time-barred under the FTCA's two-year statute of limitations. (Mot. at 10-11; Reply at 4-5.) While Plaintiff maintains the court has jurisdiction over this action, Plaintiff does not address Defendant's statute of limitations argument. (*See* Opp. at 7-12.)

### A. The Court Lacks Jurisdiction Over this Matter Under Section 511(a) of the VJRA

In 1988, Congress enacted the VJRA, which deprived Article III district courts of jurisdiction over veterans' suits concerning their benefits. *See Veterans for Common Sense v.*

*Shinseki*, 678 F.3d 1013, 1020-23 (9th Cir. 2012) (en banc) ("*VCS*") (discussing history of judicial review of VA decisions and the VJRA's effect on reviewability). The VJRA "place[s] responsibility for reviewing decisions" of the VA Regional Offices and the Board of Veterans' Appeals in the U.S. Court of Appeals for Veterans Claims ("Veterans Court"). *Id.* at 1021 (citing 38 U.S.C. §§ 7251, 7261). The Veterans Court has "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals," *Tunac v. United States*, 897 F.3d 1197, 1202 (9th Cir. 2018) (quoting 38 U.S.C. § 7252(a)), and may "decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of an action of the Secretary," *id.* (quoting 38 U.S.C. § 7261(a)(1)). Decisions of the Veterans Court are in turn "reviewed exclusively by the Federal Circuit, which 'shall decide all relevant questions of law, including interpreting constitutional and statutory provisions.'" *VCS*, 678 F.3d at 1022 (quoting 38 U.S.C. § 7292(d)(1)) (citing 38 U.S.C. §§ 7292(a), (c)).

"In addition to establishing this exclusive pathway for judicial review of benefits decisions, Congress enacted a new provision, eventually codified at 38 U.S.C. § 511, to 'broaden the scope' of the prior preclusion provision and 'limit outside "court intervention" in the VA decisionmaking process.'" *Tunac*, 897 F.3d at 1202 (quoting *VCS*, 678 F.3d at 1022). The statute provides that the Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans," 38 U.S.C. § 511(a), which are "final and conclusive and may not be reviewed by any other official or by any court" with certain exceptions not implicated here, *see id.* § 511(b).

"§ 511 precludes jurisdiction over a claim if it requires the district court to review VA decisions that relate to benefits decisions, including any decision made by the Secretary in the course of making benefits determinations." *Tunac*, 897 F.3d at 1202 (quoting *VCS*, 678 F.3d at 1025). § 511 precludes district courts' judicial review of "cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits" and the "decisions that may affect such cases." *VCS*, 678 F.3d at 1025-26 (citations omitted). But it does not bar "certain facial constitutional challenges that require only a 'consideration of the constitutionality of the procedures in place,' rather than 'a

consideration of the decisions that emanate through the course of the presentation of those claims.'" *Gila River Indian Cmty. v. United States Dep't of Veterans Affs.*, 899 F.3d 1076, 1079 (9th Cir. 2018) (quoting *VCS*, 678 F.3d at 1034) (citation omitted).

The court concludes it lacks jurisdiction over Plaintiff's claim under § 511(a). The Ninth Circuit, sitting *en banc* in *VCS*, observed that "[s]ection 511 undoubtedly would deprive [district courts] of jurisdiction to consider an individual veteran's claim that the VA unreasonably delayed his mental health care." *See* 678 F.3d at 1026. In that case, the Ninth Circuit held that a district court lacks jurisdiction under § 511(a) where it would "evaluating the circumstances of individual veterans and their requests for treatment, and determining whether the VA handled those requests properly" because "there is no way for the district court to resolve whether the VA acted in a timely and effective manner in regard to the provision of mental health care" without doing so. *Id.* at 1028. Here, Plaintiff's sole cause of action seeks a determination from the court that the VA was negligent in how it handled Plaintiff's request for mental health treatment and that the reason for its denial created an injurious delay in his receipt of necessary care. In effect, Plaintiff's claim requires the court to engage in the prohibited analysis of "evaluating [Plaintiff's] circumstances" and his "request[] for treatment" to determine "whether the VA acted in a timely and effective manner in regard to the provision of mental health care." *See id.* Accordingly, § 511(a) divests the court of subject matter jurisdiction over his claim.

Plaintiff's argument to the contrary largely rests on his assertions his claim does not require "the court [to] be involved in the technical determination and application of benefits legislation." (*See* Opp. at 11.) To be sure, the Ninth Circuit has held that a plaintiff may bring an action against a VA "health care employee," including "support staff directly engaged in patient care" that "alleg[es] injury from a negligent medical decision" under the FTCA in federal district court without triggering the VJRA's jurisdiction-stripping provision. *Tunac*, 897 F.3d at 1205. But Plaintiff's claim seeks to hold the VA liable for alleged negligence in the *administration* of his claim, not in providing him *medical* services. Ultimately, "[t]he test is whether review requires consideration of predicate 'questions of law and fact . . . under a law that affects the provision of benefits.'" *Gila River*, 899 F.3d at 1080 (quoting 38 U.S.C. § 511(a)). The facts underlying Plaintiffs' claim—the VA's handling of his service and medical

records—necessitates the court's improper consideration of those predicate facts. *See Recinto v. U.S. Dep't of Veterans Affs.*, 706 F.3d 1171, 1175 (9th Cir. 2013) ("[I]f reviewing [a] claim would require review of the circumstances of individual benefits requests, jurisdiction is lacking."). Because Plaintiff seeks relief for the "administrative negligence" rather than allege facts giving "rise to a reasonable inference that VA medical professionals breached their duty of care," his claim "must be channeled through the VJRA" instead of this court. *See Tunac*, 897 F.3d at 1205-06 (citing *VCS*, 678 F.3d at 1026-28).

Because the court lacks jurisdiction over Plaintiff's claim, it dismisses this case without prejudice. *See Ford v. Shinseki*, 538 F. App'x 803, 804 (9th Cir. 2013) (noting it is ordinarily proper to dismiss without prejudice where the dismissal is for lack of subject matter jurisdiction).

B. The Court Grants Leave to Amend

Given the court lacks jurisdiction over Plaintiff's claim, it does not reach the merits of Defendant's statute of limitations argument. *See Tunac*, 897 F.3d at 1201 (noting court would first determine whether it had jurisdiction over the complaint before reaching "the government's argument that [the plaintiff's] complaint is barred by the statute of limitations"). However, Defendant relatedly argues the untimeliness of Plaintiff's claim under the FTCA and Plaintiff's failure to address this argument in the Opposition militate towards denying leave to amend. (*See* Reply at 4-5.)

"Courts are free to grant a party leave to amend whenever 'justice so requires.'" *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (quoting Fed. R. Civ. P. 15(a)(2)). However, where there is a "clear showing that amendment would be futile," the court may dismiss a plaintiff's complaint without giving them "at least one chance to amend" it. *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015). As noted by Defendant, Plaintiff does not attempt to rebut Defendants' timeliness argument in the Opposition, (*see generally* Opp.), and amendment may be futile "when the claims are barred by the applicable statute of limitations," *see Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1103 (9th Cir. 2018) (citation omitted). Nevertheless, the court, in its discretion, will grant Plaintiff an opportunity

to amend the Complaint if desired. *See, e.g.*, *Harris v. Cnty. of Orange*, 902 F.3d 1061, 1067 (9th Cir. 2018) ("The decision of whether to grant leave to amend remains within the discretion of the district court.") (cleaned up).

## IV. Disposition

For the reasons set forth above, the court **GRANTS** the Motion, **DISMISSES WITHOUT PREJUDICE** the Complaint, and **GRANTS LEAVE TO AMEND** the claims dismissed by this Order. If Plaintiff wishes to file an amended complaint, Plaintiff must do so within **thirty (30) days** of this Order. Failure to file an amended complaint by the stated deadline may result in the dismissal of this action with prejudice for failure to prosecute and/or comply with a court order. *See* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260, 1263 (9th Cir. 1992).

**IT IS SO ORDERED.**

Initials of Deputy Clerk: mku

**DECLARATION OF KAREN L. RIVERA-LEBRON**

I, Karen L. Rivera-Lebron, do hereby declare and state as follows:

1. I am a Staff Attorney employed by the U.S. Department of Veterans Affairs ("VA"), Office of General Counsel ("OGC"). I have held this position since June 24, 2019. I make the following factual statements based on my personal knowledge. If called as a witness, I could and would competently testify thereto.

2. The OGC is responsible for processing administrative claims, investigating the claims, and making determinations on whether the claims are approved or denied. The OGC maintains the records of all administrative claims and related records dating back to 2015.

3. As part of my employment with the OGC, I am familiar with and have regular access to the OGC's databases for storing records related to administrative claims, which in my experience is well maintained and up to date. I regularly access these databases in the performance of my job duties.

4. On or around November 6, 2020, the VA received the Form 95 administrative tort claim from Mr. Foster. Attached hereto as Exhibit 1 is a true and correct copy of the administrative tort claim.

5. On or around January 6, 2021, the VA denied Mr. Foster's administrative tort claim. Attached hereto as Exhibit 2 is a true and correct copy of the denial letter.

6. On or around February 13, 2021, the VA received a Request for Reconsideration from Mr. Foster. Attached hereto as Exhibit 3 is a true and correct copy of the Request for Reconsideration.

7. On or around September 21, 2021, the VA again denied Mr. Foster's administrative tort claim. Attached hereto as Exhibit 4 is a true and correct copy of this letter.

/ / /

/ / /

/ / /

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of March, 2023, at San Juan, Puerto Rico.

Karen L. Rivera-Lebron

| CLAIM FOR DAMAGE, INJURY, OR DEATH | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| NATIONAL ARCHIVES AND RECORDS ADMINISTRATION<br>AND<br>DEPARTMENT OF VETERANS AFFAIRS | DONOVAN J. FOSTER JR.<br>[redacted] |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | [redacted] | SINGLE | 11/26/2019 | 11:00PM |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY OR BY SOMEONE IN THE EMPLOY THEREOF, IN A FACILITY OF AND OR IN THE CONTROL OF YOUR GOVERNMENTAL ENTITY HAS CAUSED INFINITE ENDLESS HARM AND OR PERSONAL INJURY TO MYSELF THE CLAIMANT. PLEASE SEE ATTACHED DEMAND LETTER FOR FURTHER DETAIL.

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

NONE

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED. THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY HAS CAUSED PERMANENT DEBILITATING INJURY AND POST TRAMATIC STRESS DISORDER.

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| TO BE DETERMINED IN PRE-TRIAL DISCOVERY IF APPLICABLE | TO BE DETERMINED IN PRE-TRIAL DISCOVERY IF APPLICABLE |

12. (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| NONE | $92,288,776,984.00 | | $92,288,776,984.00 |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.**

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| | [redacted] | 10/13/2020 |

| **CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM** | **CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS** |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

**STANDARD FORM 95** (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2



**Exhibit 1**

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

NONE

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No

NONE

17. If deductible, state amount.

NONE

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

NONE

19. Do you carry public liability and property damage insurance? ☐ Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

NONE

**INSTRUCTIONS**

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

**PAPERWORK REDUCTION ACT NOTICE**

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) **BACK**



Exhibit 1

VA | U.S. Department of Veterans Affairs
Office of General Counsel

Torts Law Group (021)
810 Vermont Ave NW
Washington, DC 20420

Phone: (202) 461-4900

In Reply Refer To: GCL 484556

**Certified Mail #7019 2280 0000 6144 8051**

January 6, 2021

Mr. Donovan J. Foster, Jr.
[redacted]

Re: Administrative tort claim

Dear Mr. Foster:

The U.S. Department of Veterans Affairs (VA) received your administrative tort claim on November 6, 2020 asserting $92,288,776,984.00 in damages with incident date 11/19/2019 and alleging negligent loss or mislabeled service department records that resulted in denial of VA benefits in 2010 as well as timely and effective treatment which caused progression of your conditions and permanent and total disability.

The Federal Tort Claims Act (FTCA), sections 1346(b) and 2671-2680, title 28, United States Code, under which you filed your claim, provides for monetary compensation when a Government employee, acting within the scope of employment, injures another by a negligent or wrongful act or omission. Liability is determined by law of the State where the tort occurred (section 2674, title 28, United States Code).

The allegations in your tort claim involve the administration of VA benefits and not a tort under State law. Consequently, your claim fails to allege a claim cognizable under the FTCA and therefore, there is no jurisdiction to consider the claim under the FTCA. Accordingly, your tort claim is denied.

Generally, information on filing benefit claims and appeals with VA can be found at https://www.vets.gov/disability-benefits/. VA's decisions and actions on such benefit claims may be reviewed only by the United States Court of Appeals for Veterans Claims and the United States Court of Appeals for the Federal Circuit and may not be reviewed by any other court (sections 511, 7252, and 7292, title 38, United States Code). If an error did occur in relation to handling your benefits, you may pursue an appeal through that exclusive review process.

If you are dissatisfied with this denial of this tort claim, you may file suit directly under the FTCA, sections 1346(b) and 2671-2680, title 28, United States Code. The FTCA provides that when an agency denies an administrative tort claim, the claimant may seek judicial relief in a proper Federal District Court. The claimant must initiate the suit within six months of the mailing of this notice as shown by the date of this denial. See, section 2401(b), title 28, United States Code. In any FTCA lawsuit, the property party defendant is the United States, not the Department of Veterans Affairs (or an individual health care provider).

Please note that FTCA claims are governed by a combination of federal and state laws. Some state laws may limit or bar a claim or lawsuit. VA legal staff handling FTCA claims work for the federal government and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely,

Cynthia Hernandez
Deputy Chief Counsel

COVER SHEET

February 13, 2021

FROM:

Donovan Juan Foster Jr

[redacted]

TO:

U.S. Department of Veterans Affairs

Office of General Counsel

Torts Law Group

810 Vermont Avenue, NW

Washington, DC 20420

RE: Submittal and Notice of Federal Tort Claims Act tort claim

*Please confirm receipt of this fax within 48 business hours. Thank you in advance.

Donovan Juan Foster Jr.
[redacted]

February 13, 2021

U.S. Department of Veterans Affairs
Office of General Counsel
Torts Law Group
810 Vermont Avenue, NW
Washington, DC 20420

RE: Federal Tort Claims Act tort claim

Please be advised this is a notice of a submission of a Federal Tort Claims Act tort claim to be paid by your federal agency i.e. U.S. Department of Veterans Affairs. All dates are to be confirmed via your office once confirmation of receipt of this fax is provided to myself Donovan Juan Foster Jr and direction is given to the claimant myself Donovan Juan Foster Jr. of any lacking parts of this notice or needed information for your office to process this claim with full and total payment provided. All correspondence is to be undertaken via the United States Postal Service certified mail return receipt without exception. In addition, if your office so cares to you may email a electronic copy to the email address provided above.

Please be advised a clear and unmistakable error has been identified by your federal agency; the letter admitting the commission of this clear and unmistakable error is dated November 26, 2019. This flagrant act of negligence has caused infinite and continuous harm to myself Donovan Juan Foster Jr.

Please provide payment in the amount of fifty (50) million USD via check to the following address:
[redacted]

Or alternatively reach out to myself Donovan Juan Foster Jr. at the contact information provided above for direct deposit information.

Please be advised any further dereliction of duty, subpar processing of this Federal Torts Claims Act tort claim, any activity deemed suspicious by myself Donovan Juan Foster Jr, and any wavering from the United States Code in the processing of this Federal Torts Claims Act tort will result in the full exercise of my rights, powers, and assets provided to myself Donovan Juan

Foster Jr. as an American Citizen. Please be informed the claimant Donovan Juan Foster Jr is holding this matter in the utmost concern and it is advised that your office does as well. Thank you in advance.

Best Regards,

Donovan Juan Foster Jr.

COVER SHEET

FEBRUARY 13, 2021

FROM:

Donovan Juan Foster Jr

[redacted]

TO:

U.S. Department of Veterans Affairs

Office of General Council

Torts Law Group

810 Vermont Avenue, NW

Washington, DC 20420

RE:

GCL-484556

Certified mail #70192280000061448051

*Please confirm receipt of this fax within 48 business hours. Thank you in advance.

Donovan Juan Foster Jr.
[redacted]

February 12, 2021

Department of Veterans Affairs
Office of General Counsel
Torts Law Group
810 Vermont Avenue, NW
Washington, DC 20420

RE: Notice of right to and execution of reconsideration concerning GCL-484556 certified mail #70192280000061448051

Please be advised I Donovan Juan Foster Jr via this notice am executing my rights for reconsideration concerning GCL-484556. Please stand by as documents necessary for your offices to properly process my reconsideration are to follow. The documents will be provided via fax number +1-202-273-6385 and or the follow address:

Department of Veterans Affairs
Office of General Counsel
Torts Law Group
810 Vermont Avenue, NW
Washington, DC 20420

Please be advised any manipulation, retaliation, lack of due diligence and or subpar processing of my reconsideration can or may result in criminal prosecution, congressional investigation, and or the committing of negligence by your federal agency.

