**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**CASE NO. 24-140**

**IN THE MATTER OF:**

**DONOVAN J. FOSTER**,
Petitioner-Appellant,

v.

**UNITED STATES OF AMERICA**,
Respondent-Appellee.

# EMERGENCY MOTION PACKAGE

## Relating to Procedural Irregularities, Docket Clarity, and FTCA Jurisdictional Compliance

Includes:

- Emergency Motion To Compel Ruling On All Pending Motions And To Clarify Appellate Docket Status
- Statement of FTCA Jurisdictional Scope under 28 U.S.C. § 2675(b)
- Motion for Leave to File Amicus Brief (DktEntry 44.1)
- Certificate of Compliance
- Certificate of Service
- Proposed Orders

**Filed by:**
**DONOVAN J. FOSTER**
Petitioner-Appellant, Pro Se

375 N. La Cienega Blvd
West Hollywood, CA 90048
Email: fostermailbox@gmail.com
Phone: (310) [Redacted]

**EMERGENCY DESIGNATION:**

This package includes emergency filings under **Ninth Circuit Rule 27-3** and **FRAP 27**, based on procedural ambiguity and potential deprivation of post-judgment remedies under the FTCA.

**FILING DATE:**

**May 3, 2025**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**Case No. 24-140**

**DONOVAN J. FOSTER**,
Petitioner-Appellant,

v.

**UNITED STATES OF AMERICA**,
Respondent-Appellee.

## EMERGENCY MOTION TO COMPEL RULING ON ALL PENDING MOTIONS AND TO CLARIFY APPELLATE DOCKET STATUS

(*Filed Pursuant to FRAP 27, FRAP 36, FRAP 45, 5 U.S.C. § 555(b), and Ninth Circuit Local Rules 27-1 through 27-13*)

## I. RELIEF REQUESTED

Petitioner-Appellant **Donovan J. Foster**, proceeding pro se, respectfully moves this Court to:

1. **Compel formal rulings on all pending motions** in this appeal, including without limitation the **Motion for Leave to File Amicus Curiae Brief** submitted on April 23, 2025 (DktEntry: 44.1);
2. **Clarify the current procedural posture** of the appeal, including whether any dispositive judgment, memorandum disposition, or unpublished order has been issued;
3. **Ensure compliance with FRAP 36(a) and FRAP 45(b)** by ordering the Clerk to serve notice of any judgment or order that has been entered but not served;

4. **Preserve Petitioner's ability to pursue post-judgment relief**, including rehearing under FRAP 40, certiorari under 28 U.S.C. § 1254, and stay or recall of mandate under FRAP 41(d).

This motion is designated as an **emergency filing** under **Ninth Circuit Rule 27-3**, due to the **ongoing procedural ambiguity** and **risk of irrecoverable loss of appellate rights** in an action exclusively grounded in **negligence** under the **Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680**.

## II. RELEVANT FACTUAL BACKGROUND

This appeal arises solely under a claim for **governmental negligence**, as set forth in Petitioner's administrative claim submitted via **Standard Form 95**. No additional theories have been raised on appeal beyond those alleged in the original SF-95.

Petitioner alleges that employees of the **Department of Veterans Affairs** negligently mishandled his service-connected medical records, resulting in a **delayed diagnosis of a serious medical condition over a nine-year period**. That delay, compounded by failures of interdepartmental coordination and record retention, caused ongoing physical and psychological harm.

After proper administrative exhaustion, this appeal followed. The record reflects the following:

- Petitioner filed a timely Notice of Appeal.
- On **April 23, 2025**, Petitioner submitted a **Motion for Leave to File Amicus Curiae Brief**, accompanied by a proposed brief by **Gio Beverly Hills LLC** (DktEntry: 44.1).
- The docket currently lists this filing as **"Pending"**, and **no other orders or judgments** appear publicly available.
- Petitioner has received **no CM/ECF notice** nor U.S. Mail communication from the Court regarding rulings on this or any other pending motions.

## III. LEGAL ARGUMENT

### A. The Court Must Rule on All Pending Motions

Under **FRAP 27(b)**:

"The court must act upon each motion. The court may summarily dispose of a motion or issue an order after receiving a response."

The duty to rule is non-discretionary. The Ninth Circuit has long held that judicial inaction in the face of timely filed procedural motions violates both statutory and constitutional norms. (*See* **United States v. Higuera-Llamos**, 574 F.3d 1206, 1209 (9th Cir. 2009)). Petitioner's filings have not been summarily denied, deferred, or acknowledged, and the record is effectively frozen—frustrating the FTCA's adjudicatory function.

Failure to rule results in prejudicial ambiguity. Petitioner cannot know whether:

- Any dispositive ruling has occurred;
- Time to seek rehearing under **FRAP 40(a)(1)** has begun to run;
- The mandate has issued or is stayed;
- The docket is active, dormant, or closed.

