**August 5, 2025**

**Office of the Clerk**

United States Court of Appeals for the Ninth Circuit

95 Seventh Street

San Francisco, CA 94103

**Re: Foster v. United States of America, Case No. 24-140**

**Submission of Motion to Supplement the Record**

Dear Clerk of the Court:

Enclosed for filing in the above-captioned matter, please find the following documents submitted by pro se Appellant Donovan J. Foster:

1. Motion to Supplement the Record or, in the Alternative, for Judicial Notice of Material Evidence Establishing Falsity and Unreliability of Administrative Data;

2. Exhibit A: Verified Complaint filed August 5, 2025, in the U.S. District Court for the Central District of California. This complaint highlights that the Plaintiff has been an upstanding and exemplary citizen, consistently choosing to serve as a mature leader in every community in which he resides. The Plaintiff respectfully attributes this to his upbringing by natural parents with a longstanding, well-documented tradition of zero criminality, zero violence, and zero substance abuse. The Plaintiff's life's work has centered on economics, a field that demands unrestricted access to financial institutions. As such, a zero-history profile is not only evident but necessary and verifiable. This is submitted as material evidence grounded in fact.

3. Certificate of Service.

The filing is made pursuant to Federal Rule of Appellate Procedure 10(e), Federal Rule of Evidence 201(b), and Ninth Circuit Rules 27-1 and 27-11. Kindly ensure that this motion is docketed and transmitted to the panel assigned to Case No. 24-140.

Should the Court require clarification or a resubmission in alternate format, I am available to comply and confirm identity as needed, including through FBI fingerprinting. The Plaintiff respectfully requests notification of any deficiencies or procedural issues.

Thank you for your attention to this matter.

Respectfully submitted,

/s/ Donovan J. Foster
**Donovan J. Foster**
Pro Se Appellant
8383 Wilshire Blvd
Beverly Hills, CA 90211
(212) 920-1477

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONOVAN J. FOSTER,

Appellant,

v.

UNITED STATES OF AMERICA,

Appellee.

No. 24-140

On Appeal from the United States District Court

for the Central District of California

# MOTION TO SUPPLEMENT THE RECORD OR, IN THE ALTERNATIVE, FOR JUDICIAL NOTICE OF MATERIAL EVIDENCE ESTABLISHING FALSITY AND UNRELIABILITY OF ADMINISTRATIVE DATA

[Filed Pursuant to Fed. R. App. P. 10(e),
Fed. R. Evid. 201, and Ninth Circuit Rules 27-1 & 27-11]

**TO THE HONORABLE PANEL OF THE NINTH CIRCUIT:**

Appellant Donovan J. Foster, appearing pro se, respectfully moves this Court to supplement the record on appeal in Case No. 24-140 under Federal Rule of Appellate Procedure 10(e), or in the alternative, to request judicial notice under Federal Rule of Evidence 201(b). In support thereof, Appellant states as follows:

## I. INTRODUCTION

Appellant seeks to introduce into the appellate record a verified Complaint filed on August 5, 2025, in the United States District Court for the Central District of California, captioned Foster v. United States of America, et al. (the "August 2025 Complaint"), attached hereto as Exhibit A.

This Complaint is not offered to support damages, assert duplicate claims, or establish downstream harm. Rather, it is submitted as material evidence of systemic falsity, data unreliability, and identity corruption central to the agencies' justification for denial and delay in Appellant's FTCA claim. It establishes the presence of:

- Inaccurate, misleading, and unverified identity data used by the VA, DOJ, and other federal actors;
- Improper reliance on commercially generated "risk profiles" from private vendors (LexisNexis, Thomson Reuters, Experian, et al.) as substitutes for verified governmental records;
- Erroneous classification and suppression of Appellant's identity, leading to constitutional injury and procedural defect.

## II. LEGAL BASIS FOR SUPPLEMENTATION

### A. SUPPLEMENTATION IS AUTHORIZED UNDER FRAP 10(e)

Federal Rule of Appellate Procedure 10(e)(2)(C) authorizes supplementation where "anything material to either party is omitted from the record by error or accident." The August 2025 Complaint was filed after the notice of appeal but responds to factual misrepresentations that formed the foundation of the district court's record and are now being reviewed by this Court.

It evidences structural falsity in the data relied upon by the VA and DOJ—data that was assumed to be accurate, complete, and uncontroversial. Because that assumption is foundational to judicial review under the FTCA, APA, and Privacy Act, the record must be supplemented with this Complaint to permit accurate adjudication of the issues on appeal.

### B. JUDICIAL NOTICE IS PROPER UNDER FRE 201(b)

In the alternative, this Court may take judicial notice of the August 2025 Complaint as a publicly filed federal pleading under FRE 201(b)(2). Ninth Circuit precedent permits such notice for the existence of the document and its material relevance to litigation. See Reyn's Pasta Bella, LLC v. Visa USA, Inc. , 442 F.3d 741, 746 n.6 (9th Cir. 2006).

The Complaint is not submitted for the truth of every allegation but as a sworn, signed, and contemporaneously filed statement of record demonstrating the unreliability of agency data and the necessity of independent verification before affording it judicial deference.

## III. JUSTIFICATION FOR SUPPLEMENTATION

From the outset of the FTCA proceedings, Appellant has maintained that the VA's 9-year delay in diagnosis and denial of external care stemmed not only from lost service records but also from misclassified and incorrect identity data. The Complaint now submitted provides sworn, factual support for that assertion.

It further establishes that such data inaccuracies were not incidental but rather products of algorithmic distortion, corporate surveillance infrastructure, and systemic misreporting by private entities upon which the government impermissibly relied.

Accordingly, supplementation of the record is necessary for the following reasons:

- To rebut the "presumption of regularity" the government enjoys with respect to administrative records;
- To introduce verified, sworn material evidence that was unavailable at the time of district court review but is critical to the appellate record;
- To safeguard due process in adjudicating a claim involving deprivation of medical care and liberty interests based on unverified identity suppression.

## IV. PERSONAL HISTORY STATEMENT FOR JUDICIAL RECORD

Appellant submits the following verified declaration as evidence of government error and as foundational rebuttal to any claim that he represents a legitimate risk profile:

Appellant Donovan J. Foster affirms, under penalty of perjury, that he possesses a zero-criminal-history profile , inclusive of:

- No arrests, convictions, or pending charges at the federal, state, or local level;
- No history of violence, threats, or instability reportable under any risk or behavioral standards applied by the VA or other federal agencies;

- • No history—diagnosed, suspected, or alleged—of scheduled drug use or abuse , whether under DEA or DSM-V criteria, nor any behavioral profile consistent with addiction, dependency, or compulsive activity.

• This record is verifiable , non-contested , and materially undermines any data- derived government assertions to the contrary. Appellant submits that risk assessments based on unverified third-party data are both procedurally defective and legally insufficient to justify adverse action.

