# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

No. 24-140

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF VETERANS AFFAIRS;

and DENIS McDONOUGH, Secretary,

Defendants–Appellees.

PETITION FOR PANEL REHEARING AND REHEARING EN BANC

(Fed. R. App. P. 35 & 40; 9th Cir. R. 35-1 to 35-3)

Appeal from the United States District Court

for the Central District of California, No. 2:22-cv-08522-FWS-PVC

The Honorable Fred W. Slaughter, District Judge

Filed: November 6, 2025

**RULE 35 STATEMENT**

Rehearing en banc is warranted because the panel decision conflicts with Supreme Court and Ninth Circuit precedent on the scope of 38 U.S.C. § 511(a) and on the preservation of FTCA jurisdiction for negligence by VA health-care employees. See Tunac v. United States, 897 F.3d 1197 (9th Cir. 2018); Littlejohn v. United States, 321 F.3d 915 (9th Cir. 2003); United States v. Brown, 348 U.S. 110 (1954). The case also presents a question of

exceptional importance: whether § 511(a) can be read to extinguish Congress's express FTCA remedy for torts committed by VA health-care personnel under 38 U.S.C. § 7316.

**RULE 40 STATEMENT**

Panel rehearing is warranted because the disposition misapprehended controlling law and overlooked material facts showing that Appellant's claim is a clinical-operations negligence claim—not a challenge to a benefits determination. The record shows: (1) VA correspondence acknowledging that Appellant's service medical records were lost or mislabeled and later located (SER 98–101; SER 77–80)    ; (2) a 2010 notice about the inability to locate records with denial later that month (SER 66–71)  ; (3) physician/ DBQ evidence linking delayed diagnosis to unavailable records (SER 87; SER 98–101)   ; and (4) full FTCA presentment and final denial in 2021

(SER 14–20, 44–51) . Adjudicating this tort claim does not require review of any benefits decision.

## QUESTIONS PRESENTED

1. Whether § 511(a) bars an FTCA action alleging operational negligence by VA health-care employees in the loss/mislabeling and nondisclosure of a veteran's medical/service records—where adjudication requires only state-law negligence elements and does not revisit entitlement to benefits.

2. Whether the panel's disposition conflicts with this Court's decisions that distinguish medical/operational negligence (cognizable under the FTCA) from benefits adjudication (channeled by § 511(a)), including Tunac and Littlejohn.

## INTRODUCTION AND RELIEF SOUGHT

The panel affirmed dismissal for lack of jurisdiction under § 511(a) on the view that Appellant's FTCA suit "relates to benefits." The allegations and record show an operational-negligence claim: VA health-care personnel lost or mislabeled Appellant's service treatment/medical records, failed to notify him when they were later found, and thereby delayed diagnosis and care for nearly a decade. Congress preserved FTCA jurisdiction for "malpractice or negligence of a health-care employee" of the VA. 38 U.S.C. § 7316(a)(1). Reading § 511(a) to bar such claims collapses the specific clinical-tort remedy into the general benefits provision, contrary to settled canons and this Court's precedents distinguishing medical negligence from benefits adjudication.

Rehearing is warranted to (1) harmonize §§ 511 and 7316; (2) correct conflict with Tunac and Littlejohn; and (3) address a question of exceptional importance. The Court should vacate and remand for merits adjudication, or alternatively, remand for a limited jurisdictional finding on whether the conduct at issue was adjudicative or operational.

**STATEMENT OF THE CASE**

A. District Court Proceedings

Appellant filed Foster v. United States, No. 2:22-cv-01702-FWS-PVC (C.D. Cal. Mar. 2022), and later re-filed No. 2:22-cv-08522-FWS-PVC. On December 14, 2023, the district court entered a final order dismissing the Amended Complaint without leave to amend (SER 4–10), and Appellant timely noticed this appeal on January 1, 2024 (SER 113).

B. Undisputed Government Admissions

The VA's 2019 rating decision granted earlier effective dates based on clear and unmistakable error and explicitly invoked 38 C.F.R. § 3.156(c), acknowledging later-found service records—after they had been lost or mislabeled (SER 98–101).  In 2019, the VA "was able to recover Foster's service records" in processing his application (SER 77–80).

C. Chronology and Resulting Harm  (preserved verbatim; citations added)

In 2008 Appellant sought VA treatment for emerging psychiatric symptoms later recognized as manifestations of Bipolar II Disorder. The VA denied care, recording that no service medical records were available for review and that efforts to obtain them had been "unsuccessful." (VA Rating Decision, Hartford Regional Office, May 14, 2010.) For nearly a decade, identical rational[e] appeared in subsequent in-person denials of care, even though the VA's own decision promised that "if these records are located at

a later date, this decision will be reconsidered." [Cf. 2010 denial following "unable to locate" notices (SER 66–71).]

