**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**DONOVAN J. FOSTER, Appellant,**

**v.**

**UNITED STATES OF AMERICA; DEPARTMENT OF VETERANS AFFAIRS, Appellees.**

**Case No. 24-140 (appeal pending — petition for rehearing under submission)**

# NOTICE OF GOVERNMENT TORT LIABILITY AND REQUEST FOR JUDICIAL NOTICE

**(28 U.S.C. §§ 2671 et seq.; Fed. R. Evid. 201)**

## TABLE OF AUTHORITIES AND EXHIBITS

Statutes / Rules

- 28 U.S.C. §§ 1346(b)(1), 2671–2680 (Federal Tort Claims Act)
- 38 U.S.C. § 5103A (Duty to Assist)
- 44 U.S.C. § 3106 (Federal Records Act — record retention)
- Fed. R. Evid. 201 (b)(2), (c)(2) (Judicial Notice)
- Fed. R. App. P. 25(d), 27(a), 32(a)(7)(B)
- 9th Cir. R. 25-5(b), 32-1(c)
- 28 U.S.C. § 1746 (Unsworn Declaration under Penalty of Perjury)

**Exhibit**

A – VA Rating Decision (11 / 25 / 2019) — Admission of "lost or mislabeled service department records."

## PRELIMINARY STATEMENT

This Notice preserves for the appellate record the Department of Veterans Affairs' written admission of negligent loss or mislabeling of Appellant's service-department records, requests judicial notice of that admission, and establishes continuing government liability under the Federal Tort Claims Act.

## INTRODUCTION AND JURISDICTION

Appellant files this Notice while a Petition for Rehearing remains pending in Case No. 24-140. This filing is ancillary to the existing appeal and timely under Fed. R. App. P. 27(a). Jurisdiction lies under 28 U.S.C. § 1291, and this Notice supplements the record with facts subject to judicial notice under Fed. R. Evid. 201.

**I. AGENCY ADMISSION OF TORTIOUS CONDUCT**

The Department of Veterans Affairs, Veterans Benefits Administration, in its Rating Decision dated November 25, 2019, stated under "REASONS FOR DECISION":

"The grant is based on lost or mislabeled service department records." — VA Rating Decision (11 / 25 / 2019), at 2.

This statement is an official agency admission of negligence in the custody and control of federal records and a breach of statutory duties under 38 U.S.C. § 5103A and 44 U.S.C. § 3106. By its own terms the agency found earlier decisions "fatally flawed." Such admission constitutes tortious conduct under 28 U.S.C. § 1346(b)(1) and creates continuing liability for damages arising from the nine-year delay in benefits and medical review.

## II. CONTINUING INJURY AND REFUSAL TO PROVIDE CORRECTIVE CARE

After acknowledging its error, the VA declined every written settlement offer requesting authorization or funding of physician-prescribed corrective treatment. No corrective care has been provided, and injuries aggravated by that omission remain attributable to the United States under 28 U.S.C. § 2674 as a continuing tort. Appellant therefore places the Government on continuing notice that liability persists until the admitted injury is fully cured.

## III. REQUEST FOR JUDICIAL NOTICE

Under Fed. R. Evid. 201(b)(2), a court may take judicial notice of any fact "that can be accurately and readily determined from sources whose accuracy cannot

reasonably be questioned." The VA Rating Decision is such a record, being an official government document maintained by the Department of Veterans Affairs.

Pursuant to Rule 201(c)(2), Appellant requests that the Court notify all parties that judicial notice has been taken of the following adjudicative fact:

The Department of Veterans Affairs formally admitted in its November 25, 2019 Rating Decision that Appellant's service department records were "lost or mislabeled," causing prior adjudicatory error and resulting injury.

## IV. LEGAL AND EQUITABLE BASIS

1. Federal Liability — 28 U.S.C. § 1346(b)(1).
2. Duty to Assist and Safeguard Records — 38 U.S.C. § 5103A and 44 U.S.C. § 3106.

3. Continuing Tort Doctrine — Page v. United States, 729 F.2d 818 (11th Cir. 1984).

Accordingly, liability for damages and remedial care persists until the Government affirmatively cures the admitted injury.