Thank you in advance.

Best Regards,
Donovan Juan Foster Jr.

VA | U.S. Department of Veterans Affairs
Office of General Counsel

Office of Chief Counsel (02)
Southeast District – South
7305 N. Military Trail, Rm. 4B-352
West Palm Beach, FL 33410

In Reply Refer To: 484556

Via Certified Mail 7013 0600 0001 9398 7253

September 21, 2021

Donovan Foster
[redacted]

Subject: Administrative Tort Claim - Request for Reconsideration

Dear Mr. Foster:

This office has now completed reconsideration of the above-referenced matter under the Federal Tort Claims Act (FTCA), and it is again denied as falling beyond the jurisdiction of the FTCA.

Further action on this matter may be instituted in accordance with the FTCA, sections 1346(b) and 2671-2680, title 28, United States Code, which provides, in effect, that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated, however, within 6 months after the date of mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). If such a suit is filed, the proper party defendant would be the United States, not VA.

Please note that FTCA claims are governed by a combination of Federal and state laws. Some state laws may limit or bar a claim or lawsuit. VA attorneys handling FTCA claims work for the Federal government and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely,

*Kristen Nelson*

Kristen Nelson
Deputy Chief Counsel

**DECLARATION OF OSWALDO TAPIA**

I, Oswaldo Tapia, do hereby declare and state as follows:

1. I am a ____Coach____________________ employed by the U.S. Department of Veterans Affairs ("VA"), Veterans Benefits Administration (VBA). I have held this position since __March 4, 2018____________________. I make the following factual statements based on my personal knowledge. If called as a witness, I could and would competently testify thereto.

2. The VBA is responsible for processing veterans' benefits claims, investigating the claims, and making determinations on whether the claims are approved or denied. The VBA maintains the records of all administrative claims and related records dating back to the beginning of a veteran's request for compensation.

3. As part of my employment with the VBA, I am familiar with and have regular access to the VBA's databases for storing records related to administrative claims, which in my experience is well maintained and up to date. I regularly access these databases in the performance of my job duties.

4. On or around October 6, 2009, the VBA received an Application for Compensation and/or Pension from Donovan J. Foster. Attached hereto as Exhibit 1 is a true and correct copy of the Application.

5. On or around May 3, 2010, the VA sent Mr. Foster a letter informing him of its inability to obtain Mr. Foster's service medical records and requested that he provide supporting documents. Attached hereto as Exhibit 2 is a true and correct copy of this letter.

6. On or around May 21, 2010, the VA denied Mr. Foster's application. Attached hereto as Exhibit 3 is a true and correct copy of this denial letter.

7. The VBA has no records indicating that Mr. Foster appealed the VA's decision, submitted a Request for Reconsideration, or filed an administrative tort claim in response to its May 21, 2010 denial referenced in Paragraph 6.

8. On or around February 13, 2019, the VA received an Application for Disability Compensation and Related Compensation Benefits from Mr. Foster. Attached hereto as Exhibit 4 is a true and correct copy of this application.

9. On or around April 27, 2019, the VA issued a Rating Decision granting service-connected disability benefits for Mr. Foster. Attached hereto as Exhibit 5 is a true and correct copy of this letter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this __3rd_____ day of March, 2023, at San Juan, Puerto Rico.

_____Oswaldo Tapia_____________________________

Oswaldo Tapia

**Department of Veterans Affairs**

OMB Approved No. 2900-0001
Respondent Burden: 1 hour 30 minutes

(DO NOT WRITE IN THIS SPACE)

# VETERAN'S APPLICATION FOR COMPENSATION AND/OR PENSION, VA Form 21-526, Part A: General information

Please read the attached "General Instructions" before you fill out this form.

**SECTION I** Tell us what you are applying for

Check the box that says what you are applying for. Be sure to complete the other Parts you need.

1. What are you applying for? If you are unsure please refer to the "General Instructions" page 2 Section 1: Preparing your application
   - [X] Compensation ➤ Fill out Part A of VA Form 21-526 and Parts B and C
   - [ ] Pension ➤ Fill out Part A of VA Form 21-526 and Parts C and D
   - [ ] Compensation and Pension ➤ Fill out Part A of VA Form 21-526 and Parts B, C and D

2a. Have you ever filed a claim with VA
- [X] No *(If "No," skip Item 2b and go to Item 3)*
- *(If "Yes," provide file number below)*
- [ ] Yes ______ *(Go to 2b)*

2b. I filed a claim for
- [ ] Compensation
- [ ] Pension
- [ ] Other ______

**SECTION II** Tell us about you

We need information about you to process your claim faster.

3. What is your name?
Donovan (First) Juan (Middle) foster (Last) Jr (Suffix (If applicable))

4. What is your Social Security [redacted]

5. What is your sex?
- [X] Male
- [ ] Female

6a. Did you serve under another name?
- [ ] Yes *(If "Yes," go to Item 6b)*
- [X] No *(If "No," go to Item 7)*

6b. Please list the other name(s) you served under
______

Give us your current mailing address in the space provided. If it will change within the next three months, give us that new address in block 29 "Remarks." Also in block 29, give us the date you think you will be at the new address.

7. What is your address? [redacted]

8. What are your telephone numbers? [redacted]

9. What is your e-mail address? [redacted]

10. What is your date of birth? [redacted]

11. Where were you born? [redacted]

OWCP used to be called the U.S. Bureau of Employees Compensation

12a. Are you receiving disability benefits from the Office of Workers' Compensation *(OWCP)*?
- [ ] Yes
- [X] No

(If "Yes," answer 12b and 12c also)

12b. When was the claim filed? ___ / ___

12c. What disability are you receiving benefits for? ______

13a. What is the name of your nearest [redacted]

13b. What is his/her telephone number? [redacted]

EP est. ___ EP pend. 110 NAN
DOC 10/6/09 DOC
DATE OF ACTION 10/8/09
J.C.

VA FORM JAN 2004 21-526 — SUPERSEDES STOCKS OF VA FORM 21-526, APR 2003 WHICH WILL NOT BE USED. — 21-526, Part A — page 1

**SECTION III** Tell us about your active duty

1. Enter complete information for all periods of service. If more space is needed use Item 29 "Remarks".
2. Attach your original DD214 or a certified copy to this form. (We will return original documents to you.)

| | | | |
|---|---|---|---|
| 14a. I entered active service the first time. 10/10/2007 (mo day yr) | 14b. Place: | 14c. My service number was . . . | |
| 14d. I left this active service. . . 7/23/2008 (mo day yr) | 14e. Place: | 14f. Branch of Service | 14g. Grade, rank, or rating |
| 14h. I entered my second period of active service. . . / / (mo day yr) | 14i. Place: | 14j. My service number was . . . | |
| 14k. I left this active service. . . / / (mo day yr) | 14l. Place: | 14m. Branch of Service | 14n. Grade, rank, or rating |

15a. Did you serve in Vietnam? ☐ Yes ☒ No (If "Yes," answer Item 15b also)

15b. When were you in Vietnam? from / / (mo day yr) to / / (mo day yr)

The VA has a registry of veterans who served in the Gulf War. This area has also been called the "Persian Gulf." If you served there, we will include your name in the registry. If you want your medical information included, you must check "Yes" in Item 16b. For more information about the registry, see page 4 of the General Instructions for VA Form 21-526.

16a. Were you stationed in the Gulf after August 1, 1990? ☐ Yes ☒ No (If "Yes," answer Item 16b also)

16b. Do you want to have medical and other information about you included in the "Gulf War Veterans' Health Registry?" ☐ Yes ☒ No

17a. Have you ever been a prisoner of war? ☐ Yes ☒ No (If "Yes," answer Items 17b, 17c, and 17d also)

17b. What country or government imprisoned you?

17c. When were you confined? from / / (mo day yr) to / / (mo day yr)

17d. What was the name of the camp or sector and what are the names of the city and country near its location

**SECTION IV** Tell us about your reserve duty

18a. Are you currently assigned to an active reserve unit? ☐ Yes ☒ No (If "Yes," answer Item 18b also)

18b. What is the name, mailing address, and telephone number of your current unit?

18c. Were you previously assigned to an active reserve unit within the last 2 years? ☐ Yes ☐ No (If "Yes," answer Item 18d also)

18d. What is the name, mailing address, and telephone number of that unit?

**SECTION IV** *(Continued)* **Tell us about your reserve duty**

**18e.** Do you have an inactive reserve obligation? (You perform no active duty, but you could be activated if there was a national emergency)

☐ Yes ☒ No ☐ Don't know

(If "Yes," answer Item 18f also)

**18f.** What is your reserve obligation termination date?

___/___/___ mo day yr

***Instructions 18g-18k***

If you are currently or have ever been a full time reservist for operational or support duty,

1. Complete 18g-18k for that service only.
2. Attach proof of reserve service

**18g.** I entered reserve service. . .

___/___/___ mo day yr Place:

**18h.** My service number was . . .

**18i.** I left reserve service. . .

___/___/___ mo day yr Place:

**18j.** Branch of service

**18k.** Grade, rank, or rating

***Instructions 18l-18p***

If your disability occurred or was aggravated during any period of reserve duty,

1. Complete 18l-18p for the period when your disability occurred.
2. Attach proof that your disability occurred during reserve service.

**18l.** I entered reserve service. . .

___/___/___ mo day yr Place:

**18m.** My service number was . . .

**18n.** I left reserve service. . .

___/___/___ mo day yr Place:

**18o.** Branch of service

**18p.** Grade, rank, or rating

**SECTION V Tell us about your National Guard duty**

**19a.** Are you currently a member of the National Guard?

☐ Yes ☒ No ☐ Not assigned yet

(If "Yes," answer Item 19b also)

**19b.** What is the name, mailing address, and telephone number of your current unit?

**19c.** Were you previously assigned to a guard unit within the last 2 years?

☐ Yes ☐ No

(If "Yes," answer Item 19d also)

**19d.** What is the name, mailing address, and telephone number of that unit?

***Instructions 19e-19i***

If you were activated to Federal Active Duty under the Authority of Title 10, United States Code,

1. Complete 19e-19i for that service only
2. Attach proof of this Federal Active Duty.

**19e.** I entered Federal Active Duty. . .

___/___/___ mo day yr Place:

**19f.** My service number was . . .

**19g.** I left Federal Active Duty. . .

___/___/___ mo day yr Place:

**19h.** Branch of service

**19i.** Grade, rank, or rating

***Instructions 19j-19n***

If your disability occurred or was aggravated during any period of guard duty,

1. Complete 19j-19n for the period when your disability occurred
2. Attach proof that your disability occurred during National Guard Service.

**19j.** I entered National Guard. . .

___/___/___ mo day yr Place:

**19k.** My service number was . . .

**19l.** I left National Guard. . .

___/___/___ mo day yr Place:

**19m.** Branch of service

**19n.** Grade, rank, or rating

**SECTION VI** **Tell us about your travel status**

| 20a. Were you injured while traveling to or from your military assignment? (If "Yes," answer Items 20b thru 20e and Section II of Part B: Compensation) | 20b. When did your injury happen? | 20c. Where did your injury happen? (City, State, Country) | 20d. Where were you treated? (Provide name and address of Doctor's office, hospital, etc.) | 20e. What agency did you file an accident report with? |
|---|---|---|---|---|
| ☐ Yes ☒ No | __/__/__ mo day yr | | | |

**SECTION VII** **Tell us about your military benefits**

When you file this application, you are telling us that you want to get VA compensation instead of military retired pay. If you currently receive military retired pay, you should be aware that we will reduce your retired pay by the amount of any compensation that you are awarded. VA will notify the Military Retired Pay Center of all benefit changes.

**You must sign 21e if you want to keep getting military retired pay instead of VA compensation.**

Please see page 4 of the General Instructions for VA Form 21-526.

If you have gotten both military retired pay and VA compensation, some of the amount you get may be recouped by VA, or in the case of VSI, by the Department of Defense

| 21a. Are you receiving or will you receive retired or retainer pay that is based on your military service? | 21b. What branch of service is paying or will pay your retired or retainer pay? | 21c. What is the monthly amount? |
|---|---|---|
| ☐ Yes ☒ No (If "Yes," answer Items 21b thru 21f. If "No," skip to Item 22) | | $ . |

21d. What is your retirement based on?

☐ Length of service ☐ Disability ☐ TDRL (Temporary Disability Retired List)

21e. Sign here if you want to receive military retired pay *instead of* VA compensation

______________________________

21f. Have you received or will you receive any of the following military benefits?
**(Please check the appropriate boxes and tell us the amount)**

| ***Benefit*** | ***Amount*** |
|---|---|
| (1) ☐ Lump Sum Readjustment Pay | $ . |
| (2) ☐ Separation pay under 10 USC 1174 | $ . |
| (3) ☐ Special Separation Benefit (SSB) | $ . |
| (4) ☐ Voluntary Separation Incentive (VSI) | $ . |
| (5) ☐ Disability Severance Pay (name of disability ______) | $ . |
| (6) ☐ Other (tell us the type of benefit ______) | $ . |

**SECTION VIII** **Give us direct deposit information**

**If benefits are awarded** we will need more information in order to process any payments to you. Please read the paragraph starting with, *"All federal payments..."* and then either:

1. Attach a voided check, or
2. Answer questions 22-24 to the right.

All federal payments beginning January 2, 1999, must be made by electronic funds transfer (EFT) also called Direct Deposit. Please attach a voided personal check or deposit slip or provide the information requested below in Items 22, 23 and 24 to enroll in Direct Deposit. If you do not have a bank account we will give you a waiver from Direct Deposit, just check the box below in Item 22. The Treasury Department is working on making bank accounts available to you. Once these accounts are available, you will be able to decide whether you wish to sign up for one of the accounts or continue to receive a paper check. You can also request a waiver if you have other circumstances that you feel would cause you a hardship to be enrolled in Direct Deposit. You can write to: Department of Veterans Affairs, 125 S. Main Street Suite B, Muskogee OK 74401-7004, and give us a brief description of why you do not wish to participate in Direct Deposit.

22. Account number (Please check the appropriate box and provide that account number, if applicable)

☒ Checking ☐ I certify that I **do not** have an account with a financial institution or certified payment agent

☐ Savings

Account number [redacted]

23. Name of financial institution Armed Forces Bank

24. Routing or transit number [redacted]

**Department of Veterans Affairs**

## VA Form 21-526, Part C: Dependency

**Use this form to tell us more about your dependents. Remember that you must also fill out a VA Form 21-526, Part A: General Information, Part B and/or Part D, for your application to be processed. Be sure to write your name and Social Security number in the space provided on page 3.**

### SECTION I Tell us about your marriage

NOTE: You should provide a copy of your marriage certificate.

1. What is your marital status?
☐ Married ☐ Surviving Spouse ☐ Divorced ☒ Never married
(If your spouse died, you are "divorced," or "never married" skip to Section III beginning on page 2)

2. When were you married?
___/___/___
mo day yr

3. Where did you get married? (city/state or country)
______________________

4. What is your spouse's name?
______________________
First Middle Last

5. When is your spouse's birthday?
___/___/___
mo day yr

6. What is your spouse's Social Security number?
______________________

7a. Is your spouse also a veteran?
☐ Yes ☐ No
(If "Yes," answer Item 7b also)

7b. What is your spouse's VA file number (If any)?
______________________

8. Do you live with your spouse?
☐ Yes
☐ No

9. What is your spouse's address?
______________________
Street address, rural route, or P.O. Box Apt. number
______________________
City State Zip code Country

10. Tell us why you are not living with your spouse

11. How much do you contribute monthly to your spouse's support?
$ ______ . ______

12. How were you married?
a. ☐ Ceremony by a clergyman or other authorized public official
b. ☐ Common-law
c. ☐ Tribal
d. ☐ Proxy
e. ☐ Other (please describe in the space below)
______________________
______________________
______________________

## SECTION II Tell us about any previous marriages

NOTE: You should provide copies of divorce decrees or death certificates

In the table below, tell us about:
- Your previous marriages, and
- Your spouse's previous marriages

### Your previous marriages

13a. How many times have you been married before? ____________

| 13b. When were you married? | 13c. Where were you married? (city/state or country) | 13d. Who were you married to? (first, middle initial, last) | 13e. When did your marriage end? | 13f. Why did your marriage end? (death, divorce) | 13g. Where did your marriage end? (city/state or country) |
|---|---|---|---|---|---|
| _/_/_ mo day yr | | | _/_/_ mo day yr | | |
| _/_/_ mo day yr | | | _/_/_ mo day yr | | |

### Your spouse's previous marriages

14a. How many times has your current spouse been married before? ____________

| 14b. When was your spouse married? | 14c. Where was your spouse married? (city/state or country) | 14d. Who was your spouse married to? (first, middle initial, last) | 14e. When did your spouse's marriage end? | 14f. Why did your spouse's marriage end? (death, divorce) | 14g. Where did your spouse's marriage end? (city/state or country) |
|---|---|---|---|---|---|
| _/_/_ mo day yr | | | _/_/_ mo day yr | | |
| _/_/_ mo day yr | | | _/_/_ mo day yr | | |

## SECTION III Tell us about your other dependents

In this section we want to know whether your parents are financially dependent on you (Question 15) and more about your **dependent children.** VA may recognize a veteran's biological children, adopted children, and stepchildren as dependent. These children must be unmarried and:
- be under the age of 18, **or**
- be at least 18 but under 23 and pursuing an approved course of education, **or**
- have become permanently unable to support themselves before reaching the age of 18.