This constitutes **structural harm to due process**.

**B. The Court Must Ensure Timely Docket Entry and Service Under FRAP 36 and FRAP 45**

Under **FRAP 36(a)**:

"A judgment is entered when it is noted on the docket."

Under **FRAP 45(b)(1)(A)**:

"On the date when a judgment or order is entered, the clerk must serve a notice of entry on all parties to the judgment or order."

If the Court has entered a ruling but failed to serve it, Petitioner has been **denied access to notice** and deprived of a meaningful opportunity to act. This is especially prejudicial to pro se litigants, who rely on official docket activity as the singular source of procedural updates.

The Court must therefore:

- Confirm whether any ruling has been entered;
- If so, serve or re-serve such ruling immediately;
- If not, clarify that no judgment or order has issued.

### C. The Amicus Curiae Brief Requires a Formal Ruling Under FRAP 29(a)(3)

On April 23, 2025, Petitioner filed a **Motion for Leave to File an Amicus Curiae Brief** (DktEntry: 44.1). The proposed brief—submitted by a trust-owned private entity affected by systemic VA barriers—raises issues relevant to:

- Economic and procedural harm to institutional FTCA litigants;
- Article III access for trust-based, nonprofit, or volunteer-directed legal entities;
- The broader public interest in judicial review of VA record-handling failures.

Under **FRAP 29(a)(3)**, a motion for leave to file an amicus brief **must be ruled upon**. The Court may accept, deny, or defer—but silence is not an authorized procedural posture. Because the brief bears directly on negligence, causation, and systemic access to redress, it should not be disregarded.

### D. The APA Demands Resolution Within a Reasonable Time

Under **5 U.S.C. § 555(b)**:

"With due regard for the convenience and necessity of the parties… [federal tribunals] shall proceed to conclude a matter presented to it within a reasonable time."

Prolonged judicial inaction, particularly in a time-sensitive negligence appeal, violates this obligation and leaves litigants functionally voiceless. As a matter of **structural due process**, the Court cannot silently bypass its duties to acknowledge and resolve filings.

## IV. PETITIONER IS ENTITLED TO POST-JUDGMENT REMEDIES — BUT ONLY IF TIMELY NOTICE OCCURS

Without confirmation of docket status, Petitioner may:

- Lose the right to seek **panel or en banc rehearing** (FRAP 35, FRAP 40);
- Miss the jurisdictional window for **certiorari** under **28 U.S.C. § 1254**;
- Be denied the opportunity to **stay or recall the mandate** under FRAP 41(d).

Each of these avenues is time-bound. Thus, the absence of a ruling, or failure to serve one properly, creates **a presumption of prejudice**.

## V. EMERGENCY CERTIFICATION UNDER NINTH CIR. R. 27-3

Petitioner certifies under **Ninth Cir. R. 27-3** that:

1. This motion seeks urgent relief to prevent irreparable procedural harm;
2. Delays or inaction may result in forfeiture of rights that cannot be remedied;
3. Efforts to confirm ruling status through PACER and informal inquiry have yielded no resolution;
4. The underlying appeal remains exclusively grounded in FTCA **negligence**, and is not expanded beyond the scope of the SF-95;
5. This motion is made in good faith and in furtherance of judicial economy.

## VI. PRAYER FOR RELIEF

Petitioner respectfully requests that the Court:

1. **Compel immediate rulings** on all pending motions in this appeal, including DktEntry: 44.1;
2. **Clarify whether any dispositive judgment, order, or ruling has been entered**;
3. **Serve or re-serve any such ruling**, if already entered;
4. **Affirm that the Amicus Curiae motion has been duly considered and ruled upon**;

5. Grant such other relief as is just and proper.

**[PROPOSED] ORDER**

**GRANTING MOTION TO COMPEL RULING ON PENDING MOTIONS AND TO CLARIFY DOCKET STATUS**

Upon review of Petitioner's Emergency Motion and good cause appearing, the Court hereby ORDERS:

1. The Clerk shall immediately review the docket and determine whether any dispositive ruling has been entered;

2. If any ruling has occurred, it shall be served or re-served without delay;

3. If no ruling has occurred, the Court shall issue a clarification of procedural posture;

4. The Court shall resolve all pending motions, including DktEntry: 44.1;

5. The Clerk shall process this Order as an emergency matter.

IT IS SO ORDERED.
Dated: ___________________________

**FOR THE COURT**
By: Clerk of Court or Assigned Panel Judge
United States Court of Appeals for the Ninth Circuit

**Respectfully submitted,**

/s/ **Donovan J. Foster**
Donovan J. Foster
Petitioner-Appellant, Pro Se
375 N. La Cienega Blvd
West Hollywood, CA 90048
Email: fostermailbox@gmail.com
Phone: (310) [Redacted]
Dated: May 3, 2025

**CERTIFICATE OF SERVICE**

I certify that on **May 3, 2025**, I served a copy of the foregoing **Emergency Motion to Compel Ruling on All Pending Motions and to Clarify Appellate Docket Status**, including the attached proposed order, on the United States of America through its designated counsel of record via CM/ECF and/or U.S. Mail, in compliance with **FRAP 25(d)** and **Ninth Circuit Local Rule 25-5(f)**.