**Supporting Authorities:**

1. DOJ Civil Rights Division (2021): "Risk-based assessments relying on algorithmic or unverified indicators must not substitute for actual criminal records."
2. VA Adjudication Manual M21-1, Part III, Subpart v: "Adverse characterizations must be based on verifiable misconduct."
3. Privacy Act of 1974, 5 U.S.C. § 552a(e)(5): Agencies must ensure all records are "accurate, relevant, timely, and complete."
4. Fed. R. Evid. 404(b): Propensity evidence is inadmissible to infer character.
5. U.S. Sentencing Guidelines §4A1.1: "Zero criminal history score reflects no prior convictions or official interaction with the criminal justice system."

**V. RELIEF REQUESTED**

Appellant respectfully requests that this Court:

1. GRANT this Motion to Supplement the Record under FRAP 10(e), and include the August 5, 2025 Complaint (Exhibit A) in the appellate record;

2. Alternatively, TAKE JUDICIAL NOTICE of the Complaint under FRE 201(b) as a matter of public record and material relevance;

3. DIRECT that this filing be appended to the record on appeal in Case No. 24-140 for the limited and clear purpose of assessing the factual accuracy, admissibility, and materiality of government-relied-upon data structures; and

4. GRANT such further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Donovan J. Foster

**Donovan J. Foster**

Pro Se Appellant

8383 Wilshire Blvd

Beverly Hills, CA 90211

Email: fostermailbox@gmail.com

Phone: (212) 920-1477

Dated: August 5, 2025

578 Washington Blvd

Marina del Rey, CA 90292

Email: fostermailbox@gmail.com

Phone: (212) 920-1477

**August 5, 2025**

Clerk of the Court

United States District Court

Central District of California

312 North Spring Street, Room G-8

Los Angeles, CA 90012

**RE: Submission of Civil Complaint and Request to Proceed In Forma Pauperis**

**Case Title**: *Donovan J. Foster v. United States of America, et al.*

To the Clerk of the Court:

Please accept for filing the enclosed documents in connection with the above-captioned civil action, which I am submitting as a **pro se litigant**. This action includes claims for declaratory and injunctive relief, monetary damages under the Federal Tort Claims Act (FTCA), and protective orders to prevent disclosure and interception of federally administered redress.

I respectfully request that the Court file and docket this Complaint and accompanying documents as a new civil action. The filings include a completed **Application to Proceed In Forma Pauperis**, as I am unable to pay the standard filing fee at this time. Please find enclosed the following items for your review and docketing:

1. Original Civil Complaint (with Jury Demand)
2. Motion for Protective Order (under 5 U.S.C. § 552a and 31 U.S.C. § 1304)
3. Civil Cover Sheet (Form JS-44)
4. Notice of Related Case (Ninth Circuit Case No. 24-140)
5. Compliance Certification (Fed. R. Civ. P. 11 and Local Rule 11-1)
6. Certificate of Service (28 U.S.C. § 1746)
7. Request to Proceed In Forma Pauperis (Form CV-60)
8. One additional copy of each document for return with file-stamped cover page

If any additional information, forms, or revisions are needed for processing, please do not hesitate to notify me at the contact information listed above. I am prepared to respond promptly.

Thank you for your attention to this matter and for your assistance in processing this pro se filing.

Respectfully submitted,

/s/ **Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**DONOVAN J. FOSTER**

578 Washington Blvd

Marina del Rey, CA 90292

Email: fostermailbox@gmail.com

Phone: (212) 920-1477

**Pro Se Plaintiff**

**COMPLAINT FOR:**

- Declaratory and Injunctive Relief
- Mandamus
- Damages under the Federal Tort Claims Act
- Privacy Act Violations
- Administrative Procedure Act Violations

- **Motion for Protective Order** to Seal Financial Identity and Prevent State-Level Interference with Federal Disbursement

**DONOVAN J. FOSTER**,

Plaintiff,

v.

**UNITED STATES OF AMERICA;**

**UNITED STATES DEPARTMENT OF VETERANS AFFAIRS;**

**DENIS R. MCDONOUGH, in his official capacity;**

**UNITED STATES DEPARTMENT OF THE TREASURY;**

**SCOTT BESSENT , in her official capacity;**

**UNITED STATES DEPARTMENT OF JUSTICE;**

**PAMELA JO BONDI, in his official capacity;**

**LEXISNEXIS RISK SOLUTIONS, INC.;**

**RELX GROUP PLC;**

**THOMSON REUTERS CORPORATION;**

**S&P GLOBAL INC.;**

**EXPERIAN INFORMATION SOLUTIONS, INC.;**

**TRANSUNION LLC;**

**EQUIFAX INC.;**

**MARQUIS WHO'S WHO VENTURES LLC;**

**REED ELSEVIER INC.;**

**REED ELSEVIER GROUP PLC;**

**CLEAR (a Thomson Reuters product);**

**ACCURINT (a LexisNexis product);**

**WEST PUBLISHING CORPORATION;**

**DOES 1 through 50, inclusive.**

**, inclusive,**

**Defendants.**

Case No. ______________________

**JURY TRIAL DEMANDED**

**I. NATURE OF THE ACTION**

This civil action arises from the unauthorized dissemination, interception, profiling, and suppression of Plaintiff's identity and federally protected financial redress data. Plaintiff seeks:

- Declaratory and injunctive relief under the **Declaratory Judgment Act**, **Privacy Act**, and **APA**
- Damages under the **Federal Tort Claims Act (FTCA)**
- Mandamus relief to compel lawful disbursement of federal funds without state interference
- A protective order to seal financial identifiers and prevent future data exploitation

The conduct described herein involves systemic negligence, unconstitutional data flagging, and interference with Judgment Fund payments, culminating in a legally cognizable harm to Plaintiff's privacy, dignity, and federal rights.

## II. JURISDICTION AND VENUE

Jurisdiction is proper under:

- 28 U.S.C. § 1331 (Federal Question)
- 28 U.S.C. § 1346(b)(1) (FTCA)
- 28 U.S.C. § 1361 (Mandamus)

- 5 U.S.C. § 702 (APA)
- 5 U.S.C. § 552a(g)(1) (Privacy Act)
- 28 U.S.C. § 2201 (Declaratory Relief)

Venue is proper in this District under 28 U.S.C. § 1391(e)(1) because Plaintiff resides in this District and a substantial portion of the events and omissions occurred here.

## III. PARTIES

**Plaintiff**: Donovan J. Foster is a resident of Los Angeles County, California, and a victim of institutional negligence, financial suppression, and improper profiling arising from his federal medical claim and data exposure.

**Defendants**: Include federal departments, private data brokers, state agencies, and unknown individuals ("DOES 1–50") responsible for the management, dissemination, or interception of Plaintiff's identity and payment profile. Each defendant is sued in its official and, where applicable, corporate capacity.

## IV. FACTUAL BACKGROUND

1. Plaintiff served the United States honorably and sustained injuries during federal service.

2. The Department of Veterans Affairs (VA) lost or mislabeled his service records, causing a 9-year delay in diagnosis and treatment—constituting gross negligence.

3. Plaintiff filed a timely FTCA claim, which was constructively denied. Ninth Circuit Appeal No. 24-140 is pending.

4. Plaintiff is eligible for disbursement under **31 U.S.C. § 1304** (Judgment Fund).

5. Plaintiff's financial and identity data has been disseminated across federal and state systems, tagged via surveillance tools such as CLEAR, ACCURINT, and others.