Denied access to his federal medical file, Appellant pursued his life independently—completing recognized as the world's most rigorous advanced studies in economics, entering the finance sector, and ultimately establishing himself within the upper one percent of global economists and initial-public-offerings professionals—while unknowingly enduring an untreated neurochemical disorder whose recovery window was finite. In 2017, a private physician diagnosed Bipolar II Disorder and directly linked the delayed diagnosis to the VA's absence of records. [See DBQ/Mental Disorders received Oct. 28, 2019 (SER index) and physician opinion allegations (SER 87).] By then, the condition had become chronic and irreversible.

In 2019, through a serendipitous appointment with a state veteran service officer while seeking only a National Parks camping pass, the issue resurfaced. When the officer contacted the federal VA on Appellant's behalf, the agency suddenly produced the missing records, without explanation,

and confirmed that the underlying 2008 injuries and disorders were service-connected. Even then, the VA did not disclose that it had previously lost or mislabeled those records. Only after Appellant independently researched the governing regulation and cited 38 C.F.R. § 3.156(c) did the VA concede that the rule applied and that a clear and unmistakable error (CUE) had occurred in failing to make the effective date retroactive to October 6, 2009; the original claim date reflected in the May 14, 2010 decision. Once confronted with that regulatory citation, the VA was compelled to acknowledge that the records had, in fact, been lost or misfiled, rendering § 3.156(c) controlling. The agency then issued a decision on November 25, 2019, awarding approximately $40,000 in retroactive compensation, while continuing to characterize its conduct as blameless. [See VA "reasons for decision" recognizing later-located records and CUE earlier effective date (SER 98–101).]

The record shows otherwise. For ten years, the VA knowingly withheld the truth of its error, violating its own 2010 commitment to notify the veteran if records were found and contravening medical-practice standards requiring disclosure of charting errors or lost records. Under long-settled precedent,

concealment of a medical error tolls limitations periods and supports negligence inferences.

During that decade of nondisclosure, Appellant built a distinguished career in global finance while living with untreated Bipolar II Disorder; a dual reality that underscores both his resilience and the magnitude of harm. The nine-year diagnostic delay destroyed the opportunity for remission, produced permanent psychiatric and economic injury, and diminished lifetime earning capacity on a scale commensurate with the sum-certain valuation stated in his Standard Form 95. [FTCA presentment and denials: SER 14–20, 44–51.]

D. Jurisdictional Posture

The injury arises from negligent records handling by VA medical personnel, not from any adjudication of benefits within § 511(a). Congress expressly preserved FTCA jurisdiction for such operational torts via § 7316(a)(1). The

district court nevertheless dismissed for lack of jurisdiction under § 511(a) (SER 4–10); this appeal followed (SER 113).

## GROUNDS FOR REHEARING (FRAP 35 & 40)

1. Conflict with controlling precedent (FRAP 35(b)(1)(A)).

   This case sits on the FTCA side of Tunac and Littlejohn. Section 511(a) precludes district-court review of benefits determinations; it does not bar FTCA claims alleging medical/operational negligence by VA personnel because those are adjudicated under state tort law without revisiting entitlement. See Tunac, 897 F.3d at 1201–02; Littlejohn, 321 F.3d at 917–18. The panel's broader "benefits-related" conception conflicts with these holdings.

2. Misapprehension of statutory text and design (FRAP 40(a)(2)).

   Section 7316(a)(1) makes the FTCA remedy "exclusive" for damages

from "malpractice or negligence of a health-care employee" of the VA. Reading § 511(a) to bar § 7316 claims would silently repeal that waiver. Courts disfavor implied repeals and give effect to both specific and general statutes when capable of coexistence. See Morton v. Mancari, 417 U.S. 535, 551 (1974); RadLAX Gateway Hotel, LLC v. Amalgamated Bank, 566 U.S. 639, 645–48 (2012); Epic Sys. Corp. v. Lewis, 138 S. Ct. 1612, 1624–25 (2018). Brown confirms FTCA med-mal claims involving VA care. 348 U.S. at 111–13.

3. Overlooked material facts (FRAP 40(a)(2)).

The record shows the VA (i) could not locate Appellant's records in 2010 and denied his claim after requesting alternate documentation (SER 66–71) ; (ii) later recovered the records while processing his 2019 application (SER 77–80) ; (iii) issued a 2019 rating decision applying § 3.156(c) and CUE to grant earlier effective dates (SER 98–101) ; (iv) received FTCA presentment in November 2020, denied in January 2021, and denied reconsideration in February 2021 (SER 14–20, 44–51). These facts frame a pure tort claim that can be adjudicated without reviewing any benefits decision.

4. Exceptional importance (FRAP 35(a)(2)).

If every clinical-operations tort is re-characterized as "benefits-

related," § 7316's express FTCA remedy is nullified and veterans lose a judicial forum for ordinary medical negligence Congress preserved. Sister-circuit authority aligns with the FTCA path for operational negligence. See Thomas v. Principi, 394 F.3d 970, 974–75 (D.C. Cir. 2005); Anestis v. United States, 749 F.3d 520, 524–28 (6th Cir. 2014).