## V. ATTACHMENT

| Exhibit | Description |
|---|---|
| A | VA Rating Decision dated Nov 25 2019 (VBA Los Angeles Regional Office) — official record containing the agency admission of "lost or mislabeled service department records." |

## VI. WHEREFORE CLAUSE / PRAYER FOR RELIEF

WHEREFORE, Appellant respectfully prays that this Honorable Court:

1. Take judicial notice under Fed. R. Evid. 201 of the agency's written admission described herein;
2. Incorporate this Notice and Exhibit A into the record of this appeal;
3. Declare that continuing injury resulting from the VA's admitted negligence remains actionable under 28 U.S.C. § 2674; and
4. Grant such further relief as justice and equity require.

This filing is made in good faith solely to preserve the appellate record and facilitate efficient judicial review.

## VII. VERIFICATION (28 U.S.C. § 1746)

I, Donovan J. Foster, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed on November 11, 2025, at Los Angeles, California.

/s/ Donovan J. Foster

## VIII. CERTIFICATE OF SERVICE

I certify that on this 11 day of November 2025, I filed the foregoing Notice using the Ninth Circuit Appellate CM/ECF (ACMS) system, which automatically serves all registered parties.

/s/ Donovan J. Foster

**IX. CERTIFICATE OF COMPLIANCE (9th Cir. R. 32-1(c))**

This filing contains approximately 1,430 words and complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) and 9th Cir. R. 32-1(c).

/s/ Donovan J. Foster

**APPENDIX OF CITED AUTHORITIES (Selected Text for Clerk Reference)**

28 U.S.C. § 1346(b)(1) — United States liable for injury caused by negligent or wrongful act of any employee acting within scope of employment.

28 U.S.C. § 2674 — United States shall be liable in the same manner and to the same extent as a private individual under like circumstances.

38 U.S.C. § 5103A — Secretary shall make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claim.

44 U.S.C. § 3106 — Heads of agencies shall notify the Archivist of any unlawful removal or destruction of records and initiate action to recover such records.

Fed. R. Evid. 201(b)(2) — Court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201(c)(2) — Court must take judicial notice if requested by a party and supplied with the necessary information.

Respectfully submitted,

/s/ Donovan J. Foster

578 Washington Blvd PMB 312

Marina Del Rey, CA 90292

legal@consumeraccountability.org

Date: November 11, 2025

**DEPARTMENT OF VETERANS AFFAIRS**
**Veterans Benefits Administration**
**Regional Office**

**DONOVAN FOSTER**

**VA File Number**
**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**

**Represented By:**
**CALIFORNIA DEPARTMENT OF VETERANS AFFAIRS**
**Rating Decision**
**11/25/2019**

## INTRODUCTION

The records reflect that you are a Veteran of the Gulf War Era. You served in the Army from October 10, 2007 to July 23, 2008. You filed a claim for increased evaluation that was received on August 29, 2019. Based on a review of the evidence listed below, we have made the following decision(s) on your claim.

## DECISION

1. Entitlement to an earlier effective date for service connection of adjustment disorder with depressed mood is granted because a clear and unmistakable error was made; therefore, a 30 percent evaluation is assigned effective October 6, 2009.

An evaluation of 50 percent is assigned from February 13, 2019.

An evaluation of 70 percent is assigned from July 26, 2019.

2. Service connection for missing part of the left pointer finger is granted with an evaluation of 0 percent effective October 6, 2009.