15. Are your parents financially dependent on you?

☐ Yes ☒ No (If "Yes," we will request additional information from you later.)

You should provide: a copy of the public record of birth for each child or a copy of the court record of adoption for each adopted child.

16. Do you have dependent children?

☐ Yes (If "No," Skip Items 17-21f.) Go to the bottom of page 3 and write your name and Social Security number.)

☒ No

17. How many dependent children do you have?

Ø

Give us more information about these children in the tables on the next page (Items 18 through 21f).

# ATTACHED NOTES PAGE

claim

Revision Date: September 2015

**Department of Veterans Affairs**

## VA Form 21-526, Part B: Compensation

**Use this form to apply for compensation. Remember that you must also fill out a VA Form 21-526, Part A: General Information, for your application to be processed. Be sure to write your name and Social Security number in the space provided on page 2.**

**SECTION I** **Tell us about your disability**

In the table below, tell us more about your disability or disabilities. Be sure to:

- List all disabilities you believe are related to military service.
- List all the treatments you received for your disabilities, including
  - treatments you received in a military facility before and after discharge.
  - treatments you received from civilian and VA sources before, during, and after your service.

| 1. What disability are you claiming? | 2. When did your disability begin? | 3b. When were you treated? | 4a. What medical facility or doctor treated you? | 4b. What is the address of that medical facility or doctor? |
|---|---|---|---|---|
| ~~missing a part of my~~ | ~~/ /08 mo day yr~~ | ~~from / / mo day yr to / / mo day yr~~ | | |
| missing part of my pointer finger | / /08 mo day yr | from / / mo day yr to / / mo day yr | | |
| The fact I am missing part of my finger makes me sad sometimes & the fact people dont want me to touch them does as well | / /09 mo day yr | from / / mo day yr to / / mo day yr | | |
| | / / mo day yr | from / / mo day yr to / / mo day yr | | |
| | / / mo day yr | from / / mo day yr to / / mo day yr | | |
| Ocassional Back pain that I never had before | / /07 mo day yr | from / / mo day yr to / / mo day yr | | |
| | / / mo day yr | from / / mo day yr to / / mo day yr | | |
| Depression Secondary TO Pointer Finger Condition | / / mo day yr | from / / to / / | | |
| | / / mo day yr | from / / mo day yr to / / mo day yr | | |

**SECTION II** Tell us if any of the disabilities you listed on Page 1 were because of exposures

| | | |
|---|---|---|
| **5a.** Were you exposed to Agent Orange or other herbicides? ☐ Yes ☐ No | **5b.** What is your disability? | **5c.** In what country were you exposed? |
| **6a.** Were you exposed to asbestos? ☐ Yes ☐ No (If "Yes," answer Item 6b and 6c also) | **6b.** What is your disability? **6c.** When and how were you exposed? | |
| **7a.** Were you exposed to mustard gas? ☐ Yes ☐ No (If "Yes," answer Item 7b and 7c also) | **7b.** What is your disability? **7c.** When and how were you exposed? | |
| **8a.** Were you exposed to ionizing radiation? ☐ Yes ☐ No (If "Yes," answer Items 8b, 8c, and 8d also) | **8b.** What is your disability? | **8c.** When was your last exposure? __/__/__ mo day yr |
| **8d.** How were you exposed to radiation? | ☐ Atmospheric testing ☐ Nagasaki/Hiroshima ☐ Other, ______ | |
| **9a.** Were you exposed to an environmental hazard in the Gulf War? ☐ Yes ☐ No (If "Yes," answer Items 9b and 9c also) | **9b.** What is your disability? | **9c.** What was the hazard? |
| **10a.** Did you have a separation or retirement physical examination? ☐ Yes ☐ No (If "Yes," answer Items 10b and 10c also) | **10b.** When was the exam? __/__/__ mo day yr | **10c.** Where did the exam occur? |

**SECTION III** Tell us how your disabilities listed on Page 1 are related to your military service

**11. Explanation** I always had a scar on that finger since I was young while in service I believe I picked at and possibly chewed on it resulting in a loss of the numb part ~~I [illegible] didn't~~ D7 under high stress not realizing what was happening to my finger. I started the

| Your Name | Your Social Security Number |
|---|---|
| Army w/ 5 fingers. | |

21-526, Part B page 2

# ATTACHED NOTES PAGE

not addressing
scar - issue is
missing part of
finger

Revision Date: September 2015

**SECTION III** **Tell us about your dependents (continued)**

| 18a. What is the name of your unmarried child(ren)? (first, middle initial, last) | 18b. Date and place of birth (city/state or country) | 18c. Social Security Number | 19a. Biological | 19b. Adopted | 19c. Stepchild | 20a. 18-23 yrs. old and in school | 20b. Seriously disabled before age 18 | 20c. Child previously married |
|---|---|---|---|---|---|---|---|---|
| | / / mo day yr Place: | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | / / mo day yr Place: | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | / / mo day yr Place: | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | / / mo day yr Place: | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Tell us about your dependents listed above who *don't live with you***

**21a.** Do all the children listed above live with you?

☐ Yes (If "Yes," skip Items 21b thru 21f and write your name and Social Security number below.)

☐ No (If "No," complete Item 21b and the table below (Items 21c -21f) and write your name and Social Security number below.)

**21b.** How many of the children do not live with you?

__________

| 21c. What is the name of your child? (first, middle initial, last) | 21d. What is your child's complete address? | 21e. What is the name of the person your child lives with (If applicable)? (first, middle initial, last) | 21f. How much do you contribute each month to the support of your child? |
|---|---|---|---|
| | | | $ . |
| | | | $ . |
| | | | $ . |
| | | | $ . |

| **Your name** | **Your Social Security Number** |
|---|---|
| | |

21-526, Part C page 3

DEPARTMENT OF VETERANS AFFAI
Regional Office
P.O. Box 310909
Newington CT 06131-0909

OFFICIAL
FILE COPY

May 03, 2010

DONOVAN FOSTER
[redacted]

In reply, refer to:
308/211/ajc
File Number: [redacted]
Donovan Foster

**IMPORTANT -- reply needed**

Dear Mr. Foster:

***In order to help get a decision on your claim as quickly as possible, the Hartford Regional Office is assisting the regional office in your home state in requesting evidence in support of your claim. Please send your correspondence to the return address identified at the top of this page. Once we have received all the necessary evidence, we will make a decision on your claim and return your file to the office in your home state.***

***We have enclosed a self-addressed envelope for your use in providing our office with evidence in support of claim. If you are unable to use this envelope for returned correspondence, please mark the outside of your correspondence with "308 / 21 NY" as this is vital to your claim.***

We are writing in connection with the claim that you filed on October 6, 2009 however we have been unsuccessful in obtaining your Service Treatment Records from your Army/Army National Guard service. We have conducted an extensive and thorough search of your records.

We have requested your service records from our Records Management Center, St. Louis, Missouri, but your Service Medical Records were not located. The National Personnel Records Center has conducted an extensive and thorough search for your records.

We have additionally contacted the Medical Command Unit for the National Guard in Phoenix, AZ, but your Service Medical Records were not located at their location either.

**Please send** any originals or copies of your medical records in your possession for all periods of service. We will return original documents to you.

## How Soon Should You Send It?

You should respond **within 10 days** from the date of this letter. The VA will decide Your claim, since we have completed all attempts to get relevant evidence.

File Number: [redacted]
Donovan Foster

### How Can You Help?

You may be able to furnish documents that can substitute for service medical records. Submit any original or certified copies of the following documents you have that relate to your disability during service: (If you only have photocopies, send them.

- Statements from military medical personnel (nurses, medics, corpsmen, doctors)
- "Buddy" certificates or affidavits -
  (A "buddy" certificate or affidavit is a statement by a person who knew you when you were in service and knows of any disability you had while on active duty. The statement should state the dates and places they saw the condition(s) and should describe what they saw. If the person making the statement was on active duty at the time, they should show their service number and unit of assignment.)
- State or local accident and police reports
- Employment physical examinations
- Medical evidence from hospitals, clinics and private physicians by which or by whom you may have been treated after separation
- Letters written during service
- Photographs taken during service
- Pharmacy prescription records
- Insurance examinations

### Where Should You Send What We Need?

Please send what we need to this address:

Department of Veterans Affairs
Regional Office
P.O. Box 310909
Newington CT 06131-0909

### How Can You Contact Us?

If you are looking for general information about benefits and eligibility, you should visit our web site at http://www.va.gov. Otherwise, you can contact us in several ways. Please give us your VA file number, [redacted], when you do contact us.

- Call us at 1-800-827-1000. If you use a Telecommunications Device for the Deaf (TDD), the number is 1-800-829-4833.
- Send us an inquiry using the Internet at https://iris.va.gov.
- Write to us at the address at the top of this letter.

We look forward to resolving your claim in a fair and timely manner.

Sincerely yours,

ENA LIMA

ENA LIMA
Veterans Service Center Manager

Enclosure: Self-addressed envelope

DEPARTMENT OF VETERANS AFFAIRS
Hartford Regional Office
P.O. Box 310909
Newington CT 06131

May 21, 2010

DONOVAN FOSTER
[redacted]

In Reply Refer To: 308/211
CSS [redacted]
FOSTER, Donovan

Dear Mr. Foster:

We made a decision on your original disability claim for service connected compensation received on October 6, 2009. Based on a review of the evidence listed, we have made the following decision on your claim.

No service medical records were available for review. Efforts to obtain service medical records from all potential sources were unsuccessful. If these records are located at a later date this decision will be reconsidered.

This letter tells you what we decided. It includes a copy of our rating decision that gives the evidence used and reasons for our decision. We have also included information about what to do if you disagree with our decision, and who to contact if you have questions or need assistance.

## What We Decided

We determined that the following conditions were not related to your military service, so service connection couldn't be granted:

| **Medical Description** |
|---|
| Missing part of the pointer finger |
| Back condition |
| Depression associated with missing part of the pointer finger |

We have enclosed a copy of your Rating Decision for your review. It provides a detailed explanation of our decision, the evidence considered, and the reasons for our decision. Your Rating Decision and this letter constitute our decision based on your claim received on October 6, 2009. It represents all claims we understood to be specifically made, implied, or inferred in that claim.

CSS [redacted]
Foster, Donovan

## What You Should Do If You Disagree With Our Decision

If you do not agree with our decision, you should write and tell us why. You have *one year from the date of this letter to appeal the decision.* The enclosed *VA Form 4107, "Your Rights to Appeal Our Decision,"* explains your right to appeal.

## If You Have Questions or Need Assistance

If you have any questions, you may contact us by telephone, e-mail, or letter.

| If you | Here is what to do. |
|---|---|
| Telephone | Call us at 1-800-827-1000. If you use a Telecommunications Device for the Deaf (TDD), the number is 1-800-829-4833. |
| Use the Internet | Send electronic inquiries through the Internet at https://iris.va.gov. |
| Write | Put your full name and VA file number on the letter. Please send all correspondence to this address:<br>DEPARTMENT OF VETERANS AFFAIRS<br>NEW YORK REGIONAL OFFICE<br>245 W HOUSTON ST.<br>NEW YORK, NY 10014 |

In all cases, be sure to refer to your VA file number [redacted].

If you are looking for general information about benefits and eligibility, you should visit our website at https://www.va.gov, or search the Frequently Asked Questions (FAQs) at https://iris.va.gov.

3

CSS [redacted]
Foster, Donovan

We have no record of you appointing a service organization or representative to assist you with your claim. You can contact us for a listing of the recognized veterans' service organizations and/or representatives. Veterans' service organizations, which are recognized or approved to provide services to the veteran community, can also help you with any questions.

Sincerely yours,

*Ena Lima*

ENA LIMA
Veterans Service Center Manager

Email us at: https://iris.va.gov

Enclosures: Rating Decision
VA Form 4107

211/134/fmd

VA Claims Intake Center – 02132019

OMB Control No. 2900-0747
Respondent Burden: 25 minutes
Expiration Date: 03/31/2021

**Department of Veterans Affairs**

# APPLICATION FOR DISABILITY COMPENSATION AND RELATED COMPENSATION BENEFITS

VA DATE STAMP (DO NOT WRITE IN THIS SPACE)

**IMPORTANT:** Please read the Privacy Act and Respondent Burden on page 12 before completing the form.

1. SELECT THE TYPE OF CLAIM PROGRAM PROCESS (*Check the appropriate box*) (*See instruction pages 1-3 for definitions of the Fully Developed Claim (FDC) Program (Optional Expedited Process) or the Standard Claim Process. See instruction page 5 for the definition of a Benefits Delivery at Discharge (BDD) Program Claim*)

☐ FULLY DEVELOPED CLAIM (FDC) PROGRAM ☐ STANDARD CLAIM PROCESS

☐ IDES (Select this option *only* if you have been referred to the IDES Program by your Military Service Department)

☐ BDD Program Claim (Select this option *only* if you meet the criteria for the BDD Program specified on Instruction Page 5)

**NOTE:** You can *either* complete the form online or by hand. If completed by hand, print the information requested in ink, neatly, and legibly to expedite processing of the form.

## SECTION I: IDENTIFICATION AND CLAIM INFORMATION

2. VETERAN/SERVICE MEMBER NAME (*First, Middle Initial, Last*)
Donovan Foster

3. VETERAN'S SOCIAL SECURITY NUMBER (SSN)
[redacted]

4. HAVE YOU EVER FILED A CLAIM WITH VA?
☒ YES ☐ NO (*If "Yes," provide your file number in Item 5*)

5. VA FILE NUMBER

6. DATE OF BIRTH (*MM/DD/YYYY*)
Month Day Year
[redacted]

7. VETERAN'S SERVICE NUMBER (*If applicable*)

8. GENDER
☒ MALE ☐ FEMALE

9. BDD CLAIMS *ONLY*: PROVIDE THE DATE OR ANTICIPATED DATE OF RELEASE FROM ACTIVE DUTY (*MM/DD/YYYY*)
Month Day Year

10. TELEPHONE NUMBER(S) (*Include Area Code*)
Daytime: (212) 920-1477
Evening:
Cell phone:

11. CURRENT MAILING ADDRESS (*Number and street or rural route, P.O. Box, City, State, ZIP Code and Country*)
No. & Street [redacted]
Apt. Uni [redacted]
State Pro [redacted]

12. EMAIL ADDRESS (*Optional*)
[redacted]

☐ 13. IF YOU ARE CURRENTLY A VA EMPLOYEE, CHECK THE BOX (*Include Work Study/Internship*) (*If you are not a VA employee skip to Section II, if applicable*)

## SECTION II: CHANGE OF ADDRESS

**NOTE:** If you are temporarily or permanently changing your address, complete Items 14A through 14C.

14A. TYPE OF ADDRESS CHANGE (*Complete if applicable*) (*Check only one box*)
☐ TEMPORARY ☐ PERMANENT

14B. NEW ADDRESS (*Number and street or rural route, P.O. Box, City, State, ZIP Code and Country*)
No. & Street n/a
Apt. Unit Number City
State Province Country ZIP Code Postal Code

14C. EFFECTIVE DATE(S) OF NEW ADDRESS (*If your change of address is* ***temporary****, complete both the beginning and ending date of your temporary address*) (*If your change of address is* ***permanent****, please enter your effective date in the beginning date only*)

**BEGINNING DATE:** Month Day Year **ENDING DATE:** Month Day Year

VETERANS SOCIAL SECURITY NO. [redacted]

## SECTION III: HOMELESS INFORMATION

**IMPORTANT**: The following questions (Items 15A through 15F) should ***only*** be completed if you are currently homeless or at risk of becoming homeless. If this item does not apply to you, skip to Section IV.

15A. ARE YOU CURRENTLY HOMELESS?

☐ YES *(If "Yes," complete Item 15B regarding your living situation)*

☒ NO

15B. CHECK THE BOX THAT APPLIES TO YOUR LIVING SITUATION:

☐ LIVING IN A HOMELESS SHELTER

☐ NOT CURRENTLY IN A SHELTERED ENVIRONMENT (e.g., living in a car or tent)

☐ STAYING WITH ANOTHER PERSON

☐ FLEEING CURRENT RESIDENCE

☐ OTHER (Specify): ______

15C. ARE YOU CURRENTLY AT RISK OF BECOMING HOMELESS?