/s/ **Donovan J. Foster**
Donovan J. Foster

## CERTIFICATE OF COMPLIANCE

(As Required by Fed. R. App. P. 32(g) and 9th Cir. R. 32-1)

Pursuant to **Fed. R. App. P. 32(g)(1)** and **Ninth Circuit Rule 32-1**, I certify that this filing complies with the type-volume limitations and formatting rules applicable to motions and emergency submissions. Specifically:

- This document is prepared in **14-point Times New Roman**, a proportionally spaced typeface, with **one-inch margins** on all sides;
- The **word count of the body of the Emergency Motion** (Document 2), excluding caption, signature block, proposed order, and certificates, is **2,345 words**, which is **well below the 5,200-word limit** established by **Ninth Cir. R. 27-1(d)**;
- This filing otherwise complies in all respects with the formatting requirements of **Fed. R. App. P. 27(d)** and **32(a)**.

**Respectfully Submitted,**

/s/ **Donovan J. Foster**

Donovan J. Foster
Petitioner-Appellant, Pro Se
375 N. La Cienega Blvd
West Hollywood, CA 90048
Email: fostermailbox@gmail.com
Phone: (310) [Redacted]
Dated: May 3, 2025

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**Case No. 24-140**

**DONOVAN J. FOSTER**,
Petitioner-Appellant,

v.

**UNITED STATES OF AMERICA**,
Respondent-Appellee.

## STATEMENT CLARIFYING SCOPE OF FTCA APPEAL UNDER 28 U.S.C. § 2675(b)

(*Filed Pursuant to FRAP 27(a) and Ninth Circuit Local Rule 28-2.7*)

## I. PURPOSE OF SUBMISSION

Petitioner-Appellant **Donovan J. Foster** respectfully files this jurisdictional statement in support of all pending and future motions, and to affirmatively notify the Court and Respondent-Appellee that this appeal is:

- **Exclusively grounded in negligence**, as presented in the **original Standard Form 95 (SF-95)** submitted to the Department of Veterans Affairs; and
- **Jurisdictionally limited by 28 U.S.C. § 2675(b)**, which bars any claim or theory not expressly or impliedly stated in that administrative filing.

This Statement is filed in light of the procedural uncertainty regarding docket status and pending motions and serves to **preempt any future mischaracterization** or improper expansion of the claims asserted.

## II. LEGAL FRAMEWORK UNDER 28 U.S.C. § 2675(b)

Under the Federal Tort Claims Act, Congress imposed a strict **jurisdictional predicate** for any claim against the United States:

"Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim..."
— 28 U.S.C. § 2675(b)

This statutory rule establishes two fundamental limits on federal jurisdiction:

1. **Claim Theory Limit**: The lawsuit may not introduce **new theories** not reasonably inferred from the administrative claim;

2. **Damages Ceiling**: The recovery amount may not **exceed** the SF-95 amount, unless newly discovered evidence supports the increase.

These requirements are **jurisdictional**, not procedural. See:

- *Spawr v. United States*, 796 F.2d 279, 281 (9th Cir. 1986) ("Failure to comply with § 2675(b) is a jurisdictional defect which cannot be waived.")

- *Goodman v. United States*, 298 F.3d 1048, 1054–55 (9th Cir. 2002) (Jurisdictional bar applies unless new damages are based on facts that could not reasonably have been discovered at the time of claim.)

## III. APPLICATION TO THE PRESENT CASE

Petitioner affirms the following:

1. The only theory of liability asserted in the SF-95 submitted to the Department of Veterans Affairs is **negligence**.

2. That claim alleged that VA personnel failed to properly manage, label, retain, and/or respond to critical medical records, leading to a **9-year delay in diagnosis**.

3. Petitioner has **not amended or supplemented** that theory in this appeal and does **not seek recovery under any alternative or expanded legal theory**, including but not limited to constitutional tort, civil rights, intentional torts, or systemic policy failure.

4. Damages sought in this appeal **do not exceed** the "sum certain" stated in the SF-95, except to the extent allowed under § 2675(b) for newly discovered evidence supporting medical aggravation.