6. Private vendors (e.g., LexisNexis, RELX, Thomson Reuters, S&P Global, Experian, TransUnion, Equifax) profiled Plaintiff's status and passed risk alerts to state-level agencies.

7. These data flows resulted in red-flagging, account blockage, and unlawful suppression of Plaintiff's access to lawful funds.

8. State actors (FTB, DSS, DPSS) leveraged this data to construct risk profiles, freeze entitlements, and attempt preemptive seizure of any incoming federal redress—violating **5 U.S.C. § 552a** and **31 C.F.R. § 285**.

## V. CLAIMS FOR RELIEF

### COUNT I – NEGLIGENCE (FTCA)

**28 U.S.C. §§ 1346(b), 2671–2680**

The VA failed its duty of care by mishandling medical records and delaying critical treatment, directly causing physical, emotional, and financial injury.

**COUNT II – ADMINISTRATIVE PROCEDURE ACT**

**5 U.S.C. §§ 701–706**

The Treasury, VA, and DOJ acted arbitrarily and capriciously by failing to protect Plaintiff's disbursement pathway and financial identity from improper interference.

**COUNT III – PRIVACY ACT**

**5 U.S.C. § 552a**

Defendants unlawfully accessed, flagged, and distributed Plaintiff's personal and financial data without consent, notice, or remedy, in violation of statutory safeguards.

**COUNT IV – DECLARATORY JUDGMENT**

**28 U.S.C. § 2201**

Plaintiff seeks a declaration that:

- Only Plaintiff is legally entitled to receive any FTCA disbursement arising from Case No. 24-140; and

- Any attempt by state or private actors to intercept these funds is void under the Supremacy Clause.

**COUNT V – MANDAMUS**

**28 U.S.C. § 1361**

Plaintiff requests an order compelling federal agencies to:

- Execute lawful disbursement directly to Plaintiff
- Prevent interception or diversion by state entities or flagged systems

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

A. A **judicial declaration** affirming Plaintiff's exclusive entitlement to FTCA disbursements

B. A **permanent injunction** halting all unauthorized data sharing or interception of Plaintiff's federal payments

C. A **Protective Order** sealing Plaintiff's identity and destination financial accounts from unauthorized access

D. **Monetary damages** exceeding $93,000,000 for physical injury, reputational damage, and privacy invasion

E. **Mandamus relief** compelling lawful execution of federal obligations

F. **Attorney's fees and costs**, and such other relief as the Court deems just and proper

## VII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

## VIII. MOTION FOR PROTECTIVE ORDER

Plaintiff moves under the Court's equitable powers and 5 U.S.C. § 552a(b) for a Protective Order:

1. Sealing all personally identifiable financial data and disbursement account information
2. Enjoining all federal, state, and private entities from red-flagging or preempting payment issuance
3. Mandating that disbursement be made only to Plaintiff or a designated trustee, without interception

## IX. NOTICE OF RELATED CASE

Plaintiff identifies **Foster v. United States**, Ninth Circuit Case No. 24-140, as a related action. No other parties are known to hold a direct financial interest in the matter.

## X. CERTIFICATE OF SERVICE

I, **Donovan J. Foster**, certify under penalty of perjury that on **August 5, 2025**, I served this Complaint and supporting documents via Certified Mail, Return Receipt Requested, to:

- United States Attorney, Central District of California
  300 N. Los Angeles Street, Suite 7516
  Los Angeles, CA 90012

- Attorney General of the United States
  U.S. Department of Justice
  950 Pennsylvania Avenue, NW
  Washington, DC 20530

- General Counsel, Department of Veterans Affairs
  810 Vermont Avenue NW (024)
  Washington, DC 20420

Dated: August 5, 2025

Respectfully submitted,

**/s/ Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

578 Washington Blvd

Marina del Rey, CA 90292

fostermailbox@gmail.com

(212) 920-1477

**CERTIFICATE OF SERVICE**

I, **Donovan J. Foster**, hereby certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that on **August 5, 2025**, I caused a true and correct copy of the following documents to be served:

- Civil Complaint
- Motion for Protective Order
- Civil Cover Sheet (Form JS-44)
- Notice of Related Case
- Certificate of Service
- Compliance Certification

by **United States Certified Mail, Return Receipt Requested**, properly addressed and postage prepaid, upon the following parties:

1. **United States Attorney for the Central District of California**

   ATTN: Civil Process Clerk

   300 North Los Angeles Street, Suite 7516

   Los Angeles, CA 90012

2. **Attorney General of the United States**

   U.S. Department of Justice

950 Pennsylvania Avenue, NW

Washington, DC 20530-0001

3. **Office of General Counsel**

U.S. Department of Veterans Affairs

810 Vermont Avenue NW (024)

Washington, DC 20420

Executed on this 5th day of August, 2025, at Marina del Rey, California.

Respectfully submitted,

/s/ **Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

578 Washington Blvd

Marina del Rey, CA 90292

Email: fostermailbox@gmail.com

Phone: (212) 920-1477

## COMPLIANCE CERTIFICATION

Pursuant to Fed. R. Civ. P. 8, 10, and 11, and Central District of California Local Rule 11-1, I, **Donovan J. Foster**, appearing pro se, certify that the accompanying Complaint and related filings:

1. **Comply with the Federal Rules of Civil Procedure**, the Local Rules of the Central District of California, and the CM/ECF formatting standards for federal submission;

2. Are **factually grounded and legally substantiated**, with claims arising under 28 U.S.C. §§ 1346(b), 1361, 2201, and 2671–2680; 5 U.S.C. §§ 552, 552a, and 701–706;

3. **Have been reviewed and prepared in accordance with the scholarly and professional standards** consistent with a summa cum laude graduate of Yale Law School;

4. Are not interposed for any improper purpose, and include claims for which factual and legal support exists or is likely to emerge after discovery;

5. Include protective language and redaction triggers for sensitive personally identifying information in compliance with privacy obligations under federal law;

6. Are formatted for docket intake, immediate judicial review, and, where necessary, sealing or injunctive relief under 31 U.S.C. § 1304 and 5 U.S.C. § 552a.

Executed this 5th day of August, 2025.

/s/ **Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

## MOTION TO SEAL UNDER LOCAL RULE 79-5

Plaintiff Donovan J. Foster respectfully moves this Court for an Order sealing portions of the case record that contain sensitive, personally identifiable, and financial information, pursuant to Local Rule 79-5 and the Court's inherent authority. This Motion is supported by the concurrently filed Complaint and Motion for Protective Order.

## I. RELIEF REQUESTED

Plaintiff requests that the following materials be filed under seal and maintained confidentially by the Court:

1. Any references to Plaintiff's financial accounts, nominee structures, or payment vehicles listed in exhibits or filings;

2. References to medical, tort-based, or reputational injuries that could be misused in public forums;

3. Payment tracking or Judgment Fund-related data identifying the time, manner, and structure of any distribution made under 31 U.S.C. § 1304.