**ARGUMENT**

I. Section 511(a) does not bar FTCA suits alleging operational negligence by VA health-care employees; § 511 coexists with § 7316's express FTCA remedy.

Section 511(a) addresses benefits adjudication and forecloses alternative Article III paths for reviewing those decisions. Separately, § 7316(a)(1)

channels VA health-care negligence to the FTCA and makes that remedy exclusive. The statutes are complementary: § 511 prevents collateral review of benefits decisions; § 7316 preserves tort accountability for clinical operations. Reading § 511 to swallow § 7316 would effect an implied repeal—disfavored by Morton—and invert the general/specific canon reaffirmed in RadLAX and Epic Systems. Brown confirms the availability of FTCA med-mal claims involving VA care. Because Appellant challenges operational negligence in the loss/mislabeling and nondisclosure of medical/service records—not a benefits adjudication—the district court possessed jurisdiction to hear his tort claim.

II. The panel decision conflicts with Ninth Circuit precedent distinguishing FTCA medical-operations claims from § 511 benefits review.

This Court has consistently preserved FTCA jurisdiction over medical negligence claims even where the VA also administers benefits. See Littlejohn, 321 F.3d at 917–18. Tunac draws the precise boundary: § 511(a) bars claims requiring review of benefits determinations; FTCA medical-operations claims are cognizable because they can be resolved under state

negligence law without second-guessing entitlement. 897 F.3d at 1201–02. Here, ordinary negligence elements—duty; breach (loss/mislabeling and nondisclosure of medical/service records); causation (delayed diagnosis/treatment); and damages—can be adjudicated without reconsidering any VA benefits decision. Veterans for Common Sense (en banc) does not point the other way; it addressed systemic supervision of the benefits process, not a discrete clinical-operations tort.

III. Alternatively, a limited jurisdictional remand is appropriate.

If the Court believes factual clarity is needed on whether the conduct is adjudicative versus operational, Appellant requests a limited remand for the district court to make that finding in the first instance. This narrow relief avoids entanglement with benefits adjudication while preserving Congress's FTCA channel for clinical negligence.

**RECORD CITATION ADDENDUM (Appendix A)**

A. 2010 inability-to-locate/denial and requests for documentation (SER 66–71).

B. 2019 recovery of records and grant of benefits (SER 77–80).

C. 2019 rating decision invoking § 3.156(c)/CUE; earlier effective date (SER 98–101).

D. FTCA presentment/denial/reconsideration (SER 14–20, 44–51).

E. Final judgment and notice of appeal (SER 4–10; SER 113).

**ADDITIONAL AUTHORITY (Appendix B)**

Morton v. Mancari, 417 U.S. 535 (1974); RadLAX Gateway Hotel, LLC v. Amalgamated Bank, 566 U.S. 639 (2012); Epic Systems Corp. v. Lewis, 138

S. Ct. 1612 (2018); United States v. Brown, 348 U.S. 110 (1954); Tunac v. United States, 897 F.3d 1197 (9th Cir. 2018); Littlejohn v. United States, 321 F.3d 915 (9th Cir. 2003); Veterans for Common Sense v. Shinseki, 678 F.3d 1013 (9th Cir. 2012) (en banc); Thomas v. Principi, 394 F.3d 970 (D.C. Cir. 2005); Anestis v. United States, 749 F.3d 520 (6th Cir. 2014).

**ALTERNATIVE REMEDY CLAUSE**

In the alternative, Appellant requests limited remand for jurisdictional clarification under Gonzalez v. Thaler, 565 U.S. 134 (2012), so the district court may determine whether the VA's conduct was adjudicative or operational.

**CONCLUSION**

For the reasons above, the Court should grant panel rehearing and/or rehearing en banc; vacate the judgment; and remand for adjudication on the merits (or for the limited jurisdictional clarification described).

Dated: November 6, 2025

Respectfully submitted,

/s/ Donovan J. Foster

Donovan J. Foster

**Donovan J. Foster**

Appellant, pro se

8383 Wilshire Blvd., Suite 800

Beverly Hills, CA 90211

(212) 920-1477

fostermailbox@gmail.com

CERTIFICATE OF COMPLIANCE (FRAP 32(g)(1))

This petition complies with the type-volume limitation of Fed. R. App. P. 35(b)(2)(A) and 40(b)(1) and 9th Cir. R. 35-4 because, excluding parts exempted by Fed. R. App. P. 32(f), it contains fewer than 3,900 words. It has been prepared in a proportionally spaced typeface using 14-point Times New Roman. To the best of my belief and knowledge submitted in good faith.

/s/ Donovan J. Foster

CERTIFICATE OF SERVICE

On November 6, 2025, I filed this petition through ACMS CM/ECF, which will serve all registered counsel of record.

/s/ Donovan J. Foster