COPY MADE BY VARMC, ST. LOUIS FROM A RECORD IN VA'S POSSESSION

3. Service connection for posttraumatic stress disorder is denied.

4. The previous denial of service connection for back condition is confirmed and continued.

5. Service connection for right hip condition as secondary to back condition is denied.

6. Entitlement to Individual Unemployability is deferred.

## EVIDENCE

- VA 21-0966 Intent to File, received on July 26, 2019
- VA 21-526EZ, Fully Developed Claim (Compensation), received on August 29, 2019
- VA 21-4138 Statement In Support of Claim for rerference CFR 3.156(c), received on September 27, 2019
- Statement from MD, and affidavit provided by Veteran, received on October 16, 2019
- VA 21-0781, Statement in Support of Claim for PTSD, received on October 17, 2019
- Statement from Veteran and list of prescription medication, received on October 19, 2019
- Subsequent Development Letter, received on October 21, 2019
- VA Form 21-526EZ, received on October 22, 2019
- DBQ PSYCH Mental disorders, received on October 28, 2019
- VA letter concerning your claim, request for PTSD stressor, dated September 30, 2019
- Your written statement, received October 10, 2019
- Lay Evidence, Matt Sexter MD, LOA LGBT Center, dated May 1, 2019
- Lay Evidence, Keegan Wood, PMHNP, LA LGBT Center, includes medication list, dated June 19, 2019
- Section (§) 5103 Notice Response, received October 16, 2019
- VA Form 21-526EZ Veteran's Fully Developed Claim, incomplete, missing pages, received October 11, 2019
- VA Form 21-0781, Statement In Support Of Claim For Service Connection for Post-Traumatic Stress Disorder (PTSD), received October 17, 2019
- Your written statement, received October 19, 2019
- VA letter concerning your claim, dated October 23, 2019
- VA letter concerning your claim, dated November 1, 2019
- Rating Decision, dated May 14, 2010
- VA Form 21-526EZ Veteran's Fully Developed Claim, received February 13, 2019
- Service Treatment and Personnel Records, from October 10, 2007 through July 23, 2008
- VA Form 21-526, Veteran's Application for Compensation and/or Pension, received October 6, 2009
- Rating Decision, dated May 14, 2010
- DD Form 214, Certificate of Release or Discharge from Active Duty, from October 10, 2007 through July 23, 2008
- VAMC (Veterans Affairs Medical Center) treatment records, Los Angeles, from June 3, 2019 through November 4, 2019

COPY MADE BY VARMC, ST. LOUIS FROM A RECORD IN VA'S POSSESSION

## REASONS FOR DECISION

**1. Whether the effective date of compensation for adjustment disorder with depressed mood was a clear and unmistakable error.**

Clear and unmistakable errors are errors that are undebatable, so that it can be said that reasonable minds could only conclude that the previous decision was fatally flawed at the time it was made. A determination that there was clear and unmistakable error must be based on the record and the law that existed at the time of the prior decision. Once a determination is made that there was a clear and unmistakable error in a prior decision that would change the outcome, then that decision must be revised to conform to what the decision should have been. (38 CFR 3.105)

Per VA regulation, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim. Rating decision dated May 14, 2010, denied issue of depression based on unavailability of service treatment records. Service treatment records for period of October 10, 2007 to July 23, 2008 were retrieved from Joint Legacy Reviewer in 2019. Rating decision dated April 27, 2019, granted service connection for bipolar disorder based on the date we received a request to reopen your claim. The correct date of service connection should have been October 6, 2009, the date the previously disallowed claim was received because the grant is based on lost or mislabeled service department records, and the previously disallowed claim was received more than 1 year following separation from service.

Entitlement to an earlier effective date of October 6, 2009, for service connection for adjustment disorder with depressed mood has been granted based on the date we originally received our claim. (38 CFR 3.400, 38 CFR 3.156)

An evaluation of 30 percent is assigned from October 6, 2009.

We have assigned a 30 percent evaluation for your adjustment disorder] based on:
• Depressed mood
• Anxiety
• A mental condition has been formally diagnosed, but symptoms are not severe enough either to interfere with occupational and social functioning or to require continuous medication

The overall evidentiary record shows that the severity of your disability most closely approximates the criteria for a 30 percent disability evaluation. (38 CFR 4.7, 38 CFR 4.126)

An evaluation of 50 percent is assigned from February 13, 2019.

We have assigned a 50 percent evaluation for your bipolar disorder based on:

• Difficulty in adapting to stressful circumstances
• Difficulty in adapting to work

COPY MADE BY VARMC, ST. LOUIS FROM A RECORD IN VA'S POSSESSION

• Depressed mood
• Disturbances of motivation and mood
• Difficulty in adapting to a worklike setting
• Anxiety
• Occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and conversation normal)
• Difficulty in establishing and maintaining effective work and social relationships
• Chronic sleep impairment

The overall evidentiary record shows that the severity of your disability most closely approximates the criteria for a 50 percent disability evaluation. (38 CFR 4.7, 38 CFR 4.126)

The evaluation of bipolar II disorder with anxious distress is increased to 70 percent disabling effective July 26, 2019. (38 CFR 4.1, 38 CFR 3.400)

The effective date of this grant is July 26, 2019. Entitlement to an increased evaluation has been established from the date we received your notification of intent to file. When an increased evaluation is granted based on VA medical evidence showing an increase in disability after the date the claim was received, the effective date of the increase is the date the claim was received. (38 CFR 3.400, 38 CFR 3.155)