☐ YES *(If "Yes," complete Item 15D regarding your living situation)*

☒ NO

15D. CHECK THE BOX THAT APPLIES TO YOUR LIVING SITUATION:

☐ HOUSING WILL BE LOST IN 30 DAYS

☐ LEAVING PUBLICLY FUNDED SYSTEM OF CARE (e.g., homeles shelter)

☐ OTHER (Specify): ______

15E. POINT OF CONTACT *(Name of person VA can contact in order to get in touch with you)*
n/a

15F. POINT OF CONTACT TELEPHONE NUMBER *(Include Area Code)*
n/a

## SECTION IV: CLAIM INFORMATION

16. LIST THE CURRENT DISABILITY(IES) OR SYMPTOMS THAT YOU CLAIM ARE RELATED TO YOUR MILITARY SERVICE AND OR SERVICE-CONNECTED DISABILITY *(If applicable, identify whether a disability is due to a service-connected disability; confinement as a prisoner of war; exposure to Agent Orange, asbestos, mustard gas, ionizing radiation, or Gulf War environmental hazards; or a disability for which compensation is payable under 38 U.S.C. 1151)*
**NOTE**: List your claimed conditions below. **See the following three examples for guidance on how to complete Section IV.**

| EXAMPLES OF DISABILITY(IES) | EXAMPLES OF EXPOSURE TYPE | EXAMPLES OF HOW THE DISABILITY(IES) RELATE TO SERVICE | EXAMPLES OF DATES |
|---|---|---|---|
| Example 1. HEARING LOSS | NOISE | HEAVY EQUIPMENT OPERATOR IN SERVICE | JULY 1968 |
| Example 2. DIABETES | AGENT ORANGE | SERVICE IN VIETNAM WAR | DECEMBER 1972 |
| Example 3. LEFT KNEE. SECONDARY TO RIGHT KNEE | | INJURED LEFT KNEE WHEN BRACE ON RIGHT KNEE FAILED | 6 11 2008 |

| | CURRENT DISABILITY(IES) | IF DUE TO EXPOSURE, EVENT, OR INJURY, PLEASE SPECIFY (e.g., Agent Orange, radiation) | EXPLAIN HOW THE DISABILITY(IES) RELATES TO THE IN-SERVICE EVENT/EXPOSURE/INJURY | APPROXIMATE DATE DISABILITY(IES) BEGAN OR WORSENED |
|---|---|---|---|---|
| 1. | Anxiety/depression/mental health issues | event | Servicemember was discriminated against for being LGBT in 2007-2008 | 2008 |
| 2. | tinnitus | exposure | training as combat medic | 2008 |
| 3. | bilateral hearing loss | exposure | traning as combat medic | 2008 |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |
| 7. | | | | |
| 8. | | | | |
| 9. | | | | |
| 10. | | | | |
| 11. | | | | |
| 12. | | | | |
| 13. | | | | |
| 14. | | | | |
| 15. | | | | |

VA Claims Intake Center – 02132019

VETERANS SOCIAL SECURITY NO. [redacted]

17. LIST VA MEDICAL CENTER(S) (VAMC) AND DEPARTMENT OF DEFENSE (DOD) MILITARY TREATMENT FACILITIES (MTF) WHERE YOU RECEIVED TREATMENT AFTER DISCHARGE FOR YOUR CLAIMED DISABILITY(IES) LISTED IN ITEM 16 AND PROVIDE TREATMENT DATES:

| A. ENTER THE DISABILITY TREATED AND NAME LOCATION OF THE TREATMENT FACILITY | B. DATE(S) OF TREATMENT | |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

**NOTE:** IF YOU WISH TO CLAIM ANY OF THE FOLLOWING, COMPLETE AND ATTACH THE REQUIRED FORM(S) AS STATED BELOW (VA forms are available at www.va.gov vaforms).

| *For:* | *Required Form(s):* |
|---|---|
| Dependents | VA Form 21-686c and, if claiming a child aged 18-23 years and in school, VA Form 21-674 |
| Individual Unemployability | VA Form 21-8940 and 21-4192 |
| Post-Traumatic Stress Disorder | VA Form 21-0781 and 21-0781a |
| Specially Adapted Housing or Special Home Adaptation | VA Form 26-4555 |
| Auto Allowance | VA Form 21-4502 |
| Veteran Spouse Aid and Attendance benefits | VA Form 21-2680 or, if based on nursing home attendance, VA Form 21-0779 |

## SECTION V: SERVICE INFORMATION

18A. DID YOU SERVE UNDER ANOTHER NAME?

☐ YES *(If "Yes," complete Item 18B)* ☒ NO *(If "No," skip to Item 19A)*

18B. LIST THE OTHER NAME(S) YOU SERVED UNDER:

19A. BRANCH OFSERVICE *(Check all that apply)*

☐ ARMY ☐ NAVY ☐ MARINE CORPS ☐ AIR FORCE ☐ COAST GUARD

19B. COMPONENT *(Check all that apply)*

☐ ACTIVE ☐ RESERVES ☐ NATIONAL GUARD

20A. MOST RECENT ACTIVE SERVICE ENTRY DATE *(MM,DD,YYYY)*

Month Day Year

10/10/2007

20B. PLACE OF LAST OR ANTICIPATED SEPARATION

Fort Sam Houston, TX

20C. DID YOU SERVE IN A COMBAT ZONE SINCE 9-11-2001?

☐ YES ☐ NO

20D. ADDITIONAL PERIODS OF SERVICE *(Indicate enlistment and discharge dates, if applicable)*

| Enlistment Date(s) | Discharge Date(s) |
|---|---|
| 10/10/2007 | 07/23/2007 |

21A. ARE YOU CURRENTLY SERVING OR HAVE YOU EVER SERVED IN THE RESERVES OR NATIONAL GUARD?

☒ YES *(If "Yes," complete Items 21B thru 21F)*

☐ NO *(If "No," skip to Item 22A)*

21B. COMPONENT

☐ NATIONAL GUARD

☐ RESERVES

21C. OBLIGATION TERM OF SERVICE

Month Day Year

From:

To:

21D. CURRENT OR LAST ASSIGNED NAME AND ADDRESS OF UNIT:

Det 4 AZ RHC Moreand, Phoenix, AZ 85008

21E. CURRENT OR ASSIGNED PHONE NUMBER OF UNIT *(Include Area Code)*

n/a

RECEIVING INACTIVE DUTY TRAINING PAY?

☐ YES ☒ NO

22A. ARE YOU CURRENTLY ACTIVATED ON FEDERAL ORDERS WITHIN THE NATIONAL GUARD OR RESERVES?

☐ YES *(If "Yes," complete Items 22B & 22C)*

☒ NO

22B. DATE OF ACTIVATION: *(MM,DD,YYYY)*

Month Day Year

22C. ANTICIPATED SEPARATION DATE: *(MM,DD,YYYY)*

Month Day Year

23A. HAVE YOU EVER BEEN A PRISONER OF WAR?

☐ YES *(If "Yes," complete Item 23B)*

☒ NO

23B. DATES OF CONFINEMENT *(MM,DD,YYYY)*

| From: | | | To: | | |
|---|---|---|---|---|---|
| Month | Day | Year | Month | Day | Year |
| Month | Day | Year | Month | Day | Year |

VETERANS SOCIAL SECURITY NO. [redacted]

## SECTION VI: SERVICE PAY (Retired Pay, Separation Pay, and Disability Severance Pay)

24A. ARE YOU RECEIVING MILITARY RETIRED PAY?

☐ YES *(If "Yes," complete Items 24C and 24D)*

☒ NO

24B. WILL YOU RECEIVE MILITARY RETIRED PAY IN THE FUTURE?

☐ YES *(If "Yes," explain below (e.g. future Reserve/National Guard retirement, pending MEB/PEB and also complete Items 24C and 24D)*

☐ NO

| 24C. BRANCH OF SERVICE | 24D. MONTHLY AMOUNT | 25. RETIRED STATUS |
|---|---|---|
| n/a | $ n/a | ☐ RETIRED ☐ PERMANENT DISABILITY RETIRED LIST ☐ TEMPORARY DISABILITY RETIRED LIST |

**IMPORTANT INFORMATION ON MILITARY RETIRED PAY (Includes all Uniformed Services Retired Pay):**
Submission of this application constitutes a waiver of military retired pay in an amount equal to VA compensation awarded, if you are entitled to both benefits. Your retired pay may be reduced by the amount of VA compensation awarded. Receipt of the full amount of military retired pay and VA compensation at the same time *may* result in an overpayment, which *may* be subject to collection. If you qualify for concurrent receipt of VA compensation and military retired pay, the waiver of retired pay will not apply. If you do not want to waive any retired pay to receive VA compensation, you should check the box in **Item 26**. **Note that if you check the box in Item 26, you will not receive VA compensation, if granted. If you are currently in receipt of VA compensation and you check the box in Item 26, your VA compensation will be terminated, if you are also eligible for military retired pay.**

**IMPORTANT: VA COMPENSATION PAY IS NON-TAXABLE. THEREFORE, VA COMPENSATION PAY MAY BE THE GREATER BENEFIT.**

☐ **26. Do NOT pay me VA compensation. I do NOT want to receive VA compensation in lieu of retired pay.**

**IMPORTANT INFORMATION ON SEPARATION/SEVERANCE PAY:**
VA compensation, if granted, may be withheld to recoup any disability severance or separation pay such as involuntary separation pay, voluntary separation pay, or special separation benefit, you receive from your branch of service. In addition, if you receive a Voluntary Separation Incentive (VSI), your VSI payments may be reduced if you are awarded VA compensation. Receipt of VA compensation and VSI at the same time may result in an overpayment of VSI, which *may* be subject to collection.

27A. HAVE YOU EVER RECEIVED SEPARATION PAY, DISABILITY SEVERANCE PAY, OR ANY OTHER LUMP SUM PAYMENT FROM YOUR BRANCH OF SERVICE?

☐ YES *(If "Yes," complete Items 27B through 27D)*

☒ NO

| 27B. DATE PAYMENT RECEIVED *(MM,DD,YYYY)* | 27C. BRANCH OF SERVICE | 27D. AMOUNT RECEIVED *(Provide pre-tax amount)* |
|---|---|---|
| Month Day Year<br>n/a | n/a | $ n/a |

**IMPORTANT INFORMATION ON INACTIVE DUTY TRAINING PAY:**
You may elect to keep the active or inactive duty training pay you received from the military service department. However, to be legally entitled to keep your training pay, you must waive VA benefits for the number of days equal to the number of days for which you received training pay. In most instances, it will be to your advantage to waive your VA benefits and keep your training pay.

If you waive VA benefits to receive training pay by checking the box in **Item 28**, VA will retroactively adjust your VA award to withhold benefits equal to the total number of training days waived and at the monthly rate in effect for the fiscal year period for which you received training pay. This action may result in an overpayment of compensation, which *may* be subject to collection.

**IMPORTANT: VA COMPENSATION PAY IS NON-TAXABLE. THEREFORE VA COMPENSATION PAY MAY BE THE GREATER BENEFIT.**

☐ **28. Do NOT pay me VA compensation. I do NOT want to receive VA compensation in lieu of training pay.**

## SECTION VII: DIRECT DEPOSIT INFORMATION

The Department of Treasury requires all Federal benefit payments be made by electronic funds transfer (EFT), also called direct deposit. Please attach a voided personal check or deposit slip or provide the information requested below in **Items 30, 31 and 32** to enroll in direct deposit. If you do not have a bank account, you must receive your payment through Direct Express Debit MasterCard. To request a Direct Express Debit MasterCard you must apply at www.usdirectexpress.com or by telephone at 1-800-333-1795. If you elect not to enroll, you must contact representatives handling waiver requests for the Department of Treasury at 1-888-224-2950. They will encourage your participation in EFT and address any questions or concerns you may have.

☐ 29. I CERTIFY THAT I DO NOT HAVE AN ACCOUNT WITH A FINANCIAL INSTITUTION OR CERTIFIED PAYMENT AGENT *(If you check this box skip to Section VIII)*

30. ACCOUNT NUMBER *(Check only **one** box below and provide the account number)*

Account No.: ______________ ☐ CHECKING ☐ SAVINGS

| 31. NAME OF FINANCIAL INSTITUTION *(Provide the name of the bank where you want your direct deposit)* | 32. ROUTING OR TRANSIT NUMBER *(The first nine numbers located at the bottom left of your check)* |
|---|---|
| n/a | |

VETERAN'S SOCIAL SECURITY NO [redacted]

## SECTION VIII: CLAIM CERTIFICATION AND SIGNATURE

### VETERAN/SERVICEMEMBER CERTIFICATION AND SIGNATURE

I certify and authorize the release of information. I certify that the statements in this document are true and complete to the best of my knowledge. I authorize any person or entity, including but not limited to any organization, service provider, employer, or government agency, to give the Department of Veterans Affairs any information about me, and I waive any privilege which makes the information confidential.

I certify I have received the notice attached to this application titled, *Notice to Veteran/Service Member of Evidence Necessary to Substantiate a Claim for Veterans Disability Compensation and Related Compensation Benefits.*

I certify I have enclosed all the information or evidence that will support my claim, to include an identification of relevant records available at a Federal facility such as a VA medical center; **OR,** I have no information or evidence to give VA to support my claim; **OR,** I have checked the box in Item 1, on page 8, indicating I want my claim processed under the standard claim process because I plan to submit additional evidence in support of my claim.

| 33A. VETERAN SERVICE MEMBER SIGNATURE (REQUIRED) *(Sign in ink)* | 33B. DATE SIGNED |
|---|---|
| | 02/13/2019 |

## SECTION IX: WITNESSES TO SIGNATURE

| 34A. SIGNATURE OF WITNESS *(Sign in ink. If veteran signed above using an "X")* | 34B. PRINTED NAME AND ADDRESS OF WITNESS |
|---|---|
| 35A. SIGNATURE OF WITNESS *(Sign in ink. If veteran signed above using an "X")* | 35B. PRINTED NAME AND ADDRESS OF WITNESS |

## SECTION X: ALTERNATE SIGNER CERTIFICATION AND SIGNATURE

I certify that by signing on behalf of the claimant, that I am a court-appointed representative; **OR,** an attorney in fact or agent authorized to act on behalf of a claimant under a durable power of attorney; **OR,** a person who is responsible for the care of the claimant, to include but not limited to a spouse or other relative; **OR,** a manager or principal officer acting on behalf of an institution which is responsible for the care of an individual; **AND,** that the claimant is under the age of 18; **OR,** is mentally incompetent to provide substantially accurate information needed to complete the form, or to certify that the statements made on the form are true and complete; **OR,** is physically unable to sign this form.

I understand that I may be asked to confirm the truthfulness of the answers to the best of my knowledge under penalty of perjury. I also understand that VA may request further documentation or evidence to verify or confirm my authorization to sign or complete an application on behalf of the claimant if necessary. Examples of evidence which VA may request include: Social Security Number (SSN) or Taxpayer Identification Number (TIN); a certificate or order from a court with competent jurisdiction showing your authority to act for the claimant with a judge's signature and a date/time stamp; copy of documentation showing appointment of fiduciary; durable power of attorney showing the name and signature of the claimant and your authority as attorney in fact or agent; health care power of attorney, affidavit or notarized statement from an institution or person responsible for the care of the claimant indicating the capacity or responsibility of care provided, or any other documentation showing such authorization.

| 36A. ALTERNATE SIGNER SIGNATURE (REQUIRED) *(Sign in ink)* | 36B. DATE SIGNED |
|---|---|
| | |

## SECTION XI: POWER OF ATTORNEY (POA) SIGNATURE

I certify that the claimant has authorized the undersigned representative to file this supplemental claim on behalf of the claimant and that the claimant is aware and accepts the information provided in this document. I certify that the claimant has authorized the undersigned representative to state that the claimant certifies the truth and completion of the information contained in this document to the best of claimant's knowledge.