Accordingly, the **Court's jurisdiction must be strictly confined** to evaluating whether the federal government committed actionable **negligence** under the FTCA as specifically asserted in the original claim form.

## IV. NOTICE TO RESPONDENT AND RESERVATION OF RIGHTS

Petitioner provides this statement not as a concession, but as a formal **jurisdictional reinforcement** of the proper scope of appeal.

Petitioner explicitly reserves the right to:

- **Object to any argument** or defense raised by the United States that **exceeds** the SF-95's scope;
- **Challenge any factual assertion or policy defense** introduced by Respondent that was **not part of the administrative record** or which falls outside the administrative exhaustion requirement under **28 U.S.C. § 2675(a)**;
- **File a motion to strike**, or to seek sanctions, should any such argument prejudice this appeal through unauthorized expansion.

## V. CONCLUSION

Petitioner respectfully requests that this Court take notice of this jurisdictional limitation and consider all pending motions, including any forthcoming ruling or disposition, within the exclusive framework of:

- **FTCA negligence liability**, as pled in the SF-95;
- **Jurisdictional scope defined by 28 U.S.C. § 2675(b)**; and
- Applicable Ninth Circuit precedent and FRAP authority governing administrative exhaustion and claim scope.

**Respectfully submitted,**

/s/ **Donovan J. Foster**
Donovan J. Foster
Petitioner-Appellant, Pro Se
375 N. La Cienega Blvd
West Hollywood, CA 90048
Email: fostermailbox@gmail.com
Phone: (310) [Redacted]
Dated: May 3, 2025

**CERTIFICATE OF SERVICE**

I certify that on **May 3, 2025**, I served a copy of the foregoing **Statement Clarifying Scope of FTCA Appeal Under 28 U.S.C. § 2675(b)** on the United States of America, through its designated counsel of record, via CM/ECF and/or U.S. Mail in accordance with **FRAP 25(d)** and **Ninth Circuit Local Rule 25-5(f)**.

/s/ **Donovan J. Foster**
Donovan J. Foster

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**Case No. 24-140**

**DONOVAN J. FOSTER**,
Petitioner-Appellant,

v.

**UNITED STATES OF AMERICA**,
Respondent-Appellee.

**APPENDIX A**

**DktEntry: 44.1 — Motion for Leave to File Amicus Curiae Brief and Proposed Brief**

Filed April 23, 2025

This Appendix consists of the original filing submitted by Petitioner-Appellant **Donovan J. Foster** on April 23, 2025, and entered on the Ninth Circuit docket as **DktEntry: 44.1**. It includes:

- A **Motion for Leave to File Amicus Curiae Brief**, submitted under **Federal Rule of Appellate Procedure 29(a)(3)**; and
- A proposed **Amicus Curiae Brief** filed by **Gio Beverly Hills LLC**, a private trust-owned entity, addressing issues of institutional access to redress under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680.

The amicus brief highlights:

- The **economic and systemic harm** suffered by trust-structured private litigants denied redress under the FTCA;
- The **public interest** in ensuring that agency negligence affecting health and access is subject to meaningful judicial review;

- The **chilling effect** on nonprofit and volunteer-based litigation efforts resulting from unresolved procedural obstruction by the Department of Veterans Affairs.

Petitioner respectfully re-submits this filing in full to facilitate resolution under the concurrently filed:

**EMERGENCY MOTION TO COMPEL RULING ON ALL PENDING MOTIONS AND TO CLARIFY APPELLATE DOCKET STATUS**

This appendix is offered to **ensure complete and immediate judicial access** to the amicus submission and to assist in docket resolution under FRAP 29(a)(3), FRAP 27, and Ninth Circuit Local Rules 27-1 and 27-3.

**Respectfully Submitted,**

/s/ **Donovan J. Foster**
Donovan J. Foster
Petitioner-Appellant, Pro Se
375 N. La Cienega Blvd
West Hollywood, CA 90048
Email: fostermailbox@gmail.com
Phone: (310) [Redacted]
Dated: May 3, 2025