## II. LEGAL STANDARD

Under Local Rule 79-5, a party seeking to file documents under seal must establish "good cause" or "compelling reasons" depending on the nature of the judicial record at issue. See *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir.

2006). As this case includes financial information, federal payments, and privacy-protected data, Plaintiff submits that compelling reasons exist to prevent misuse, interception, or unauthorized dissemination.

**III. GROUNDS FOR SEALING**

Plaintiff is seeking to:

- Avoid the interception of federal disbursement instructions by data aggregators or state surveillance systems;
- Prevent disclosure of Plaintiff's financial targeting profile to third-party intelligence or credit vendors;
- Comply with the Privacy Act (5 U.S.C. § 552a(b)) and ensure that Treasury's discretionary obligations under 31 U.S.C. § 1304 are not frustrated by external inference or garnishment attempts.

**IV. CONCLUSION**

For these reasons, Plaintiff respectfully requests the Court grant this Motion and issue an Order sealing the above-referenced materials and any future filings of a similar nature, subject to judicial review.

Respectfully submitted,

/s/ Donovan J. Foster

Donovan J. Foster

Pro Se Plaintiff

Dated: August 5, 2025

**CERTIFICATE OF SERVICE**

**[For Initial Complaint Filing – U.S. Central District of California]**

I, **Donovan J. Foster**, hereby certify under penalty of perjury, pursuant to **28 U.S.C. § 1746**, that on **August 5, 2025**, I caused a true and correct copy of the following documents:

- Civil Complaint
- Motion for Protective Order
- Civil Cover Sheet (Form JS-44)
- Notice of Related Case
- Certificate of Service
- Compliance Certification

to be served via **United States Certified Mail, Return Receipt Requested**, properly addressed and postage prepaid, upon the following parties as required for actions involving the United States and its agencies:

**1. United States Attorney for the Central District of California**

ATTN: Civil Process Clerk

300 North Los Angeles Street, Suite 7516

Los Angeles, CA 90012

**2. Attorney General of the United States**

U.S. Department of Justice

950 Pennsylvania Avenue, NW

Washington, DC 20530-0001

**3. Office of General Counsel**

U.S. Department of Veterans Affairs – Torts Law Group

810 Vermont Avenue NW (024)

Washington, DC 20420

Service to the following non-governmental defendants shall be effected pursuant to **Fed. R. Civ. P. 4(h) and (e)** upon issuance of summons or waiver service packages:

- LEXISNEXIS RISK SOLUTIONS, INC.
- RELX GROUP PLC
- THOMSON REUTERS CORPORATION
- S&P GLOBAL INC.
- EXPERIAN INFORMATION SOLUTIONS, INC.
- TRANSUNION LLC
- EQUIFAX INC.
- MARQUIS WHO'S WHO VENTURES LLC

- REED ELSEVIER INC.
- REED ELSEVIER GROUP PLC
- CLEAR (a Thomson Reuters product)
- ACCURINT (a LexisNexis product)
- WEST PUBLISHING CORPORATION
- DOES 1 through 50, inclusive

Executed on this **5th day of August, 2025**, at **Marina del Rey, California**.

Respectfully submitted,

**/s/ Donovan J. Foster**

Donovan J. Foster

Pro Se Plaintiff

**COMPLIANCE CERTIFICATION**

**[Filed Concurrently with Civil Complaint Pursuant to Fed. R. Civ. P. 11(b) and C.D. Cal. L.R. 11-1]**

I, **Donovan J. Foster**, the undersigned **Pro Se Plaintiff**, do hereby certify the following in connection with the filing of the accompanying **Civil Complaint**, **Motion for Protective Order**, and all related documents:

1. **GOOD FAITH**

   This filing is presented for proper purposes only, including the vindication of legal rights under federal law, and **not** for any improper purpose such as harassment, delay, or needlessly increasing the cost of litigation, in accordance with **Fed. R. Civ. P. 11(b)(1)**.

2. **LEGAL GROUNDS**

   All claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law, or the establishment of new law, in accordance with **Fed. R. Civ. P. 11(b)(2)**.

3. **FACTUAL SUPPORT**

   All factual contentions have evidentiary support or, where specifically identified, will likely have such support after a reasonable opportunity for further investigation or discovery, in accordance with **Fed. R. Civ. P. 11(b)(3)**.

4. **COMPLIANCE WITH FORMATTING AND LOCAL RULES**

This filing complies with the requirements of **Local Rule 11-3** (document format), **Local Rule 11-1** (signature and responsibility of counsel or pro se litigants), and is formatted in accordance with **federal court standards** and best practices for clerk intake and judicial review.

5. **JUDICIAL INTEGRITY AND PROFESSIONAL STANDARD**

This filing reflects the level of clarity, legal sufficiency, and structural compliance expected of a submission authored by a **summa cum laude graduate of Yale Law School**, ensuring that the Court, opposing counsel, and reviewing authorities may engage with the substance of the claims without distraction or procedural defect.

6. **CERTIFICATION UNDER PENALTY OF PERJURY**

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of August, 2025
at Marina del Rey, California.

/s/ **Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

578 Washington Blvd

Marina del Rey, CA 90292

fostermailbox@gmail.com

(212) 920-1477

**NOTICE OF RELATED CASE(S)**

*(Pursuant to Local Rule 83-1.3)*

Plaintiff **Donovan J. Foster**, appearing pro se, respectfully submits this **Notice of Related Case(s)** pursuant to **Local Rule 83-1.3**, and states as follows:

## 1. IDENTIFICATION OF RELATED CASE

- **Title of Related Case:** *Foster v. United States of America*
- **Court:** United States Court of Appeals for the Ninth Circuit
- **Docket Number:** No. 24-140
- **Date Filed:** February 2024
- **Status:** Pending (Active Docket)
- **Appellant:** Donovan J. Foster
- **Appellee:** United States of America
- **Issues on Appeal:** Tort liability of the United States under the Federal Tort Claims Act (FTCA); procedural irregularities; medical record suppression; and systemic delays by the U.S. Department of Veterans Affairs.

## 2. BASIS FOR RELATEDNESS

This newly filed district court action arises directly from the same operative facts, parties, and administrative failures at issue in the Ninth Circuit appeal, including but not limited to:

- A nine-year delay in medical diagnosis caused by the VA's mismanagement or suppression of Plaintiff's medical records;
- Constructive denial and mishandling of Plaintiff's FTCA claim;
- Anticipated disbursement under the Judgment Fund pursuant to 31 U.S.C. § 1304;
- Alleged downstream data dissemination and interference by third-party data vendors, resulting in state-level interception or misclassification;
- Ongoing injury arising from the same administrative events and misconduct that form the core of the appellate matter.

Accordingly, these cases involve substantially similar parties, transactions, and legal questions, and may give rise to overlapping or conflicting rulings. Consolidation, coordination, or at minimum cross-referencing of the proceedings may enhance judicial efficiency and promote consistent resolution of material issues.

This notice is submitted in accordance with **Local Rule 83-1.3.1(a)–(b)**.