We have assigned a 70 percent evaluation for your bipolar II disorder with anxious distress based on:
• Difficulty in adapting to stressful circumstances
• Unprovoked irritability with periods of violence
• Difficulty in adapting to work
• Depressed mood
• Disturbances of motivation and mood
• Flattened affect
• Difficulty in adapting to a worklike setting
• Anxiety
• Difficulty in establishing and maintaining effective work and social relationships
• Impaired impulse control
• Chronic sleep impairment
• Occupational and social impairment with reduced reliability and productivity

The overall evidentiary record shows that the severity of your disability most closely approximates the criteria for a 70 percent disability evaluation. (38 CFR 4.7, 38 CFR 4.126)

A higher evaluation of 100 percent is not warranted for bipolar disorder unless the evidence shows total occupational and social impairment, due to such symptoms as:
• gross impairment in thought processes or communication
• persistent delusions or hallucinations
• grossly inappropriate behavior
• persistent danger of hurting self or others

COPY MADE BY VARMC, ST. LOUIS FROM A RECORD IN VA'S POSSESSION

• intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene)
• disorientation to time or place
• memory loss for names of close relatives, own occupation, or own name. (38 CFR 4.125, 38 CFR 4.126, 38 CFR 4.130)

Laws and Regulations applicable to this issue:

38 CFR §3.156 New and material evidence.
38 CFR §3.155 How to file a claim.

**2. Service connection for missing part of the left pointer finger as secondary to the service-connected disability of bipolar II disorder with anxious distress.**

Service connection for missing part of the pointer finger, left hand has been established as related to the service-connected disability of adjustment disorder. (38 CFR 3.310)

Based on your lay statement and private medical opinion service connection for your left index finger is service connected.

Per VA regulation, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim. 3.156

Therefore, the date of service connection is October 6, 2009, the date the previously disallowed claim was received because the grant is based on lost or mislabeled service department records, and the previously disallowed claim was received more than 1 year following separation from service. 3.156 (c)

A noncompensable evaluation is assigned from October 6, 2009.

We have assigned a 0 percent evaluation for your missing part of the pointer finger based on:
• Other areas of disfigurement not considered under another appropriate diagnostic code

Note: In every instance where the schedule does not provide a zero percent evaluation for a diagnostic code, a zero percent evaluation shall be assigned when the requirements for a compensable evaluation are not met. {38 CFR §4.31}

An additional, separate compensable evaluation under Diagnostic Code 7804 is not warranted unless there is at least one scar that is painful or unstable. (38 CFR 4.118)

This is the highest schedular evaluation allowed under the law for scars, other (including linear scars) and other effects of scars evaluated under diagnostic codes 7800, 7801, 7802, and 7804. (Historical 38 CFR 4.118 effective prior to August 13, 2018)

COPY MADE BY VARMC, ST. LOUIS FROM A RECORD IN VA'S POSSESSION

An examination has been requested to determine current symptoms.

**3. Service connection for posttraumatic stress disorder.**

Service connection may be granted for a disability which began in military service or was caused by some event or experience in service. Service connection for posttraumatic stress disorder is denied because the medical evidence of record fails to show that this disability has been clinically diagnosed. (38 CFR 3.303)

Service connection for post-traumatic stress disorder (PTSD) requires the presence of three elements: (1) credible supporting evidence that the claimed in-service stressor actually occurred; (2) a current diagnosis of PTSD; and (3) medical evidence of a causal connection between current symptoms and the claimed in-service stressor. For a stressor to be sufficient for PTSD, the stressor must meet two requirements: (1) you must have been exposed to a traumatic event in which you experienced, witnessed, or were confronted with an event or events that involved actual or threatened death or serious injury or threat to the physical integrity of yourself or others and (2) your response must have involved a psychological or physio-psychological state of fear, helplessness, or horror. Combat decorations will be accepted, in the absence of evidence to the contrary, as conclusive evidence of the claimed service stressor. Additionally, confirmed prisoner of war (POW) status is considered conclusive evidence of a stressor. In- service personal assault cases, may result in evidence from sources other than the veteran's service records to corroborate the veteran's account of the stressor incident. (38 CFR 3.303, 38 CFR 3.304)

We acknowledge receipt of your private medical opinion, which diagnosed your current disability. Some evidence supports your claim; however, we found other medical evidence more persuasive because a medical specialist in the appropriate field provided it. (38 CFR 4.6)

VA examination conducted by a psychologist noted the stressor provided to have caused the posttraumatic stress disorder, does not meet the criteria for posttraumatic stress disorder.