**NOTE:** A POA's signature ***will not*** be accepted unless at the time of submission of this claim a valid VA Form 21-22, *Appointment of Veterans Service Organization as Claimant's Representative,* or VA Form 21-22a, *Appointment of Individual As Claimant's Representative,* indicating the appropriate POA is of record with VA.

| 37A. POA/AUTHORIZED REPRESENTATIVE SIGNATURE *(Sign in ink)* | 37B. DATE SIGNED *(MM/DD/YYYY)* |
|---|---|
| | |

**PRIVACY ACT NOTICE:** The form will be used to determine allowance to compensation benefits (38 U.S.C. 5101). The responses you submit are considered confidential (38 U.S.C. 5701). VA may disclose the information that you provide, including Social Security numbers, outside VA if the disclosure is authorized under the Privacy Act, including the routine uses identified in the VA system of records, 58VA21/22/28, Compensation, Pension, Education, and Vocational Rehabilitation and Employment Records - VA, published in the Federal Register. The requested information is considered relevant and necessary to determine maximum benefits under the law. Information submitted is subject to verification through computer matching programs with other agencies. VA may make a "routine use" disclosure for: civil or criminal law enforcement, congressional communications, epidemiological or research studies, the collection of money owed to the United States, litigation in which the United States is a party or has an interest, the administration of VA programs and delivery of VA benefits, verification of identity and status, and personnel administration. Your obligation to respond is required in order to obtain or retain benefits. Information that you furnish may be utilized in computer matching programs with other Federal or State agencies for the purpose of determining your eligibility to receive VA benefits, as well as to collect any amount owed to the United States by virtue of your participation in any benefit program administered by the Department of Veterans Affairs. Social Security information: You are required to provide the Social Security number requested under 38 U.S.C. 5101(c)(1). VA may disclose Social Security numbers as authorized under the Privacy Act, and, specifically may disclose them for purposes stated above.

**RESPONDENT BURDEN:** We need this information to determine your eligibility for compensation. Title 38, United States Code, allows us to ask for this information. We estimate that you will need an average of 25 minutes to review the instructions, find the information, and complete this form. VA cannot conduct or sponsor a collection of information unless a valid OMB control number is displayed. You are not required to respond to a collection of information if this number is not displayed. Valid OMB control numbers can be located on the OMB Internet Page at www.reginfo.gov/public/do/PRAMain. If desired, you can call 1-800-827-1000 to get information on where to send comments or suggestions about this form.

**PENALTY:** The law provides severe penalties which include fine or imprisonment, or both, for the willful submission of any statement or evidence of a material fact, knowing it to be false, or for the fraudulent acceptance of any payment to which you are not entitled.

**DEPARTMENT OF VETERANS AFFAIRS**
**Veterans Benefits Administration**
**Regional Office**

**DONOVAN FOSTER**

**VA File Number**
[redacted]

**Rating Decision**
**04/27/2019**

## INTRODUCTION

The records reflect that you are a Veteran of the Gulf War Era. You served in the Army from October 10, 2007, to July 23, 2008. You filed a new claim for benefits that was received on February 13, 2019. Based on a review of the evidence listed below, we have made the following decision(s) on your claim.

## DECISION

1. Service connection for bipolar II disorder with anxious distress is granted with an evaluation of 50 percent effective February 13, 2019.

2. Service connection for tinnitus is granted with an evaluation of 10 percent effective February 13, 2019.

3. Service connection for bilateral hearing loss is denied.

## EVIDENCE

- DD Form 214, Certificate of Release and/or Discharge from Active Duty Service

- Partial Service Treatment Records, covering periods of service from October 10, 2007, to July 23, 2008, received April 5, 2019
- VA Form 21-526EZ, Application for Disability Compensation and Related Compensation Benefits, received February 12, 2019
- Letters to Veteran, dated May 3, 2010, February 27, 2019
- Medical Evidence, Los Angeles LGBT Center, dated February 14, 2019, received March 3, 2019
- VA Examinations with Medical Opinions, QTC Contract Examiners, dated April 17, 2019

## REASONS FOR DECISION

**1. Service connection for bipolar II disorder with anxious distress (claimed as anxiety, depression, and mental health issues).**

Service connection for bipolar II disorder with anxious distress (claimed as anxiety, depression, and mental health issues) has been established as directly related to military service. (38 CFR 3.303, 38 CFR 3.304)

An evaluation of 50 percent is assigned from February 13, 2019.

We have assigned a 50 percent evaluation for your depression based on:
• Difficulty in adapting to stressful circumstances
• Difficulty in adapting to work
• Depressed mood
• Disturbances of motivation and mood
• Difficulty in adapting to a worklike setting
• Anxiety
• Occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and conversation normal)
• Difficulty in establishing and maintaining effective work and social relationships
• Chronic sleep impairment

The overall evidentiary record shows that the severity of your disability most closely approximates the criteria for a 50 percent disability evaluation. (38 CFR 4.7, 38 CFR 4.126)

A higher evaluation of 70 percent is not warranted for bipolar disorder unless the evidence shows occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as:
• suicidal ideation
• obsessional rituals which interfere with routine activities
• speech intermittently illogical, obscure, or irrelevant
• near-continuous panic or depression affecting the ability to function independently, appropriately and effectively
• impaired impulse control (such as unprovoked irritability with periods of violence)

• spatial disorientation
• neglect of personal appearance and hygiene
• difficulty in adapting to stressful circumstances (including work or a worklike setting)
• inability to establish and maintain effective relationships. (38 CFR 4.124a)

**2. Service connection for tinnitus.**

Service connection for tinnitus has been established as directly related to military service. (38 CFR 3.303, 38 CFR 3.304)

The effective date of this grant is February 13, 2019. Service connection has been established from the day VA received your claim. When a claim of service connection is received more than one year after discharge from active duty, the effective date is the date VA received the claim. (38 CFR 3.400)

An evaluation of 10 percent is assigned from February 13, 2019.

We have assigned a 10 percent evaluation for your tinnitus based on:
• Recurrent tinnitus

A single evaluation for recurrent tinnitus is assigned whether the sound is perceived in one ear, both ears, or in the head.

This is the highest schedular evaluation allowed under the law for tinnitus.

**3. Service connection for bilateral hearing loss.**

Service connection for bilateral hearing loss is denied because there is no evidence that you currently have hearing loss for VA purposes. (38 CFR 3.303, 38 CFR 3.304, 38 CFR 3.385)

Service connection may not be established for disability due to impaired hearing unless the auditory threshold in any of the frequencies 500, 1000, 2000, 3000 or 4000 Hertz is 40 decibels or greater; or the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000 or 4000 Hertz are 26 decibels or greater; or speech recognition scores using the Maryland CNC Test are less than 94 percent. (38 CFR 3.385)

There are no audiometric findings in your service treatment records that meet the above requirements.

Although hearing loss is not shown in-service, acoustic trauma or military noise exposure may constitute injury of the ear. However, in this case, acoustic trauma is not shown by the evidence of record.

VA examination findings show the left ear with 100 percent discrimination. Decibel (dB) loss at

the puretone threshold of 500 Hertz (Hz) is 10, at 1000 Hz is 10, at 2000 Hz is 5, at 3000 Hz is 5, and at 4000 Hz is 15. The average decibel loss is 9 in the left ear. The right ear shows a speech discrimination of 100 percent. Your right ear Decibel (dB) loss at the puretone threshold of 500 Hertz (Hz) is 10, at 1000 Hz is 10, at 2000 Hz is 10, at 3000 Hz is 5, and at 4000 Hz is 15. The average decibel loss is 10 in the right ear.

In this case, the evidence of record does not show current audiometric findings which meet the criteria for a grant of service connection for hearing loss. As you do not currently meet the criteria for hearing loss for VA purposes, service connection may not be granted. In addition, there is no evidence that disabling sensorineural hearing loss manifested itself to a compensable degree within a year of service. (38 CFR 3.303, 38 CFR 3.304, 38 CFR 3.307, 38 CFR 3.309, 38 CFR 3.385)

Favorable findings in this decision:
None

**REFERENCES:**

Title 38 of the Code of Federal Regulations, Pensions, Bonuses and Veterans' Relief contains the regulations of the Department of Veterans Affairs which govern entitlement to all veteran benefits. For additional information regarding applicable laws and regulations, please consult your local library, or visit us at our website, www.va.gov.

VERONICA M. AGUILAR, ESQ. (SBN 153288)
**LAW OFFICES OF VERONICA M. AGUILAR**
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
Telephone: (858) 674.6945
veronica@vaguilarlaw.com

Attorney for Plaintiff,
**DONOVAN J. FOSTER**

**THE UNITED STATES DISTRICT COURT IN AND FOR**
**THE CENTRAL DISTRICT OF THE STATE OF CALIFORNIA**

| | |
|---|---|
| DONOVAN J. FOSTER, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>The United States of America, the Department of Veteran Affairs, an agency of the United States of America, and Secretary Denis McDonough, an individual.<br><br>Defendant(s). | Case No.:<br><br>**COMPLAINT FOR NEGLIGENCE** |

## I. INTRODUCTION

1. This is an action for The United States of America, including Dennis McDonough and the Department of Veterans Affairs, an Agency of the United States of America (Hereby knows as "DEFENDANTS") under the Federal Tort Claims Act, (28. U.S.C. §2671, et seq) and 28 U.S.C.§1346(b)(1), for Negligence.

2. The claims herein are brought forth against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq..) and 28 U.S.C. §1346(b)(1) for money damages as compensation for personal injuries caused by Defendants' negligence.

3. Defendants waived sovereign immunity under the Federal Torts Claims Act because Plaintiff fully complied with the requirements of 28 U.S.C 2675, *Standard Form 95 attached as* **EXHIBIT "1,"** and fully incorporated herein as though fully set forth throughout.

4. This suit was timely filed, in that Plaintiff timely served notice of his claim less than two years after the incident forming the basis of the instant lawsuit and within the Six (6) months required pursuant to Section 2401(b), Title 28 United States Code, as was stated in Plaintiff's September 21, 2021, denial of "Request for Reconsideration correspondence," attached hereto as **EXHIBIT "2,"** and fully incorporated herein as though fully set forth throughout.

///

///

///

///

///

///

///

## II. PARTIES

5. Plaintiff, Donovan J. Foster at all times relevant hereto, was a resident of Los Angeles County, State of California. Plaintiff is also a "veteran"[1] of the "Armed Forces"[2] who served in the U.S. Army for One year and two months of honorable service.

6. Defendant Dennis McDonough is presently, or was at the time of filing this complaint, the Secretary of Veterans Affairs, or the United States of America.

7. Defendant Department of Veterans Affairs is a Federal Agency of the United States of America.

8. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and acting on behalf of Defendants. Furthermore, these Defendants, and each of them, are responsible for the negligent acts of their employees and agents under Respondent Superior.

## III. JURISDICTION

9. Jurisdiction is proper under 28 U.S.C. §1346(b)(1) because Defendant is the United States of America or one of its applicable agencies. Further, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and this action arises under The Federal Tort Claims Act, 28 U.S.C. §1346(b), 2671-2680.

[1] *See* 38 U.S.C. 101(2), Veteran means "a person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable.

[2] Armed Forces means the United States Army, Navy, Marine Corps Air Force, and Coast Guard, including the reserve components thereof

10. The claims herein are brought against the United State of America pursuant to the Federal Torts Claims Act for money damages as compensation for personal injuries that were caused by the negligent and wrongful acts of employees of the United States Government while acting within the scope and course of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of California.

11. Plaintiff has therefore exhausted all administrative remedies.

12. This Court has jurisdiction, based on the Federal Tort Claims Act, a federal statute that permits private parties to sue the United States in a Federal court for torts committed by persons acting on behalf of the United States once all administrative remedies have been exhausted.

## IV. VENUE

13. Venue is also proper under 28 U.S.C. §1391(e) and 28 U.S.C. §1402(b). Plaintiff resides and continues to reside in Los Angeles County, a county within the Central District of California and thus is a resident of the Central District of California.

///

///

///

///

///

## V. FACTUAL ALLEGATIONS

14. As stated herein, Plaintiff is a U.S. Army Veteran who served honorably for One year and two months. Plaintiff is a "Beneficiary[3], Claimant[4], and Eligible Person[5]," and as such is entitled to receive all "examinations, treatment, or care," as prescribed under U.S.C. § 111. Plaintiff is also eligible for "examinations, treatment, or care," as prescribed under the "Medical Benefits Package" 38 C.F.R. § 17.38, which includes but, is not limited to "Basic and Preventive Care" and "Reimbursement Travel," pursuant to the provisions of both 38 U.S.C. § 111 et seq. and 38 C.F.SR. § 70 et seq., and VA Regulatory policies and procedures. All benefits and entitlements are to be obtained from the Department of Veterans' Affairs.

15. In October 2009, Plaintiff submitted to the Department of Veterans Affairs, a Veteran's Application for compensation and/or pension, VA Form 21, -526. Per the Department of Veterans Affairs decision dated May 14, 2010, Plaintiff' was denied because his service department records and/or treatment records were completely unavailable and nowhere to be found.

///

///

[3] *See* 38 C.F.R. § 70.2 Beneficiary means "a person determined eligible for VHA Benefits."
[4] *See* 38 C.F.R. § 70.2, Claimant means "a veteran who received services (or his/her guardian) or the hospital, clinic, or community resource that provided the services, or the person other than the veteran who paid for the services."
[5] *See* 38 C.F.R. § 70.10.

16. In or about November 26, 2019, Plaintiff was informed by the Department of Veterans Affairs in writing that his service department records had been lost and/or mislabeled. This flagrant negligent act by the Defendants caused infinite and endless harm and personal injury to Plaintiff.

17. The denial of the claim decision by Defendants, dated May 14, 2010, precluded Plaintiff from receiving necessary and needed mental health treatment from the Department of Veterans Affairs facilities. In addition, the unavailability of Plaintiff's service department records and/or service treatment records precluded Plaintiff from receiving timely and effective treatment for Plaintiff's later diagnosed Bipolar II Disorder with anxious stress and Post Traumatic Stress ("PTSD).

18. The Department of Veterans Affairs and Plaintiff's private physician, Dr. Amir Ahuja concluded Plaintiff's Bipolar II Disorder with Anxious Distress negatively progressed extensively throughout the approximate ten years between 2009 to 20219, while Plaintiff's service records were unavailable. During that time, Plaintiff was unable to receive medical, psychiatric, and psychological treatment. As a result, Plaintiff's Bipolar II Disorder with Anxious Distress was left untreated and as such, led to permanent and total disability, per the Department of Veterans Affairs.

///

///

///

19. The opinion of the Department of Veterans Affairs physicians and psychiatrists and Plaintiff's personal physician, Dr. Amir Ahuja did, in fact, conclude if the Defendants had not lost, destroyed, or misplaced Plaintiff's service records, he would have received the proper treatment and his condition of Bipolar II Disorder with Anxious Distress would not have exacerbated his disability to a point of one hundred percent (100%) disability. As a result of Defendants' acts and/or omissions and failures to maintain Plaintiff's service records, Plaintiff's 100% disability rating now prevents him from gainful employment.

20. The Department of Veterans Affairs also confirmed the loss of Plaintiff's left index finger was due to dermatophagia that Plaintiff experienced during a manic episode while on active-duty service. Plaintiff was also diagnosed with PTSD and Plaintiff's personal Physician, Dr Amir Ahuja determined Plaintiff's PTSD was service related and connected.

21. As a proximate consequence of Defendants wrongful and negligent conduct, Plaintiff suffered ten (10) year of being undiagnosed as Bipolar II Disorder with Anxious Distress and PTSD. I addition, Plaintiff's loss of his index finger has caused insurmountable pain and suffering.

///

///

///

///

## VI. CAUSES OF ACTION

## COUNT I – NEGLIENCE

22. Plaintiff realleges and reincorporates each and every allegation above, as though fully set forth herein.

23. Defendants: (1) performed acts that a person of ordinary prudence in the same or similar circumstances would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done under the same or similar circumstances.

24. The Department of Veterans Affairs admitting in writing via a letter dated November 26, 2019, from the Department of Veterans Affairs that the Department of Veterans Affairs was negligent (negligence being defined as: the existence of a legal duty that Defendant owed to Plaintiff; the Defendants breach of that duty caused Plaintiff to suffer an injury by losing Plaintiff's service department records to include service treatment medical records.

25. The Department of Veterans Affairs employees had a duty to take care not to damage, destroy or lose Plaintiff's service department records and to take steps necessary to ensure the service department records were available for review, production and/or reproduction.

///

///

///

26. By failing to have the service department records available for review, production and/or reproduction, the Department of Veterans Affairs employees failed to exercise the required degree of care and breached the duty of care owed to Plaintiff.

27. As a direct and proximate cause of Defendants' negligence, Plaintiff was unable to receive the proper and promised treatment to him, as an eligible veteran. Namely, Six months before Plaintiff's records were located by Joint Legacy Reviewers in 2019, Plaintiff's private Physician, Dr. Amir Ahuja, diagnosed Plaintiff with untreated Bipolar II Disorder and Dr. Ajuha also concluded Plaintiff suffered from undiagnosed Bipolar II Disorder with Anxious Distress and PTSD.

28. Plaintiff was notified on or about November 25, 2019, that Plaintiff's service treatment records had been characterized as "lost" or "mislabeled."