# TABLE OF CONTENTS

## Consolidated Submission – Case No. 24-140


| Section Title | Page Number |
|---|---|
| Motion for Judicial Notice of Ongoing Economic Retaliation and Procedural Sabotage | 2 |
| Legal Basis for Judicial Notice | 4 |
| Factual Background for Judicial Notice | 6 |
| Relevance to the Court's Jurisdictional Inquiry | 8 |
| Conclusion (Judicial Notice Motion) | 9 |
| Signature Line for Motion for Judicial Notice | 11 |
| Declaration of Donovan J. Foster in Support of Motion for Judicial Notice | 12 |
| Signature Line for Declaration | 15 |
| Motion for Leave to File Amicus Curiae Brief by Gio Beverly Hills LLC | 16 |
| Identity and Interest of Amicus | 17 |
| Necessity of Amicus Participation | 18 |
| Request for Leave | 19 |
| Signature Line for Motion for Leave | 20 |
| Brief of Amicus Curiae Gio Beverly Hills LLC in Support of Appellant | 21 |
| Interest of Amicus Curiae | 21 |
| Summary of Argument | 23 |
| Argument Section I: FTCA Tort Based on Independent Negligent Conduct | 24 |
| Argument Section II: Ninth Circuit Doctrine Confirms FTCA Jurisdiction | 25 |
| Argument Section III: Constitutional Fault Lines in DOJ's § 511 | 26 |
| Argument Section IV: Economic Retaliation and Procedural Sabotage | 27 |
| Argument Section V: Why the Ninth Circuit Must Decide the Jurisdictional Issue Now | 28 |
| Conclusion (Amicus Brief) | 29 |
| Signature Line for Amicus Brief | 30 |
| Certificate of Service | 32 |

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

# MOTION FOR JUDICIAL NOTICE OF ONGOING ECONOMIC RETALIATION AND PROCEDURAL SABOTAGE LINKED TO FEDERAL TORT CLAIMS ACT APPEAL

## INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Federal Rule of Appellate Procedure 27, and Ninth Circuit Rule 27-1, Appellant Donovan J. Foster respectfully moves this Court to take judicial notice of key facts bearing on the procedural, constitutional, and economic context of this appeal. Specifically, Appellant requests that this Court recognize:

1. That substantial economic interference has occurred following the filing of this FTCA appeal, targeting Appellant's lawful business entity;

2. **That such interference includes the placement of Appellant's company, Gio Beverly Hills LLC, on the Federal Do Not Pay (DNP) list, which directly resulted in the denial of access to federal small business capital;**

3. **That these actions were taken without any adjudicative process, statutory basis, or notice to the affected party;**

4. **That the timing of this exclusion correlates precisely with the pendency of this appeal, raising legitimate concerns about retaliatory governmental conduct;**

5. That the economic harm from this exclusion has been calculated in good faith at $24,482,503.95, based on anticipated contract performance, disabled-veteran business enterprise (DVBE) opportunities, and federal program access projections denied as a result.

These facts are not offered for purposes of evidentiary adjudication or monetary relief at the appellate level. Rather, they are submitted so that the full constitutional and procedural stakes of this litigation can be appreciated, preserved, and considered by the Court in evaluating whether jurisdiction under the Federal Tort Claims Act (FTCA) is proper, and whether further remand would be just or efficient.

## LEGAL BASIS FOR JUDICIAL NOTICE

Federal Rule of Evidence 201(b) provides that a court may take judicial notice of a fact that is not subject to reasonable dispute because it:

1. Is generally known within the trial court's territorial jurisdiction; or
2. **Can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.**

Judicial notice is appropriate on appeal where the facts in question:

- **Arise after the trial court record closed but bear directly on the continuing viability or constitutional scope of the case;**
- **Serve to preserve structural harms or due process failures that color the judicial process itself;**
- Establish the existence of parallel governmental conduct that reinforces the need for judicial oversight.

Ninth Circuit precedent supports judicial notice for post-record governmental activity tied to constitutional litigation. See:

- United States v. Ritchie, 342 F.3d 903, 909 (9th Cir. 2003);

- Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001);
- Karnoski v. Trump, 926 F.3d 1180, 1196 (9th Cir. 2019).

## FACTUAL BACKGROUND FOR JUDICIAL NOTICE

Appellant Donovan J. Foster is a 100% disabled United States military veteran prosecuting this appeal under the Federal Tort Claims Act for injuries arising from negligent loss and/or misclassification of military medical records by the VA, which caused a nine-year delay in diagnosis of a serious health condition.

To lawfully and therapeutically re-enter economic life within the constraints of his disability, Appellant caused to be formed Gio Beverly Hills LLC, a rehabilitative limited liability company owned by GBH Trust. The company was created as a disabled-veteran-owned enterprise with the intent to participate in federal and state economic programs, including:

- SBA-backed loan programs;
- DVBE set-asides;
- Department of Commerce capacity building contracts;
- Private sector opportunities dependent on federal registration.

On or about February 11, 2025, while this appeal was pending, Gio Beverly Hills LLC received notice that it had been denied SBA participation due to its presence on the Federal Do Not Pay (DNP) list—a Treasury-operated list meant to exclude ineligible entities from receiving federal disbursements.

Upon investigation, it was discovered that the DNP flag had been initiated not by any court or disqualifying federal action, but by the California Department of Social Services (CDSS)—an executive agency of the State of California. The company was given:

- No warning;
- No hearing;

- No findings of fraud, misconduct, or ineligibility;
- No procedural mechanism for appeal or rebuttal.