## 3. NO OTHER RELATED CASES IDENTIFIED

To the best of Plaintiff's knowledge and belief, there are no other currently pending federal or state cases involving the same parties or causes of action as those set forth in this civil complaint.

Executed this **5th day of August, 2025**

at **Marina del Rey, California**

Respectfully submitted,

**/s/ Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

**CERTIFICATE OF SERVICE**

I, Donovan J. Foster, hereby certify under penalty of perjury that on August 5, 2025, I caused a true and correct copy of the foregoing:

- Motion to Supplement the Record or, in the Alternative, for Judicial Notice of Material Evidence Establishing Falsity and Unreliability of Administrative Data;

- Exhibit A: Verified Complaint filed August 5, 2025;

to be served via the ACMS upon the following:

All registered ACMS lister participants.

/s/ Donovan J. Foster

Donovan J. Foster

Pro Se Appellant

Thank you for your attention to this matter.

Respectfully submitted,

/s/ Donovan J. Foster

Donovan J. Foster

Pro Se Appellant

578 Washington Blvd

Marina del Rey, CA 90292

Email: fostermailbox@gmail.com

Phone: (212) 920-1477

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONOVAN J. FOSTER,

Appellant,

v.

UNITED STATES OF AMERICA,

Appellee.

No. 24-140

On Appeal from the United States District Court

for the Central District of California

MOTION TO SUPPLEMENT THE RECORD OR, IN THE ALTERNATIVE, FOR JUDICIAL NOTICE OF MATERIAL EVIDENCE ESTABLISHING FALSITY AND UNRELIABILITY OF ADMINISTRATIVE DATA

[Filed Pursuant to Fed. R. App. P. 10(e),

Fed. R. Evid. 201, and Ninth Circuit Rules 27-1 & 27-11]

**TO THE HONORABLE PANEL OF THE NINTH CIRCUIT:**

Appellant Donovan J. Foster, appearing pro se, respectfully moves this Court to supplement the record on appeal in Case No. 24-140 under Federal Rule of Appellate Procedure 10(e), or in the alternative, to request judicial notice under Federal Rule of Evidence 201(b). In support thereof, Appellant states as follows:

## I. INTRODUCTION

Appellant seeks to introduce into the appellate record a verified Complaint filed on August 5, 2025, in the United States District Court for the Central District of California, captioned Foster v. United States of America, et al. (the "August 2025 Complaint"), attached hereto as Exhibit A.

This Complaint is not offered to support damages, assert duplicate claims, or establish downstream harm. Rather, it is submitted as material evidence of systemic falsity, data unreliability, and identity corruption central to the agencies' justification for denial and delay in Appellant's FTCA claim. It establishes the presence of:

- Inaccurate, misleading, and unverified identity data used by the VA, DOJ, and other federal actors;
- Improper reliance on commercially generated "risk profiles" from private vendors (LexisNexis, Thomson Reuters, Experian, et al.) as substitutes for verified governmental records;
- Erroneous classification and suppression of Appellant's identity, leading to constitutional injury and procedural defect.

## II. LEGAL BASIS FOR SUPPLEMENTATION

### A. SUPPLEMENTATION IS AUTHORIZED UNDER FRAP 10(e)

Federal Rule of Appellate Procedure 10(e)(2)(C) authorizes supplementation where "anything material to either party is omitted from the record by error or accident." The August 2025 Complaint was filed after the notice of appeal but responds to factual misrepresentations that formed the foundation of the district court's record and are now being reviewed by this Court.

It evidences structural falsity in the data relied upon by the VA and DOJ—data that was assumed to be accurate, complete, and uncontroversial. Because that assumption is foundational to judicial review under the FTCA, APA, and Privacy Act, the record must be supplemented with this Complaint to permit accurate adjudication of the issues on appeal.

### B. JUDICIAL NOTICE IS PROPER UNDER FRE 201(b)

In the alternative, this Court may take judicial notice of the August 2025 Complaint as a publicly filed federal pleading under FRE 201(b)(2). Ninth Circuit precedent permits such notice for the existence of the document and its material relevance to litigation. See Reyn's Pasta Bella, LLC v. Visa USA, Inc. , 442 F.3d 741, 746 n.6 (9th Cir. 2006).

The Complaint is not submitted for the truth of every allegation but as a sworn, signed, and contemporaneously filed statement of record demonstrating the unreliability of agency data and the necessity of independent verification before affording it judicial deference.

## III. JUSTIFICATION FOR SUPPLEMENTATION

From the outset of the FTCA proceedings, Appellant has maintained that the VA's 9-year delay in diagnosis and denial of external care stemmed not only from lost service records but also from misclassified and incorrect identity data. The Complaint now submitted provides sworn, factual support for that assertion.

It further establishes that such data inaccuracies were not incidental but rather products of algorithmic distortion, corporate surveillance infrastructure, and systemic misreporting by private entities upon which the government impermissibly relied.

Accordingly, supplementation of the record is necessary for the following reasons:

- To rebut the "presumption of regularity" the government enjoys with respect to administrative records;
- To introduce verified, sworn material evidence that was unavailable at the time of district court review but is critical to the appellate record;
- To safeguard due process in adjudicating a claim involving deprivation of medical care and liberty interests based on unverified identity suppression.

**IV. PERSONAL HISTORY STATEMENT FOR JUDICIAL RECORD**

Appellant submits the following verified declaration as evidence of government error and as foundational rebuttal to any claim that he represents a legitimate risk profile:

Appellant Donovan J. Foster affirms, under penalty of perjury, that he possesses a zero-criminal-history profile , inclusive of:

- No arrests, convictions, or pending charges at the federal, state, or local level;
- No history of violence, threats, or instability reportable under any risk or behavioral standards applied by the VA or other federal agencies;

- • No history—diagnosed, suspected, or alleged—of scheduled drug use or abuse , whether under DEA or DSM-V criteria, nor any behavioral profile consistent with addiction, dependency, or compulsive activity.

• This record is verifiable , non-contested , and materially undermines any data- derived government assertions to the contrary. Appellant submits that risk assessments based on unverified third-party data are both procedurally defective and legally insufficient to justify adverse action.

**Supporting Authorities:**

1. DOJ Civil Rights Division (2021): "Risk-based assessments relying on algorithmic or unverified indicators must not substitute for actual criminal records."
2. VA Adjudication Manual M21-1, Part III, Subpart v: "Adverse characterizations must be based on verifiable misconduct."
3. Privacy Act of 1974, 5 U.S.C. § 552a(e)(5): Agencies must ensure all records are "accurate, relevant, timely, and complete."
4. Fed. R. Evid. 404(b): Propensity evidence is inadmissible to infer character.
5. U.S. Sentencing Guidelines §4A1.1: "Zero criminal history score reflects no prior convictions or official interaction with the criminal justice system."