Your service treatment records do not contain complaints, treatment, or diagnosis for this condition. The evidence does not show an event, disease or injury in service. (38 CFR 3.303, 38 CFR 3.304)

Please note, you are currently service-connected bipolar disorder. The symptoms/manifestations associated with other mental health diagnosis overlap to a great extent and per VA regulations the manifestations of the same symptoms under various diagnoses is to be avoided, therefore, if a separate evaluation for additional mental health diagnosis will not be rendered.

The evidence does not show a current diagnosed disability.

Favorable Findings identified in this decision:

Private medical records reflect a diagnosis of posttraumatic stress disorder.

COPY MADE BY VARMC, ST. LOUIS FROM A RECORD IN VA'S POSSESSION

**4. Service connection for back condition.**

A claimant may file a supplemental claim by submitting or identifying new and relevant evidence. New evidence is evidence not previously part of the actual record before agency adjudicators. Relevant evidence means evidence that tends to prove or disprove a matter at issue in a claim. (38 CFR 3.2501) In support of your claim, new and relevant evidence has been received and your claim is now reconsidered.

You were previously denied as we did not have service treatment records for review. Per 3.156, if at any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim. Service treatment records were not previously considered, therefore, the claim for back condition is now be readdressed.

Service connection may be granted for a disability which began in military service or was caused by some event or experience in service. To satisfy the requirements for a finding of service connection as directly related to your military service, the following three elements must be present: (1) medical evidence showing a current disability, (2) evidence of incurrence or aggravation of the disability in service, and (3) medical evidence linking the current disability to in service findings or diagnosis.

While your service treatment records reflect complaints, treatment, or a diagnosis similar to that claimed, the medical evidence supports the conclusion that a persistent disability was not present in service. (38 CFR 3.303) There was no continuity of symptoms from service to the present. (38 CFR 3.303)

The evidence does not show a current diagnosed disability. The evidence does not support a change in our prior decision. Therefore, we are confirming the previous denial of this claim.

Favorable Findings identified in this decision:

The evidence shows that a qualifying event, injury, or disease had its onset during your service. Service treatment records from service period October 10, 2007 to July 23, 2008 show treatment for back pain.

Los Angeles VAMC records note one complaint of back pain.

Laws and Regulations applicable to this issue:

38 CFR §3.156 New and material evidence.

**5. Service connection for right hip condition as secondary to back condition.**

COPY MADE BY VARMC, ST. LOUIS FROM A RECORD IN VA'S POSSESSION

Service connection may be granted for a disease or injury which resulted from a service-connected disability or was aggravated thereby. The evidence does not show that back condition is related to service. Therefore, service-connection for right hip condition on a secondary basis to this condition cannot be established. There is also no evidence showing right hip condition was incurred in or aggravated by military service. (38 CFR 3.303, 38 CFR 3.306, 38 CFR 3.310)

Service department records. (1) Notwithstanding any other section in this part, at any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim, notwithstanding paragraph (a) of this section

Your service treatment records do not contain complaints, treatment, or diagnosis for this condition. The evidence does not show an event, disease or injury in service. (38 CFR 3.303, 38 CFR 3.304)

The evidence does not show that your condition resulted from, or was aggravated by, a service-connected disability. (38 CFR 3.303, 38 CFR 3.304) The evidence does not show a current diagnosed disability.

Favorable Findings identified in this decision:

Los Angeles VAMC records reflect one complaint of right hip pain.

**6. Entitlement to individual unemployability.**

The issue of whether or not you are entitled to Individual Unemployability is deferred for the following: completed VA Form 21-8940, Veteran's Application for Increased Compensation Based on Unemployability

**REFERENCES:**

Title 38 of the Code of Federal Regulations, Pensions, Bonuses and Veterans' Relief contains the regulations of the Department of Veterans Affairs which govern entitlement to all veteran benefits. For additional information regarding applicable laws and regulations, please consult your local library, or visit us at our website, www.va.gov.

COPY MADE BY VARMC, ST. LOUIS FROM A RECORD IN VA'S POSSESSION