Page Three of the November 25, 2019, under "Reason for Decision" the letter stated as follows:

> "Rating decision dated May 14, 2010, denied issue of depression based on unavailability of Service treatment records. Service treatment records for period of October 10, 2007, to July 23, 2008, were retrieved from Joint Legacy Reviewers in 2019. Rating decision dated April 27, 2019, granted service connection for bipolar disorder based on the date we received a request to reopen your claim. The correct date of Service Connection should have been October 6, 2009, the date the previously disallowed claim was received because the grant is based on lost or mislabeled Service department records and, the previous disallowed claim was received more than a year following separation from service."

[ *See* VA Letter, page 3 of 8, "Reasons for Decision" dated November 25, 2019, attached hereto as **EXHIBIT "3,"**]

29. As a further direct and proximate result of Defendants' negligence, Plaintiff's Bipolar II Disorder with Anxious Distress and PTSD conditions exacerbated so badly that Plaintiff is now rated 100% disabled. Thus, Plaintiff suffered a loss of enjoyment of his life. Furthermore, Plaintiff lost wages, both past and future, due to his untreated condition rendering him incapable of employment.

## VII. PRAYER FOR RELIEF

30. **WHEREFORE**, Plaintiff, DONOVAN FOSTER does hereby pray Judgment be entered in his favor and against Defendants as follows:

1. Medical expenses, lost wages, pain and suffering, future impairment, and loss of enjoyment of life, in an amount to be proven at the time of trial but, beyond this Court's jurisdictional level; and
2. Costs and fees incurred, together with such further relief at law or in equity this Court may deem just and proper.

Respectfully submitted,

DATED: November 21, 2022, **LAW OFFICES OF VERONICA M. AGUILAR**

*Veronica M. Aguilar*

Veronica M. Aguilar, Attorney for Plaintiff,
**DONOVAN J. FOSTER**

# EXHIBIT

# "1"

| **CLAIM FOR DAMAGE, INJURY, OR DEATH** | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| NATIONAL ARCHIVES AND RECORDS ADMINISTRATION<br>AND<br>DEPARTMENT OF VETERANS AFFAIRS | DONOVAN J. FOSTER JR.<br>578 WASHINGTON BLVD NUM 312<br>MARINA DEL REY, CA 90292 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | [redacted] | SINGLE | 11/26/2019 | 11:00PM |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY OR BY SOMEONE IN THE EMPLOY THEREOF, IN A FACILITY OF AND OR IN THE CONTROL OF YOUR GOVERNMENTAL ENTITY HAS CAUSED INFINITE ENDLESS HARM AND OR PERSONAL INJURY TO MYSELF THE CLAIMANT. PLEASE SEE ATTACHED DEMAND LETTER FOR FURTHER DETAIL.

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

NONE

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED. THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY HAS CAUSED PERMANENT DEBILITATING INJURY AND POST TRAMATIC STRESS DISORDER.

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| TO BE DETERMINED IN PRE-TRIAL DISCOVERY IF APPLICABLE | TO BE DETERMINED IN PRE-TRIAL DISOVERY IF APPLICABLE |

12. (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| NONE | $92,288,776,984.00 | | $92,288,776,984.00 |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.**

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature] | 2129201477 | 10/13/2020 |

| **CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM** | **CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS** |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

**STANDARD FORM 95** (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

NONE

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No

NONE

17. If deductible, state amount.

NONE

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

NONE

19. Do you carry public liability and property damage insurance? ☐ Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

NONE

**INSTRUCTIONS**

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

**PAPERWORK REDUCTION ACT NOTICE**

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

# EXHIBIT
# "2"

VA
U.S. Department of Veterans Affairs
Office of General Counsel

Office of Chief Counsel (02)
Southeast District – South
7305 N. Military Trail, Rm. 4B-352
West Palm Beach, FL 33410

In Reply Refer To: 484556

Via Certified Mail 7013 0600 0001 9398 7253

September 21, 2021

Donovan Foster
578 Washington Blvd., Number 312
Marina Del Rey, CA 90292

Subject: Administrative Tort Claim - Request for Reconsideration

Dear Mr. Foster:

This office has now completed reconsideration of the above-referenced matter under the Federal Tort Claims Act (FTCA), and it is again denied as falling beyond the jurisdiction of the FTCA.

Further action on this matter may be instituted in accordance with the FTCA, sections 1346(b) and 2671-2680, title 28, United States Code, which provides, in effect, that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated, however, within 6 months after the date of mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). If such a suit is filed, the proper party defendant would be the United States, not VA.

Please note that FTCA claims are governed by a combination of Federal and state laws. Some state laws may limit or bar a claim or lawsuit. VA attorneys handling FTCA claims work for the Federal government and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely,

*Kristen Nelson*

Kristen Nelson
Deputy Chief Counsel

# EXHIBIT

# "3"

**DEPARTMENT OF VETERANS AFFAIRS**
**Veterans Benefits Administration**
**Regional Office**

**DONOVAN FOSTER**

**VA File Number**
[redacted]

**Represented By:**
**CALIFORNIA DEPARTMENT OF VETERANS AFFAIRS**
**Rating Decision**
**11/25/2019**

## INTRODUCTION

The records reflect that you are a Veteran of the Gulf War Era. You served in the Army from October 10, 2007 to July 23, 2008. You filed a claim for increased evaluation that was received on August 29, 2019. Based on a review of the evidence listed below, we have made the following decision(s) on your claim.

## DECISION

1. Entitlement to an earlier effective date for service connection of adjustment disorder with depressed mood is granted because a clear and unmistakable error was made; therefore, a 30 percent evaluation is assigned effective October 6, 2009.

An evaluation of 50 percent is assigned from February 13, 2019.

An evaluation of 70 percent is assigned from July 26, 2019.

2. Service connection for missing part of the left pointer finger is granted with an evaluation of 0 percent effective October 6, 2009.

3. Service connection for posttraumatic stress disorder is denied.

4. The previous denial of service connection for back condition is confirmed and continued.

5. Service connection for right hip condition as secondary to back condition is denied.

6. Entitlement to Individual Unemployability is deferred.

## EVIDENCE

- VA 21-0966 Intent to File, received on July 26, 2019
- VA 21-526EZ, Fully Developed Claim (Compensation), received on August 29, 2019
- VA 21-4138 Statement In Support of Claim for rerference CFR 3.156(c), received on September 27, 2019
- Statement from MD, and affidavit provided by Veteran, received on October 16, 2019
- VA 21-0781, Statement in Support of Claim for PTSD, received on October 17, 2019
- Statement from Veteran and list of prescription medication, received on October 19, 2019
- Subsequent Development Letter, received on October 21, 2019
- VA Form 21-526EZ, received on October 22, 2019
- DBQ PSYCH Mental disorders, received on October 28, 2019
- VA letter concerning your claim, request for PTSD stressor, dated September 30, 2019
- Your written statement, received October 10, 2019
- Lay Evidence, Matt Sexter MD, LOA LGBT Center, dated May 1, 2019
- Lay Evidence, Keegan Wood, PMHNP, LA LGBT Center, includes medication list, dated June 19, 2019
- Section (§) 5103 Notice Response, received October 16, 2019
- VA Form 21-526EZ Veteran's Fully Developed Claim, incomplete, missing pages, received October 11, 2019
- VA Form 21-0781, Statement In Support Of Claim For Service Connection for Post-Traumatic Stress Disorder (PTSD), received October 17, 2019
- Your written statement, received October 19, 2019
- VA letter concerning your claim, dated October 23, 2019
- VA letter concerning your claim, dated November 1, 2019
- Rating Decision, dated May 14, 2010
- VA Form 21-526EZ Veteran's Fully Developed Claim, received February 13, 2019
- Service Treatment and Personnel Records, from October 10, 2007 through July 23, 2008
- VA Form 21-526, Veteran's Application for Compensation and/or Pension, received October 6, 2009
- Rating Decision, dated May 14, 2010
- DD Form 214, Certificate of Release or Discharge from Active Duty, from October 10, 2007 through July 23, 2008
- VAMC (Veterans Affairs Medical Center) treatment records, Los Angeles, from June 3, 2019 through November 4, 2019

## REASONS FOR DECISION

**1. Whether the effective date of compensation for adjustment disorder with depressed mood was a clear and unmistakable error.**

Clear and unmistakable errors are errors that are undebatable, so that it can be said that reasonable minds could only conclude that the previous decision was fatally flawed at the time it was made. A determination that there was clear and unmistakable error must be based on the record and the law that existed at the time of the prior decision. Once a determination is made that there was a clear and unmistakable error in a prior decision that would change the outcome, then that decision must be revised to conform to what the decision should have been. (38 CFR 3.105)

Per VA regulation, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim. Rating decision dated May 14, 2010, denied issue of depression based on unavailability of service treatment records. Service treatment records for period of October 10, 2007 to July 23, 2008 were retrieved from Joint Legacy Reviewer in 2019. Rating decision dated April 27, 2019, granted service connection for bipolar disorder based on the date we received a request to reopen your claim. The correct date of service connection should have been October 6, 2009, the date the previously disallowed claim was received because the grant is based on lost or mislabeled service department records, and the previously disallowed claim was received more than 1 year following separation from service.

Entitlement to an earlier effective date of October 6, 2009, for service connection for adjustment disorder with depressed mood has been granted based on the date we originally received our claim. (38 CFR 3.400, 38 CFR 3.156)

An evaluation of 30 percent is assigned from October 6, 2009.

We have assigned a 30 percent evaluation for your adjustment disorder] based on:
• Depressed mood
• Anxiety
• A mental condition has been formally diagnosed, but symptoms are not severe enough either to interfere with occupational and social functioning or to require continuous medication

The overall evidentiary record shows that the severity of your disability most closely approximates the criteria for a 30 percent disability evaluation. (38 CFR 4.7, 38 CFR 4.126)

An evaluation of 50 percent is assigned from February 13, 2019.

We have assigned a 50 percent evaluation for your bipolar disorder based on:

• Difficulty in adapting to stressful circumstances
• Difficulty in adapting to work

- Depressed mood
- Disturbances of motivation and mood
- Difficulty in adapting to a worklike setting
- Anxiety
- Occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and conversation normal)
- Difficulty in establishing and maintaining effective work and social relationships
- Chronic sleep impairment

The overall evidentiary record shows that the severity of your disability most closely approximates the criteria for a 50 percent disability evaluation. (38 CFR 4.7, 38 CFR 4.126)

The evaluation of bipolar II disorder with anxious distress is increased to 70 percent disabling effective July 26, 2019. (38 CFR 4.1, 38 CFR 3.400)

The effective date of this grant is July 26, 2019. Entitlement to an increased evaluation has been established from the date we received your notification of intent to file. When an increased evaluation is granted based on VA medical evidence showing an increase in disability after the date the claim was received, the effective date of the increase is the date the claim was received. (38 CFR 3.400, 38 CFR 3.155)

We have assigned a 70 percent evaluation for your bipolar II disorder with anxious distress based on:

- Difficulty in adapting to stressful circumstances
- Unprovoked irritability with periods of violence
- Difficulty in adapting to work
- Depressed mood
- Disturbances of motivation and mood
- Flattened affect
- Difficulty in adapting to a worklike setting
- Anxiety
- Difficulty in establishing and maintaining effective work and social relationships
- Impaired impulse control
- Chronic sleep impairment
- Occupational and social impairment with reduced reliability and productivity

The overall evidentiary record shows that the severity of your disability most closely approximates the criteria for a 70 percent disability evaluation. (38 CFR 4.7, 38 CFR 4.126)

A higher evaluation of 100 percent is not warranted for bipolar disorder unless the evidence shows total occupational and social impairment, due to such symptoms as:

- gross impairment in thought processes or communication
- persistent delusions or hallucinations
- grossly inappropriate behavior
- persistent danger of hurting self or others

- intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene)
- disorientation to time or place
- memory loss for names of close relatives, own occupation, or own name. (38 CFR 4.125, 38 CFR 4.126, 38 CFR 4.130)

Laws and Regulations applicable to this issue:

38 CFR §3.156 New and material evidence.
38 CFR §3.155 How to file a claim.

**2. Service connection for missing part of the left pointer finger as secondary to the service-connected disability of bipolar II disorder with anxious distress.**

Service connection for missing part of the pointer finger, left hand has been established as related to the service-connected disability of adjustment disorder. (38 CFR 3.310)

Based on your lay statement and private medical opinion service connection for your left index finger is service connected.

Per VA regulation, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim. 3.156

Therefore, the date of service connection is October 6, 2009, the date the previously disallowed claim was received because the grant is based on lost or mislabeled service department records, and the previously disallowed claim was received more than 1 year following separation from service. 3.156 (c)

A noncompensable evaluation is assigned from October 6, 2009.

We have assigned a 0 percent evaluation for your missing part of the pointer finger based on:
- Other areas of disfigurement not considered under another appropriate diagnostic code

Note: In every instance where the schedule does not provide a zero percent evaluation for a diagnostic code, a zero percent evaluation shall be assigned when the requirements for a compensable evaluation are not met. {38 CFR §4.31}

An additional, separate compensable evaluation under Diagnostic Code 7804 is not warranted unless there is at least one scar that is painful or unstable. (38 CFR 4.118)

This is the highest schedular evaluation allowed under the law for scars, other (including linear scars) and other effects of scars evaluated under diagnostic codes 7800, 7801, 7802, and 7804. (Historical 38 CFR 4.118 effective prior to August 13, 2018)

An examination has been requested to determine current symptoms.

**3. Service connection for posttraumatic stress disorder.**

Service connection may be granted for a disability which began in military service or was caused by some event or experience in service. Service connection for posttraumatic stress disorder is denied because the medical evidence of record fails to show that this disability has been clinically diagnosed. (38 CFR 3.303)

Service connection for post-traumatic stress disorder (PTSD) requires the presence of three elements: (1) credible supporting evidence that the claimed in-service stressor actually occurred; (2) a current diagnosis of PTSD; and (3) medical evidence of a causal connection between current symptoms and the claimed in-service stressor. For a stressor to be sufficient for PTSD, the stressor must meet two requirements: (1) you must have been exposed to a traumatic event in which you experienced, witnessed, or were confronted with an event or events that involved actual or threatened death or serious injury or threat to the physical integrity of yourself or others and (2) your response must have involved a psychological or physio-psychological state of fear, helplessness, or horror. Combat decorations will be accepted, in the absence of evidence to the contrary, as conclusive evidence of the claimed service stressor. Additionally, confirmed prisoner of war (POW) status is considered conclusive evidence of a stressor. In- service personal assault cases, may result in evidence from sources other than the veteran's service records to corroborate the veteran's account of the stressor incident. (38 CFR 3.303, 38 CFR 3.304)

We acknowledge receipt of your private medical opinion, which diagnosed your current disability. Some evidence supports your claim; however, we found other medical evidence more persuasive because a medical specialist in the appropriate field provided it. (38 CFR 4.6)

VA examination conducted by a psychologist noted the stressor provided to have caused the posttraumatic stress disorder, does not meet the criteria for posttraumatic stress disorder.

Your service treatment records do not contain complaints, treatment, or diagnosis for this condition. The evidence does not show an event, disease or injury in service. (38 CFR 3.303, 38 CFR 3.304)

Please note, you are currently service-connected bipolar disorder. The symptoms/manifestations associated with other mental health diagnosis overlap to a great extent and per VA regulations the manifestations of the same symptoms under various diagnoses is to be avoided, therefore, if a separate evaluation for additional mental health diagnosis will not be rendered.

The evidence does not show a current diagnosed disability.

Favorable Findings identified in this decision:

Private medical records reflect a diagnosis of posttraumatic stress disorder.

**4. Service connection for back condition.**

A claimant may file a supplemental claim by submitting or identifying new and relevant evidence. New evidence is evidence not previously part of the actual record before agency adjudicators. Relevant evidence means evidence that tends to prove or disprove a matter at issue in a claim. (38 CFR 3.2501) In support of your claim, new and relevant evidence has been received and your claim is now reconsidered.

You were previously denied as we did not have service treatment records for review. Per 3.156, if at any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim. Service treatment records were not previously considered, therefore, the claim for back condition is now be readdressed.

Service connection may be granted for a disability which began in military service or was caused by some event or experience in service. To satisfy the requirements for a finding of service connection as directly related to your military service, the following three elements must be present: (1) medical evidence showing a current disability, (2) evidence of incurrence or aggravation of the disability in service, and (3) medical evidence linking the current disability to in service findings or diagnosis.

While your service treatment records reflect complaints, treatment, or a diagnosis similar to that claimed, the medical evidence supports the conclusion that a persistent disability was not present in service. (38 CFR 3.303) There was no continuity of symptoms from service to the present. (38 CFR 3.303)

The evidence does not show a current diagnosed disability. The evidence does not support a change in our prior decision. Therefore, we are confirming the previous denial of this claim.

Favorable Findings identified in this decision:

The evidence shows that a qualifying event, injury, or disease had its onset during your service. Service treatment records from service period October 10, 2007 to July 23, 2008 show treatment for back pain.