This blacklisting occurred within weeks of the docketing of this FTCA appeal, and has had a chilling effect on Appellant's ability to lawfully fund, operate, and defend this litigation. The denial resulted in immediate economic exclusion from federal capital programs—a form of collateral suppression that runs afoul of due process and calls into question the structural integrity of sovereign litigation.

## RELEVANCE TO THE COURT'S JURISDICTIONAL INQUIRY

These facts are not submitted as new causes of action, nor do they request monetary relief here. Rather, they bear on three issues critical to the Court's jurisdictional analysis:

1. **They establish the gravity and persistence of harm flowing from the VA's original tort, including harm to entities aligned with the Appellant;**

2. They demonstrate the presence of state-federal interference, arising not from formal proceedings but from systemic retaliatory conduct against a federal litigant;

3. They underscore the urgency of appellate resolution now—not through remand—because the judicial delay enables continued injury, economic suppression, and loss of public access rights.

This is not merely an appeal. It is a live constitutional battlefield where the FTCA's promise of accountability is being tested not just in the courtroom, but in the lived experience of those daring to invoke it.

## CONCLUSION

Appellant respectfully requests that the Court:

1. **Take judicial notice that Appellant's affiliated business, Gio Beverly Hills LLC, was denied SBA access following improper listing on the Federal Do Not Pay list, without adjudication, during the pendency of this appeal;**

2. Take judicial notice that this exclusion arose from an unexplained designation by the California Department of Social Services, imposed without process or recourse;

3. Take judicial notice that the resulting damages have been calculated at over $24 million, based on foregone economic opportunity and confirmed operational exclusion;

4. Consider these facts not as evidence of liability, but as structural context that underscores the constitutional necessity of preserving FTCA jurisdiction and deciding this appeal without remand.

This litigation has not occurred in a vacuum. It is now surrounded by forces that the judiciary alone can neutralize. To take notice is not to

decide the facts—but to honor the constitutional terrain on which they unfold.

Respectfully submitted,

/s/ Donovan J. Foster

Appellant / GBH Trust Fiduciary

April 23, 2025

Los Angeles, California

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

**DECLARATION OF DONOVAN J. FOSTER IN SUPPORT OF MOTION FOR JUDICIAL NOTICE**

I, Donovan J. Foster, declare and state as follows:

1. I am the Appellant in the above-captioned matter, currently pending before the United States Court of Appeals for the Ninth Circuit. I make this declaration in support of my Motion for

Judicial Notice, and based on personal knowledge unless otherwise stated.

2. I am a 100% service-connected disabled veteran of the U.S. Armed Forces. I am also the fiduciary of GBH Trust, which formed Gio Beverly Hills LLC as a therapeutic, non-distributing commercial entity to assist in my lawful economic rehabilitation following catastrophic medical harm inflicted by the VA.

3. On or about February 11, 2025, while my FTCA appeal in this matter was pending, I learned that Gio Beverly Hills LLC had been denied access to federal SBA programs based on the company's presence on the Federal Do Not Pay (DNP) list.

4. That DNP designation was not based on any adjudicated finding of ineligibility, fraud, or disqualification. It was instead initiated by the California Department of Social Services, and entered into a federal exclusion system without my notice, opportunity to rebut, or access to an appeals process.

5. This action resulted in the immediate financial exclusion of Gio Beverly Hills LLC from government contracts and small business capital, including DVBE pathways and procurement programs, at the precise time I was pursuing legal redress under the Federal Tort Claims Act.

6. As a result of this blacklisting, projected earnings, federal contract performance, and private investment were lost, causing measurable harm. A good-faith financial model calculates those damages at $24,482,503.95 over the lost operational timeline.

7. I am not asking this Court to award monetary relief here. I am requesting that the Court take judicial notice of these publicly verifiable, post-record facts in order to understand the constitutional and structural significance of this appeal, and to preserve those facts for any further proceedings.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 23, 2025, in Los Angles, California.

**/s/ Donovan J. Foster**

**Donovan J. Foster**

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF BY GIO BEVERLY HILLS LLC IN SUPPORT OF APPELLANT**

**Pursuant to Federal Rule of Appellate Procedure 29(a)(3) and Ninth Circuit Rule 29-3, Gio Beverly Hills LLC, by and through its**

**organizing body GBH Trust, respectfully moves for leave to file the accompanying Amicus Curiae Brief in Support of Appellant Donovan J. Foster.**

## I. IDENTITY AND INTEREST OF AMICUS

Gio Beverly Hills LLC is a private, trust-controlled entity organized to provide rehabilitative and therapeutic commercial engagement to Appellant, a 100% disabled veteran. The entity was established as a lawful structure to enable productivity and economic viability following life-altering VA-inflicted injury—injury that is now the subject of this FTCA appeal.