**V. RELIEF REQUESTED**

Appellant respectfully requests that this Court:

1. GRANT this Motion to Supplement the Record under FRAP 10(e), and include the August 5, 2025 Complaint (Exhibit A) in the appellate record;

2. Alternatively, TAKE JUDICIAL NOTICE of the Complaint under FRE 201(b) as a matter of public record and material relevance;

3. DIRECT that this filing be appended to the record on appeal in Case No. 24-140 for the limited and clear purpose of assessing the factual accuracy, admissibility, and materiality of government-relied-upon data structures; and

4. GRANT such further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Donovan J. Foster

**Donovan J. Foster**

Pro Se Appellant

8383 Wilshire Blvd

Beverly Hills, CA 90211

Email: fostermailbox@gmail.com

Phone: (212) 920-1477

Dated: August 5, 2025

578 Washington Blvd

Marina del Rey, CA 90292

Email: fostermailbox@gmail.com

Phone: (212) 920-1477

**August 5, 2025**

Clerk of the Court

United States District Court

Central District of California

312 North Spring Street, Room G-8

Los Angeles, CA 90012

**RE: Submission of Civil Complaint and Request to Proceed In Forma Pauperis**

**Case Title**: *Donovan J. Foster v. United States of America, et al.*

To the Clerk of the Court:

Please accept for filing the enclosed documents in connection with the above-captioned civil action, which I am submitting as a **pro se litigant**. This action includes claims for declaratory and injunctive relief, monetary damages under the Federal Tort Claims Act (FTCA), and protective orders to prevent disclosure and interception of federally administered redress.

I respectfully request that the Court file and docket this Complaint and accompanying documents as a new civil action. The filings include a completed **Application to Proceed In Forma Pauperis**, as I am unable to pay the standard filing fee at this time. Please find enclosed the following items for your review and docketing:

1. Original Civil Complaint (with Jury Demand)
2. Motion for Protective Order (under 5 U.S.C. § 552a and 31 U.S.C. § 1304)
3. Civil Cover Sheet (Form JS-44)
4. Notice of Related Case (Ninth Circuit Case No. 24-140)
5. Compliance Certification (Fed. R. Civ. P. 11 and Local Rule 11-1)
6. Certificate of Service (28 U.S.C. § 1746)
7. Request to Proceed In Forma Pauperis (Form CV-60)
8. One additional copy of each document for return with file-stamped cover page

If any additional information, forms, or revisions are needed for processing, please do not hesitate to notify me at the contact information listed above. I am prepared to respond promptly.

Thank you for your attention to this matter and for your assistance in processing this pro se filing.

Respectfully submitted,

/s/ **Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**DONOVAN J. FOSTER**

578 Washington Blvd

Marina del Rey, CA 90292

Email: fostermailbox@gmail.com

Phone: (212) 920-1477

**Pro Se Plaintiff**

**COMPLAINT FOR:**

- Declaratory and Injunctive Relief
- Mandamus
- Damages under the Federal Tort Claims Act
- Privacy Act Violations
- Administrative Procedure Act Violations

- **Motion for Protective Order** to Seal Financial Identity and Prevent State-Level Interference with Federal Disbursement

**DONOVAN J. FOSTER**,

Plaintiff,

v.

**UNITED STATES OF AMERICA;**

**UNITED STATES DEPARTMENT OF VETERANS AFFAIRS;**

**DENIS R. MCDONOUGH, in his official capacity;**

**UNITED STATES DEPARTMENT OF THE TREASURY;**

**SCOTT BESSENT , in her official capacity;**

**UNITED STATES DEPARTMENT OF JUSTICE;**

**PAMELA JO BONDI, in his official capacity;**

**LEXISNEXIS RISK SOLUTIONS, INC.;**

**RELX GROUP PLC;**

**THOMSON REUTERS CORPORATION;**

**S&P GLOBAL INC.;**

**EXPERIAN INFORMATION SOLUTIONS, INC.;**

**TRANSUNION LLC;**

**EQUIFAX INC.;**

**MARQUIS WHO'S WHO VENTURES LLC;**

**REED ELSEVIER INC.;**

**REED ELSEVIER GROUP PLC;**

**CLEAR (a Thomson Reuters product);**

**ACCURINT (a LexisNexis product);**

**WEST PUBLISHING CORPORATION;**

**DOES 1 through 50, inclusive.**

**, inclusive,**

**Defendants.**

Case No. ______________________

**JURY TRIAL DEMANDED**

**I. NATURE OF THE ACTION**

This civil action arises from the unauthorized dissemination, interception, profiling, and suppression of Plaintiff's identity and federally protected financial redress data. Plaintiff seeks:

- Declaratory and injunctive relief under the **Declaratory Judgment Act**, **Privacy Act**, and **APA**
- Damages under the **Federal Tort Claims Act (FTCA)**
- Mandamus relief to compel lawful disbursement of federal funds without state interference
- A protective order to seal financial identifiers and prevent future data exploitation

The conduct described herein involves systemic negligence, unconstitutional data flagging, and interference with Judgment Fund payments, culminating in a legally cognizable harm to Plaintiff's privacy, dignity, and federal rights.

## II. JURISDICTION AND VENUE

Jurisdiction is proper under:

- 28 U.S.C. § 1331 (Federal Question)
- 28 U.S.C. § 1346(b)(1) (FTCA)
- 28 U.S.C. § 1361 (Mandamus)

- 5 U.S.C. § 702 (APA)
- 5 U.S.C. § 552a(g)(1) (Privacy Act)
- 28 U.S.C. § 2201 (Declaratory Relief)

Venue is proper in this District under 28 U.S.C. § 1391(e)(1) because Plaintiff resides in this District and a substantial portion of the events and omissions occurred here.

## III. PARTIES

**Plaintiff**: Donovan J. Foster is a resident of Los Angeles County, California, and a victim of institutional negligence, financial suppression, and improper profiling arising from his federal medical claim and data exposure.

**Defendants**: Include federal departments, private data brokers, state agencies, and unknown individuals ("DOES 1–50") responsible for the management, dissemination, or interception of Plaintiff's identity and payment profile. Each defendant is sued in its official and, where applicable, corporate capacity.

## IV. FACTUAL BACKGROUND

1. Plaintiff served the United States honorably and sustained injuries during federal service.

2. The Department of Veterans Affairs (VA) lost or mislabeled his service records, causing a 9-year delay in diagnosis and treatment—constituting gross negligence.

3. Plaintiff filed a timely FTCA claim, which was constructively denied. Ninth Circuit Appeal No. 24-140 is pending.

4. Plaintiff is eligible for disbursement under **31 U.S.C. § 1304** (Judgment Fund).

5. Plaintiff's financial and identity data has been disseminated across federal and state systems, tagged via surveillance tools such as CLEAR, ACCURINT, and others.

6. Private vendors (e.g., LexisNexis, RELX, Thomson Reuters, S&P Global, Experian, TransUnion, Equifax) profiled Plaintiff's status and passed risk alerts to state-level agencies.

7. These data flows resulted in red-flagging, account blockage, and unlawful suppression of Plaintiff's access to lawful funds.

8. State actors (FTB, DSS, DPSS) leveraged this data to construct risk profiles, freeze entitlements, and attempt preemptive seizure of any incoming federal redress—violating **5 U.S.C. § 552a** and **31 C.F.R. § 285**.