Los Angeles VAMC records note one complaint of back pain.

Laws and Regulations applicable to this issue:

38 CFR §3.156 New and material evidence.

**5. Service connection for right hip condition as secondary to back condition.**

Service connection may be granted for a disease or injury which resulted from a service-connected disability or was aggravated thereby. The evidence does not show that back condition is related to service. Therefore, service-connection for right hip condition on a secondary basis to this condition cannot be established. There is also no evidence showing right hip condition was incurred in or aggravated by military service. (38 CFR 3.303, 38 CFR 3.306, 38 CFR 3.310)

Service department records. (1) Notwithstanding any other section in this part, at any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim, notwithstanding paragraph (a) of this section

Your service treatment records do not contain complaints, treatment, or diagnosis for this condition. The evidence does not show an event, disease or injury in service. (38 CFR 3.303, 38 CFR 3.304)

The evidence does not show that your condition resulted from, or was aggravated by, a service-connected disability. (38 CFR 3.303, 38 CFR 3.304) The evidence does not show a current diagnosed disability.

Favorable Findings identified in this decision:

Los Angeles VAMC records reflect one complaint of right hip pain.

**6. Entitlement to individual unemployability.**

The issue of whether or not you are entitled to Individual Unemployability is deferred for the following: completed VA Form 21-8940, Veteran's Application for Increased Compensation Based on Unemployability

**REFERENCES:**

Title 38 of the Code of Federal Regulations, Pensions, Bonuses and Veterans' Relief contains the regulations of the Department of Veterans Affairs which govern entitlement to all veteran benefits. For additional information regarding applicable laws and regulations, please consult your local library, or visit us at our website, www.va.gov.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

DONOVAN J. FOSTER, an Individual,

*Plaintiff(s)*

v.

The United States of America, the Department of Veteran Affairs, an agency of the United States of America, and Secretary Denis McDonough, an Individual.

*Defendant(s)*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* The United States of America, the Department of Veteran Affairs, an agency of the United States of America, and Secretary Denis McDonough, and Individual.
810 Vermont Avenue., NW
Washington, DC 20420

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Veronica M. Aguilar,Esq. SBN-153288
Law Offices of Veronica M. Aguilar, A.P.C.
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY(S) OR OF PARTY APPEARING IN PRO PER

CLEAR FORM

Veronica M. Aguilar, Esq. SBN-153288
Law Offices of Veronica M. Aguilar, A.P.C.
16870 West Bernrado Drive, Suite 400
San Diego, CA 92127
(858) 674-6945

ATTORNEY(S) FOR: DONOVAN J. FOSTER, an Individual.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONOVAN J. FOSTER, an Individual, Plaintiff(s). | CASE NUMBER: |
| The United States of America, the Department of Veteran Affairs, and agency of the United States of America, and Secretary Denis McDonough, an Individual, Defendant(s) | **CERTIFICATION AND NOTICE OF INTERESTED PARTIES (Local Rule 7.1-1)** |

TO: THE COURT AND ALL PARTIES OF RECORD:

The undersigned, counsel of record for DONOVAN J. FOSTER or party appearing in pro per, certifies that the following listed party (or parties) may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

(List the names of all such parties and identify their connection and interest. Use additional sheet if necessary.)

| PARTY | CONNECTION / INTEREST |
|---|---|
| DONOVAN J. FOSTER | PLAINTIFF |
| VERONICA M. AGUILAR | PLAINTIFF ATTORNEY |
| THE UNITED STATES OF AMERICA, THE DEPARTMENT OF VETERAN AFFAIRS, AN AGENCY OF THE UNITED STATES OF AMERICA, AND SECRETARY DENIS MCDONOUGH | DEFENDANTS |

11/21/2022
Date

Signature

Attorney of record for (or name of party appearing in pro per):

DONOVAN J. FOSTER

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| DONOVAN J. FOSTER, an Individual | The United States of America, the Department of Veteran Affairs, and agency of the United States of America, and Secretary Denis McDonough, an Individual. |
| (b) County of Residence of First Listed Plaintiff: Los Angeles<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant: Washington D.C.<br>*(IN U.S. PLAINTIFF CASES ONLY)* |
| (c) Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.<br>Law Offices of Veronica M. Aguilar, A.P.C.<br>16870 W. Bernardo Drive, Suite 400, San Diego, CA 92127<br>(858) 674-6945 | Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.<br>810 Vermont Avenue., NW<br>Washington, DC 20420 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding ☐ 2. Removed from State Court ☐ 3. Remanded from Appellate Court ☐ 4. Reinstated or Reopened ☐ 5. Transferred from Another District (Specify) ☐ 6. Multidistrict Litigation - Transfer ☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Torts Personal Injury

**VII. NATURE OF SUIT** (Place an X in one box only).

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/Etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Org.
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Info. Act
- ☐ 896 Arbitration
- ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.)
- ☐ 153 Recovery of Overpayment of Vet. Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpratice
- ☐ 365 Personal Injury-Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 American with Disabilities-Employment
- ☐ 446 American with Disabilities-Other
- ☐ 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus/Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016 (DTSA)

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405 (g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405 (g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number:

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| **QUESTION A: Was this case removed from state court?** ☐ Yes ☒ No | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☒ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| | | |
|---|---|---|
| **QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?** ☐ Yes ☒ No | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☒ NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☒ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| | | |
|---|---|---|
| **QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?** ☒ Yes ☐ No | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☒ NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☒ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| **QUESTION D: Location of plaintiffs and defendants?** | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| **D.1. Is there at least one answer in Column A?** | **D.2. Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes ☒ No | ☐ Yes ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question E, below, and continue from there. If "no," go to question D2 to the right. → | If "yes," your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question E, below. If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ↓ |

| **QUESTION E: Initial Division?** | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: → | WESTERN |

**QUESTION F: Northern Counties?**

Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? ☐ Yes ☒ No

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?** ☒ NO ☐ YES

If yes, list case number(s): ____________________

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court?** ☒ NO ☐ YES

If yes, list case number(s): ____________________

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** [signature] DATE: 11/21/2022

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

Name Donovan J Foster
Address 578 Washington Blvd Num 312
City, State, Zip Marina Del Rey, CA 90292
Phone 1-212-9201477
Fax
E-Mail fostermailbox@gmail.com
☐ FPD ☐ Appointed ☐ CJA ☒ Pro Per ☐ Retained

FILED

2024 JAN -4 PM 2:17

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: [signature]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Donovan J Foster PLAINTIFF(S), v. United States of America DEFENDANT(S). | CASE NUMBER: 2:22-cv-08522-FWS-PVC<br>**NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that Donovan J Foster hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify): Order granting Defendant's motion to Dismiss Docket [43]
☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on December 14, 2023 Entered on the docket in this action on Dec 14, 2023.

A copy of said judgment or order is attached hereto.

Jan 4, 2023
Date

[signature]
Signature
☒ Appellant/ProSe ☐ Counsel for Appellant ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

ACCO,(PVCx),APPEAL,CLOSED,DISCOVERY,MANADR,RELATED-G

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
# CIVIL DOCKET FOR CASE #: 2:22-cv-08522-FWS-PVC

Donovan J. Foster v. The United States of America et al
Assigned to: Judge Fred W. Slaughter
Referred to: Magistrate Judge Pedro V. Castillo
Related Case: 2:22-cv-01702-FWS-PVC
Case in other court: 9th CCA, 24-00140
Cause: 28:2671 Federal Tort Claims Act

Date Filed: 11/21/2022
Date Terminated: 12/14/2023
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Donovan J Foster**
*an Individual*

represented by **Donovan J Foster**
578 Washington Boulevard, No 312
Marina Del Rey, CA 90292
212-920-1477
Email: fostermailbox@gmail.com
PRO SE

**Veronica M Aguilar**
Veronica M Aguilar Law Offices
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
858-674-6945
Email: veronica@vaguilarlaw.com
*TERMINATED: 09/13/2023*

V.

**Defendant**

**The United States of America**

represented by **Jonathan Russell Blakey**
AUSA - Office of US Attorney
300 Los Angeles Street, Suite 7516
Los Angeles, CA 90012
213-894-8341
Fax: 213-894-7819
Email: jonathan.blakey@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Department of Veteran Affairs**
*an agency of the United States of America*
*TERMINATED: 02/28/2023*

represented by **Jonathan Russell Blakey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Secretary Denis McDonough**
*an individual*
*TERMINATED: 02/28/2023*

represented by **Jonathan Russell Blakey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mediator (ADR Panel)**

**John K Mitchell** represented by **John Kevin Mitchell**
Law Offices of John K Mitchell
400 Oceangate 8th Floor
Long Beach, CA 90802
323-293-3012
Fax: 323-293-9370
Email: john.mitchell16@ca.rr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/21/2022 | 1 | COMPLAINT Receipt No: ACACDC-34362345 - Fee: $402. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Appendix, # 5 Appendix, # 6 Civil Cover Sheet) (Attorney Veronica M Aguilar added to party Donovan J. Foster(pty:mov))(Aguilar, Veronica) (Entered: 11/21/2022) |
| 11/22/2022 | 2 | NOTICE OF ASSIGNMENT to District Judge George H. Wu and Magistrate Judge Alicia G. Rosenberg. (car) (Entered: 11/22/2022) |
| 11/22/2022 | 3 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (car) (Entered: 11/22/2022) |
| 11/22/2022 | 4 | Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge. (car) (Entered: 11/22/2022) |
| 11/22/2022 | 5 | 60 DAY Summons Issued re Complaint (Attorney Civil Case Opening), 1 as to Defendants Denis McDonough, The Department of Veteran Affairs, The United States of America. (car) (Entered: 11/22/2022) |
| 11/22/2022 | 6 | NOTICE OF DEFICIENCIES in Attorney Case Opening RE: Complaint (Attorney Civil Case Opening), 1 . The following error(s) was found: Other error(s) with document(s): Attachment 5 is the Certificate of Interested Parties which should be e-filed separately. The correct event is located under Civil Events Other Filings Notices. Attachment 6 Civil Cover Sheet should be e-filed separately. The correct event category is located under Civil Events - Other Filings - Miscellaneous Filings. (car) (Entered: 11/22/2022) |
| 11/28/2022 | 7 | STANDING ORDER RE FINAL PRE-TRIAL CONFERENCES FOR CIVIL JURY TRIALS BEFORE JUDGE GEORGE H. WU by Judge George H. Wu. You are instructed to read and to follow (unless otherwise superseded herein) the Central District of California Local Rules (henceforth "Local Rules") 16-1 through 16-15 regarding pre-trial requirements. (SEE DOCUMENT FOR FURTHER DETAILS). (aco) (Entered: 11/28/2022) |
| 01/04/2023 | 8 | SERVICE UNDER FRCP 5(b)(2)(D) Executed by Plaintiff Donovan J. Foster, upon Plaintiff All Plaintiffs. Service of the Summons and Complaint were executed upon the Clerks Office in compliance with Federal Rules of Civil Procedure. (Attachments: # 1 Affidavit Proof Of Service)(Aguilar, Veronica) (Entered: 01/04/2023) |
| 02/01/2023 | 9 | STIPULATION Extending Time to Answer the complaint as to The Department of Veteran Affairs answer now due 3/8/2023; Denis McDonough answer now due 3/8/2023; The United States of America answer now due 3/8/2023, re Complaint (Attorney Civil Case Opening), 1 filed by Defendants The Department of Veteran Affairs; Denis McDonough; The United States of America.(Attorney Jonathan Russell Blakey added to party Denis McDonough(pty:dft), Attorney Jonathan Russell Blakey added to party The Department of |

| | | |
|---|---|---|
| | | Veteran Affairs(pty:dft), Attorney Jonathan Russell Blakey added to party The United States of America(pty:dft))(Blakey, Jonathan) (Entered: 02/01/2023) |
| 02/15/2023 | 10 | [DOCUMENT STRICKEN PER ORDER ON 02/16/2023, SEE DOCKET NO. 12] (Attachments: # 1 Declaration)(Aguilar, Veronica) Modified on 2/16/2023 (aco). (Entered: 02/15/2023) |
| 02/16/2023 | 11 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Document RE: Miscellaneous Document 10 . The following error(s) was/were found: Incorrect event selected. Correct event to be used is: Notices > Voluntary Dismissal of Party(ies) (Pursuant to FRCP 41a(1)). In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (aco) (Entered: 02/16/2023) |
| 02/16/2023 | 12 | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN FILED DOCUMENT RE: Miscellaneous Document 10 by Judge George H. Wu. Docket No. 10 is stricken for the reason(s) stated in the Notice 11 filed on February 16, 2023. (aco) (Entered: 02/16/2023) |
| 02/28/2023 | 13 | Joint STIPULATION to Dismiss Defendants Denis McDonough, The Department of Veteran Affairs filed by Defendant The United States of America. (Attachments: # 1 Proposed Order)(Blakey, Jonathan) (Entered: 02/28/2023) |
| 02/28/2023 | 14 | ORDER RE: JOINT STIPULATION TO DISMISS DEFENDANTS DEPARMENT OF VETERANS AFFAIRS AND SECRETARY DENIS MCDONOUGH by Judge George H. Wu. IT IS HEREBY ORDERED that defendants VA and VA Secretary Denis McDonough are dismissed with prejudice. RE: Joint STIPULATION to Dismiss Defendants 13 . (aco) (Entered: 02/28/2023) |
| 03/08/2023 | 15 | NOTICE OF MOTION AND MOTION to Dismiss Case *and Defendant's Memorandum of Points and Authorities* filed by Defendant The United States of America. Motion set for hearing on 4/13/2023 at 08:00 AM before Judge George H. Wu. (Attachments: # 1 Declaration of Karen L. Rivera-Lebron; Exhibits 1-4, # 2 Declaration of Oswaldo Tapia; Exhibits 1-5, # 3 Proposed Order) (Blakey, Jonathan) (Entered: 03/08/2023) |
| 03/27/2023 | 16 | Notice OF NON-RECEIPT OF OPPOSITION TO MOTION TO DISMISS filed by Defendant The United States of America. (Attachments: # 1 Proposed Order)(Blakey, Jonathan) (Entered: 03/27/2023) |
| 03/27/2023 | 17 | [PLAINTIFF DONOVAN J. FOSTER'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS filed as] Miscellaneous Document filed by Plaintiff Donovan J. Foster. (Aguilar, Veronica) Modified on 3/28/2023 (aco). (Entered: 03/27/2023) |
| 03/28/2023 | 18 | ORDER TO REASSIGN CASE Pursuant General Order 21-01 (identical case) by Judge Percy Anderson, Case Management and Assignment Committee Chair. Case transferred to the calendar of Judge Fred W. Slaughter for all further proceedings. All discovery matters are transferred to Magistrate Judge Pedro V. Castillo. Case number now reads as 2:22-cv-08522 FWS(PVCx). (rn) (Entered: 03/28/2023) |
| 03/28/2023 | 20 | MINUTE ORDER IN CHAMBERS by Judge Fred W. Slaughter. In light of the transfer of this action to the calendar of the Honorable Fred W. Slaughter, the Court, on its own motion, hereby RESETS Defendant's Motion to Dismiss Case 15 to Thursday, May 11, 2023, at 10:00 a.m. in Courtroom 10D before District Judge Fred W. Slaughter. The hearing shall proceed in person as to all parties. (lom) (Entered: 03/29/2023) |
| 03/29/2023 | 19 | CIVIL STANDING ORDER by Judge Fred W. Slaughter. (mku) (Entered: 03/29/2023) |