In February 2025, the business was blacklisted from federal capital access programs via placement on the Federal Do Not Pay (DNP) list, based on a referral from the California Department of Social Services. This occurred without adjudication or due process and resulted in the denial of SBA funding.

The action was taken after the Appellant filed his federal tort claim and while this appeal was pending. This timing and effect establish that the

consequences of the VA's original tort—and the federal response to litigation—extend to Appellant's support systems. Thus, Amicus has direct factual and constitutional interest in the resolution of this matter.

## II. NECESSITY OF AMICUS PARTICIPATION

This brief offers:

- A doctrinal map distinguishing FTCA claims from VJRA-shielded matters;
- A constitutional argument regarding the misuse of § 511 to create impunity;
- A real-world example of extrajudicial state-federal retaliation against entities associated with pro se FTCA litigants;
- A perspective not currently represented by the parties, grounded in third-party economic harm and institutional sabotage.

No party's counsel authored the brief. No party contributed funds for its preparation. The government has not consented. Therefore, leave is required and properly sought.

## III. REQUEST FOR LEAVE

This motion is timely. Amicus has acted swiftly after material developments in the appeal (including the filing of the opening brief). Granting leave will aid the Court's understanding and protect its decisional space from doctrine distortion.

For the foregoing reasons, Gio Beverly Hills LLC respectfully requests leave to file the attached Amicus Curiae Brief in support of Appellant and in defense of constitutional tort access.

Respectfully submitted,

/s/ Donovan J. Foster

Managing Agent, GBH Trust

Organizer, Gio Beverly Hills LLC

April 23, 2025

Marina Del Rey, California

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

# BRIEF OF AMICUS CURIAE GIO BEVERLY HILLS LLC IN SUPPORT OF APPELLANT AND IN DEFENSE OF CONSTITUTIONAL ACCESS TO FEDERAL TORT CLAIMS

## INTEREST OF AMICUS CURIAE

Gio Beverly Hills LLC, a non-distributing, therapeutically-oriented private entity established by GBH Trust, submits this brief in defense of constitutional access to federal tort forums. The entity exists solely to provide Donovan J. Foster, a 100% disabled veteran, with a channel for rehabilitative economic participation following injuries sustained through VA recordkeeping negligence resulting in a catastrophic delay in medical diagnosis.

Since the docketing of this appeal, Gio Beverly Hills LLC has been blacklisted without notice from SBA programs via an improper referral to the Federal Do Not Pay (DNP) list—a move initiated by the California Department of Social Services, with no adjudication, and concurrent with active federal litigation against the United States.

Amicus files this brief to reinforce why this action belongs firmly within the scope of the Federal Tort Claims Act (FTCA) and why the government's invocation of 38 U.S.C. § 511 to bar the claim is not only legally unsound but institutionally corrosive.

## SUMMARY OF ARGUMENT

The VA's misclassification or loss of Appellant's medical records caused a nearly decade-long diagnostic delay—a tort, not a policy dispute. The government now invokes § 511 of the Veterans' Judicial Review Act (VJRA) to claim immunity, suggesting this tort is inherently unreviewable. That argument is:

1. **Foreclosed by binding Ninth Circuit precedent, including Tunac, Littlejohn, and Thomas v. Principi;**
2. Inconsistent with the statutory limits of § 511, which bar judicial review only of actual VA benefits decisions—not tortious administrative or medical misconduct;
3. Constitutionally problematic, implicating due process, equal protection, and separation-of-powers violations;
4. Rebutted by evidence of extrajudicial retaliation, including unlawful interference with Appellant's economic ecosystem via DNP-based SBA exclusion.

This is not a benefits dispute. It is a sovereign-inflicted harm. This Court should resolve the jurisdictional question now, not remand it, to preserve constitutional governance and judicial efficiency.

## ARGUMENT

### I. Appellant's Claim Is a Justiciable FTCA Tort Based on Independent Negligent Conduct

The FTCA (28 U.S.C. § 1346(b)) allows suits for:

"personal injury... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."

Mr. Foster alleges that VA employees lost, mislabeled, or failed to retrieve his service medical records, resulting in unreasonable delay in diagnosis from any competent medical provider not solely the Department of Veterans Affairs medical providing arm of a serious condition. This is a tort rooted in non-benefits administrative conduct—

namely, record preservation, access, and continuity of care—all actionable under the FTCA.

This claim neither requires review of a VA decision nor challenges the merits of any benefit awarded or denied. No administrative pathway exists to adjudicate these recordkeeping failures. Thus, § 511 is inapplicable by its own terms.

## II. Ninth Circuit Doctrine Confirms That § 511 Does Not Bar FTCA Claims for Medical or Administrative Negligence

In Tunac v. United States, 897 F.3d 1197 (9th Cir. 2018), the Court held that § 511 does not bar an FTCA claim where VA staff failed to prevent a suicide, rejecting the government's argument that suicide prevention fell within VA "care protocols."

"[The] district court had jurisdiction... because the VA's alleged negligence was not in administering benefits, but in the failure of its staff to act competently."
Tunac, 897 F.3d at 1203.

In Littlejohn v. United States, 321 F.3d 915 (9th Cir. 2003), the plaintiff's FTCA claim for delayed diabetes diagnosis by VA doctors was allowed despite proximity to benefits adjudication:

"Littlejohn's claim is a tort claim... The potential effect on benefits is not enough to trigger § 511."
Id. at 921.

And in Thomas v. Principi, 394 F.3d 970 (D.C. Cir. 2005), the court distinguished between medical malpractice torts and benefit disputes, ruling that constitutional and tort-based challenges survive even in a VJRA context.

Mr. Foster's claim falls squarely within these cases. It is not precluded because it arises from a failure to maintain continuity of care—not a denial of benefits.

## III. DOJ's Interpretation of § 511 Would Create a Constitutionally Impermissible Jurisdictional Abyss

The government's view—that all torts committed in the context of VA systems are unreviewable under § 511—would:

- **Convert the VJRA into a sovereign immunity cloaking device;**
- Eviscerate the FTCA's congressional purpose;
- Deny veterans the same rights afforded to every other tort victim;
- Violate Fifth Amendment due process, as federal employees could inflict harm without judicial remedy;
- Create a separation-of-powers breach, as executive agencies could self-declare entire categories of torts unreviewable;
- Constitute unequal protection, leaving one subclass of citizens (veterans) without access to civil recovery available to all others.

**This is not judicial deference. It is doctrinal surrender to agency overreach.**

## IV. The Economic Retaliation Against Appellant's LLC Confirms the Need for Judicial Oversight

On February 11, 2025, the SBA rejected Gio Beverly Hills LLC's loan application after the entity was flagged on the DNP list. This occurred:

- During the pendency of a federal FTCA appeal against the United States.

This is not collateral harm—it is procedural throttling of a litigant's financial viability. It confirms the stakes: without judicial check, agencies will attack.

This extrajudicial sabotage forms an APA violation (5 U.S.C. §§ 701–706), a facial Fifth Amendment violation for denial of liberty and property interests without due process, and a Bivens-adjacent constitutional tort, even if not pleaded as such.

The Ninth Circuit must acknowledge this conduct—not as damages evidence, but as jurisdictional context.

## V. The Ninth Circuit Should Resolve Jurisdiction Now to Avoid Serial Institutional Harm

The District Court dismissed on jurisdictional grounds. The facts are undisputed. The legal doctrine is mature. The question is purely legal: does § 511 bar this tort?

Remand serves no judicial function. As this Court held in Morongo Band of Mission Indians v. FAA, 161 F.3d 569, 574 (9th Cir. 1998):

"Where the record is fully developed and the legal issues are clear, remand is unnecessary."

Further delay exposes Appellant to:

- Additional retaliation,
- Economic destabilization,
- and the procedural erosion of the FTCA.

**This Court must declare once and for all that § 511 does not immunize medical torts or medical recordkeeping negligence from federal jurisdiction.**

## CONCLUSION

The FTCA was not designed to protect only some Americans from government torts. It was enacted to hold the sovereign answerable for the injuries it causes.

Here, the United States inflicted injury. It now seeks to reclassify that injury as "policy" and/or a benefits decision made by the Secretary. This is not statutory interpretation—it is definitional manipulation.

Amicus urges this Court to:

1. **Reject § 511 as a bar to Appellant's FTCA claim;**
2. **Affirm jurisdiction and remand only for discovery and adjudication;**
3. **Recognize that extrajudicial interference has already occurred —and that further delay invites constitutional harm.**

Respectfully submitted,

/s/ Donovan J. Foster

Trustee, GBH Trust

Organizer, Gio Beverly Hills LLC

April 23, 2025

Los Angles, California

## CERTIFICATE OF SERVICE

I certify that on April 23, 2025, I electronically filed the following documents as part of a consolidated PDF submissionin the above-captioned appeal:

- **Motion for Judicial Notice of Economic Retaliation and Procedural Sabotage**
- **Declaration of Donovan J. Foster in Support**
- **Motion for Leave to File Amicus Curiae Brief**
- **Brief of Amicus Curiae Gio Beverly Hills LLC in Support of Appellant**

All documents were filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit via the CM/ECF system. All parties registered to receive electronic notice will be served via ECF.

Executed on April 23, 2025 in Marina Del Rey, California.

/s/ Donovan J. Foster

Appellant / Declarant