## V. CLAIMS FOR RELIEF

### COUNT I – NEGLIGENCE (FTCA)

**28 U.S.C. §§ 1346(b), 2671–2680**

The VA failed its duty of care by mishandling medical records and delaying critical treatment, directly causing physical, emotional, and financial injury.

**COUNT II – ADMINISTRATIVE PROCEDURE ACT**

**5 U.S.C. §§ 701–706**

The Treasury, VA, and DOJ acted arbitrarily and capriciously by failing to protect Plaintiff's disbursement pathway and financial identity from improper interference.

**COUNT III – PRIVACY ACT**

**5 U.S.C. § 552a**

Defendants unlawfully accessed, flagged, and distributed Plaintiff's personal and financial data without consent, notice, or remedy, in violation of statutory safeguards.

**COUNT IV – DECLARATORY JUDGMENT**

**28 U.S.C. § 2201**

Plaintiff seeks a declaration that:

- Only Plaintiff is legally entitled to receive any FTCA disbursement arising from Case No. 24-140; and
- Any attempt by state or private actors to intercept these funds is void under the Supremacy Clause.

**COUNT V – MANDAMUS**

**28 U.S.C. § 1361**

Plaintiff requests an order compelling federal agencies to:

- Execute lawful disbursement directly to Plaintiff
- Prevent interception or diversion by state entities or flagged systems

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

A. A **judicial declaration** affirming Plaintiff's exclusive entitlement to FTCA disbursements

B. A **permanent injunction** halting all unauthorized data sharing or interception of Plaintiff's federal payments

C. A **Protective Order** sealing Plaintiff's identity and destination financial accounts from unauthorized access

D. **Monetary damages** exceeding $93,000,000 for physical injury, reputational damage, and privacy invasion

E. **Mandamus relief** compelling lawful execution of federal obligations

F. **Attorney's fees and costs**, and such other relief as the Court deems just and proper

## VII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

## VIII. MOTION FOR PROTECTIVE ORDER

Plaintiff moves under the Court's equitable powers and 5 U.S.C. § 552a(b) for a Protective Order:

1. Sealing all personally identifiable financial data and disbursement account information
2. Enjoining all federal, state, and private entities from red-flagging or preempting payment issuance
3. Mandating that disbursement be made only to Plaintiff or a designated trustee, without interception

## IX. NOTICE OF RELATED CASE

Plaintiff identifies **Foster v. United States**, Ninth Circuit Case No. 24-140, as a related action. No other parties are known to hold a direct financial interest in the matter.

## X. CERTIFICATE OF SERVICE

I, **Donovan J. Foster**, certify under penalty of perjury that on **August 5, 2025**, I served this Complaint and supporting documents via Certified Mail, Return Receipt Requested, to:

- United States Attorney, Central District of California
  300 N. Los Angeles Street, Suite 7516
  Los Angeles, CA 90012

- Attorney General of the United States
  U.S. Department of Justice
  950 Pennsylvania Avenue, NW
  Washington, DC 20530

- General Counsel, Department of Veterans Affairs
  810 Vermont Avenue NW (024)
  Washington, DC 20420

Dated: August 5, 2025

Respectfully submitted,

**/s/ Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

578 Washington Blvd

Marina del Rey, CA 90292

fostermailbox@gmail.com

(212) 920-1477

**CERTIFICATE OF SERVICE**

I, **Donovan J. Foster**, hereby certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that on **August 5, 2025**, I caused a true and correct copy of the following documents to be served:

- Civil Complaint
- Motion for Protective Order
- Civil Cover Sheet (Form JS-44)
- Notice of Related Case
- Certificate of Service
- Compliance Certification

by **United States Certified Mail, Return Receipt Requested**, properly addressed and postage prepaid, upon the following parties:

1. **United States Attorney for the Central District of California**

   ATTN: Civil Process Clerk

   300 North Los Angeles Street, Suite 7516

   Los Angeles, CA 90012

2. **Attorney General of the United States**

   U.S. Department of Justice

950 Pennsylvania Avenue, NW

Washington, DC 20530-0001

3. **Office of General Counsel**

U.S. Department of Veterans Affairs

810 Vermont Avenue NW (024)

Washington, DC 20420

Executed on this 5th day of August, 2025, at Marina del Rey, California.

Respectfully submitted,

/s/ **Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

578 Washington Blvd

Marina del Rey, CA 90292

Email: fostermailbox@gmail.com

Phone: (212) 920-1477

## COMPLIANCE CERTIFICATION

Pursuant to Fed. R. Civ. P. 8, 10, and 11, and Central District of California Local Rule 11-1, I, **Donovan J. Foster**, appearing pro se, certify that the accompanying Complaint and related filings:

1. **Comply with the Federal Rules of Civil Procedure**, the Local Rules of the Central District of California, and the CM/ECF formatting standards for federal submission;

2. Are **factually grounded and legally substantiated**, with claims arising under 28 U.S.C. §§ 1346(b), 1361, 2201, and 2671–2680; 5 U.S.C. §§ 552, 552a, and 701–706;

3. **Have been reviewed and prepared in accordance with the scholarly and professional standards** consistent with a summa cum laude graduate of Yale Law School;

4. Are not interposed for any improper purpose, and include claims for which factual and legal support exists or is likely to emerge after discovery;

5. Include protective language and redaction triggers for sensitive personally identifying information in compliance with privacy obligations under federal law;

6. Are formatted for docket intake, immediate judicial review, and, where necessary, sealing or injunctive relief under 31 U.S.C. § 1304 and 5 U.S.C. § 552a.

Executed this 5th day of August, 2025.

/s/ **Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

## MOTION TO SEAL UNDER LOCAL RULE 79-5

Plaintiff Donovan J. Foster respectfully moves this Court for an Order sealing portions of the case record that contain sensitive, personally identifiable, and financial information, pursuant to Local Rule 79-5 and the Court's inherent authority. This Motion is supported by the concurrently filed Complaint and Motion for Protective Order.

## I. RELIEF REQUESTED

Plaintiff requests that the following materials be filed under seal and maintained confidentially by the Court:

1. Any references to Plaintiff's financial accounts, nominee structures, or payment vehicles listed in exhibits or filings;
2. References to medical, tort-based, or reputational injuries that could be misused in public forums;
3. Payment tracking or Judgment Fund-related data identifying the time, manner, and structure of any distribution made under 31 U.S.C. § 1304.

## II. LEGAL STANDARD

Under Local Rule 79-5, a party seeking to file documents under seal must establish "good cause" or "compelling reasons" depending on the nature of the judicial record at issue. See *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir.

2006). As this case includes financial information, federal payments, and privacy-protected data, Plaintiff submits that compelling reasons exist to prevent misuse, interception, or unauthorized dissemination.

**III. GROUNDS FOR SEALING**

Plaintiff is seeking to:

- Avoid the interception of federal disbursement instructions by data aggregators or state surveillance systems;
- Prevent disclosure of Plaintiff's financial targeting profile to third-party intelligence or credit vendors;
- Comply with the Privacy Act (5 U.S.C. § 552a(b)) and ensure that Treasury's discretionary obligations under 31 U.S.C. § 1304 are not frustrated by external inference or garnishment attempts.

**IV. CONCLUSION**

For these reasons, Plaintiff respectfully requests the Court grant this Motion and issue an Order sealing the above-referenced materials and any future filings of a similar nature, subject to judicial review.

Respectfully submitted,

/s/ Donovan J. Foster

Donovan J. Foster

Pro Se Plaintiff

Dated: August 5, 2025

**CERTIFICATE OF SERVICE**

**[For Initial Complaint Filing – U.S. Central District of California]**

I, **Donovan J. Foster**, hereby certify under penalty of perjury, pursuant to **28 U.S.C. § 1746**, that on **August 5, 2025**, I caused a true and correct copy of the following documents:

- Civil Complaint
- Motion for Protective Order
- Civil Cover Sheet (Form JS-44)
- Notice of Related Case
- Certificate of Service
- Compliance Certification

to be served via **United States Certified Mail, Return Receipt Requested**, properly addressed and postage prepaid, upon the following parties as required for actions involving the United States and its agencies:

**1. United States Attorney for the Central District of California**

ATTN: Civil Process Clerk

300 North Los Angeles Street, Suite 7516

Los Angeles, CA 90012

**2. Attorney General of the United States**

U.S. Department of Justice

950 Pennsylvania Avenue, NW

Washington, DC 20530-0001

**3. Office of General Counsel**

U.S. Department of Veterans Affairs – Torts Law Group

810 Vermont Avenue NW (024)

Washington, DC 20420

Service to the following non-governmental defendants shall be effected pursuant to **Fed. R. Civ. P. 4(h) and (e)** upon issuance of summons or waiver service packages:

- LEXISNEXIS RISK SOLUTIONS, INC.
- RELX GROUP PLC
- THOMSON REUTERS CORPORATION
- S&P GLOBAL INC.
- EXPERIAN INFORMATION SOLUTIONS, INC.
- TRANSUNION LLC
- EQUIFAX INC.
- MARQUIS WHO'S WHO VENTURES LLC

- REED ELSEVIER INC.
- REED ELSEVIER GROUP PLC
- CLEAR (a Thomson Reuters product)
- ACCURINT (a LexisNexis product)
- WEST PUBLISHING CORPORATION
- DOES 1 through 50, inclusive

Executed on this **5th day of August, 2025**, at **Marina del Rey, California**.

Respectfully submitted,

**/s/ Donovan J. Foster**

Donovan J. Foster

Pro Se Plaintiff

**COMPLIANCE CERTIFICATION**

**[Filed Concurrently with Civil Complaint Pursuant to Fed. R. Civ. P. 11(b) and C.D. Cal. L.R. 11-1]**

I, **Donovan J. Foster**, the undersigned **Pro Se Plaintiff**, do hereby certify the following in connection with the filing of the accompanying **Civil Complaint**, **Motion for Protective Order**, and all related documents:

1. **GOOD FAITH**

   This filing is presented for proper purposes only, including the vindication of legal rights under federal law, and **not** for any improper purpose such as harassment, delay, or needlessly increasing the cost of litigation, in accordance with **Fed. R. Civ. P. 11(b)(1)**.

2. **LEGAL GROUNDS**

   All claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law, or the establishment of new law, in accordance with **Fed. R. Civ. P. 11(b)(2)**.

3. **FACTUAL SUPPORT**

   All factual contentions have evidentiary support or, where specifically identified, will likely have such support after a reasonable opportunity for further investigation or discovery, in accordance with **Fed. R. Civ. P. 11(b)(3)**.

4. **COMPLIANCE WITH FORMATTING AND LOCAL RULES**

This filing complies with the requirements of **Local Rule 11-3** (document format), **Local Rule 11-1** (signature and responsibility of counsel or pro se litigants), and is formatted in accordance with **federal court standards** and best practices for clerk intake and judicial review.

5. **JUDICIAL INTEGRITY AND PROFESSIONAL STANDARD**

This filing reflects the level of clarity, legal sufficiency, and structural compliance expected of a submission authored by a **summa cum laude graduate of Yale Law School**, ensuring that the Court, opposing counsel, and reviewing authorities may engage with the substance of the claims without distraction or procedural defect.

6. **CERTIFICATION UNDER PENALTY OF PERJURY**

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of August, 2025

at Marina del Rey, California.

/s/ **Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

578 Washington Blvd

Marina del Rey, CA 90292

fostermailbox@gmail.com

(212) 920-1477

## NOTICE OF RELATED CASE(S)

*(Pursuant to Local Rule 83-1.3)*

Plaintiff **Donovan J. Foster**, appearing pro se, respectfully submits this **Notice of Related Case(s)** pursuant to **Local Rule 83-1.3**, and states as follows:

### 1. IDENTIFICATION OF RELATED CASE

- **Title of Related Case:** *Foster v. United States of America*
- **Court:** United States Court of Appeals for the Ninth Circuit
- **Docket Number:** No. 24-140
- **Date Filed:** February 2024
- **Status:** Pending (Active Docket)
- **Appellant:** Donovan J. Foster
- **Appellee:** United States of America
- **Issues on Appeal:** Tort liability of the United States under the Federal Tort Claims Act (FTCA); procedural irregularities; medical record suppression; and systemic delays by the U.S. Department of Veterans Affairs.

### 2. BASIS FOR RELATEDNESS

This newly filed district court action arises directly from the same operative facts, parties, and administrative failures at issue in the Ninth Circuit appeal, including but not limited to:

- A nine-year delay in medical diagnosis caused by the VA's mismanagement or suppression of Plaintiff's medical records;
- Constructive denial and mishandling of Plaintiff's FTCA claim;
- Anticipated disbursement under the Judgment Fund pursuant to 31 U.S.C. § 1304;
- Alleged downstream data dissemination and interference by third-party data vendors, resulting in state-level interception or misclassification;
- Ongoing injury arising from the same administrative events and misconduct that form the core of the appellate matter.

Accordingly, these cases involve substantially similar parties, transactions, and legal questions, and may give rise to overlapping or conflicting rulings. Consolidation, coordination, or at minimum cross-referencing of the proceedings may enhance judicial efficiency and promote consistent resolution of material issues.

This notice is submitted in accordance with **Local Rule 83-1.3.1(a)–(b)**.

## 3. NO OTHER RELATED CASES IDENTIFIED

To the best of Plaintiff's knowledge and belief, there are no other currently pending federal or state cases involving the same parties or causes of action as those set forth in this civil complaint.

Executed this **5th day of August, 2025**
at **Marina del Rey, California**

Respectfully submitted,

**/s/ Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

**CERTIFICATE OF SERVICE**

I, Donovan J. Foster, hereby certify under penalty of perjury that on August 5, 2025, I caused a true and correct copy of the foregoing:

- Motion to Supplement the Record or, in the Alternative, for Judicial Notice of Material Evidence Establishing Falsity and Unreliability of Administrative Data;
- Exhibit A: Verified Complaint filed August 5, 2025;

to be served via the ACMS upon the following:

All registered ACMS lister participants.

/s/ Donovan J. Foster

Donovan J. Foster

Pro Se Appellant