| | | |
|---|---|---|
| 03/29/2023 | 21 | ORDER SETTING RULE 26(f) SCHEDULING CONFERENCE by Judge Fred W. Slaughter. Scheduling Conference set for 5/25/2023 at 9:00 a.m. See Order for details. (mku) (Entered: 03/29/2023) |
| 03/30/2023 | 22 | REPLY IN SUPPORT OF NOTICE OF MOTION AND MOTION to Dismiss Case *and Defendant's Memorandum of Points and Authorities* 15 filed by Defendant The United States of America. (Blakey, Jonathan) (Entered: 03/30/2023) |
| 05/09/2023 | 23 | SCHEDULING NOTICE by Judge Fred W. Slaughter: Before the court is Defendant's Motion to Dismiss Case 15 . The court finds this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for May 11, 2023 at 10:00 a.m. is VACATED/OFF CALENDAR and the court takes the matter UNDER SUBMISSION. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. TEXT ONLY ENTRY.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (mku) TEXT ONLY ENTRY (Entered: 05/09/2023) |
| 05/11/2023 | 24 | JOINT REPORT Rule 26(f) Discovery Plan ; estimated length of trial 2-3 days, filed by Defendant The United States of America.. (Attachments: # 1 Attachment)(Blakey, Jonathan) (Entered: 05/11/2023) |
| 05/12/2023 | 25 | MINUTES ORDER GRANTING Defendant's Motion to Dismiss 15 by Judge Fred W. Slaughter: The court GRANTS the Motion, DISMISSES WITHOUT PREJUDICE the Complaint, and GRANTS LEAVE TO AMEND the claims dismissed by this Order. If Plaintiff wishes to file an amended complaint, Plaintiff must do so within thirty (30) days of this Order. Failure to file an amended complaint by the stated deadline may result in the dismissal of this action with prejudice for failure to prosecute and/or comply with a court order. (jp) (Entered: 05/12/2023) |
| 05/16/2023 | 26 | MINUTES SCHEDULING ORDER by Judge Fred W. Slaughter: The Court, having reviewed the pleadings and the parties' submissions pursuant to FRCP 26(f), VACATES the Scheduling Conference set for 5/25/2023, and sets the following schedule: Bench Trial set for 7/30/2024 at 8:30 AM. Final Pretrial Conference and Hearing on Motions in Limine set for 7/18/2024 at 8:30 AM. Last Date to Hear Motion to Amend Pleadings/Add Parties: 7/18/2024. Non-Expert Discovery Cut-Off: 1/19/2024. Last Date to Hear Motions: 5/10/2024. Deadline to Complete Settlement Conference: 6/28/2024. Motions in Limine with Proposed Orders: 6/28/2024. Joint Proposed Final Pretrial Conference Order: 7/5/2024. (See document for further information). (jp) (Entered: 05/16/2023) |
| 05/16/2023 | 27 | ORDER ON PRETRIAL AND TRIAL PROCEDURES (CIVIL CASES) by Judge Fred W. Slaughter. (ev) (Entered: 05/16/2023) |
| 06/12/2023 | 28 | DECLARATION filed by Plaintiff Donovan J. Foster. (jp) (Entered: 06/13/2023) |
| 06/12/2023 | 29 | AMENDED COMPLAINT against Defendant Donovan J. Foster amending Complaint (Attorney Civil Case Opening) 1 , filed by plaintiff Donovan J. Foster. (jp) (Entered: 06/13/2023) |
| 06/14/2023 | 30 | 60 DAY Summons Issued re Amended Complaint 29 as to Defendant The United States of America. (jp) (Entered: 06/15/2023) |
| 06/23/2023 | 31 | Joint STIPULATION for Extension of Time to File Answer to July 17, 2023 re Amended Complaint 29 filed by Defendant The United States of America. (Attachments: # 1 Proposed Order)(Blakey, Jonathan) (Entered: 06/23/2023) |
| 06/25/2023 | 32 | [DOCUMENT STRICKEN PER COURT'S ORDER 35 ] - NOTICE OF MOTION AND MOTION to Withdraw Attorney of Record filed by Plaintiff Donovan J. Foster. (Attachments: # 1 Declaration Veronica Aguilar in Support) (Aguilar, Veronica) Modified on 6/27/2023 (jp). (Entered: 06/25/2023) |

| | | |
|---|---|---|
| 06/26/2023 | 33 | ORDER GRANTING Joint Stipulation to Extend Time for Defendant to Respond to Plaintiff's Amended Complaint 31 by Judge Fred W. Slaughter the following: The time for Defendant to answer, move, or otherwise respond to the Amended Complaint 29 in the above-captioned matter is EXTENDED from 6/26/2023, to and including 7/17/2023. (jp) (Entered: 06/26/2023) |
| 06/26/2023 | 34 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Document RE: NOTICE OF MOTION AND MOTION to Withdraw Attorney of Record 32 . The following error(s) was/were found: (1) Hearing information is missing. (2) Proposed document was not submitted or was not submitted as a separate attachment. (3) Proposed Order shall be filed as separate attachment to the e-filed "MOTION" and e-mailed to Judge Slaughter generic email addresses a Microsoft Word version of the document; Please refer to the Courts website at www.cacd.uscourts.gov for available motion dates. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (jp) (Entered: 06/26/2023) |
| 06/27/2023 | 35 | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN FILED DOCUMENT RE: NOTICE OF MOTION AND MOTION to Withdraw Attorney of Record 32 by Judge Fred W. Slaughter. (1) The document is STRICKEN. (2) Counsel shall refer to the Notice to Filer of Deficiencies in Electronically Filed Document (Dkt. 34 ) and all applicable Local Rules prior to any re-filing. (jp) (Entered: 06/27/2023) |
| 07/06/2023 | 36 | DECLARATION of Donovan J. Foster NOTICE OF MOTION AND MOTION to Withdraw Attorney of Record 32 filed by Plaintiff Donovan J. Foster. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Declaration)(Aguilar, Veronica) (Entered: 07/06/2023) |
| 07/06/2023 | 37 | DECLARATION of Donovan J. Foster NOTICE OF MOTION AND MOTION to Withdraw Attorney of Record 32 filed by Plaintiff Donovan J. Foster. (Attachments: # 1 Unredacted Document, # 2 Proposed Order, # 3 Declaration)(Aguilar, Veronica) (Entered: 07/06/2023) |
| 07/10/2023 | 38 | NOTICE OF ASSIGNMENT of Panel Mediator. Mediator (ADR Panel) John K Mitchell has been assigned to serve as Panel Mediator. (lst) (Entered: 07/10/2023) |
| 07/11/2023 | 39 | DECLARATION of Donovan J. Foster NOTICE OF MOTION AND MOTION to Withdraw Attorney of Record 32 filed by Plaintiff Donovan J. Foster. (Attachments: # 1 Declaration of Veronica M. Aguilar)(Aguilar, Veronica) (Entered: 07/11/2023) |
| 07/12/2023 | 40 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Document RE: Declaration (Motion related) 39 . The following error(s) was/were found: (1) Incorrect document is attached to the docket entry. (2) Incorrect event selected. Correct event to be used is: Withdraw as Attorney- under Category - Applications/Ex Parte Applications/Motions/Petitions/Requests. (3) Hearing information is missing. (4) Proposed document was not submitted or was not submitted as a separate attachment. (5) Filer used the event Declaration (Motion related); which does not prompt the user to set a hearing before the judge. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (jp) (Entered: 07/12/2023) |
| 07/13/2023 | 41 | First NOTICE OF MOTION AND MOTION of Veronica M. Aguilar to Withdraw as Attorney *of record* filed by Plaintiff Donovan J. Foster. Motion set for hearing on 7/27/2023 at 10:00 AM before Judge Fred W. Slaughter. (Attachments: # 1 Declaration of Veronica M. Aguilar) (Aguilar, Veronica) (Entered: 07/13/2023) |

| | | |
|---|---|---|
| 07/14/2023 | 42 | SCHEDULING NOTICE by Judge Fred W. Slaughter: The Court, on its own motion, hereby continues the hearing Motion for Veronica M. Aguilar and The Law Offices of Veronica M. Aguilar to Withdraw as Attorney of Record for Plaintiff 41 on July 27, 2023 at 10:00 a.m. to August 24, 2023, at 10:00 a.m. Counsel is reminded to refer to the list of CLOSED motion dates on Judge Slaughter's Procedures and Schedules page prior to filing future motions. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (ev) TEXT ONLY ENTRY (Entered: 07/14/2023) |
| 07/17/2023 | 43 | NOTICE OF MOTION AND MOTION to Dismiss Case *First Amended Complaint* filed by Defendant The United States of America. Motion set for hearing on 8/17/2023 at 10:00 AM before Judge Fred W. Slaughter. (Attachments: # 1 Proposed Order) (Blakey, Jonathan) (Entered: 07/17/2023) |
| 08/04/2023 | 44 | [DOCUMENT STRICKEN PER COURT'S ORDER 53 ] - OPPOSITION to Motion to Dismiss *First Amended Complaint* 43 filed by Plaintiff Donovan J. Foster. (jp). Modified on 8/31/2023 (jp). (Entered: 08/04/2023) |
| 08/04/2023 | 45 | PROOF OF SERVICE By Mail filed by plaintiff Donovan J. Foster re Opposition to Opposition to Motion to Dismiss 44 served on 8/4/2023. (jp) (Entered: 08/04/2023) |
| 08/09/2023 | 46 | PROOF OF SERVICE BY MAIL filed by plaintiff Donovan J. Foster, re Opposition to Motion to Dismiss 44 served on 8/8/2023. (jp) (Entered: 08/10/2023) |
| 08/11/2023 | 47 | EX PARTE APPLICATION for Order for TO STRIKE PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS OR, IN THE ALTERNATIVE, CONTINUE DEFENDANTS REPLY DEADLINE AND THE MOTION TO DISMISS HEARING filed by Defendant The United States of America. (Attachments: # 1 Proposed Order) (Blakey, Jonathan) (Entered: 08/11/2023) |
| 08/12/2023 | 49 | Motion to Notify the Court of Attorney Disappearance and Request to Proceed Pro Per filed by plaintiff Donovan J. Foster. (jp) (Entered: 08/14/2023) |
| 08/13/2023 | 48 | NOTICE OF MOTION BY PLAINTIFF for Summary Judgment or Summary Adjudication or both filed by plaintiff Donovan J. Foster. (jp) (Entered: 08/14/2023) |
| 08/15/2023 | 50 | REPLY IN SUPPORT OF NOTICE OF MOTION AND MOTION to Dismiss Case *First Amended Complaint* 43 filed by Defendant The United States of America. (Attachments: # 1 Declaration of Karen L. Rivera-Lebron, # 2 Exhibit 1)(Blakey, Jonathan) (Entered: 08/15/2023) |
| 08/17/2023 | 51 | MINUTES OF Defendant's Motion to Dismiss First Amended Complaint 43 before Judge Fred W. Slaughter: Motion hearing held. The Court SETS and/or RESETS all the pending matters as outlined below to 8/31/2023 at 10:00 AM. - Motion of Veronica M Aguilar to Withdraw as Attorney of Record 41 ; - Defendant's Motion to Dismiss First Amended Complaint 43 ; - Defendant's Ex Parte Application for Order to Strike 47 ; - Plaintiff's Motion to Notify the Court of Attorney Disappearance and Request to Proceed Pro Per 49 ; - Plaintiff's Motion for Summary Judgment or Summary Adjudication or Both 48 . (See document for further information). Court Reporter: Debbie Hino-Spaan. (jp) (Entered: 08/17/2023) |
| 08/17/2023 | 52 | MINTE ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE ISSUED FOR FAILURE TO APPEAR AT 8/17/2023, HEARING by Judge Fred W. Slaughter: the court ORDERS Plaintiff's counsel to show cause in writing, through a declaration, why sanctions should not be issued for failure to appear at the 8/17/2023, hearing by 8/30/2023, at 5:00 PM. Plaintiff's counsel is further ORDERED to appear at the continued hearing on 8/31/2023, at 10:00 a.m. without further order or notice from the court. (jp) (Entered: 08/17/2023) |

| | | |
|---|---|---|
| 08/31/2023 | 53 | MINUTES OF Motion of Veronica M Aguilar to Withdraw as Attorney of Record 41 ; Defendant's Motion to Dismiss First Amended Complaint 43 ; Defendant's Ex Part Application for Order to Strike Plaintiff's Opposition to Defendant's Motion to Dismiss, or in the Alternative, Continue Defendant's Reply Deadline and The Motion to Dismiss Hearing 47 ; Plaintiff's Motion to Notify the Court of Attorney Disappearance and Request to Proceed Pro Per 49 ; Plaintiff's Motion for Summary Judgment or Summary Adjudication or Both 48 before Judge Fred W. Slaughter: Motion hearing held. The Court sanctions Plaintiff's Attorney, Veronica Aguilar #100 for his failure to comply with Court order (Dkt. 52 ) Payment shall be made to the Clerk of the Court no later than Thursday, 8/31/2023; Motion 41 is GRANTED. Plaintiff's Motion 48 is WITHDRAWN; Plaintiff Motion to Notify the Court 49 is DENIED AS MOOT; Defendant's Ex Parte Application 47 is GRANTED; The Hearing on Defendant's Motion to Dismiss 43 is CONTINUED to 9/28/2023 at 10:00 AM. (See document for further information). Court Reporter: Sharon Seffens. (jp) (Entered: 08/31/2023) |
| 09/07/2023 | 54 | REQUEST TO SUBSTITUTE Donovan Foster in place of attorney Veronica Aguilar filed by plaintiff Donovan J. Foster. (Attachments: # 1 Proposed Order) (aco) (Entered: 09/13/2023) |
| 09/07/2023 | 55 | APPLICATION for Pro Se Litigant to electronically file documents in a specific case filed by plaintiff Donovan J. Foster. (Attachments: # 1 Proposed Order) (aco) (Entered: 09/13/2023) |
| 09/11/2023 | 58 | Plaintiff's Opposition to Motion to Dismiss First Amended Complaint 43 filed by Plaintiff Donovan J. Foster. (aco) (Entered: 09/13/2023) |
| 09/11/2023 | 59 | Proof of Service by Mail filed by plaintiff Donovan J. Foster, re Plaintiff's Opposition to Motion to Dismiss First Amended Complaint 58 served on 09/11/2023. (aco) (Entered: 09/13/2023) |
| 09/13/2023 | 56 | ORDER ON REQUEST FOR APPROVAL OF SUBSTITUTION OR WITHDRAWAL OF ATTORNEY by Judge Fred W. Slaughter. The Court hereby orders that the request of Plaintiff Donovan J. Foster to substitute Donovan J. Foster who is Pro Se as attorney of record instead of Veronica Aguilar is hereby GRANTED.; granting 54 Request to Substitute Attorney. (aco) (Entered: 09/13/2023) |
| 09/13/2023 | 57 | ORDER RE APPLICATION FOR PERMISSION FOR ELECTRONIC FILING by Judge Fred W. Slaughter. The applicant must register to use the Courts CM/ECF System within five (5) days of being served with this order. Registration information is available at the Pro Se Litigant E-Filing web page located on the Courts website. Upon registering, the applicant will receive a CM/ECF login and password that will allow him/her to file non-sealed documents electronically in this case only. Any documents being submitted under seal must be manually filed with the Clerk.; GRANTING 55 APPLICATION for Pro Se Electronic Filing. (aco) (Entered: 09/13/2023) |
| 09/14/2023 | 60 | REPLY IN SUPPORT OF NOTICE OF MOTION AND MOTION to Dismiss Case *First Amended Complaint* 43 filed by Defendant The United States of America. (Blakey, Jonathan) (Entered: 09/14/2023) |
| 09/25/2023 | 61 | SCHEDULING NOTICE by Judge Fred W. Slaughter: Before the court is Defendant's Motion to Dismiss First Amended Complaint 43 . The court finds this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for September 28, 2023, at 10:00 a.m. is VACATED/OFF CALENDAR and the court takes the matter UNDER SUBMISSION. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (mku) TEXT ONLY ENTRY (Entered: 09/25/2023) |

| | | |
|---|---|---|
| 12/14/2023 | 62 | MINUTES ORDER GRANTING Defendant's Motion to Dismiss 43 by Judge Fred W. Slaughter: The court GRANTS the Motion and DISMISSES WITH PREJUDICE the First Amended Complaint. The Clerk of Court is directed to CLOSE this matter. (MD JS-6. Case Terminated.) (jp) (Entered: 12/15/2023) |
| 01/04/2024 | 63 | NOTICE OF APPEAL to the 9th CCA filed by Plaintiff Donovan J Foster. Appeal of Order on Motion to Dismiss Case, 62 Filed On: 12/14/2023; Entered On: 12/15/2023; Filing fee $ 605 Billed. (car) (Entered: 01/05/2024) |
| 01/05/2024 | 64 | FILING FEE LETTER issued as to Plaintiff Donovan J Foster, re Notice of Appeal to 9th Circuit Court of Appeals 63 (car) (Entered: 01/05/2024) |
| 01/08/2024 | | APPEAL FEE PAID: re Notice of Appeal to 9th Circuit Court of Appeals 63 as to Plaintiff Donovan J Foster; Receipt Number: 12045 in the amount of $605. (ash) (Entered: 01/08/2024) |
| 01/09/2024 | 65 | NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 24-140 assigned to Notice of Appeal to 9th Circuit Court of Appeals 63 as to Plaintiff Donovan J Foster. (car) (Entered: 01/10/2024) |
| 04/01/2024 | 66 | ORDER from Ninth Circuit Court of Appeals filed re: Notice of Appeal to 9th Circuit Court of Appeals 63 filed by Donovan J Foster. CCA # 24-140. The court, in its discretion, denies the motion for appointment of pro bono counsel. See document for more details.] (mat) (Entered: 04/01/2024) |

---



## PACER Service Center

### Transaction Receipt

07/18/2024 15:32:48

| | | | |
|---|---|---|---|
| **PACER Login:** | jrblakey | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:22-cv-08522-FWS-PVC End date: 7/18/2024 |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |