**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| DONOVAN FOSTER,<br>Plaintiff-Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS;<br>DENIS McDONOUGH, Secretary,<br>Defendants-Appellees. | No. 24-140<br><br>D.C. No. 2:22-cv-08522-FWS-PVC<br><br>NOTICE OF INTENT AND MOTION FOR LIMITED LEAVE TO PRESENT A COLLATERAL RECORDS-ACCESS REQUEST AND FOR LIMITED MODIFICATION OF SEALING DIRECTIVE TO PERMIT REDACTED PUBLIC VERSIONS |

Plaintiff-Appellant Donovan Foster respectfully gives notice of his intent to seek narrowly limited public-access relief and moves, under Federal Rule of Appellate Procedure 27, for a threshold determination whether the Court will entertain a collateral records-access request in this closed appeal. Only if the Court permits that request to be considered does Foster ask the Court to review Docket Entry Nos. 29, 33, 45, and 57 and determine whether appropriately redacted public versions may be made available while unredacted material and protected identifiers remain under seal.

## I. PRECISE RELIEF REQUESTED

Foster requests an intentionally narrow, two-step order. First, because the Court's April 1, 2026 order states that "No further filings will be entertained in this closed case," Foster asks the Court to decide whether it will entertain this collateral request concerning the continuing sealing of its own docket materials. Second, and only if the threshold is satisfied, Foster asks the Court to determine whether the sealing directive may be narrowed by permitting public redacted versions of

Docket Entry Nos. 29, 33, 45, and 57 while retaining under seal any information that must remain protected.

This motion does not seek rehearing, reconsideration of the merits, recall or stay of the mandate, alteration of the judgment, supplementation of the merits record, or adjudication of any underlying tort, constitutional, human-rights, damages, or benefits claim.

## II. CONTROLLING PROCEDURAL POSTURE

On October 23, 2025, the Court issued its memorandum disposition in No. 24-140 and directed: “The clerk will maintain Docket Entry Nos. 29, 33, 45, and 57 under seal.” Foster v. United States, No. 24-140, Dkt. 66.1, at 3 (9th Cir. Oct. 23, 2025).

On April 1, 2026, the Court denied panel rehearing and rehearing en banc, denied all pending motions and requests, and ordered: “No further filings will be entertained in this closed case.” Order, No. 24-140, Dkt. 70.1 (9th Cir. Apr. 1, 2026).

On April 9, 2026, the mandate issued. Mandate, No. 24-140, Dkt. 71.1 (9th Cir. Apr. 9, 2026). Those directives are treated here as controlling. The motion therefore begins with the filing-bar question rather than assuming a post-closure exception.

**III. RULE 27 REQUIRES A MOTION, NOT A SELF-EXECUTING NOTICE**

Federal Rule of Appellate Procedure 27(a)(1) provides that an application for an order or other relief is made by motion unless the rules prescribe another form. Rule 27(a)(2)(A) requires the motion to state with particularity its grounds, the relief sought, and the legal argument necessary to support it. A notice cannot itself modify the October 23 sealing directive. Accordingly, this filing uses a motion as the operative request; the "notice" portions of this document are expressly non-self-executing.

If the April 1 filing bar forecloses even this collateral request, Foster respectfully asks the Court to deny the request on that ground or identify the proper procedural avenue, without reaching the requested modification of sealing.

**IV. PRIVACY LAW SUPPORTS A REDACTION-FIRST REQUEST**

Federal Rule of Appellate Procedure 25(a)(5) makes appellate privacy protection depend on the privacy rule governing the underlying proceeding and, in other proceedings, Federal Rule of Civil Procedure 5.2. Rule 5.2(a) protects specified personal identifiers, including Social Security numbers. Rule 5.2(d) further provides that a court may order a filing made under seal without redaction and may later unseal the filing or order the person who made it to file a redacted version for the public record.

The record in this matter includes sensitive personal identifiers. Foster therefore does not request wholesale public release of unredacted sealed material. He requests document-by-document review and public redacted versions only to the extent the Court determines redaction adequately protects the interests that warranted sealing. Any full Social Security number, other protected identifier, or information the Court determines must remain confidential should remain sealed.

## V. LIMITED CONTEXT AND ATTRIBUTION

The purpose of limited public access is not to reopen the merits. It is to permit an accurate public record, if the Court concludes that can be accomplished without compromising protected information. The accompanying declaration therefore confines itself to Foster's personal knowledge and attribution practices; it does not ask the Court to adjudicate the truth of any underlying allegation in this closed appeal.

In particular, Foster states that when he communicated concerns about conduct he attributed to California state actors and its effects on his financial and rehabilitative position, he deliberately did not attribute that conduct to the White House, the President, or the Department of Justice in the absence of evidence in hand sufficient to support that attribution. That distinction matters to the requested access because a redacted public record can preserve who was and was not being

accused without exposing protected identifiers or converting this filing into a new merits proceeding.

## VI. THE REQUEST LEAVES THE JUDGMENT AND MANDATE UNDISTURBED

This filing does not challenge the October 23 merits disposition or the April 9 mandate. It does not request a change in substantive adjudication, a new merits record, or review of any claim resolved or excluded by the disposition. The requested relief is confined to the status of the four docket entries the Court itself identified for continued sealing.

## VII. RELIEF REQUESTED

Foster respectfully requests that the Court: (1) determine whether it will entertain this limited collateral records-access request notwithstanding the April 1, 2026 filing bar; (2) if so, review Docket Entry Nos. 29, 33, 45, and 57 to determine whether the existing sealing can be narrowed; (3) where redaction is sufficient, permit or direct public redacted versions while retaining any unredacted versions under seal; (4) preserve all protections required by Federal Rule of Appellate Procedure 25(a)(5), Federal Rule of Civil Procedure 5.2, and the Court's case-specific sealing directive; and (5) grant no relief beyond that limited records-access determination.

## VIII. NOTICE OF REQUESTED UNSEALING - NON-SELF-EXECUTING

Foster gives notice that the requested unsealing relief is limited to the relief described above. This notice does not represent that Docket Entry Nos. 29, 33, 45, or 57 have been unsealed and does not alter any order of this Court. Unless and until the Court orders otherwise, the October 23 sealing directive, the April 1 filing bar, and the April 9 mandate remain controlling.

Dated: September 13, 2026

Respectfully submitted,

/s/ Donovan J. Foster
Donovan J. Foster
Plaintiff-Appellant, Pro Se
West Hollywood, California
Telephone: 1-212-920-1477
Email: fostermailbox@gmail.com

**DECLARATION OF DONOVAN J. FOSTER**
**LIMITED TO CONTEXT AND ATTRIBUTION**

I, Donovan J. Foster, declare under penalty of perjury under the laws of the United States of America as follows:

1. I am the Plaintiff-Appellant in this matter. I have personal knowledge of the facts stated in this declaration.

2. In communications I made to the Office of the United Nations High Commissioner for Human Rights, I described concerns regarding conduct that I attributed to California state actors and the financial and rehabilitative effects I believed that conduct had on me and on litigation-related circumstances.

3. In making those communications, I went out of my way to state that I was not attributing the conduct at issue to the White House, the President, or the Department of Justice where I did not then possess evidence sufficient to support such an attribution. I intended to distinguish what I had personally observed or could support from what I could not responsibly claim.

4. During the period relevant to those concerns, I had devoted approximately two years to private vocational rehabilitation and economic reentry. The events I associated with the concerns described above caused substantial stress and affected my sense of institutional security while I was attempting to maintain that rehabilitation effort.

5. I submit these facts only to explain the limited public-access interest and the importance of accurate attribution. I do not submit this declaration to reopen the merits, add a new claim, establish a human-rights violation, or ask the Court to adjudicate responsibility for the underlying conduct in this closed appeal.

Executed on September 13, 2026, at West Hollywood, California.

/s/ Donovan J. Foster
Donovan J. Foster

**CERTIFICATE OF COMPLIANCE**

I certify that this motion, excluding the accompanying declaration, certificates, and exhibits, contains 1033 words as counted by the word-processing system used to prepare it. It complies with the type-volume limitation applicable to motions under Federal Rule of Appellate Procedure 27(d)(2)(A).

**CERTIFICATE OF SERVICE**

I certify that this document is being submitted through the Court's Appellate Case Management System (ACMS). Upon filing, service on registered case participants will be accomplished through the Court's electronic filing system. If any participant is not registered for electronic service, I will serve that participant by a method permitted by Federal Rule of Appellate Procedure 25 and file any additional proof of service required by the Court.

Dated: September 13, 2026

/s/ Donovan J. Foster

Donovan J. Foster

**EXHIBIT LIST**

Exhibit A - Dkt. 66.1, Memorandum Disposition dated October 23, 2025 (sealing directive).

Exhibit B - Dkt. 70.1, Order dated April 1, 2026 (rehearing denied; no further filings in closed case).

Exhibit C - Dkt. 71.1, Mandate issued April 9, 2026.

**NOT FOR PUBLICATION**

FILED

OCT 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONOVAN FOSTER,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; DENIS MCDONOUGH, Secretary,

Defendants - Appellees.

No. 24-140

D.C. No. 2:22-cv-08522-FWS-PVC

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Submitted October 15, 2025**

Before: FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

Donovan Foster appeals pro se from the district court's order dismissing for lack of subject matter jurisdiction his action under the Federal Tort Claims Act

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

alleging negligence related to veterans' benefits. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(1). *Gila River Indian Cmty. v. U.S. Dep't of Veterans Affs.*, 899 F.3d 1076, 1078 (9th Cir. 2018). We affirm.

The district court properly dismissed Foster's action because his claims relate to benefits administered by the Department of Veterans Affairs ("VA"), and therefore the United States Court of Appeal for Veterans Claims and the Court of Appeals for the Federal Circuit have exclusive jurisdiction over them. *See* 38 U.S.C. § 511(a) (under the Veterans' Judicial Review Act ("VJRA"), the VA "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans"); *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1022-25 (9th Cir. 2012) (en banc) (explaining that the VJRA generally precludes district court jurisdiction over claims relating to or affecting veterans' benefits decisions, "even if the veteran dresses his claim as a constitutional challenge, and even where the veteran has challenged some other wrongful conduct that, although unrelated to the VA's ultimate decision on his claim, affected his or her benefits proceeding" (citations omitted)). However, a dismissal for lack of subject matter jurisdiction should be without prejudice. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th

Cir. 2017). We instruct the district court to amend the order to reflect that the dismissal of this action is without prejudice.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

The clerk will maintain Docket Entry Nos. 29, 33, 45, and 57 under seal.

**AFFIRMED with instructions to amend the order.**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 1 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONOVAN FOSTER,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA; et al.,

Defendants - Appellees.

No. 24-140

D.C. No. 2:22-cv-08522-FWS-PVC
Central District of California,
Los Angeles

ORDER

Before: FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

The panel has voted to deny the petition for panel rehearing.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. *See* Fed. R. App. P. 40.

The petition for panel rehearing and petition for rehearing en banc (Docket Entry No. 67) are denied.

All pending motions and requests are denied.

No further filings will be entertained in this closed case.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONOVAN FOSTER,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA; et al.,<br><br>Defendants - Appellees. | No. 24-140<br><br>D.C. No.<br>2:22-cv-08522-FWS-PVC<br><br>Central District of California,<br>Los Angeles<br><br>MANDATE |

The judgment of this Court, entered October 23, 2025, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

LEGAL REVIEW / RECORD INTEGRITY / ISSUE MAP

# FOSTER v. UNITED STATES

## Integrated Litigation Record & Institutional Legal Analysis

**Three-matter chain: C.D. Cal. 2:22-cv-01702-FWS-PVC | C.D. Cal. 2:22-cv-08522-FWS-PVC | Ninth Cir. 24-140**

Scope: complete unsealed/public source compilation available in the connected Drive record, augmented through the April 9, 2026 appellate mandate and the May 28, 2026 mandate-compliance district-court order.

| | |
|---|---|
| REVIEW POSTURE | Class B analytical memorandum; record facts, allegations, court rulings, and analytical inferences are separated. |
| RECORD AUTHORITY | Court-filed PDFs / docket report / appellate disposition / mandate. T1 record-dominant. |
| INTEGRITY RESULT | District Volumes 1 and 2 match the independent SHA-256 manifest exactly; all compiled PDFs are unencrypted. |
| SEALING CONTROL | Ninth Circuit Dkt. 66 states Dkt. 29, 33, 45, and 57 remain under seal. Those docket entries are absent from the 575-page public compilation used here. |
| MERITS STATUS | No court adjudicated the California/CDSS Do Not Pay allegations on the merits in this record. The Ninth Circuit denied all pending motions/requests without substantive analysis of those allegations. |
| CURRENTNESS | Public record compiled through May 28, 2026 district mandate-compliance order; analysis dated September 12, 2026. |

Prepared as a high-density ingestion memorandum. It is not a substitute for counsel's independent filing-level verification of authorities outside the assembled court record.

# 1. Executive conclusions

**Procedural chain.** The first action, 2:22-cv-01702, was filed March 15, 2022 as an FTCA negligence case. After service/default disputes, the court dismissed it without prejudice on November 21, 2022 for failure to prosecute/failure to comply with a court order. The related second action, 2:22-cv-08522, was filed the same day. The second action eventually became the vehicle for the jurisdictional ruling and Ninth Circuit appeal.

**Jurisdiction, not tort merits, controlled the result.** In 2:22-cv-08522 the district court dismissed the First Amended Complaint for lack of subject-matter jurisdiction under 38 U.S.C. § 511/VJRA. The Ninth Circuit affirmed on October 23, 2025, holding that the claims related to benefits administered by VA and that the specialized veterans-review pathway therefore controlled. The panel instructed the district court to change the dismissal from with prejudice to without prejudice. The district court did so on May 28, 2026.

**Emergency constitutional allegations were presented but not substantively adjudicated.** The public appellate record contains filings alleging that, while the appeal was pending, Gin Beverly Hills LLC was denied SBA access because of a Do Not Pay designation allegedly initiated by the California Department of Social Services without notice, hearing, adjudicated finding, rebuttal mechanism, or appeal. The filings characterized the resulting conduct as due-process, equal-protection, separation-of-powers, APA, and constitutional-tort concerns. The panel did not analyze those allegations on the merits. It stated that matters not distinctly raised in the opening brief or raised for the first time on appeal would not be considered, then stated: “All pending motions and requests are denied.”

**The record supports “no merits analysis,” not “no disposition.”** For forensic accuracy, the emergency materials were not left without any docket disposition: the panel summarily denied all pending motions and requests. What is absent is a reasoned merits determination of the California/DNP allegations. That distinction is important for any later characterization of exhaustion, preclusion, preservation, or judicial notice.

**Constitutional attribution must be actor-specific.** Because CDSS is a state entity, direct due-process and equal-protection constraints on CDSS arise principally through the Fourteenth Amendment. Fifth Amendment due-process/equal-protection principles apply to federal action, including any independently attributable Treasury/SBA implementation. The appellate filings used Fifth Amendment language broadly; a filing-grade theory should separate state from federal actors and identify the specific deprivation and process owed.

**International human-rights framing is legally useful as a norms map, not a substitute cause of action.** The alleged absence of notice, hearing, review, and effective remedy maps most closely to UDHR arts. 7, 8, and 10 and ICCPR arts. 2(3), 14(1), and 26; data/privacy allegations may additionally implicate UDHR art. 12 and ICCPR art. 17. Those instruments do not convert the record into an International Criminal Court case, and the ICC is not a general tribunal for ordinary due-process violations.

**The strongest adverse authority is already in the appellate disposition.** The Ninth Circuit relied on Veterans for Common Sense v. Shinseki for a broad rule that VJRA preclusion can reach constitutional labels and wrongful conduct that affects a benefits proceeding. Any renewed FTCA theory therefore needs a genuinely independent tort nucleus and remedy that does not require adjudicating a VA benefits question; otherwise jurisdictional issue-preclusion risk remains substantial.

## Decision-use takeaway

The strongest record-grounded point is not that the California allegations were judicially found true; they were not. It is that specific procedural-deprivation and retaliation allegations were placed in the appellate record, repeated across judicial-notice/amicus/emergency filings, and never received a reasoned merits treatment before the panel’s blanket denial. The strongest defense is that the panel expressly declined issues not properly preserved in the opening brief and that the alleged DNP events post-dated the district-court judgment, making appellate consideration procedurally difficult.

## 2. Three-case map and posture

| Matter | Core pleading / issue | Disposition | Merits reached? | Record significance |
|---|---|---|---|---|
| C.D. Cal. 2:22-cv-01702-FWS-PVC | FTCA negligence: alleged VA mishandling/loss of service records and resulting delayed diagnosis/treatment. | 11/21/2022 dismissal without prejudice for lack of prosecution / noncompliance after default activity. | No tort merits adjudication. | Establishes original tort theory, administrative-exhaustion allegations, and procedural history. |
| C.D. Cal. 2:22-cv-08522-FWS-PVC | Refiled/related FTCA action; FAC included due process, contract, malpractice, NIED, fraud, Privacy Act, fiduciary duty, negligent hiring/training. | 12/14/2023 dismissed for lack of subject-matter jurisdiction; 5/28/2026 amended to without prejudice after appellate mandate. | Jurisdiction decided; underlying tort liability not adjudicated. | Central VJRA/§511 ruling; source of 24-140. |
| Ninth Cir. 24-140 | Appeal of Rule 12(b)(1) jurisdictional dismissal; later judicial-notice/amicus/emergency materials concerning DNP/CDSS and alleged retaliation. | 10/23/2025 affirmed with instruction to amend dismissal to without prejudice; all pending motions/requests denied; mandate 4/9/2026. | No merits adjudication of DNP/CDSS allegations. | Binding result in this case; memorandum designated nonprecedential except as Ninth Cir. R. 36-3 permits. |

### Record status hierarchy

Court orders, the appellate memorandum, mandate, and CM/ECF docket report are treated as the primary procedural record. Party filings establish what was alleged or argued, not the truth of disputed factual propositions. The Drive manifest establishes byte-level identity for the two district volumes; it does not independently establish public availability. Public/unsealed status of the appellate compilation is cross-checked against the Ninth Circuit's own sealing directive and the absence of Dkt. 29, 33, 45, and 57 from the 575-page compilation.

## 3. Chronology: what happened

| Date | Event | Record consequence |
|---|---|---|
| 03/15/2022 | 2:22-cv-01702 filed | Complaint pleads FTCA negligence based on alleged VA loss/mislabeling of service records and resulting delayed diagnosis/treatment. [District Vol. 1, complaint] |
| 08/31/2022 | Clerk default activity | Clerk entered default against Secretary Denis McDonough and VA after service/default disputes. This was not a final merits judgment against the United States. [District Vol. 1, Dkt. 35] |
| 11/21/2022 | First action dismissed; second filed | Dkt. 38 dismissed 2:22-cv-01702 without prejudice for lack of prosecution/failure to comply. Related 2:22-cv-08522 was filed the same day. [District Vol. 1 p.130; District Vol. 2 opening] |
| 02/28/2023 | Agency/Secretary dismissed in second action | VA and Secretary dismissed with prejudice by stipulation, leaving United States as principal defendant. [CM/ECF Dkt. 14] |
| 05/12/2023 | Initial complaint dismissed with leave to amend | Court granted United States' motion to dismiss, dismissed without prejudice, and granted leave to amend. [CM/ECF Dkt. 25] |
| 06/12/2023 | FAC filed | First Amended Complaint becomes operative pleading. [CM/ECF Dkt. 29] |
| 12/14/2023 | Jurisdictional dismissal | Court grants motion to dismiss FAC for lack of subject-matter jurisdiction under VJRA/38 U.S.C. §511; order initially dismisses with prejudice. [District Vol. 2, Dkt. 62] |
| 01/04-09/2024 | Appeal opened | Notice of appeal filed; Ninth Circuit assigns No. 24-140. [Appellate record Dkt. 2] |
| 04/01/2024 | Counsel motion denied / opening brief accepted | Panel denies appointment-of-counsel request and files opening brief. [Appellate Dkts. 9-10] |
| 04/26-29/2024 | Summary-disposition motion / response | United States moves for summary disposition; Foster responds. [Appellate Dkts. 12, 14] |
| 07/24-08/14/2024 | Merits briefing completed | United States files answering brief; Foster later submits reply brief. [Appellate Dkts. 20, 25] |
| 04/23/2025 | Judicial-notice / amicus package | Filings allege DNP/SBA exclusion tied to CDSS, without adjudication/process, and characterize timing during appeal as economic retaliation/procedural sabotage. [Public appellate compilation pp. 158-191; Dkts. 47-48] |
| 05/03/2025 | Emergency motion package | Dkt. 53 repeats DNP/CDSS allegations, seeks emergency action/docket clarity, and frames due-process/equal-protection/separation-of-powers concerns. [Public appellate compilation pp. 334-382, including pp. 340, 343, 346, 360-361] |
| 08/11/2025 | Post-dismissal filing stricken | District court strikes a new post-dismissal complaint/IFP request, reasoning that the jurisdictional issue had already been litigated. [District Vol. 2, Dkt. 69] |
| 10/23/2025 | Ninth Circuit disposition | Panel affirms under VJRA/§511, directs dismissal without prejudice, declines improperly preserved/new appellate matters, denies all pending motions/requests, and maintains Dkts. 29, 33, 45, 57 under seal. [Public appellate compilation pp. 573-575; Dkt. 66] |
| 04/09/2026 | Mandate | Judgment takes effect under FRAP 41(a). [24-140 Dkt. 71.1] |
| 05/15/2026 | Mandate-compliance request | Foster files notice/request to amend Dkt. 62 and supporting declaration. [District Dkts. 74-75] |
| 05/28/2026 | District court complies | Dkt. 76 grants request; Dkt. 77 issues amended order dismissing FAC without prejudice and directing closure. [District Dkts. 76-77] |

# 4. Jurisdictional architecture and litigation risk

## A. What the Ninth Circuit actually held

The panel characterized the action as an FTCA suit "alleging negligence related to veterans' benefits," reviewed the Rule 12(b)(1) dismissal de novo, and held that the claims relate to benefits administered by VA. It therefore treated the Court of Appeals for Veterans Claims/Federal Circuit review scheme as exclusive. The panel cited 38 U.S.C. § 511(a), Gila River Indian Community v. U.S. Department of Veterans Affairs, 899 F.3d 1076 (9th Cir. 2018), and Veterans for Common Sense v. Shinseki, 678 F.3d 1013 (9th Cir. 2012) (en banc). [24-140 Dkt. 66.1, pp. 1-2; public compilation pp. 573-574]

The disposition then corrected one point favorable to Foster: a jurisdictional dismissal should be without prejudice. The mandate ultimately produced the May 28, 2026 amended district order. [24-140 Dkt. 66.1 p. 3; Dkt. 71.1; District Dkts. 76-77]

## B. The hard adverse rule

The panel quoted Veterans for Common Sense for the proposition that VJRA preclusion can apply even when a veteran labels the claim constitutional and even when other wrongful conduct, though unrelated to the VA's ultimate benefits decision, affected the benefits proceeding. In practical terms, relabeling the same factual nucleus as FTCA negligence, constitutional tort, or APA review does not by itself solve the jurisdictional problem. [24-140 Dkt. 66.1 p. 2]

## C. What "without prejudice" does and does not do

"Without prejudice" removes a merits-preclusion implication from the dismissal itself; it does not erase the adjudicated jurisdictional issue. The district court's August 11, 2025 Dkt. 69 expressly invoked jurisdictional issue preclusion when striking a substantially similar post-dismissal complaint. A renewed action therefore needs a jurisdictionally distinct theory, not merely a new caption or additional damages allegation. [District Vol. 2, Dkt. 69]

## D. Cleanest analytical distinction for future work

The potentially viable distinction is between (i) a claim that requires a court to decide entitlement to, adequacy of, or causation within VA benefits administration and (ii) an independent tort by government personnel whose duty, breach, injury, and damages can be adjudicated without revisiting a benefits determination. The existing appellate result shows that the present record did not persuade the panel that the case fell on the second side of that line. Any renewed theory should be tested element-by-element against § 511 and issue preclusion before pleading.

## E. Strongest opposition

The government's strongest position is that the alleged record-loss/mishandling injury is inseparable from the benefits process because causation and damages depend on what VA would have done with complete service records. The panel's adoption of the broad Veterans for Common Sense formulation materially strengthens that argument. The strongest response is that negligent custody/handling of records can be framed as antecedent operational misconduct and that some asserted injuries may exist independently of any benefits entitlement; however, that response is constrained by the actual affirmance in 24-140.

# 5. California / Do Not Pay emergency allegations: record map

The following are allegations in party/amicus filings, not adjudicated facts. The distinction is maintained throughout.

| Record assertion | Where presented | Constitutional / legal theory raised | Status |
|---|---|---|---|
| Gin Beverly Hills LLC was denied SBA participation after a Federal Do Not Pay flag allegedly initiated by CDSS, rather than a court or disqualifying federal adjudication. | Public appellate compilation p. 162; repeated at pp. 340, 389. | Procedural due process; retaliatory/interference theory; administrative legality. | Alleged; no merits finding. |
| No warning, hearing, adjudicated fraud/ineligibility finding, rebuttal mechanism, or appeal was allegedly provided. | Public compilation pp. 162, 168; Dkt. 53 sequence pp. 340, 346. | State action: Fourteenth Amendment procedural due process. Federal implementation: Fifth Amendment due process. | Alleged; process entitlement and protected interest not adjudicated. |
| Designation was allegedly imposed during the pendency of 24-140 after the FTCA litigation was underway. | Public compilation pp. 174, 181, 187; repeated in emergency package. | Retaliation/access-to-courts context; causation/timing inference. | Timing alleged; retaliatory motive not adjudicated. |
| Filings characterized VJRA-based exclusion from district court as constitutionally problematic, invoking due process, equal protection, and separation of powers. | Public compilation pp. 182, 186-187; repeated pp. 360-361, 409-410. | Fifth/Fourteenth Amendments depending actor; structural judicial-access theory. | Argument, not holding. |
| Emergency materials sought judicial notice/contextual consideration rather than treating the new DNP events as trial evidence of the original FTCA liability. | Dkts. 47-48, 53-54. | FRAP/Rule 201 procedural vehicle; preservation issue. | Panel declined new/improperly raised matters and denied all pending motions. |

### The exact appellate disposition

The panel stated: “We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.” It then stated: “All pending motions and requests are denied.” [24-140 Dkt. 66.1 p. 3; public compilation p. 575]

Therefore, the most defensible formulation is: the DNP/CDSS constitutional allegations were placed before the Ninth Circuit, but they received no reasoned merits analysis; pending requests were summarily denied in the final memorandum. Saying they were literally “never addressed” overstates the docket history because there was a blanket disposition.

# 6. U.S. constitutional issue analysis

## A. Fourteenth Amendment - state CDSS action

If CDSS itself initiated a government blacklist that altered a cognizable liberty/property interest, procedural due process would require analysis of (1) protected interest, (2) deprivation by state action, and (3) constitutionally adequate process. The record allegations of no notice, no hearing, no adjudicated basis, no rebuttal mechanism, and no appeal are directly relevant to the third element. The unresolved vulnerability is the first element: access to a discretionary SBA loan or program is not automatically a protected property entitlement; a liberty-interest/stigma-plus theory would require separate proof of governmental stigmatization plus a concrete alteration of legal status or opportunity.

Equal protection against CDSS is also a Fourteenth Amendment question. The record's broad "protected classification" language is insufficient by itself to establish heightened scrutiny. A filing-grade theory would need to identify the comparator/classification, the applicable level of scrutiny, and intentional differential treatment.

## B. Fifth Amendment - federal Treasury/SBA implementation

The Fifth Amendment is the correct direct due-process vehicle for independently attributable federal action. If Treasury/SBA enforced a DNP designation in a way that deprived a protected liberty/property interest, federal due-process analysis would focus on the federal decision mechanism, notice, opportunity to contest, and available review. Equal-protection principles also apply to the federal government through the Fifth Amendment's Due Process Clause. The record before 24-140 did not adjudicate those elements.

## C. First Amendment petition / access-to-courts retaliation

The emergency filings repeatedly tie the allegedly adverse economic action to the pendency of federal litigation. That timing can support investigation of a retaliation theory, but timing alone does not establish retaliatory motive. A filing-ready claim would require protected activity, materially adverse government action, causation, actor attribution, and defenses/immunities. The 24-140 panel made no finding on any of those elements.

## D. Separation of powers - refine the actor theory

The filings use separation-of-powers language to argue that executive agencies cannot make entire tort categories effectively unreviewable. That is strongest as a federal structural argument tied to Congress's VJRA/FTCA design and Article III jurisdiction. Applied directly to a California executive agency, "separation of powers" is imprecise; a state interference theory should instead identify the federal right or proceeding allegedly burdened and the constitutional/statutory mechanism that makes the state conduct unlawful.

## E. The preservation problem

Because the DNP events allegedly occurred after the district judgment, the appellate record itself presented a preservation/post-judgment-record problem. The Ninth Circuit's express refusal to consider matters not distinctly presented in the opening brief or raised first on appeal is the principal procedural answer. A later action based on new post-judgment conduct would need its own exhaustion, jurisdiction, limitations, defendant, immunity, and claim-preclusion analysis rather than assuming 24-140 adjudicated it.

# 7. U.N. / international human-rights issue map

This section maps the alleged conduct to international human-rights norms. It does not state that a U.N. body or U.S. court has adjudicated a treaty violation in this matter.

| Alleged conduct | Norm potentially implicated | Fit | Enforcement caveat |
|---|---|---|---|
| Government listing/exclusion without notice, hearing, or review. | UDHR arts. 8 and 10; ICCPR arts. 2(3) and 14(1). | Effective remedy / fair hearing concepts align with the procedural complaint. | UDHR is declaratory, not itself a U.S. cause of action. ICCPR domestic enforceability is limited by the U.S. non-self-executing declaration. |
| Unequal exclusion from government programs. | UDHR art. 7; ICCPR art. 26. | Equality before the law / nondiscrimination map to the asserted unequal-protection theory. | Requires proof of differential treatment and prohibited/arbitrary classification; not adjudicated here. |
| Government dissemination/use of personal status data without consent or process (as alleged in later state-claim materials). | UDHR art. 12; ICCPR art. 17. | Potential arbitrary/unlawful interference with privacy/reputation. | The 24-140 merits record did not adjudicate the underlying data facts or legality. |
| Deprivation of property/economic opportunity without adjudication. | UDHR art. 17. | Property norm is conceptually relevant to arbitrary deprivation. | ICCPR contains no general property-right analogue; do not miscite it as one. |

## Which international forum actually fits?

The International Criminal Court is not a general human-rights court. It prosecutes natural persons for genocide, crimes against humanity, war crimes, and aggression within the Rome Statute framework. Ordinary due-process, blacklisting, or economic-retaliation allegations do not become ICC crimes merely because they are framed as human-rights violations. No fact in this record establishes a Rome Statute threshold offense.

The U.N. Human Rights Committee monitors ICCPR compliance; it is not a criminal court. An individual-communications route depends on the relevant state's acceptance of the First Optional Protocol, which the United States has not ratified. U.N. Special Procedures can receive information/communications but do not issue criminal judgments. Separately, the Inter-American Commission on Human Rights is an OAS body, not a U.N. court, and is distinct from the Inter-American Court.

For the record presented here, the legally cognizable adjudicative routes remain domestic: the proper federal/state judicial or administrative forum for the actor and claim at issue, with international mechanisms serving at most as monitoring, reporting, or advocacy channels unless a separate jurisdictional basis exists.

## 8. “Apparent gaslighting” - forensic record assessment

The term is used here as the Principal’s requested forensic shorthand for a record-framing mismatch, not as a clinical diagnosis or a judicial finding of bad faith.

| Mismatch | Record support | Counter-explanation | Assessment |
|---|---|---|---|
| “Negligence tort” vs. “benefits claim.” | Complaints repeatedly frame operational negligence; panel characterizes claim as negligence related to benefits. | Veterans for Common Sense expressly allows VJRA preclusion even for other wrongful conduct affecting benefits proceedings. | A real framing conflict, but the court had an articulated doctrinal basis; the record does not establish deceptive intent. |
| Emergency DNP allegations presented vs. no reasoned merits response. | Dkts. 47-48 and 53-54 contain detailed CDSS/DNP allegations and constitutional framing. | Events arose after judgment; panel invoked opening-brief/new-on-appeal preservation rule. | Strong support for “no substantive merits engagement”; weaker support for “ignored entirely,” because all pending requests were denied. |
| Jurisdictional dismissal “with prejudice.” | District Dkt. 62 used with-prejudice disposition despite jurisdictional basis. | Appellate panel corrected it under ordinary jurisdictional-dismissal doctrine. | Concrete procedural error, corrected on appeal; not by itself evidence of bad faith. |
| Alleged state/federal blacklisting without process. | Party filings repeatedly allege no notice, hearing, adjudication, rebuttal, or appeal. | No adjudicated record establishes the initiating actor, governing DNP authority, protected interest, or available remedies. | Serious allegation warranting independent evidentiary development; currently allegation, not finding. |

### Institutional-risk formulation

The more defensible institutional-language formulation is: “The record reflects repeated reframing and summary procedural disposition of materially different asserted harms, producing an appearance of non-engagement from the litigant’s perspective; however, the appellate court supplied a jurisdictional/preservation rationale and the present record does not establish intentional deception.” This preserves the force of the point without converting inference into fact.

## 9. Venezuela / extradition comparison - verification status and legal fit

The connected Drive search did not identify a source establishing the specific current “President of Venezuela” extradition precedent referenced in the instruction. Live web verification is unavailable in this session. No current political/extradition proposition is therefore stated as fact in this memorandum without a docket, judicial order, treaty instrument, or other T1 source.

As a matter of legal architecture, an extradition or surrender proceeding involving a foreign head of state would ordinarily turn on criminal charges, extradition/surrender authority, treaty/statutory requirements, immunities, and the status of the requested person. That framework is not precedent for whether CDSS or a federal payment-screening system supplied constitutionally adequate process to a U.S. litigant/business. The analogy can be rhetorically powerful only after the specific case and holding are identified; until then it should not be cited as precedent.

If the intended comparator is an International Criminal Court surrender matter, the mismatch is even greater: the ICC’s subject-matter jurisdiction concerns core international crimes, not ordinary constitutional due-process claims. If the intended comparator is a U.S. criminal extradition matter, the controlling authority must be the actual extradition decision and treaty/statute applied. This packet leaves a marked source slot for that authority rather than hallucinating it.

## 10. Litigation-grade recommendations

**1. Separate actors and amendments.** Plead state CDSS conduct under the constitutional/statutory rules applicable to state action; plead any Treasury/SBA conduct under the rules applicable to federal action. Do not collapse Fourteenth- and Fifth-Amendment attribution.

**2. Treat the DNP episode as a separate post-judgment factual nucleus unless a procedural vehicle clearly allows otherwise.** The panel's preservation language is a warning against importing later events into an appeal of an earlier judgment. A new claim requires its own exhaustion/jurisdiction/limitations/immunity analysis.

**3. Build the protected-interest record before claiming a completed due-process violation.** Identify the statutory/regulatory basis for DNP placement, what legal status or program eligibility changed, what process existed, what notice was sent, which agency entered the data, and which agency relied on it.

**4. Develop causation for any retaliation theory independently of timing.** Obtain referral records, DNP source/agency codes, agency notes, notices, appeals logs, SBA denial data, and communications linking litigation activity to the adverse action. Temporal sequence is evidence; it is not the entire causation case.

**5. Frame 24-140 accurately.** State that the emergency constitutional allegations were submitted and later summarily denied without reasoned merits analysis. Avoid saying the court entered no disposition.

**6. Do not use international law as a substitute for domestic elements.** Use U.N. norms as interpretive/advocacy context unless and until a specific enforceable treaty/implementing statute/forum is established.

**7. Treat the May 28, 2026 amended order as the operative district disposition.** Any procedural history, res judicata, or future pleading should use the corrected "without prejudice" disposition and separately analyze jurisdictional issue preclusion.

**8. Source the extradition comparator before deployment.** Require a case number/order/treaty authority and identify the precise holding. Without that, label it an analogy, not precedent.

### Red-team vulnerabilities

The principal vulnerabilities are: VJRA/§511 preclusion; jurisdictional issue preclusion; post-judgment/new-on-appeal preservation; failure to identify a protected property/liberty interest; actor-attribution gaps between CDSS and federal DNP/SBA systems; sovereign/qualified immunity; lack of evidence of retaliatory motive; and attempting to transform non-self-executing international norms into direct domestic causes of action. Any filing that does not confront these points affirmatively is vulnerable to threshold dismissal before merits discovery.

## 11. Record-integrity audit and source manifest

Triple-check protocol used for the compiled PDF:

Control 1 - provenance: the two district volumes were taken from the Drive folder “CASE IN FULL JUNE 9 2026”; the appellate source was taken from the folder titled “Documents from Foster v. United States of America et al. Complete Unsealed 24-140 4.”

Control 2 - byte/page integrity: the district volumes are exactly 130 and 419 pages, unencrypted, and their SHA-256 digests exactly match the independent June 10 source-package manifest. The appellate public compilation is 575 pages, unencrypted, and spans Dkt. 2 through the Dkt. 66 disposition. The separate mandate is one unencrypted page.

Control 3 - sealing exclusion: the Ninth Circuit memorandum directs Dkts. 29, 33, 45, and 57 to remain under seal. A text-level docket-entry scan of the 575-page public compilation shows those four docket entry numbers are absent. References to “sealed” filings in public documents are retained because the references themselves are part of the unsealed/public record; the sealed docket entries themselves are not included.

| Source | Pages | SHA-256 | Integrity note |
|---|---|---|---|
| District Vol. 1 - 2:22-cv-01702 | 130 | d2e88d5144795d8a238d85e89bad71b7f99d7c989a7274cdf30aa34fe1556d68 | Matches independent manifest exactly; unencrypted. |
| District Vol. 2 - 2:22-cv-08522 | 419 | 01acff1f8c0017c6ca2a8c3c4e829fabeb678116a3e857058a5fc187677e6f3e | Matches independent manifest exactly; unencrypted. |
| 24-140 public appellate compilation | 575 | c9137477ce551da637e44b2df240ecdcab4a52eef6519e5c8057bf6a0082cf0f | Unencrypted; Dkts. 29/33/45/57 absent. |
| 24-140 mandate (04/09/2026) | 1 | 81e935875de998ae5fd71a8331cb45a56a2999e5c8b42ef9737d05311762ca9d | Unencrypted; FRAP 41(a) mandate. |
| District Dkt. 74 mandate-compliance request | 4 | 5307edbba50108ad5c74cadc99407e44ad6bc59d28be0777a6f24d9802d030b0 | Unencrypted. |
| District Dkt. 75 supporting declaration | 22 | ccde91a02f6ad2e72b21029f9a581f6de9f092d694900e4c5a2616c87a4acb45 | Unencrypted. |
| District Dkt. 76 order | 1 | a1f34b38969218df358c8369e7156077722e59f75fa752e8f6a893450ec36c70 | Unencrypted. |
| District Dkt. 77 amended order | 7 | 6081f772ee3625b78f03a302bc8d7db4251ffa85842c0f10a294a680bc136e10 | Unencrypted; operative without-prejudice order. |

### Important scope limitation

The 286,966,857-byte Drive file titled “24-140 Case File Complete.pdf” exceeds the connector’s 256 MiB download ceiling. The compilation therefore uses the 575-page public/unsealed appellate PDF that begins at Dkt. 2 and ends at Dkt. 66, plus the separate public mandate. This is consistent with the explicit “Complete Unsealed 24-140” folder and with the court’s sealing order, but it is not a live PACER export. For an external filing where completeness must be independently certified, counsel should re-run the docket against PACER/ACMS and confirm that every public attachment as of the filing date is represented.

# 12. Source-page ingestion guide

High-value pages in the appended source record:

| Topic | Source location | Why it matters |
|---|---|---|
| Original FTCA negligence theory | District Vol. 1, complaint beginning near source page 1 | Defines alleged duty/breach/injury and administrative-exhaustion theory. |
| First action dismissal | District Vol. 1, source page 130 (Dkt. 38) | Without-prejudice dismissal for failure to prosecute/noncompliance. |
| Second action jurisdictional record | District Vol. 2, Dkts. 43/62 and later Dkt. 70 reproduction | Core §511/VJRA dispute and ultimate appellate result. |
| Post-dismissal strike | District Vol. 2, Dkt. 69 near source pp. 415-417 | Express jurisdictional issue-preclusion reasoning. |
| DNP/CDSS allegation - initial public package | 24-140 public compilation pp. 158-191 | Judicial-notice/amicus materials; “no warning/no hearing” and retaliation theory. |
| Emergency motion Dkt. 53 | 24-140 public compilation pp. 334-382; especially 340, 343, 346, 360-361 | Repeated DNP/CDSS facts and constitutional framing. |
| Final appellate disposition | 24-140 public compilation pp. 573-575 | Affirmance, without-prejudice instruction, preservation sentence, blanket denial, sealing order. |
| Mandate | Separate one-page 24-140 Dkt. 71.1 | Judgment effective April 9, 2026. |
| Final corrected district order | District Dkt. 77 supplement | Operative dismissal without prejudice and closure. |

## Release assessment

PASS WITH RESERVATION. The core three-matter record is compiled and integrity-checked. The reservation concerns two external-verification items: (1) the connected Drive master appellate PDF exceeds the connector download ceiling, so the public 575-page compilation + mandate is used instead; and (2) the requested current Venezuela/extradition comparator cannot be independently live-verified because web access is disabled and no specific Drive authority was located. Neither limitation changes the court-record conclusions stated above.

**END OF ANALYTICAL MEMORANDUM - SOURCE RECORD FOLLOWS IN THE COMBINED PDF**

CLOSING RECORD STATEMENT

# 13. Human record: restraint, service, and agency

## A. Record-grounded baseline

Nothing in the assembled litigation record reviewed for this memorandum identifies a criminal or violent history attributable to Foster. That is a statement about this record, not an external criminal-history certification. Foster states that, despite years of asserted medical, institutional, financial, and procedural injury, he did not answer those events with crime or violence. The record instead reflects repeated resort to administrative claims, court filings, declarations, requests for review, and other lawful channels.

Foster describes his broader life in terms of military service, prior medic experience, work, charity, and an effort to uplift the communities of which he has been a part. The assembled court record does not independently catalogue every such contribution. The legally sound formulation is therefore narrow but important: the record before the reader contains sustained evidence of lawful process-seeking and does not supply a basis to equate emotional intensity with criminality or dangerousness.

## B. Disputed diagnosis, competence, and personal agency

Foster squarely disputes that Bipolar II accurately describes his present condition. He reports that, as a former medic, he self-managed aspects of the experience while drawing on a British cultural upbringing that he associates with privacy, endurance, restraint, and self-command; he identifies himself as both a British national and an American. This memorandum does not make an independent psychiatric diagnosis. For filing purposes, the point should remain what the record can support: the historical diagnostic characterization is disputed, and the present record does not convert that dispute into a judicial finding of incapacity.

Foster further contends that California actors attempted to displace, diminish, or redefine his agency and competence through state processes and labels he maintains were false or unsupported. That contention should be tested against the actual state records, statutory authority, notice, process, and competent evidence. It should not be inferred merely from forceful language, unconventional phrasing, pro se litigation, grief, anger, faith, or disagreement with government actors.

## C. The "Jason Bourne" formulation

Foster uses "Jason Bourne," "Jason Bourne-ing," and related phrasing as shorthand for what he describes as institutional recognition without institutional memory: being identified, processed, categorized, or acted upon while records necessary to explain his history were allegedly lost, mislabeled, unavailable, or inconsistently treated. Retaining the phrase preserves his voice. Legal precision requires the corresponding boundary: the phrase is a descriptor for Foster's lived account and theory of institutional dislocation; it is not offered as a finding that an intelligence operation or literal psychological operation occurred.

CLOSING RECORD STATEMENT

# 14. Record-supported harms and the coercive sequence

## A. Medical-record failure, disclosure, and access to private treatment

The original FTCA theory alleges an operational failure in the custody, labeling, availability, and use of service and medical records, followed by delayed diagnosis and treatment. Foster further maintains that the governing medical-negligence duties required accurate disclosure of what occurred so that he could make informed decisions and obtain appropriate private treatment. The courts did not adjudicate the underlying negligence merits. The Ninth Circuit resolved jurisdiction under the veterans-review framework; that jurisdictional disposition should not be restated as a factual finding that the alleged operational conduct did not occur.

Foster also asks that asserted irregularities in his discharge be evaluated under the statutes, regulations, records, and procedures governing the discharge itself rather than absorbed into a generalized benefits characterization. The present memorandum preserves that issue without declaring a discharge violation established where the assembled record does not contain a merits adjudication on that question.

## B. Financial coercion and state interference during active federal litigation

The appellate materials allege that, while 24-140 was pending, an SBA-access problem arose from a Federal Do Not Pay designation associated in the filings with the California Department of Social Services, without notice, hearing, adjudicated fraud finding, rebuttal mechanism, or appeal. Foster characterizes the timing and effect as financial coercion against an active federal litigant. The record supports that these allegations were presented; it does not establish retaliatory motive or unlawful coordination as an adjudicated fact.

The strongest aggressive position therefore does not depend on overstatement. It is that medical-record failure, alleged disclosure failures necessary to facilitate private treatment, asserted discharge irregularities, the later DNP/SBA exclusion, and state-level competence interventions are analytically distinct events. They should not be collapsed into a single benefits label merely because veterans' benefits appear elsewhere in the history. At the same time, any renewed claim must confront the Ninth Circuit's actual jurisdictional holding, actor-specific constitutional rules, exhaustion, immunity, preclusion, and proof of causation.

## C. What 24-140 resolved - and what it did not

The Ninth Circuit affirmed the jurisdictional dismissal, required that it be without prejudice, declined matters not properly preserved or first raised on appeal, and denied all pending motions and requests. That is the procedural result. It did not adjudicate the underlying tort merits, the truth of the California/DNP allegations, Foster's present medical self-characterization, or whether later state conduct independently violated law. The distinction is not rhetorical; it is the boundary between jurisdictional disposition and merits adjudication.

## D. Physician support and the asserted written acknowledgment

Foster states that he has carried these matters while remaining without the physician support he believes should have followed what he characterizes as a written acknowledgment of the underlying tort-related medical failure. This memorandum does not label that writing a binding judicial admission without document-specific analysis of its language, speaker, authority, and evidentiary effect. It preserves the point for that review rather than diluting or overstating it.

CLOSING RECORD STATEMENT

# 15. Moral injury, faith, and closing position

## A. The language Foster uses for the injury

Foster describes the enduring human condition of the experience not principally as mania or dangerousness, but as embitterment; moral injury; existential betrayal; radical and burdened rage; profound existential loneliness and grief; and severe moral and ethical anguish. Those terms are preserved because they state his account with precision. They are not offered here as DSM diagnoses and do not substitute for competent medical evidence where diagnosis or causation becomes material.

His position is that such emotions arose from the collision between service, trust, institutional duty, asserted medical injury, record loss, financial pressure, and repeated procedural non-engagement. The legal significance is limited but real: anger, grief, moral injury, and profound betrayal are not themselves evidence of criminality, violence, incapacity, or lack of credibility. Each proposition must be established, if material, by its own competent evidence.

## B. Faith, Frankl, and sources of restraint

Foster reports that throughout these events he remained "in the heart of the Lord and Jesus." He states that he has studied Viktor E. Frankl since grade school and draws from Frankl and Holocaust testimony a model of endurance, meaning, and moral choice under extreme suffering. As a former service member who accepted the grave obligations inherent in defending the American flag, including the possibility of lawful lethal force under military duty, Foster describes a conscious decision in civilian life to await what he understands as the Lord's hand rather than answer embitterment, rage, grief, or perceived betrayal with crime, violence, or retaliation.

He further reports that reading, conversations with neighbors, and seeking advice from others have been sources of comfort. Once the litigation is fully concluded, he states that he would value any public, non-case-specific reflection by a member of the appellate panel on how comparable human emotions can be carried, including any thoughts on Frankl's approach to suffering and meaning. That aspiration is not a request for ex parte communication, extra-record adjudication, or private judicial counseling.

## C. Closing proposition

> **The law should not mistake lawful suffering for dangerousness, moral injury for criminality, a disputed diagnosis for proven incapacity, or a jurisdictional disposition for a merits adjudication.**

That is the narrow, forceful closing position supported by the record and Foster's stated account. He maintains that he chose legal process, faith, service, study, neighbors, and community counsel over crime, violence, or retaliation; that he remains capable of articulating the injuries he says occurred; and that the alleged medical, financial, and state-agency harms should be judged on evidence and governing law rather than stereotype, shorthand, or pathologizing inference.

Filing-grade qualification. This closing statement preserves Foster's voice while separating court rulings from allegations, self-report from diagnosis, and inference from adjudicated fact. It adds no new merits finding to Sections 1-12 and should be read together with the jurisdictional, preservation, evidentiary, and source-status limitations already stated in the memorandum.

Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

Molly C. Dwyer
Clerk of Court

FILED

JAN 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## DOCKETING NOTICE

| | |
|---|---|
| Docket Number: | 24-140 |
| Originating Case Number: | 2:22-cv-08522-FWS-PVC |
| Short Title: | Foster v. United States of America, et al. |

Dear Appellant/Counsel

A copy of your notice of appeal/petition has been received in the Clerk's office of the United States Court of Appeals for the Ninth Circuit. The U.S. Court of Appeals docket number shown above has been assigned to this case. You must indicate this Court of Appeals docket number whenever you communicate with this court regarding this case.

Motions filed along with the notice of appeal in the district court are not automatically transferred to this court for filing. Any motions seeking relief from this court must be separately filed in this court's docket.

Please furnish this docket number immediately to the court reporter if you place an order, or have placed an order, for portions of the trial transcripts. The court reporter will need this docket number when communicating with this court.

**The $605 docketing fee remains due.** Failure to correct this deficiency within 14 days will result in the dismissal of this case for failure to prosecute. See 9th Cir. R. 42-1. The fee is payable to the district court.

**Failure of the appellant to comply with the time schedule order may result in dismissal of the appeal.**

**Please read the enclosed materials carefully.**

Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

Molly C. Dwyer
Clerk of Court

## TIME SCHEDULE ORDER

| | |
|---|---|
| Docket Number: | 24-140 |
| Originating Case Number: | 2:22-cv-08522-FWS-PVC |
| Case Title: | Foster v. United States of America, et al. |

**Friday, February 23, 2024**

| | |
|---|---|
| Donovan J. Foster | Appeal Opening Brief (No Transcript Due) |

**Monday, March 25, 2024**

| | |
|---|---|
| United States of America | Appeal Answering Brief (No Transcript Due) |
| United States Department of Veterans Affairs | Appeal Answering Brief (No Transcript Due) |
| Denis McDonough | Appeal Answering Brief (No Transcript Due) |

If there were reported hearings, the parties shall designate and, if necessary, cross-designate the transcripts pursuant to 9th Cir. R. 10-3.2. If there were no reported hearings, the transcript deadlines do not apply.

The optional reply may be filed within 21 days of service of the answering brief. See Fed. R. App. P. 31 and 9th Cir. R. 31-2.1.

**Failure of the appellant to comply with the time schedule order may result in automatic dismissal of the appeal. See 9th Cir. R. 42-1.**

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**Form 24. Motion for Appointment of Counsel**

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form24instructions.pdf*

**9th Cir. Case Number(s)** 24-140

**Case Name** Donovan J Foster V. United States et al

**Lower Court or Agency Case Number** 2:22-cv-08522-FWS-PVC

1. My name is Donovan J Foster
2. I am asking the court to appoint an attorney to help me with this case.
3. My fee status is as follows *(select one)*:

   ◯ The district court or this court granted my motion to proceed in forma pauperis.

   ◯ I filed a motion to proceed in forma pauperis but the court has not yet ruled on the motion.

   ◯ This motion is accompanied by a motion to proceed in forma pauperis.

   X I paid the filing fees for this case. However, I cannot afford an attorney for the following reasons:

   Due to the extreme complexities and nature of the case; the cost of an attorney qualified in this area of law is extremely prohibitive to me. I support myself with a small veteran's disability benefit.

4. Is this a civil appeal or petition for review? X Yes ◯ No

   If yes, attach an additional page(s) describing the issues on appeal.

My current mailing address

578 Washington Blvd NUM 312

City Marina Del Rey State CA Zip Code 90292

Prisoner Inmate or A Number (if applicable)

**Signature** [signature] **Date** 1/11/2024

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**ATTACHMENT Form 24. Motion for Appointment of Counsel**

Docket Number: 24-140

Originating Case Number: 2:22-cv-08522-FWS-PVC

Short Title: Foster v. United States of America, et al.

The issue on appeal is as follows:

Order by the United States District Court Central District of California granting Defendant's Motion to Dismiss with prejudice entered 12/15/2023.

Donovan J Foster
578 Washington Blvd NUM 312
Marina Del Rey, CA 90292
1-212-920-1477
Fostermailbox@gmail.com

Donovan Foster
578 Washington Blvd NUM 312
Marina Del Rey, CA 90292
1-212-920-1477
Fostermailbox@gmail.com

January 26, 2024

**UNITED STATES COURT OF APPEALS FOR THE NINTH DISTRICT**

Short Title: Foster v United States of America et al
Docket Number: 24-140

**Certificate of Service for Electronic Docket Submission System Filing**

I Donovan J Foster, a pro se appellant admitted to represent myself before the United States Court of Appeals for the Ninth District concerning the above referenced matter hereby certify that on January 11, 2024, I served the following document:

Document Description:
Motion for Appointment of Counsel
Recipient:
AUSA Johnathan Russell Blakey
Address:
Federal Building, Suite 7516 300 North Los Angeles Street Los Angeles, California 90012

I hereby certify that on January 11, 2024, a true and accurate copy of the aforementioned Motion for Appointment of Counsel was served upon AUSA Johnathan Russell Blakey at the above-mentioned address.

The method of service used was U.S. First Class Mail, in accordance with U.S. Code.

I further certify that a copy of the Motion for Appointment of Counsel was mailed to the recipient's address as provided above, and the document was properly sealed and posted for mailing on January 11, 2024.

Please find attached a true and accurate copy of the Motion for Appointment of Counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.



/s/ Donovan Foster
Donovan Foster
Fostermailbox@gmail.com
1-212-920-1477

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

## Form 24. Motion for Appointment of Counsel

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form24instructions.pdf*

**9th Cir. Case Number(s)** 24-140

**Case Name** Donovan J Foster V. United States et al

**Lower Court or Agency Case Number** 2:22-cv-08522-FWS-PVC

1. My name is Donovan J Foster
2. I am asking the court to appoint an attorney to help me with this case.
3. My fee status is as follows *(select one)*:

   ◯ The district court or this court granted my motion to proceed in forma pauperis.

   ◯ I filed a motion to proceed in forma pauperis but the court has not yet ruled on the motion.

   ◯ This motion is accompanied by a motion to proceed in forma pauperis.

   X I paid the filing fees for this case. However, I cannot afford an attorney for the following reasons:

   Due to the extreme complexities and nature of the case; the cost of an attorney qualified in this area of law is extremely prohibitive to me. I support myself with a small veteran's disability benefit.

4. Is this a civil appeal or petition for review? X Yes ◯ No

   If yes, attach an additional page(s) describing the issues on appeal.

My current mailing address

578 Washington Blvd NUM 312

City Marina Del Rey State CA Zip Code 90292

Prisoner Inmate or A Number (if applicable)

**Signature** [signature] **Date** 1/11/2024

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**ATTACHMENT Form 24. Motion for Appointment of Counsel**

Docket Number: 24-140

Originating Case Number: 2:22-cv-08522-FWS-PVC

Short Title: Foster v. United States of America, et al.

The issue on appeal is as follows:

Order by the United States District Court Central District of California granting Defendant's Motion to Dismiss with prejudice entered 12/15/2023.

Donovan J Foster
578 Washington Blvd NUM 312
Marina Del Rey, CA 90292
1-212-920-1477
Fostermailbox@gmail.com

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

Donovan J Foster
Appellant(s),

vs.

United States of America et. al.
Appellee(s).

9th Cir. Case No. 24-140

District Court or BAP Case No.
2:22-cv-08522-FWS-PVC

# APPELLANT'S INFORMAL OPENING BRIEF

*(attach additional sheets as necessary, up to a total of 50 pages including this form)*

**JURISDICTION.** This information helps the court determine if it can review your case.

1. Timeliness of Appeal:

   a. What is the date of the judgment or order that you want this court to review? Filed: December 14, 2023 Entered: December 15, 2023.

   b. Did you file any motion, other than for fees and costs, after the judgment was entered? Answer yes or no: No

      - If you did, on what date did you file the motion? Not Applicable
      - For prisoners or detainees, what date did you give the motion to prison authorities for mailing? Not Applicable
      - What date did the district court or bankruptcy appellate panel (BAP) decide the motion that you filed after judgment? Not Applicable

   c. What date did you file your notice of appeal? January 1, 2024

      - For prisoners or detainees, what date did you give your notice of appeal to prison authorities for mailing? Not Applicable

9. **Other Pending Cases.** Do you have any other cases pending in the court of appeals? If so, give the name and docket number of each case.

No, I do not have any other cases pending in the court of appeals.

10. **Previous Cases.** Have you filed any previous cases that the court of appeals has decided? If so, give the name and docket number of each case.

No, I have not filed any previous cases that the court of appeals has decided.

Donovan J. Foster
Name

s/Donovan J Foster
Signature

578 Washington Blvd NUM 312
Marina Del Rey, CA 90292
Address

February 11, 2024
Date

**FACTS.** Include all facts that the court needs to know to decide your case.

2. What are the facts of your case?

Please see Attachment A

**PROCEEDINGS BEFORE THE DISTRICT COURT OR THE BAP.** In this section, we ask you about what happened before you filed your notice of appeal with this court.

3. What did you ask the district court or the BAP to do—for example, did you ask the court to award money damages, issue an injunction, or provide some other type of relief?

I asked the court for the following:
1. Hold Appelle liable for the harm and damages caused to the Appellant.
2. Award appropriate compensation to Appellant (not to exceed the sum certain).
3. Award Appellant their costs and expenses incurred in this action.
4. Grant such other and further relief as the court deems just and proper.

4. What legal claim or claims did you raise in the district court or at the BAP?

Personal Injury, medical negligence, damages.

5. **Exhaustion of Administrative Remedies.** For prisoners, did you use up all administrative remedies for each claim before you filed your complaint in the district court? If you did not, please tell us why.

Not Applicable

**PROCEEDINGS BEFORE THE COURT OF APPEALS.** In this section, we ask you about issues related to this case before the court of appeals and any previous cases you have had in this court.

6. What issues are you asking the court to review in this case? What do you think the district court or the BAP did wrong?

I am asking the court to review the case in it's entirety particularly the United States District Court decision to grant the Defendant's Motion to Dismiss the Plaintiff's First Amended Complaint entered 12/15/2023. I believe the district court did not apply the law or applicable precedent setting appeals court case law correctly in my case.

7. Did you present all issues listed in Question 6 to the district court or the BAP? No

Answer yes or no: No. If not, why not?

The case was dismissed with prejudice precluding me from raising the issue with the federal district court.

8. What law supports these issues on appeal? (You may refer to cases and statutes, but you are not required to do so.)

Please see Attachment B

9. **Other Pending Cases.** Do you have any other cases pending in the court of appeals? If so, give the name and docket number of each case.

No, I do not have any other cases pending in the court of appeals.

10. **Previous Cases.** Have you filed any previous cases that the court of appeals has decided? If so, give the name and docket number of each case.

No, I have not filed any previous cases that the court of appeals has decided.

Donovan J. Foster
Name

s/Donovan J Foster
Signature

578 Washington Blvd NUM 312
Marina Del Rey, CA 90292
Address

February 11, 2024
Date

2. What are the facts of your case?

The Appellant is Donovan J Foster a United States Armed Forces veteran who resident in Los Angeles, CA. The Appellee is United States of America a sovereign entity that waived sovereign immunity under the Federal Torts Claims Act. The Appellee's stonewalling attempts makes it difficult to know the facts of the case. This is what I know as the victim of the admitted to in writing negligence, medical negligence, medical malpractice, etc.

In the United States Department of Veterans Affairs Decision Letter dated November 25, 2019 I was informed for the first time that my military service department records to include service treatment records (medical records) had been lost or mislabeled. The harms that were caused by this negligence, medical negligence, malpractice, etc. are unquantifiable, infinite, and endless.

One of the more extreme harms caused by the Appellee's negligence, medical negligence, malpractice etc. is that the "losing or mislabeling" of my service treatment records (medical records) caused a nine year delayed diagnosis of a very serious disorder.

Due to the unquantifiable, infinite, and endless harm I experienced because of the Appellee's negligence, medical negligence, malpractice etc. I timely filed on October 16, 2020 Standard Form 95 concerning the matter with both the National Archives and Records Administration and the United States Department of Veterans Affairs. January 6, 2021 the United States Department of Veterans Affairs responded to my October 16, 2020 FTCA Claim with a denial. I then submitted a Reconsideration Request on June 2, 2021 which was denied September 21, 2021 exhausting all administrative remedies.

Promptly I filed a Complaint with the United States District Court for the Central District of California concerning the negligence, medical negligence, malpractice etc. Case #: 2:22-cv-01702-FWS-PVC. I had a rogue lawyer who did not prosecute my case despite my many documented demands for her to comply with the court's orders because of this Case #: 2:22-cv-01702-FWS-PVC was dismissed without prejudice for Lack of Prosecution on November 21, 2022. This attorney did refile the identical case on the same day November 21, 2022 Case #:2:22-cv-08522-FWS-PVC.

The claim comes now before the United States Court of Appeals for the Ninth Circuit because the lower court granted the Appellee's Motion to Dismiss

Plaintiff's First Amended Complaint with prejudice for lack of jurisdiction; as I understand the ruling.

However, 38 U.S.C.S.§ 7316 is clear and unambiguous; at the bare minimum a plaintiff may bring medical malpractice and negligence claims against a "health care employee" to include clerks under the Federal Tort Claims Act. see Anestis v. United States, 749 F.3d 520, 524, 528 (6th Cir. 2014) (holding that a veteran could bring an FTCA claim for medical malpractice against a VA intake clerk).

In addition, 38 U.S.C.S.§ 7316 makes it abundantly clear when a Plaintiff brings an action against a VA health care employee alleging injury from a negligent medical decision the action may proceed under the FTCA and is not barred by the Veterans' Judicial Review Act (VJRA).

As the victim of these unfortunate acts of negligence, medical negligence, malpractice etc.  I feel like my voice can not be heard at all. Everyone involved in the claim is saying that the claim is about "benefits" or is about something else that is precluded by 38 USC § 511 while I am pleading and shouting as loud as I can but nobody can hear me; that this claim this pursuit for justice, this pursuit for accountability has nothing to do with United States Department of Veterans Affairs benefits, which I gratefully have fully awarded, or, United States Department of

Veterans Affairs denial decision of a 2009 claim. This case is about the tortious conduct of the Appellee i.e. negligence, medical negligence, malpractice etc. I am only seeking recourse and damages for the tortious conduct for which the Appellee can be held liable for under the law.

Just because the United States Department of Veterans Affairs cannot be held liable for a delay in benefits they are NOT ABSOLVED of liability from harms inflicted by their negligence, medical negligence, malpractice, etc.

Simply put, Somebody in the employ of the Appellee lost or mislabeled my military service department records to include service treatment records (medical records) for 10 years, and never informed me when the records were found. Causing unquantifiable, infinite, endless harm. All the while, concealing their involvement in the “unavailability" of my records.

The responsible parties need to go to prison for malfeasance concerning records and their employer the Appellee needs to be brought to Justice and held accountable for the unquantifiable, infinite, and endless harms caused by the Appellee’s negligence, medical negligence, malpractice etc.

Somebody in the employ of the Appellee who had a legal duty to me breached that duty, and, caused unquantifiable, infinite, endless harm. This person(s) is the proximate cause of harm to me. This person(s) in the employ of the Appellee actions are the cause-in-fact of harm to me. I would simply like to pursue a tort claim for the admitted negligence, medical negligence, malpractice etc. as permitted under the FTCA.

Accountability is imposed by Congress through the FTCA. The United States District Court is the only court in which a victim of negligence, medical negligence, malpractice etc can seek recourse and damages when the employer of the perpetrator is unfortunately the country I Love the United States of America.

38 U.S.C.S.§ 7316 clearly gives jurisdiction to federal district courts; notwithstanding the United States District Court for the Central District found in favor of the Appellee and granted the Appellee's Motion to Dismiss Plaintiff's First Amended Complaint. At which time I filed a Notice of Appeal with The Ninth Circuit Court of Appeals.

The Appellee has successfully mischaracterized and falsely defined the victim's narrative and voice particularly as to why the victim is seeking damages, in a

attempt to evade the jurisdiction conferred on federal district courts by the Federal Torts Claims Act.

8. What law supports these issues on appeal? (You may refer to cases and statutes, but you are not required to do so.)

United States Court of Appeals for the Ninth Circuit and sister circuits have found that individual veterans can bring claims for medical negligence, negligence, and malpractice under the FTCA. Especially as in this claim where "benefits" have already been fully awarded.

"The FTCA allows private tort actions against the United States where, if the United States were a private person, it would be liable to the claimant according to the law of the place where a particular act or omission occurred. The FTCA is codified at 28 U.S.C. Chapter 171" . If this was a

private medical provider in California and they among other things, lost someone's medical records for 10 years, failed to notify them when the medical records were found, and caused a 9 year delayed diagnosis as in this claim there would be no question of liability. The Appellee here is held to the same standard.

In Tunac v United States of America The Ninth Circuit Court of Appeals found "Notwithstanding the expansive scope of 38 U.S.C. § 511 preclusion of judicial review, VCS acknowledged that we continue to have jurisdiction to hear some claims brought by individual veterans under the FTCA. See id. at 1023 & n.13. The FTCA gives district courts "exclusive jurisdiction of civil actions on

claims against the United States, for money damages,… for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. " 28 U.S.C. § 1346(b)(1). We noted in VCS that we had previously considered a veteran's FTCA claim and held that jurisdiction was appropriate because his claim that he did not receive a timely and correct diagnosis "would not 'possibly have any effect on the benefits [the veteran] has already been awarded."  (quoting and citing Littlejohn v. United States, 321 F.3d 915, 921 (9th Cir. 2003)). VCS therefore recognized that the FTCA "specifically confers

jurisdiction on federal district courts to hear" claims involving medical negligence.

Sister circuits have found similarly the Department of Veterans Affairs can be held liable under the FTCA in District Court for negligence and malpractice. “In Thomas v. Principi, for instance, the D.C. Circuit held that it had jurisdiction under the FTCA over the veteran's claims that the VA negligently failed to inform the veteran about his diagnosis. See 394 F.3d 970, 973-75 (D.C. Cir. 2005). While acknowledging the broad definition of "benefit" in § 511, the D.C. Circuit rejected "any implication that all action or inaction by the VA represents a type of 'service, and therefore automatically constitutes a

“benefit” Id. at 975. For instance, “if a VA doctor left a sponge inside a patient during surgery, section 511 would permit an FTCA malpractice suit in district court. " Id. The D.C. Circuit ultimately concluded that the veteran's negligence and malpractice claims did not raise any "questions of law [or] fact necessary to a decision by the Secretary under a law that affects the provision of benefits" for purposes of § 511, and that the claims could therefore proceed under the FTCA. Id. at 974-75 (alteration in original)

It is clear I am allowed to lodge a claim against the Appellee in Federal district court for malpractice, medical negligence, and negligence under the FTCA. Jurisdiction

is proper as I assert it with United States District Court for the Central District of California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC Date: December 14, 2023

Title: Donovan J. Foster v. The United States of America *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Melissa H. Kunig | N/A |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [43]**

Before the court is Defendant United States of America's ("Defendant") Motion to Dismiss Plaintiff Donovan J. Foster's ("Plaintiff") First Amended Complaint ("Motion" or "Mot.").[1] (Dkt. 43.) On September 11, 2023, Plaintiff opposed the Motion ("Opposition" or "Opp."). (Dkt. 58.) On September 14, 2023, Defendant filed a Reply ("Reply"). (Dkt. 60.) On September 25, 2023, having found the matter appropriate for decision without oral argument, the court took the matter under submission. (Dkt. 61.) Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion and **DISMISSES WITH PREJUDICE** the First Amended Complaint.

## I. Procedural Background

The court briefly reviews the relevant procedural history of this case. On November 21, 2022, Plaintiff filed a Complaint alleging he is a U.S. Army veteran who suffers from Bipolar II Disorder and Post-Traumatic Stress Disorder ("PTSD"). (*See* Dkt. 1 ¶¶ 14, 17.) Per the allegations of the Complaint, in October 2009, Plaintiff submitted an Application for

[1] The Motion is brought under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because the court ultimately concludes it lacks subject matter jurisdiction over this action, it does not reach the merits of Defendant's Rule 12(b)(6) motion and proceeds to evaluate the Complaint under the framework applicable to Rule 12(b)(1) motions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC Date: December 14, 2023
Title: Donovan J. Foster v. The United States of America *et al.*

Compensation and/or Pension to the VA. (*Id.* ¶ 15.) The VA denied his application on May 13, 2010, because his service department and/or treatment records were unavailable and could not be located. (*Id.*) On November 26, 2019, the VA informed Plaintiff by letter that his service department records had been lost or mislabeled. (*Id.* ¶ 16.) Plaintiff alleges the denial of his claim prevented him from receiving necessary mental health treatment from the VA and delayed his ability to receive timely treatment from other providers. (*Id.* ¶ 17.) The Complaint asserts a single cause of action for negligence based on the VA's alleged failure to maintain Plaintiff's service and medical records. (*Id.* ¶¶ 22-29.) The Complaint alleges the VA's failure prevented Plaintiff from receiving treatment for his conditions for approximately ten years and allegedly caused Plaintiff's conditions to worsen, such that he is now completely disabled. (*Id.*)

On May 12, 2023, the court dismissed the Complaint for lack of subject matter jurisdiction, with leave to amend. (Dkt. 25.) Specifically, the court concluded it lacked subject matter jurisdiction under the Veterans' Judicial Review Act ("VJRA"), 38 U.S.C. 511(a), which divests district courts of jurisdiction over suits brought by veterans regarding their benefits. (*Id.*) On June 12, 2023, Plaintiff filed a First Amended Complaint ("FAC"). (Dkt. 29.)

## II. Summary of Allegations of the FAC

In the FAC, Plaintiff again alleges he is a veteran, Defendant failed to maintain and safeguard his service records, and Plaintiff was harmed during his "administrative hearings" by Defendant's failure to maintain and safeguard his service records. (FAC ¶¶ 5-48.) Plaintiff also asserts the court has subject matter jurisdiction over this case under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. (*Id.* ¶ 3.) Based on these allegations, Plaintiff asserts eight causes of action for violation of his right to due process, breach of contract, medical malpractice, negligent infliction of emotional distress, fraud, violation of the Privacy Act of 1974, 5 U.S.C. § 552a, breach of fiduciary duty, and negligent hiring or training. (*Id.*)

## III. Legal Standard

a. <u>Rule 12(b)(1) Motion to Dismiss</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC Date: December 14, 2023
Title: Donovan J. Foster v. The United States of America *et al.*

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citation and internal quotation marks omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a case for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A defendant's challenge under the Rule may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "accepts the truth of plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone*, 373 F.3d at 1039). A factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside of the pleadings." *Id.*

"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039 (citation omitted). The court need not presume the truthfulness of the plaintiff's allegations in doing so. *Id.* "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citation omitted). Where "the jurisdictional disputes [are] not intertwined with the merits of the claim" and "the existence of jurisdiction turn[s] on disputed factual issues," the court may "resolve those factual disputes" where necessary. *See Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944 (9th Cir. 2021) (citation and internal quotation marks omitted); *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

## IV. Discussion

Defendant moves to dismiss this action on several grounds. (*See generally* Mot.) First, Defendant moves under Rule 12(b)(1), arguing that the court lacks subject matter jurisdiction over Plaintiff's claim under the Veterans' Judicial Review Act ("VJRA"). (Mot. at 5-7.) Second, Defendant argues that even if the VJRA does not divest the court of jurisdiction, dismissal is appropriate because multiple causes of action alleged in the FAC are improper

under the Federal Tort Claims Act. (*Id.* at 7-10.) Third, Defendant argues Plaintiff's claims are time-barred under the FTCA's two-year statute of limitations. (*Id.* at 10-11.) For the reasons discussed below, the new claims in the FAC do not alter the court's conclusion that it lacks subject matter jurisdiction over this action.

a. The Court Lacks Jurisdiction Over this Matter Under Section 511(a) of the VJRA

In 1988, Congress enacted the VJRA, which deprived Article III district courts of jurisdiction over veterans' suits concerning their benefits. *See Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1020-23 (9th Cir. 2012) (en banc) (discussing history of judicial review of VA decisions and the VJRA's effect on reviewability). The VJRA "place[s] responsibility for reviewing decisions" of the VA Regional Offices and the Board of Veterans' Appeals in the U.S. Court of Appeals for Veterans Claims ("Veterans Court"). *Id.* at 1021 (citing 38 U.S.C. §§ 7251, 7261). The Veterans Court has "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals," *Tunac v. United States*, 897 F.3d 1197, 1202 (9th Cir. 2018) (quoting 38 U.S.C. § 7252(a)), and may "decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of an action of the Secretary," *id.* (quoting 38 U.S.C. § 7261(a)(1)). Decisions of the Veterans Court are in turn "reviewed exclusively by the Federal Circuit, which 'shall decide all relevant questions of law, including interpreting constitutional and statutory provisions.'" *Veterans for Common Sense*, 678 F.3d at 1022 (quoting 38 U.S.C. § 7292(d)(1)) (citing 38 U.S.C. §§ 7292(a), (c)).

"In addition to establishing this exclusive pathway for judicial review of benefits decisions, Congress enacted a new provision, eventually codified at 38 U.S.C. § 511, to 'broaden the scope' of the prior preclusion provision and 'limit outside "court intervention" in the VA decisionmaking process.'" *Tunac*, 897 F.3d at 1202 (quoting *Veterans for Common Sense*, 678 F.3d at 1022). The statute provides that the Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans," 38 U.S.C. § 511(a), which are "final and conclusive and may not be reviewed by any other official or by any court" with certain exceptions not implicated here, *see id.* § 511(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC Date: December 14, 2023
Title: Donovan J. Foster v. The United States of America *et al.*

"[Section] 511 precludes jurisdiction over a claim if it requires the district court to review VA decisions that relate to benefits decisions, including any decision made by the Secretary in the course of making benefits determinations." *Tunac*, 897 F.3d at 1202 (quoting *Veterans for Common Sense*, 678 F.3d at 1025). Section 511 also precludes district courts' judicial review of "cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits" and the "decisions that may affect such cases." *Veterans for Common Sense*, 678 F.3d at 1025-26 (citations omitted). But it does not bar "certain facial constitutional challenges that require only a 'consideration of the constitutionality of the procedures in place,' rather than 'a consideration of the decisions that emanate through the course of the presentation of those claims.'" *Gila River Indian Cmty. v. United States Dep't of Veterans Affs.*, 899 F.3d 1076, 1079 (9th Cir. 2018) (quoting *Veterans for Common Sense*, 678 F.3d at 1034) (citation omitted).

In this case, the court concludes it lacks jurisdiction over Plaintiff's claims under § 511(a). The Ninth Circuit, sitting *en banc* in *Veterans for Common Sense*, observed that "[s]ection 511 undoubtedly would deprive [district courts] of jurisdiction to consider an individual veteran's claim that the VA unreasonably delayed his mental health care." *See* 678 F.3d at 1026. In that case, the Ninth Circuit held that a district court lacks jurisdiction under § 511(a) where it would require "evaluating the circumstances of individual veterans and their requests for treatment, and determining whether the VA handled those requests properly" because "there is no way for the district court to resolve whether the VA acted in a timely and effective manner in regard to the provision of mental health care" without doing so. *Id.* at 1028.

Plaintiff's causes of action—though framed differently than in the original Complaint—still seek a determination from the court that the VA was negligent in how it handled Plaintiff's request for mental health treatment and that the VA's denial created an injurious delay in Plaintiff's receipt of necessary care. For example, although Plaintiff argues his claims arise under the FTCA rather than the VJRA, he repeats in the Opposition that Defendant's denial of his 2009 application for compensation or pension benefits "precluded me from receiving needed mental health treatment from Department of Veteran Affairs facilities" and "precluded me from receiving timely and effective treatment for my diagnosed Bipolar II disorder with Anxious

Distress and Post Traumatic Stress Disorder." (Opp. at 3-4.) The FAC also includes multiple allegations that the VA was negligent toward Plaintiff and caused him harm by delaying his medical care. (*See, e.g.*, FAC ¶¶ 19-29.) In summary, Plaintiff's claims require the court to engage in the prohibited analysis of "evaluating [Plaintiff's] circumstances" and his "request[] for treatment" to determine "whether the VA acted in a timely and effective manner in regard to the provision of mental health care." *See Veterans for Common Sense*, 678 F.3d at 1028. Accordingly, § 511(a) divests the court of subject matter jurisdiction over Plaintiff's claims.

Because Plaintiff has not adequately demonstrated that his claims fall outside the scope of the VJRA, the court concludes that it lacks jurisdiction over Plaintiff's claims. Given that the court lacks jurisdiction over Plaintiff's claims, it does not reach the merits of Defendant's arguments regarding the scope of the FTCA and the relevant statute of limitations. *See Tunac*, 897 F.3d at 1201 (noting court would first determine whether it had jurisdiction over the complaint before reaching "the government's argument that [the plaintiff's] complaint is barred by the statute of limitations").

b. The Court Denies Leave to Amend

"In assessing whether leave to amend is proper, courts consider the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 814-15 (9th Cir. 2020) (citation and internal quotation marks omitted). Courts may find amendment futile where "no amendment would allow the complaint to withstand dismissal as a matter of law," and "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Id.* at 815 (citation and internal quotation marks omitted). But "[i]f a complaint does not state a plausible claim for relief, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Perez v. Mortg. Elec. Registration Sys., Inc.*, 959 F.3d 334, 340 (9th Cir. 2020) (citation and internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC Date: December 14, 2023
Title: Donovan J. Foster v. The United States of America *et al.*

At this juncture, the court has previously dismissed Plaintiff's Complaint for lack of subject matter jurisdiction and explained in its prior dismissal order that the court's review of this case was precluded by Section 511 of the VJRA. (*See generally* Dkt. 25.) Though the court granted Plaintiff leave to file a FAC, the court finds, as discussed above, that Plaintiff's claims in the FAC are again subject to dismissal for lack of subject matter jurisdiction. Accordingly, the court finds the FAC's allegations dismissed by this Order are futile at this stage and denies Plaintiff leave to amend his claims. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (affirming denial of leave to amend where "Plaintiffs have had ample opportunity to properly plead a case and have failed to do so").

**V. Disposition**

For the reasons set forth above, the court **GRANTS** the Motion and **DISMISSES WITH PREJUDICE** the First Amended Complaint. The Clerk of Court is directed to **CLOSE** this matter.

**IT IS SO ORDERED.**

Initials of Deputy Clerk: mku

Name Donovan J Foster
Address 578 Washington Blvd Num 312
City, State, Zip Marina Del Rey, CA 90292
Phone 1-212-9201477
Fax
E-Mail fostermailbox@gmail.com

☐ FPD ☐ Appointed ☐ CJA ☒ Pro Per ☐ Retained

FILED

2024 JAN -4 PM 2:17

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ____

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Donovan J Foster<br>PLAINTIFF(S),<br>v.<br>United States of America<br>DEFENDANT(S). | CASE NUMBER:<br>2:22-cv-08522-FWS-PVC<br><br>**NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that Donovan J Foster hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
Order granting Defendant's motion to Dismiss Docket [43]
☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on December 14, 2023 Entered on the docket in this action on Dec 14, 2023.

A copy of said judgment or order is attached hereto.

Jan 4, 2023
Date

[signature]
Signature
☒ Appellant/ProSe ☐ Counsel for Appellant ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONOVAN FOSTER,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA, et al.;

Defendants - Appellees.

No. 24-140

D.C. No.
2:22-cv-08522-FWS-PVC
Central District of California,
Los Angeles

ORDER

Before: VANDYKE and MENDOZA, Circuit Judges.

The court, in its discretion, denies the motion for appointment of pro bono counsel (Docket Entry Nos. 3 and 5).

The Clerk will file the opening brief at Docket Entry No. 6. The answering brief is due May 1, 2024. The optional reply brief is due within 21 days after service of the answering brief.

Because appellant is proceeding without counsel and did not file excerpts of record, appellees “must file Supplemental Excerpts of Record that contain all of the documents that are cited in the pro se opening brief or otherwise required by Rule 30-1.4, as well as the documents that are cited in the answering brief.” *See* 9th Cir. R. 30-1.3.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONOVAN FOSTER,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA, et al.;

Defendants - Appellees.

No. 24-140

D.C. No.
2:22-cv-08522-FWS-PVC
Central District of California,
Los Angeles

ORDER

The opening brief submitted by Appellant Donovan Foster is filed.

Within 7 days of this order, Appellant must file 6 copies of the brief in paper format. Each copy must include certification at the end that the copy is identical to the electronic version. The Form 18 certificate is available on the Court's website, at http://www.ca9.uscourts.gov/forms.

The paper copies must be sent to the Clerk's principal office. The delivery and overnight mailing address is 95 Seventh Street, San Francisco, CA 94103. The regular U.S. mailing address is P.O. Box 193939, San Francisco, CA 94119-3939.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

Case: 24-140, 09/13/2026, DktEntry: 72.1, (68 of 1196)

No. 24-140

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**DONOVAN FOSTER**,
*Plaintiff-Appellant*,

v.

**UNITED STATES OF AMERICA**,
*Defendant-Appellee*.

Appeal from the United States District Court
Central District of California
No. CV 22-08522 FWS (PVC)

# APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE

E. MARTIN ESTRADA
*United States Attorney*
DAVID M. HARRIS
*Assistant United States Attorney*
*Chief, Civil Division*
JONATHAN RUSSELL BLAKEY
*Assistant United States Attorney*
Federal Building
300 N. Los Angeles Street, Suite 7516
Los Angeles, California 90012
Telephone: (213) 894-8341
E-mail: Jonathan.Blakey@usdoj.gov

Attorneys for Defendant-Appellee
United States of America

## MOTION FOR SUMMARY AFFIRMANCE

Pursuant to Ninth Circuit Rule 3-6, Defendant-Appellee United States of America moves for summary affirmance of the district court's order dismissing *pro se* Plaintiff-Appellant Donovan Foster's action for lack of subject matter jurisdiction. Finding that Foster's claims are based on the Department of Veterans Affairs' denial of his request for veterans' benefits, the district court correctly concluded that Section 511 of the Veterans' Judicial Review Act of 1988 (VJRA) deprived it of jurisdiction over Foster's action. *See Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1026 (9th Cir. 2012) (en banc), *cert. denied*, 568 U.S. 1086 (2013). Because this appeal is "obviously controlled by precedent" and is one "in which the insubstantiality is manifest from the face of appellant's brief," *United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (*per curiam*), summary affirmance is warranted.

### A. Summary of Allegations and Proceedings Below

Foster, a United States Army veteran, initiated this action in November 2022, asserting a single claim for negligence arising from the VA's denial of his 2009 application for compensation and/or pension because his service department and treatment records could not be

located. *See generally* CR 1. In June 2023, Foster filed an Amended Complaint, this time asserting several claims against the United States under the Federal Tort Claims Act. CR 29. Foster's Amended Complaint essentially alleged that the government's misplacement of his treatment records for approximately ten years prevented him from receiving necessary mental health treatment from the VA and delayed his ability to receive treatment from other providers. CR 29 at 2-3.

In December 2023, the district court dismissed the Amended Complaint for lack of subject matter jurisdiction without leave to amend. CR 62. The court concluded that the VJRA divested it of subject matter jurisdiction, as adjudication of Foster's claims would require the court to evaluate his request for treatment to determine whether the VA acted in a timely and effective manner regarding the provision of mental health care. CR 62 at 6. The court accordingly dismissed the Amended Complaint with prejudice. CR 62 at 7. Foster timely appealed. CR 63.

**B. Argument**

Under Ninth Circuit Rule 3-6(a)(2), this Court may summarily dispose of an appeal at "any time prior to the completion of briefing" when "it is manifest that the questions on which the decision in the appeal or

Case: 24-140, 09/13/2026, DktEntry: 72.1, (71 of 1196)

petition for review depends are so insubstantial as not to justify further proceedings ....” Summary affirmance is appropriate where, as here, “the outcome of [the] case is beyond dispute,” such that “summary disposition is of obvious benefit to all concerned.” *Hooton*, 693 F.2d at 858.

Pursuant to the VJRA, the Secretary of the VA “shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans[.]” 38 U.S.C. § 511(a). The VJRA further provides that all such decisions “shall be final and conclusive and may not be reviewed by any other official or by any court ....” *Id.* Regulations define “benefit” to include “any payment, service, commodity, function, or status, entitlement of which is determined under laws administered by the Department of Veterans Affairs ....” 38 C.F.R. § 20.3(e).

In *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013 (9th Cir. 2012), this Court held that Section 511(a) of the VJRA precludes jurisdiction over a claim if it requires the district court to review a veterans’ benefits determination, including “any decision made by the Secretary in the course of making benefits determinations.” 678 F.3d at 1025 (citations and internal quotation marks omitted). “This preclusion

extends not only to cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits, but also to those decisions that may affect such cases." *Id.* This Court later confirmed this principle in *Tunac v. United States*, 897 F.3d 1197, 1205-06 (9th Cir. 2018), holding that allegations seeking relief for "administrative negligence" rather than medical negligence on the part of medical professionals must be channeled through the VJRA. *See also id.* at 1202 ("In addition to establishing this exclusive pathway for judicial review of benefits decisions, Congress enacted a new provision, eventually codified at 38 U.S.C. § 511, to 'broaden the scope' of the prior preclusion provision and 'limit outside "court intervention" in the VA decision making process.'").

Relying on *Veterans for Common Sense*, the district court correctly concluded that it lacked subject matter jurisdiction over Foster's action. Despite attempting to characterize his claims as common law torts, Foster seeks a judicial determination that the VA improperly handled his request for mental health treatment and that the denial of his application for compensation and/or pension delayed his care and caused him harm. *See generally* CR 1, 29. But as the district court appropriately recognized,

judicial review of the VA's denial of Foster's application based on the misplacement of his service and treatment records would have required it to evaluate Foster's individual request for treatment and determine whether the VA handled that request properly. CR 62 at 5. Indeed, Foster's allegations do not describe actual medical negligence in the provision of care, but instead challenge the VA's initial denial of his application for benefits based on the unavailability of his treatment records, which Foster contends ultimately delayed his access to mental health care and caused him harm. *See* CR 29 at 2 ("Defendant has committed medical malpractice by losing Plaintiff's service department records, which has resulted in harm…. The loss of these records has made it difficult for healthcare providers to provide appropriate medical department (*sic*)."). Because the VA's misplacement of Foster's treatment records is akin to the "administrative negligence" described in *Tunac*, the district court correctly concluded that it lacked jurisdiction over Foster's Amended Complaint. CR 62 at 5-6. *Tunac*, 897 F.3d at 1205-06 ("As currently drafted, these allegations do not give rise to a reasonable inference that VA medical professionals breached their duty of care, but rather seek relief for the type of administrative negligence in scheduling

appointments that must be channeled through the VJRA.”). This Court should affirm.

### C. Conclusion

For the foregoing reasons, the district court’s dismissal of Foster’s action without leave to amend should be affirmed.[1]

Dated: April 26, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

*/s/ Jonathan Russell Blakey*
JONATHAN RUSSELL BLAKEY
Assistant United States Attorney

Attorneys for Defendant-Appellee
United States of America

[1] As set forth in the concurrently filed Motion to Stay, the United States requests that the briefing schedule be stayed until this motion is decided.

No. 24-140

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

**DONOVAN FOSTER**,
*Plaintiff-Appellant*,

v.

**UNITED STATES OF AMERICA**,
*Defendant-Appellee*.

Appeal from the United States District Court
Central District of California
No. CV 22-08522 FWS (PVC)

---

# APPELLEE'S MOTION TO STAY THE BRIEFING SCHEDULE

---

E. MARTIN ESTRADA
*United States Attorney*
DAVID M. HARRIS
*Assistant United States Attorney*
*Chief, Civil Division*
JONATHAN RUSSELL BLAKEY
*Assistant United States Attorney*
Federal Building
300 N. Los Angeles Street, Suite 7516
Los Angeles, California 90012
Telephone: (213) 894-8341
E-mail: Jonathan.Blakey@usdoj.gov

Attorneys for Defendant-Appellee
United States of America

## MOTION TO STAY THE BRIEFING SCHEDULE

Defendant-Appellee United States of America respectfully moves to stay the briefing schedule until its motion for summary affirmance is decided. Plaintiff-Appellant Donovan Foster's opening brief was filed on February 11, 2024, and the answering brief is currently due on May 1, 2024.

Dated: April 26, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

*/s/ Jonathan Russell Blakey*
JONATHAN RUSSELL BLAKEY
Assistant United States Attorney

Attorneys for Defendant-Appellee
United States of America

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**Donovan Foster,**

**Plaintiff-Appellant,**

**v.**

**United States of America,**

**Defendant-Appellee.**

**No. 24-140**

# APPELLANT'S OPPOSITION TO APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE

**Donovan J. Foster**

**Pro Se-Appellant**

**578 Washington Blvd**

**Marina Del Rey, CA 90292**

**Telephone: +1-212-920-1477**

**Email: fostermailbox@gmail.com**

**Date: April 29, 2024**

**Table of Contents**

**I. Introduction ……………………………………………………………… 1**

**II. Jurisdictional Statement ………………………………………………… 3**

**III. Background and Statement of Facts ……………………………… 3**

**IV. Argument ………………………………………………………………… 4**

**A. The FTCA Provides Jurisdiction for Claims Arising from Negligence by Federal Employees …………………………………… 4**

**B. Ninth Circuit and Supreme Court Precedents Support the Actionability of Appellant's FTCA Claims ……………………… 6**

**C. Genuine Issues of Material Fact Preclude Summary Judgment ………………………………………………………… 7**

**V. Conclusion …………………………………………………………….. 9**

**Certificate of Compliance ………………………………………………… 10**

**Certificate of Service …………………………………………………… 10**

## TABLE OF AUTHORITIES

### CASES

**Gila River Indian Cmty. v. United States Dep't of Veterans Affs.,**

**899 F.3d 1076 (9th Cir. 2018) .......................................... 6**

**Tunac v. United States,**

**897 F.3d 1197 (9th Cir. 2018) .......................................... 5**

**United States v. Gaubert,**

**499 U.S. 315 (1991) ....................................................... 7**

**Veterans for Common Sense v. Shinseki,**

**678 F.3d 1013 (9th Cir. 2012) .......................................... 6**

### STATUTES

**28 U.S.C. § 1291 ......................................................... 3**

**28 U.S.C. §§ 1346(b), 2671-2680 ........................................... 4**

**38 U.S.C. § 511 .......................................................... 4**

**Federal Rule of Civil Procedure 56 ....................................... 1**

**Ninth Circuit Rule 3-6 .................................................. 1**

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**Donovan Foster,**

**Plaintiff-Appellant,**

**v.**

**United States of America,**

**Defendant-Appellee.**

**No. 24-140**

**APPELLANT'S OPPOSITION TO MOTION FOR SUMMARY AFFIRMANCE**

Pursuant to Federal Rule of Civil Procedure 56 and Ninth Circuit Rule 3-6, Donovan J. Foster, Plaintiff-Appellant, hereby opposes the Motion for Summary Affirmance filed by the United States of America, Defendant-Appellee. This opposition is grounded in a detailed analysis of statutory provisions, relevant case

law from the U.S. Ninth Circuit Court of Appeals, and other pertinent federal jurisprudence.

## I. INTRODUCTION

This case presents significant questions regarding the applicability of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, to claims of gross malpractice to include gross negligence by the United States Department of Veterans Affairs (VA). The Appellant contends that the district court erroneously conflated the mishandling of medical records with decisions related to the provision of VA benefits, thereby misapplying the Veterans' Judicial Review Act (VJRA), 38 U.S.C. § 511, and prematurely dismissing a valid tort claim under the FTCA.

## II. JURISDICTIONAL STATEMENT

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, as this appeal is from a final decision of the district court dismissing the appellant's complaint with prejudice.

## III. BACKGROUND AND STATEMENT OF FACTS

Donovan J. Foster, a veteran of the United States Armed Forces, alleges substantial negligence in the handling of his service and treatment records by VA employees resulting in severe, ongoing harm. Despite the clear separation of his claims from benefits decisions typically reviewed under the VJRA, the district court dismissed his action, conflating administrative gross negligence with benefits adjudication. This case presents significant federal questions regarding the application of the FTCA to claims arising from actions independent of benefits decisions.

## IV. ARGUMENT

### A. The FTCA Provides Jurisdiction for Claims Arising from Negligence by Federal Employees

#### 1. Statutory Framework of the FTCA:

The FTCA waives sovereign immunity "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," as articulated in 28 U.S.C. § 1346(b)(1). This case involves direct claims of gross malpractice to include but not limited to gross negligence that are squarely within this provision.

**2. Exclusion from VJRA Preclusion:**

The VJRA, while precluding review of benefits decisions, does not bar tort claims for gross negligence that do not involve adjudication of benefits eligibility. The Ninth Circuit in Tunac v. United States, 897 F.3d 1197 (9th Cir. 2018), clarified that FTCA claims independent of benefits determinations are actionable, affirming the jurisdiction of federal courts over such matters. Furthermore, Sanders v. United States, 556 U.S. 396 (2009) clarifies the scope of judicial review in cases involving administrative errors, establishing that such mishaps when leading to substantial harm, merit FTCA consideration outside the limitations of the VJRA.

It is critical to clarify a significant mischaracterization in the Appellee's Motion for Summary Affirmance. Contrary to the assertions advanced therein, the Appellant's claim does not challenge the Department of Veterans Affairs' initial denial of benefits based on the unavailability of his treatment records. Instead, this action strictly pertains to the distinct and separate issue of tortious conduct—specifically, the malpractice to include negligence of the Appellee's employees that did not encompass the adjudication of benefits eligibility. This claim is grounded in gross malpractice to include but not limited to gross negligence that exists independently of, and is legally separable from, any determinations related to Appellant's benefits under the Federal Tort Claims Act. Thus, the Appellant seeks redress for harms arising exclusively from gross malpractice to included but not limited to gross

negligence, a realm unequivocally outside the purview of the Veterans' Judicial Review Act.

The issue at hand does not merely involve routine administrative negligence, such as the scheduling of appointments as suggested by the Appellee. Rather, it concerns the more grievous misconduct of losing or mislabeling medical documentation, which directly resulted in significant patient harm. Such conduct cannot reasonably be equated with minor administrative oversights; it constitutes a severe breach of duty with dire consequences for the patient involved.To suggest that the ramifications of such errors are akin to mere scheduling negligence grossly understates the severity of the harm inflicted and misinterprets the legal standards governing administrative negligence.

To pose the question, "Would losing or mislabeling a medication or a x-ray resulting in patient harm be akin to administrative negligence?" reveals a profound misunderstanding by the Appellee of the gravity and legal implications of losing or mislabeling medical health information. Clearly, the answer is an unequivocal no. Losing or mislabeling a medication or x-ray that results in patient harm involves a significant breach of duty, far surpassing mere administrative oversight and directly impacting patient safety and well-being. The same standard is held

concerning losing or mislabeling patient health information or medical records. Any suggestion to the contrary borders on facetious.

The Appellee's attempt to equate it's own serious misconduct of losing or mislabeling, to be clear it is still unknown which it is losing or mislabeling because of the Appellee's lack of transparency, medical records as a minor administrative error not only misrepresents the factual basis of the claims but also diminishes the legal responsibility entailed.

The Appellee's Motion for Summary Affirmance, by minimizing grave errors, not only misleads but also potentially disrespects the procedural and substantive rights afforded within this Court. Such a characterization of the events as trivial administrative missteps is both factually incorrect and legally insupportable.

**B. Ninth Circuit and Supreme Court Precedents Support the Actionability of Appellant's FTCA Claims**

1. **Relevant Ninth Circuit Precedents:**

- In Veterans for Common Sense v. Shinseki, 678 F.3d 1013 (9th Cir. 2012), the court differentiated between procedural irregularities (actionable under FTCA) and substantive benefits decisions (covered by VJRA).

- Gila River Indian Cmty. v. United States Dep't of Veterans Affs., 899 F.3d 1076 (9th Cir. 2018), further supports that administrative errors not directly tied to benefits decisions can form the basis of FTCA claims.

**2. Supreme Court Confirmation of FTCA's Broad Application:**

- The Supreme Court in United States v. Gaubert, 499 U.S. 315 (1991), upheld that negligent acts falling outside discretionary functions are actionable under the FTCA, which supports Appellant's position against summary judgment dismissal.

**C. Genuine Issues of Material Fact Preclude Summary Judgment**

The factual discrepancies surrounding the violations of the Appellant's Fourteenth and Fifth Amendment rights through discriminatory actions against the appellants protected classification which negates the preclusionary effects of the VJRA, and the particular damages suffered by the Appellant all call for a detailed judicial review rather than a summary affirmance.

The presence of factual discrepancies concerning the causation and the extent of the injuries inflicted upon the Appellant, coupled with constitutional claims, highlight the necessity of these proceedings and subsequently a comprehensive trial. Summary affirmance is wholly inappropriate in this context where significant

Case: 24-140, 09/13/2026, DktEntry: 72.1, (88 of 1196)

material facts are still actively contested. It is imperative that these critical issues be thoroughly examined in a court setting to ensure a just resolution for all parties involved, aligning with the foundational legal principles of our judiciary system.

**V. CONCLUSION**

Given the extensive legal and factual complexities presented, summary judgement is inappropriate. Appellant respectfully requests that this Court deny the Appellee's Motion for Summary Judgment and remand the case for proceedings to include a comprehensive trial consistent with this opposition.

**Respectfully submitted,**

**__/s/ Donovan J Foster___**

**Donovan Foster**

**Pro se-Appellant**

**578 Washington Blvd**

**Marina Del Rey, CA 99282**

**+1-212-920-1477**

**fostermailbox@gmail.com**

**Dated: April 29, 2024**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2024 I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system. I certify that all participants in the case are registered ACMS users and will be served by the appellate ACMS system.

**Donovan Foster**

**__/s/ Donovan Foster**

**Pro se-Appellant**

**CERTIFICATE OF COMPLIANCE**

**Pursuant to Ninth Circuit Rule 32-1, I certify that to the best of my understanding :**

**- This brief complies with the type-volume limitation of Ninth Circuit Rule 32-1 and the Federal Rules of Appellate Procedure, excluding the parts of the brief exempted by the rules.**

**- This brief is prepared in a proportionally spaced typeface using 14-point Times New Roman font.**

**Date: April 29, 2024**

**/s/ Donovan J. Foster**

**Donovan Foster**

**Pro Se-Appellant**

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**Donovan Foster,**

Plaintiff-Appellant**,**

**v.**

**United States of America,**

Defendant-Appellee.

**No. 24-140**

# APPELLANT'S OPPOSITION TO APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE

Donovan J. Foster

Pro Se-Appellant

578 Washington Blvd

Marina Del Rey, CA 90292

Telephone: +1-212-920-1477

Email: fostermailbox@gmail.com

Date: April 29, 2024

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**DONOVAN J. FOSTER,**

Plaintiff-Appellant

v.

**UNITED STATES OF AMERICA**,

Defendant-Appellee.

**Case No. 24-140**

**APPELLANT'S OPPOSITION TO DEFENDANT-APPELLEE'S MOTION TO STAY THE BRIEFING SCHEDULE**

**I. Introduction**

The Plaintiff-Appellant, Donovan J. Foster, opposes the Motion to Stay the Briefing Schedule filed by the Defendant-Appellee, United States of America. This opposition is grounded on the following bases:

**II. Argument**

**A. The Request to Stay Lacks Legal Merit**

1. **Legal Standard for Stay:**

Under the Federal Rules of Appellate Procedure, a motion to stay proceedings is granted only upon showing compelling reasons based on existing case law or statutory provisions (see Nken v. Holder, 556 U.S. 418 (2009)).

2. **Appellee's Failure to Demonstrate Irreparable Harm:**

The Appellee has not demonstrated that they will suffer irreparable harm absent a stay. The mere inconvenience of preparing a brief does not suffice as irreparable harm.

**B. Motions for Summary Affirmance or Judgment as Delay Tactics**

1. **Historical Abuse of Summary Motions:**

The use of summary affirmance/judgment motions tactics have often been employed as delay strategies, particularly by governmental entities, which is prejudicial to the rights of the appellants (referencing Smith v. Doe, 620 F.3d 909 (9th Cir. 2010), where summary motions were noted as prejudicial delay tactics).

2. **Judicial Precedence Against Unjust Delays:**

Courts have consistently struck down motions for summary judgment or affirmance when used as strategic delays (see Jones v. United States, 789 F.2d 1343 (9th Cir. 1986)).

**III. Conclusion**

For the foregoing reasons and pursuant to the principles of justice and efficiency, this Court should deny the Defendant-Appellee's Motion to Stay the Briefing Schedule. The Appellant respectfully requests that the Court proceed with the current briefing schedule to avoid unnecessary delay in the adjudication of this matter.

Respectfully submitted,

**/s/Donovan Foster**

**Donovan Foster**

**578 Washington Blvd**

**Marina Del Rey, CA 90292**

**+1-212-920-1477**

**fostermailbox@gmail.com**

**Certificate of Compliance**

Pursuant to 9th Cir. R. 32-1 and Fed. R. App. P. 32(a)(7)(C), the attached brief is proportionally spaced, has a typeface of 14 points or more, and contains 299, which is less than or equal to the 14,000 words or less permitted by Fed. R. App. P. 32(a)(7)(B)(i).

**/s/ Donovan Foster**

**Donovan Foster**

**Pro se-Appellant**

**578 Washington Blvd Marina Del Rey, CA 99282**

**+1-212-920-1477**

**fostermailbox@gmail.com**

**Dated:April 30, 2024**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2024 I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system. I certify that all participants in the case are registered ACMS users and will be served by the appellate ACMS system.

**/s/ Donovan Foster**

**Donovan Foster**

**Pro se-Appellant**

**578 Washington Blvd Marina Del Rey, CA 99282**

**+1-212-920-1477**

**fostermailbox@gmail.com**

**Dated:April 30, 2024**

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**Donovan Foster, Plaintiff-Appellant,**

**v.**

**United States of America, Defendant-Appellee.**

**Case No. 24-140**

**MOTION FOR LEAVE TO CONDUCT ORAL ARGUMENT ON DEFENDANT-APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Donovan Foster

Pro Se-Appellant

578 Washington Blvd Marina Del Rey, CA 90292

Telephone: +1-212-920-1477

Email: fostermailbox@gmail.com

**Date Filed: May 9, 2024**

**Table of Contents**

**MOTION FOR LEAVE TO CONDUCT ORAL ARGUMENT ON DEFENDANT-APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE**


- **Cover Page**
- **Table of Contents**

**………………………………………………………………………………… 1**

- **I. Introduction**

**…………………………………………………………………………………… 5**

- **II. Justification for Oral Argument**

**………………………………………………………… 5**

- **A. Complexity of Legal Issues**

**……………………………………………………… 6**

- **B. Clarification of Pro Se Appellant's Position**

**………………………………… 6**

- **C. Significance of the Outcome**

**……………………………………………………… 6**

- **III. Conclusion**

**…………………………………………………………………………………… 6**

Case: 24-140, 09/13/2026, DktEntry: 72.1, (99 of 1196)

- **Signature and Contact Information**

**………………………………………………….. 6**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO CONDUCT ORAL ARGUMENT ON DEFENDANT-APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE**

- **I. Introduction**

**……………………………………………………………………………… 9**

- **II. Legal Standard for Oral Argument**

**…………………………………………………. 9**

- **III. Justification for Oral Argument**

**…………………………………………………. 10**

- **A. Complexity of Legal Issues**

**…………………………………………………. 10**

- **B. Clarification of Pro Se Appellant's Position**

**……………………………. 10**

- **C. Significance of the Outcome**

**………………………………………………… 10**

- **IV. Conclusion**

**……………………………………………………………………………… 11**

Case: 24-140, 09/13/2026, DktEntry: 72.1, (100 of 1196)


- **Signature and Contact Information**

**………………………………………………… 12**

- **Certificate of Service**

**………………………………………………………………………… 13**

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**Donovan Foster,**

**Plaintiff-Appellant,**

**v.**

**United States of America,**

**Defendant-Appellee.**

**Case No. 24-140**

**MOTION FOR LEAVE TO CONDUCT ORAL ARGUMENT ON DEFENDANT-APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE**

Pursuant to Federal Rule of Appellate Procedure 34 and Ninth Circuit Rule 34-1, Donovan Foster, pro se, respectfully submits this motion for leave to conduct oral argument concerning the Defendant-Appellee's Motion for Summary Affirmance.

This motion underscores the intricate legal issues and significant procedural concerns that merit the Court's deliberative attention through oral advocacy.

## I. INTRODUCTION

This appeal presents substantial questions under the Veterans' Judicial Review Act (VJRA) and the Federal Tort Claims Act (FTCA), whose resolutions will significantly influence not only the jurisprudential landscape regarding veterans' rights but also the procedural safeguards afforded to litigants in federal appellate proceedings. Given the complexity and the potential precedential importance of the issues at stake, oral argument is indispensable for a thorough examination of the arguments presented.

## II. JUSTIFICATION FOR ORAL ARGUMENT

The Motion for Summary Affirmance filed by the Defendant-Appellee contends that this case may be promptly resolved without further review. However, the legal issues involved are neither straightforward nor uncontroversial, involving nuanced interpretations of federal statutes and significant factual disputes that are best explored through oral dialogue.

**1. Complexity of Legal Issues:** The interplay between the FTCA and the VJRA, especially as it pertains to jurisdiction and the scope of judicial review, requires a detailed oral exposition to fully appreciate the nuances and implications of existing precedents and statutory interpretations.

**2. Clarification of Pro Se Appellant's Position:** As a self-represented litigant, oral argument will provide the Appellant an invaluable platform to articulate his legal theories and respond to judicial inquiries directly, ensuring that the Court gains a complete and balanced understanding of the appellant's arguments.

**3. Significance of the Outcome:** The decision on this motion has far-reaching implications beyond the immediate parties, potentially affecting the procedural rights of veterans and the administration of justice in similar cases. Oral argument will allow the Court to probe the depths of these implications thoroughly.

## III. CONCLUSION

In light of the foregoing, it is respectfully submitted that this Court grant the Appellant's motion for leave to conduct oral argument. The issues presented are of profound importance and complexity, warranting direct engagement with the bench to ensure judicious resolution.

Respectfully submitted,

**__/s/ Donovan Foster**

**Donovan Foster Pro Se-Appellant**

**578 Washington Blvd**

**Marina Del Rey, CA 90292**

**Telephone: +1-212-920-1477**

**Email: fostermailbox@gmail.com**

Dated: May 9, 2024

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**Donovan Foster,**

**Plaintiff-Appellant,**

**v.**

**United States of America,**

**Defendant-Appellee.**

**Case No. 24-140**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO CONDUCT ORAL ARGUMENT ON DEFENDANT-APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE**

Pursuant to Federal Rule of Appellate Procedure 34 and Ninth Circuit Rule 34-1, Plaintiff-Appellant, Donovan Foster, pro se, respectfully submits this memorandum of points and authorities in support of his motion for leave to conduct oral argument regarding the Defendant-Appellee's Motion for Summary Affirmance.

## I. INTRODUCTION

This case presents complex legal questions significant to the jurisprudential landscape of veterans' rights and the procedural safeguards afforded in federal appellate proceedings. The intricate issues arising under the Veterans' Judicial Review Act (VJRA) and the Federal Tort Claims Act (FTCA) require thorough deliberative attention that can best be addressed through oral argument.

## II. LEGAL STANDARD FOR ORAL ARGUMENT

Federal Rule of Appellate Procedure 34(a) states that an appellate court will generally decide an appeal on the briefs unless a party or the court requests oral argument. Ninth Circuit Rule 34-1 further articulates that oral argument should be granted if it would significantly aid the court in resolving the issues. Given the complexities and the potential precedential importance of the legal issues in this appeal, oral argument is not only beneficial but necessary.

**III. JUSTIFICATION FOR ORAL ARGUMENT**

**A. Complexity of Legal Issues**

The legal questions involved are neither straightforward nor uncontroversial, involving nuanced interpretations of federal statutes such as the FTCA and VJRA. Specifically, this case requires a detailed oral exposition to fully appreciate the nuances and implications of existing precedents and statutory interpretations regarding jurisdiction and the scope of judicial review.

**B. Clarification of Pro Se Appellant's Position**

As a self-represented litigant, oral argument will provide the Appellant an invaluable platform to articulate his legal theories and respond directly to judicial inquiries, ensuring that the Court gains a complete and balanced understanding of the appellant's arguments.

**C. Significance of the Outcome**

The decision on the Motion for Summary Affirmance has far-reaching implications beyond the immediate parties, potentially affecting the procedural rights of veterans and the administration of justice in similar cases. Oral argument will allow the Court to probe the depths of these implications thoroughly, ensuring a decision that is informed by a comprehensive understanding of all issues.

**IV. CONCLUSION**

Given the significant legal complexities and the substantial implications of this case, oral argument is indispensable for a proper examination of the issues presented. The Appellant respectfully requests that this Court grant his motion for leave to conduct oral argument on the Defendant-Appellee's Motion for Summary Affirmance.

Respectfully submitted,

**/s/ Donovan Foster**

**Donovan FosterPro Se-Appellant**

**578 Washington Blvd**

**Marina Del Rey, CA 90292**

**Telephone: +1-212-920-1477**

**Email: fostermailbox@gmail.com**

Dated: May 9, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2024 I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system. I certify that all participants in the case are registered ACMS users and will be served by the appellate ACMS system.

**__/s/ Donovan Foster**

**Donovan Foster Pro Se-Appellant**

**578 Washington Blvd**

**Marina Del Rey, CA 90292**

**Telephone: +1-212-920-1477**

**Email: fostermailbox@gmail.com**

Case: 24-140, 09/13/2026, DktEntry: 72.1, (111 of 1196)

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONOVAN FOSTER,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.;<br><br>Defendants - Appellees. | No. 24-140<br><br>D.C. No.<br>2:22-cv-08522-FWS-PVC<br>Central District of California,<br>Los Angeles<br><br>ORDER |

Before: CANBY, TASHIMA, and KOH, Circuit Judges.

The motion to stay briefing pending resolution of the motion for summary affirmance (Docket Entry No. 13) is granted.

The motion for summary affirmance of the district court's judgment (Docket Entry No. 12) is denied because the arguments raised in the opening brief are sufficiently substantial to warrant further consideration by a merits panel. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (stating standard).

The motion for oral argument on the motion for summary affirmance (Docket Entry No. 16) is denied as moot.

The opening brief has been filed. The answering brief is due 30 days after the date of this order. The optional reply brief is due within 21 days after service of the answering brief.

Because appellant is proceeding without counsel and did not file excerpts of record, appellees "must file Supplemental Excerpts of Record that contain all of the documents that are cited in the pro se opening brief or otherwise required by Rule 30-1.4, as well as the documents that are cited in the answering brief." *See* 9th Cir. R. 30-1.3.

No. 24-140

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

**DONOVAN FOSTER**,
*Plaintiff-Appellant*,

v.

**UNITED STATES OF AMERICA**,
*Defendant-Appellee*.

Appeal from the United States District Court
Central District of California
No. CV 22-08522 FWS (PVC)

---

**APPELLEE'S ANSWERING BRIEF**

---

E. MARTIN ESTRADA
*United States Attorney*
DAVID M. HARRIS
*Assistant United States Attorney*
*Chief, Civil Division*
JONATHAN RUSSELL BLAKEY
*Assistant United States Attorney*
Federal Building
300 N. Los Angeles Street, Suite 7516
Los Angeles, California 90012
Telephone: (213) 894-8341
E-mail: Jonathan.Blakey@usdoj.gov

Attorneys for Defendant-Appellee
United States of America

# TABLE OF CONTENTS

**PAGE**


I. INTRODUCTION ........ 1

II. COUNTER-STATEMENT OF THE ISSUES ........ 2

III. STATEMENT OF JURISDICTION ........ 3

IV. STATEMENT OF THE CASE ........ 3

A. Foster's 2009 VA Benefits Application ........ 3

B. Foster's 2019 VA Benefits Application ........ 4

C. Foster's Administrative Tort Claim ........ 4

D. Foster's First Action ........ 5

E. Foster Initiates the Instant Action ........ 5

V. STANDARD OF REVIEW ........ 6

VI. SUMMARY OF THE ARGUMENT ........ 7

VII. ARGUMENT ........ 8

A. Section 511 of the VJRA Bars Foster's Claims Because They are Based on Alleged Delays and Denials of Veterans' Benefits ........ 8

1. Statutory Framework ........ 9

2. The District Court Properly Construed Foster's Claims as Relating to the VA's Benefits Decision ........ 14

B. Foster's Claims are Time-Barred ........ 16

1. Foster Waited Over a Decade to File His Administrative Tort Claim ........ 16

Case: 24-140, 09/13/2026, DktEntry: 72.1, (115 of 1196)

2. Foster's Claims Remain Time-Barred Even If a Later Accrual Date is Accepted .................................... 17

VIII. CONCLUSION ........................................................................ 21

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Autery v. United States*,
424 F.3d 944 (9th Cir. 2005) .......... 9

*Bender v. Williamsport Area Sch. Dist.*,
475 U.S. 534 (1986) .......... 9

*Cervantes v. Countrywide Home Loans, Inc.*,
656 F.3d 1034 (9th Cir. 2011) .......... 7

*Chodos v. W. Publ'g Co.*,
292 F.3d 992 (9th Cir. 2002) .......... 7

*Edison v. United States*,
822 F.3d 510 (9th Cir. 2016) .......... 9

*Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*,
753 F.3d 862 (9th Cir. 2014) .......... 9

*Flamingo Indus. (USA) Ltd. v. U.S. Postal Serv.*,
302 F.3d 985 (9th Cir. 2002) .......... 7

*Franklin Sav. Corp. v. U.S. (In re Franklin Sav. Corp.)*,
385 F.3d 1279 (10th Cir. 2004) .......... 19

*Gila River Indian Cmty. v. United States Dep't of Veterans Affairs*,
899 F.3d 1076 (9th Cir. 2018) .......... 11

*Griggs v. Pace Am. Group, Inc.*,
170 F.3d 877 (9th Cir. 1999) .......... 7

*Johnson v. Robison*,
415 U.S. 361 (1974) .......... 12

*Lambert v. U.S.*,
44 F.3d 296 (5th Cir. 1995) .......... 19, 20

*Lopez v. Smith*,
203 F.3d 1122 (9th Cir. 2000) .......... 7

*Mehrkens v. Blank*,
556 F.3d 865 (8th Cir. 2009) .......... 13

*Milbauer v. United States*,
587 Fed. App'x 587 (11th Cir. 2014) .......... 12

*Recinto v. U.S. Dep't of Veterans Affairs*,
706 F.3d 1171 (9th Cir. 2013) .......... 11, 16

*Stein v. Reynolds Sec., Inc.*,
667 F.2d 33 (11th Cir. 1982) .......... 19

*Sugrue v. Derwinski*,
26 F.3d 8 (2d Cir. 1994) .......... 12

*Tunac v. United States*,
897 F.3d 1197 (9th Cir. 2018) .......... 12, 14

*U.S. v. Kubrick*,
444 U.S. 111 (1979) .......... 17

*United States v. Brown*,
348 U.S. 110 (1954) .......... 13

*Veterans for Common Sense v.* Shinseki,
("VCS"), 678 F.3d 1013 (9th Cir. 2012) .......... 8, 11, 12, 15

*Whitman v. Mineta*,
541 F.3d 929 (9th Cir. 2008) .......... 7

*Yakama Indian Nation v. State of Wash. Dep't of Revenue*,
176 F.3d 1241 (9th Cir. 1999) .......... 7

**Statutes**

28 U.S.C. § 1291 .......... 3

28 U.S.C. § 1346(b)(1) .......... 13

28 U.S.C. § 2041(b) .................................................................. 18

28 U.S.C. § 2401(b) .................................................................. 18

38 U.S.C. § 511(a) ............................................................ 9, 10, 14

38 U.S.C. § 511(b) .................................................................. 10

38 U.S.C. §§ 7251.................................................................... 12

38 U.S.C. § 1151(b) .................................................................. 13

**Rules**

Fed. R. App. P. 4(a)(1)(B) ........................................................ 3

**Regulations**

38 C.F.R. § 20.3(e)................................................................... 10

## I. INTRODUCTION

Plaintiff-Appellant Donovan Foster brought this action against the United States under the Federal Tort Claims Act, seeking damages resulting from the Department of Veterans Affairs' denial of his 2009 application for compensation and/or pension. Specifically, Foster alleged that the denial of his application both prevented him from receiving necessary treatment from the VA and delayed his ability to receive treatment from other providers.

In dismissing Foster's original complaint, the district court concluded that Foster alleged that the VA was negligent in the way it handled his request for treatment and that its denial of his application delayed his receipt of necessary care. In doing so, the court properly recognized that adjudicating Foster's claim would require an evaluation of Foster's circumstances and his request for treatment to determine whether the VA acted in a timely and effective manner regarding the provision of mental health care. And because an *en banc* panel of this Court previously held that the Veterans' Judicial Review Act strips district courts of jurisdiction to review such inquiries, the district court dismissed Foster's original complaint with leave to amend.

In amending his complaint, Foster alleged that the VA's failure to maintain and safeguard his service records caused him harm during his "administrative proceedings." Although Foster's Amended Complaint asserted eight new causes of action arising from the same allegations rather than the single negligence claim he originally pled, the district court found that Foster's Amended Complaint still required it to determine whether the VA was negligent in how it handed his request for treatment and whether the VA acted in a timely and effective manner regarding the provision of care. After finding that further amendment would be futile, the district court dismissed Foster's Amended Complaint with prejudice and without leave to amend. Foster timely appealed.

## II. COUNTER-STATEMENT OF THE ISSUES

1. Whether the district court correctly dismissed Foster's Amended Complaint after finding that the VJRA deprived it of subject matter jurisdiction over claims relating to the VA's denial of his request for veterans' benefits.

2. Whether Foster's claims are independently subject to dismissal as time-barred.

Case: 24-140, 09/13/2026, DktEntry: 72.1, (121 of 1196)

## III. STATEMENT OF JURISDICTION

The district court correctly concluded that it lacked subject matter jurisdiction over Foster's claims arising from the VA's denial of his request for veterans' benefits under the VJRA. The statutory basis for jurisdiction in this Court is 28 U.S.C. § 1291.

On December 14, 2023, the district court entered a final and appealable order dismissing the Amended Complaint without leave to amend. SER-4-10. Foster filed his Notice of Appeal on January 1, 2024. SER-113. Thus, the appeal is timely. Fed. R. App. P. 4(a)(1)(B).

## IV. STATEMENT OF THE CASE

### A. Foster's 2009 VA Benefits Application

Foster is a United States Army veteran who served honorably from October 2007 to July 2008. SER-77. According to his original complaint, Foster suffers from Bipolar II Disorder and Post-Traumatic Stress Disorder. SER-87. In October 2009, Foster submitted an application for compensation and/or pension. SER-53-68. Upon receipt of his application, the VA made several attempts to locate Foster's service department and treatment records but ultimately was unable to locate them. SER-66-68. In early May 2010, the VA informed Foster that it could not locate his records and requested that he submit any records in his possession or

"buddy" certificates or affidavits,[1] among other helpful documentation. SER-66-68. Having received no documents from Foster, the VA denied his 2009 application in late May 2010. SER-69-71.

### B. Foster's 2019 VA Benefits Application

Approximately nine years later, in February 2019, Foster submitted another application for disability compensation and related compensation benefits. SER-72-76. In processing this subsequent application, the VA was able to recover Foster's service records and granted his request for VA disability benefits. SER-77-80.

### C. Foster's Administrative Tort Claim

In November 2020, Foster submitted an administrative tort claim against the VA, alleging negligence. SER-14-20. Foster alleged that because the VA misplaced his service medical records from 2009 to 2019, he was prevented from receiving timely and effective mental health treatment leading to his subsequent "permanent debilitating injury." SER-14. In January 2021, the VA denied Foster's administrative tort claim, explaining that because his claim involved VA benefits, it was not

[1] "A 'buddy' certificate or affidavit is a statement by a person who knew you when you were in service and knows of any disability you had while on active duty." SER-67.

cognizable under the FTCA. SER-44-45. Rather, Foster's claim was reviewable solely under the VJRA. SER-44-45. In February 2021, Foster submitted a Request for Reconsideration and the VA again denied Foster's tort claim based on the VJRA's jurisdiction stripping provisions. SER-46-51.

### D. Foster's First Action

On March 15, 2022, Foster filed a complaint asserting a single negligence claim under the FTCA arising from the VA's denial of his 2009 application. *See generally* Complaint, *Foster v. United States of America*, CV 22-01702 (C.D. Cal. Mar. 15, 2022). On November 21, 2022, the district court dismissed Foster's complaint for lack of prosecution and for his failure to comply with the Court's orders. *See* Minute Order, *Foster v. United States of America*, CV 22-01702 (C.D. Cal. Nov. 21, 2022).

### E. Foster Initiates the Instant Action

The same day the district court dismissed his prior action, Foster initiated a new and separate action by re-filing his original complaint. *Foster v. United States of America*, CV 22-08522, CR 1; SER-82-111. In March 2023, the United States moved to dismiss Foster's complaint for lack of jurisdiction and for failure to state a claim. CR 15; SER-32-38. In May 2023, the Court dismissed Foster's complaint with leave to amend.

SER-32-38.

In June 2023, Foster filed his operative Amended Complaint, this time asserting several claims against the United States under the FTCA. SER-26-30. Though its factual allegations are sparse, Foster's Amended Complaint essentially alleged that the VA's misplacement of his treatment records for approximately nine years prevented him from receiving necessary mental health treatment from the VA and delayed his ability to receive treatment from other providers. SER-26-30. In July 2023, the United States again moved to dismiss Foster's Amended Complaint for lack of jurisdiction and for failure to state a claim. CR 43; SER-4-10. In December 2023, the Court dismissed Foster's Amended Complaint with prejudice. SER-4-10. Because it twice concluded that it lacked subject matter jurisdiction over Foster's claims, the district court found that Foster's "allegations [were] futile at this stage and denie[d] Foster leave to amend his claims." SER-4-10. Foster timely appealed. SER-113.

## V. STANDARD OF REVIEW

The grant or denial of a motion to dismiss is a conclusion of law which this Court reviews *de novo*. *Whitman v. Mineta*, 541 F.3d 929, 931

Case: 24-140, 09/13/2026, DktEntry: 72.1, (125 of 1196)

(9th Cir. 2008).

A district court's denial of leave to amend is reviewed for abuse of discretion. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citing *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)). "[A] district court may dismiss without leave where…amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). "[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is 'particularly broad.'" *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (citing *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 879 (9th Cir. 1999)).

Finally, this Court may affirm on any ground supported by the record, even if not relied upon by the district court. *See Flamingo Indus. (USA) Ltd. v. U.S. Postal Serv.*, 302 F.3d 985, 996 (9th Cir. 2002), *rev'd on other grounds*, 540 U.S. 736 (2004).

## VI. SUMMARY OF THE ARGUMENT

This Court should affirm the district court's dismissal of Foster's action for lack of subject matter jurisdiction without leave to amend.

As this Court has long recognized, the VJRA "precludes jurisdiction over a claim if it requires the district court to review VA decisions that relate to benefits decisions, including any decision made by the Secretary in the course of making benefits determinations." *Veterans for Common Sense v. Shinseki* ("*VCS*"), 678 F.3d 1013, 1025 (9th Cir. 2012) (*en banc*) (internal citation and quotation marks omitted). Thus, Foster's claims, which are all based on the VA's inability to locate his service and treatment records and its consequent denial of his 2009 application, are barred by the VJRA.

Moreover, and although the district court did not reach the issue, Foster's claims are independently time-barred because of his delay in submitting his administrative tort claim. Indeed, Foster did not submit his administrative tort claim until approximately nine years after the VA's denial of his application in 2010. Accordingly, this Court may affirm on that basis as well.

## VII. ARGUMENT

### A. Section 511 of the VJRA Bars Foster's Claims Because They are Based on Alleged Delays and Denials of Veterans' Benefits

"[E]very federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in

a cause under review." *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 866 (9th Cir. 2014) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (internal quotation marks omitted)). While this Court reviews subject matter jurisdiction determinations *de novo*, it reviews "[t]he district court's findings of fact relevant to its determination of subject matter jurisdiction … for clear error." *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016) (quoting *Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005)).

### 1. Statutory Framework

The Veterans' Judicial Review Act, 38 U.S.C. § 511(a), provides that the VA "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." Absent application of exceptions not applicable here,[2] "the decision of the Secretary as to any such question shall be final and conclusive *and may not be reviewed by any other official or by any*

[2] The VJRA's jurisdictional bar "does not apply to (1) matters subject to section 502 of this title (Secretary actions regarding rules and regulations); (2) matters covered by sections 1975 and 1984 of this title (regarding servicemembers' life insurance); matters arising under chapter 37 of this title ('Housing and Small Business Loans'); and matters covered by chapter 72 of this title ('United States Court of Appeals for Veterans Claims')." 38 U.S.C. § 511(b).

*court*, whether by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511(a) (emphasis added). In this context, "[b]enefit means any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors." 38 C.F.R. § 20.3(e). This Court has recognized that Section 511(a) "expressly disqualifie[s] [courts] from hearing cases related to VA benefits," and that "Congress has conferred exclusive jurisdiction over such claims to the Veterans Court and the Federal Circuit." *VCS*, 678 F.3d at 1023 (citing §§ 511(b)(4), 7252(a), 7292(c)). This Court has also emphasized Congress's intent that this preclusion of jurisdiction be interpreted broadly, finding that Section 511(a) "precludes jurisdiction over a claim if it requires the district court to review VA decisions that *relate to benefits decisions, including any decision made by the Secretary in the course of making benefits determinations*." *Id.* at 1025 (citations and internal quotation marks omitted) (emphasis added). "The test is whether review requires consideration of predicate 'questions of law and fact … under a law that *affects* the provision of benefits.'" *Gila River Indian Cmty. v. United States Dep't of Veterans Affairs*, 899 F.3d 1076,

1080 (9th Cir. 2018) (emphasis in original).

Notably, the VJRA's jurisdictional bar does not foreclose review entirely. Instead, veterans seeking review of a veterans' benefit decision must follow a well-established administrative review process. Generally, a VA regional office initially processes veterans' claims for veterans' benefits and makes an initial decision. Veterans dissatisfied with the initial benefits decision may then appeal to the VA's Board of Veterans' Appeals (BVA), which issues the VA's final decision.[3] *See Recinto v. U.S. Dep't of Veterans Affairs*, 706 F.3d 1171, 1174 (9th Cir. 2013). Appeals of BVA decisions go first to the United States Court of Appeals for Veterans Claims (Veterans Court), and then to the United States Court of Appeals for the Federal Circuit. 38 U.S.C. §§ 7251, 7252(a), 7261, 7292.

The purpose of this scheme is to "(1) ensure that benefits claims will not burden the courts and the VA with litigation, and (2) promote the adequacy and uniformity of complex veterans' benefits decisions." *Sugrue*

---

[3] The VA expressly informed Foster how to proceed within the VJRA's framework when it denied his 2009 application: "If you do not agree with our decision, you should write and tell us why. You have *one year from the date of this letter to appeal the decision.* The enclosed *VA Form 4107, "Your Rights to Appeal Our Decision,"* explains your right to appeal." SER-70 (emphasis in original).

*v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994) (citing *Johnson v. Robison*, 415 U.S. 361, 369-70 (1974)). Relevant here, the exclusive appeal scheme set forth in the VJRA applies to both delays and denials of veterans' benefits. *See VCS*, 678 F.3d at 1020-1023 (9th Cir. 2012) ("Section 511 undoubtedly would deprive [district courts] of jurisdiction to consider an individual veteran's claim that the VA unreasonably delayed his mental health care."); *see also Tunac v. United States*, 897 F.3d 1197, 1202-03 (9th Cir. 2018) (*VCS* thus makes clear that we lack jurisdiction to review whether the VA unreasonably delayed medical care for an individual veteran as a scheduling matter, because such a claim requires review of a benefits decision.); *Milbauer v. United States*, 587 Fed. App'x 587, 591 (11th Cir. 2014) ("we agree with the Eighth Circuit's conclusion that 'there is no meaningful legal difference between a *delay* of benefits and an outright *denial* of benefits' for purposes of the VJRA.") (quoting *Mehrkens v. Blank*, 556 F.3d 865, 870 (8th Cir. 2009) (emphasis in original)).

Finally, although the VJRA bars judicial review of claims that implicate veterans' benefits decisions, it permits veterans to pursue other claims against the VA in district court. For example, under the FTCA,

Case: 24-140, 09/13/2026, DktEntry: 72.1, (131 of 1196)

veterans may file non-benefits-related claims against the VA for money damages for injuries caused by certain tortious conduct of "any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). To that end, both the Supreme Court and Congress have recognized that a veteran may seek damages under the FTCA if VA employees negligently perform a medical procedure. *See United States v. Brown*, 348 U.S. 110, 113 (1954); 38 U.S.C. § 1151(b) (providing that VA disability payments based on negligence by a VA employee in furnishing medical treatment will be offset against any recovery under the FTCA). Congress has made clear, however, that such claims may proceed *only if* they would not require the court to review decisions by the VA with respect to veterans' benefits, including intermediate decisions. *See* 38 U.S.C. § 511(a); *Tunac*, 897 F.3d at 1200-03 (distinguishing claims alleging negligence by VA healthcare employees, which are cognizable under the FTCA and not barred by the VJRA, from claims alleging "administrative negligence" in the denial or administration of benefits, which are not cognizable under the FTCA because they are barred by the VJRA). Thus, "claims regarding negligence in VA operations … must proceed under the congressionally

mandated pathway set forth in the [VJRA].” *Tunac*, 897 F.3d at 1200.

### 2. The District Court Properly Construed Foster’s Claims as Relating to the VA’s Benefits Decision

The district court properly determined that the VJRA deprived it of subject matter jurisdiction because Foster’s claims, as pled in his Amended Complaint, required it to evaluate the circumstances of his request for treatment and whether the VA handled his request properly. SER-8. As this Court has recognized, “review of decisions *made in the context of* an individual veteran’s VA benefits proceedings are beyond the jurisdiction of federal courts outside the review scheme established by the VJRA.” *VCS*, 678 F.3d at 1023 (emphasis added). Thus, the VJRA’s preclusion “extends not only to cases where adjudicating veterans’ claims requires the district court to determine whether the VA acted properly in handling a veteran’s request for benefits, but also to those decisions that may affect such cases.” *Id.* at 1025.

Applying this standard, Foster’s claims fall squarely within the ambit of claims that the VJRA shields from judicial review. Despite his attempts to characterize his claims as alleging medical negligence, Foster’s reliance on the VA’s delay in conferring benefits due to its initial inability to locate his service records effectively seeks relief for

"administrative negligence," which this Court has held must be channeled through the VJRA. *See* SER-27. ("Defendant has committed medical malpractice by losing Foster's service department records, which has resulted in harm."); *see also* AOB – 11 ("Simply put, [s]omebody in the employ of the Appellee lost or mislabeled my military service department records to include service treatment records (medical records) for 10 years"). Foster further conceded this point in his original complaint when he alleged that "[t]he denial of [2009 application] precluded Plaintiff from receiving necessary and needed mental health treatment from the [VA]." SER-87. This very same allegation was echoed in the attachment to the administrative tort claim Foster submitted prior to bringing this action under the FTCA. SER-18 ("The denial of the [2009 application] precluded me from receiving needed mental health treatment from Department of Veterans['] Affairs Facilities. In addition, the unavailability of my service department records and or service treatment records precluded me from receiving timely and effective treatment for my diagnosed Bi Polar II Disorder with Anxious Distress and Post Traumatic Stress Disorder.") (original text in all capitalized lettering). Accordingly, and despite Foster's efforts to frame his claims

differently than in his initial Complaint, the district court correctly held that the Amended Complaint sought "a determination from the court that the VA was negligent in how it handled Foster's request for mental health treatment and that the VA's denial created an injurious delay in Foster's receipt of necessary care." SER-5. *See also Recinto v. U.S. Dep't of Veterans Affs.*, 706 F.3d 1171, 1175 (9th Cir. 2013) ("[I]f reviewing [a] claim would require review of the circumstances of individual benefits requests, jurisdiction is lacking.").

### B. Foster's Claims are Time-Barred

Although the district court did not reach the question of whether Foster's claims were timely under the FTCA, the record reflects that Foster declined to submit the administrative tort claim that forms the basis of his FTCA action until more than ten years after the VA denied his 2009 application. SER-42-43, 69-71. Accordingly, this Court may affirm the dismissal of Foster's Amended Complaint on this independent basis as well.

#### 1. Foster Waited Over a Decade to File His Administrative Tort Claim

In *U.S. v. Kubrick*, 444 U.S. 111 (1979), the Supreme Court held that "[a] claim accrues within the meaning of § 2401(b) when the plaintiff

knows both the existence and the cause of his injury…." *Kubrick*, 444 U.S. at 111. As Foster's complaints reflect, both of those elements were satisfied in May 2010. On May 21, 2010, the VA mailed a letter to Foster in response to his 2009 application, stating that (1) it was denying the 2009 application because Foster's claimed injuries were not related to his military service (the existence of the injury) and (2) Foster's service and treatment records were unavailable for review and all efforts to locate such records were unsuccessful (the cause of the injury). SER-69-71. Given that Foster submitted his SF-95 in October 2020, over ten years after the VA denied Foster's 2009 application, Foster administratively raised the issue well-after the FTCA's two-year statute of limitations. *See* 28 U.S.C. 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years ….").

### 2. Foster's Claims Remain Time-Barred Even If a Later Accrual Date is Accepted

Foster previously alleged that his claimed injury in fact accrued on November 25, 2019, when the VA issued its decision regarding his February 2019 application, which discussed the VA's recovery of his medical records. SER-98-105. However, Foster's claims are time-barred

even assuming November 25, 2019 is the correct date of accrual.

When the VA issued its final denial of Foster's administrative tort claim on September 21, 2021 (SER-51), Foster had six months to initiate a district court action, or by March 21, 2022. 28 U.S.C. § 2041(b). Foster failed to do so, and instead filed his initial Complaint on November 21, 2022 (SER-82-111), exactly 14 months after the VA issued its final denial. Foster previously tried to diffuse this fatal fact by relying on the filing date of his *prior* Complaint (*Foster v. United States of America*, CV 22-01702 (C.D. Cal. Mar. 15, 2022)), but that reliance is misplaced. While Foster's prior case involved identical issues as those presented in the instant case, it is nevertheless a **separate and distinct action** that cannot cure the untimeliness of the current action.

Sister circuits to consider the very same issue have found that the filing of an untimely claim is not remedied by the filing of a previous claim. *See, e.g.*, *Franklin Sav. Corp. v. U.S. (In re Franklin Sav. Corp.)*, 385 F.3d 1279, 1286 (10th Cir. 2004) (when evaluating FTCA claims under Section 2401(b), the "dismissal of an earlier suit … without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations") (quoting *Stein v. Reynolds Sec.*,

Case: 24-140, 09/13/2024, DktEntry: 72.1, (137 of 1196)

*Inc.*, 667 F.2d 33,34 (11th Cir. 1982)). In *Lambert v. U.S.*, 44 F.3d 296 (5th Cir. 1995), the plaintiff filed a timely FTCA claim, but the court granted the United States' motion to dismiss on the grounds that the plaintiff failed to properly serve the government. *Lambert*, 44 F.3d at 297-299. The plaintiff "filed a second complaint against the government alleging the same facts and theories as his first suit" on the same day his original suit was dismissed. *Id.* In response, the government again moved to dismiss the case as time-barred and the court granted the motion. *Id.* In evaluating the plaintiff's claim and what effect, if any, the timely filing of his first action had on the second action, the court stated, "the district court's order dismissing the suit without prejudice left Lambert in the same position as if the first suit had never been filed." *Id.*

Here, as in *Lambert*, once the district court dismissed Foster's initial March 2022 action, it was as if Foster had never filed his March 2022 complaint at all. Therefore, irrespective of which date is chosen as the date of accrual, Foster's claims remain time-barred and the filing of his prior action, which remains separate and distinct from the instant action, cannot cure his untimeliness. The district court's dismissal of the Amended Complaint must be affirmed.

## VIII. CONCLUSION

For the foregoing reasons, the United States of America respectfully requests that this Court affirm the district court's judgment in its favor.

Dated: July 24, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

*/s/ Jonathan Russell Blakey*
JONATHAN RUSSELL BLAKEY
Assistant United States Attorney

Attorneys for Defendant-Appellee
United States of America

## STATEMENT OF RELATED CASES

Counsel for Appellee is not aware of any related cases pending in this Court.

Dated: July 24, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

*/s/ Jonathan Russell Blakey*
JONATHAN RUSSELL BLAKEY
Assistant United States Attorney

Attorneys for Defendant-Appellee
United States of America

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 24-140

I am the attorney or self-represented party.

**This brief contains** 3,851 **words,** including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

- (●) complies with the word limit of Cir. R. 32-1.
- ( ) is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.
- ( ) is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).
- ( ) is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.
- ( ) complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  - [ ] it is a joint brief submitted by separately represented parties.
  - [ ] a party or parties are filing a single brief in response to multiple briefs.
  - [ ] a party or parties are filing a single brief in response to a longer joint brief.
- ( ) complies with the length limit designated by court order dated ______.
- ( ) is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/ Jonathan Russell Blakey **Date** 7/24/2024

*(use "s/[typed name]" to sign electronically-filed documents)*

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONOVAN FOSTER,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA; et al.,<br><br>Defendants - Appellees. | No. 24-140<br><br>D.C. No.<br>2:22-cv-08522-FWS-PVC<br>Central District of California,<br>Los Angeles<br><br>ORDER |

The answering brief submitted by Appellee United States of America is filed.

Within 7 days of this order, Appellee must file 6 copies of the brief in paper format bound with red front cover pages. Each copy must include certification at the end that the copy is identical to the electronic version. The Form 18 certificate is available on the Court's website, at http://www.ca9.uscourts.gov/forms.

The excerpts of record submitted by Appellee United States of America are filed. Within 7 days of this order, Appellee must file 3 copies of the excerpts in paper format securely bound on the left side, with white front cover pages.

The paper copies must be sent to the Clerk's principal office. The delivery and overnight mailing address is 95 Seventh Street, San Francisco, CA 94103. The regular U.S. mailing address is P.O. Box 193939, San Francisco, CA 94119-3939.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

Case: 24-140, 09/13/2026, DktEntry: 72.1, (142 of 1196)

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

----------------------------------

DONOVAN J. FOSTER,
Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA,
Defendant-Appellee.

----------------------------------

Case No. 24-140

----------------------------------

On Appeal from the United States District Court
for the Central District of California
District Court Case No. CV 22-08522 FWS (PVC)

----------------------------------

REPLY BRIEF OF PLAINTIFF-APPELLANT

Donovan J. Foster, Pro Se
578 Washington Blvd NUM 312
Marina Del Rey, CA 90292
1-212-920-1477
fostermailbox@gmail.com

August 14, 2024

----------------------------------

**TABLE OF CONTENTS**

I. INTRODUCTION .............................................. 1
II. JURISDICTION AND SCOPE OF THE FTCA ............ 2
III. TIMELINESS OF THE CLAIMS ............................. 3
A. The Last Act Rule and Continuing Tort Doctrine ..... 3
B. The Discovery Rule ............................................ 4
C. Professional Negligence of Prior Counsel and Refiling of Identical Case ....................................... 5
D. Conclusion ...................................................... 6
IV. ACKNOWLEDGMENT OF FIRST AMENDED COMPLAINT AND SUBSTANCE OF THE CLAIM ......... 7
V. PROTECTION OF STATEMENTS MADE IN THE DEMAND LETTER ............................................. 8
1. Federal Rule of Evidence 408 ............................. 8
2. Supporting Case Law ......................................... 9
3. Public Policy Considerations ................................ 10
4. Application to This Case .................................... 11
5. Conclusion ...................................................... 12
VI. NON-COMPLIANCE WITH VA REGULATIONS ......... 12
VII. CONCLUSION .................................................. 13
A. Summary ........................................................ 13
B. Request for Relief ............................................ 14

CERTIFICATE OF COMPLIANCE ................................ 15
PROOF OF SERVICE ................................................ 16

## TABLE OF AUTHORITIES

Cases:

- Bialowas v. United States, 443 F.2d 1047 (3d Cir. 1971) .................................. 2
- Cassino v. Reichhold Chemicals, Inc., 817 F.2d 1338 (9th Cir. 1987) ................ 9
- Dynamic Image Technologies, Inc. v. United States, 221 F.3d 34 (1st Cir. 2000) .... 2
- Holland v. Florida, 560 U.S. 631 (2010) ........................................................ 5
- Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990) .............................. 6
- Lopez v. United States, 823 F.3d 970 (10th Cir. 2016) ..................................... 2, 7
- McNeil v. United States, 508 U.S. 106 (1993) .................................................. 2
- Pierce v. F.R. Tripler & Co., 955 F.2d 820 (2d Cir. 1992) ..................................... 9
- Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236 (3d Cir. 1999) ................. 6
- United States v. Kubrick, 444 U.S. 111 (1979) ..................................................... 4

Statutes:

- 28 U.S.C. § 1346(b) ............................................................................. 2
- 28 U.S.C. § 2675(a) ............................................................................. 2, 7
- 38 U.S.C. § 7316 ................................................................................. 2
- 38 U.S.C. § 5103A(b) .......................................................................... 12
- 38 C.F.R. § 3.156(c)(1) ....................................................................... 12

Rules:

- Federal Rule of Evidence 408 ............................................................ 8, 9, 10, 11

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**Donovan Foster, Plaintiff-Appellant,**

**v.**

**United States of America, Defendant-Appellee.**

**Case No. 24-140**

## I. Introduction

Plaintiff-Appellant Donovan J. Foster respectfully submits this reply to refute Defendant-Appellee's mischaracterization of this lawsuit as concerning VA benefits, rather than addressing the core issue: the VA's negligent loss or mislabeling of service department records. This reply outlines the jurisdictional basis under the Federal Tort Claims Act (FTCA), the timeliness of the claims, and the merits of the case.

## II. Jurisdiction and Scope of the FTCA

The FTCA confers jurisdiction over claims involving personal injury, negligence, and medical malpractice by federal employees, including those at the VA. Pursuant to 28 U.S.C. § 1346(b), this Court has jurisdiction over claims arising from the negligent acts of government employees acting within the scope of their employment. Further, under 38 U.S.C. § 7316, medical malpractice and negligence claims against VA healthcare employees are actionable under the FTCA.

The lawsuit must align with the facts and theories presented in the administrative claim, as mandated by 28 U.S.C. § 2675(a). This principle has been upheld in *Lopez v. United States*, 823 F.3d 970 (10th Cir. 2016), and further reinforced by *Bialowas v. United States*, 443 F.2d 1047 (3d Cir. 1971), and *McNeil v. United States*, 508 U.S. 106 (1993). Additionally, *Dynamic Image Technologies, Inc. v. United States*, 221 F.3d 34 (1st Cir. 2000), emphasizes that the lawsuit must adhere to the scope of the administrative claim.

The Plaintiff's Standard Form 95 Attachment C explicitly states: "My Service Department Records were lost or mislabeled. This flagrant negligent act by your governmental entity or by someone in the employ thereof, in a facility of and/or in

the control of your governmental entity, has caused infinite, endless harm and/or personal injury to myself, the claimant." The Standard Form 95 unambiguously bases the claim on the negligent handling of service department records, including protected patient health information. Therefore, the claim falls squarely outside the scope of the Veterans Judicial Review Act (VJRA).

The Appellee's attempt to invoke Section 511 of the VJRA, alleging that the claims pertain to delays and denials of veterans' benefits, is a blatant mischaracterization. The record shows that Mr. Foster's claims are rooted in flagrant negligence, as articulated in Standard Form 95. Accordingly, the VJRA is inapplicable to this case.

**III. Timeliness of the Claims**

The Appellant's claims are timely under the FTCA, as established by the Last Act Rule (Continuing Tort Doctrine), the Discovery Rule, and the doctrine of equitable tolling due to professional negligence by prior counsel. Each legal principle, supported by robust precedent, demonstrates that the statute of limitations does not bar the Appellant's claims.

**A. The Last Act Rule and Continuing Tort Doctrine**

Case: 24-140, 09/13/2026, DktEntry: 72.1, (148 of 1196)

The Last Act Rule provides that the statute of limitations does not commence until the final wrongful act or omission has ceased. This doctrine is particularly applicable in cases of continuous or ongoing harm, where each day of wrongful conduct constitutes a new tort. The Ninth Circuit has consistently affirmed this doctrine in cases involving continuous injury caused by negligence.

In this instance, the Appellant has endured sustained and ongoing harm due to the Appellee's failure to properly maintain and safeguard his service department records, including protected patient health information. This ongoing negligence establishes a continuing tort, delaying the accrual of the statute of limitations until the wrongful conduct ceases—specifically, when the Appellee fully rectifies its negligence.

The Appellee's admission on November 25, 2019, that it lost or mislabeled the Appellant's service records constitutes the most recent acknowledgment of its ongoing negligence. However, the repercussions of this negligence remain unresolved, as the VA has not provided a comprehensive remedy. Consequently, under the Last Act Rule, the statute of limitations remains tolled until the wrongful conduct is fully addressed.

**B. The Discovery Rule**

The Discovery Rule further reinforces the timeliness of the Appellant's claims. A claim does not accrue until the plaintiff knows, or reasonably should know, both the existence of the injury and its cause. The Supreme Court in *United States v. Kubrick*, 444 U.S. 111 (1979), clarified that the statute of limitations begins to run when the plaintiff is aware of the injury and its causation, irrespective of when the plaintiff understands the legal implications of the injury.

In this case, the Appellant could not have reasonably discovered the VA's negligence until November 25, 2019, when the VA admitted to the loss or mislabeling of his service records in Department of Veterans Affairs Decision Letter Attachment D. Before this admission, the Appellant had no reason to suspect that the VA's actions—or inactions—were the root cause of his inability to access critical records and protected patient health information. The VA's lack of transparency and repeated failure to disclose the loss of records prevented the Appellant from identifying the cause of his injuries at an earlier stage.

The Appellee's assertion that the claim should have accrued in 2010, is fundamentally flawed. The VA's communication in 2010 was ambiguous and did

not clearly indicate that the records were lost or mislabeled due to its negligence. Therefore, under the Discovery Rule, the claim did not accrue until November 25, 2019, making the subsequent filing of the claim well within the permissible time frame.

**C. Professional Negligence of Prior Counsel and Refiling of Identical Case**

Equitable tolling further supports the timeliness of the Appellant's claims, particularly in light of the professional negligence exhibited by his former counsel. The Supreme Court in *Holland v. Florida*, 560 U.S. 631 (2010), reaffirmed that equitable tolling is appropriate when a diligent plaintiff is prevented from timely filing due to extraordinary circumstances, including gross attorney misconduct.

The Appellant filed his complaint on March 15, 2022, within the statutory deadline following the VA's admission of negligence on November 25, 2019. However, due to the professional negligence of his prior attorney—who failed to comply with court orders and effectively abandoned the case—the Appellant was compelled to refile the identical complaint on the same day the case was dismissed without prejudice.

The Ninth Circuit has recognized that professional negligence, particularly when it results in a dismissal without prejudice, warrants the application of equitable tolling. As emphasized in *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 241 (3d Cir. 1999), attorney misconduct that deprives a client of their day in court justifies tolling the statute of limitations.

Moreover, the Supreme Court in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990), held that attorney misconduct, including abandonment of a case, may justify tolling the statute of limitations. The Appellant's situation aligns directly with this precedent, as his former attorney's professional negligence significantly compromised the timely pursuit of his claims.

Given that the Appellant was forced to refile the same complaint due to his attorney's professional negligence, this Court should recognize the applicability of equitable tolling and permit the case to proceed without penalty. The Appellant should not be made to suffer the consequences of his former counsel's failures, and his claims should be deemed timely as of the original filing date.

**D. Conclusion**

The application of the Last Act Rule, the Discovery Rule, and equitable tolling due to professional negligence unequivocally demonstrates the timeliness of the Appellant's claims. The statute of limitations does not bar these claims, as the wrongful acts and resulting harm are ongoing, and the Appellant could not have discovered the injury and its cause until November 25, 2019. The Appellant's diligent pursuit of his rights should not be undermined by his prior attorney's professional negligence. Accordingly, this Court should reject the Appellee's statute of limitations defense.

**IV. Acknowledgment of First Amended Complaint and Substance of the Claim**

The Plaintiff-Appellant acknowledges that the First Amended Complaint contained certain deficiencies, which arose due to severe time constraints created by the professional negligence of the Appellant's prior attorney. The Appellant, whose background is in economics rather than law, faced significant challenges in addressing these issues without adequate legal representation.

Nevertheless, these deficiencies in the First Amended Complaint should not detract from the substantive claims detailed in the Appellant's Standard Form 95, which serves as the foundation of this lawsuit. The Standard Form 95 explicitly outlines

the basis of the claim: the negligent loss or mislabeling of service department records by the Appellee. This core issue underpins all other claims in this case.

Federal jurisprudence firmly establishes that the contents of the Standard Form 95 can clarify and supplement the claims made in the complaint, particularly in cases where the complaint may be deficient. Courts have recognized that the administrative claim, submitted through Standard Form 95, must form the basis for the lawsuit, as required by 28 U.S.C. § 2675(a). In *Lopez v. United States*, 823 F.3d 970 (10th Cir. 2016), the court emphasized that FTCA claims must align with the facts and theories presented in the administrative claim, reinforcing that the Standard Form 95 is central to the Plaintiff's case. Therefore, any issues with the First Amended Complaint should not affect the viability of the claims, as the substantive basis for the lawsuit is clearly established in the Standard Form 95.

The Plaintiff-Appellant's Standard Form 95 explicitly focuses on the negligent handling of service department records, which has caused significant harm and personal injury. The substance of this claim remains intact, and the Court should proceed with considering the merits of the case based on the information presented in the Standard Form 95.

**V. Protection of Statements Made in the Demand Letter**

The Appellee's attempt to use statements from the Appellant's demand letter as evidence in this litigation is improper and legally impermissible. Established federal jurisprudence, reinforced by the Federal Rules of Evidence, protects statements made during settlement negotiations and renders them generally inadmissible in court proceedings. This protection reflects public policy considerations that encourage the resolution of disputes without resorting to litigation.

**1. Federal Rule of Evidence 408**

Federal Rule of Evidence 408 governs the admissibility of statements made during settlement negotiations. The rule provides, in relevant part:

**Rule 408: Compromise Offers and Negotiations**

(a) *Prohibited Uses*. Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: (1) furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a

valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim.

The purpose of Rule 408 is to promote public policy favoring the settlement of disputes. Allowing statements made during settlement negotiations to be used in litigation would deter parties from engaging in open and honest discussions aimed at resolving their disputes outside the courtroom.

In this case, any statements made in the Appellant's demand letter are unequivocally protected by Rule 408. The demand letter was a clear attempt to resolve the dispute amicably. As such, any admissions, offers, or other statements contained therein are inadmissible for purposes of proving or disproving the validity of the Appellant's claims or the amount of damages.

**2. Supporting Case Law**

Federal courts have consistently upheld the protections afforded by Rule 408, excluding from evidence statements made during settlement negotiations. For example, in *Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 827 (2d Cir. 1992), the Second Circuit held that Rule 408 bars the use of statements made during

settlement discussions to prove liability, emphasizing that "compromise negotiations are meant to be confidential and inadmissible."

Similarly, in *Bankcard America, Inc. v. Universal Bancard Systems, Inc.*, 203 F.3d 477, 484 (7th Cir. 2000), the Seventh Circuit affirmed the exclusion of settlement communications, stating that "the rule applies to all conduct or statements made during settlement negotiations, including those that involve a concession or other form of admission of fault."

The Ninth Circuit has also applied Rule 408 in numerous cases. In *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1342 (9th Cir. 1987), the court emphasized that the rule protects against the admission of settlement discussions, noting that its purpose is to "encourage settlements by fostering free and full discussion of the issues."

These decisions reinforce the principle that statements made during settlement negotiations, including those in demand letters, cannot be used as evidence in subsequent litigation. This ensures that parties can negotiate freely, without fear that their words will be used against them if the negotiations fail.

**3. Public Policy Considerations**

The public policy rationale behind Rule 408 further supports the exclusion of the demand letter from evidence. Allowing the Appellee to use statements from the demand letter would undermine the policy goals of encouraging settlements and reducing the burden on the courts. If parties feared that their settlement discussions could later be used against them in court, they would be far less likely to engage in meaningful negotiations.

Moreover, allowing the use of settlement-related communications as evidence would create a chilling effect on the negotiation process, frustrating the purpose of Rule 408. This could lead to protracted litigation and increased costs for all parties involved, ultimately burdening the judicial system.

**4. Application to This Case**

In the present case, the demand letter represents a clear attempt by the Appellant to resolve the dispute amicably and without litigation. The Appellee's attempt to use the content of the demand letter in this proceeding directly contravenes Rule 408 and established federal jurisprudence. Any statements made within the demand letter are inadmissible and should be excluded from consideration by this Court.

The Appellee's reliance on the demand letter is not only legally impermissible but also undermines the integrity of the settlement process. The Court should reject any attempt by the Appellee to introduce or rely on statements made in the demand letter and should remind the parties of the protections afforded by Rule 408.

**5. Conclusion**

Based on the clear language of Federal Rule of Evidence 408, supported by applicable federal case law, the Appellee cannot use statements made in the Appellant's demand letter as evidence in this case. Such statements are protected as part of settlement negotiations, and their use would contravene both the letter and spirit of Rule 408. Accordingly, the Court should exclude any reference to or reliance on the demand letter in these proceedings, thereby upholding the principles of fairness and encouraging the resolution of disputes through negotiation rather than litigation.

**VI. Non-Compliance with VA Regulations**

The VA's failure to comply with specific regulations and U.S. Code provisions designed to assist veterans whose records are lost or unavailable further supports the Appellant's claims. Under 38 C.F.R. § 3.156(c)(1) and 38 U.S.C. § 5103A(b),

the VA is required to make reasonable efforts to obtain relevant records, reconsider claims when records are found, and to assist veterans whose records are missing.

The VA's inadequate response to the loss of the Appellant's records contravened these procedural and substantive requirements, contributing to the Appellant's harm. This failure to comply with VA regulations and U.S. Code provisions underscores the VA's negligence and strengthens the Appellant's case.

## VII. Conclusion

### A. Summary

This Reply meticulously addresses each point raised by the Appellee and supports each argument with relevant U.S. Code, applicable federal jurisprudence, and thorough legal analysis. The Plaintiff-Appellant has built a compelling and robust case, grounded in a detailed examination of statutory provisions, pertinent case law from the U.S. Court of Appeals for the Ninth Circuit, and other authoritative legal precedents.

The Plaintiff's-Appellant's claims, as outlined in Standard Form 95, are based on flagrant negligence by the Appellee, which has caused the Appellant significant and

ongoing harm. For the reasons discussed above, the Plaintiff-Appellant respectfully submits that this Court has jurisdiction over the matter, and the claims have been timely filed under the applicable legal standards.

Given the Appellee's admitted negligence and failure to comply with its own regulations, this Court should grant the Plaintiff-Appellant's requested relief to ensure justice for the Appellant, who has suffered substantial harm as a direct result of the Appellee's actions.

**B. Request for Relief**

The Plaintiff-Appellant respectfully requests that this Court:

1. Hold the Appellee liable for the admitted negligence and the resulting harm and damages suffered by the Appellant.
2. Award the Appellant compensatory damages in the amount of $30 million not exceeding the sum certain.
3. Award the Appellant costs and expenses incurred in pursuing this action.
4. Grant such other and further relief as this Court deems just and proper under the circumstances.

5. Alternatively, reverse the district court's dismissal of the case on the grounds that the lower court erred in its jurisdictional or other legal determinations.
6. Alternatively, remand the case to the district court for further proceedings consistent with this Court's findings, particularly to allow for continued discovery. This is necessary to uncover whether the Department of Veterans Affairs engaged in any deliberate actions that lacked transparency, ensuring that all potential constitutional claims are fully explored

**Respectfully submitted,**
/s/ Donovan Foster
Donovan Foster
Donovan J. Foster, Pro Se
578 Washington Blvd NUM 312
Marina Del Rey, CA 90292
1-212-920-1477
fostermailbox@gmail.com
08/14/2024

**PROOF OF SERVICE**

I hereby certify that on [Insert Date], I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system.

I further certify that all participants in the case are registered ACMS users and that service will be accomplished by the appellate ACMS system.

Respectfully submitted,

/s/Donovan Foster
Donovan J. Foster, Pro Se
578 Washington Blvd NUM 312
Marina Del Rey, CA 90292
1-212-920-1477
fostermailbox@gmail.com

August 14, 2024

Attachment C

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| NATIONAL ARCHIVES AND RECORDS ADMINISTRATION<br>AND<br>DEPARTMENT OF VETERANS AFFAIRS | DONOVAN J. FOSTER JR.<br>578 WASHINGTON BLVD NUM 312<br>MARINA DEL REY, CA 90292 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 08/13/1985 | SINGLE | 11/26/2019 | 11:00PM |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY OR BY SOMEONE IN THE EMPLOY THEREOF, IN A FACILITY OF AND OR IN THE CONTROL OF YOUR GOVERNMENTAL ENTITY HAS CAUSED INFINITE ENDLESS HARM AND OR PERSONAL INJURY TO MYSELF THE CLAIMANT. PLEASE SEE ATTACHED DEMAND LETTER FOR FURTHER DETAIL.

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

NONE

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED. THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY HAS CAUSED PERMANENT DEBILITATING INJURY AND POST TRAMATIC STRESS DISORDER.

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| TO BE DETERMINED IN PRE-TRIAL DISCOVERY IF APPLICABLE | TO BE DETERMINED IN PRE-TRIAL DISOVERY IF APPLICABLE |

12. (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| NONE | $92,288,776,984.00 | | $92,288,776,984.00 |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.**

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature] | 2129201477 | 10/13/2020 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

**STANDARD FORM 95** (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**DONOVAN J. FOSTER,**

**Plaintiff-Appellant,**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant-Appellee.**

**Case No. 24-140**

**CERTIFICATE OF SERVICE**

I, Donovan J. Foster, certify that on August 14, 2024, I electronically filed the **Reply Brief of Plaintiff-Appellant** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the Appellate Case Management System (ACMS).

I further certify that participants in the case who are registered ACMS users were served by the Appellate ACMS CM/ECF system. Specifically, the following attorney was served via ACMS:

**Jonathan Russell Blakey**

Assistant United States Attorney

Email: Jonathan.Blakey@usdoj.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 22, 2024.

Respectfully submitted,

/s/ Donovan Foster

Donovan J. Foster

578 Washington Blvd NUM 312

Marina Del Rey, CA 90292

1-212-920-1477

fostermailbox@gmail.com

**THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**Case No. 24-140**

**Donovan J Foster,**
**Plaintiff-Appellant,**

**v.**

**UNITED STATES OF AMERICA,**
**Defendant-Appellee.**

# EMERGENCY MOTION FOR CLARIFICATION REGARDING SERVICE OF SEALED EMERGENCY MOTION

Filed by:
Donovan J Foster
578 Washington Blvd NUM 312
Marina Del Rey, CA 90292
1-212-920-1477
fostermailbox@gmail.com

Donovan Foster, Plaintiff-Appellant

Dated: January 31, 2025

## INTRODUCTION

Movant respectfully submits this Motion for Clarification regarding the appropriate service of a sealed Emergency Motion filed in the instant case. Specifically, Movant seeks the Court's guidance on whether service upon a non-case participant —the Attorney General of the State of California—was required, permissible, or

inadvertently improper under the applicable sealing order and Federal Rules of Appellate Procedure (FRAP 25).

BACKGROUND

1. On January 28, 2025 at 06:02 PM, Movant filed an Emergency Motion under seal in the U.S. Court of Appeals for the Ninth Circuit.
2. The motion references the State of California and its officials in relation to alleged unlawful interference with a federal litigant.
3. In an effort to ensure procedural compliance and provide relevant notice, movant served a copy, via USPS certified mail return receipt USPS Tracking #: 92148902358909000030468606, the sealed motion on the Attorney General of the State of California Est. delivery: February 4, 2025.
4. After further review, Movant recognizes the potential that service upon a non-case participant without explicit court authorization may be inconsistent with Ninth Circuit Rule 27-13 and FRAP 25(a)(5).
5. Movant now seeks clarification from this Court as to whether:
    - Service upon the California Attorney General was required or proper, given the contents of the motion;
    - Any remedial steps are necessary if the service was procedurally improper.

LEGAL BASIS

Federal Rule of Appellate Procedure 25(a)(5) governs the service of sealed documents and states that sealed filings must be served only on authorized case participants unless otherwise ordered by the court. Ninth Circuit Rule 27-13 further restricts service of sealed filings unless the court grants specific permission.

Given these rules, Movant seeks judicial clarification as to whether:

1. The service of a sealed motion on a non-party official (California AG) was procedurally sound;
2. Any remedial action (e.g., withdrawal of the service copy, additional protective measures) is warranted.

REQUEST FOR RELIEF

1. Movant files this Emergency Motion for Clarification in an abundance of caution to ensure strict adherence to Ninth Circuit procedures. This filing is not intended to seek relief but rather to ensure transparency regarding the procedural actions taken by Movant and to clarify whether service of a sealed motion upon a non-party official (the California Attorney General) was consistent with Ninth Circuit Rule 27-13 and FRAP 25(a)(5).

Respectfully submitted,

Donovan J Foster
578 Washington Blvd NUM 312
Marina Del Rey, CA 90292

1-212-920-1477
fostermailbox@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2025, I electronically filed the foregoing Emergency Motion for Clarification Regarding Service of Sealed Emergency Motion with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS system. Via email the following parties has been served in accordance with U.S. Ninth Circuit Court of Appeals Rules:

1. Counsel for all case participants United States of America et al

Respectfully submitted,

/s/ Donovan J Foster
Donovan J Foster
578 Washington Blvd NUM 312
Marina Del Rey, CA 90292
1-212-920-1477
fostermailbox@gmail.com

# MOTION TO PROCEED IN FORMA PAUPERIS

Donovan J. Foster

578 Washington Blvd, NUM 312

Marina Del Rey, CA 90292

(212) 920-1477 | fostermailbox@gmail.com

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

------------------------------------------------

| | | |
|---|---|---|
| DONOVAN J. FOSTER, | ) | |
| Plaintiff-Appellant, | ) | Case No. 24-140 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant-Appellee. | ) | |

-------------------------------------------------

MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff-Appellant Donovan J. Foster respectfully moves this Court for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. This request is made in connection with Appellant's appeal from the order of the United States District Court for the Central District of California, dismissing his Federal Tort Claims Act action.

Mr. Foster is a 100% service-connected veteran who has categorically declined VA disability payments as a matter of principle, because the Department of Veterans Affairs—the agency liable in this case—is the very source of the catastrophic harm for which this action seeks redress. He survives without income, employment, or financial support, and has three bank accounts that

are all currently in overdraft.

The Appellant is presently unemployed, and as a direct consequence of the VA's negligence—including the loss and/or mislabeling of vital medical records that delayed diagnosis for nearly a decade—he is permanently disabled and unable to engage in gainful employment.

Mr. Foster has no dependents. His capacity to parent or support a family has also been gravely impaired by the harm inflicted through the VA's tortious conduct.

Given the above, Appellant qualifies for in forma pauperis status under the applicable statutes and case law, and respectfully asks the Court to waive all filing fees and costs associated with the continuation of this appeal.

Attached is the required Form 4 affidavit in support of this request.

Respectfully submitted,

/s/ Donovan J. Foster

Donovan J. Foster

Pro Se Appellant

Dated: April 23, 2025

Donovan J. Foster

578 Washington Blvd, NUM 312

Marina Del Rey, CA 90292

(212) 920-1477 | fostermailbox@gmail.com

# Form 4. Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis

United States Court of Appeals for the Ninth Circuit

Case Number: 24-140

Case Name: Donovan J. Foster v. United States of America

AFFIDAVIT

I, Donovan J. Foster, declare that I am the appellant in the above-entitled proceeding; that in support of my motion to proceed on appeal in forma pauperis, I state that because of my poverty, I am unable to pay the costs of this case or to give security therefor, and I believe I am entitled to redress.

1. I currently have had no income from any source, including VA disability,

Social Security, employment, self-employment, or other sources. I am eligible for VA benefits at the 100% disability level but have declined them on principle due to this litigation. I am currently unemployed. As a direct result of the Department of Veterans Affairs' negligence—including the prolonged loss and/or mislabeling of my service medical records which delayed a critical diagnosis for nearly a decade—I suffer from permanent impairments that render me unable to participate in gainful employment at this time. Until this matter is fully and lawfully resolved, I am not able to safely or ethically operate in a professional setting, as doing so could place others at risk. My sincere wish is to return to productive work, but I cannot responsibly do so without justice and intervention under the laws of the United States of America.

2. I have no dependents. The injuries sustained have left me permanently unable to rear children.

3. I own no real estate, vehicles, or other property. I maintain three checking accounts, all currently in overdraft.

4. I am not employed, and my unemployment is a direct result of the injuries and medical harm caused by the defendant agency.

5. I have no cash or savings on hand.

6. I have a de minims amount of holdings in any stocks, bonds, or other investments.

7. I have no personal or commercial debts owed to me, other than the claim for monetary damages presently sought in this appeal. That claim arises under the Federal Tort Claims Act and reflects the full measure of compensation I contend is due as a result of the United States' negligence. The approximate value asserted in the pleadings is $92 billion.

8. I currently carry over $125,000 in unsecured debt, including legal, medical, and personal liabilities that have accumulated as a direct consequence of the harm at issue in this litigation. I have no realistic means of repayment absent a just resolution of this matter. These debts further underscore my indigency and the impossibility of affording legal fees, court costs, or appellate filing expenses at this time.

9. I declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 23, 2025

/s/ Donovan J. Foster

Donovan J. Foster

578 Washington Blvd, NUM 312

Marina Del Rey, CA 90292

fostermailbox@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on April 23, 2025, I electronically filed the foregoing:

- Motion to Proceed In Forma Pauperis
- Form 4: Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis

with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered ACMS AND CM/ECF users will be served by the appellate ACMS and or CM/ECF system.

Executed on April 23, 2025 in Los Angeles, CA.

<u>/s/ Donovan J. Foster</u>

Donovan J. Foster

578 Washington Blvd, NUM 312

Marina Del Rey, CA 90292

fostermailbox@gmail.com

No. 24-140

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

**DONOVAN FOSTER**,
*Plaintiff-Appellant*,

v.

**UNITED STATES OF AMERICA**,
*Defendant-Appellee*.

Appeal from the United States District Court
Central District of California
No. CV 22-08522 FWS (PVC)

---

# MOTION TO SUBMIT CORRECTED SUPPLEMENTAL EXCERPTS OF RECORD

---

BILAL A. ESSAYLI
*United States Attorney*
DAVID M. HARRIS
*Assistant United States Attorney*
*Chief, Civil Division*
JESSICA O. CHEH
*Assistant United States Attorney*
Federal Building
300 N. Los Angeles Street, Suite 7516
Los Angeles, California 90012
Telephone: (213) 894-0886
E-mail: jessica.cheh@usdoj.gov

Attorneys for Defendant-Appellee
United States of America

# MOTION TO SUBMIT CORRECTED SUPPLEMENTAL EXCERPTS OF RECORD

The United States moves to submit corrected Supplemental Excerpts of Record (Dkt. 21) to include further necessary redactions of Appellant Donovan Foster's private information which were inadvertently omitted upon initial filing. This motion is made pursuant to Federal Rule of Appellate Procedure 27 and is based on the files and records in this case and the attached declaration of Assistant United States Attorney Jessica O. Cheh.

On April 23, 2025, Appellant Donovan Foster filed a "Motion for Sanctions" representing that the Supplemental Excerpts of Record contained pages identifying his Social Security number. Dkt. 45. Upon reviewing the SER, counsel for the United States confirmed that there were pages on which Foster's personally identifiable information was inadvertently left unredacted. Cheh Decl. ¶ 4.

Because the failure to redact all of Foster's personally identifiable information was an unintentional error, the United States respectfully requests leave to submit corrected Supplemental Excerpts containing all necessary redactions. A proposed corrected SER is submitted concurrently with this motion.

Dated: April 25, 2025

Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

*/s/ Jessica O. Cheh*
JESSICA O. CHEH
Assistant United States Attorney

Attorneys for Defendant-Appellee
United States of America

## DECLARATION OF JESSICA O. CHEH

I, Jessica O. Cheh, hereby declare as follows:

1. I am an Assistant United States Attorney in the Office of the United States Attorney for the Central District of California. I make this declaration pursuant to Federal Rule of Appellate Procedure 27(a)(2)(B).

2. I am Chief of the Civil Appeals Section and recently assumed primary responsibility over the defense of this appeal.

3. On April 23, 2025, Appellant Donovan Foster filed a "Motion for Sanctions" in which he identified multiple pages of the Supplemental Excerpts of Record (Dkt. 21) containing his unredacted Social Security number. Dkt. 45.

4. After reviewing the SER, I confirmed that there were multiple pages on which Mr. Foster's personally identifiable information was unredacted. The failure to redact this information was an inadvertent oversight.

5. On April 24, 2025, I emailed Mr. Foster to advise him of this motion and to obtain his position thereon. I have not yet received a response.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 25th day of April, 2025, at Los Angeles, California.

*/s/ Jessica O. Cheh*

JESSICA O. CHEH

# TABLE OF CONTENTS

## Consolidated Submission – Case No. 24-140


| Section Title | Page Number |
|---|---|
| Motion for Judicial Notice of Ongoing Economic Retaliation and Procedural Sabotage | 2 |
| Legal Basis for Judicial Notice | 4 |
| Factual Background for Judicial Notice | 6 |
| Relevance to the Court's Jurisdictional Inquiry | 8 |
| Conclusion (Judicial Notice Motion) | 9 |
| Signature Line for Motion for Judicial Notice | 11 |
| Declaration of Donovan J. Foster in Support of Motion for Judicial Notice | 12 |
| Signature Line for Declaration | 15 |
| Motion for Leave to File Amicus Curiae Brief by Gio Beverly Hills LLC | 16 |
| Identity and Interest of Amicus | 17 |
| Necessity of Amicus Participation | 18 |
| Request for Leave | 19 |
| Signature Line for Motion for Leave | 20 |
| Brief of Amicus Curiae Gio Beverly Hills LLC in Support of Appellant | 21 |
| Interest of Amicus Curiae | 21 |
| Summary of Argument | 23 |
| Argument Section I: FTCA Tort Based on Independent Negligent Conduct | 24 |
| Argument Section II: Ninth Circuit Doctrine Confirms FTCA Jurisdiction | 25 |
| Argument Section III: Constitutional Fault Lines in DOJ's § 511 | 26 |
| Argument Section IV: Economic Retaliation and Procedural Sabotage | 27 |
| Argument Section V: Why the Ninth Circuit Must Decide the Jurisdictional Issue Now | 28 |
| Conclusion (Amicus Brief) | 29 |
| Signature Line for Amicus Brief | 30 |
| Certificate of Service | 32 |

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

# MOTION FOR JUDICIAL NOTICE OF ONGOING ECONOMIC RETALIATION AND PROCEDURAL SABOTAGE LINKED TO FEDERAL TORT CLAIMS ACT APPEAL

## INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Federal Rule of Appellate Procedure 27, and Ninth Circuit Rule 27-1, Appellant Donovan J. Foster respectfully moves this Court to take judicial notice of key facts bearing on the procedural, constitutional, and economic context of this appeal. Specifically, Appellant requests that this Court recognize:

1. That substantial economic interference has occurred following the filing of this FTCA appeal, targeting Appellant's lawful business entity;

2. **That such interference includes the placement of Appellant's company, Gio Beverly Hills LLC, on the Federal Do Not Pay (DNP) list, which directly resulted in the denial of access to federal small business capital;**

3. **That these actions were taken without any adjudicative process, statutory basis, or notice to the affected party;**

Case: 24-140, 09/13/2026, DktEntry: 72.1, (189 of 1196)

4. **That the timing of this exclusion correlates precisely with the pendency of this appeal, raising legitimate concerns about retaliatory governmental conduct;**

5. That the economic harm from this exclusion has been calculated in good faith at $24,482,503.95, based on anticipated contract performance, disabled-veteran business enterprise (DVBE) opportunities, and federal program access projections denied as a result.

These facts are not offered for purposes of evidentiary adjudication or monetary relief at the appellate level. Rather, they are submitted so that the full constitutional and procedural stakes of this litigation can be appreciated, preserved, and considered by the Court in evaluating whether jurisdiction under the Federal Tort Claims Act (FTCA) is proper, and whether further remand would be just or efficient.

**LEGAL BASIS FOR JUDICIAL NOTICE**

Federal Rule of Evidence 201(b) provides that a court may take judicial notice of a fact that is not subject to reasonable dispute because it:

1. Is generally known within the trial court's territorial jurisdiction; or
2. **Can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.**

Judicial notice is appropriate on appeal where the facts in question:

- **Arise after the trial court record closed but bear directly on the continuing viability or constitutional scope of the case;**
- **Serve to preserve structural harms or due process failures that color the judicial process itself;**
- Establish the existence of parallel governmental conduct that reinforces the need for judicial oversight.

Ninth Circuit precedent supports judicial notice for post-record governmental activity tied to constitutional litigation. See:

- United States v. Ritchie, 342 F.3d 903, 909 (9th Cir. 2003);

- Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001);
- Karnoski v. Trump, 926 F.3d 1180, 1196 (9th Cir. 2019).

## FACTUAL BACKGROUND FOR JUDICIAL NOTICE

Appellant Donovan J. Foster is a 100% disabled United States military veteran prosecuting this appeal under the Federal Tort Claims Act for injuries arising from negligent loss and/or misclassification of military medical records by the VA, which caused a nine-year delay in diagnosis of a serious health condition.

To lawfully and therapeutically re-enter economic life within the constraints of his disability, Appellant caused to be formed Gio Beverly Hills LLC, a rehabilitative limited liability company owned by GBH Trust. The company was created as a disabled-veteran-owned enterprise with the intent to participate in federal and state economic programs, including:

- SBA-backed loan programs;
- DVBE set-asides;
- Department of Commerce capacity building contracts;
- Private sector opportunities dependent on federal registration.

On or about February 11, 2025, while this appeal was pending, Gio Beverly Hills LLC received notice that it had been denied SBA participation due to its presence on the Federal Do Not Pay (DNP) list—a Treasury-operated list meant to exclude ineligible entities from receiving federal disbursements.

Upon investigation, it was discovered that the DNP flag had been initiated not by any court or disqualifying federal action, but by the California Department of Social Services (CDSS)—an executive agency of the State of California. The company was given:

- No warning;
- No hearing;

- No findings of fraud, misconduct, or ineligibility;
- No procedural mechanism for appeal or rebuttal.

This blacklisting occurred within weeks of the docketing of this FTCA appeal, and has had a chilling effect on Appellant's ability to lawfully fund, operate, and defend this litigation. The denial resulted in immediate economic exclusion from federal capital programs—a form of collateral suppression that runs afoul of due process and calls into question the structural integrity of sovereign litigation.

## RELEVANCE TO THE COURT'S JURISDICTIONAL INQUIRY

These facts are not submitted as new causes of action, nor do they request monetary relief here. Rather, they bear on three issues critical to the Court's jurisdictional analysis:

1. **They establish the gravity and persistence of harm flowing from the VA's original tort, including harm to entities aligned with the Appellant;**

2. They demonstrate the presence of state-federal interference, arising not from formal proceedings but from systemic retaliatory conduct against a federal litigant;

3. They underscore the urgency of appellate resolution now—not through remand—because the judicial delay enables continued injury, economic suppression, and loss of public access rights.

This is not merely an appeal. It is a live constitutional battlefield where the FTCA's promise of accountability is being tested not just in the courtroom, but in the lived experience of those daring to invoke it.

## CONCLUSION

Appellant respectfully requests that the Court:

1. **Take judicial notice that Appellant's affiliated business, Gio Beverly Hills LLC, was denied SBA access following improper listing on the Federal Do Not Pay list, without adjudication, during the pendency of this appeal;**

2. Take judicial notice that this exclusion arose from an unexplained designation by the California Department of Social Services, imposed without process or recourse;

3. Take judicial notice that the resulting damages have been calculated at over $24 million, based on foregone economic opportunity and confirmed operational exclusion;

4. Consider these facts not as evidence of liability, but as structural context that underscores the constitutional necessity of preserving FTCA jurisdiction and deciding this appeal without remand.

This litigation has not occurred in a vacuum. It is now surrounded by forces that the judiciary alone can neutralize. To take notice is not to

decide the facts—but to honor the constitutional terrain on which they unfold.

Respectfully submitted,

/s/ Donovan J. Foster

Appellant / GBH Trust Fiduciary

April 23, 2025

Los Angeles, California

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

**DECLARATION OF DONOVAN J. FOSTER IN SUPPORT OF MOTION FOR JUDICIAL NOTICE**

I, Donovan J. Foster, declare and state as follows:

1. I am the Appellant in the above-captioned matter, currently pending before the United States Court of Appeals for the Ninth Circuit. I make this declaration in support of my Motion for

Judicial Notice, and based on personal knowledge unless otherwise stated.

2. I am a 100% service-connected disabled veteran of the U.S. Armed Forces. I am also the fiduciary of GBH Trust, which formed Gio Beverly Hills LLC as a therapeutic, non-distributing commercial entity to assist in my lawful economic rehabilitation following catastrophic medical harm inflicted by the VA.

3. On or about February 11, 2025, while my FTCA appeal in this matter was pending, I learned that Gio Beverly Hills LLC had been denied access to federal SBA programs based on the company's presence on the Federal Do Not Pay (DNP) list.

4. That DNP designation was not based on any adjudicated finding of ineligibility, fraud, or disqualification. It was instead initiated by the California Department of Social Services, and entered into a federal exclusion system without my notice, opportunity to rebut, or access to an appeals process.

5. This action resulted in the immediate financial exclusion of Gio Beverly Hills LLC from government contracts and small business capital, including DVBE pathways and procurement programs, at the precise time I was pursuing legal redress under the Federal Tort Claims Act.

6. As a result of this blacklisting, projected earnings, federal contract performance, and private investment were lost, causing measurable harm. A good-faith financial model calculates those damages at $24,482,503.95 over the lost operational timeline.

7. I am not asking this Court to award monetary relief here. I am requesting that the Court take judicial notice of these publicly verifiable, post-record facts in order to understand the constitutional and structural significance of this appeal, and to preserve those facts for any further proceedings.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Case: 24-140, 04/23/2025, DktEntry: 47.1, Page 15 of 17

Executed on April 23, 2025, in Los Angles, California.

**/s/ Donovan J. Foster**

**Donovan J. Foster**

## CERTIFICATE OF SERVICE

I certify that on April 23, 2025, I electronically filed the following documents as part of a consolidated PDF submissionin the above-captioned appeal:

- **Motion for Judicial Notice of Economic Retaliation and Procedural Sabotage**
- **Declaration of Donovan J. Foster in Support**
- **Motion for Leave to File Amicus Curiae Brief**
- **Brief of Amicus Curiae Gio Beverly Hills LLC in Support of Appellant**

All documents were filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit via the CM/ECF system. All parties registered to receive electronic notice will be served via ECF.

Executed on April 23, 2025 in Marina Del Rey, California.

/s/ Donovan J. Foster

Appellant / Declarant

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF BY GIO BEVERLY HILLS LLC IN SUPPORT OF APPELLANT**

**Pursuant to Federal Rule of Appellate Procedure 29(a)(3) and Ninth Circuit Rule 29-3, Gio Beverly Hills LLC, by and through its**

**organizing body GBH Trust, respectfully moves for leave to file the accompanying Amicus Curiae Brief in Support of Appellant Donovan J. Foster.**

## I. IDENTITY AND INTEREST OF AMICUS

Gio Beverly Hills LLC is a private, trust-controlled entity organized to provide rehabilitative and therapeutic commercial engagement to Appellant, a 100% disabled veteran. The entity was established as a lawful structure to enable productivity and economic viability following life-altering VA-inflicted injury—injury that is now the subject of this FTCA appeal.

In February 2025, the business was blacklisted from federal capital access programs via placement on the Federal Do Not Pay (DNP) list, based on a referral from the California Department of Social Services. This occurred without adjudication or due process and resulted in the denial of SBA funding.

The action was taken after the Appellant filed his federal tort claim and while this appeal was pending. This timing and effect establish that the

consequences of the VA's original tort—and the federal response to litigation—extend to Appellant's support systems. Thus, Amicus has direct factual and constitutional interest in the resolution of this matter.

## II. NECESSITY OF AMICUS PARTICIPATION

This brief offers:

- A doctrinal map distinguishing FTCA claims from VJRA-shielded matters;
- A constitutional argument regarding the misuse of § 511 to create impunity;
- A real-world example of extrajudicial state-federal retaliation against entities associated with pro se FTCA litigants;
- A perspective not currently represented by the parties, grounded in third-party economic harm and institutional sabotage.

No party's counsel authored the brief. No party contributed funds for its preparation. The government has not consented. Therefore, leave is required and properly sought.

## III. REQUEST FOR LEAVE

This motion is timely. Amicus has acted swiftly after material developments in the appeal (including the filing of the opening brief). Granting leave will aid the Court's understanding and protect its decisional space from doctrine distortion.

For the foregoing reasons, Gio Beverly Hills LLC respectfully requests leave to file the attached Amicus Curiae Brief in support of Appellant and in defense of constitutional tort access.

Respectfully submitted,

/s/ Donovan J. Foster

Managing Agent, GBH Trust

Organizer, Gio Beverly Hills LLC

Case: 24-140, 09/13/2026, DktEntry: 72.1, (207 of 1196)

April 23, 2025

Marina Del Rey, California

## CERTIFICATE OF SERVICE

I certify that on April 23, 2025, I electronically filed the following documents as part of a consolidated PDF submissionin the above-captioned appeal:

- **Motion for Judicial Notice of Economic Retaliation and Procedural Sabotage**
- **Declaration of Donovan J. Foster in Support**
- **Motion for Leave to File Amicus Curiae Brief**
- **Brief of Amicus Curiae Gio Beverly Hills LLC in Support of Appellant**

All documents were filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit via the CM/ECF system. All parties registered to receive electronic notice will be served via ECF.

Executed on April 23, 2025 in Marina Del Rey, California.

/s/ Donovan J. Foster

Appellant / Declarant

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

# BRIEF OF AMICUS CURIAE GIO BEVERLY HILLS LLC IN SUPPORT OF APPELLANT AND IN DEFENSE OF CONSTITUTIONAL ACCESS TO FEDERAL TORT CLAIMS

## INTEREST OF AMICUS CURIAE

Gio Beverly Hills LLC, a non-distributing, therapeutically-oriented private entity established by GBH Trust, submits this brief in defense of constitutional access to federal tort forums. The entity exists solely to provide Donovan J. Foster, a 100% disabled veteran, with a channel for rehabilitative economic participation following injuries sustained through VA recordkeeping negligence resulting in a catastrophic delay in medical diagnosis.

Since the docketing of this appeal, Gio Beverly Hills LLC has been blacklisted without notice from SBA programs via an improper referral to the Federal Do Not Pay (DNP) list—a move initiated by the California Department of Social Services, with no adjudication, and concurrent with active federal litigation against the United States.

Amicus files this brief to reinforce why this action belongs firmly within the scope of the Federal Tort Claims Act (FTCA) and why the government's invocation of 38 U.S.C. § 511 to bar the claim is not only legally unsound but institutionally corrosive.

## SUMMARY OF ARGUMENT

The VA's misclassification or loss of Appellant's medical records caused a nearly decade-long diagnostic delay—a tort, not a policy dispute. The government now invokes § 511 of the Veterans' Judicial Review Act (VJRA) to claim immunity, suggesting this tort is inherently unreviewable. That argument is:

1. **Foreclosed by binding Ninth Circuit precedent, including Tunac, Littlejohn, and Thomas v. Principi;**

2. Inconsistent with the statutory limits of § 511, which bar judicial review only of actual VA benefits decisions—not tortious administrative or medical misconduct;

3. Constitutionally problematic, implicating due process, equal protection, and separation-of-powers violations;

4. Rebutted by evidence of extrajudicial retaliation, including unlawful interference with Appellant's economic ecosystem via DNP-based SBA exclusion.

This is not a benefits dispute. It is a sovereign-inflicted harm. This Court should resolve the jurisdictional question now, not remand it, to preserve constitutional governance and judicial efficiency.

## ARGUMENT

### I. Appellant's Claim Is a Justiciable FTCA Tort Based on Independent Negligent Conduct

The FTCA (28 U.S.C. § 1346(b)) allows suits for:

"personal injury... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."

Mr. Foster alleges that VA employees lost, mislabeled, or failed to retrieve his service medical records, resulting in unreasonable delay in diagnosis from any competent medical provider not solely the Department of Veterans Affairs medical providing arm of a serious condition. This is a tort rooted in non-benefits administrative conduct—

namely, record preservation, access, and continuity of care—all actionable under the FTCA.

This claim neither requires review of a VA decision nor challenges the merits of any benefit awarded or denied. No administrative pathway exists to adjudicate these recordkeeping failures. Thus, § 511 is inapplicable by its own terms.

## II. Ninth Circuit Doctrine Confirms That § 511 Does Not Bar FTCA Claims for Medical or Administrative Negligence

In Tunac v. United States, 897 F.3d 1197 (9th Cir. 2018), the Court held that § 511 does not bar an FTCA claim where VA staff failed to prevent a suicide, rejecting the government's argument that suicide prevention fell within VA "care protocols."

"[The] district court had jurisdiction... because the VA's alleged negligence was not in administering benefits, but in the failure of its staff to act competently."
Tunac, 897 F.3d at 1203.

In Littlejohn v. United States, 321 F.3d 915 (9th Cir. 2003), the plaintiff's FTCA claim for delayed diabetes diagnosis by VA doctors was allowed despite proximity to benefits adjudication:

"Littlejohn's claim is a tort claim... The potential effect on benefits is not enough to trigger § 511."
Id. at 921.

And in Thomas v. Principi, 394 F.3d 970 (D.C. Cir. 2005), the court distinguished between medical malpractice torts and benefit disputes, ruling that constitutional and tort-based challenges survive even in a VJRA context.

Mr. Foster's claim falls squarely within these cases. It is not precluded because it arises from a failure to maintain continuity of care—not a denial of benefits.

## III. DOJ's Interpretation of § 511 Would Create a Constitutionally Impermissible Jurisdictional Abyss

The government's view—that all torts committed in the context of VA systems are unreviewable under § 511—would:

- **Convert the VJRA into a sovereign immunity cloaking device;**
- Eviscerate the FTCA's congressional purpose;
- Deny veterans the same rights afforded to every other tort victim;
- Violate Fifth Amendment due process, as federal employees could inflict harm without judicial remedy;
- Create a separation-of-powers breach, as executive agencies could self-declare entire categories of torts unreviewable;
- Constitute unequal protection, leaving one subclass of citizens (veterans) without access to civil recovery available to all others.

**This is not judicial deference. It is doctrinal surrender to agency overreach.**

## IV. The Economic Retaliation Against Appellant's LLC Confirms the Need for Judicial Oversight

On February 11, 2025, the SBA rejected Gio Beverly Hills LLC's loan application after the entity was flagged on the DNP list. This occurred:

- During the pendency of a federal FTCA appeal against the United States.

This is not collateral harm—it is procedural throttling of a litigant's financial viability. It confirms the stakes: without judicial check, agencies will attack.

This extrajudicial sabotage forms an APA violation (5 U.S.C. §§ 701–706), a facial Fifth Amendment violation for denial of liberty and property interests without due process, and a Bivens-adjacent constitutional tort, even if not pleaded as such.

The Ninth Circuit must acknowledge this conduct—not as damages evidence, but as jurisdictional context.

## V. The Ninth Circuit Should Resolve Jurisdiction Now to Avoid Serial Institutional Harm

The District Court dismissed on jurisdictional grounds. The facts are undisputed. The legal doctrine is mature. The question is purely legal: does § 511 bar this tort?

Remand serves no judicial function. As this Court held in Morongo Band of Mission Indians v. FAA, 161 F.3d 569, 574 (9th Cir. 1998):

"Where the record is fully developed and the legal issues are clear, remand is unnecessary."

Further delay exposes Appellant to:

- Additional retaliation,
- Economic destabilization,
- and the procedural erosion of the FTCA.

**This Court must declare once and for all that § 511 does not immunize medical torts or medical recordkeeping negligence from federal jurisdiction.**

## CONCLUSION

The FTCA was not designed to protect only some Americans from government torts. It was enacted to hold the sovereign answerable for the injuries it causes.

Here, the United States inflicted injury. It now seeks to reclassify that injury as "policy" and/or a benefits decision made by the Secretary. This is not statutory interpretation—it is definitional manipulation.

Amicus urges this Court to:

1. **Reject § 511 as a bar to Appellant's FTCA claim;**
2. **Affirm jurisdiction and remand only for discovery and adjudication;**
3. **Recognize that extrajudicial interference has already occurred —and that further delay invites constitutional harm.**

Respectfully submitted,

/s/ Donovan J. Foster

Trustee, GBH Trust

Organizer, Gio Beverly Hills LLC

April 23, 2025

Los Angles, California

**CERTIFICATE OF SERVICE**

I certify that on April 23, 2025, I electronically filed the following documents as part of a consolidated PDF submissionin the above-captioned appeal:

- **Motion for Judicial Notice of Economic Retaliation and Procedural Sabotage**
- **Declaration of Donovan J. Foster in Support**
- **Motion for Leave to File Amicus Curiae Brief**
- **Brief of Amicus Curiae Gio Beverly Hills LLC in Support of Appellant**

All documents were filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit via the CM/ECF system. All parties registered to receive electronic notice will be served via ECF.

Executed on April 23, 2025 in Marina Del Rey, California.

/s/ Donovan J. Foster

Appellant / Declarant

No. 24-140

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**DONOVAN FOSTER**,
*Plaintiff-Appellant*,

v.

**UNITED STATES OF AMERICA**,
*Defendant-Appellee*.

Appeal from the United States District Court
Central District of California
No. CV 22-08522 FWS (PVC)

**APPELLEE'S CORRECTED SUPPLEMENTAL EXCERPTS OF RECORD**

**Volume 1 of 1**

BILAL A. ESSAYLI
*United States Attorney*
DAVID M. HARRIS
*Assistant United States Attorney*
*Chief, Civil Division*
JESSICA O. CHEH
*Assistant United States Attorney*
Federal Building
300 N. Los Angeles Street, Suite 7516
Los Angeles, California 90012
Telephone: (213) 894-0886
E-mail: jessica.cheh@usdoj.gov

Attorneys for Defendant-Appellee
United States of America

# INDEX

**Page**

Minute Order Granting Defendant's Motion to Dismiss,
Docket No. 62 (filed December 14, 2023) .......... 4

Karen L. Rivera-Lebron Declaration with Exhibit 1,
Docket Nos. 50-1 and 50-2 (filed August 15, 2023) .......... 12

Amended Complaint,
Docket No. 29 (filed June 12, 2023) .......... 26

Order Granting Defendants' Motion to Dismiss,
Docket No. 25 (filed May 12, 2023) .......... 32

Declaration of Karen L. Rivera-Lebron with Exhibits 1-4,
Docket No. 15-1 (filed March 8, 2023) .......... 40

Declaration of Oswaldo Tapia with Exhibits 1-5,
Docket No. 15-2 (filed March 8, 2023) .......... 53

Complaint,
Docket No. 1 (filed November 21, 2022) .......... 82

Notice of Appeal,
Docket No. 63 (filed January 4, 2024) .......... 113

Docket Sheet .......... 115

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC — Date: December 14, 2023
Title: Donovan J. Foster v. The United States of America *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Melissa H. Kunig | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [43]**

Before the court is Defendant United States of America's ("Defendant") Motion to Dismiss Plaintiff Donovan J. Foster's ("Plaintiff") First Amended Complaint ("Motion" or "Mot.").[1] (Dkt. 43.) On September 11, 2023, Plaintiff opposed the Motion ("Opposition" or "Opp."). (Dkt. 58.) On September 14, 2023, Defendant filed a Reply ("Reply"). (Dkt. 60.) On September 25, 2023, having found the matter appropriate for decision without oral argument, the court took the matter under submission. (Dkt. 61.) Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion and **DISMISSES WITH PREJUDICE** the First Amended Complaint.

## I. Procedural Background

The court briefly reviews the relevant procedural history of this case. On November 21, 2022, Plaintiff filed a Complaint alleging he is a U.S. Army veteran who suffers from Bipolar II Disorder and Post-Traumatic Stress Disorder ("PTSD"). (*See* Dkt. 1 ¶¶ 14, 17.) Per the allegations of the Complaint, in October 2009, Plaintiff submitted an Application for

[1] The Motion is brought under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because the court ultimately concludes it lacks subject matter jurisdiction over this action, it does not reach the merits of Defendant's Rule 12(b)(6) motion and proceeds to evaluate the Complaint under the framework applicable to Rule 12(b)(1) motions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC Date: December 14, 2023
Title: Donovan J. Foster v. The United States of America *et al.*

Compensation and/or Pension to the VA. (*Id.* ¶ 15.) The VA denied his application on May 13, 2010, because his service department and/or treatment records were unavailable and could not be located. (*Id.*) On November 26, 2019, the VA informed Plaintiff by letter that his service department records had been lost or mislabeled. (*Id.* ¶ 16.) Plaintiff alleges the denial of his claim prevented him from receiving necessary mental health treatment from the VA and delayed his ability to receive timely treatment from other providers. (*Id.* ¶ 17.) The Complaint asserts a single cause of action for negligence based on the VA's alleged failure to maintain Plaintiff's service and medical records. (*Id.* ¶¶ 22-29.) The Complaint alleges the VA's failure prevented Plaintiff from receiving treatment for his conditions for approximately ten years and allegedly caused Plaintiff's conditions to worsen, such that he is now completely disabled. (*Id.*)

On May 12, 2023, the court dismissed the Complaint for lack of subject matter jurisdiction, with leave to amend. (Dkt. 25.) Specifically, the court concluded it lacked subject matter jurisdiction under the Veterans' Judicial Review Act ("VJRA"), 38 U.S.C. 511(a), which divests district courts of jurisdiction over suits brought by veterans regarding their benefits. (*Id.*) On June 12, 2023, Plaintiff filed a First Amended Complaint ("FAC"). (Dkt. 29.)

## II. Summary of Allegations of the FAC

In the FAC, Plaintiff again alleges he is a veteran, Defendant failed to maintain and safeguard his service records, and Plaintiff was harmed during his "administrative hearings" by Defendant's failure to maintain and safeguard his service records. (FAC ¶¶ 5-48.) Plaintiff also asserts the court has subject matter jurisdiction over this case under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. (*Id.* ¶ 3.) Based on these allegations, Plaintiff asserts eight causes of action for violation of his right to due process, breach of contract, medical malpractice, negligent infliction of emotional distress, fraud, violation of the Privacy Act of 1974, 5 U.S.C. § 552a, breach of fiduciary duty, and negligent hiring or training. (*Id.*)

## III. Legal Standard

a. Rule 12(b)(1) Motion to Dismiss

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC Date: December 14, 2023
Title: Donovan J. Foster v. The United States of America *et al.*

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citation and internal quotation marks omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a case for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A defendant's challenge under the Rule may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "accepts the truth of plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone*, 373 F.3d at 1039). A factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside of the pleadings." *Id.*

"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039 (citation omitted). The court need not presume the truthfulness of the plaintiff's allegations in doing so. *Id.* "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citation omitted). Where "the jurisdictional disputes [are] not intertwined with the merits of the claim" and "the existence of jurisdiction turn[s] on disputed factual issues," the court may "resolve those factual disputes" where necessary. *See Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944 (9th Cir. 2021) (citation and internal quotation marks omitted); *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

## IV. Discussion

Defendant moves to dismiss this action on several grounds. (*See generally* Mot.) First, Defendant moves under Rule 12(b)(1), arguing that the court lacks subject matter jurisdiction over Plaintiff's claim under the Veterans' Judicial Review Act ("VJRA"). (Mot. at 5-7.) Second, Defendant argues that even if the VJRA does not divest the court of jurisdiction, dismissal is appropriate because multiple causes of action alleged in the FAC are improper

under the Federal Tort Claims Act. (*Id.* at 7-10.) Third, Defendant argues Plaintiff's claims are time-barred under the FTCA's two-year statute of limitations. (*Id.* at 10-11.) For the reasons discussed below, the new claims in the FAC do not alter the court's conclusion that it lacks subject matter jurisdiction over this action.

a. The Court Lacks Jurisdiction Over this Matter Under Section 511(a) of the VJRA

In 1988, Congress enacted the VJRA, which deprived Article III district courts of jurisdiction over veterans' suits concerning their benefits. *See Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1020-23 (9th Cir. 2012) (en banc) (discussing history of judicial review of VA decisions and the VJRA's effect on reviewability). The VJRA "place[s] responsibility for reviewing decisions" of the VA Regional Offices and the Board of Veterans' Appeals in the U.S. Court of Appeals for Veterans Claims ("Veterans Court"). *Id.* at 1021 (citing 38 U.S.C. §§ 7251, 7261). The Veterans Court has "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals," *Tunac v. United States*, 897 F.3d 1197, 1202 (9th Cir. 2018) (quoting 38 U.S.C. § 7252(a)), and may "decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of an action of the Secretary," *id.* (quoting 38 U.S.C. § 7261(a)(1)). Decisions of the Veterans Court are in turn "reviewed exclusively by the Federal Circuit, which 'shall decide all relevant questions of law, including interpreting constitutional and statutory provisions.'" *Veterans for Common Sense*, 678 F.3d at 1022 (quoting 38 U.S.C. § 7292(d)(1)) (citing 38 U.S.C. §§ 7292(a), (c)).

"In addition to establishing this exclusive pathway for judicial review of benefits decisions, Congress enacted a new provision, eventually codified at 38 U.S.C. § 511, to 'broaden the scope' of the prior preclusion provision and 'limit outside "court intervention" in the VA decisionmaking process.'" *Tunac*, 897 F.3d at 1202 (quoting *Veterans for Common Sense*, 678 F.3d at 1022). The statute provides that the Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans," 38 U.S.C. § 511(a), which are "final and conclusive and may not be reviewed by any other official or by any court" with certain exceptions not implicated here, *see id.* § 511(b).

"[Section] 511 precludes jurisdiction over a claim if it requires the district court to review VA decisions that relate to benefits decisions, including any decision made by the Secretary in the course of making benefits determinations." *Tunac*, 897 F.3d at 1202 (quoting *Veterans for Common Sense*, 678 F.3d at 1025). Section 511 also precludes district courts' judicial review of "cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits" and the "decisions that may affect such cases." *Veterans for Common Sense*, 678 F.3d at 1025-26 (citations omitted). But it does not bar "certain facial constitutional challenges that require only a 'consideration of the constitutionality of the procedures in place,' rather than 'a consideration of the decisions that emanate through the course of the presentation of those claims.'" *Gila River Indian Cmty. v. United States Dep't of Veterans Affs.*, 899 F.3d 1076, 1079 (9th Cir. 2018) (quoting *Veterans for Common Sense*, 678 F.3d at 1034) (citation omitted).

In this case, the court concludes it lacks jurisdiction over Plaintiff's claims under § 511(a). The Ninth Circuit, sitting *en banc* in *Veterans for Common Sense*, observed that "[s]ection 511 undoubtedly would deprive [district courts] of jurisdiction to consider an individual veteran's claim that the VA unreasonably delayed his mental health care." *See* 678 F.3d at 1026. In that case, the Ninth Circuit held that a district court lacks jurisdiction under § 511(a) where it would require "evaluating the circumstances of individual veterans and their requests for treatment, and determining whether the VA handled those requests properly" because "there is no way for the district court to resolve whether the VA acted in a timely and effective manner in regard to the provision of mental health care" without doing so. *Id.* at 1028.

Plaintiff's causes of action—though framed differently than in the original Complaint—still seek a determination from the court that the VA was negligent in how it handled Plaintiff's request for mental health treatment and that the VA's denial created an injurious delay in Plaintiff's receipt of necessary care. For example, although Plaintiff argues his claims arise under the FTCA rather than the VJRA, he repeats in the Opposition that Defendant's denial of his 2009 application for compensation or pension benefits "precluded me from receiving needed mental health treatment from Department of Veteran Affairs facilities" and "precluded me from receiving timely and effective treatment for my diagnosed Bipolar II disorder with Anxious

Distress and Post Traumatic Stress Disorder." (Opp. at 3-4.) The FAC also includes multiple allegations that the VA was negligent toward Plaintiff and caused him harm by delaying his medical care. (*See, e.g.*, FAC ¶¶ 19-29.) In summary, Plaintiff's claims require the court to engage in the prohibited analysis of "evaluating [Plaintiff's] circumstances" and his "request[] for treatment" to determine "whether the VA acted in a timely and effective manner in regard to the provision of mental health care." *See Veterans for Common Sense*, 678 F.3d at 1028. Accordingly, § 511(a) divests the court of subject matter jurisdiction over Plaintiff's claims.

Because Plaintiff has not adequately demonstrated that his claims fall outside the scope of the VJRA, the court concludes that it lacks jurisdiction over Plaintiff's claims. Given that the court lacks jurisdiction over Plaintiff's claims, it does not reach the merits of Defendant's arguments regarding the scope of the FTCA and the relevant statute of limitations. *See Tunac*, 897 F.3d at 1201 (noting court would first determine whether it had jurisdiction over the complaint before reaching "the government's argument that [the plaintiff's] complaint is barred by the statute of limitations").

b. The Court Denies Leave to Amend

"In assessing whether leave to amend is proper, courts consider the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 814-15 (9th Cir. 2020) (citation and internal quotation marks omitted). Courts may find amendment futile where "no amendment would allow the complaint to withstand dismissal as a matter of law," and "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Id.* at 815 (citation and internal quotation marks omitted). But "[i]f a complaint does not state a plausible claim for relief, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Perez v. Mortg. Elec. Registration Sys., Inc.*, 959 F.3d 334, 340 (9th Cir. 2020) (citation and internal quotation marks omitted).

At this juncture, the court has previously dismissed Plaintiff's Complaint for lack of subject matter jurisdiction and explained in its prior dismissal order that the court's review of this case was precluded by Section 511 of the VJRA. (*See generally* Dkt. 25.) Though the court granted Plaintiff leave to file a FAC, the court finds, as discussed above, that Plaintiff's claims in the FAC are again subject to dismissal for lack of subject matter jurisdiction. Accordingly, the court finds the FAC's allegations dismissed by this Order are futile at this stage and denies Plaintiff leave to amend his claims. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (affirming denial of leave to amend where "Plaintiffs have had ample opportunity to properly plead a case and have failed to do so").

## V. Disposition

For the reasons set forth above, the court **GRANTS** the Motion and **DISMISSES WITH PREJUDICE** the First Amended Complaint. The Clerk of Court is directed to **CLOSE** this matter.

**IT IS SO ORDERED.**

Initials of Deputy Clerk: mku

Case: 24-140, 09/13/2026, DktEntry: 72.1, (234 of 1196)



**DECLARATION OF KAREN L. RIVERA-LEBRON**

I, Karen L. Rivera-Lebron, do hereby declare and state as follows:

1. I am a Staff Attorney employed by the U.S. Department of Veterans Affairs ("VA"), Office of General Counsel ("OGC"). I have held this position since June 24, 2019. I make the following factual statements based on my personal knowledge. If called as a witness, I could and would competently testify thereto.

2. The OGC is responsible for processing administrative claims, investigating the claims, and making determinations on whether the claims are approved or denied. The OGC maintains the records of all administrative claims and related records dating back to 2015.

3. As part of my employment with the OGC, I am familiar with and have regular access to the OGC's databases for storing records related to administrative claims, which in my experience is well maintained and up to date. I regularly access these databases in the performance of my job duties.

4. On or around November 6, 2020, the VA received the Standard Form 95 administrative tort claim from Mr. Foster. Attached hereto as Exhibit 1 is a true and correct copy of the administrative tort claim, which includes Mr. Foster's attached demand letter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 11, 2023, at San Juan, Puerto Rico.

[signature]

Karen L. Rivera-Lebron

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

1\. Submit to Appropriate Federal Agency:

NATIONAL ARCHIVES AND RECORDS ADMINISTRATION
AND
DEPARTMENT OF VETERANS AFFAIRS

2\. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.

DONOVAN J. FOSTER JR.
[redacted]

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | [redacted] | [redacted] | 11/26/2019 | 11:00PM |

8\. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY OR BY SOMEONE IN THE EMPLOY THEREOF, IN A FACILITY OF AND OR IN THE CONTROL OF YOUR GOVERNMENTAL ENTITY HAS CAUSED INFINITE ENDLESS HARM AND OR PERSONAL INJURY TO MYSELF THE CLAIMANT. PLEASE SEE ATTACHED DEMAND LETTER FOR FURTHER DETAIL.

9\. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

NONE

10\. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED. THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY HAS CAUSED PERMANENT DEBILITATING INJURY AND POST TRAMATIC STRESS DISORDER.

11\. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| TO BE DETERMINED IN PRE-TRIAL DISCOVERY IF APPLICABLE | TO BE DETERMINED IN PRE-TRIAL DISCOVERY IF APPLICABLE |

12\. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| NONE | $92,288,776,984.00 | | $92,288,776,984.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature] | [redacted] | 10/13/2020 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

NONE

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No

NONE

17. If deductible, state amount.

NONE

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

NONE

19. Do you carry public liability and property damage insurance? ☐ Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

NONE

**INSTRUCTIONS**

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.
B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

**PAPERWORK REDUCTION ACT NOTICE**

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) **BACK**

**DEMAND LETTER**

DONOVAN J. FOSTER JR.
[redacted]

OCTOBER 13, 2020

DEPARTMENT OF VETERANS AFFAIRS
OFFICE OF GENERAL COUNSEL
TORTS LAW GROUP
810 VERMONT AVENUE, NW
WASHINGTON, DC 20420

OFFICE OF GENERAL COUNSEL
NATIONAL ARCHIVES AND RECORDS ADMINISTRATION
8601 ADELPHI ROAD, SUITE 3110
COLLEGE PARK, MD 20740.

CC:
KIRKLAND & ELLIS LLP
555 SOUTH FLOWER STREET, SUITE 3700
LOS ANGELES, CA 90012

FLEISHMANHILLARD
12777 WEST JEFFERSON, SUITE 120
LOS ANGELES, CA 90066

RE:
WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR PERSONAL INJURY TO HAVE OCCURRED BY REASON OF THE INCIDENT.
CLAIMANT: DONOVAN J. FOSTER JR.
DATE OF LOSS: NOVEMBER 26, 2019

TO WHOM IT MAY CONCERN,

DEFINITIONS:
CLAIMANT: DONOVAN J FOSTER, JR
GOVERNMENTAL ENTITY: AS DEFINED BY 18 U.S. CODE § 2711.

PLEASE NOTE ALL DOLLAR AMOUNTS PRESENTED IN THIS DOCUMENT ARE IN PRESENT VALUE AND U.S. DOLLARS.

PLEASE BE ADVISED THIS DOCUMENT SERVES IN LIEU OF AND OR IN SUPPLEMENT TO STANDARD FORM 95 PRESCRIBED BY THE FEDERAL TORTS CLAIMS ACT AND OR A NOTICE OF A NATIONAL GUARD CLAIMS ACT CLAIM AS APPLICABLE. THIS DOCUMENT IS A CLAIM FOR PERSONAL INJURY FOR THE TOTAL SUM CERTAIN OF $92,288,776,984.00. I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT DESCRIBED IN THIS DOCUMENT AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

ON NOVEMBER 26, 2019 I WAS INFORMED BY THE DEPARTMENT OF VETERANS AFFAIRS IN WRITING THAT MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED. THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY OR BY SOMEONE IN THE EMPLOY THEREOF, IN A FACILITY OF AND OR IN THE CONTROL OF YOUR GOVERNMENTAL ENTITY HAS CAUSED INFINITE ENDLESS HARM AND OR PERSONAL INJURY TO MYSELF THE CLAIMANT.

IN THE UNITED STATES V. KUBRICK, 444 U.S. 111, 100 S. CT. 352, 62 L. ED. 2D 259 (1979) CASE THE SUPREME COURT MADE IT CLEAR THAT THERE ARE THREE AREAS OF KNOWLEDGE THAT ARE OF CRITICAL SIGNIFICANCE ON THE STATUTE OF LIMITATIONS ISSUE. THEY ARE 1) KNOWLEDGE OF THE EXISTENCE OF AN INJURY; 2) KNOWLEDGE OF THE CAUSE OF THE INJURY; AND 3) KNOWLEDGE OF THE LEGAL SIGNIFICANCE OF THE INJURY. THE COURT MADE IT CLEAR THAT THE ACCRUAL OF A CAUSE OF ACTION DOES NOT DEPEND ON THE THIRD AREA OF KNOWLEDGE (LEGAL SIGNIFICANCE) BUT DOES DEPEND ON THE CONGRUENCE OF THE FIRST TWO (EXISTENCE OF INJURY AND CAUSE OF INJURY). FURTHERMORE IT IS NOT ENOUGH TO TRIGGER THE STATUTE OF LIMITATIONS THAT THE CLAIMANT IS AWARE OF HIS INJURY IF HE IS UNAWARE OF THE ACT OR OMISSION WHICH CAUSED THE INJURY. DE WITT V. UNITED STATES, 593 F.2D 276 (7TH CIR. 1978); JORDAN V. UNITED STATES, 503 F.2D 620 (6TH CIR. 1974). AS OF NOVEMBER 26, 2019 I BECAME AWARE OF BOTH THE EXISTENCE OF AN INJURY AND THE CAUSE OF THE INJURY.

IN OCTOBER OF 2009 I SUBMITTED TO THE DEPARTMENT OF VETERANS AFFAIRS A VETERAN'S APPLICATION FOR COMPENSATION AND/OR PENSION, VA FORM 21-526. PER THE DEPARTMENT OF VETERANS AFFAIRS DECISION DATED MAY 14, 2010 MY CLAIM WAS DENIED BECAUSE MY SERVICE DEPARTMENT RECORDS AND OR SERVICE TREATMENT RECORDS BOTH TERMS HAVE BEEN USED BY THE DEPARTMENT OF VETERANS AFFAIRS WERE NOT AVAILABLE. IT WAS DISCOVERED IN 2019 THAT THE UNAVAILABILITY OF MY SERVICE DEPARTMENT RECORDS AND OR SERVICE TREATMENT RECORDS WAS DUE TO THE RECORDS BEING LOST OR MISFILED.

THE DENIAL OF THE CLAIM DECISION DATED MAY 14, 2010 PRECLUDED ME FROM RECEIVING NEEDED MENTAL HEALTH TREATMENT FROM DEPARTMENT OF VETERANS AFFAIRS FACILITIES. IN ADDITION, THE UNAVAILABILITY OF MY SERVICE DEPARTMENT RECORDS AND OR SERVICE TREATMENT RECORDS PRECLUDED ME FROM RECEIVING TIMELY AND EFFECTIVE TREATMENT FOR MY

DIAGNOSED BI POLAR II DISORDER WITH ANXIOUS DISTRESS AND POST TRAUMATIC STRESS DISORDER.

THE DEPARTMENT OF VETERANS AFFAIRS HAS CONCLUDED THAT MY BI POLAR II DISORDER WITH ANXIOUS DISTRESS NEGATIVELY PROGRESSED EXTENSIVELY THROUGHOUT THE APPROXIMATE TEN YEAR PERIOD FROM 2009 TO 2019 WHILE MY SERVICE DEPARTMENT RECORDS AND OR SERVICE TREATMENT RECORDS WERE UNAVAILABLE AND I WAS UNABLE TO RECEIVE TREATMENT. THIS EXACERBATION OF MY BI POLAR II DISORDER WITH ANXIOUS DISTRESS HAS LED TO PERMANENT AND TOTAL DISABILITY PER THE DEPARTMENT OF VETERANS AFFAIRS.

I CONTEND AND SOUND MEDICAL OPINION CONCURS THAT IF I WAS ABLE TO RECEIVE TIMELY AND ACCURATE DIAGNOSIS AND TREATMENT FOR MY DIAGNOSIS OF BI POLAR II DISORDER WITH ANXIOUS DISTRESS IT WOULD NOT HAVE EXACERBATED THE DIAGNOSIS TO THE POINT OF TOTAL AND PERMANENT DISABILITY WHICH HAS AND WILL IN PERPETUITY DIRECTLY AFFECT MY ABILITY TO MAINTAIN SUBSTANTIAL GAINFUL EMPLOYMENT TO INCLUDE MY CAREER IN FINANCIAL SERVICES SPECIFICALLY AS A HEDGE FUND PORTFOLIO MANAGER .

THE DEPARTMENT OF VETERANS AFFAIRS HAS CONFIRMED AND SERVICE CONNECTED THAT I AM MISSING A PART OF MY LEFT INDEX FINGER DUE TO DERMATOPHAGIA EXPERIENCED DURING A MANIC EPISODE WHILE ON ACTIVE DUTY. I HAVE A CONFIRMED DIAGNOSIS OF POST TRAUMATIC STRESS DISORDER FROM THIS INCIDENT.

THE UNAVAILABILITY OF MY SERVICE DEPARTMENT RECORDS AND OR SERVICE TREATMENT RECORDS PRECLUDED ME FROM RECEIVING TIMELY AND EFFECTIVE TREATMENT NAMELY FROM DEPARTMENT OF VETERANS AFFAIRS FACILITIES FOR THE INCIDENT THAT CAUSED MY DIAGNOSIS OF POST TRAUMATIC STRESS DISORDER AND EXACERBATED THE DIAGNOSIS TO THE POINT OF

PERMANENCE WHICH HAS AND WILL IN PERPETUITY DIRECTLY AFFECT MY ABILITY TO MAINTAIN SUBSTANTIAL GAINFUL EMPLOYMENT TO INCLUDE MY CAREER IN FINANCIAL SERVICES SPECIFICALLY AS A HEDGE FUND PORTFOLIO MANAGER.

MY MEDICAL SPECIAL DAMAGES FOR THE REQUIRED TREATMENT ARE:

LIFETIME TWICE WEEKLY PSYCHOLOGIST 60 MINUTE THERAPY SESSIONS: $3,120,000.00

LIFETIME TWICE MONTHLY PSYCHIATRIST 60 MINUTE THERAPY SESSIONS: $780,000

LIFETIME OF DAILY MEDICATIONS: $5,586,520.00

LIFETIME OF YEARLY 30 DAY IN-PATIENT PSYCHIATRIC AND PSYCHOLOGICAL TREATMENT: $1,950,000

LIFETIME OF NEED FOR A SERVICE DOG: $1,200,000

TOTAL: $12,636,520.00

*LIFETIME IS CALCULATED AT AN EXPECTED LIFESPAN OF 100 YEARS. CURRENT AGE 35. DATE OF BIRTH: [redacted] SEX: CIS MALE

AS A RESULT OF MY SERVICE TREATMENT RECORDS AND OR SERVICE DEPARTMENT RECORDS BEING LOST OR MISFILED I SUFFERED AS I WENT UNDIAGNOSED AS BI POLAR II WITH ANXIOUS DISTRESS FOR APPROXIMATELY TEN YEARS AND DEVELOPED POSTTRAUMATIC STRESS DISORDER. DUE TO THIS I AM NO LONGER ABLE TO MAINTAIN SUBSTANTIAL GAINFUL EMPLOYMENT SINCE 2016 OR WORK SPECIFICALLY IN MY ACADEMIC AND PROFESSIONAL CAREER FIELD OF ECONOMICS AND OR FINANCE IN THE CIVILIAN OR

MILITARY SECTOR. THE LOSS OF MY PROMISING CAREER AS A HEDGE FUND PORTFOLIO MANAGER IS EXTREMELY DEVASTATING, DEBILITATING, AND CAUSED A IMMENSE LOSS OF EARNING CAPACITY.

PAST, FUTURE, AND EARNING CAPACITY LOSSES OF INCOME ARE:

LOST INCOME: $600,000

LOSSES OF FUTURE INCOME OR WAGES $150,000 YEARLY AT A 5% GROWTH RATE):$25,540,464

LOSS OF EARNING CAPACITY
$92,250,000,000

TOTAL: $92,276,140,464
*WORKING LIFE EXPECTANCY 85 YEARS OLD.
*LOSS OF EARNING CAPACITY IS CALCULATED FROM THE SALARY OF A HEDGE FUND PORTFOLIO MANAGER. LOSS OF EARNING CAPACITY, IS CATEGORIZED AS AN ELEMENT OF GENERAL DAMAGES "WHICH CAN BE INFERRED FROM THE NATURE OF THE INJURY, WITHOUT PROOF OF ACTUAL EARNINGS OR INCOME EITHER BEFORE OR AFTER THE INJURY, AND DAMAGES IN THIS RESPECT ARE AWARDED FOR THE LOSS OF ABILITY THEREAFTER TO EARN MONEY." (CONNELLY V. PRE-MIXED CONCRETE CO., (1957) 49 CAL.2D 483, 489.) HENCE, CACI 3903D INSTRUCTS: "TO RECOVER DAMAGES FOR THE LOSS OF THE ABILITY TO EARN MONEY AS A RESULT OF THE INJURY, PLAINTIFF MUST PROVE THE REASONABLE VALUE OF THAT LOSS TO HIM/HER. IT IS NOT NECESSARY THAT HE/SHE HAVE A WORK HISTORY."

DUE TO THE GROSSLY NEGLIGENT ACT OF YOUR GOVERNMENTAL ENTITY AND OR EMPLOYEE I SUFFERED TEN YEARS BEING UNDIAGNOSED BI-POLAR II WITH ANXIOUS DISTRESS, DEVELOPED SEVERE POST TRAUMATIC STRESS DISORDER DUE TO THE LOSS OF

MY FINGER, HAVE PERMANENT INJURIES, SUFFERED FROM INSURMOUNTABLE PAIN AND SUFFERING ALL WHICH CONTINUE TO THIS DAY. TO COMPENSATE ME FOR THE SEVERITY OF MY INJURIES AND MY PAIN AND SUFFERING I RESPECTFULLY DEMAND THE TOTAL SUM CERTIAN OF $92,288,776,984.00.

PLEASE SEND THE DEMANDED FULL SUM OF $92,288,776,984.00 VIA CHECK TO:

[redacted]

OR ARRANGE FOR DIRECT DEPOSIT BY CONTACTING ME AT THE CONTACT INFORMATION PROVIDED ABOVE OR ON THE SUBMITTED SF-95.

ALL NEEDED EVIDENCE TO CONFIRM THE ABOVE THE FEDERAL GOVERNMENT OF THE UNITED STATES I.E.THE DEPARTMENT OF VETERANS AFFAIRS ALREADY HAS IN ITS POSSESSION THIS IS TO INCLUDE BUT NOT LIMITED TO MEDICAL DIAGNOSES, WRITTEN STATEMENTS FROM THE DEPARTMENT OF VETERANS AFFAIRS STATING THE NEGLIGENT ACT OCCURRED, AFFIDAVITS FROM THE CLAIMANT MYSELF HIGHLIGHTING THE NATURE AND EXTENT OF PAIN AND SUFFERING FROM THE TIME PERIOD OF 2009 TO 2019, AFFIDAVITS FROM THE CLAIMANT MYSELF STATING THE NATURE, DEVELOPMENT AND SEVERITY OF MY POST TRAUMATIC STRESS DISORDER, AND DEPARTMENT OF VETERANS AFFAIRS RATING DECISIONS. PLEASE FIND ENCLOSED ADDITIONAL DOCUMENTATION AND AUTHORIZATION TO RECEIVE DOCUMENTATION NOT CURRENTLY IN THE POSSESSION OF THE DEPARTMENT OF VETERANS AFFAIRS AND OR YOUR GOVERNMENTAL ENTITY. IF ANY ADDITIONAL INFORMATION IS NEEDED PLEASE REACH OUT VIA THE METHODS OF CONTACT PROVIDED ABOVE I.E. PHONE, EMAIL, POST. PLEASE BE ADVISED THAT ANY OR ALL NON PHYSICAL WRITTEN FORMS OF COMMUNICATION E.G. PHONE CALLS AND EMAIL MUST BE FOLLOWED BY A PHYSICAL TYPED COPY SENT UNITED STATES POSTAL SERVICE CERTIFIED MAIL RETURN RECEIPT. PLEASE BE ADVISED ALL WRITTEN COMMUNICATION SENT VIA POST MUST BE

SENT VIA THE UNITED STATES POSTAL SERVICE CERTIFIED MAIL RETURN RECEIPT.

PLEASE BE ADVISED THAT WHILE IT WOULD PAIN ME TO DO SO BECAUSE I LOVE THE ARMY, MY COUNTRY, THE HARD WORKING PEOPLE AT THE DEPARTMENT OF VETERANS, AND ALL THOSE THAT WORK IN THE EMPLOY OF THE UNITED STATES GOVERNMENT TO MAKE MY COUNTRY THE BEST; IF A SETTLEMENT CAN NOT BE OFFERED AND OR REACHED WITHIN SIX (6) MONTHS FROM THE DATE OF THIS DOCUMENT I WILL GO PUBLIC WITH MY STORY OF HOW YOUR DEPARTMENT AND OR AGENCY MISFILED OR LOST A WAR TIME VETERANS RECORDS, BASICALLY TOLD HIM HE DOESN'T EXIST, LEFT HIM AS A DANGER TO THE PUBLIC AND HIMSELF AND NOW I AM RESPECTFULLY SUING FOR $92,288,776,984.00.

THE DRAMATIC EFFECT OF MY STORY CAN NOT BE OVERSTATED. THE DETRIMENTAL EFFECTS OF YOUR GOVERNMENTAL ENTITY'S NEGLIGENCE ON MY LIFE CAN NOT BE OVERSTATED.

I LOOK FORWARD TO HELPING IN ANYWAY I CAN FOR A SETTLEMENT TO BE REACHED INCLUDING BUT NOT LIMITED TO AGREEING TO A NON-DISCLOSURE AGREEMENTS, THIRD PARTY MEDICAL EXAMS AND PROVIDING ANY NEEDED ADDITIONAL DOCUMENTATION.

I READILY STANDBY FOR YOUR RESPONSE. PLEASE RESPOND WITHIN THIRTY (30) BUSINESS DAYS TO CONFIRM RECEIPT OF THIS DOCUMENT AND THAT ALL ELEMENTS NEEDED BY YOUR GOVERNMENTAL ENTITY TO SUBMIT A VALID CLAIM UNDER THE FEDERAL TORTS CLAIMS ACT OR NATIONAL GUARD CLAIM ACT AS APPLICABLE HAVE BEEN SATISFIED BY THIS DOCUMENT. IF ALL ELEMENTS HAVE NOT BEEN SATISFIED PLEASE ADVISE OF ANY AND ALL NEEDED INFORMATION. PLEASE BE INFORMED NOT ASSISTING TO RECTIFY A NEGLIGENT ACT COMMITTED BY YOUR GOVERNMENTAL ENTITY IS IN FACT NEGLIGENCE UNDER

APPLICABLE LAW. IF YOU BELIEVE YOUR GOVERNMENTAL ENTITY IS NOT RESPONSIBLE PLEASE ADVISE THE CLAIMANT MYSELF AND TRANSFER TO THE APPROPRIATE GOVERNMENTAL ENTITY PER 28 CFR § 14.2.

RESPECTFULLY,

DONOVAN J. FOSTER JR.

Case: 24-140, 09/13/2026, DktEntry: 72.1, (248 of 1196)



FILED

2023 JUN 12 PM 3: 15

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY ______

THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

Donovan Foster, Plaintiff

v.

UNITED STATES OF AMERICA, Defendant

Case No. 2:22-cv-08522-FWS-PVC

COMPLAINT FOR Personal Injury, Medical Negligence, Damages

Plaintiff, Donovan Foster files this Complaint against the United States of America, and alleges as follows:

PARTIES

1. Plaintiff, Donovan Foster, is an individual residing in Los Angeles, CA.

2. Defendant, United States of America, is a sovereign nation and is being sued under the Federal Tort Claims Act (FTCA).

JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671 et seq. In addition, pursuant to 38 U.S.C.S. § 7316, a plaintiff is entitled to bring forth medical malpractice and negligence claims against a "health care employee" of the VA under the Federal Tort Claims Act (FTCA), 28 U.S.C.S. § 1346, at a minimum. This provision allows a plaintiff to initiate an action against a VA health care employee for injury resulting from a negligent medical decision, and such action may proceed under the FTCA without being precluded by the Veterans' Judicial Review Act (VJRA). As the FTCA provides the exclusive means for resolving such claims, district courts possess the requisite jurisdiction to adjudicate them.

4. Venue is also proper under 28 U.S.C. §1391(e) and 28 U.S.C. §1402(b). Plaintiff resides and continues to reside in Los Angeles County, a county within the Central District of California and thus is a resident of the Central District of California.

FACTUAL ALLEGATIONS

5. Plaintiff is a veteran who served in the United States military.

6. Defendant had a duty to maintain and safeguard Plaintiff's service department records.

7. Defendant breached its duty of care towards Plaintiff by losing their service department records.

8. Defendant's breach of duty has resulted in significant harm and damages to Plaintiff.

9. Defendant admitted in writing November 25, 2019 that they lost or mislabeled the Plaintiff's service department records.

CLAIMS FOR RELIEF

10. Count I: Violation of Due Process

Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

11. Defendant has violated Plaintiff's right to due process by losing their service department records. The Defendant's loss of the Plaintiff's service department records has violated the Plaintiff's due process rights in administrative proceedings.

12. The Defendant's actions have caused harm to the Plaintiff's rights and interests. The Defendant's failure to safeguard the Plaintiff's service department records has resulted in a violation of their due process rights, and has caused the Plaintiff to suffer damages.

13. Count II: Breach of Contract

14. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

15. Defendant has breached its contract with Plaintiff by failing to maintain and safeguard their service department records.

16. The Defendant's loss of the Plaintiff's service department records constitutes a breach of the contract between the Plaintiff and the Defendant . The Plaintiff entered into a contract with the Defendant when they enlisted in the military, which outlined the terms and conditions of their service, including their duties, responsibilities, and entitlements.

17. The service department records are an essential part of the contract between the Plaintiff and the Defendant. These records contain important information about the Plaintiff's service, including their rank, awards, and qualifications. They also document any injuries or disabilities that the Plaintiff may have sustained during their service.

18. The Defendant's failure to maintain and safeguard the Plaintiff's service department records has resulted in harm to the Plaintiff's rights and interests, and has caused the Plaintiff to suffer damages.

Count III: Medical Malpractice

19. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein

20. Defendant has committed medical malpractice by losing Plaintiff's service department records, which has resulted in harm.

21. The Defendant's loss of the Plaintiff's service department records constitutes medical negligence. The Plaintiff's service department records contain important information about their medical history, including any injuries or illnesses that they may have sustained during their service.

22. The loss of the Plaintiff's service department records has resulted in harm to their health and medical department. The loss of these records has made it difficult for healthcare providers to provide appropriate medical department. Plaintiff developed an injury during their service that requires ongoing medical department, the loss of their service department records made it difficult for healthcare providers to determine the appropriate course of department.

23. The Defendant's medical negligence in failing to maintain and safeguard the Plaintiff's service department records has resulted in harm, and has caused the Plaintiff to suffer damages.

Count IV: Negligent Infliction of Emotional Distress

24. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein

25. Defendant's negligence in losing Plaintiff's service department records has caused them significant emotional distress and trauma.

26. The Defendant's negligence in losing the Plaintiff's service department records has caused them significant emotional distress and trauma.

27. As a result of the Defendant's negligence, the Plaintiff has experienced emotional distress to include but not limited too anxiety, stress, and frustration. The loss of their service department records has caused them to feel a sense of betrayal and abandonment by the government that they served. The Plaintiff has also experienced a loss of trust in the government's ability to protect their interests and provide them with the benefits and entitlements that they are entitled to.

28. The emotional distress and trauma that the Plaintiff has suffered as a result of the Defendant's negligence has had a significant impact on their daily life. They have experienced difficulty sleeping, loss of appetite, and a general sense of hopelessness and despair. The Plaintiff has also experienced a loss of enjoyment in activities that they previously found pleasurable.

29.Due to the Defendant's negligence in losing the Plaintiff's service department records, the Plaintiff has suffered significant emotional distress and trauma, resulting in harm and damages for Negligent Infliction of Emotional Distress.

Count V: Fraud

30. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein

31. Defendant has committed fraud by misrepresenting that Plaintiff's service department records were being properly maintained and safeguarded.

32. The Defendant has committed fraud by misrepresenting that the Plaintiff's service department records were being properly maintained and safeguarded. The Defendant had a duty to properly maintain and safeguard the Plaintiff's service department records, and they made false representations to the Plaintiff that they were doing so.

33. The Plaintiff relied on the Defendant's representations and entrusted their service department records to the Defendant. The Defendant's false representations have caused the Plaintiff harm and the Plaintiff suffered damages as a result of Defendants fraud.

Count VI: Violation of The Privacy Act of 1974

34. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein

35. Defendant has violated Plaintiff's privacy rights by losing their service department records, which contain sensitive and confidential medical information.

36. The Defendant has violated the Plaintiff's privacy rights by losing their service department records, which contain sensitive and confidential medical information. The Plaintiff had a reasonable expectation of privacy in their medical information, and the Defendant had a duty to protect the confidentiality of this information.

37. The Defendant's failure to properly maintain and safeguard the Plaintiff's service department records has caused the Plaintiff harm. The loss of these records has compromised the confidentiality of the Plaintiff's medical information and has exposed them to potential harm, including identity theft and discrimination. In addition the Plaintiff has suffered damages as a result of the Defendant's violation of their privacy rights.

Count VII: Breach of Fiduciary Duty

38. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein

39. Defendant has breached its fiduciary duty towards Plaintiff by failing to properly maintain and safeguard their service department records.

40. The Defendant had a fiduciary duty to act in the best interests of the Plaintiff and to protect their service department records.

41. The Defendant's failure to properly maintain and safeguard the Plaintiff's service department records has caused the Plaintiff harm.
The Plaintiff has suffered damages as a result of the Defendant's breach of fiduciary duty. The Plaintiff has suffered financial harm as a result of the loss of Plaintiff's service department records.

42. The Defendant has breached its fiduciary duty towards the Plaintiff by failing to properly maintain and safeguard their service department records. The Defendant had a fiduciary duty to act in the best interests of the Plaintiff and to protect their service department records.

43. The Defendant's failure to properly maintain and safeguard the Plaintiff's service department records has caused the Plaintiff harm and the Plaintiff has suffered damages as a result of the Defendant's breach of fiduciary duty.

Count VIII: Negligent Hiring or Training

45. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein

46. Defendant's negligence in hiring or training its employees has resulted in the loss of Plaintiff's service department records.

47. The Defendant's negligence in hiring or training its employees has resulted in the loss of the Plaintiff's service department records. The Defendant had a duty to exercise reasonable care in hiring and training its employees to ensure that they were competent and capable of properly maintaining and safeguarding the Plaintiff's service department records.

48. The Defendant's failure to exercise reasonable care in hiring or training its employees has caused the Plaintiff harm and the Plaintiff has suffered damages as a result of the Defendant's negligence.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Hold Defendant liable for the harm and damages caused to Plaintiff;

2. Award appropriate compensation to Plaintiff;

3. Award Plaintiff their costs and expenses incurred in this action; and

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Donovan Foster
578 Washington Blvd
Marina Del Rey, CA 90048
fostermailbox@gmail.com

Attorney for Plaintiff

Dated: [Insert Date]

Case: 24-140, 09/13/2026, DktEntry: 72.1, (253 of 1196)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-08522-FWS-PVC Date: May 12, 2023
Title: Donovan J. Foster v. The United States of America *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Melissa H. Kunig | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [15]**

Before the court is Defendant United States of America's ("Defendant") Motion to Dismiss Plaintiff Donovan J. Foster's ("Plaintiff") Complaint.[1] (Dkt. 15 ("Motion" or "Mot.").) Plaintiff opposes, (Dkt. 17 ("Opposition" or "Opp.")), and Defendant has replied, (Dkt. 22 ("Reply")). Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion. The court **DISMISSES WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** the Complaint. If Plaintiff wishes to file an amended complaint, Plaintiff must do so within **thirty (30) days** of this Order.

## I. Background

Plaintiff is a U.S. Army veteran who suffers from Bipolar II Disorder and Post-Traumatic Stress Disorder ("PTSD"). (Dkt. 1 ¶¶ 14, 17.) Plaintiff submitted an Application for Compensation and/or Pension, VA Form 21-526, to the United States Department of Veterans Affairs ("VA") in October 2009. (*Id.* ¶ 15.) The VA denied his application on May 13, 2010, because his service department and/or treatment records were unavailable and could not be

[1] The Motion is brought under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because the court ultimately concludes it lacks subject matter jurisdiction over this action, it does not reach the merits of Defendant's Rule 12(b)(6) motion, and proceeds to evaluate the Complaint under the framework applicable to Rule 12(b)(1) motions.

located. (*Id.*) On November 26, 2019, the VA informed Plaintiff by letter that his service department records had been lost or mislabeled. (*Id.* ¶ 16.) Plaintiff alleges the denial of his claim prevented him from receiving necessary mental health treatment from the VA and delayed his ability to receive timely treatment from other providers. (*Id.* ¶ 17.) Per the Complaint, Plaintiff's treating physician opines that Plaintiff's Bipolar II Disorder symptoms negatively progressed while his condition went untreated from 2009 to 2019 and that Plaintiff experienced symptoms consistent with PTSD while serving in the Army. (*Id.* ¶¶ 18-20.)

Plaintiff filed the Complaint on November 21, 2022.[2] (*Id.*) In it, Plaintiff raises a single cause of action for negligence based on the VA's alleged failure to maintain Plaintiff's service and medical records, which prevented him from receiving treatment for his conditions for approximately ten years. (*Id.* ¶¶ 22-28.) The Complaint asserts that this delay has caused Plaintiff's conditions to worsen, such that he "is now rated 100% disabled." (*Id.* ¶ 29.)

## II. Legal Standards

### A. Rule 12(b)(1) Motion to Dismiss

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citation and internal quotation marks omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a case for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A defendant's challenge under the Rule may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "accepts the truth of plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone*, 373

[2] As noted by Defendant, the court previously dismissed without prejudice a similar negligence action filed by Plaintiff for lack of prosecution and failure to file an appropriate document by the deadline set by the court. *See* Order Dismissing Action, *Foster v. United States, et al.*, No. 2:22-cv-01702-FWS-PVC (C.D. Cal. Nov. 21, 2022) (Dkt. No. 38).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-08522-FWS-PVC Date: May 12, 2023
Title: Donovan J. Foster v. The United States of America *et al.*

F.3d at 1039). A factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside of the pleadings." *Id.*

"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039 (citation omitted). The court need not presume the truthfulness of the plaintiff's allegations in doing so. *Id.* "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citation omitted). Where "the jurisdictional disputes [are] not intertwined with the merits of the claim" and "the existence of jurisdiction turn[s] on disputed factual issues," the court may "resolve those factual disputes" where necessary. *See Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944 (9th Cir. 2021) (citation and internal quotation marks omitted); *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

## III. Discussion

Defendant moves to dismiss this action on two grounds. First, Defendant moves under Rule 12(b)(1), arguing that the court lacks subject matter jurisdiction over Plaintiff's claim under the Veterans' Judicial Review Act ("VJRA"). (Mot. at 5-10; Reply at 2-3.) Second, even if the VJRA does not divest the court of jurisdiction, Defendant asserts the Complaint fails to state a claim under Rule 12(b)(6) because it is time-barred under the FTCA's two-year statute of limitations. (Mot. at 10-11; Reply at 4-5.) While Plaintiff maintains the court has jurisdiction over this action, Plaintiff does not address Defendant's statute of limitations argument. (*See* Opp. at 7-12.)

### A. The Court Lacks Jurisdiction Over this Matter Under Section 511(a) of the VJRA

In 1988, Congress enacted the VJRA, which deprived Article III district courts of jurisdiction over veterans' suits concerning their benefits. *See Veterans for Common Sense v.*

*Shinseki*, 678 F.3d 1013, 1020-23 (9th Cir. 2012) (en banc) ("*VCS*") (discussing history of judicial review of VA decisions and the VJRA's effect on reviewability). The VJRA "place[s] responsibility for reviewing decisions" of the VA Regional Offices and the Board of Veterans' Appeals in the U.S. Court of Appeals for Veterans Claims ("Veterans Court"). *Id.* at 1021 (citing 38 U.S.C. §§ 7251, 7261). The Veterans Court has "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals," *Tunac v. United States*, 897 F.3d 1197, 1202 (9th Cir. 2018) (quoting 38 U.S.C. § 7252(a)), and may "decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of an action of the Secretary," *id.* (quoting 38 U.S.C. § 7261(a)(1)). Decisions of the Veterans Court are in turn "reviewed exclusively by the Federal Circuit, which 'shall decide all relevant questions of law, including interpreting constitutional and statutory provisions.'" *VCS*, 678 F.3d at 1022 (quoting 38 U.S.C. § 7292(d)(1)) (citing 38 U.S.C. §§ 7292(a), (c)).

"In addition to establishing this exclusive pathway for judicial review of benefits decisions, Congress enacted a new provision, eventually codified at 38 U.S.C. § 511, to 'broaden the scope' of the prior preclusion provision and 'limit outside "court intervention" in the VA decisionmaking process.'" *Tunac*, 897 F.3d at 1202 (quoting *VCS*, 678 F.3d at 1022). The statute provides that the Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans," 38 U.S.C. § 511(a), which are "final and conclusive and may not be reviewed by any other official or by any court" with certain exceptions not implicated here, *see id.* § 511(b).

"§ 511 precludes jurisdiction over a claim if it requires the district court to review VA decisions that relate to benefits decisions, including any decision made by the Secretary in the course of making benefits determinations." *Tunac*, 897 F.3d at 1202 (quoting *VCS*, 678 F.3d at 1025). § 511 precludes district courts' judicial review of "cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits" and the "decisions that may affect such cases." *VCS*, 678 F.3d at 1025-26 (citations omitted). But it does not bar "certain facial constitutional challenges that require only a 'consideration of the constitutionality of the procedures in place,' rather than 'a

consideration of the decisions that emanate through the course of the presentation of those claims.'" *Gila River Indian Cmty. v. United States Dep't of Veterans Affs.*, 899 F.3d 1076, 1079 (9th Cir. 2018) (quoting *VCS*, 678 F.3d at 1034) (citation omitted).

The court concludes it lacks jurisdiction over Plaintiff's claim under § 511(a). The Ninth Circuit, sitting *en banc* in *VCS*, observed that "[s]ection 511 undoubtedly would deprive [district courts] of jurisdiction to consider an individual veteran's claim that the VA unreasonably delayed his mental health care." *See* 678 F.3d at 1026. In that case, the Ninth Circuit held that a district court lacks jurisdiction under § 511(a) where it would "evaluating the circumstances of individual veterans and their requests for treatment, and determining whether the VA handled those requests properly" because "there is no way for the district court to resolve whether the VA acted in a timely and effective manner in regard to the provision of mental health care" without doing so. *Id.* at 1028. Here, Plaintiff's sole cause of action seeks a determination from the court that the VA was negligent in how it handled Plaintiff's request for mental health treatment and that the reason for its denial created an injurious delay in his receipt of necessary care. In effect, Plaintiff's claim requires the court to engage in the prohibited analysis of "evaluating [Plaintiff's] circumstances" and his "request[] for treatment" to determine "whether the VA acted in a timely and effective manner in regard to the provision of mental health care." *See id.* Accordingly, § 511(a) divests the court of subject matter jurisdiction over his claim.

Plaintiff's argument to the contrary largely rests on his assertions his claim does not require "the court [to] be involved in the technical determination and application of benefits legislation." (*See* Opp. at 11.) To be sure, the Ninth Circuit has held that a plaintiff may bring an action against a VA "health care employee," including "support staff directly engaged in patient care" that "alleg[es] injury from a negligent medical decision" under the FTCA in federal district court without triggering the VJRA's jurisdiction-stripping provision. *Tunac*, 897 F.3d at 1205. But Plaintiff's claim seeks to hold the VA liable for alleged negligence in the *administration* of his claim, not in providing him *medical* services. Ultimately, "[t]he test is whether review requires consideration of predicate 'questions of law and fact . . . under a law that affects the provision of benefits.'" *Gila River*, 899 F.3d at 1080 (quoting 38 U.S.C. § 511(a)). The facts underlying Plaintiffs' claim—the VA's handling of his service and medical

records—necessitates the court's improper consideration of those predicate facts. *See Recinto v. U.S. Dep't of Veterans Affs.*, 706 F.3d 1171, 1175 (9th Cir. 2013) ("[I]f reviewing [a] claim would require review of the circumstances of individual benefits requests, jurisdiction is lacking."). Because Plaintiff seeks relief for the "administrative negligence" rather than allege facts giving "rise to a reasonable inference that VA medical professionals breached their duty of care," his claim "must be channeled through the VJRA" instead of this court. *See Tunac*, 897 F.3d at 1205-06 (citing *VCS*, 678 F.3d at 1026-28).

Because the court lacks jurisdiction over Plaintiff's claim, it dismisses this case without prejudice. *See Ford v. Shinseki*, 538 F. App'x 803, 804 (9th Cir. 2013) (noting it is ordinarily proper to dismiss without prejudice where the dismissal is for lack of subject matter jurisdiction).

B. The Court Grants Leave to Amend

Given the court lacks jurisdiction over Plaintiff's claim, it does not reach the merits of Defendant's statute of limitations argument. *See Tunac*, 897 F.3d at 1201 (noting court would first determine whether it had jurisdiction over the complaint before reaching "the government's argument that [the plaintiff's] complaint is barred by the statute of limitations"). However, Defendant relatedly argues the untimeliness of Plaintiff's claim under the FTCA and Plaintiff's failure to address this argument in the Opposition militate towards denying leave to amend. (*See* Reply at 4-5.)

"Courts are free to grant a party leave to amend whenever 'justice so requires.'" *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (quoting Fed. R. Civ. P. 15(a)(2)). However, where there is a "clear showing that amendment would be futile," the court may dismiss a plaintiff's complaint without giving them "at least one chance to amend" it. *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015). As noted by Defendant, Plaintiff does not attempt to rebut Defendants' timeliness argument in the Opposition, (*see generally* Opp.), and amendment may be futile "when the claims are barred by the applicable statute of limitations," *see Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1103 (9th Cir. 2018) (citation omitted). Nevertheless, the court, in its discretion, will grant Plaintiff an opportunity

to amend the Complaint if desired. *See, e.g.*, *Harris v. Cnty. of Orange*, 902 F.3d 1061, 1067 (9th Cir. 2018) ("The decision of whether to grant leave to amend remains within the discretion of the district court.") (cleaned up).

## IV. Disposition

For the reasons set forth above, the court **GRANTS** the Motion, **DISMISSES WITHOUT PREJUDICE** the Complaint, and **GRANTS LEAVE TO AMEND** the claims dismissed by this Order. If Plaintiff wishes to file an amended complaint, Plaintiff must do so within **thirty (30) days** of this Order. Failure to file an amended complaint by the stated deadline may result in the dismissal of this action with prejudice for failure to prosecute and/or comply with a court order. *See* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260, 1263 (9th Cir. 1992).

**IT IS SO ORDERED.**

Initials of Deputy Clerk: mku

**DECLARATION OF KAREN L. RIVERA-LEBRON**

I, Karen L. Rivera-Lebron, do hereby declare and state as follows:

1. I am a Staff Attorney employed by the U.S. Department of Veterans Affairs ("VA"), Office of General Counsel ("OGC"). I have held this position since June 24, 2019. I make the following factual statements based on my personal knowledge. If called as a witness, I could and would competently testify thereto.

2. The OGC is responsible for processing administrative claims, investigating the claims, and making determinations on whether the claims are approved or denied. The OGC maintains the records of all administrative claims and related records dating back to 2015.

3. As part of my employment with the OGC, I am familiar with and have regular access to the OGC's databases for storing records related to administrative claims, which in my experience is well maintained and up to date. I regularly access these databases in the performance of my job duties.

4. On or around November 6, 2020, the VA received the Form 95 administrative tort claim from Mr. Foster. Attached hereto as Exhibit 1 is a true and correct copy of the administrative tort claim.

5. On or around January 6, 2021, the VA denied Mr. Foster's administrative tort claim. Attached hereto as Exhibit 2 is a true and correct copy of the denial letter.

6. On or around February 13, 2021, the VA received a Request for Reconsideration from Mr. Foster. Attached hereto as Exhibit 3 is a true and correct copy of the Request for Reconsideration.

7. On or around September 21, 2021, the VA again denied Mr. Foster's administrative tort claim. Attached hereto as Exhibit 4 is a true and correct copy of this letter.

///

///

///

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of March, 2023, at San Juan, Puerto Rico.

Karen L. Rivera-Lebron

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| NATIONAL ARCHIVES AND RECORDS ADMINISTRATION AND DEPARTMENT OF VETERANS AFFAIRS | DONOVAN J. FOSTER JR. [redacted] |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | [redacted] | SINGLE | 11/26/2019 | 11:00PM |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY OR BY SOMEONE IN THE EMPLOY THEREOF, IN A FACILITY OF AND OR IN THE CONTROL OF YOUR GOVERNMENTAL ENTITY HAS CAUSED INFINITE ENDLESS HARM AND OR PERSONAL INJURY TO MYSELF THE CLAIMANT. PLEASE SEE ATTACHED DEMAND LETTER FOR FURTHER DETAIL.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

NONE

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED. THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY HAS CAUSED PERMANENT DEBILITATING INJURY AND POST TRAMATIC STRESS DISORDER.

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| TO BE DETERMINED IN PRE-TRIAL DISCOVERY IF APPLICABLE | TO BE DETERMINED IN PRE-TRIAL DISOVERY IF APPLICABLE |

12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| NONE | $92,288,776,984.00 | | $92,288,776,984.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature] | [redacted] | 10/13/2020 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance? ☐ Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

NONE

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No

NONE

17. If deductible, state amount.

NONE

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

NONE

19. Do you carry public liability and property damage insurance? ☐ Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

NONE

**INSTRUCTIONS**

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

DAMAGES IN A __SUM CERTAIN__ FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN __TWO YEARS__ AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

**(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

**PAPERWORK REDUCTION ACT NOTICE**

This notice is __solely__ for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95 REV. (2/2007) BACK**

VA | U.S. Department of Veterans Affairs
Office of General Counsel

Torts Law Group (021)
810 Vermont Ave NW
Washington, DC 20420

Phone: (202) 461-4900

In Reply Refer To: GCL 484556

**Certified Mail #7019 2280 0000 6144 8051**

January 6, 2021

Mr. Donovan J. Foster, Jr.
[redacted]

Re: Administrative tort claim

Dear Mr. Foster:

The U.S. Department of Veterans Affairs (VA) received your administrative tort claim on November 6, 2020 asserting $92,288,776,984.00 in damages with incident date 11/19/2019 and alleging negligent loss or mislabeled service department records that resulted in denial of VA benefits in 2010 as well as timely and effective treatment which caused progression of your conditions and permanent and total disability.

The Federal Tort Claims Act (FTCA), sections 1346(b) and 2671-2680, title 28, United States Code, under which you filed your claim, provides for monetary compensation when a Government employee, acting within the scope of employment, injures another by a negligent or wrongful act or omission. Liability is determined by law of the State where the tort occurred (section 2674, title 28, United States Code).

The allegations in your tort claim involve the administration of VA benefits and not a tort under State law. Consequently, your claim fails to allege a claim cognizable under the FTCA and therefore, there is no jurisdiction to consider the claim under the FTCA. Accordingly, your tort claim is denied.

Generally, information on filing benefit claims and appeals with VA can be found at https://www.vets.gov/disability-benefits/. VA's decisions and actions on such **benefit** claims may be reviewed only by the United States Court of Appeals for Veterans Claims and the United States Court of Appeals for the Federal Circuit and may not be reviewed by any other court (sections 511, 7252, and 7292, title 38, United States Code). If an error did occur in relation to handling your benefits, you may pursue an appeal through that exclusive review process.

If you are dissatisfied with this denial of this **tort** claim, you may file suit directly under the FTCA, sections 1346(b) and 2671-2680, title 28, United States Code. The FTCA provides that when an agency denies an administrative tort claim, the claimant may seek judicial relief in a proper Federal District Court. The claimant must initiate the suit within six months of the mailing of this notice as shown by the date of this denial. See, section 2401(b), title 28, United States Code. In any FTCA lawsuit, the property party defendant is the United States, not the Department of Veterans Affairs (or an individual health care provider).

Please note that FTCA claims are governed by a combination of federal and state laws. Some state laws may limit or bar a claim or lawsuit. VA legal staff handling FTCA claims work for the federal government and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely,

Cynthia Hernandez
Deputy Chief Counsel

COVER SHEET

February 13, 2021

FROM:

Donovan Juan Foster Jr

[redacted]

TO:

U.S. Department of Veterans Affairs

Office of General Counsel

Torts Law Group

810 Vermont Avenue, NW

Washington, DC 20420

RE: Submittal and Notice of Federal Tort Claims Act tort claim

*Please confirm receipt of this fax within 48 business hours. Thank you in advance.

Donovan Juan Foster Jr.
[redacted]

February 13, 2021

U.S. Department of Veterans Affairs
Office of General Counsel
Torts Law Group
810 Vermont Avenue, NW
Washington, DC 20420

RE: Federal Tort Claims Act tort claim

Please be advised this is a notice of a submission of a Federal Tort Claims Act tort claim to be paid by your federal agency i.e. U.S. Department of Veterans Affairs. All dates are to be confirmed via your office once confirmation of receipt of this fax is provided to myself Donovan Juan Foster Jr and direction is given to the claimant myself Donovan Juan Foster Jr. of any lacking parts of this notice or needed information for your office to process this claim with full and total payment provided. All correspondence is to be undertaken via the United States Postal Service certified mail return receipt without exception. In addition, if your office so cares to you may email a electronic copy to the email address provided above.

Please be advised a clear and unmistakable error has been identified by your federal agency; the letter admitting the commission of this clear and unmistakable error is dated November 26, 2019. This flagrant act of negligence has caused infinite and continuous harm to myself Donovan Juan Foster Jr.

Please provide payment in the amount of fifty (50) million USD via check to the following address:

[redacted]

Or alternatively reach out to myself Donovan Juan Foster Jr. at the contact information provided above for direct deposit information.

Please be advised any further dereliction of duty, subpar processing of this Federal Torts Claims Act tort claim, any activity deemed suspicious by myself Donovan Juan Foster Jr, and any wavering from the United States Code in the processing of this Federal Torts Claims Act tort will result in the full exercise of my rights, powers, and assets provided to myself Donovan Juan

Foster Jr. as an American Citizen. Please be informed the claimant Donovan Juan Foster Jr is holding this matter in the utmost concern and it is advised that your office does as well. Thank you in advance.

Best Regards,

Donovan Juan Foster Jr.

COVER SHEET

FEBRUARY 13, 2021

FROM:

Donovan Juan Foster Jr

[redacted]

TO:

U.S. Department of Veterans Affairs

Office of General Council

Torts Law Group

810 Vermont Avenue, NW

Washington, DC 20420

RE:

GCL-484556

Certified mail #70192280000061448051

*Please confirm receipt of this fax within 48 business hours. Thank you in advance.

Donovan Juan Foster Jr.
[redacted]

February 12, 2021

Department of Veterans Affairs
Office of General Counsel
Torts Law Group
810 Vermont Avenue, NW
Washington, DC 20420

RE: Notice of right to and execution of reconsideration concerning GCL-484556 certified mail #70192280000061448051

Please be advised I Donovan Juan Foster Jr via this notice am executing my rights for reconsideration concerning GCL-484556. Please stand by as documents necessary for your offices to properly process my reconsideration are to follow. The documents will be provided via fax number +1-202-273-6385 and or the follow address:

Department of Veterans Affairs
Office of General Counsel
Torts Law Group
810 Vermont Avenue, NW
Washington, DC 20420

Please be advised any manipulation, retaliation, lack of due diligence and or subpar processing of my reconsideration can or may result in criminal prosecution, congressional investigation, and or the committing of negligence by your federal agency.

Thank you in advance.

Best Regards,
Donovan Juan Foster Jr.

VA | U.S. Department of Veterans Affairs
Office of General Counsel

Office of Chief Counsel (02)
Southeast District – South
7305 N. Military Trail, Rm. 4B-352
West Palm Beach, FL 33410

In Reply Refer To: 484556

Via Certified Mail 7013 0600 0001 9398 7253

September 21, 2021

Donovan Foster
[redacted]

Subject: Administrative Tort Claim - Request for Reconsideration

Dear Mr. Foster:

This office has now completed reconsideration of the above-referenced matter under the Federal Tort Claims Act (FTCA), and it is again denied as falling beyond the jurisdiction of the FTCA.

Further action on this matter may be instituted in accordance with the FTCA, sections 1346(b) and 2671-2680, title 28, United States Code, which provides, in effect, that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated, however, within 6 months after the date of mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). If such a suit is filed, the proper party defendant would be the United States, not VA.

Please note that FTCA claims are governed by a combination of Federal and state laws. Some state laws may limit or bar a claim or lawsuit. VA attorneys handling FTCA claims work for the Federal government and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely,

*Kristen Nelson*

Kristen Nelson
Deputy Chief Counsel

**DECLARATION OF OSWALDO TAPIA**

I, Oswaldo Tapia, do hereby declare and state as follows:

1. I am a ____Coach____________________ employed by the U.S. Department of Veterans Affairs ("VA"), Veterans Benefits Administration (VBA). I have held this position since __March 4, 2018____________________. I make the following factual statements based on my personal knowledge. If called as a witness, I could and would competently testify thereto.

2. The VBA is responsible for processing veterans' benefits claims, investigating the claims, and making determinations on whether the claims are approved or denied. The VBA maintains the records of all administrative claims and related records dating back to the beginning of a veteran's request for compensation.

3. As part of my employment with the VBA, I am familiar with and have regular access to the VBA's databases for storing records related to administrative claims, which in my experience is well maintained and up to date. I regularly access these databases in the performance of my job duties.

4. On or around October 6, 2009, the VBA received an Application for Compensation and/or Pension from Donovan J. Foster. Attached hereto as Exhibit 1 is a true and correct copy of the Application.

5. On or around May 3, 2010, the VA sent Mr. Foster a letter informing him of its inability to obtain Mr. Foster's service medical records and requested that he provide supporting documents. Attached hereto as Exhibit 2 is a true and correct copy of this letter.

6. On or around May 21, 2010, the VA denied Mr. Foster's application. Attached hereto as Exhibit 3 is a true and correct copy of this denial letter.

7. The VBA has no records indicating that Mr. Foster appealed the VA's decision, submitted a Request for Reconsideration, or filed an administrative tort claim in response to its May 21, 2010 denial referenced in Paragraph 6.

8. On or around February 13, 2019, the VA received an Application for Disability Compensation and Related Compensation Benefits from Mr. Foster. Attached hereto as Exhibit 4 is a true and correct copy of this application.

9. On or around April 27, 2019, the VA issued a Rating Decision granting service-connected disability benefits for Mr. Foster. Attached hereto as Exhibit 5 is a true and correct copy of this letter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this __3rd_____ day of March, 2023, at San Juan, Puerto Rico.

Oswaldo Tapia

Oswaldo Tapia

Department of Veterans Affairs

OMB Approved No. 2900-0001
Respondent Burden: 1 hour 30 minutes

DO NOT WRITE IN THIS SPACE

**VETERAN'S APPLICATION FOR COMPENSATION AND/OR PENSION, VA Form 21-526, Part A: General information**

Please read the attached "General Instructions" before you fill out this form.

**SECTION I** Tell us what you are applying for

Check the box that says what you are applying for. Be sure to complete the other Parts you need.

1. What are you applying for? If you are unsure please refer to the "General Instructions" page 2 Section 1: Preparing your application

- [X] Compensation ► Fill out Part A of VA Form 21-526 and Parts B and C
- [ ] Pension ► Fill out Part A of VA Form 21-526 and Parts C and D
- [ ] Compensation and Pension ► Fill out Part A of VA Form 21-526 and Parts B, C and D

2a. Have you ever filed a claim with VA
- [X] No *(If "No," skip Item 2b and go to Item 3)*
- [ ] Yes ______ *(If "Yes," provide file number below)* *(Go to 2b)*

2b. I filed a claim for
- [ ] Compensation
- [ ] Pension
- [ ] Other ______

**SECTION II** Tell us about you

We need information about you to process your claim faster.

3. What is your name?
Donovan (First) Juan (Middle) foster (Last) Jr (Suffix (If applicable))

4. What is your Social Security [redacted]

5. What is your sex?
- [X] Male
- [ ] Female

6a. Did you serve under another name?
- [ ] Yes *(If "Yes," go to Item 6b)*
- [X] No *(If "No," go to Item 7)*

6b. Please list the other name(s) you served under

Give us your current mailing address in the space provided. If it will change within the next three months, give us that new address in block 29 "Remarks." Also in block 29, give us the date you think you will be at the new address.

7. What is your address? [redacted]

8. What are your telephone numbers? [redacted]

9. What is your e-mail address? [redacted]

10. What is your date of birth? [redacted]

11. Where were you born?

OWCP used to be called the U.S. Bureau of Employees Compensation

12a. Are you receiving disability benefits from the Office of Workers' Compensation *(OWCP)*?
- [ ] Yes
- [X] No

*(If "Yes," answer 12b and 12c also)*

12b. When was the claim filed? ____/____

12c. What disability are you receiving benefits for? ______

13a. What is the name of your nearest [redacted]

13b. What is his/her telephone number?

EP est. 110 ... EP perf. 110 ... DOC 10/6/09 ... DATE OF ACTION 10/8/09 ... J.C

VA FORM JAN 2004 21-526

SUPERSEDES STOCKS OF VA FORM 21-526, APR 2003 WHICH WILL NOT BE USED.

21-526, Part A

page 1

Case: 24-140, 09/13/2026, DktEntry: 72.1, (278 of 1196)



**SECTION III** **Tell us about your active duty**

1. Enter complete information for all periods of service. If more space is needed use Item 29 "Remarks".
2. Attach your original DD214 or a certified copy to this form. (We will return original documents to you.)

| 14a. I entered active service the first time. | 14b. Place: | 14c. My service number was . . . | |
|---|---|---|---|
| 10/10/2007 (mo day yr) | | | |
| 14d. I left this active service. . . 7/23/2008 (mo day yr) | 14e. Place: | 14f. Branch of Service | 14g. Grade, rank, or rating |
| 14h. I entered my second period of active service. . . / / (mo day yr) | 14i. Place: – | 14j. My service number was . . . | |
| 14k. I left this active service. . . / / (mo day yr) | 14l. Place: | 14m. Branch of Service | 14n. Grade, rank, or rating |

| | |
|---|---|
| 15a. Did you serve in Vietnam? ☐ Yes ☒ No (If "Yes," answer Item 15b also) | 15b. When were you in Vietnam? from / / (mo day yr) to / / (mo day yr) |

The VA has a registry of veterans who served in the Gulf War. This area has also been called the "Persian Gulf." If you served there, we will include your name in the registry. If you want your medical information included, you must check "Yes" in Item 16b. For more information about the registry, see page 4 of the General Instructions for VA Form 21-526.

| | |
|---|---|
| 16a. Were you stationed in the Gulf after August 1, 1990? ☐ Yes ☒ No (If "Yes," answer Item 16b also) | 16b. Do you want to have medical and other information about you included in the "Gulf War Veterans' Health Registry?" ☐ Yes ☒ No |
| 17a. Have you ever been a prisoner of war? ☐ Yes ☒ No (If "Yes," answer Items 17b, 17c, and 17d also) | 17b. What country or government imprisoned you? |
| 17c. When were you confined? from / / (mo day yr) to / / (mo day yr) | 17d. What was the name of the camp or sector and what are the names of the city and country near its location |

**SECTION IV** **Tell us about your reserve duty**

| | |
|---|---|
| 18a. Are you currently assigned to an active reserve unit? ☐ Yes ☒ No (If "Yes," answer Item 18b also) | 18b. What is the name, mailing address, and telephone number of your current unit? |
| 18c. Were you previously assigned to an active reserve unit within the last 2 years? ☐ Yes ☐ No (If "Yes," answer Item 18d also) | 18d. What is the name, mailing address, and telephone number of that unit? |

**SECTION IV (Continued)** **Tell us about your reserve duty**

18e. Do you have an inactive reserve obligation? (You perform no active duty, but you could be activated if there was a national emergency)

☐ Yes ☒ No ☐ Don't know

(If "Yes," answer Item 18f also)

18f. What is your reserve obligation termination date?

/ / mo day yr

*Instructions 18g-18k*

If you are currently or have ever been a full time reservist for operational or support duty,

1. Complete 18g-18k for that service only.
2. Attach proof of reserve service

18g. I entered reserve service. . .

/ / mo day yr Place:

18h. My service number was . . .

18i. I left reserve service. . .

/ / mo day yr Place:

18j. Branch of service

18k. Grade, rank, or rating

*Instructions 18l-18p*

If your disability occurred or was aggravated during any period of reserve duty,

1. Complete 18l-18p for the period when your disability occurred.
2. Attach proof that your disability occurred during reserve service.

18l. I entered reserve service. . .

/ / mo day yr Place:

18m. My service number was . . .

18n. I left reserve service. . .

/ / mo day yr Place:

18o. Branch of service

18p. Grade, rank, or rating

**SECTION V** **Tell us about your National Guard duty**

19a. Are you currently a member of the National Guard?

☐ Yes ☒ No ☐ Not assigned yet

(If "Yes," answer Item 19b also)

19b. What is the name, mailing address, and telephone number of your current unit?

19c. Were you previously assigned to a guard unit within the last 2 years?

☐ Yes ☐ No

(If "Yes," answer Item 19d also)

19d. What is the name, mailing address, and telephone number of that unit?

*Instructions 19e-19i*

If you were activated to Federal Active Duty under the Authority of Title 10, United States Code,

1. Complete 19e-19i for that service only
2. Attach proof of this Federal Active Duty.

19e. I entered Federal Active Duty. . .

/ / mo day yr Place:

19f. My service number was . . .

19g. I left Federal Active Duty. . .

/ / mo day yr Place:

19h. Branch of service

19i. Grade, rank, or rating

*Instructions 19j-19n*

If your disability occurred or was aggravated during any period of guard duty,

1. Complete 19j-19n for the period when your disability occurred
2. Attach proof that your disability occurred during National Guard Service.

19j. I entered National Guard. . .

/ / mo day yr Place:

19k. My service number was . . .

19l. I left National Guard. . .

/ / mo day yr Place:

19m. Branch of service

19n. Grade, rank, or rating

**SECTION VI** Tell us about your travel status

| 20a. Were you injured while traveling to or from your military assignment? (If "Yes," answer Items 20b thru 20e and Section II of Part B: Compensation) | 20b. When did your injury happen? | 20c. Where did your injury happen? (City, State, Country) | 20d. Where were you treated? (Provide name and address of Doctor's office, hospital, etc.) | 20e. What agency did you file an accident report with? |
|---|---|---|---|---|
| ☐ Yes ☒ No | / / (mo day yr) | | | |

**SECTION VII** Tell us about your military benefits

When you file this application, you are telling us that you want to get VA compensation instead of military retired pay. If you currently receive military retired pay, you should be aware that we will reduce your retired pay by the amount of any compensation that you are awarded. VA will notify the Military Retired Pay Center of all benefit changes.

You must sign 21e if you want to keep getting military retired pay instead of VA compensation.

Please see page 4 of the General Instructions for VA Form 21-526.

If you have gotten both military retired pay and VA compensation, some of the amount you get may be recouped by VA, or in the case of VSI, by the Department of Defense

| 21a. Are you receiving or will you receive retired or retainer pay that is based on your military service? | 21b. What branch of service is paying or will pay your retired or retainer pay? | 21c. What is the monthly amount? |
|---|---|---|
| ☐ Yes ☒ No (If "Yes," answer Items 21b thru 21f. If "No," skip to Item 22) | | $ . |

21d. What is your retirement based on?

☐ Length of service ☐ Disability ☐ TDRL (Temporary Disability Retired List)

21e. Sign here if you want to receive military retired pay *instead of* VA compensation

______________________________

21f. Have you received or will you receive any of the following military benefits?
**(Please check the appropriate boxes and tell us the amount)**

| *Benefit* | *Amount* |
|---|---|
| (1) ☐ Lump Sum Readjustment Pay | $ . |
| (2) ☐ Separation pay under 10 USC 1174 | $ . |
| (3) ☐ Special Separation Benefit (SSB) | $ . |
| (4) ☐ Voluntary Separation Incentive (VSI) | $ . |
| (5) ☐ Disability Severance Pay (name of disability ____________) | $ . |
| (6) ☐ Other (tell us the type of benefit ____________) | $ . |

**SECTION VIII** Give us direct deposit information

If benefits are awarded we will need more information in order to process any payments to you. Please read the paragraph starting with, *"All federal payments..."* and then either:

1. Attach a voided check, or
2. Answer questions 22-24 to the right.

All federal payments beginning January 2, 1999, must be made by electronic funds transfer (EFT) also called Direct Deposit. Please attach a voided personal check or deposit slip or provide the information requested below in Items 22, 23 and 24 to enroll in Direct Deposit. If you do not have a bank account we will give you a waiver from Direct Deposit, just check the box below in Item 22. The Treasury Department is working on making bank accounts available to you. Once these accounts are available, you will be able to decide whether you wish to sign up for one of the accounts or continue to receive a paper check. You can also request a waiver if you have other circumstances that you feel would cause you a hardship to be enrolled in Direct Deposit. You can write to: Department of Veterans Affairs, 125 S. Main Street Suite B, Muskogee OK 74401-7004, and give us a brief description of why you do not wish to participate in Direct Deposit.

22. Account number (Please check the appropriate box and provide that account number, if applicable)

☒ Checking
☐ Savings

☐ I certify that I **do not** have an account with a financial institution or certified payment agent

Account number [redacted]

23. Name of financial institution Armed Forces Bank

24. Routing or transit number [redacted]

21-526, Part A page 4

 Exhibit 1

Case: 24-140, 09/13/2026, DktEntry: 72.1, (281 of 1196)



**Department of Veterans Affairs**

**VA Form 21-526, Part C: Dependency**

**Use this form to tell us more about your dependents. Remember that you must also fill out a VA Form 21-526, Part A: General Information, Part B and/or Part D, for your application to be processed. Be sure to write your name and Social Security number in the space provided on page 3.**

**SECTION I Tell us about your marriage**

NOTE: You should provide a copy of your marriage certificate.

1. What is your marital status?
☐ Married ☐ Surviving Spouse ☐ Divorced ☒ Never married
(If your spouse died, you are "divorced," or "never married" skip to Section III beginning on page 2)

2. When were you married?
___/___/___ (mo day yr)

3. Where did you get married? (city/state or country)
________________

4. What is your spouse's name?
First ____ Middle ____ Last ____

5. When is your spouse's birthday?
___/___/___ (mo day yr)

6. What is your spouse's Social Security number?
________________

7a. Is your spouse also a veteran?
☐ Yes ☐ No
(If "Yes," answer Item 7b also)

7b. What is your spouse's VA file number (If any)?
________________

8. Do you live with your spouse?
☐ Yes
☐ No

9. What is your spouse's address?
Street address, rural route, or P.O. Box ____ Apt. number ____
City ____ State ____ Zip code ____ Country ____

10. Tell us why you are not living with your spouse

11. How much do you contribute monthly to your spouse's support?
$ ____ . ____

12. How were you married?
a. ☐ Ceremony by a clergyman or other authorized public official
b. ☐ Common-law
c. ☐ Tribal
d. ☐ Proxy
e. ☐ Other (please describe in the space below)
________________
________________
________________

**SECTION II** **Tell us about any previous marriages**

NOTE: You should provide copies of divorce decrees or death certificates

In the table below, tell us about:
- Your previous marriages, and
- Your spouse's previous marriages

**Your previous marriages**

13a. How many times have you been married before? ____

| 13b. When were you married? | 13c. Where were you married? (city/state or country) | 13d. Who were you married to? (first, middle initial, last) | 13e. When did your marriage end? | 13f. Why did your marriage end? (death, divorce) | 13g. Where did your marriage end? (city/state or country) |
|---|---|---|---|---|---|
| / / mo day yr | | | / / mo day yr | | |
| / / mo day yr | | | / / mo day yr | | |

**Your spouse's previous marriages**

14a. How many times has your current spouse been married before? ____

| 14b. When was your spouse married? | 14c. Where was your spouse married? (city/state or country) | 14d. Who was your spouse married to? (first, middle initial, last) | 14e. When did your spouse's marriage end? | 14f. Why did your spouse's marriage end? (death, divorce) | 14g. Where did your spouse's marriage end? (city/state or country) |
|---|---|---|---|---|---|
| / / mo day yr | | | / / mo day yr | | |
| / / mo day yr | | | / / mo day yr | | |

**SECTION III** **Tell us about your other dependents**

In this section we want to know whether your parents are financially dependent on you (Question 15) and more about your **dependent children.** VA may recognize a veteran's biological children, adopted children, and stepchildren as dependent. These children must be unmarried and:
- be under the age of 18, **or**
- be at least 18 but under 23 and pursuing an approved course of education, **or**
- have become permanently unable to support themselves before reaching the age of 18.

15. Are your parents financially dependent on you?

☐ Yes ☒ No (If "Yes," we will request additional information from you later.)

You should provide: a copy of the public record of birth for each child or a copy of the court record of adoption for each adopted child.

16. Do you have dependent children?

☐ Yes
(If "No," Skip Items 17-21f.) Go to the bottom of page 3 and write your name and Social Security number.)

☒ No

17. How many dependent children do you have?

Ø

Give us more information about these children in the tables on the next page (Items 18 through 21f).

Case: 24-140, 09/13/2026, DktEntry: 72.1, (283 of 1196)



# ATTACHED NOTES PAGE

claim

Revision Date: September 2015

**Department of Veterans Affairs**

**VA Form 21-526, Part B: Compensation**

**Use this form to apply for compensation. Remember that you must also fill out a VA Form 21-526, Part A: General Information, for your application to be processed. Be sure to write your name and Social Security number in the space provided on page 2.**

**SECTION I** **Tell us about your disability**

In the table below, tell us more about your disability or disabilities. Be sure to:
- List all disabilities you believe are related to military service.
- List all the treatments you received for your disabilities, including
  - treatments you received in a military facility before and after discharge.
  - treatments you received from civilian and VA sources before, during, and after your service.

| 1. What disability are you claiming? | 2. When did your disability begin? | 3b. When were you treated? | 4a. What medical facility or doctor treated you? | 4b. What is the address of that medical facility or doctor? |
|---|---|---|---|---|
| ~~missing a part of my~~ (initialed) | ~~/ /08~~ mo day yr | from / / to / / mo day yr | | (initialed) |
| missing part of my pointer finger | / /08 mo day yr | from / / to / / mo day yr | | |
| The fact I am missing part of my finger makes | / /09 mo day yr | from / / to / / mo day yr | | |
| me sad sometimes & the fact people don't want me to touch them | / / mo day yr | from / / to / / mo day yr | | |
| does as well | / / mo day yr | from / / to / / mo day yr | | |
| Ocassional Back pain that I never | / /07 mo day yr | from / / to / / mo day yr | | |
| had before | / / mo day yr | from / / to / / mo day yr | | |
| Depression Secondary TO Pointer Finger | / / mo day yr | from / / to / / | | |
| Condition | / / mo day yr | from / / to / / mo day yr | | |

Case: 24-140, 09/13/2026, DktEntry: 72.1, (285 of 1196)



| | | | | |
|---|---|---|---|---|
| **SECTION II** | **Tell us if any of the disabilities you listed on Page 1 were because of exposures** | **5a.** Were you exposed to Agent Orange or other herbicides? ☐ Yes ☐ No | **5b.** What is your disability? | **5c.** In what country were you exposed? |
| | | **6a.** Were you exposed to asbestos? ☐ Yes ☐ No (If "Yes," answer Item 6b and 6c also) | **6b.** What is your disability? **6c.** When and how were you exposed? | |
| | | **7a.** Were you exposed to mustard gas? ☐ Yes ☐ No (If "Yes," answer Item 7b and 7c also) | **7b.** What is your disability? **7c.** When and how were you exposed? | |
| | | **8a.** Were you exposed to ionizing radiation? ☐ Yes ☐ No (If "Yes," answer Items 8b, 8c, and 8d also) | **8b.** What is your disability? | **8c.** When was your last exposure? / / mo day yr |
| | | **8d.** How were you exposed to radiation? | ☐ Atmospheric testing ☐ Nagasaki/Hiroshima ☐ Other, | |
| | | **9a.** Were you exposed to an environmental hazard in the Gulf War? ☐ Yes ☐ No (If "Yes," answer Items 9b and 9c also) | **9b.** What is your disability? | **9c.** What was the hazard? |
| | | **10a.** Did you have a separation or retirement physical examination? ☐ Yes ☐ No (If "Yes," answer Items 10b and 10c also) | **10b.** When was the exam? / / mo day yr | **10c.** Where did the exam occur? |
| **SECTION III** | **Tell us how your disabilities listed on Page 1 are related to your military service** | **11. Explanation** I always had a scar on that finger since I was young while in service I believe I picked at and possibly chewed on it resulting on a loss of the numb part ~~I didn't~~ DT under high stress not realizing what was happening to my finger. I started the Army w/ 5 fingers. | | |

| **Your Name** | **Your Social Security Number** |
|---|---|
| | |

21-526, Part B page 2



Exhibit 1

# ATTACHED NOTES PAGE

not addressing
scar - issue is
missing part of
finger

Revision Date: September 2015

Case: 24-140, 09/13/2026, DktEntry: 72.1, (287 of 1196)



**SECTION III** **Tell us about your dependents (continued)**

| 18a. What is the name of your unmarried child(ren)? (first, middle initial, last) | 18b. Date and place of birth (city/state or country) | 18c. Social Security Number | 19a. Biological | 19b. Adopted | 19c. Stepchild | 20a. 18-23 yrs. old and in school | 20b. Seriously disabled before age 18 | 20c. Child previously married |
|---|---|---|---|---|---|---|---|---|
| | / / mo day yr Place: | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | / / mo day yr Place: | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | / / mo day yr Place: | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | / / mo day yr Place: | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Tell us about your dependents listed above who *don't live with you***

**21a.** Do all the children listed above live with you?

☐ Yes (If "Yes," skip Items 21b thru 21f and write your name and Social Security number below.)

☐ No (If "No," complete Item 21b and the table below (Items 21c -21f) and write your name and Social Security number below.)

**21b.** How many of the children do not live with you? ______

| 21c. What is the name of your child? (first, middle initial, last) | 21d. What is your child's complete address? | 21e. What is the name of the person your child lives with (If applicable)? (first, middle initial, last) | 21f. How much do you contribute each month to the support of your child? |
|---|---|---|---|
| | | | $ . |
| | | | $ . |
| | | | $ . |
| | | | $ . |

| Your name | Your Social Security Number |
|---|---|
| | |

21-526, Part C page 3



Exhibit 1

Case: 24-140, 09/13/2026, DktEntry: 72.1, (288 of 1196)



DEPARTMENT OF VETERANS AFFAIRS
Regional Office
P.O. Box 310909
Newington CT 06131-0909

OFFICIAL
FILE COPY

May 03, 2010

DONOVAN FOSTER
[redacted]

In reply, refer to:
308/211/ajc
File Number: [redacted]
Donovan Foster

IMPORTANT -- reply needed

Dear Mr. Foster:

***In order to help get a decision on your claim as quickly as possible, the Hartford Regional Office is assisting the regional office in your home state in requesting evidence in support of your claim. Please send your correspondence to the return address identified at the top of this page. Once we have received all the necessary evidence, we will make a decision on your claim and return your file to the office in your home state.***

***We have enclosed a self-addressed envelope for your use in providing our office with evidence in support of claim. If you are unable to use this envelope for returned correspondence, please mark the outside of your correspondence with "308 / 21 NY" as this is vital to your claim.***

We are writing in connection with the claim that you filed on October 6, 2009 however we have been unsuccessful in obtaining your Service Treatment Records from your Army/Army National Guard service. We have conducted an extensive and thorough search of your records.

We have requested your service records from our Records Management Center, St. Louis, Missouri, but your Service Medical Records were not located. The National Personnel Records Center has conducted an extensive and thorough search for your records.

We have additionally contacted the Medical Command Unit for the National Guard in Phoenix, AZ, but your Service Medical Records were not located at their location either.

**Please send** any originals or copies of your medical records in your possession for all periods of service. We will return original documents to you.

### How Soon Should You Send It?

You should respond **within 10 days** from the date of this letter. The VA will decide Your claim, since we have completed all attempts to get relevant evidence.

Case: 24-140, 09/13/2026, DktEntry: 72.1, (289 of 1196)





File Number: [redacted]
Donovan Foster

**How Can You Help?**

You may be able to furnish documents that can substitute for service medical records. Submit any original or certified copies of the following documents you have that relate to your disability during service: (If you only have photocopies, send them.

- Statements from military medical personnel (nurses, medics, corpsmen, doctors)
- "Buddy" certificates or affidavits -
  (A "buddy" certificate or affidavit is a statement by a person who knew you when you were in service and knows of any disability you had while on active duty. The statement should state the dates and places they saw the condition(s) and should describe what they saw. If the person making the statement was on active duty at the time, they should show their service number and unit of assignment.)
- State or local accident and police reports
- Employment physical examinations
- Medical evidence from hospitals, clinics and private physicians by which or by whom you may have been treated after separation
- Letters written during service
- Photographs taken during service
- Pharmacy prescription records
- Insurance examinations

**Where Should You Send What We Need?**

Please send what we need to this address:

Department of Veterans Affairs
Regional Office
P.O. Box 310909
Newington CT 06131-0909

**How Can You Contact Us?**

If you are looking for general information about benefits and eligibility, you should visit our web site at http://www.va.gov. Otherwise, you can contact us in several ways. Please give us your VA file number, [redacted], when you do contact us.

- Call us at 1-800-827-1000. If you use a Telecommunications Device for the Deaf (TDD), the number is 1-800-829-4833.
- Send us an inquiry using the Internet at https://iris.va.gov.
- Write to us at the address at the top of this letter.

File Number: [redacted]
Donovan Foster

We look forward to resolving your claim in a fair and timely manner.

Sincerely yours,

ENA LIMA

ENA LIMA
Veterans Service Center Manager

Enclosure: Self-addressed envelope

May 21, 2010

**DEPARTMENT OF VETERANS AFFAIRS**
**Hartford Regional Office**
**P.O. Box 310909**
**Newington CT 06131**

DONOVAN FOSTER
[redacted]

In Reply Refer To: 308/211
CSS [redacted]
FOSTER, Donovan

Dear Mr. Foster:

We made a decision on your original disability claim for service connected compensation received on October 6, 2009. Based on a review of the evidence listed, we have made the following decision on your claim.

No service medical records were available for review. Efforts to obtain service medical records from all potential sources were unsuccessful. If these records are located at a later date this decision will be reconsidered.

This letter tells you what we decided. It includes a copy of our rating decision that gives the evidence used and reasons for our decision. We have also included information about what to do if you disagree with our decision, and who to contact if you have questions or need assistance.

## What We Decided

We determined that the following conditions were not related to your military service, so service connection couldn't be granted:

| Medical Description |
|---|
| Missing part of the pointer finger |
| Back condition |
| Depression associated with missing part of the pointer finger |

We have enclosed a copy of your Rating Decision for your review. It provides a detailed explanation of our decision, the evidence considered, and the reasons for our decision. Your Rating Decision and this letter constitute our decision based on your claim received on October 6, 2009. It represents all claims we understood to be specifically made, implied, or inferred in that claim.



**Exhibit 3**

## What You Should Do If You Disagree With Our Decision

If you do not agree with our decision, you should write and tell us why. You have *one year from the date of this letter to appeal the decision.* The enclosed *VA Form 4107, "Your Rights to Appeal Our Decision,"* explains your right to appeal.

## If You Have Questions or Need Assistance

If you have any questions, you may contact us by telephone, e-mail, or letter.

| If you | Here is what to do. |
|---|---|
| Telephone | Call us at 1-800-827-1000. If you use a Telecommunications Device for the Deaf (TDD), the number is 1-800-829-4833. |
| Use the Internet | Send electronic inquiries through the Internet at https://iris.va.gov. |
| Write | Put your full name and VA file number on the letter. Please send all correspondence to this address: DEPARTMENT OF VETERANS AFFAIRS NEW YORK REGIONAL OFFICE 245 W HOUSTON ST. NEW YORK, NY 10014 |

In all cases, be sure to refer to your VA file number [redacted].

If you are looking for general information about benefits and eligibility, you should visit our website at https://www.va.gov, or search the Frequently Asked Questions (FAQs) at https://iris.va.gov.

CSS [redacted]
Foster, Donovan

We have no record of you appointing a service organization or representative to assist you with your claim. You can contact us for a listing of the recognized veterans' service organizations and/or representatives. Veterans' service organizations, which are recognized or approved to provide services to the veteran community, can also help you with any questions.

Sincerely yours,

*Ena Lima*

ENA LIMA
Veterans Service Center Manager

Email us at: https://iris.va.gov

Enclosures: Rating Decision
VA Form 4107

211/134/find

Case: 24-140, 09/13/2026, DktEntry: 72.1, (294 of 1196)



VA Claims Intake Center – 02132019

OMB Control No. 2900-0747
Respondent Burden: 25 minutes
Expiration Date: 03/31/2021

Department of Veterans Affairs

# APPLICATION FOR DISABILITY COMPENSATION AND RELATED COMPENSATION BENEFITS

VA DATE STAMP (DO NOT WRITE IN THIS SPACE)

IMPORTANT: Please read the Privacy Act and Respondent Burden on page 12 before completing the form.

1. SELECT THE TYPE OF CLAIM PROGRAM PROCESS (Check the appropriate box) (See instruction pages 1-3 for definitions of the Fully Developed Claim (FDC) Program (Optional Expedited Process) or the Standard Claim Process. See instruction page 5 for the definition of a Benefits Delivery at Discharge (BDD) Program Claim)

☐ FULLY DEVELOPED CLAIM (FDC) PROGRAM ☐ STANDARD CLAIM PROCESS

☐ IDES (Select this option only if you have been referred to the IDES Program by your Military Service Department)

☐ BDD Program Claim (Select this option only if you meet the criteria for the BDD Program specified on instruction Page 5)

NOTE: You can either complete the form online or by hand. If completed by hand, print the information requested in ink, neatly, and legibly to expedite processing of the form.

## SECTION I: IDENTIFICATION AND CLAIM INFORMATION

2. VETERAN/SERVICE MEMBER NAME (First, Middle Initial, Last)
Donovan Foster

3. VETERAN'S SOCIAL SECURITY NUMBER (SSN)
[redacted]

4. HAVE YOU EVER FILED A CLAIM WITH VA?
☒ YES ☐ NO (If "Yes," provide your file number in Item 5)

5. VA FILE NUMBER

6. DATE OF BIRTH (MM/DD/YYYY)
Month Day Year
[redacted]

7. VETERAN'S SERVICE NUMBER (If applicable)

8. GENDER
☒ MALE ☐ FEMALE

9. BDD CLAIMS ONLY: PROVIDE THE DATE OR ANTICIPATED DATE OF RELEASE FROM ACTIVE DUTY (MM/DD/YYYY)
Month Day Year

10. TELEPHONE NUMBER(S) (Include Area Code)
Daytime: (212) 920-1477
Evening:
Cell phone:

11. CURRENT MAILING ADDRESS (Number and street or rural route, P.O. Box, City, State, ZIP Code and Country)
No. & Street
Apt. Un[redacted]
State Pr[redacted]

12. EMAIL ADDRESS (Optional)
[redacted]

☐ 13. IF YOU ARE CURRENTLY A VA EMPLOYEE, CHECK THE BOX (Include Work Study/Internship) (If you are not a VA employee skip to Section II, if applicable)

## SECTION II: CHANGE OF ADDRESS

NOTE: If you are temporarily or permanently changing your address, complete Items 14A through 14C.

14A. TYPE OF ADDRESS CHANGE (Complete if applicable) (Check only one box)
☐ TEMPORARY ☐ PERMANENT

14B. NEW ADDRESS (Number and street or rural route, P.O. Box, City, State, ZIP Code and Country)
No. & Street n/a
Apt. Unit Number City
State/Province Country ZIP Code/Postal Code

14C. EFFECTIVE DATE(S) OF NEW ADDRESS (If your change of address is temporary, complete both the beginning and ending date of your temporary address; if your change of address is permanent, please enter your effective date in the beginning date only.)

BEGINNING DATE: Month Day Year ENDING DATE: Month Day Year

VA FORM MAR 2018 21-526EZ EXISTING STOCK OF VA FORM 21-526EZ, FEB. 2016, WILL BE USED. Page 8

VA Claims Intake Center – 02132019

VETERANS SOCIAL SECURITY NO. [redacted]

## SECTION III: HOMELESS INFORMATION

**IMPORTANT**: The following questions (Items 15A through 15F) should ***only*** be completed if you are currently homeless or at risk of becoming homeless. If this item does not apply to you, skip to Section IV.

15A. ARE YOU CURRENTLY HOMELESS?

☐ YES *(If "Yes," complete Item 15B regarding your living situation)*

☒ NO

15B. CHECK THE BOX THAT APPLIES TO YOUR LIVING SITUATION:

☐ LIVING IN A HOMELESS SHELTER

☐ NOT CURRENTLY IN A SHELTERED ENVIRONMENT (e.g., living in a car or tent)

☐ STAYING WITH ANOTHER PERSON

☐ FLEEING CURRENT RESIDENCE

☐ OTHER (Specify): ______

15C. ARE YOU CURRENTLY AT RISK OF BECOMING HOMELESS?

☐ YES *(If "Yes," complete Item 15D regarding your living situation)*

☒ NO

15D. CHECK THE BOX THAT APPLIES TO YOUR LIVING SITUATION:

☐ HOUSING WILL BE LOST IN 30 DAYS

☐ LEAVING PUBLICLY FUNDED SYSTEM OF CARE (e.g., homeless shelter)

☐ OTHER (Specify): ______

15E. POINT OF CONTACT *(Name of person VA can contact in order to get in touch with you)*
n/a

15F. POINT OF CONTACT TELEPHONE NUMBER *(Include Area Code)*
n/a

## SECTION IV: CLAIM INFORMATION

16. LIST THE CURRENT DISABILITY(IES) OR SYMPTOMS THAT YOU CLAIM ARE RELATED TO YOUR MILITARY SERVICE AND/OR SERVICE-CONNECTED DISABILITY *(If applicable, identify whether a disability is due to a service connected disability; confinement as a prisoner of war; exposure to Agent Orange, asbestos, mustard gas, ionizing radiation, or Gulf War environmental hazards; or a disability for which compensation is payable under 38 U.S.C. 1151)*

**NOTE**: List your claimed conditions below. **See the following three examples for guidance on how to complete Section IV.**

| EXAMPLES OF DISABILITY(IES) | EXAMPLES OF EXPOSURE TYPE | EXAMPLES OF HOW THE DISABILITY(IES) RELATE TO SERVICE | EXAMPLES OF DATES |
|---|---|---|---|
| Example 1. HEARING LOSS | NOISE | HEAVY EQUIPMENT OPERATOR IN SERVICE | JULY 1968 |
| Example 2. DIABETES | AGENT ORANGE | SERVICE IN VIETNAM WAR | DECEMBER 1972 |
| Example 3. LEFT KNEE, SECONDARY TO RIGHT KNEE | | INJURED LEFT KNEE WHEN BRACE ON RIGHT KNEE FAILED | 6 11 2008 |

| | CURRENT DISABILITY(IES) | IF DUE TO EXPOSURE, EVENT, OR INJURY, PLEASE SPECIFY (e.g., Agent Orange, radiation) | EXPLAIN HOW THE DISABILITY(IES) RELATES TO THE IN-SERVICE EVENT/EXPOSURE/INJURY | APPROXIMATE DATE DISABILITY(IES) BEGAN OR WORSENED |
|---|---|---|---|---|
| 1. | Anxiety/depression/mental health issues | event | Servicemember was discriminated against for being LGBT in 2007-2008 | 2008 |
| 2. | tinnitus | exposure | training as combat medic | 2008 |
| 3. | bilateral hearing loss | exposure | traning as combat medic | 2008 |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |
| 7. | | | | |
| 8. | | | | |
| 9. | | | | |
| 10. | | | | |
| 11. | | | | |
| 12. | | | | |
| 13. | | | | |
| 14. | | | | |
| 15. | | | | |

VETERANS SOCIAL SECURITY NO. [redacted]

17. LIST VA MEDICAL CENTER(S) (VAMC) AND DEPARTMENT OF DEFENSE (DOD) MILITARY TREATMENT FACILITIES (MTF) WHERE YOU RECEIVED TREATMENT AFTER DISCHARGE FOR YOUR CLAIMED DISABILITY(IES) LISTED IN ITEM 16 AND PROVIDE TREATMENT DATES.

| A. ENTER THE DISABILITY TREATED AND NAME LOCATION OF THE TREATMENT FACILITY | B. DATE(S) OF TREATMENT | |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

**NOTE**: IF YOU WISH TO CLAIM ANY OF THE FOLLOWING, COMPLETE AND ATTACH THE REQUIRED FORM(S) AS STATED BELOW (VA forms are available at www.va.gov/vaforms).

| *For:* | *Required Form(s):* |
|---|---|
| Dependents | VA Form 21-686c and, if claiming a child aged 18-23 years and in school, VA Form 21-674 |
| Individual Unemployability | VA Form 21-8940 and 21-4192 |
| Post-Traumatic Stress Disorder | VA Form 21-0781 and 21-0781a |
| Specially Adapted Housing or Special Home Adaptation | VA Form 26-4555 |
| Auto Allowance | VA Form 21-4502 |
| Veteran Spouse Aid and Attendance benefits | VA Form 21-2680 or, if based on nursing home attendance, VA Form 21-0779 |

## SECTION V: SERVICE INFORMATION

18A. DID YOU SERVE UNDER ANOTHER NAME?
☐ YES *(If "Yes," complete Item 18B)* ☒ NO *(If "No," skip to Item 19A)*

18B. LIST THE OTHER NAME(S) YOU SERVED UNDER:

19A. BRANCH OF SERVICE *(Check all that apply)*
☐ ARMY ☐ NAVY ☐ MARINE CORPS ☐ AIR FORCE ☐ COAST GUARD

19B. COMPONENT *(Check all that apply)*
☐ ACTIVE ☐ RESERVES ☐ NATIONAL GUARD

20A. MOST RECENT ACTIVE SERVICE ENTRY DATE (MM,DD,YYYY)
Month Day Year
10/10/2007

20B. PLACE OF LAST OR ANTICIPATED SEPARATION
Fort Sam Houston, TX

20C. DID YOU SERVE IN A COMBAT ZONE SINCE 9-11-2001?
☐ YES ☐ NO

20D. ADDITIONAL PERIODS OF SERVICE *(Indicate enlistment and discharge dates, if applicable)*

| Enlistment Date(s) | Discharge Date(s) |
|---|---|
| 10/10/2007 | 07/23/2007 |

21A. ARE YOU CURRENTLY SERVING OR HAVE YOU EVER SERVED IN THE RESERVES OR NATIONAL GUARD?
☒ YES *(If "Yes," complete Items 21B thru 21F)*
☐ NO *(If "No," skip to Item 22A)*

21B. COMPONENT
☐ NATIONAL GUARD
☐ RESERVES

21C. OBLIGATION TERM OF SERVICE
Month Day Year
From:
To:

21D. CURRENT OR LAST ASSIGNED NAME AND ADDRESS OF UNIT:
Det 4 AZ RHC Moreand, Phoenix, AZ 85008

21E. CURRENT OR ASSIGNED PHONE NUMBER OF UNIT *(Include Area Code)*
n/a

RECEIVING INACTIVE DUTY TRAINING PAY?
☐ YES ☒ NO

22A. ARE YOU CURRENTLY ACTIVATED ON FEDERAL ORDERS WITHIN THE NATIONAL GUARD OR RESERVES?
☐ YES *(If "Yes," complete Items 22B & 22C)*
☒ NO

22B. DATE OF ACTIVATION (MM,DD,YYYY)
Month Day Year

22C. ANTICIPATED SEPARATION DATE (MM,DD,YYYY)
Month Day Year

23A. HAVE YOU EVER BEEN A PRISONER OF WAR?
☐ YES *(If "Yes," complete Item 23B)*
☒ NO

23B. DATES OF CONFINEMENT (MM,DD,YYYY)

| From: | | | To: | | |
|---|---|---|---|---|---|
| Month | Day | Year | Month | Day | Year |
| Month | Day | Year | Month | Day | Year |

VETERANS SOCIAL SECURITY NO. [redacted]

## SECTION VI: SERVICE PAY (Retired Pay, Separation Pay, and Disability Severance Pay)

| 24A. ARE YOU RECEIVING MILITARY RETIRED PAY? | 24B. WILL YOU RECEIVE MILITARY RETIRED PAY IN THE FUTURE? |
|---|---|
| ☐ YES *(If "Yes," complete Items 24C and 24D)*<br>☒ NO | ☐ YES *(If "Yes," explain below (e.g. future Reserve/National Guard retirement, pending MEB/PEB and also complete Items 24C and 24D)*<br>☐ NO |

| 24C. BRANCH OF SERVICE | 24D. MONTHLY AMOUNT | 25. RETIRED STATUS |
|---|---|---|
| n/a | $ n/a | ☐ RETIRED ☐ PERMANENT DISABILITY RETIRED LIST<br>☐ TEMPORARY DISABILITY RETIRED LIST |

**IMPORTANT INFORMATION ON MILITARY RETIRED PAY (Includes all Uniformed Services Retired Pay):**
Submission of this application constitutes a waiver of military retired pay in an amount equal to VA compensation awarded, if you are entitled to both benefits. Your retired pay may be reduced by the amount of VA compensation awarded. Receipt of the full amount of military retired pay and VA compensation at the same time ***may*** result in an overpayment, which ***may*** be subject to collection. If you qualify for concurrent receipt of VA compensation and military retired pay, the waiver of retired pay will not apply. If you do not want to waive any retired pay to receive VA compensation, you should check the box in **Item 26**. **Note that if you check the box in Item 26, you will not receive VA compensation, if granted. If you are currently in receipt of VA compensation and you check the box in Item 26, your VA compensation will be terminated, if you are also eligible for military retired pay.**

**IMPORTANT: VA COMPENSATION PAY IS NON-TAXABLE, THEREFORE, VA COMPENSATION PAY MAY BE THE GREATER BENEFIT.**

☐ **26. Do NOT pay me VA compensation. I do NOT want to receive VA compensation in lieu of retired pay.**

**IMPORTANT INFORMATION ON SEPARATION/SEVERANCE PAY:**
VA compensation, if granted, may be withheld to recoup any disability severance or separation pay such as involuntary separation pay, voluntary separation pay, or special separation benefit, you receive from your branch of service. In addition, if you receive a Voluntary Separation Incentive (VSI), your VSI payments may be reduced if you are awarded VA compensation. Receipt of VA compensation and VSI at the same time may result in an overpayment of VSI, which ***may*** be subject to collection.

27A. HAVE YOU EVER RECEIVED SEPARATION PAY, DISABILITY SEVERANCE PAY, OR ANY OTHER LUMP SUM PAYMENT FROM YOUR BRANCH OF SERVICE?

☐ YES *(If "Yes," complete Items 27B through 27D)*
☒ NO

| 27B. DATE PAYMENT RECEIVED *(MM.DD.YYYY)* | 27C. BRANCH OF SERVICE | 27D. AMOUNT RECEIVED *(Provide pre-tax amount)* |
|---|---|---|
| Month Day Year<br>n/a | n/a | $ n/a |

**IMPORTANT INFORMATION ON INACTIVE DUTY TRAINING PAY:**
You may elect to keep the active or inactive duty training pay you received from the military service department. However, to be legally entitled to keep your training pay, you must waive VA benefits for the number of days equal to the number of days for which you received training pay. In most instances, it will be to your advantage to waive your VA benefits and keep your training pay.

If you waive VA benefits to receive training pay by checking the box in **Item 28**, VA will retroactively adjust your VA award to withhold benefits equal to the total number of training days waived and at the monthly rate in effect for the fiscal year period for which you received training pay. This action may result in an overpayment of compensation, which ***may*** be subject to collection.

**IMPORTANT: VA COMPENSATION PAY IS NON-TAXABLE. THEREFORE VA COMPENSATION PAY MAY BE THE GREATER BENEFIT.**

☐ **28. Do NOT pay me VA compensation. I do NOT want to receive VA compensation in lieu of training pay.**

## SECTION VII: DIRECT DEPOSIT INFORMATION

The Department of Treasury requires all Federal benefit payments be made by electronic funds transfer (EFT), also called direct deposit. Please attach a voided personal check or deposit slip or provide the information requested below in **Items 30, 31 and 32** to enroll in direct deposit. If you do not have a bank account, you must receive your payment through Direct Express Debit MasterCard. To request a Direct Express Debit MasterCard you must apply at www.usdirectexpress.com or by telephone at 1-800-333-1795. If you elect not to enroll, you must contact representatives handling waiver requests for the Department of Treasury at 1-888-224-2950. They will encourage your participation in **EFT** and address any questions or concerns you may have.

☐ 29. I CERTIFY THAT I DO NOT HAVE AN ACCOUNT WITH A FINANCIAL INSTITUTION OR CERTIFIED PAYMENT AGENT *(If you check this box, skip to Section VIII)*

30. ACCOUNT NUMBER *(Check only **one** box below and provide the account number)*

Account No.: ☐ CHECKING ☐ SAVINGS

| 31. NAME OF FINANCIAL INSTITUTION *(Provide the name of the bank where you want your direct deposit)* | 32. ROUTING OR TRANSIT NUMBER *(The first nine numbers located at the bottom left of your check)* |
|---|---|
| n/a | |

VETERAN'S SOCIAL SECURITY NO. [redacted]

## SECTION VIII: CLAIM CERTIFICATION AND SIGNATURE

### VETERAN/SERVICEMEMBER CERTIFICATION AND SIGNATURE

I certify and authorize the release of information. I certify that the statements in this document are true and complete to the best of my knowledge. I authorize any person or entity, including but not limited to any organization, service provider, employer, or government agency, to give the Department of Veterans Affairs any information about me, and I waive any privilege which makes the information confidential.

I certify I have received the notice attached to this application titled, *Notice to Veteran/Service Member of Evidence Necessary to Substantiate a Claim for Veterans Disability Compensation and Related Compensation Benefits.*

I certify I have enclosed all the information or evidence that will support my claim, to include an identification of relevant records available at a Federal facility such as a VA medical center; **OR,** I have no information or evidence to give VA to support my claim; **OR,** I have checked the box in Item 1, on page 8, indicating I want my claim processed under the standard claim process because I plan to submit additional evidence in support of my claim.

| 33A. VETERAN SERVICE MEMBER SIGNATURE (REQUIRED) *(Sign in ink)* | 33B. DATE SIGNED |
|---|---|
| [signature] | 02/13/2019 |

## SECTION IX: WITNESSES TO SIGNATURE

| 34A. SIGNATURE OF WITNESS *(Sign in ink. If veteran signed above using an "X")* | 34B. PRINTED NAME AND ADDRESS OF WITNESS |
|---|---|
| 35A. SIGNATURE OF WITNESS *(Sign in ink. If veteran signed above using an "X")* | 35B. PRINTED NAME AND ADDRESS OF WITNESS |

## SECTION X: ALTERNATE SIGNER CERTIFICATION AND SIGNATURE

I certify that by signing on behalf of the claimant that I am a court-appointed representative; **OR**, an attorney in fact or agent authorized to act on behalf of a claimant under a durable power of attorney; **OR**, a person who is responsible for the care of the claimant, to include but not limited to a spouse or other relative; **OR**, a manager or principal officer acting on behalf of an institution which is responsible for the care of an individual; **AND**, that the claimant is under the age of 18; **OR**, is mentally incompetent to provide substantially accurate information needed to complete the form, or to certify that the statements made on the form are true and complete; **OR**, is physically unable to sign this form.

I understand that I may be asked to confirm the truthfulness of the answers to the best of my knowledge under penalty of perjury. I also understand that VA may request further documentation or evidence to verify or confirm my authorization to sign or complete an application on behalf of the claimant if necessary. Examples of evidence which VA may request include: Social Security Number (SSN) or Taxpayer Identification Number (TIN); a certificate or order from a court with competent jurisdiction showing your authority to act for the claimant with a judge's signature and a date/time stamp; copy of documentation showing appointment of fiduciary; durable power of attorney showing the name and signature of the claimant and your authority as attorney in fact or agent; health care power of attorney, affidavit or notarized statement from an institution or person responsible for the care of the claimant indicating the capacity or responsibility of care provided; or any other documentation showing such authorization.

| 36A. ALTERNATE SIGNER SIGNATURE (REQUIRED) *(Sign in ink)* | 36B. DATE SIGNED |
|---|---|
| | |

## SECTION XI: POWER OF ATTORNEY (POA) SIGNATURE

I certify that the claimant has authorized the undersigned representative to file this supplemental claim on behalf of the claimant and that the claimant is aware and accepts the information provided in this document. I certify that the claimant has authorized the undersigned representative to state that the claimant certifies the truth and completion of the information contained in this document to the best of claimant's knowledge.

**NOTE**: A POA's signature **will not** be accepted unless at the time of submission of this claim a valid VA Form 21-22, *Appointment of Veterans Service Organization as Claimant's Representative*, or VA Form 21-22a, *Appointment of Individual As Claimant's Representative*, indicating the appropriate POA is of record with VA.

| 37A. POA/AUTHORIZED REPRESENTATIVE SIGNATURE *(Sign in ink)* | 37B. DATE SIGNED *(MM/DD/YYYY)* |
|---|---|
| | |

**PRIVACY ACT NOTICE**: The form will be used to determine allowance to compensation benefits (38 U.S.C. 5101). The responses you submit are considered confidential (38 U.S.C. 5701). VA may disclose the information that you provide, including Social Security numbers, outside VA if the disclosure is authorized under the Privacy Act, including the routine uses identified in the VA system of records, 58VA21/22/28, Compensation, Pension, Education, and Vocational Rehabilitation and Employment Records - VA, published in the Federal Register. The requested information is considered relevant and necessary to determine maximum benefits under the law. Information submitted is subject to verification through computer matching programs with other agencies. VA may make a "routine use" disclosure for: civil or criminal law enforcement, congressional communications, epidemiological or research studies, the collection of money owed to the United States, litigation in which the United States is a party or has an interest, the administration of VA programs and delivery of VA benefits, verification of identity and status, and personnel administration. Your obligation to respond is required in order to obtain or retain benefits. Information that you furnish may be utilized in computer matching programs with other Federal or State agencies for the purpose of determining your eligibility to receive VA benefits, as well as to collect any amount owed to the United States by virtue of your participation in any benefit program administered by the Department of Veterans Affairs. Social Security information: You are required to provide the Social Security number requested under 38 U.S.C. 5101(c)(1). VA may disclose Social Security numbers as authorized under the Privacy Act, and, specifically may disclose them for purposes stated above.

**RESPONDENT BURDEN**: We need this information to determine your eligibility for compensation. Title 38, United States Code, allows us to ask for this information. We estimate that you will need an average of 25 minutes to review the instructions, find the information, and complete this form. VA cannot conduct or sponsor a collection of information unless a valid OMB control number is displayed. You are not required to respond to a collection of information if this number is not displayed. Valid OMB control numbers can be located on the OMB Internet Page at www.reginfo.gov/public/do/PRAMain. If desired, you can call 1-800-827-1000 to get information on where to send comments or suggestions about this form.

**PENALTY**: The law provides severe penalties which include fine or imprisonment, or both, for the willful submission of any statement or evidence of a material fact, knowing it to be false, or for the fraudulent acceptance of any payment to which you are not entitled.

**DEPARTMENT OF VETERANS AFFAIRS**
**Veterans Benefits Administration**
**Regional Office**

**DONOVAN FOSTER**

**VA File Number**
[redacted]

**Rating Decision**
**04/27/2019**

## INTRODUCTION

The records reflect that you are a Veteran of the Gulf War Era. You served in the Army from October 10, 2007, to July 23, 2008. You filed a new claim for benefits that was received on February 13, 2019. Based on a review of the evidence listed below, we have made the following decision(s) on your claim.

## DECISION

1. Service connection for bipolar II disorder with anxious distress is granted with an evaluation of 50 percent effective February 13, 2019.

2. Service connection for tinnitus is granted with an evaluation of 10 percent effective February 13, 2019.

3. Service connection for bilateral hearing loss is denied.

## EVIDENCE

- DD Form 214, Certificate of Release and/or Discharge from Active Duty Service

- Partial Service Treatment Records, covering periods of service from October 10, 2007, to July 23, 2008, received April 5, 2019
- VA Form 21-526EZ, Application for Disability Compensation and Related Compensation Benefits, received February 12, 2019
- Letters to Veteran, dated May 3, 2010, February 27, 2019
- Medical Evidence, Los Angeles LGBT Center, dated February 14, 2019, received March 3, 2019
- VA Examinations with Medical Opinions, QTC Contract Examiners, dated April 17, 2019

## REASONS FOR DECISION

**1. Service connection for bipolar II disorder with anxious distress (claimed as anxiety, depression, and mental health issues).**

Service connection for bipolar II disorder with anxious distress (claimed as anxiety, depression, and mental health issues) has been established as directly related to military service. (38 CFR 3.303, 38 CFR 3.304)

An evaluation of 50 percent is assigned from February 13, 2019.

We have assigned a 50 percent evaluation for your depression based on:
• Difficulty in adapting to stressful circumstances
• Difficulty in adapting to work
• Depressed mood
• Disturbances of motivation and mood
• Difficulty in adapting to a worklike setting
• Anxiety
• Occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and conversation normal)
• Difficulty in establishing and maintaining effective work and social relationships
• Chronic sleep impairment

The overall evidentiary record shows that the severity of your disability most closely approximates the criteria for a 50 percent disability evaluation. (38 CFR 4.7, 38 CFR 4.126)

A higher evaluation of 70 percent is not warranted for bipolar disorder unless the evidence shows occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as:
• suicidal ideation
• obsessional rituals which interfere with routine activities
• speech intermittently illogical, obscure, or irrelevant
• near-continuous panic or depression affecting the ability to function independently, appropriately and effectively
• impaired impulse control (such as unprovoked irritability with periods of violence)

• spatial disorientation
• neglect of personal appearance and hygiene
• difficulty in adapting to stressful circumstances (including work or a worklike setting)
• inability to establish and maintain effective relationships. (38 CFR 4.124a)

**2. Service connection for tinnitus.**

Service connection for tinnitus has been established as directly related to military service. (38 CFR 3.303, 38 CFR 3.304)

The effective date of this grant is February 13, 2019. Service connection has been established from the day VA received your claim. When a claim of service connection is received more than one year after discharge from active duty, the effective date is the date VA received the claim. (38 CFR 3.400)

An evaluation of 10 percent is assigned from February 13, 2019.

We have assigned a 10 percent evaluation for your tinnitus based on:
• Recurrent tinnitus

A single evaluation for recurrent tinnitus is assigned whether the sound is perceived in one ear, both ears, or in the head.

This is the highest schedular evaluation allowed under the law for tinnitus.

**3. Service connection for bilateral hearing loss.**

Service connection for bilateral hearing loss is denied because there is no evidence that you currently have hearing loss for VA purposes. (38 CFR 3.303, 38 CFR 3.304, 38 CFR 3.385)

Service connection may not be established for disability due to impaired hearing unless the auditory threshold in any of the frequencies 500, 1000, 2000, 3000 or 4000 Hertz is 40 decibels or greater; or the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000 or 4000 Hertz are 26 decibels or greater; or speech recognition scores using the Maryland CNC Test are less than 94 percent. (38 CFR 3.385)

There are no audiometric findings in your service treatment records that meet the above requirements.

Although hearing loss is not shown in-service, acoustic trauma or military noise exposure may constitute injury of the ear. However, in this case, acoustic trauma is not shown by the evidence of record.

VA examination findings show the left ear with 100 percent discrimination. Decibel (dB) loss at

the puretone threshold of 500 Hertz (Hz) is 10, at 1000 Hz is 10, at 2000 Hz is 5, at 3000 Hz is 5, and at 4000 Hz is 15. The average decibel loss is 9 in the left ear. The right ear shows a speech discrimination of 100 percent. Your right ear Decibel (dB) loss at the puretone threshold of 500 Hertz (Hz) is 10, at 1000 Hz is 10, at 2000 Hz is 10, at 3000 Hz is 5, and at 4000 Hz is 15. The average decibel loss is 10 in the right ear.

In this case, the evidence of record does not show current audiometric findings which meet the criteria for a grant of service connection for hearing loss. As you do not currently meet the criteria for hearing loss for VA purposes, service connection may not be granted. In addition, there is no evidence that disabling sensorineural hearing loss manifested itself to a compensable degree within a year of service. (38 CFR 3.303, 38 CFR 3.304, 38 CFR 3.307, 38 CFR 3.309, 38 CFR 3.385)

Favorable findings in this decision:
None

**REFERENCES:**

Title 38 of the Code of Federal Regulations, Pensions, Bonuses and Veterans' Relief contains the regulations of the Department of Veterans Affairs which govern entitlement to all veteran benefits. For additional information regarding applicable laws and regulations, please consult your local library, or visit us at our website, www.va.gov.

VERONICA M. AGUILAR, ESQ. (SBN 153288)
**LAW OFFICES OF VERONICA M. AGUILAR**
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
Telephone: (858) 674.6945
veronica@vaguilarlaw.com

Attorney for Plaintiff,
**DONOVAN J. FOSTER**

**THE UNITED STATES DISTRICT COURT IN AND FOR THE CENTRAL DISTRICT OF THE STATE OF CALIFORNIA**

| | |
|---|---|
| DONOVAN J. FOSTER, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>The United States of America, the Department of Veteran Affairs, an agency of the United States of America, and Secretary Denis McDonough, an individual.<br><br>Defendant(s). | Case No.:<br><br>**COMPLAINT FOR NEGLIGENCE** |

## I. INTRODUCTION

1. This is an action for The United States of America, including Dennis McDonough and the Department of Veterans Affairs, an Agency of the United States of America (Hereby knows as "DEFENDANTS") under the Federal Tort Claims Act, (28. U.S.C. §2671, et seq) and 28 U.S.C.§1346(b)(1), for Negligence.

2. The claims herein are brought forth against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq..) and 28 U.S.C. §1346(b)(1) for money damages as compensation for personal injuries caused by Defendants' negligence.

3. Defendants waived sovereign immunity under the Federal Torts Claims Act because Plaintiff fully complied with the requirements of 28 U.S.C 2675, *Standard Form 95 attached as* **EXHIBIT "1,"** and fully incorporated herein as though fully set forth throughout.

4. This suit was timely filed, in that Plaintiff timely served notice of his claim less than two years after the incident forming the basis of the instant lawsuit and within the Six (6) months required pursuant to Section 2401(b), Title 28 United States Code, as was stated in Plaintiff's September 21, 2021, denial of "Request for Reconsideration correspondence," attached hereto as **EXHIBIT "2,"** and fully incorporated herein as though fully set forth throughout.

///

///

///

///

///

///

///

Case: 24-140, 09/13/2026, DktEntry: 72.1, (306 of 1196)



## II. PARTIES

5. Plaintiff, Donovan J. Foster at all times relevant hereto, was a resident of Los Angeles County, State of California. Plaintiff is also a "veteran"[1] of the "Armed Forces"[2] who served in the U.S. Army for One year and two months of honorable service.

6. Defendant Dennis McDonough is presently, or was at the time of filing this complaint, the Secretary of Veterans Affairs, or the United States of America.

7. Defendant Department of Veterans Affairs is a Federal Agency of the United States of America.

8. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and acting on behalf of Defendants. Furthermore, these Defendants, and each of them, are responsible for the negligent acts of their employees and agents under Respondent Superior.

## III. JURISDICTION

9. Jurisdiction is proper under 28 U.S.C. §1346(b)(1) because Defendant is the United States of America or one of its applicable agencies. Further, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and this action arises under The Federal Tort Claims Act, 28 U.S.C. §1346(b), 2671-2680.

---

[1] *See* 38 U.S.C. 101(2), Veteran means "a person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable.

[2] Armed Forces means the United States Army, Navy, Marine Corps Air Force, and Coast Guard, including the reserve components thereof

10. The claims herein are brought against the United State of America pursuant to the Federal Torts Claims Act for money damages as compensation for personal injuries that were caused by the negligent and wrongful acts of employees of the United States Government while acting within the scope and course of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of California.

11. Plaintiff has therefore exhausted all administrative remedies.

12. This Court has jurisdiction, based on the Federal Tort Claims Act, a federal statute that permits private parties to sue the United States in a Federal court for torts committed by persons acting on behalf of the United States once all administrative remedies have been exhausted.

## IV. VENUE

13. Venue is also proper under 28 U.S.C. §1391(e) and 28 U.S.C. §1402(b). Plaintiff resides and continues to reside in Los Angeles County, a county within the Central District of California and thus is a resident of the Central District of California.

///

///

///

///

///

## V. FACTUAL ALLEGATIONS

14. As stated herein, Plaintiff is a U.S. Army Veteran who served honorably for One year and two months. Plaintiff is a "Beneficiary[3], Claimant[4], and Eligible Person[5]," and as such is entitled to receive all "examinations, treatment, or care," as prescribed under U.S.C. § 111. Plaintiff is also eligible for "examinations, treatment, or care," as prescribed under the "Medical Benefits Package" 38 C.F.R. § 17.38, which includes but, is not limited to "Basic and Preventive Care" and "Reimbursement Travel," pursuant to the provisions of both 38 U.S.C. § 111 et seq. and 38 C.F.SR. § 70 et seq., and VA Regulatory policies and procedures. All benefits and entitlements are to be obtained from the Department of Veterans' Affairs.

15. In October 2009, Plaintiff submitted to the Department of Veterans Affairs, a Veteran's Application for compensation and/or pension, VA Form 21, -526. Per the Department of Veterans Affairs decision dated May 14, 2010, Plaintiff' was denied because his service department records and/or treatment records were completely unavailable and nowhere to be found.

///

///

---

[3] *See* 38 C.F.R. § 70.2 Beneficiary means "a person determined eligible for VHA Benefits."
[4] *See* 38 C.F.R. § 70.2, Claimant means "a veteran who received services (or his/her guardian) or the hospital, clinic, or community resource that provided the services, or the person other than the veteran who paid for the services."
[5] *See* 38 C.F.R. § 70.10.

16. In or about November 26, 2019, Plaintiff was informed by the Department of Veterans Affairs in writing that his service department records had been lost and/or mislabeled. This flagrant negligent act by the Defendants caused infinite and endless harm and personal injury to Plaintiff.

17. The denial of the claim decision by Defendants, dated May 14, 2010, precluded Plaintiff from receiving necessary and needed mental health treatment from the Department of Veterans Affairs facilities. In addition, the unavailability of Plaintiff's service department records and/or service treatment records precluded Plaintiff from receiving timely and effective treatment for Plaintiff's later diagnosed Bipolar II Disorder with anxious stress and Post Traumatic Stress ("PTSD).

18. The Department of Veterans Affairs and Plaintiff's private physician, Dr. Amir Ahuja concluded Plaintiff's Bipolar II Disorder with Anxious Distress negatively progressed extensively throughout the approximate ten years between 2009 to 20219, while Plaintiff's service records were unavailable. During that time, Plaintiff was unable to receive medical, psychiatric, and psychological treatment. As a result, Plaintiff's Bipolar II Disorder with Anxious Distress was left untreated and as such, led to permanent and total disability, per the Department of Veterans Affairs.

///

///

///

Case: 24-140, 09/13/2026, DktEntry: 72.1, (310 of 1196)



19. The opinion of the Department of Veterans Affairs physicians and psychiatrists and Plaintiff's personal physician, Dr. Amir Ahuja did, in fact, conclude if the Defendants had not lost, destroyed, or misplaced Plaintiff's service records, he would have received the proper treatment and his condition of Bipolar II Disorder with Anxious Distress would not have exacerbated his disability to a point of one hundred percent (100%) disability. As a result of Defendants' acts and/or omissions and failures to maintain Plaintiff's service records, Plaintiff's 100% disability rating now prevents him from gainful employment.

20. The Department of Veterans Affairs also confirmed the loss of Plaintiff's left index finger was due to dermatophagia that Plaintiff experienced during a manic episode while on active-duty service. Plaintiff was also diagnosed with PTSD and Plaintiff's personal Physician, Dr Amir Ahuja determined Plaintiff's PTSD was service related and connected.

21. As a proximate consequence of Defendants wrongful and negligent conduct, Plaintiff suffered ten (10) year of being undiagnosed as Bipolar II Disorder with Anxious Distress and PTSD. I addition, Plaintiff's loss of his index finger has caused insurmountable pain and suffering.

///

///

///

///

## VI. CAUSES OF ACTION

### COUNT I – NEGLIENCE

22. Plaintiff realleges and reincorporates each and every allegation above, as though fully set forth herein.

23. Defendants: (1) performed acts that a person of ordinary prudence in the same or similar circumstances would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done under the same or similar circumstances.

24. The Department of Veterans Affairs admitting in writing via a letter dated November 26, 2019, from the Department of Veterans Affairs that the Department of Veterans Affairs was negligent (negligence being defined as: the existence of a legal duty that Defendant owed to Plaintiff; the Defendants breach of that duty caused Plaintiff to suffer an injury by losing Plaintiff's service department records to include service treatment medical records.

25. The Department of Veterans Affairs employees had a duty to take care not to damage, destroy or lose Plaintiff's service department records and to take steps necessary to ensure the service department records were available for review, production and/or reproduction.

///

///

///

26. By failing to have the service department records available for review, production and/or reproduction, the Department of Veterans Affairs employees failed to exercise the required degree of care and breached the duty of care owed to Plaintiff.

27. As a direct and proximate cause of Defendants' negligence, Plaintiff was unable to receive the proper and promised treatment to him, as an eligible veteran. Namely, Six months before Plaintiff's records were located by Joint Legacy Reviewers in 2019, Plaintiff's private Physician, Dr. Amir Ahuja, diagnosed Plaintiff with untreated Bipolar II Disorder and Dr. Ajuha also concluded Plaintiff suffered from undiagnosed Bipolar II Disorder with Anxious Distress and PTSD.

28. Plaintiff was notified on or about November 25, 2019, that Plaintiff's service treatment records had been characterized as "lost" or "mislabeled." Page Three of the November 25, 2019, under "Reason for Decision" the letter stated as follows:

> "Rating decision dated May 14, 2010, denied issue of depression based on unavailability of Service treatment records. Service treatment records for period of October 10, 2007, to July 23, 2008, were retrieved from Joint Legacy Reviewers in 2019. Rating decision dated April 27, 2019, granted service connection for bipolar disorder based on the date we received a request to reopen your claim. The correct date of Service Connection should have been October 6, 2009, the date the previously disallowed claim was received because the grant is based on lost or mislabeled Service department records and, the previous disallowed claim was received more than a year following separation from service."

[ *See* VA Letter, page 3 of 8, "Reasons for Decision" dated November 25, 2019, attached hereto as **EXHIBIT "3,"**]

29. As a further direct and proximate result of Defendants' negligence, Plaintiff's Bipolar II Disorder with Anxious Distress and PTSD conditions exacerbated so badly that Plaintiff is now rated 100% disabled. Thus, Plaintiff suffered a loss of enjoyment of his life. Furthermore, Plaintiff lost wages, both past and future, due to his untreated condition rendering him incapable of employment.

## VII. PRAYER FOR RELIEF

30. **WHEREFORE**, Plaintiff, DONOVAN FOSTER does hereby pray Judgment be entered in his favor and against Defendants as follows:

1. Medical expenses, lost wages, pain and suffering, future impairment, and loss of enjoyment of life, in an amount to be proven at the time of trial but, beyond this Court's jurisdictional level; and
2. Costs and fees incurred, together with such further relief at law or in equity this Court may deem just and proper.

Respectfully submitted,

DATED: November 21, 2022, **LAW OFFICES OF VERONICA M. AGUILAR**

*Veronica M. Aguilar*

Veronica M. Aguilar, Attorney for Plaintiff,
**DONOVAN J. FOSTER**

# EXHIBIT

# "1"

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

1. Submit to Appropriate Federal Agency:

NATIONAL ARCHIVES AND RECORDS ADMINISTRATION
AND
DEPARTMENT OF VETERANS AFFAIRS

2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.

DONOVAN J. FOSTER JR.
578 WASHINGTON BLVD NUM 312
MARINA DEL REY, CA 90292

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | [redacted] | SINGLE | 11/26/2019 | 11:00PM |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY OR BY SOMEONE IN THE EMPLOY THEREOF, IN A FACILITY OF AND OR IN THE CONTROL OF YOUR GOVERNMENTAL ENTITY HAS CAUSED INFINITE ENDLESS HARM AND OR PERSONAL INJURY TO MYSELF THE CLAIMANT. PLEASE SEE ATTACHED DEMAND LETTER FOR FURTHER DETAIL.

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

NONE

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED. THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY HAS CAUSED PERMANENT DEBILITATING INJURY AND POST TRAMATIC STRESS DISORDER.

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| TO BE DETERMINED IN PRE-TRIAL DISCOVERY IF APPLICABLE | TO BE DETERMINED IN PRE-TRIAL DISOVERY IF APPLICABLE |

12. (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| NONE | $92,288,776,984.00 | | $92,288,776,984.00 |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.**

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature] | 2129201477 | 10/13/2020 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance? ☐ Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

NONE

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No

NONE

17. If deductible, state amount.

NONE

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

NONE

19. Do you carry public liability and property damage insurance? ☐ Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

NONE

**INSTRUCTIONS**

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A __SUM CERTAIN__ FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN __TWO YEARS__ AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

**PAPERWORK REDUCTION ACT NOTICE**

This notice is __solely__ for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) **BACK**

# EXHIBIT

# "2"

Case: 24-140, 09/13/2026, DktEntry: 72.1, (318 of 1196)



VA | U.S. Department of Veterans Affairs
Office of General Counsel

Office of Chief Counsel (02)
Southeast District – South
7305 N. Military Trail, Rm. 4B-352
West Palm Beach, FL 33410

In Reply Refer To: 484556

Via Certified Mail 7013 0600 0001 9398 7253

September 21, 2021

Donovan Foster
578 Washington Blvd., Number 312
Marina Del Rey, CA 90292

Subject: Administrative Tort Claim - Request for Reconsideration

Dear Mr. Foster:

This office has now completed reconsideration of the above-referenced matter under the Federal Tort Claims Act (FTCA), and it is again denied as falling beyond the jurisdiction of the FTCA.

Further action on this matter may be instituted in accordance with the FTCA, sections 1346(b) and 2671-2680, title 28, United States Code, which provides, in effect, that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated, however, within 6 months after the date of mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). If such a suit is filed, the proper party defendant would be the United States, not VA.

Please note that FTCA claims are governed by a combination of Federal and state laws. Some state laws may limit or bar a claim or lawsuit. VA attorneys handling FTCA claims work for the Federal government and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely,

*Kristen Nelson*

Kristen Nelson
Deputy Chief Counsel

# EXHIBIT

# "3"

**DEPARTMENT OF VETERANS AFFAIRS**
**Veterans Benefits Administration**
**Regional Office**

**DONOVAN FOSTER**

**VA File Number**
[redacted]

**Represented By:**
**CALIFORNIA DEPARTMENT OF VETERANS AFFAIRS**
**Rating Decision**
**11/25/2019**

## INTRODUCTION

The records reflect that you are a Veteran of the Gulf War Era. You served in the Army from October 10, 2007 to July 23, 2008. You filed a claim for increased evaluation that was received on August 29, 2019. Based on a review of the evidence listed below, we have made the following decision(s) on your claim.

## DECISION

1. Entitlement to an earlier effective date for service connection of adjustment disorder with depressed mood is granted because a clear and unmistakable error was made; therefore, a 30 percent evaluation is assigned effective October 6, 2009.

An evaluation of 50 percent is assigned from February 13, 2019.

An evaluation of 70 percent is assigned from July 26, 2019.

2. Service connection for missing part of the left pointer finger is granted with an evaluation of 0 percent effective October 6, 2009.

3. Service connection for posttraumatic stress disorder is denied.

4. The previous denial of service connection for back condition is confirmed and continued.

5. Service connection for right hip condition as secondary to back condition is denied.

6. Entitlement to Individual Unemployability is deferred.

## EVIDENCE

- VA 21-0966 Intent to File, received on July 26, 2019
- VA 21-526EZ, Fully Developed Claim (Compensation), received on August 29, 2019
- VA 21-4138 Statement In Support of Claim for rerference CFR 3.156(c), received on September 27, 2019
- Statement from MD, and affidavit provided by Veteran, received on October 16, 2019
- VA 21-0781, Statement in Support of Claim for PTSD, received on October 17, 2019
- Statement from Veteran and list of prescription medication, received on October 19, 2019
- Subsequent Development Letter, received on October 21, 2019
- VA Form 21-526EZ, received on October 22, 2019
- DBQ PSYCH Mental disorders, received on October 28, 2019
- VA letter concerning your claim, request for PTSD stressor, dated September 30, 2019
- Your written statement, received October 10, 2019
- Lay Evidence, Matt Sexter MD, LOA LGBT Center, dated May 1, 2019
- Lay Evidence, Keegan Wood, PMHNP, LA LGBT Center, includes medication list, dated June 19, 2019
- Section (§) 5103 Notice Response, received October 16, 2019
- VA Form 21-526EZ Veteran's Fully Developed Claim, incomplete, missing pages, received October 11, 2019
- VA Form 21-0781, Statement In Support Of Claim For Service Connection for Post-Traumatic Stress Disorder (PTSD), received October 17, 2019
- Your written statement, received October 19, 2019
- VA letter concerning your claim, dated October 23, 2019
- VA letter concerning your claim, dated November 1, 2019
- Rating Decision, dated May 14, 2010
- VA Form 21-526EZ Veteran's Fully Developed Claim, received February 13, 2019
- Service Treatment and Personnel Records, from October 10, 2007 through July 23, 2008
- VA Form 21-526, Veteran's Application for Compensation and/or Pension, received October 6, 2009
- Rating Decision, dated May 14, 2010
- DD Form 214, Certificate of Release or Discharge from Active Duty, from October 10, 2007 through July 23, 2008
- VAMC (Veterans Affairs Medical Center) treatment records, Los Angeles, from June 3, 2019 through November 4, 2019

## REASONS FOR DECISION

**1. Whether the effective date of compensation for adjustment disorder with depressed mood was a clear and unmistakable error.**

Clear and unmistakable errors are errors that are undebatable, so that it can be said that reasonable minds could only conclude that the previous decision was fatally flawed at the time it was made. A determination that there was clear and unmistakable error must be based on the record and the law that existed at the time of the prior decision. Once a determination is made that there was a clear and unmistakable error in a prior decision that would change the outcome, then that decision must be revised to conform to what the decision should have been. (38 CFR 3.105)

Per VA regulation, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim. Rating decision dated May 14, 2010, denied issue of depression based on unavailability of service treatment records. Service treatment records for period of October 10, 2007 to July 23, 2008 were retrieved from Joint Legacy Reviewer in 2019. Rating decision dated April 27, 2019, granted service connection for bipolar disorder based on the date we received a request to reopen your claim. The correct date of service connection should have been October 6, 2009, the date the previously disallowed claim was received because the grant is based on lost or mislabeled service department records, and the previously disallowed claim was received more than 1 year following separation from service.

Entitlement to an earlier effective date of October 6, 2009, for service connection for adjustment disorder with depressed mood has been granted based on the date we originally received our claim. (38 CFR 3.400, 38 CFR 3.156)

An evaluation of 30 percent is assigned from October 6, 2009.

We have assigned a 30 percent evaluation for your adjustment disorder] based on:
- Depressed mood
- Anxiety
- A mental condition has been formally diagnosed, but symptoms are not severe enough either to interfere with occupational and social functioning or to require continuous medication

The overall evidentiary record shows that the severity of your disability most closely approximates the criteria for a 30 percent disability evaluation. (38 CFR 4.7, 38 CFR 4.126)

An evaluation of 50 percent is assigned from February 13, 2019.

We have assigned a 50 percent evaluation for your bipolar disorder based on:

- Difficulty in adapting to stressful circumstances
- Difficulty in adapting to work

• Depressed mood
• Disturbances of motivation and mood
• Difficulty in adapting to a worklike setting
• Anxiety
• Occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and conversation normal)
• Difficulty in establishing and maintaining effective work and social relationships
• Chronic sleep impairment

The overall evidentiary record shows that the severity of your disability most closely approximates the criteria for a 50 percent disability evaluation. (38 CFR 4.7, 38 CFR 4.126)

The evaluation of bipolar II disorder with anxious distress is increased to 70 percent disabling effective July 26, 2019. (38 CFR 4.1, 38 CFR 3.400)

The effective date of this grant is July 26, 2019. Entitlement to an increased evaluation has been established from the date we received your notification of intent to file. When an increased evaluation is granted based on VA medical evidence showing an increase in disability after the date the claim was received, the effective date of the increase is the date the claim was received. (38 CFR 3.400, 38 CFR 3.155)

We have assigned a 70 percent evaluation for your bipolar II disorder with anxious distress based on:
• Difficulty in adapting to stressful circumstances
• Unprovoked irritability with periods of violence
• Difficulty in adapting to work
• Depressed mood
• Disturbances of motivation and mood
• Flattened affect
• Difficulty in adapting to a worklike setting
• Anxiety
• Difficulty in establishing and maintaining effective work and social relationships
• Impaired impulse control
• Chronic sleep impairment
• Occupational and social impairment with reduced reliability and productivity

The overall evidentiary record shows that the severity of your disability most closely approximates the criteria for a 70 percent disability evaluation. (38 CFR 4.7, 38 CFR 4.126)

A higher evaluation of 100 percent is not warranted for bipolar disorder unless the evidence shows total occupational and social impairment, due to such symptoms as:
• gross impairment in thought processes or communication
• persistent delusions or hallucinations
• grossly inappropriate behavior
• persistent danger of hurting self or others

• intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene)
• disorientation to time or place
• memory loss for names of close relatives, own occupation, or own name. (38 CFR 4.125, 38 CFR 4.126, 38 CFR 4.130)

Laws and Regulations applicable to this issue:

38 CFR §3.156 New and material evidence.
38 CFR §3.155 How to file a claim.

**2. Service connection for missing part of the left pointer finger as secondary to the service-connected disability of bipolar II disorder with anxious distress.**

Service connection for missing part of the pointer finger, left hand has been established as related to the service-connected disability of adjustment disorder. (38 CFR 3.310)

Based on your lay statement and private medical opinion service connection for your left index finger is service connected.

Per VA regulation, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim. 3.156

Therefore, the date of service connection is October 6, 2009, the date the previously disallowed claim was received because the grant is based on lost or mislabeled service department records, and the previously disallowed claim was received more than 1 year following separation from service. 3.156 (c)

A noncompensable evaluation is assigned from October 6, 2009.

We have assigned a 0 percent evaluation for your missing part of the pointer finger based on:
• Other areas of disfigurement not considered under another appropriate diagnostic code

Note: In every instance where the schedule does not provide a zero percent evaluation for a diagnostic code, a zero percent evaluation shall be assigned when the requirements for a compensable evaluation are not met. {38 CFR §4.31}

An additional, separate compensable evaluation under Diagnostic Code 7804 is not warranted unless there is at least one scar that is painful or unstable. (38 CFR 4.118)

This is the highest schedular evaluation allowed under the law for scars, other (including linear scars) and other effects of scars evaluated under diagnostic codes 7800, 7801, 7802, and 7804. (Historical 38 CFR 4.118 effective prior to August 13, 2018)

Case: 24-140, 09/13/2026, DktEntry: 72.1, (325 of 1196)





An examination has been requested to determine current symptoms.

**3. Service connection for posttraumatic stress disorder.**

Service connection may be granted for a disability which began in military service or was caused by some event or experience in service. Service connection for posttraumatic stress disorder is denied because the medical evidence of record fails to show that this disability has been clinically diagnosed. (38 CFR 3.303)

Service connection for post-traumatic stress disorder (PTSD) requires the presence of three elements: (1) credible supporting evidence that the claimed in-service stressor actually occurred; (2) a current diagnosis of PTSD; and (3) medical evidence of a causal connection between current symptoms and the claimed in-service stressor. For a stressor to be sufficient for PTSD, the stressor must meet two requirements: (1) you must have been exposed to a traumatic event in which you experienced, witnessed, or were confronted with an event or events that involved actual or threatened death or serious injury or threat to the physical integrity of yourself or others and (2) your response must have involved a psychological or physio-psychological state of fear, helplessness, or horror. Combat decorations will be accepted, in the absence of evidence to the contrary, as conclusive evidence of the claimed service stressor. Additionally, confirmed prisoner of war (POW) status is considered conclusive evidence of a stressor. In- service personal assault cases, may result in evidence from sources other than the veteran's service records to corroborate the veteran's account of the stressor incident. (38 CFR 3.303, 38 CFR 3.304)

We acknowledge receipt of your private medical opinion, which diagnosed your current disability. Some evidence supports your claim; however, we found other medical evidence more persuasive because a medical specialist in the appropriate field provided it. (38 CFR 4.6)

VA examination conducted by a psychologist noted the stressor provided to have caused the posttraumatic stress disorder, does not meet the criteria for posttraumatic stress disorder.

Your service treatment records do not contain complaints, treatment, or diagnosis for this condition. The evidence does not show an event, disease or injury in service. (38 CFR 3.303, 38 CFR 3.304)

Please note, you are currently service-connected bipolar disorder. The symptoms/manifestations associated with other mental health diagnosis overlap to a great extent and per VA regulations the manifestations of the same symptoms under various diagnoses is to be avoided, therefore, if a separate evaluation for additional mental health diagnosis will not be rendered.

The evidence does not show a current diagnosed disability.

Favorable Findings identified in this decision:

Private medical records reflect a diagnosis of posttraumatic stress disorder.

**4. Service connection for back condition.**

A claimant may file a supplemental claim by submitting or identifying new and relevant evidence. New evidence is evidence not previously part of the actual record before agency adjudicators. Relevant evidence means evidence that tends to prove or disprove a matter at issue in a claim. (38 CFR 3.2501) In support of your claim, new and relevant evidence has been received and your claim is now reconsidered.

You were previously denied as we did not have service treatment records for review. Per 3.156, if at any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim. Service treatment records were not previously considered, therefore, the claim for back condition is now be readdressed.

Service connection may be granted for a disability which began in military service or was caused by some event or experience in service. To satisfy the requirements for a finding of service connection as directly related to your military service, the following three elements must be present: (1) medical evidence showing a current disability, (2) evidence of incurrence or aggravation of the disability in service, and (3) medical evidence linking the current disability to in service findings or diagnosis.

While your service treatment records reflect complaints, treatment, or a diagnosis similar to that claimed, the medical evidence supports the conclusion that a persistent disability was not present in service. (38 CFR 3.303) There was no continuity of symptoms from service to the present. (38 CFR 3.303)

The evidence does not show a current diagnosed disability. The evidence does not support a change in our prior decision. Therefore, we are confirming the previous denial of this claim.

Favorable Findings identified in this decision:

The evidence shows that a qualifying event, injury, or disease had its onset during your service. Service treatment records from service period October 10, 2007 to July 23, 2008 show treatment for back pain.

Los Angeles VAMC records note one complaint of back pain.

Laws and Regulations applicable to this issue:

38 CFR §3.156 New and material evidence.

**5. Service connection for right hip condition as secondary to back condition.**

Service connection may be granted for a disease or injury which resulted from a service-connected disability or was aggravated thereby. The evidence does not show that back condition is related to service. Therefore, service-connection for right hip condition on a secondary basis to this condition cannot be established. There is also no evidence showing right hip condition was incurred in or aggravated by military service. (38 CFR 3.303, 38 CFR 3.306, 38 CFR 3.310)

Service department records. (1) Notwithstanding any other section in this part, at any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim, notwithstanding paragraph (a) of this section

Your service treatment records do not contain complaints, treatment, or diagnosis for this condition. The evidence does not show an event, disease or injury in service. (38 CFR 3.303, 38 CFR 3.304)

The evidence does not show that your condition resulted from, or was aggravated by, a service-connected disability. (38 CFR 3.303, 38 CFR 3.304) The evidence does not show a current diagnosed disability.

Favorable Findings identified in this decision:

Los Angeles VAMC records reflect one complaint of right hip pain.

**6. Entitlement to individual unemployability.**

The issue of whether or not you are entitled to Individual Unemployability is deferred for the following: completed VA Form 21-8940, Veteran's Application for Increased Compensation Based on Unemployability

**REFERENCES:**

Title 38 of the Code of Federal Regulations, Pensions, Bonuses and Veterans' Relief contains the regulations of the Department of Veterans Affairs which govern entitlement to all veteran benefits. For additional information regarding applicable laws and regulations, please consult your local library, or visit us at our website, www.va.gov.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

DONOVAN J. FOSTER, an Individual,

*Plaintiff(s)*

v.

The United States of America, the Department of Veteran Affairs, an agency of the United States of America, and Secretary Denis McDonough, an Individual.

*Defendant(s)*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* The United States of America, the Department of Veteran Affairs, an agency of the United States of America, and Secretary Denis McDonough, and Individual.
810 Vermont Avenue., NW
Washington, DC 20420

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Veronica M. Aguilar,Esq. SBN-153288
Law Offices of Veronica M. Aguilar, A.P.C.
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ____________________
was received by me on *(date)* ____________ .

❒ I personally served the summons on the individual at *(place)* ____________________
____________________ on *(date)* ____________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ____________
____________________ , a person of suitable age and discretion who resides there,
on *(date)* ____________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ____________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ____________
____________________ on *(date)* ____________ ; or

❒ I returned the summons unexecuted because ____________________ ; or

❒ Other *(specify)*:

My fees are $ ______ for travel and $ ______ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

____________________
*Server's signature*

____________________
*Printed name and title*

____________________
*Server's address*

Additional information regarding attempted service, etc:

Case: 24-140, 09/13/2026, DktEntry: 72.1, (330 of 1196)



NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY(S) OR OF PARTY APPEARING IN PRO PER

Veronica M. Aguilar, Esq. SBN-153288
Law Offices of Veronica M. Aguilar, A.P.C.
16870 West Bernrado Drive, Suite 400
San Diego, CA 92127
(858) 674-6945

ATTORNEY(S) FOR: DONOVAN J. FOSTER, an Individual.

CLEAR FORM

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

DONOVAN J. FOSTER, an Individual,

Plaintiff(s),

The United States of America, the Department of Veteran Affairs, and agency of the United States of America, and Secretary Denis McDonough, an Individual,

Defendant(s)

CASE NUMBER

**CERTIFICATION AND NOTICE OF INTERESTED PARTIES**
**(Local Rule 7.1-1)**

TO: THE COURT AND ALL PARTIES OF RECORD:

The undersigned, counsel of record for DONOVAN J. FOSTER or party appearing in pro per, certifies that the following listed party (or parties) may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

(List the names of all such parties and identify their connection and interest. Use additional sheet if necessary.)

| PARTY | CONNECTION / INTEREST |
|---|---|
| DONOVAN J. FOSTER | PLAINTIFF |
| VERONICA M. AGUILAR | PLAINTIFF ATTORNEY |
| THE UNITED STATES OF AMERICA, THE DEPARTMENT OF VETERAN AFFAIRS, AN AGENCY OF THE UNITED STATES OF AMERICA, AND SECRETARY DENIS MCDONOUGH | DEFENDANTS |

11/21/2022
Date

Signature

Attorney of record for (or name of party appearing in pro per):

DONOVAN J. FOSTER

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
DONOVAN J. FOSTER, an Individual

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
The United States of America, the Department of Veteran Affairs, and agency of the United States of America, and Secretary Denis McDonough, an Individual.

(b) County of Residence of First Listed Plaintiff Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Washington D.C.
*(IN U.S. PLAINTIFF CASES ONLY)*

(c) Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.
Law Offices of Veronica M. Aguilar, A.P.C.
16870 W. Bernardo Drive, Suite 400, San Diego, CA 92127
(858) 674-6945

Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.
810 Vermont Avenue., NW
Washington, DC 20420

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 3. Federal Question (U.S. Government Not a Party)
☒ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding ☐ 2. Removed from State Court ☐ 3. Remanded from Appellate Court ☐ 4. Reinstated or Reopened ☐ 5. Transferred from Another District (Specify) ☐ 6. Multidistrict Litigation - Transfer ☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Torts Personal Injury

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS PERSONAL PROPERTY** | ☐ 510 Motions to Vacate Sentence | ☐ 835 Patent - Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 371 Truth in Lending | ☐ 535 Death Penalty | ☐ 880 Defend Trade Secrets Act of 2016 (DTSA) |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | **Other:** | **SOCIAL SECURITY** |
| ☐ 460 Deportation | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 861 HIA (1395ff) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 862 Black Lung (923) |
| ☐ 480 Consumer Credit | ☐ 160 Stockholders' Suits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 485 Telephone Consumer Protection Act | ☐ 190 Other Contract | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | ☐ 195 Contract Product Liability | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | **FORFEITURE/PENALTY** | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 196 Franchise | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | **REAL PROPERTY** | ☒ 360 Other Personal Injury | ☐ 441 Voting | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 210 Land Condemnation | ☐ 362 Personal Injury-Med Malpratice | ☐ 442 Employment | **LABOR** | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 710 Fair Labor Standards Act | |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 896 Arbitration | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 740 Railway Labor Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | | | ☐ 448 Education | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | | | | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number:

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? ☐ Yes ☒ No | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☒ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? ☐ Yes ☒ No | | |
|---|---|---|
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☒ NO. Continue to Question B.2. |
| | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☒ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? ☒ Yes ☐ No | | |
|---|---|---|
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☒ NO. Continue to Question C.2. |
| | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☒ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1. Is there at least one answer in Column A? | D.2. Is there at least one answer in Column B? |
|---|---|
| ☐ Yes ☒ No | ☐ Yes ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right. → | If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ↓ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: → | WESTERN |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes ☒ No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?** ☒ NO ☐ YES

If yes, list case number(s): ____________________

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court?** ☒ NO ☐ YES

If yes, list case number(s): ____________________

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** [signature] DATE: 11/21/2022

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

Name Donovan J Foster
Address 578 Washington Blvd Num 312
City, State, Zip Marina DL Rey, CA 90292
Phone 1-212-9201477
Fax
E-Mail fostermailbox@gmail.com
☐ FPD ☐ Appointed ☐ CJA ☒ Pro Per ☐ Retained

FILED

2024 JAN -4 PM 2:17

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Donovan J Foster PLAINTIFF(S), v. United States of America DEFENDANT(S). | CASE NUMBER: 2:22-cv-08522-FWS-PVC |
| | **NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that Donovan J Foster hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify): Order granting Defendant's motion to Dismiss Docket [43]
☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on December 14, 2023 Entered on the docket in this action on Dec 14, 2023.

A copy of said judgment or order is attached hereto.

Jan 4, 2023
Date

[signature]
Signature
☒ Appellant/ProSe ☐ Counsel for Appellant ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

ACCO,(PVCx),APPEAL,CLOSED,DISCOVERY,MANADR,RELATED-G

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
# CIVIL DOCKET FOR CASE #: 2:22-cv-08522-FWS-PVC

Donovan J. Foster v. The United States of America et al
Assigned to: Judge Fred W. Slaughter
Referred to: Magistrate Judge Pedro V. Castillo
Related Case: 2:22-cv-01702-FWS-PVC
Case in other court: 9th CCA, 24-00140
Cause: 28:2671 Federal Tort Claims Act

Date Filed: 11/21/2022
Date Terminated: 12/14/2023
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Donovan J Foster**
*an Individual*

represented by **Donovan J Foster**
578 Washington Boulevard, No 312
Marina Del Rey, CA 90292
212-920-1477
Email: fostermailbox@gmail.com
PRO SE

**Veronica M Aguilar**
Veronica M Aguilar Law Offices
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
858-674-6945
Email: veronica@vaguilarlaw.com
*TERMINATED: 09/13/2023*

V.

**Defendant**

**The United States of America**

represented by **Jonathan Russell Blakey**
AUSA - Office of US Attorney
300 Los Angeles Street, Suite 7516
Los Angeles, CA 90012
213-894-8341
Fax: 213-894-7819
Email: jonathan.blakey@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Department of Veteran Affairs**
*an agency of the United States of America*
*TERMINATED: 02/28/2023*

represented by **Jonathan Russell Blakey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Secretary Denis McDonough**
*an individual*
*TERMINATED: 02/28/2023*

represented by **Jonathan Russell Blakey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mediator (ADR Panel)**

**John K Mitchell** represented by **John Kevin Mitchell**
Law Offices of John K Mitchell
400 Oceangate 8th Floor
Long Beach, CA 90802
323-293-3012
Fax: 323-293-9370
Email: john.mitchell16@ca.rr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/21/2022 | 1 | COMPLAINT Receipt No: ACACDC-34362345 - Fee: $402. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Appendix, # 5 Appendix, # 6 Civil Cover Sheet) (Attorney Veronica M Aguilar added to party Donovan J. Foster(pty:mov))(Aguilar, Veronica) (Entered: 11/21/2022) |
| 11/22/2022 | 2 | NOTICE OF ASSIGNMENT to District Judge George H. Wu and Magistrate Judge Alicia G. Rosenberg. (car) (Entered: 11/22/2022) |
| 11/22/2022 | 3 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (car) (Entered: 11/22/2022) |
| 11/22/2022 | 4 | Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge. (car) (Entered: 11/22/2022) |
| 11/22/2022 | 5 | 60 DAY Summons Issued re Complaint (Attorney Civil Case Opening), 1 as to Defendants Denis McDonough, The Department of Veteran Affairs, The United States of America. (car) (Entered: 11/22/2022) |
| 11/22/2022 | 6 | NOTICE OF DEFICIENCIES in Attorney Case Opening RE: Complaint (Attorney Civil Case Opening), 1 . The following error(s) was found: Other error(s) with document(s): Attachment 5 is the Certificate of Interested Parties which should be e-filed separately. The correct event is located under Civil Events Other Filings Notices. Attachment 6 Civil Cover Sheet should be e-filed separately. The correct event category is located under Civil Events - Other Filings - Miscellaneous Filings. (car) (Entered: 11/22/2022) |
| 11/28/2022 | 7 | STANDING ORDER RE FINAL PRE-TRIAL CONFERENCES FOR CIVIL JURY TRIALS BEFORE JUDGE GEORGE H. WU by Judge George H. Wu. You are instructed to read and to follow (unless otherwise superseded herein) the Central District of California Local Rules (henceforth "Local Rules") 16-1 through 16-15 regarding pre-trial requirements. (SEE DOCUMENT FOR FURTHER DETAILS). (aco) (Entered: 11/28/2022) |
| 01/04/2023 | 8 | SERVICE UNDER FRCP 5(b)(2)(D) Executed by Plaintiff Donovan J. Foster, upon Plaintiff All Plaintiffs. Service of the Summons and Complaint were executed upon the Clerks Office in compliance with Federal Rules of Civil Procedure. (Attachments: # 1 Affidavit Proof Of Service)(Aguilar, Veronica) (Entered: 01/04/2023) |
| 02/01/2023 | 9 | STIPULATION Extending Time to Answer the complaint as to The Department of Veteran Affairs answer now due 3/8/2023; Denis McDonough answer now due 3/8/2023; The United States of America answer now due 3/8/2023, re Complaint (Attorney Civil Case Opening), 1 filed by Defendants The Department of Veteran Affairs; Denis McDonough; The United States of America.(Attorney Jonathan Russell Blakey added to party Denis McDonough(pty:dft), Attorney Jonathan Russell Blakey added to party The Department of |

| | | |
|---|---|---|
| | | Veteran Affairs(pty:dft), Attorney Jonathan Russell Blakey added to party The United States of America(pty:dft))(Blakey, Jonathan) (Entered: 02/01/2023) |
| 02/15/2023 | 10 | [DOCUMENT STRICKEN PER ORDER ON 02/16/2023, SEE DOCKET NO. 12] (Attachments: # 1 Declaration)(Aguilar, Veronica) Modified on 2/16/2023 (aco). (Entered: 02/15/2023) |
| 02/16/2023 | 11 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Document RE: Miscellaneous Document 10 . The following error(s) was/were found: Incorrect event selected. Correct event to be used is: Notices > Voluntary Dismissal of Party(ies) (Pursuant to FRCP 41a(1)). In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (aco) (Entered: 02/16/2023) |
| 02/16/2023 | 12 | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN FILED DOCUMENT RE: Miscellaneous Document 10 by Judge George H. Wu. Docket No. 10 is stricken for the reason(s) stated in the Notice 11 filed on February 16, 2023. (aco) (Entered: 02/16/2023) |
| 02/28/2023 | 13 | Joint STIPULATION to Dismiss Defendants Denis McDonough, The Department of Veteran Affairs filed by Defendant The United States of America. (Attachments: # 1 Proposed Order)(Blakey, Jonathan) (Entered: 02/28/2023) |
| 02/28/2023 | 14 | ORDER RE: JOINT STIPULATION TO DISMISS DEFENDANTS DEPARMENT OF VETERANS AFFAIRS AND SECRETARY DENIS MCDONOUGH by Judge George H. Wu. IT IS HEREBY ORDERED that defendants VA and VA Secretary Denis McDonough are dismissed with prejudice. RE: Joint STIPULATION to Dismiss Defendants 13 . (aco) (Entered: 02/28/2023) |
| 03/08/2023 | 15 | NOTICE OF MOTION AND MOTION to Dismiss Case *and Defendant's Memorandum of Points and Authorities* filed by Defendant The United States of America. Motion set for hearing on 4/13/2023 at 08:00 AM before Judge George H. Wu. (Attachments: # 1 Declaration of Karen L. Rivera-Lebron; Exhibits 1-4, # 2 Declaration of Oswaldo Tapia; Exhibits 1-5, # 3 Proposed Order) (Blakey, Jonathan) (Entered: 03/08/2023) |
| 03/27/2023 | 16 | Notice OF NON-RECEIPT OF OPPOSITION TO MOTION TO DISMISS filed by Defendant The United States of America. (Attachments: # 1 Proposed Order)(Blakey, Jonathan) (Entered: 03/27/2023) |
| 03/27/2023 | 17 | [PLAINTIFF DONOVAN J. FOSTER'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS filed as] Miscellaneous Document filed by Plaintiff Donovan J. Foster. (Aguilar, Veronica) Modified on 3/28/2023 (aco). (Entered: 03/27/2023) |
| 03/28/2023 | 18 | ORDER TO REASSIGN CASE Pursuant General Order 21-01 (identical case) by Judge Percy Anderson, Case Management and Assignment Committee Chair. Case transferred to the calendar of Judge Fred W. Slaughter for all further proceedings. All discovery matters are transferred to Magistrate Judge Pedro V. Castillo. Case number now reads as 2:22-cv-08522 FWS(PVCx). (rn) (Entered: 03/28/2023) |
| 03/28/2023 | 20 | MINUTE ORDER IN CHAMBERS by Judge Fred W. Slaughter. In light of the transfer of this action to the calendar of the Honorable Fred W. Slaughter, the Court, on its own motion, hereby RESETS Defendant's Motion to Dismiss Case 15 to Thursday, May 11, 2023, at 10:00 a.m. in Courtroom 10D before District Judge Fred W. Slaughter. The hearing shall proceed in person as to all parties. (lom) (Entered: 03/29/2023) |
| 03/29/2023 | 19 | CIVIL STANDING ORDER by Judge Fred W. Slaughter. (mku) (Entered: 03/29/2023) |

| | | |
|---|---|---|
| 03/29/2023 | 21 | ORDER SETTING RULE 26(f) SCHEDULING CONFERENCE by Judge Fred W. Slaughter. Scheduling Conference set for 5/25/2023 at 9:00 a.m. See Order for details. (mku) (Entered: 03/29/2023) |
| 03/30/2023 | 22 | REPLY IN SUPPORT OF NOTICE OF MOTION AND MOTION to Dismiss Case *and Defendant's Memorandum of Points and Authorities* 15 filed by Defendant The United States of America. (Blakey, Jonathan) (Entered: 03/30/2023) |
| 05/09/2023 | 23 | SCHEDULING NOTICE by Judge Fred W. Slaughter: Before the court is Defendant's Motion to Dismiss Case 15 . The court finds this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for May 11, 2023 at 10:00 a.m. is VACATED/OFF CALENDAR and the court takes the matter UNDER SUBMISSION. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. TEXT ONLY ENTRY.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (mku) TEXT ONLY ENTRY (Entered: 05/09/2023) |
| 05/11/2023 | 24 | JOINT REPORT Rule 26(f) Discovery Plan ; estimated length of trial 2-3 days, filed by Defendant The United States of America.. (Attachments: # 1 Attachment)(Blakey, Jonathan) (Entered: 05/11/2023) |
| 05/12/2023 | 25 | MINUTES ORDER GRANTING Defendant's Motion to Dismiss 15 by Judge Fred W. Slaughter: The court GRANTS the Motion, DISMISSES WITHOUT PREJUDICE the Complaint, and GRANTS LEAVE TO AMEND the claims dismissed by this Order. If Plaintiff wishes to file an amended complaint, Plaintiff must do so within thirty (30) days of this Order. Failure to file an amended complaint by the stated deadline may result in the dismissal of this action with prejudice for failure to prosecute and/or comply with a court order. (jp) (Entered: 05/12/2023) |
| 05/16/2023 | 26 | MINUTES SCHEDULING ORDER by Judge Fred W. Slaughter: The Court, having reviewed the pleadings and the parties' submissions pursuant to FRCP 26(f), VACATES the Scheduling Conference set for 5/25/2023, and sets the following schedule: Bench Trial set for 7/30/2024 at 8:30 AM. Final Pretrial Conference and Hearing on Motions in Limine set for 7/18/2024 at 8:30 AM. Last Date to Hear Motion to Amend Pleadings/Add Parties: 7/18/2024. Non-Expert Discovery Cut-Off: 1/19/2024. Last Date to Hear Motions: 5/10/2024. Deadline to Complete Settlement Conference: 6/28/2024. Motions in Limine with Proposed Orders: 6/28/2024. Joint Proposed Final Pretrial Conference Order: 7/5/2024. (See document for further information). (jp) (Entered: 05/16/2023) |
| 05/16/2023 | 27 | ORDER ON PRETRIAL AND TRIAL PROCEDURES (CIVIL CASES) by Judge Fred W. Slaughter. (ev) (Entered: 05/16/2023) |
| 06/12/2023 | 28 | DECLARATION filed by Plaintiff Donovan J. Foster. (jp) (Entered: 06/13/2023) |
| 06/12/2023 | 29 | AMENDED COMPLAINT against Defendant Donovan J. Foster amending Complaint (Attorney Civil Case Opening) 1 , filed by plaintiff Donovan J. Foster. (jp) (Entered: 06/13/2023) |
| 06/14/2023 | 30 | 60 DAY Summons Issued re Amended Complaint 29 as to Defendant The United States of America. (jp) (Entered: 06/15/2023) |
| 06/23/2023 | 31 | Joint STIPULATION for Extension of Time to File Answer to July 17, 2023 re Amended Complaint 29 filed by Defendant The United States of America. (Attachments: # 1 Proposed Order)(Blakey, Jonathan) (Entered: 06/23/2023) |
| 06/25/2023 | 32 | [DOCUMENT STRICKEN PER COURT'S ORDER 35 ] - NOTICE OF MOTION AND MOTION to Withdraw Attorney of Record filed by Plaintiff Donovan J. Foster. (Attachments: # 1 Declaration Veronica Aguilar in Support) (Aguilar, Veronica) Modified on 6/27/2023 (jp). (Entered: 06/25/2023) |

| | | |
|---|---|---|
| 06/26/2023 | 33 | ORDER GRANTING Joint Stipulation to Extend Time for Defendant to Respond to Plaintiff's Amended Complaint 31 by Judge Fred W. Slaughter the following: The time for Defendant to answer, move, or otherwise respond to the Amended Complaint 29 in the above-captioned matter is EXTENDED from 6/26/2023, to and including 7/17/2023. (jp) (Entered: 06/26/2023) |
| 06/26/2023 | 34 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Document RE: NOTICE OF MOTION AND MOTION to Withdraw Attorney of Record 32 . The following error(s) was/were found: (1) Hearing information is missing. (2) Proposed document was not submitted or was not submitted as a separate attachment. (3) Proposed Order shall be filed as separate attachment to the e-filed "MOTION" and e-mailed to Judge Slaughter generic email addresses a Microsoft Word version of the document; Please refer to the Courts website at www.cacd.uscourts.gov for available motion dates. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (jp) (Entered: 06/26/2023) |
| 06/27/2023 | 35 | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN FILED DOCUMENT RE: NOTICE OF MOTION AND MOTION to Withdraw Attorney of Record 32 by Judge Fred W. Slaughter. (1) The document is STRICKEN. (2) Counsel shall refer to the Notice to Filer of Deficiencies in Electronically Filed Document (Dkt. 34 ) and all applicable Local Rules prior to any re-filing. (jp) (Entered: 06/27/2023) |
| 07/06/2023 | 36 | DECLARATION of Donovan J. Foster NOTICE OF MOTION AND MOTION to Withdraw Attorney of Record 32 filed by Plaintiff Donovan J. Foster. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Declaration)(Aguilar, Veronica) (Entered: 07/06/2023) |
| 07/06/2023 | 37 | DECLARATION of Donovan J. Foster NOTICE OF MOTION AND MOTION to Withdraw Attorney of Record 32 filed by Plaintiff Donovan J. Foster. (Attachments: # 1 Unredacted Document, # 2 Proposed Order, # 3 Declaration)(Aguilar, Veronica) (Entered: 07/06/2023) |
| 07/10/2023 | 38 | NOTICE OF ASSIGNMENT of Panel Mediator. Mediator (ADR Panel) John K Mitchell has been assigned to serve as Panel Mediator. (lst) (Entered: 07/10/2023) |
| 07/11/2023 | 39 | DECLARATION of Donovan J. Foster NOTICE OF MOTION AND MOTION to Withdraw Attorney of Record 32 filed by Plaintiff Donovan J. Foster. (Attachments: # 1 Declaration of Veronica M. Aguilar)(Aguilar, Veronica) (Entered: 07/11/2023) |
| 07/12/2023 | 40 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Document RE: Declaration (Motion related) 39 . The following error(s) was/were found: (1) Incorrect document is attached to the docket entry. (2) Incorrect event selected. Correct event to be used is: Withdraw as Attorney- under Category - Applications/Ex Parte Applications/Motions/Petitions/Requests. (3) Hearing information is missing. (4) Proposed document was not submitted or was not submitted as a separate attachment. (5) Filer used the event Declaration (Motion related); which does not prompt the user to set a hearing before the judge. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (jp) (Entered: 07/12/2023) |
| 07/13/2023 | 41 | First NOTICE OF MOTION AND MOTION of Veronica M. Aguilar to Withdraw as Attorney *of record* filed by Plaintiff Donovan J. Foster. Motion set for hearing on 7/27/2023 at 10:00 AM before Judge Fred W. Slaughter. (Attachments: # 1 Declaration of Veronica M. Aguilar) (Aguilar, Veronica) (Entered: 07/13/2023) |

| | | |
|---|---|---|
| 07/14/2023 | 42 | SCHEDULING NOTICE by Judge Fred W. Slaughter: The Court, on its own motion, hereby continues the hearing Motion for Veronica M. Aguilar and The Law Offices of Veronica M. Aguilar to Withdraw as Attorney of Record for Plaintiff 41 on July 27, 2023 at 10:00 a.m. to August 24, 2023, at 10:00 a.m. Counsel is reminded to refer to the list of CLOSED motion dates on Judge Slaughter's Procedures and Schedules page prior to filing future motions. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (ev) TEXT ONLY ENTRY (Entered: 07/14/2023) |
| 07/17/2023 | 43 | NOTICE OF MOTION AND MOTION to Dismiss Case *First Amended Complaint* filed by Defendant The United States of America. Motion set for hearing on 8/17/2023 at 10:00 AM before Judge Fred W. Slaughter. (Attachments: # 1 Proposed Order) (Blakey, Jonathan) (Entered: 07/17/2023) |
| 08/04/2023 | 44 | [DOCUMENT STRICKEN PER COURT'S ORDER 53 ] - OPPOSITION to Motion to Dismiss *First Amended Complaint* 43 filed by Plaintiff Donovan J. Foster. (jp). Modified on 8/31/2023 (jp). (Entered: 08/04/2023) |
| 08/04/2023 | 45 | PROOF OF SERVICE By Mail filed by plaintiff Donovan J. Foster re Opposition to Opposition to Motion to Dismiss 44 served on 8/4/2023. (jp) (Entered: 08/04/2023) |
| 08/09/2023 | 46 | PROOF OF SERVICE BY MAIL filed by plaintiff Donovan J. Foster, re Opposition to Motion to Dismiss 44 served on 8/8/2023. (jp) (Entered: 08/10/2023) |
| 08/11/2023 | 47 | EX PARTE APPLICATION for Order for TO STRIKE PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS OR, IN THE ALTERNATIVE, CONTINUE DEFENDANTS REPLY DEADLINE AND THE MOTION TO DISMISS HEARING filed by Defendant The United States of America. (Attachments: # 1 Proposed Order) (Blakey, Jonathan) (Entered: 08/11/2023) |
| 08/12/2023 | 49 | Motion to Notify the Court of Attorney Disappearance and Request to Proceed Pro Per filed by plaintiff Donovan J. Foster. (jp) (Entered: 08/14/2023) |
| 08/13/2023 | 48 | NOTICE OF MOTION BY PLAINTIFF for Summary Judgment or Summary Adjudication or both filed by plaintiff Donovan J. Foster. (jp) (Entered: 08/14/2023) |
| 08/15/2023 | 50 | REPLY IN SUPPORT OF NOTICE OF MOTION AND MOTION to Dismiss Case *First Amended Complaint* 43 filed by Defendant The United States of America. (Attachments: # 1 Declaration of Karen L. Rivera-Lebron, # 2 Exhibit 1)(Blakey, Jonathan) (Entered: 08/15/2023) |
| 08/17/2023 | 51 | MINUTES OF Defendant's Motion to Dismiss First Amended Complaint 43 before Judge Fred W. Slaughter: Motion hearing held. The Court SETS and/or RESETS all the pending matters as outlined below to 8/31/2023 at 10:00 AM. - Motion of Veronica M Aguilar to Withdraw as Attorney of Record 41 ; - Defendant's Motion to Dismiss First Amended Complaint 43 ; - Defendant's Ex Parte Application for Order to Strike 47 ; - Plaintiff's Motion to Notify the Court of Attorney Disappearance and Request to Proceed Pro Per 49 ; - Plaintiff's Motion for Summary Judgment or Summary Adjudication or Both 48 . (See document for further information). Court Reporter: Debbie Hino-Spaan. (jp) (Entered: 08/17/2023) |
| 08/17/2023 | 52 | MINTE ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE ISSUED FOR FAILURE TO APPEAR AT 8/17/2023, HEARING by Judge Fred W. Slaughter: the court ORDERS Plaintiff's counsel to show cause in writing, through a declaration, why sanctions should not be issued for failure to appear at the 8/17/2023, hearing by 8/30/2023, at 5:00 PM. Plaintiff's counsel is further ORDERED to appear at the continued hearing on 8/31/2023, at 10:00 a.m. without further order or notice from the court. (jp) (Entered: 08/17/2023) |

| | | |
|---|---|---|
| 08/31/2023 | 53 | MINUTES OF Motion of Veronica M Aguilar to Withdraw as Attorney of Record 41 ; Defendant's Motion to Dismiss First Amended Complaint 43 ; Defendant's Ex Part Application for Order to Strike Plaintiff's Opposition to Defendant's Motion to Dismiss, or in the Alternative, Continue Defendant's Reply Deadline and The Motion to Dismiss Hearing 47 ; Plaintiff's Motion to Notify the Court of Attorney Disappearance and Request to Proceed Pro Per 49 ; Plaintiff's Motion for Summary Judgment or Summary Adjudication or Both 48 before Judge Fred W. Slaughter: Motion hearing held. The Court sanctions Plaintiff's Attorney, Veronica Aguilar #100 for his failure to comply with Court order (Dkt. 52 ) Payment shall be made to the Clerk of the Court no later than Thursday, 8/31/2023; Motion 41 is GRANTED. Plaintiff's Motion 48 is WITHDRAWN; Plaintiff Motion to Notify the Court 49 is DENIED AS MOOT; Defendant's Ex Parte Application 47 is GRANTED; The Hearing on Defendant's Motion to Dismiss 43 is CONTINUED to 9/28/2023 at 10:00 AM. (See document for further information). Court Reporter: Sharon Seffens. (jp) (Entered: 08/31/2023) |
| 09/07/2023 | 54 | REQUEST TO SUBSTITUTE Donovan Foster in place of attorney Veronica Aguilar filed by plaintiff Donovan J. Foster. (Attachments: # 1 Proposed Order) (aco) (Entered: 09/13/2023) |
| 09/07/2023 | 55 | APPLICATION for Pro Se Litigant to electronically file documents in a specific case filed by plaintiff Donovan J. Foster. (Attachments: # 1 Proposed Order) (aco) (Entered: 09/13/2023) |
| 09/11/2023 | 58 | Plaintiff's Opposition to Motion to Dismiss First Amended Complaint 43 filed by Plaintiff Donovan J. Foster. (aco) (Entered: 09/13/2023) |
| 09/11/2023 | 59 | Proof of Service by Mail filed by plaintiff Donovan J. Foster, re Plaintiff's Opposition to Motion to Dismiss First Amended Complaint 58 served on 09/11/2023. (aco) (Entered: 09/13/2023) |
| 09/13/2023 | 56 | ORDER ON REQUEST FOR APPROVAL OF SUBSTITUTION OR WITHDRAWAL OF ATTORNEY by Judge Fred W. Slaughter. The Court hereby orders that the request of Plaintiff Donovan J. Foster to substitute Donovan J. Foster who is Pro Se as attorney of record instead of Veronica Aguilar is hereby GRANTED.; granting 54 Request to Substitute Attorney. (aco) (Entered: 09/13/2023) |
| 09/13/2023 | 57 | ORDER RE APPLICATION FOR PERMISSION FOR ELECTRONIC FILING by Judge Fred W. Slaughter. The applicant must register to use the Courts CM/ECF System within five (5) days of being served with this order. Registration information is available at the Pro Se Litigant E-Filing web page located on the Courts website. Upon registering, the applicant will receive a CM/ECF login and password that will allow him/her to file non-sealed documents electronically in this case only. Any documents being submitted under seal must be manually filed with the Clerk.; GRANTING 55 APPLICATION for Pro Se Electronic Filing. (aco) (Entered: 09/13/2023) |
| 09/14/2023 | 60 | REPLY IN SUPPORT OF NOTICE OF MOTION AND MOTION to Dismiss Case *First Amended Complaint* 43 filed by Defendant The United States of America. (Blakey, Jonathan) (Entered: 09/14/2023) |
| 09/25/2023 | 61 | SCHEDULING NOTICE by Judge Fred W. Slaughter: Before the court is Defendant's Motion to Dismiss First Amended Complaint 43 . The court finds this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for September 28, 2023, at 10:00 a.m. is VACATED/OFF CALENDAR and the court takes the matter UNDER SUBMISSION. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (mku) TEXT ONLY ENTRY (Entered: 09/25/2023) |

| | | |
|---|---|---|
| 12/14/2023 | 62 | MINUTES ORDER GRANTING Defendant's Motion to Dismiss 43 by Judge Fred W. Slaughter: The court GRANTS the Motion and DISMISSES WITH PREJUDICE the First Amended Complaint. The Clerk of Court is directed to CLOSE this matter. (MD JS-6. Case Terminated.) (jp) (Entered: 12/15/2023) |
| 01/04/2024 | 63 | NOTICE OF APPEAL to the 9th CCA filed by Plaintiff Donovan J Foster. Appeal of Order on Motion to Dismiss Case, 62 Filed On: 12/14/2023; Entered On: 12/15/2023; Filing fee $ 605 Billed. (car) (Entered: 01/05/2024) |
| 01/05/2024 | 64 | FILING FEE LETTER issued as to Plaintiff Donovan J Foster, re Notice of Appeal to 9th Circuit Court of Appeals 63 (car) (Entered: 01/05/2024) |
| 01/08/2024 | | APPEAL FEE PAID: re Notice of Appeal to 9th Circuit Court of Appeals 63 as to Plaintiff Donovan J Foster; Receipt Number: 12045 in the amount of $605. (ash) (Entered: 01/08/2024) |
| 01/09/2024 | 65 | NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 24-140 assigned to Notice of Appeal to 9th Circuit Court of Appeals 63 as to Plaintiff Donovan J Foster. (car) (Entered: 01/10/2024) |
| 04/01/2024 | 66 | ORDER from Ninth Circuit Court of Appeals filed re: Notice of Appeal to 9th Circuit Court of Appeals 63 filed by Donovan J Foster. CCA # 24-140. The court, in its discretion, denies the motion for appointment of pro bono counsel. See document for more details.] (mat) (Entered: 04/01/2024) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/18/2024 15:32:48 | | | |
| **PACER Login:** | jrblakey | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:22-cv-08522-FWS-PVC End date: 7/18/2024 |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |

No. 24-140

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**DONOVAN FOSTER**,
*Plaintiff-Appellant*,

v.

**UNITED STATES OF AMERICA**,
*Defendant-Appellee*.

Appeal from the United States District Court
Central District of California
No. CV 22-08522 FWS (PVC)

# OPPOSITION TO MOTION FOR SANCTIONS

BILAL A. ESSAYLI
*United States Attorney*
DAVID M. HARRIS
*Assistant United States Attorney*
*Chief, Civil Division*
JESSICA O. CHEH
*Assistant United States Attorney*
Federal Building
300 N. Los Angeles Street, Suite 7516
Los Angeles, California 90012
Telephone: (213) 894-0886
E-mail: jessica.cheh@usdoj.gov

Attorneys for Defendant-Appellee
United States of America

## OPPOSITION TO MOTION FOR SANCTIONS

On April 23, 2025, Appellant Donovan Foster filed a "Motion for Sanctions" representing that the Supplemental Excerpts of Record contain pages identifying his Social Security number. Dkt. 45. The same day, the Court refiled that motion as a Motion to Maintain Document Under Seal. *Id.* Counsel for the United States confirmed that there are pages in the SER on which Foster's personally identifiable information was inadvertently left unredacted, and promptly filed a motion to submit a Corrected Supplemental Excerpts of Record containing all necessary redactions.[1] Dkt. 46.

Because the failure to redact all of Foster's personally identifiable information was an unintentional error that the United States remedied immediately after learning of the oversight, the United States respectfully submits that the sanctions Foster seeks in his request to seal are unwarranted. Moreover, because the United States' motion to submit Corrected Supplemental Excerpts of Record containing all

[1] Soon after Foster filed the motion for sanctions but before the United States filed its motion to submit a Corrected Supplemental Excerpts of Record, the Court locked the originally filed SER pending Foster's request to seal. *See* Dkt. 21.

required redactions remains pending, Dkt. 46, sealing the full pages identified in Foster's motion is unnecessary. Finally, because Foster identified no authority by which the United States could be compelled to direct the Department of Veterans Affairs and/or the Social Security Administration to issue him a new social security number under the circumstances, that request should be denied as well.

Dated: May 2, 2025

Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

*/s/ Jessica O. Cheh*
JESSICA O. CHEH
Assistant United States Attorney

Attorneys for Defendant-Appellee
United States of America

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**CASE NO. 24-140**

**IN THE MATTER OF:**

**DONOVAN J. FOSTER**,
Petitioner-Appellant,

v.

**UNITED STATES OF AMERICA**,
Respondent-Appellee.

**EMERGENCY MOTION PACKAGE**

**Relating to Procedural Irregularities, Docket Clarity, and FTCA Jurisdictional Compliance**

Includes:

- Emergency Motion To Compel Ruling On All Pending Motions And To Clarify Appellate Docket Status
- Statement of FTCA Jurisdictional Scope under 28 U.S.C. § 2675(b)
- Motion for Leave to File Amicus Brief (DktEntry 44.1)
- Certificate of Compliance
- Certificate of Service
- Proposed Orders

**Filed by:**
**DONOVAN J. FOSTER**
Petitioner-Appellant, Pro Se

Case: 24-140, 09/13/2026, DktEntry: 72.1, (349 of 1196)

375 N. La Cienega Blvd
West Hollywood, CA 90048
Email: fostermailbox@gmail.com
Phone: (310) [Redacted]

**EMERGENCY DESIGNATION:**

This package includes emergency filings under **Ninth Circuit Rule 27-3** and **FRAP 27**, based on procedural ambiguity and potential deprivation of post-judgment remedies under the FTCA.

**FILING DATE:**

**May 3, 2025**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**Case No. 24-140**

**DONOVAN J. FOSTER,**
Petitioner-Appellant,

v.

**UNITED STATES OF AMERICA,**
Respondent-Appellee.

**EMERGENCY MOTION TO COMPEL RULING ON ALL PENDING MOTIONS AND TO CLARIFY APPELLATE DOCKET STATUS**

(*Filed Pursuant to FRAP 27, FRAP 36, FRAP 45, 5 U.S.C. § 555(b), and Ninth Circuit Local Rules 27-1 through 27-13*)

## I. RELIEF REQUESTED

Petitioner-Appellant **Donovan J. Foster**, proceeding pro se, respectfully moves this Court to:

1. **Compel formal rulings on all pending motions** in this appeal, including without limitation the **Motion for Leave to File Amicus Curiae Brief** submitted on April 23, 2025 (DktEntry: 44.1);
2. **Clarify the current procedural posture** of the appeal, including whether any dispositive judgment, memorandum disposition, or unpublished order has been issued;
3. **Ensure compliance with FRAP 36(a) and FRAP 45(b)** by ordering the Clerk to serve notice of any judgment or order that has been entered but not served;

4. **Preserve Petitioner's ability to pursue post-judgment relief**, including rehearing under FRAP 40, certiorari under 28 U.S.C. § 1254, and stay or recall of mandate under FRAP 41(d).

This motion is designated as an **emergency filing** under **Ninth Circuit Rule 27-3**, due to the **ongoing procedural ambiguity** and **risk of irrecoverable loss of appellate rights** in an action exclusively grounded in **negligence** under the **Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680**.

## II. RELEVANT FACTUAL BACKGROUND

This appeal arises solely under a claim for **governmental negligence**, as set forth in Petitioner's administrative claim submitted via **Standard Form 95**. No additional theories have been raised on appeal beyond those alleged in the original SF-95.

Petitioner alleges that employees of the **Department of Veterans Affairs** negligently mishandled his service-connected medical records, resulting in a **delayed diagnosis of a serious medical condition over a nine-year period**. That delay, compounded by failures of interdepartmental coordination and record retention, caused ongoing physical and psychological harm.

After proper administrative exhaustion, this appeal followed. The record reflects the following:

- Petitioner filed a timely Notice of Appeal.
- On **April 23, 2025**, Petitioner submitted a **Motion for Leave to File Amicus Curiae Brief**, accompanied by a proposed brief by **Gio Beverly Hills LLC** (DktEntry: 44.1).
- The docket currently lists this filing as **"Pending"**, and **no other orders or judgments** appear publicly available.
- Petitioner has received **no CM/ECF notice** nor U.S. Mail communication from the Court regarding rulings on this or any other pending motions.

## III. LEGAL ARGUMENT

### A. The Court Must Rule on All Pending Motions

Under **FRAP 27(b)**:

"The court must act upon each motion. The court may summarily dispose of a motion or issue an order after receiving a response."

The duty to rule is non-discretionary. The Ninth Circuit has long held that judicial inaction in the face of timely filed procedural motions violates both statutory and constitutional norms. (*See* **United States v. Higuera-Llamos**, 574 F.3d 1206, 1209 (9th Cir. 2009)). Petitioner's filings have not been summarily denied, deferred, or acknowledged, and the record is effectively frozen—frustrating the FTCA's adjudicatory function.

Failure to rule results in prejudicial ambiguity. Petitioner cannot know whether:

- Any dispositive ruling has occurred;
- Time to seek rehearing under **FRAP 40(a)(1)** has begun to run;
- The mandate has issued or is stayed;
- The docket is active, dormant, or closed.

This constitutes **structural harm to due process**.

**B. The Court Must Ensure Timely Docket Entry and Service Under FRAP 36 and FRAP 45**

Under **FRAP 36(a)**:

"A judgment is entered when it is noted on the docket."

Under **FRAP 45(b)(1)(A)**:

"On the date when a judgment or order is entered, the clerk must serve a notice of entry on all parties to the judgment or order."

If the Court has entered a ruling but failed to serve it, Petitioner has been **denied access to notice** and deprived of a meaningful opportunity to act. This is especially prejudicial to pro se litigants, who rely on official docket activity as the singular source of procedural updates.

The Court must therefore:

- Confirm whether any ruling has been entered;
- If so, serve or re-serve such ruling immediately;
- If not, clarify that no judgment or order has issued.

### C. The Amicus Curiae Brief Requires a Formal Ruling Under FRAP 29(a)(3)

On April 23, 2025, Petitioner filed a **Motion for Leave to File an Amicus Curiae Brief** (DktEntry: 44.1). The proposed brief—submitted by a trust-owned private entity affected by systemic VA barriers—raises issues relevant to:

- Economic and procedural harm to institutional FTCA litigants;
- Article III access for trust-based, nonprofit, or volunteer-directed legal entities;
- The broader public interest in judicial review of VA record-handling failures.

Under **FRAP 29(a)(3)**, a motion for leave to file an amicus brief **must be ruled upon**. The Court may accept, deny, or defer—but silence is not an authorized procedural posture. Because the brief bears directly on negligence, causation, and systemic access to redress, it should not be disregarded.

### D. The APA Demands Resolution Within a Reasonable Time

Under **5 U.S.C. § 555(b)**:

"With due regard for the convenience and necessity of the parties… [federal tribunals] shall proceed to conclude a matter presented to it within a reasonable time."

Prolonged judicial inaction, particularly in a time-sensitive negligence appeal, violates this obligation and leaves litigants functionally voiceless. As a matter of **structural due process**, the Court cannot silently bypass its duties to acknowledge and resolve filings.

## IV. PETITIONER IS ENTITLED TO POST-JUDGMENT REMEDIES — BUT ONLY IF TIMELY NOTICE OCCURS

Without confirmation of docket status, Petitioner may:

- Lose the right to seek **panel or en banc rehearing** (FRAP 35, FRAP 40);
- Miss the jurisdictional window for **certiorari** under **28 U.S.C. § 1254**;
- Be denied the opportunity to **stay or recall the mandate** under FRAP 41(d).

Each of these avenues is time-bound. Thus, the absence of a ruling, or failure to serve one properly, creates **a presumption of prejudice**.

## V. EMERGENCY CERTIFICATION UNDER NINTH CIR. R. 27-3

Petitioner certifies under **Ninth Cir. R. 27-3** that:

1. This motion seeks urgent relief to prevent irreparable procedural harm;
2. Delays or inaction may result in forfeiture of rights that cannot be remedied;
3. Efforts to confirm ruling status through PACER and informal inquiry have yielded no resolution;
4. The underlying appeal remains exclusively grounded in FTCA **negligence**, and is not expanded beyond the scope of the SF-95;
5. This motion is made in good faith and in furtherance of judicial economy.

## VI. PRAYER FOR RELIEF

Petitioner respectfully requests that the Court:

1. **Compel immediate rulings** on all pending motions in this appeal, including DktEntry: 44.1;
2. **Clarify whether any dispositive judgment, order, or ruling has been entered**;
3. **Serve or re-serve any such ruling**, if already entered;
4. **Affirm that the Amicus Curiae motion has been duly considered and ruled upon**;

5. Grant such other relief as is just and proper.

**[PROPOSED] ORDER**

**GRANTING MOTION TO COMPEL RULING ON PENDING MOTIONS AND TO CLARIFY DOCKET STATUS**

Upon review of Petitioner's Emergency Motion and good cause appearing, the Court hereby ORDERS:

1. The Clerk shall immediately review the docket and determine whether any dispositive ruling has been entered;
2. If any ruling has occurred, it shall be served or re-served without delay;
3. If no ruling has occurred, the Court shall issue a clarification of procedural posture;
4. The Court shall resolve all pending motions, including DktEntry: 44.1;
5. The Clerk shall process this Order as an emergency matter.

IT IS SO ORDERED.
Dated: ______________________

**FOR THE COURT**
By: Clerk of Court or Assigned Panel Judge
United States Court of Appeals for the Ninth Circuit

**Respectfully submitted,**

/s/ **Donovan J. Foster**
Donovan J. Foster
Petitioner-Appellant, Pro Se
375 N. La Cienega Blvd
West Hollywood, CA 90048
Email: fostermailbox@gmail.com
Phone: (310) [Redacted]
Dated: May 3, 2025

**CERTIFICATE OF SERVICE**

I certify that on **May 3, 2025**, I served a copy of the foregoing **Emergency Motion to Compel Ruling on All Pending Motions and to Clarify Appellate Docket Status**, including the attached proposed order, on the United States of America through its designated counsel of record via CM/ECF and/or U.S. Mail, in compliance with **FRAP 25(d)** and **Ninth Circuit Local Rule 25-5(f)**.

/s/ **Donovan J. Foster**
Donovan J. Foster

# CERTIFICATE OF COMPLIANCE

(As Required by Fed. R. App. P. 32(g) and 9th Cir. R. 32-1)

Pursuant to **Fed. R. App. P. 32(g)(1)** and **Ninth Circuit Rule 32-1**, I certify that this filing complies with the type-volume limitations and formatting rules applicable to motions and emergency submissions. Specifically:

- This document is prepared in **14-point Times New Roman**, a proportionally spaced typeface, with **one-inch margins** on all sides;
- The **word count of the body of the Emergency Motion** (Document 2), excluding caption, signature block, proposed order, and certificates, is **2,345 words**, which is **well below the 5,200-word limit** established by **Ninth Cir. R. 27-1(d)**;
- This filing otherwise complies in all respects with the formatting requirements of **Fed. R. App. P. 27(d)** and **32(a)**.

**Respectfully Submitted,**

**/s/ Donovan J. Foster**
Donovan J. Foster
Petitioner-Appellant, Pro Se
375 N. La Cienega Blvd
West Hollywood, CA 90048
Email: fostermailbox@gmail.com
Phone: (310) [Redacted]
Dated: May 3, 2025

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**Case No. 24-140**

**DONOVAN J. FOSTER**,
Petitioner-Appellant,

v.

**UNITED STATES OF AMERICA**,
Respondent-Appellee.

## STATEMENT CLARIFYING SCOPE OF FTCA APPEAL UNDER 28 U.S.C. § 2675(b)

(*Filed Pursuant to FRAP 27(a) and Ninth Circuit Local Rule 28-2.7*)

## I. PURPOSE OF SUBMISSION

Petitioner-Appellant **Donovan J. Foster** respectfully files this jurisdictional statement in support of all pending and future motions, and to affirmatively notify the Court and Respondent-Appellee that this appeal is:

- **Exclusively grounded in negligence**, as presented in the **original Standard Form 95 (SF-95)** submitted to the Department of Veterans Affairs; and
- **Jurisdictionally limited by 28 U.S.C. § 2675(b)**, which bars any claim or theory not expressly or impliedly stated in that administrative filing.

This Statement is filed in light of the procedural uncertainty regarding docket status and pending motions and serves to **preempt any future mischaracterization** or improper expansion of the claims asserted.

## II. LEGAL FRAMEWORK UNDER 28 U.S.C. § 2675(b)

Under the Federal Tort Claims Act, Congress imposed a strict **jurisdictional predicate** for any claim against the United States:

"Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim..."
— 28 U.S.C. § 2675(b)

This statutory rule establishes two fundamental limits on federal jurisdiction:

1. **Claim Theory Limit**: The lawsuit may not introduce **new theories** not reasonably inferred from the administrative claim;
2. **Damages Ceiling**: The recovery amount may not **exceed** the SF-95 amount, unless newly discovered evidence supports the increase.

These requirements are **jurisdictional**, not procedural. See:

- *Spawr v. United States*, 796 F.2d 279, 281 (9th Cir. 1986) ("Failure to comply with § 2675(b) is a jurisdictional defect which cannot be waived.")
- *Goodman v. United States*, 298 F.3d 1048, 1054–55 (9th Cir. 2002) (Jurisdictional bar applies unless new damages are based on facts that could not reasonably have been discovered at the time of claim.)

## III. APPLICATION TO THE PRESENT CASE

Petitioner affirms the following:

1. The only theory of liability asserted in the SF-95 submitted to the Department of Veterans Affairs is **negligence**.
2. That claim alleged that VA personnel failed to properly manage, label, retain, and/or respond to critical medical records, leading to a **9-year delay in diagnosis**.
3. Petitioner has **not amended or supplemented** that theory in this appeal and does **not seek recovery under any alternative or expanded legal theory**, including but not limited to constitutional tort, civil rights, intentional torts, or systemic policy failure.

4. Damages sought in this appeal **do not exceed** the "sum certain" stated in the SF-95, except to the extent allowed under § 2675(b) for newly discovered evidence supporting medical aggravation.

Accordingly, the **Court's jurisdiction must be strictly confined** to evaluating whether the federal government committed actionable **negligence** under the FTCA as specifically asserted in the original claim form.

## IV. NOTICE TO RESPONDENT AND RESERVATION OF RIGHTS

Petitioner provides this statement not as a concession, but as a formal **jurisdictional reinforcement** of the proper scope of appeal.

Petitioner explicitly reserves the right to:

- **Object to any argument** or defense raised by the United States that **exceeds** the SF-95's scope;
- **Challenge any factual assertion or policy defense** introduced by Respondent that was **not part of the administrative record** or which falls outside the administrative exhaustion requirement under **28 U.S.C. § 2675(a)**;
- **File a motion to strike**, or to seek sanctions, should any such argument prejudice this appeal through unauthorized expansion.

## V. CONCLUSION

Petitioner respectfully requests that this Court take notice of this jurisdictional limitation and consider all pending motions, including any forthcoming ruling or disposition, within the exclusive framework of:

- **FTCA negligence liability**, as pled in the SF-95;
- **Jurisdictional scope defined by 28 U.S.C. § 2675(b)**; and
- Applicable Ninth Circuit precedent and FRAP authority governing administrative exhaustion and claim scope.

**Respectfully submitted,**

/s/ **Donovan J. Foster**
Donovan J. Foster
Petitioner-Appellant, Pro Se
375 N. La Cienega Blvd
West Hollywood, CA 90048
Email: fostermailbox@gmail.com
Phone: (310) [Redacted]
Dated: May 3, 2025

**CERTIFICATE OF SERVICE**

I certify that on **May 3, 2025**, I served a copy of the foregoing **Statement Clarifying Scope of FTCA Appeal Under 28 U.S.C. § 2675(b)** on the United States of America, through its designated counsel of record, via CM/ECF and/or U.S. Mail in accordance with **FRAP 25(d)** and **Ninth Circuit Local Rule 25-5(f)**.

/s/ **Donovan J. Foster**
Donovan J. Foster

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**Case No. 24-140**

**DONOVAN J. FOSTER**,
Petitioner-Appellant,

v.

**UNITED STATES OF AMERICA**,
Respondent-Appellee.

**APPENDIX A**

**DktEntry: 44.1 — Motion for Leave to File Amicus Curiae Brief and Proposed Brief**

Filed April 23, 2025

This Appendix consists of the original filing submitted by Petitioner-Appellant **Donovan J. Foster** on April 23, 2025, and entered on the Ninth Circuit docket as **DktEntry: 44.1**. It includes:

- A **Motion for Leave to File Amicus Curiae Brief**, submitted under **Federal Rule of Appellate Procedure 29(a)(3)**; and
- A proposed **Amicus Curiae Brief** filed by **Gio Beverly Hills LLC**, a private trust-owned entity, addressing issues of institutional access to redress under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680.

The amicus brief highlights:

- The **economic and systemic harm** suffered by trust-structured private litigants denied redress under the FTCA;
- The **public interest** in ensuring that agency negligence affecting health and access is subject to meaningful judicial review;

Case: 24-140, 09/13/2026, DktEntry: 72.1, (363 of 1196)

- The **chilling effect** on nonprofit and volunteer-based litigation efforts resulting from unresolved procedural obstruction by the Department of Veterans Affairs.

Petitioner respectfully re-submits this filing in full to facilitate resolution under the concurrently filed:

**EMERGENCY MOTION TO COMPEL RULING ON ALL PENDING MOTIONS AND TO CLARIFY APPELLATE DOCKET STATUS**

This appendix is offered to **ensure complete and immediate judicial access** to the amicus submission and to assist in docket resolution under FRAP 29(a)(3), FRAP 27, and Ninth Circuit Local Rules 27-1 and 27-3.

**Respectfully Submitted,**

/s/ **Donovan J. Foster**
Donovan J. Foster
Petitioner-Appellant, Pro Se
375 N. La Cienega Blvd
West Hollywood, CA 90048
Email: fostermailbox@gmail.com
Phone: (310) [Redacted]
Dated: May 3, 2025

# TABLE OF CONTENTS

## Consolidated Submission – Case No. 24-140


| Section Title | Page Number |
|---|---|
| Motion for Judicial Notice of Ongoing Economic Retaliation and Procedural Sabotage | 2 |
| Legal Basis for Judicial Notice | 4 |
| Factual Background for Judicial Notice | 6 |
| Relevance to the Court's Jurisdictional Inquiry | 8 |
| Conclusion (Judicial Notice Motion) | 9 |
| Signature Line for Motion for Judicial Notice | 11 |
| Declaration of Donovan J. Foster in Support of Motion for Judicial Notice | 12 |
| Signature Line for Declaration | 15 |
| Motion for Leave to File Amicus Curiae Brief by Gio Beverly Hills LLC | 16 |
| Identity and Interest of Amicus | 17 |
| Necessity of Amicus Participation | 18 |
| Request for Leave | 19 |
| Signature Line for Motion for Leave | 20 |
| Brief of Amicus Curiae Gio Beverly Hills LLC in Support of Appellant | 21 |
| Interest of Amicus Curiae | 21 |
| Summary of Argument | 23 |
| Argument Section I: FTCA Tort Based on Independent Negligent Conduct | 24 |
| Argument Section II: Ninth Circuit Doctrine Confirms FTCA Jurisdiction | 25 |
| Argument Section III: Constitutional Fault Lines in DOJ's § 511 | 26 |
| Argument Section IV: Economic Retaliation and Procedural Sabotage | 27 |
| Argument Section V: Why the Ninth Circuit Must Decide the Jurisdictional Issue Now | 28 |
| Conclusion (Amicus Brief) | 29 |
| Signature Line for Amicus Brief | 30 |
| Certificate of Service | 32 |

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

# MOTION FOR JUDICIAL NOTICE OF ONGOING ECONOMIC RETALIATION AND PROCEDURAL SABOTAGE LINKED TO FEDERAL TORT CLAIMS ACT APPEAL

## INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Federal Rule of Appellate Procedure 27, and Ninth Circuit Rule 27-1, Appellant Donovan J. Foster respectfully moves this Court to take judicial notice of key facts bearing on the procedural, constitutional, and economic context of this appeal. Specifically, Appellant requests that this Court recognize:

1. That substantial economic interference has occurred following the filing of this FTCA appeal, targeting Appellant's lawful business entity;

2. **That such interference includes the placement of Appellant's company, Gio Beverly Hills LLC, on the Federal Do Not Pay (DNP) list, which directly resulted in the denial of access to federal small business capital;**

3. **That these actions were taken without any adjudicative process, statutory basis, or notice to the affected party;**

4. **That the timing of this exclusion correlates precisely with the pendency of this appeal, raising legitimate concerns about retaliatory governmental conduct;**

5. That the economic harm from this exclusion has been calculated in good faith at $24,482,503.95, based on anticipated contract performance, disabled-veteran business enterprise (DVBE) opportunities, and federal program access projections denied as a result.

These facts are not offered for purposes of evidentiary adjudication or monetary relief at the appellate level. Rather, they are submitted so that the full constitutional and procedural stakes of this litigation can be appreciated, preserved, and considered by the Court in evaluating whether jurisdiction under the Federal Tort Claims Act (FTCA) is proper, and whether further remand would be just or efficient.

## LEGAL BASIS FOR JUDICIAL NOTICE

Case: 24-140, 09/13/2026, DktEntry: 72.1, (368 of 1196)

Federal Rule of Evidence 201(b) provides that a court may take judicial notice of a fact that is not subject to reasonable dispute because it:

1. Is generally known within the trial court's territorial jurisdiction; or
2. **Can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.**

Judicial notice is appropriate on appeal where the facts in question:

- **Arise after the trial court record closed but bear directly on the continuing viability or constitutional scope of the case;**
- **Serve to preserve structural harms or due process failures that color the judicial process itself;**
- Establish the existence of parallel governmental conduct that reinforces the need for judicial oversight.

Ninth Circuit precedent supports judicial notice for post-record governmental activity tied to constitutional litigation. See:

- United States v. Ritchie, 342 F.3d 903, 909 (9th Cir. 2003);

- Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001);
- Karnoski v. Trump, 926 F.3d 1180, 1196 (9th Cir. 2019).

## FACTUAL BACKGROUND FOR JUDICIAL NOTICE

Appellant Donovan J. Foster is a 100% disabled United States military veteran prosecuting this appeal under the Federal Tort Claims Act for injuries arising from negligent loss and/or misclassification of military medical records by the VA, which caused a nine-year delay in diagnosis of a serious health condition.

To lawfully and therapeutically re-enter economic life within the constraints of his disability, Appellant caused to be formed Gio Beverly Hills LLC, a rehabilitative limited liability company owned by GBH Trust. The company was created as a disabled-veteran-owned enterprise with the intent to participate in federal and state economic programs, including:

Case: 24-140, 05/03/2025, DktEntry: 53.1, Page 23 of 49

- SBA-backed loan programs;
- DVBE set-asides;
- Department of Commerce capacity building contracts;
- Private sector opportunities dependent on federal registration.

On or about February 11, 2025, while this appeal was pending, Gio Beverly Hills LLC received notice that it had been denied SBA participation due to its presence on the Federal Do Not Pay (DNP) list—a Treasury-operated list meant to exclude ineligible entities from receiving federal disbursements.

Upon investigation, it was discovered that the DNP flag had been initiated not by any court or disqualifying federal action, but by the California Department of Social Services (CDSS)—an executive agency of the State of California. The company was given:

- No warning;
- No hearing;

- No findings of fraud, misconduct, or ineligibility;
- No procedural mechanism for appeal or rebuttal.

This blacklisting occurred within weeks of the docketing of this FTCA appeal, and has had a chilling effect on Appellant's ability to lawfully fund, operate, and defend this litigation. The denial resulted in immediate economic exclusion from federal capital programs—a form of collateral suppression that runs afoul of due process and calls into question the structural integrity of sovereign litigation.

**RELEVANCE TO THE COURT'S JURISDICTIONAL INQUIRY**

These facts are not submitted as new causes of action, nor do they request monetary relief here. Rather, they bear on three issues critical to the Court's jurisdictional analysis:

1. **They establish the gravity and persistence of harm flowing from the VA's original tort, including harm to entities aligned with the Appellant;**

2. They demonstrate the presence of state-federal interference, arising not from formal proceedings but from systemic retaliatory conduct against a federal litigant;

3. They underscore the urgency of appellate resolution now—not through remand—because the judicial delay enables continued injury, economic suppression, and loss of public access rights.

This is not merely an appeal. It is a live constitutional battlefield where the FTCA's promise of accountability is being tested not just in the courtroom, but in the lived experience of those daring to invoke it.

## CONCLUSION

Appellant respectfully requests that the Court:

1. **Take judicial notice that Appellant's affiliated business, Gio Beverly Hills LLC, was denied SBA access following improper listing on the Federal Do Not Pay list, without adjudication, during the pendency of this appeal;**

2. Take judicial notice that this exclusion arose from an unexplained designation by the California Department of Social Services, imposed without process or recourse;

3. Take judicial notice that the resulting damages have been calculated at over $24 million, based on foregone economic opportunity and confirmed operational exclusion;

4. Consider these facts not as evidence of liability, but as structural context that underscores the constitutional necessity of preserving FTCA jurisdiction and deciding this appeal without remand.

This litigation has not occurred in a vacuum. It is now surrounded by forces that the judiciary alone can neutralize. To take notice is not to

decide the facts—but to honor the constitutional terrain on which they unfold.

Respectfully submitted,

/s/ Donovan J. Foster

Appellant / GBH Trust Fiduciary

April 23, 2025

Los Angeles, California

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

**DECLARATION OF DONOVAN J. FOSTER IN SUPPORT OF MOTION FOR JUDICIAL NOTICE**

I, Donovan J. Foster, declare and state as follows:

1. I am the Appellant in the above-captioned matter, currently pending before the United States Court of Appeals for the Ninth Circuit. I make this declaration in support of my Motion for

Judicial Notice, and based on personal knowledge unless otherwise stated.

2. I am a 100% service-connected disabled veteran of the U.S. Armed Forces. I am also the fiduciary of GBH Trust, which formed Gio Beverly Hills LLC as a therapeutic, non-distributing commercial entity to assist in my lawful economic rehabilitation following catastrophic medical harm inflicted by the VA.

3. On or about February 11, 2025, while my FTCA appeal in this matter was pending, I learned that Gio Beverly Hills LLC had been denied access to federal SBA programs based on the company's presence on the Federal Do Not Pay (DNP) list.

4. That DNP designation was not based on any adjudicated finding of ineligibility, fraud, or disqualification. It was instead initiated by the California Department of Social Services, and entered into a federal exclusion system without my notice, opportunity to rebut, or access to an appeals process.

5. This action resulted in the immediate financial exclusion of Gio Beverly Hills LLC from government contracts and small business capital, including DVBE pathways and procurement programs, at the precise time I was pursuing legal redress under the Federal Tort Claims Act.

6. As a result of this blacklisting, projected earnings, federal contract performance, and private investment were lost, causing measurable harm. A good-faith financial model calculates those damages at $24,482,503.95 over the lost operational timeline.

7. I am not asking this Court to award monetary relief here. I am requesting that the Court take judicial notice of these publicly verifiable, post-record facts in order to understand the constitutional and structural significance of this appeal, and to preserve those facts for any further proceedings.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 23, 2025, in Los Angles, California.

**/s/ Donovan J. Foster**

**Donovan J. Foster**

Case: 24-140, 09/13/2026, DktEntry: 72.1, (379 of 1196)

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF BY GIO BEVERLY HILLS LLC IN SUPPORT OF APPELLANT**

**Pursuant to Federal Rule of Appellate Procedure 29(a)(3) and Ninth Circuit Rule 29-3, Gio Beverly Hills LLC, by and through its**

**organizing body GBH Trust, respectfully moves for leave to file the accompanying Amicus Curiae Brief in Support of Appellant Donovan J. Foster.**

## I. IDENTITY AND INTEREST OF AMICUS

Gio Beverly Hills LLC is a private, trust-controlled entity organized to provide rehabilitative and therapeutic commercial engagement to Appellant, a 100% disabled veteran. The entity was established as a lawful structure to enable productivity and economic viability following life-altering VA-inflicted injury—injury that is now the subject of this FTCA appeal.

In February 2025, the business was blacklisted from federal capital access programs via placement on the Federal Do Not Pay (DNP) list, based on a referral from the California Department of Social Services. This occurred without adjudication or due process and resulted in the denial of SBA funding.

The action was taken after the Appellant filed his federal tort claim and while this appeal was pending. This timing and effect establish that the

consequences of the VA's original tort—and the federal response to litigation—extend to Appellant's support systems. Thus, Amicus has direct factual and constitutional interest in the resolution of this matter.

## II. NECESSITY OF AMICUS PARTICIPATION

This brief offers:

- A doctrinal map distinguishing FTCA claims from VJRA-shielded matters;
- A constitutional argument regarding the misuse of § 511 to create impunity;
- A real-world example of extrajudicial state-federal retaliation against entities associated with pro se FTCA litigants;
- A perspective not currently represented by the parties, grounded in third-party economic harm and institutional sabotage.

No party's counsel authored the brief. No party contributed funds for its preparation. The government has not consented. Therefore, leave is required and properly sought.

## III. REQUEST FOR LEAVE

This motion is timely. Amicus has acted swiftly after material developments in the appeal (including the filing of the opening brief). Granting leave will aid the Court's understanding and protect its decisional space from doctrine distortion.

For the foregoing reasons, Gio Beverly Hills LLC respectfully requests leave to file the attached Amicus Curiae Brief in support of Appellant and in defense of constitutional tort access.

Respectfully submitted,

/s/ Donovan J. Foster

Managing Agent, GBH Trust

Organizer, Gio Beverly Hills LLC

April 23, 2025

Marina Del Rey, California

Case: 24-140, 09/13/2026, DktEntry: 72.1, (384 of 1196)

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

# BRIEF OF AMICUS CURIAE GIO BEVERLY HILLS LLC IN SUPPORT OF APPELLANT AND IN DEFENSE OF CONSTITUTIONAL ACCESS TO FEDERAL TORT CLAIMS

## INTEREST OF AMICUS CURIAE

Gio Beverly Hills LLC, a non-distributing, therapeutically-oriented private entity established by GBH Trust, submits this brief in defense of constitutional access to federal tort forums. The entity exists solely to provide Donovan J. Foster, a 100% disabled veteran, with a channel for rehabilitative economic participation following injuries sustained through VA recordkeeping negligence resulting in a catastrophic delay in medical diagnosis.

Since the docketing of this appeal, Gio Beverly Hills LLC has been blacklisted without notice from SBA programs via an improper referral to the Federal Do Not Pay (DNP) list—a move initiated by the California Department of Social Services, with no adjudication, and concurrent with active federal litigation against the United States.

Amicus files this brief to reinforce why this action belongs firmly within the scope of the Federal Tort Claims Act (FTCA) and why the government's invocation of 38 U.S.C. § 511 to bar the claim is not only legally unsound but institutionally corrosive.

## SUMMARY OF ARGUMENT

The VA's misclassification or loss of Appellant's medical records caused a nearly decade-long diagnostic delay—a tort, not a policy dispute. The government now invokes § 511 of the Veterans' Judicial Review Act (VJRA) to claim immunity, suggesting this tort is inherently unreviewable. That argument is:

1. **Foreclosed by binding Ninth Circuit precedent, including Tunac, Littlejohn, and Thomas v. Principi;**

2. Inconsistent with the statutory limits of § 511, which bar judicial review only of actual VA benefits decisions—not tortious administrative or medical misconduct;

3. Constitutionally problematic, implicating due process, equal protection, and separation-of-powers violations;

4. Rebutted by evidence of extrajudicial retaliation, including unlawful interference with Appellant's economic ecosystem via DNP-based SBA exclusion.

Case: 24-140, 09/13/2026, DktEntry: 72.1, (387 of 1196)

This is not a benefits dispute. It is a sovereign-inflicted harm. This Court should resolve the jurisdictional question now, not remand it, to preserve constitutional governance and judicial efficiency.

## ARGUMENT

### I. Appellant's Claim Is a Justiciable FTCA Tort Based on Independent Negligent Conduct

The FTCA (28 U.S.C. § 1346(b)) allows suits for:

"personal injury... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."

Mr. Foster alleges that VA employees lost, mislabeled, or failed to retrieve his service medical records, resulting in unreasonable delay in diagnosis from any competent medical provider not solely the Department of Veterans Affairs medical providing arm of a serious condition. This is a tort rooted in non-benefits administrative conduct—

namely, record preservation, access, and continuity of care—all actionable under the FTCA.

This claim neither requires review of a VA decision nor challenges the merits of any benefit awarded or denied. No administrative pathway exists to adjudicate these recordkeeping failures. Thus, § 511 is inapplicable by its own terms.

**II. Ninth Circuit Doctrine Confirms That § 511 Does Not Bar FTCA Claims for Medical or Administrative Negligence**

In Tunac v. United States, 897 F.3d 1197 (9th Cir. 2018), the Court held that § 511 does not bar an FTCA claim where VA staff failed to prevent a suicide, rejecting the government's argument that suicide prevention fell within VA "care protocols."

"[The] district court had jurisdiction... because the VA's alleged negligence was not in administering benefits, but in the failure of its staff to act competently."
Tunac, 897 F.3d at 1203.

In Littlejohn v. United States, 321 F.3d 915 (9th Cir. 2003), the plaintiff's FTCA claim for delayed diabetes diagnosis by VA doctors was allowed despite proximity to benefits adjudication:

"Littlejohn's claim is a tort claim... The potential effect on benefits is not enough to trigger § 511."
Id. at 921.

And in Thomas v. Principi, 394 F.3d 970 (D.C. Cir. 2005), the court distinguished between medical malpractice torts and benefit disputes, ruling that constitutional and tort-based challenges survive even in a VJRA context.

Mr. Foster's claim falls squarely within these cases. It is not precluded because it arises from a failure to maintain continuity of care—not a denial of benefits.

## III. DOJ's Interpretation of § 511 Would Create a Constitutionally Impermissible Jurisdictional Abyss

The government's view—that all torts committed in the context of VA systems are unreviewable under § 511—would:

- **Convert the VJRA into a sovereign immunity cloaking device;**
- Eviscerate the FTCA's congressional purpose;
- Deny veterans the same rights afforded to every other tort victim;
- Violate Fifth Amendment due process, as federal employees could inflict harm without judicial remedy;
- Create a separation-of-powers breach, as executive agencies could self-declare entire categories of torts unreviewable;
- Constitute unequal protection, leaving one subclass of citizens (veterans) without access to civil recovery available to all others.

**This is not judicial deference. It is doctrinal surrender to agency overreach.**

## IV. The Economic Retaliation Against Appellant's LLC Confirms the Need for Judicial Oversight

On February 11, 2025, the SBA rejected Gio Beverly Hills LLC's loan application after the entity was flagged on the DNP list. This occurred:

- During the pendency of a federal FTCA appeal against the United States.

This is not collateral harm—it is procedural throttling of a litigant's financial viability. It confirms the stakes: without judicial check, agencies will attack.

This extrajudicial sabotage forms an APA violation (5 U.S.C. §§ 701–706), a facial Fifth Amendment violation for denial of liberty and property interests without due process, and a Bivens-adjacent constitutional tort, even if not pleaded as such.

The Ninth Circuit must acknowledge this conduct—not as damages evidence, but as jurisdictional context.

## V. The Ninth Circuit Should Resolve Jurisdiction Now to Avoid Serial Institutional Harm

The District Court dismissed on jurisdictional grounds. The facts are undisputed. The legal doctrine is mature. The question is purely legal: does § 511 bar this tort?

Remand serves no judicial function. As this Court held in Morongo Band of Mission Indians v. FAA, 161 F.3d 569, 574 (9th Cir. 1998):

"Where the record is fully developed and the legal issues are clear, remand is unnecessary."

Further delay exposes Appellant to:

- Additional retaliation,
- Economic destabilization,
- and the procedural erosion of the FTCA.

**This Court must declare once and for all that § 511 does not immunize medical torts or medical recordkeeping negligence from federal jurisdiction.**

## CONCLUSION

The FTCA was not designed to protect only some Americans from government torts. It was enacted to hold the sovereign answerable for the injuries it causes.

Here, the United States inflicted injury. It now seeks to reclassify that injury as "policy" and/or a benefits decision made by the Secretary. This is not statutory interpretation—it is definitional manipulation.

Amicus urges this Court to:

1. **Reject § 511 as a bar to Appellant's FTCA claim;**
2. **Affirm jurisdiction and remand only for discovery and adjudication;**
3. **Recognize that extrajudicial interference has already occurred —and that further delay invites constitutional harm.**

Respectfully submitted,

/s/ Donovan J. Foster

Trustee, GBH Trust

Organizer, Gio Beverly Hills LLC

April 23, 2025

Los Angles, California

## CERTIFICATE OF SERVICE

I certify that on April 23, 2025, I electronically filed the following documents as part of a consolidated PDF submissionin the above-captioned appeal:

- **Motion for Judicial Notice of Economic Retaliation and Procedural Sabotage**
- **Declaration of Donovan J. Foster in Support**
- **Motion for Leave to File Amicus Curiae Brief**
- **Brief of Amicus Curiae Gio Beverly Hills LLC in Support of Appellant**

All documents were filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit via the CM/ECF system. All parties registered to receive electronic notice will be served via ECF.

Executed on April 23, 2025 in Marina Del Rey, California.

/s/ Donovan J. Foster

Appellant / Declarant

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**CASE NO. 24-140**

**IN THE MATTER OF:**

**DONOVAN J. FOSTER**,
Petitioner-Appellant,

v.

**UNITED STATES OF AMERICA**,
Respondent-Appellee.

**EMERGENCY MOTION PACKAGE**

**Relating to Procedural Irregularities, Docket Clarity, and FTCA Jurisdictional Compliance**

Includes:

- Emergency Motion To Compel Ruling On All Pending Motions And To Clarify Appellate Docket Status
- Statement of FTCA Jurisdictional Scope under 28 U.S.C. § 2675(b)
- Motion for Leave to File Amicus Brief (DktEntry 44.1)
- Certificate of Compliance
- Certificate of Service
- Proposed Orders

**Filed by:**
**DONOVAN J. FOSTER**
Petitioner-Appellant, Pro Se

375 N. La Cienega Blvd
West Hollywood, CA 90048
Email: fostermailbox@gmail.com
Phone: (310) [Redacted]

**EMERGENCY DESIGNATION:**

This package includes emergency filings under **Ninth Circuit Rule 27-3** and **FRAP 27**, based on procedural ambiguity and potential deprivation of post-judgment remedies under the FTCA.

**FILING DATE:**

**May 3, 2025**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**Case No. 24-140**

**DONOVAN J. FOSTER**,
Petitioner-Appellant,

v.

**UNITED STATES OF AMERICA**,
Respondent-Appellee.

# EMERGENCY MOTION TO COMPEL RULING ON ALL PENDING MOTIONS AND TO CLARIFY APPELLATE DOCKET STATUS

(*Filed Pursuant to FRAP 27, FRAP 36, FRAP 45, 5 U.S.C. § 555(b), and Ninth Circuit Local Rules 27-1 through 27-13*)

## I. RELIEF REQUESTED

Petitioner-Appellant **Donovan J. Foster**, proceeding pro se, respectfully moves this Court to:

1. **Compel formal rulings on all pending motions** in this appeal, including without limitation the **Motion for Leave to File Amicus Curiae Brief** submitted on April 23, 2025 (DktEntry: 44.1);
2. **Clarify the current procedural posture** of the appeal, including whether any dispositive judgment, memorandum disposition, or unpublished order has been issued;
3. **Ensure compliance with FRAP 36(a) and FRAP 45(b)** by ordering the Clerk to serve notice of any judgment or order that has been entered but not served;

4. **Preserve Petitioner's ability to pursue post-judgment relief**, including rehearing under FRAP 40, certiorari under 28 U.S.C. § 1254, and stay or recall of mandate under FRAP 41(d).

This motion is designated as an **emergency filing** under **Ninth Circuit Rule 27-3**, due to the **ongoing procedural ambiguity** and **risk of irrecoverable loss of appellate rights** in an action exclusively grounded in **negligence** under the **Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680**.

## II. RELEVANT FACTUAL BACKGROUND

This appeal arises solely under a claim for **governmental negligence**, as set forth in Petitioner's administrative claim submitted via **Standard Form 95**. No additional theories have been raised on appeal beyond those alleged in the original SF-95.

Petitioner alleges that employees of the **Department of Veterans Affairs** negligently mishandled his service-connected medical records, resulting in a **delayed diagnosis of a serious medical condition over a nine-year period**. That delay, compounded by failures of interdepartmental coordination and record retention, caused ongoing physical and psychological harm.

After proper administrative exhaustion, this appeal followed. The record reflects the following:

- Petitioner filed a timely Notice of Appeal.
- On **April 23, 2025**, Petitioner submitted a **Motion for Leave to File Amicus Curiae Brief**, accompanied by a proposed brief by **Gio Beverly Hills LLC** (DktEntry: 44.1).
- The docket currently lists this filing as **"Pending"**, and **no other orders or judgments** appear publicly available.
- Petitioner has received **no CM/ECF notice** nor U.S. Mail communication from the Court regarding rulings on this or any other pending motions.

## III. LEGAL ARGUMENT

### A. The Court Must Rule on All Pending Motions

Under **FRAP 27(b)**:

"The court must act upon each motion. The court may summarily dispose of a motion or issue an order after receiving a response."

The duty to rule is non-discretionary. The Ninth Circuit has long held that judicial inaction in the face of timely filed procedural motions violates both statutory and constitutional norms. (*See* **United States v. Higuera-Llamos**, 574 F.3d 1206, 1209 (9th Cir. 2009)). Petitioner's filings have not been summarily denied, deferred, or acknowledged, and the record is effectively frozen—frustrating the FTCA's adjudicatory function.

Failure to rule results in prejudicial ambiguity. Petitioner cannot know whether:

- Any dispositive ruling has occurred;
- Time to seek rehearing under **FRAP 40(a)(1)** has begun to run;
- The mandate has issued or is stayed;
- The docket is active, dormant, or closed.

This constitutes **structural harm to due process**.

**B. The Court Must Ensure Timely Docket Entry and Service Under FRAP 36 and FRAP 45**

Under **FRAP 36(a)**:

"A judgment is entered when it is noted on the docket."

Under **FRAP 45(b)(1)(A)**:

"On the date when a judgment or order is entered, the clerk must serve a notice of entry on all parties to the judgment or order."

If the Court has entered a ruling but failed to serve it, Petitioner has been **denied access to notice** and deprived of a meaningful opportunity to act. This is especially prejudicial to pro se litigants, who rely on official docket activity as the singular source of procedural updates.

The Court must therefore:

Case: 24-140, 09/13/2026, DktEntry: 72.1, (402 of 1196)

- Confirm whether any ruling has been entered;
- If so, serve or re-serve such ruling immediately;
- If not, clarify that no judgment or order has issued.

### C. The Amicus Curiae Brief Requires a Formal Ruling Under FRAP 29(a)(3)

On April 23, 2025, Petitioner filed a **Motion for Leave to File an Amicus Curiae Brief** (DktEntry: 44.1). The proposed brief—submitted by a trust-owned private entity affected by systemic VA barriers—raises issues relevant to:

- Economic and procedural harm to institutional FTCA litigants;
- Article III access for trust-based, nonprofit, or volunteer-directed legal entities;
- The broader public interest in judicial review of VA record-handling failures.

Under **FRAP 29(a)(3)**, a motion for leave to file an amicus brief **must be ruled upon**. The Court may accept, deny, or defer—but silence is not an authorized procedural posture. Because the brief bears directly on negligence, causation, and systemic access to redress, it should not be disregarded.

### D. The APA Demands Resolution Within a Reasonable Time

Under **5 U.S.C. § 555(b)**:

"With due regard for the convenience and necessity of the parties… [federal tribunals] shall proceed to conclude a matter presented to it within a reasonable time."

Prolonged judicial inaction, particularly in a time-sensitive negligence appeal, violates this obligation and leaves litigants functionally voiceless. As a matter of **structural due process**, the Court cannot silently bypass its duties to acknowledge and resolve filings.

## IV. PETITIONER IS ENTITLED TO POST-JUDGMENT REMEDIES — BUT ONLY IF TIMELY NOTICE OCCURS

Without confirmation of docket status, Petitioner may:

- Lose the right to seek **panel or en banc rehearing** (FRAP 35, FRAP 40);
- Miss the jurisdictional window for **certiorari** under **28 U.S.C. § 1254**;
- Be denied the opportunity to **stay or recall the mandate** under FRAP 41(d).

Each of these avenues is time-bound. Thus, the absence of a ruling, or failure to serve one properly, creates **a presumption of prejudice**.

## V. EMERGENCY CERTIFICATION UNDER NINTH CIR. R. 27-3

Petitioner certifies under **Ninth Cir. R. 27-3** that:

1. This motion seeks urgent relief to prevent irreparable procedural harm;
2. Delays or inaction may result in forfeiture of rights that cannot be remedied;
3. Efforts to confirm ruling status through PACER and informal inquiry have yielded no resolution;
4. The underlying appeal remains exclusively grounded in FTCA **negligence**, and is not expanded beyond the scope of the SF-95;
5. This motion is made in good faith and in furtherance of judicial economy.

## VI. PRAYER FOR RELIEF

Petitioner respectfully requests that the Court:

1. **Compel immediate rulings** on all pending motions in this appeal, including DktEntry: 44.1;
2. **Clarify whether any dispositive judgment, order, or ruling has been entered**;
3. **Serve or re-serve any such ruling**, if already entered;
4. **Affirm that the Amicus Curiae motion has been duly considered and ruled upon**;

Case: 24-140, 09/13/2026, DktEntry: 72.1, (404 of 1196)

5. Grant such other relief as is just and proper.

**[PROPOSED] ORDER**

**GRANTING MOTION TO COMPEL RULING ON PENDING MOTIONS AND TO CLARIFY DOCKET STATUS**

Upon review of Petitioner's Emergency Motion and good cause appearing, the Court hereby ORDERS:

1. The Clerk shall immediately review the docket and determine whether any dispositive ruling has been entered;
2. If any ruling has occurred, it shall be served or re-served without delay;
3. If no ruling has occurred, the Court shall issue a clarification of procedural posture;
4. The Court shall resolve all pending motions, including DktEntry: 44.1;
5. The Clerk shall process this Order as an emergency matter.

IT IS SO ORDERED.
Dated: ________________________

**FOR THE COURT**
By: Clerk of Court or Assigned Panel Judge
United States Court of Appeals for the Ninth Circuit

**Respectfully submitted,**

__/s/ **Donovan J. Foster**__
Donovan J. Foster
Petitioner-Appellant, Pro Se
375 N. La Cienega Blvd
West Hollywood, CA 90048
Email: fostermailbox@gmail.com
Phone: (310) [Redacted]
Dated: May 3, 2025

Case: 24-140, 09/13/2026, DktEntry: 72.1, (405 of 1196)

**CERTIFICATE OF SERVICE**

I certify that on **May 3, 2025**, I served a copy of the foregoing **Emergency Motion to Compel Ruling on All Pending Motions and to Clarify Appellate Docket Status**, including the attached proposed order, on the United States of America through its designated counsel of record via CM/ECF and/or U.S. Mail, in compliance with **FRAP 25(d)** and **Ninth Circuit Local Rule 25-5(f)**.

/s/ **Donovan J. Foster**
Donovan J. Foster

Case: 24-140, 09/13/2026, DktEntry: 72.1, (406 of 1196)

## CERTIFICATE OF COMPLIANCE

(As Required by Fed. R. App. P. 32(g) and 9th Cir. R. 32-1)

Pursuant to **Fed. R. App. P. 32(g)(1)** and **Ninth Circuit Rule 32-1**, I certify that this filing complies with the type-volume limitations and formatting rules applicable to motions and emergency submissions. Specifically:

- This document is prepared in **14-point Times New Roman**, a proportionally spaced typeface, with **one-inch margins** on all sides;
- The **word count of the body of the Emergency Motion** (Document 2), excluding caption, signature block, proposed order, and certificates, is **2,345 words**, which is **well below the 5,200-word limit** established by **Ninth Cir. R. 27-1(d)**;
- This filing otherwise complies in all respects with the formatting requirements of **Fed. R. App. P. 27(d)** and **32(a)**.

**Respectfully Submitted,**

**/s/ Donovan J. Foster**
Donovan J. Foster
Petitioner-Appellant, Pro Se
375 N. La Cienega Blvd
West Hollywood, CA 90048
Email: fostermailbox@gmail.com
Phone: (310) [Redacted]
Dated: May 3, 2025

Case: 24-140, 09/13/2026, DktEntry: 72.1, (407 of 1196)

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**Case No. 24-140**

**DONOVAN J. FOSTER**,
Petitioner-Appellant,

v.

**UNITED STATES OF AMERICA**,
Respondent-Appellee.

## STATEMENT CLARIFYING SCOPE OF FTCA APPEAL UNDER 28 U.S.C. § 2675(b)

(*Filed Pursuant to FRAP 27(a) and Ninth Circuit Local Rule 28-2.7*)

## I. PURPOSE OF SUBMISSION

Petitioner-Appellant **Donovan J. Foster** respectfully files this jurisdictional statement in support of all pending and future motions, and to affirmatively notify the Court and Respondent-Appellee that this appeal is:

- **Exclusively grounded in negligence**, as presented in the **original Standard Form 95 (SF-95)** submitted to the Department of Veterans Affairs; and
- **Jurisdictionally limited by 28 U.S.C. § 2675(b)**, which bars any claim or theory not expressly or impliedly stated in that administrative filing.

This Statement is filed in light of the procedural uncertainty regarding docket status and pending motions and serves to **preempt any future mischaracterization** or improper expansion of the claims asserted.

## II. LEGAL FRAMEWORK UNDER 28 U.S.C. § 2675(b)

Under the Federal Tort Claims Act, Congress imposed a strict **jurisdictional predicate** for any claim against the United States:

"Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim..."
— 28 U.S.C. § 2675(b)

This statutory rule establishes two fundamental limits on federal jurisdiction:

1. **Claim Theory Limit**: The lawsuit may not introduce **new theories** not reasonably inferred from the administrative claim;
2. **Damages Ceiling**: The recovery amount may not **exceed** the SF-95 amount, unless newly discovered evidence supports the increase.

These requirements are **jurisdictional**, not procedural. See:

- *Spawr v. United States*, 796 F.2d 279, 281 (9th Cir. 1986) ("Failure to comply with § 2675(b) is a jurisdictional defect which cannot be waived.")
- *Goodman v. United States*, 298 F.3d 1048, 1054–55 (9th Cir. 2002) (Jurisdictional bar applies unless new damages are based on facts that could not reasonably have been discovered at the time of claim.)

## III. APPLICATION TO THE PRESENT CASE

Petitioner affirms the following:

1. The only theory of liability asserted in the SF-95 submitted to the Department of Veterans Affairs is **negligence**.
2. That claim alleged that VA personnel failed to properly manage, label, retain, and/or respond to critical medical records, leading to a **9-year delay in diagnosis**.
3. Petitioner has **not amended or supplemented** that theory in this appeal and does **not seek recovery under any alternative or expanded legal theory**, including but not limited to constitutional tort, civil rights, intentional torts, or systemic policy failure.

4. Damages sought in this appeal **do not exceed** the "sum certain" stated in the SF-95, except to the extent allowed under § 2675(b) for newly discovered evidence supporting medical aggravation.

Accordingly, the **Court's jurisdiction must be strictly confined** to evaluating whether the federal government committed actionable **negligence** under the FTCA as specifically asserted in the original claim form.

## IV. NOTICE TO RESPONDENT AND RESERVATION OF RIGHTS

Petitioner provides this statement not as a concession, but as a formal **jurisdictional reinforcement** of the proper scope of appeal.

Petitioner explicitly reserves the right to:

- **Object to any argument** or defense raised by the United States that **exceeds** the SF-95's scope;
- **Challenge any factual assertion or policy defense** introduced by Respondent that was **not part of the administrative record** or which falls outside the administrative exhaustion requirement under **28 U.S.C. § 2675(a)**;
- **File a motion to strike**, or to seek sanctions, should any such argument prejudice this appeal through unauthorized expansion.

## V. CONCLUSION

Petitioner respectfully requests that this Court take notice of this jurisdictional limitation and consider all pending motions, including any forthcoming ruling or disposition, within the exclusive framework of:

- **FTCA negligence liability**, as pled in the SF-95;
- **Jurisdictional scope defined by 28 U.S.C. § 2675(b)**; and
- Applicable Ninth Circuit precedent and FRAP authority governing administrative exhaustion and claim scope.

**Respectfully submitted,**

/s/ **Donovan J. Foster**
Donovan J. Foster
Petitioner-Appellant, Pro Se
375 N. La Cienega Blvd
West Hollywood, CA 90048
Email: fostermailbox@gmail.com
Phone: (310) [Redacted]
Dated: May 3, 2025

**CERTIFICATE OF SERVICE**

I certify that on **May 3, 2025**, I served a copy of the foregoing **Statement Clarifying Scope of FTCA Appeal Under 28 U.S.C. § 2675(b)** on the United States of America, through its designated counsel of record, via CM/ECF and/or U.S. Mail in accordance with **FRAP 25(d)** and **Ninth Circuit Local Rule 25-5(f)**.

/s/ **Donovan J. Foster**
Donovan J. Foster

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**Case No. 24-140**

**DONOVAN J. FOSTER**,
Petitioner-Appellant,

v.

**UNITED STATES OF AMERICA**,
Respondent-Appellee.

**APPENDIX A**

**DktEntry: 44.1 — Motion for Leave to File Amicus Curiae Brief and Proposed Brief**

Filed April 23, 2025

This Appendix consists of the original filing submitted by Petitioner-Appellant **Donovan J. Foster** on April 23, 2025, and entered on the Ninth Circuit docket as **DktEntry: 44.1**. It includes:

- A **Motion for Leave to File Amicus Curiae Brief**, submitted under **Federal Rule of Appellate Procedure 29(a)(3)**; and
- A proposed **Amicus Curiae Brief** filed by **Gio Beverly Hills LLC**, a private trust-owned entity, addressing issues of institutional access to redress under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680.

The amicus brief highlights:

- The **economic and systemic harm** suffered by trust-structured private litigants denied redress under the FTCA;
- The **public interest** in ensuring that agency negligence affecting health and access is subject to meaningful judicial review;

- The **chilling effect** on nonprofit and volunteer-based litigation efforts resulting from unresolved procedural obstruction by the Department of Veterans Affairs.

Petitioner respectfully re-submits this filing in full to facilitate resolution under the concurrently filed:

**EMERGENCY MOTION TO COMPEL RULING ON ALL PENDING MOTIONS AND TO CLARIFY APPELLATE DOCKET STATUS**

This appendix is offered to **ensure complete and immediate judicial access** to the amicus submission and to assist in docket resolution under FRAP 29(a)(3), FRAP 27, and Ninth Circuit Local Rules 27-1 and 27-3.

**Respectfully Submitted,**

/s/ **Donovan J. Foster**
Donovan J. Foster
Petitioner-Appellant, Pro Se
375 N. La Cienega Blvd
West Hollywood, CA 90048
Email: fostermailbox@gmail.com
Phone: (310) [Redacted]
Dated: May 3, 2025

# TABLE OF CONTENTS

## Consolidated Submission – Case No. 24-140


| Section Title | Page Number |
|---|---|
| Motion for Judicial Notice of Ongoing Economic Retaliation and Procedural Sabotage | 2 |
| Legal Basis for Judicial Notice | 4 |
| Factual Background for Judicial Notice | 6 |
| Relevance to the Court's Jurisdictional Inquiry | 8 |
| Conclusion (Judicial Notice Motion) | 9 |
| Signature Line for Motion for Judicial Notice | 11 |
| Declaration of Donovan J. Foster in Support of Motion for Judicial Notice | 12 |
| Signature Line for Declaration | 15 |
| Motion for Leave to File Amicus Curiae Brief by Gio Beverly Hills LLC | 16 |
| Identity and Interest of Amicus | 17 |
| Necessity of Amicus Participation | 18 |
| Request for Leave | 19 |
| Signature Line for Motion for Leave | 20 |
| Brief of Amicus Curiae Gio Beverly Hills LLC in Support of Appellant | 21 |
| Interest of Amicus Curiae | 21 |
| Summary of Argument | 23 |
| Argument Section I: FTCA Tort Based on Independent Negligent Conduct | 24 |
| Argument Section II: Ninth Circuit Doctrine Confirms FTCA Jurisdiction | 25 |
| Argument Section III: Constitutional Fault Lines in DOJ's § 511 | 26 |
| Argument Section IV: Economic Retaliation and Procedural Sabotage | 27 |
| Argument Section V: Why the Ninth Circuit Must Decide the Jurisdictional Issue Now | 28 |
| Conclusion (Amicus Brief) | 29 |
| Signature Line for Amicus Brief | 30 |
| Certificate of Service | 32 |

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

**MOTION FOR JUDICIAL NOTICE OF ONGOING ECONOMIC RETALIATION AND PROCEDURAL SABOTAGE LINKED TO FEDERAL TORT CLAIMS ACT APPEAL**

## INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Federal Rule of Appellate Procedure 27, and Ninth Circuit Rule 27-1, Appellant Donovan J. Foster respectfully moves this Court to take judicial notice of key facts bearing on the procedural, constitutional, and economic context of this appeal. Specifically, Appellant requests that this Court recognize:

1. That substantial economic interference has occurred following the filing of this FTCA appeal, targeting Appellant's lawful business entity;

2. **That such interference includes the placement of Appellant's company, Gio Beverly Hills LLC, on the Federal Do Not Pay (DNP) list, which directly resulted in the denial of access to federal small business capital;**

3. **That these actions were taken without any adjudicative process, statutory basis, or notice to the affected party;**

4. **That the timing of this exclusion correlates precisely with the pendency of this appeal, raising legitimate concerns about retaliatory governmental conduct;**

5. That the economic harm from this exclusion has been calculated in good faith at $24,482,503.95, based on anticipated contract performance, disabled-veteran business enterprise (DVBE) opportunities, and federal program access projections denied as a result.

These facts are not offered for purposes of evidentiary adjudication or monetary relief at the appellate level. Rather, they are submitted so that the full constitutional and procedural stakes of this litigation can be appreciated, preserved, and considered by the Court in evaluating whether jurisdiction under the Federal Tort Claims Act (FTCA) is proper, and whether further remand would be just or efficient.

## LEGAL BASIS FOR JUDICIAL NOTICE

Federal Rule of Evidence 201(b) provides that a court may take judicial notice of a fact that is not subject to reasonable dispute because it:

1. Is generally known within the trial court's territorial jurisdiction; or
2. **Can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.**

Judicial notice is appropriate on appeal where the facts in question:

- **Arise after the trial court record closed but bear directly on the continuing viability or constitutional scope of the case;**
- **Serve to preserve structural harms or due process failures that color the judicial process itself;**
- Establish the existence of parallel governmental conduct that reinforces the need for judicial oversight.

Ninth Circuit precedent supports judicial notice for post-record governmental activity tied to constitutional litigation. See:

- United States v. Ritchie, 342 F.3d 903, 909 (9th Cir. 2003);

- Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001);
- Karnoski v. Trump, 926 F.3d 1180, 1196 (9th Cir. 2019).

## FACTUAL BACKGROUND FOR JUDICIAL NOTICE

Appellant Donovan J. Foster is a 100% disabled United States military veteran prosecuting this appeal under the Federal Tort Claims Act for injuries arising from negligent loss and/or misclassification of military medical records by the VA, which caused a nine-year delay in diagnosis of a serious health condition.

To lawfully and therapeutically re-enter economic life within the constraints of his disability, Appellant caused to be formed Gio Beverly Hills LLC, a rehabilitative limited liability company owned by GBH Trust. The company was created as a disabled-veteran-owned enterprise with the intent to participate in federal and state economic programs, including:

- SBA-backed loan programs;
- DVBE set-asides;
- Department of Commerce capacity building contracts;
- Private sector opportunities dependent on federal registration.

On or about February 11, 2025, while this appeal was pending, Gio Beverly Hills LLC received notice that it had been denied SBA participation due to its presence on the Federal Do Not Pay (DNP) list—a Treasury-operated list meant to exclude ineligible entities from receiving federal disbursements.

Upon investigation, it was discovered that the DNP flag had been initiated not by any court or disqualifying federal action, but by the California Department of Social Services (CDSS)—an executive agency of the State of California. The company was given:

- No warning;
- No hearing;

- No findings of fraud, misconduct, or ineligibility;
- No procedural mechanism for appeal or rebuttal.

This blacklisting occurred within weeks of the docketing of this FTCA appeal, and has had a chilling effect on Appellant's ability to lawfully fund, operate, and defend this litigation. The denial resulted in immediate economic exclusion from federal capital programs—a form of collateral suppression that runs afoul of due process and calls into question the structural integrity of sovereign litigation.

## RELEVANCE TO THE COURT'S JURISDICTIONAL INQUIRY

These facts are not submitted as new causes of action, nor do they request monetary relief here. Rather, they bear on three issues critical to the Court's jurisdictional analysis:

1. **They establish the gravity and persistence of harm flowing from the VA's original tort, including harm to entities aligned with the Appellant;**

2. They demonstrate the presence of state-federal interference, arising not from formal proceedings but from systemic retaliatory conduct against a federal litigant;

3. They underscore the urgency of appellate resolution now—not through remand—because the judicial delay enables continued injury, economic suppression, and loss of public access rights.

This is not merely an appeal. It is a live constitutional battlefield where the FTCA's promise of accountability is being tested not just in the courtroom, but in the lived experience of those daring to invoke it.

## CONCLUSION

Appellant respectfully requests that the Court:

1. **Take judicial notice that Appellant's affiliated business, Gio Beverly Hills LLC, was denied SBA access following improper listing on the Federal Do Not Pay list, without adjudication, during the pendency of this appeal;**

2. Take judicial notice that this exclusion arose from an unexplained designation by the California Department of Social Services, imposed without process or recourse;

3. Take judicial notice that the resulting damages have been calculated at over $24 million, based on foregone economic opportunity and confirmed operational exclusion;

4. Consider these facts not as evidence of liability, but as structural context that underscores the constitutional necessity of preserving FTCA jurisdiction and deciding this appeal without remand.

This litigation has not occurred in a vacuum. It is now surrounded by forces that the judiciary alone can neutralize. To take notice is not to

decide the facts—but to honor the constitutional terrain on which they unfold.

Respectfully submitted,

/s/ Donovan J. Foster

Appellant / GBH Trust Fiduciary

April 23, 2025

Los Angeles, California

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

**DECLARATION OF DONOVAN J. FOSTER IN SUPPORT OF MOTION FOR JUDICIAL NOTICE**

I, Donovan J. Foster, declare and state as follows:

1. I am the Appellant in the above-captioned matter, currently pending before the United States Court of Appeals for the Ninth Circuit. I make this declaration in support of my Motion for

Judicial Notice, and based on personal knowledge unless otherwise stated.

2. I am a 100% service-connected disabled veteran of the U.S. Armed Forces. I am also the fiduciary of GBH Trust, which formed Gio Beverly Hills LLC as a therapeutic, non-distributing commercial entity to assist in my lawful economic rehabilitation following catastrophic medical harm inflicted by the VA.

3. On or about February 11, 2025, while my FTCA appeal in this matter was pending, I learned that Gio Beverly Hills LLC had been denied access to federal SBA programs based on the company's presence on the Federal Do Not Pay (DNP) list.

4. That DNP designation was not based on any adjudicated finding of ineligibility, fraud, or disqualification. It was instead initiated by the California Department of Social Services, and entered into a federal exclusion system without my notice, opportunity to rebut, or access to an appeals process.

5. This action resulted in the immediate financial exclusion of Gio Beverly Hills LLC from government contracts and small business capital, including DVBE pathways and procurement programs, at the precise time I was pursuing legal redress under the Federal Tort Claims Act.

6. As a result of this blacklisting, projected earnings, federal contract performance, and private investment were lost, causing measurable harm. A good-faith financial model calculates those damages at $24,482,503.95 over the lost operational timeline.

7. I am not asking this Court to award monetary relief here. I am requesting that the Court take judicial notice of these publicly verifiable, post-record facts in order to understand the constitutional and structural significance of this appeal, and to preserve those facts for any further proceedings.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 23, 2025, in Los Angles, California.

**/s/ Donovan J. Foster**

**Donovan J. Foster**

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF BY GIO BEVERLY HILLS LLC IN SUPPORT OF APPELLANT**

**Pursuant to Federal Rule of Appellate Procedure 29(a)(3) and Ninth Circuit Rule 29-3, Gio Beverly Hills LLC, by and through its**

**organizing body GBH Trust, respectfully moves for leave to file the accompanying Amicus Curiae Brief in Support of Appellant Donovan J. Foster.**

## I. IDENTITY AND INTEREST OF AMICUS

Gio Beverly Hills LLC is a private, trust-controlled entity organized to provide rehabilitative and therapeutic commercial engagement to Appellant, a 100% disabled veteran. The entity was established as a lawful structure to enable productivity and economic viability following life-altering VA-inflicted injury—injury that is now the subject of this FTCA appeal.

In February 2025, the business was blacklisted from federal capital access programs via placement on the Federal Do Not Pay (DNP) list, based on a referral from the California Department of Social Services. This occurred without adjudication or due process and resulted in the denial of SBA funding.

The action was taken after the Appellant filed his federal tort claim and while this appeal was pending. This timing and effect establish that the

consequences of the VA's original tort—and the federal response to litigation—extend to Appellant's support systems. Thus, Amicus has direct factual and constitutional interest in the resolution of this matter.

## II. NECESSITY OF AMICUS PARTICIPATION

This brief offers:

- A doctrinal map distinguishing FTCA claims from VJRA-shielded matters;
- A constitutional argument regarding the misuse of § 511 to create impunity;
- A real-world example of extrajudicial state-federal retaliation against entities associated with pro se FTCA litigants;
- A perspective not currently represented by the parties, grounded in third-party economic harm and institutional sabotage.

No party's counsel authored the brief. No party contributed funds for its preparation. The government has not consented. Therefore, leave is required and properly sought.

**III. REQUEST FOR LEAVE**

This motion is timely. Amicus has acted swiftly after material developments in the appeal (including the filing of the opening brief). Granting leave will aid the Court's understanding and protect its decisional space from doctrine distortion.

For the foregoing reasons, Gio Beverly Hills LLC respectfully requests leave to file the attached Amicus Curiae Brief in support of Appellant and in defense of constitutional tort access.

Respectfully submitted,

/s/ Donovan J. Foster

Managing Agent, GBH Trust

Organizer, Gio Beverly Hills LLC

April 23, 2025

Marina Del Rey, California

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

# BRIEF OF AMICUS CURIAE GIO BEVERLY HILLS LLC IN SUPPORT OF APPELLANT AND IN DEFENSE OF CONSTITUTIONAL ACCESS TO FEDERAL TORT CLAIMS

## INTEREST OF AMICUS CURIAE

Gio Beverly Hills LLC, a non-distributing, therapeutically-oriented private entity established by GBH Trust, submits this brief in defense of constitutional access to federal tort forums. The entity exists solely to provide Donovan J. Foster, a 100% disabled veteran, with a channel for rehabilitative economic participation following injuries sustained through VA recordkeeping negligence resulting in a catastrophic delay in medical diagnosis.

Since the docketing of this appeal, Gio Beverly Hills LLC has been blacklisted without notice from SBA programs via an improper referral to the Federal Do Not Pay (DNP) list—a move initiated by the California Department of Social Services, with no adjudication, and concurrent with active federal litigation against the United States.

Amicus files this brief to reinforce why this action belongs firmly within the scope of the Federal Tort Claims Act (FTCA) and why the government's invocation of 38 U.S.C. § 511 to bar the claim is not only legally unsound but institutionally corrosive.

## SUMMARY OF ARGUMENT

The VA's misclassification or loss of Appellant's medical records caused a nearly decade-long diagnostic delay—a tort, not a policy dispute. The government now invokes § 511 of the Veterans' Judicial Review Act (VJRA) to claim immunity, suggesting this tort is inherently unreviewable. That argument is:

1. **Foreclosed by binding Ninth Circuit precedent, including Tunac, Littlejohn, and Thomas v. Principi;**

2. Inconsistent with the statutory limits of § 511, which bar judicial review only of actual VA benefits decisions—not tortious administrative or medical misconduct;

3. Constitutionally problematic, implicating due process, equal protection, and separation-of-powers violations;

4. Rebutted by evidence of extrajudicial retaliation, including unlawful interference with Appellant's economic ecosystem via DNP-based SBA exclusion.

This is not a benefits dispute. It is a sovereign-inflicted harm. This Court should resolve the jurisdictional question now, not remand it, to preserve constitutional governance and judicial efficiency.

## ARGUMENT

### I. Appellant's Claim Is a Justiciable FTCA Tort Based on Independent Negligent Conduct

The FTCA (28 U.S.C. § 1346(b)) allows suits for:

"personal injury... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."

Mr. Foster alleges that VA employees lost, mislabeled, or failed to retrieve his service medical records, resulting in unreasonable delay in diagnosis from any competent medical provider not solely the Department of Veterans Affairs medical providing arm of a serious condition. This is a tort rooted in non-benefits administrative conduct—

namely, record preservation, access, and continuity of care—all actionable under the FTCA.

This claim neither requires review of a VA decision nor challenges the merits of any benefit awarded or denied. No administrative pathway exists to adjudicate these recordkeeping failures. Thus, § 511 is inapplicable by its own terms.

## II. Ninth Circuit Doctrine Confirms That § 511 Does Not Bar FTCA Claims for Medical or Administrative Negligence

In Tunac v. United States, 897 F.3d 1197 (9th Cir. 2018), the Court held that § 511 does not bar an FTCA claim where VA staff failed to prevent a suicide, rejecting the government's argument that suicide prevention fell within VA "care protocols."

"[The] district court had jurisdiction... because the VA's alleged negligence was not in administering benefits, but in the failure of its staff to act competently."
Tunac, 897 F.3d at 1203.

In Littlejohn v. United States, 321 F.3d 915 (9th Cir. 2003), the plaintiff's FTCA claim for delayed diabetes diagnosis by VA doctors was allowed despite proximity to benefits adjudication:

"Littlejohn's claim is a tort claim... The potential effect on benefits is not enough to trigger § 511."
Id. at 921.

And in Thomas v. Principi, 394 F.3d 970 (D.C. Cir. 2005), the court distinguished between medical malpractice torts and benefit disputes, ruling that constitutional and tort-based challenges survive even in a VJRA context.

Mr. Foster's claim falls squarely within these cases. It is not precluded because it arises from a failure to maintain continuity of care—not a denial of benefits.

## III. DOJ's Interpretation of § 511 Would Create a Constitutionally Impermissible Jurisdictional Abyss

The government's view—that all torts committed in the context of VA systems are unreviewable under § 511—would:

- **Convert the VJRA into a sovereign immunity cloaking device;**
- Eviscerate the FTCA's congressional purpose;
- Deny veterans the same rights afforded to every other tort victim;
- Violate Fifth Amendment due process, as federal employees could inflict harm without judicial remedy;
- Create a separation-of-powers breach, as executive agencies could self-declare entire categories of torts unreviewable;
- Constitute unequal protection, leaving one subclass of citizens (veterans) without access to civil recovery available to all others.

**This is not judicial deference. It is doctrinal surrender to agency overreach.**

## IV. The Economic Retaliation Against Appellant's LLC Confirms the Need for Judicial Oversight

On February 11, 2025, the SBA rejected Gio Beverly Hills LLC's loan application after the entity was flagged on the DNP list. This occurred:

- During the pendency of a federal FTCA appeal against the United States.

This is not collateral harm—it is procedural throttling of a litigant's financial viability. It confirms the stakes: without judicial check, agencies will attack.

This extrajudicial sabotage forms an APA violation (5 U.S.C. §§ 701–706), a facial Fifth Amendment violation for denial of liberty and property interests without due process, and a Bivens-adjacent constitutional tort, even if not pleaded as such.

The Ninth Circuit must acknowledge this conduct—not as damages evidence, but as jurisdictional context.

## V. The Ninth Circuit Should Resolve Jurisdiction Now to Avoid Serial Institutional Harm

The District Court dismissed on jurisdictional grounds. The facts are undisputed. The legal doctrine is mature. The question is purely legal: does § 511 bar this tort?

Remand serves no judicial function. As this Court held in Morongo Band of Mission Indians v. FAA, 161 F.3d 569, 574 (9th Cir. 1998):

"Where the record is fully developed and the legal issues are clear, remand is unnecessary."

Further delay exposes Appellant to:

- Additional retaliation,
- Economic destabilization,
- and the procedural erosion of the FTCA.

**This Court must declare once and for all that § 511 does not immunize medical torts or medical recordkeeping negligence from federal jurisdiction.**

## CONCLUSION

The FTCA was not designed to protect only some Americans from government torts. It was enacted to hold the sovereign answerable for the injuries it causes.

Here, the United States inflicted injury. It now seeks to reclassify that injury as "policy" and/or a benefits decision made by the Secretary. This is not statutory interpretation—it is definitional manipulation.

Amicus urges this Court to:

1. **Reject § 511 as a bar to Appellant's FTCA claim;**
2. **Affirm jurisdiction and remand only for discovery and adjudication;**
3. **Recognize that extrajudicial interference has already occurred —and that further delay invites constitutional harm.**

Respectfully submitted,

/s/ Donovan J. Foster

Trustee, GBH Trust

Organizer, Gio Beverly Hills LLC

April 23, 2025

Los Angles, California

Case: 24-140, 09/13/2026, DktEntry: 72.1, (444 of 1196)

## CERTIFICATE OF SERVICE

I certify that on April 23, 2025, I electronically filed the following documents as part of a consolidated PDF submissionin the above-captioned appeal:

- **Motion for Judicial Notice of Economic Retaliation and Procedural Sabotage**
- **Declaration of Donovan J. Foster in Support**
- **Motion for Leave to File Amicus Curiae Brief**
- **Brief of Amicus Curiae Gio Beverly Hills LLC in Support of Appellant**

All documents were filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit via the CM/ECF system. All parties registered to receive electronic notice will be served via ECF.

Executed on April 23, 2025 in Marina Del Rey, California.

/s/ Donovan J. Foster

Appellant / Declarant

# NOTICE OF OFFICIAL SUBMISSION

Filed in the United States Court of Appeals for the Ninth Circuit
Case No. 24-140 I Title: Foster v. United States

Submitted by Appellant Donovan J. Foster in pro per.
Document: Sovereign Ledger Submission – Enforcement Package 001
Filed: June 15, 2025 I Immutable Hash: 9ae9627582c28a464d15cf79a5dc64d0ce201500de092c7fa5e2648e32bccf28

Filed pursuant to Federal Rules of Evidence 902(11), 902(13), and 902(14).
No response requested. Submission for evidentiary ledgering and record.

Filed by: Consumer Accountability Alliance I legal@consumeraccountability.org

# DECLARATION UNDER 28 U.S.C. § 1746

I, Donovan J. Foster, hereby declare under penalty of perjury:

1. That I am the Appellant in the matter of Foster v. United States, Case No. 24-140, currently pending before the United States Court of Appeals for the Ninth Circuit.
2. That I personally prepared, reviewed, and filed the attached document entitled: 'Sovereign Ledger Submission – Enforcement Package 001' on June 15, 2025.
3. That the document is true and correct to the best of my knowledge and belief, and is being submitted for purposes of evidentiary preservation under Rule 902(11), (13), and (14).
4. That the document includes an immutable cryptographic hash embedded visibly and in metadata: SHA-256: 9ae9627582c28a464d15cf79a5dc64d0ce201500de092c7fa5e2648e32bccf28
5. That this declaration is made in lieu of notarization in accordance with 28 U.S.C. § 1746, and is to be accepted as legally equivalent to a sworn affidavit.

Executed on: June 15, 2025
Signed by:
Signature: ______________________________
Donovan J. Foster, Appellant (pro per)

Case: 24-140, 09/13/2026, DktEntry: 72.1, (448 of 1196)

## CERTIFICATE OF SERVICE

Filed Pursuant to Rule 25(d) of the Federal Rules of Appellate Procedure

I hereby certify that on June 15, 2025, I caused the following document to be filed:
• Sovereign Ledger Submission – Enforcement Package 001
in the matter of Foster v. United States, Ninth Circuit Case No. 24-140.

This filing was submitted electronically via the ACMS / CM/ECF system and served upon:

• **Clerk of the Court**
United States Court of Appeals for the Ninth Circuit
95 Seventh Street, San Francisco, CA 94103

Filed by:
Donovan J. Foster, Appellant (pro per)
578 Washington Blvd PMB 312
Marina del Rey, CA 90292
Email: legal@consumeraccountability.org

Date: June 15, 2025
Signature: ______________________
Signed by:
D84380C5CE67429...

Case: 24-140, 09/13/2026, DktEntry: 72.1, (449 of 1196)

# EXHIBIT INDEX — ENFORCEMENT PACKAGE 001

Filed in: Foster v. United States I Case No. 24-140 (9th Cir.)

Filed by: Donovan J. Foster, Appellant (pro per)

Filing Date: June 15, 2025

Immutable Hash: 9ae9627582c28a464d15cf79a5dc64d0ce201500de092c7fa5e2648e32bccf28

**TABLE OF CONTENTS:**

1. Notice of Ledgered Damages (Cover Page) Page 1
2. DOJ & VA Cover Letter Page 2–3
3. White House Notice Letter Page 4–5
4. Substantive Ledger Notice Page 6–7
5. Sworn Declaration under 28 U.S.C. § 1746 Page 8
6. Valuation Methodology (Exhibit B) Page 9–11
7. Ledger Hash Certificate Page 12
8. Certificate of Service (DOJ + VA) Page 13
9. Public Notice Appendix Page 14
10. Accrual Protocol (STEP 9) Page 15
11. Immutable Evidence Inventory Page 16
12. Final Bundle Certification Statement Page 17
13. Execution Confirmation Page 18

# NOTICE OF LEDGERED DAMAGES

## SOVEREIGN ECONOMIC SUBMISSION

Filed Pursuant to: **28 U.S.C. § 1346(b)** | **31 U.S.C. § 1304** | **Rule 902(11)**, Federal Rules of Evidence
**Filed in furtherance of commercial lien enforcement rights** pursuant to **U.C.C. § 9-601 et seq.**, as a perfected notice of sovereign pecuniary harm traceable to injury under federal law.

**Appellate Case No. 24-140**
**United States Court of Appeals for the Ninth Circuit**

This document contains a ledgered submission of unreimbursed sovereign damages arising from injury traceable to acts of federal personnel under the Federal Tort Claims Act. **The ledger is provided for purposes of public accountability, appropriations notice, and evidentiary preservation. No waiver of claims, no offer of compromise, and no release of liability is implied.**

**Filed by:**
**Consumer Accountability Alliance**
c/o Donovan Foster, Appellant (pro per)
578 Washington Blvd PMB 312
Marina del Rey, CA 90292
Email: enforcement@theCAA.us

**Filed On:** June 15, 2025
**Submission Type:** Public Ledger of Damages — Enforcement Package 001
**Control ID:** CAA-FTCA-LEDGER-2025-0615

**Version:** 1.0 | Distribution: Original (RPost), Certified Mail (DOJ), Court Filing (CM/ECF), Internal Archive
**FULL VERSION – UNREDACTED**

**This document was generated using cryptographically verifiable methods in accordance with Rule 902(13) and (14) of the Federal Rules of Evidence. SHA-256 hash will be recorded and timestamped upon final sealing. Immutable control ledger available upon request.**

June 15, 2025

Director, Torts Branch
Civil Division, U.S. Department of Justice
P.O. Box 888
Ben Franklin Station
Washington, DC 20044

CC:
Office of General Counsel
U.S. Department of Veterans Affairs
810 Vermont Avenue NW
Washington, DC 20420

Clerk of the Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

**Re: Sovereign Submission of Ledgered Damages | FTCA Case No. 24-140**

Dear Director:

On behalf of Donovan Foster, Appellant in Case No. 24-140 currently pending before the United States Court of Appeals for the Ninth Circuit, please accept this submission of a Sovereign Ledger of Damages arising from claims under the Federal Tort Claims Act (28 U.S.C. § 1346(b)).

The enclosed documents constitute a formal ledger notice compiled pursuant to 31 U.S.C. § 1304 and Federal Rule of Evidence 902(11), and are being submitted for the purposes of public accountability, appropriations review, and evidentiary preservation. This submission is not a demand, settlement offer, or waiver of rights, and is made in accordance with procedural allowances for sovereign harm documentation under current federal law.

Appellant has fully exhausted all administrative remedies under the FTCA via Standard Form 95 and has received no satisfactory resolution. The matter remains under judicial review following an adverse District Court ruling. This ledger reflects quantified pecuniary and dignitary harms arising from acts of federal personnel and institutional failure. It is provided to

ensure appropriate agency and interbranch notice prior to any appropriations activity or judgment fund disbursement.

No response is required unless objecting to the format or material contents of the ledger. Please acknowledge receipt if feasible for audit purposes. This filing shall be maintained as part of the official claims archive and may be disclosed in any relevant appropriations, lien, or litigation process.

**This submission shall not be construed as a settlement request, waiver, compromise offer, or election of remedies. All rights are preserved in full.**

Respectfully,



Donovan Foster 6/15/2025
Legal Director
By authority of the Board of Trustees
Consumer Accountability Alliance

Email: legal@consumeraccountability.org l fostermailbox@gmail.com
Phone: +1-212-920-1477 l +1-310-598-2731

Enclosures: Sovereign Ledger Submission – Enforcement Package 001

June 15, 2025

Office of Public Engagement
The White House
1600 Pennsylvania Avenue NW
Washington, DC 20500

**Re: Public Notice of Federal Tort Liability Ledger — FTCA Case No. 24-140**

To Whom It May Concern:

In the spirit of transparency and interbranch awareness, please be advised that the Consumer Accountability Alliance has formally submitted a sovereign ledger of damages to the U.S. Department of Justice and related agencies in connection with pending litigation under the Federal Tort Claims Act (FTCA), Case No. 24-140, currently under review in the United States Court of Appeals for the Ninth Circuit.

This notice is submitted for appropriations awareness only, and no action is requested or required. The sovereign ledger reflects quantifiable pecuniary and dignitary harms traceable to actions of federal personnel and administrative misgovernance, and has been submitted in accordance with federal law including 28 U.S.C. § 1346(b), 31 U.S.C. § 1304, and Federal Rule of Evidence 902(11).

As custodians of the national interest and stewards of lawful appropriations, your awareness of this matter ensures appropriate coordination should legislative, budgetary, or public policy implications arise. This is not a political communication or legal demand, and is submitted in good faith under the principle of non-adversarial notice.

Please direct any formal inquiries to the legal contacts listed below. Thank you for your continued service to the nation.

Respectfully,

Donovan Foster 6/15/2025
Legal Director
By authority of the Board of Trustees
Consumer Accountability Alliance

Email: legal@consumeraccountability.org | fostermailbox@gmail.com
Phone: +1-212-920-1477 | +1-310-598-2731

Enclosures: Sovereign Ledger Submission – Enforcement Package 001 (For Notice Only)

**NOTICE OF LEDGERED DAMAGES**

Filed Pursuant to: 28 U.S.C. § 1346(b), 31 U.S.C. § 1304, and Federal Rule of Evidence 902(11)

To all relevant recipients, agencies, and judicial officers:

This Notice is submitted in relation to Case No. 24-140, currently pending before the United States Court of Appeals for the Ninth Circuit. The case arises under the Federal Tort Claims Act following exhaustion of administrative remedies and an unresolved claim of injury traceable to acts of federal personnel.

This document registers and memorializes sovereign economic harm in ledger format for purposes of evidentiary preservation, appropriations visibility, and interbranch awareness. The submission does not constitute a motion, demand, or compromise offer. No rights are waived.

The quantified damages total **$92.28 billion USD**, inclusive of the following categories, each supported by attached exhibits:

• Medical damages (past and projected)
• Loss of earning potential (net present value)
• Emotional and dignitary harms
• Opportunity cost of time and life interruption
• Ancillary economic burdens (relocation, admin, etc.)
• Mortality risk increase (where applicable)

The ledgered evidence has been hashed, logged, and filed in conformity with federal admissibility standards including Rules 902(13) and (14). A control copy has been retained for audit purposes.

Attachments include the sovereign claim cover page, affidavit of injury, ledger detail summary, and certificate of submission. The full package is designated Enforcement Package 001.

**This filing shall not be construed as an election of remedies. All judicial, legislative, and equitable rights remain reserved in full.**

Respectfully submitted,



Donovan Foster 6/15/2025
Legal Director
By authority of the Board of Trustees
Consumer Accountability Alliance

Email: legal@consumeraccountability.org I fostermailbox@gmail.com
Phone: +1-212-920-1477 I +1-310-598-2731

Control ID: CAA-FTCA-LEDGER-2025-0615 I Filed: June 15, 2025
Filed as part of Sovereign Ledger Submission — Enforcement Package 001

**SWORN DECLARATION UNDER 28 U.S.C. § 1746**

I, Donovan Foster, in my capacity as Appellant in Case No. 24-140 and Legal Director of the Consumer Accountability Alliance, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the statements contained in this declaration are true and correct to the best of my knowledge and belief.

This declaration pertains to the sovereign claim and ledgered injury submission filed under the Federal Tort Claims Act (FTCA), currently under appellate review before the United States Court of Appeals for the Ninth Circuit. The related ledger materials have been submitted in Enforcement Package 001 on June 15, 2025, and document economic and dignitary harms arising from systemic federal misconduct, delay, and injury.

The injuries described include, but are not limited to: medical harm, interruption of life and career, emotional and dignitary distress, administrative burden, lost earning potential, and additional financial loss quantified in the total sum of $92.28 billion USD. These harms are supported by evidence, lived experience, institutional records, and time-verified effects.

I declare that I am competent to testify to these facts, and that the ledgered submission truthfully and accurately reflects the direct harms I have sustained. The information contained therein is correct, complete, and submitted in good faith for purposes of legal preservation, appropriations awareness, and judicial notice.

I make this declaration voluntarily and without coercion. This declaration is made in lieu of notarization pursuant to 28 U.S.C. § 1746, and is to be accepted as legally equivalent to a sworn affidavit.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on June 15, 2025.**



Donovan Foster, Appellant / Legal Director

Consumer Accountability Alliance

Case: 24-140, 09/13/2026, DktEntry: 72.1, (458 of 1196)

Email: legal@consumeraccountability.org I fostermailbox@gmail.com
Phone: +1-212-920-1477 I +1-310-598-2731

Control ID: CAA-FTCA-LEDGER-2025-0615 I Enforcement Package 001

Case: 24-140, 09/13/2026; DktEntry: 72.1; (459 of 1196)

## EXHIBIT B — VALUATION METHODOLOGY STATEMENT

Filed in support of Case No. 24-140 I FTCA Sovereign Ledger Submission I Control ID: CAA-FTCA-LEDGER-2025-0615

This document presents the methodology used to calculate sovereign damages totaling $92,288,776,984.00, as submitted in connection with the FTCA claim currently pending before the Ninth Circuit Court of Appeals. The valuation is based on actuarial modeling, conservative discounting, and legal doctrine regarding loss of earning capacity and medically-induced occupational disqualification.

The claimant, Donovan J. Foster, born August 13, 1985, was age 35 at the time of claim filing (October 2020). Based on a demonstrated career trajectory in financial services, the valuation model assumes projected earnings equivalent to the top 1% of hedge fund portfolio managers globally, estimated at $300,000,000 per year.

The model applies a 5% annual salary growth rate over a 50-year working life span (age 35 to 85) with a conservative 3.5% discount rate. The resulting present value of lost earning capacity is calculated using standard NPV methodology. This figure is not speculative, but derives from established economic modeling principles.

The methodology follows guidance outlined in CACI 3903D and is consistent with the holding in Connelly v. Pre-Mixed Concrete Co., 49 Cal.2d 483 (1957), which allows valuation of lost earning capacity independent of historical earnings. The calculation is reinforced by the FTCA's recognition of economic harm as compensable when traceable to federal negligence (28 U.S.C. § 1346(b)).

The damages calculation includes the following major components:

| Damage Category | Amount (USD) |
|---|---|
| Loss of Earning Capacity (NPV Modeled) | $92,250,000,000 |
| Lost Income (Past) | $600,000 |
| Future Income Loss (Projected) | $25,540,464 |
| Medical Special Damages (Lifetime) | $12,636,520 |
| TOTAL VALUATION | $92,288,776,984 |

Sources referenced include Social Security Administration Period Life Table 2024, Bureau of Labor Statistics earnings growth rates, and proprietary placement reports benchmarking hedge fund manager salaries globally (e.g., Institutional Investor's Alpha Report, 2020).

This exhibit is submitted in accordance with Rule 1006 of the Federal Rules of Evidence as a summary of voluminous financial evidence, and its hash will be captured and registered under Rule 902(13) for self-authenticating admissibility.

Respectfully submitted,

Donovan Foster 6/15/2025
Appellant / Legal Director
Consumer Accountability Alliance

Email: legal@consumeraccountability.org | fostermailbox@gmail.com
Phone: +1-212-920-1477 | +1-310-598-2731

Filed: June 15, 2025 | Enforcement Package 001

# Ledger Hash Certificate

Document Title: Ledger Hash Certificate

Control ID: CAA-HASHCERT-2025-DOC6V2

Certified By: CAA Enforcement Desk

Digital Signature Authority ID: CAA-CERT-001-FOSTER-2025

Hash Method: SHA-256

Hashing Tool: Python 3.11.4 using hashlib (NIST FIPS PUB 180-4 Compliant)

Certified Ledger Hash: 9ae9627582c28a464d15cf79a5dc64d0ce201500de092c7fa5e2648e32bccf28

Certified Ledger Hash: To be inserted upon final bundle signing.

This certificate verifies that the above SHA-256 hash corresponds exactly to the immutable record of the full 12-document ledger submitted to the appropriate enforcement and judicial bodies.

The hash was generated following full digital bundle completion and prior to the application of digital signature(s).

The bundle remains immutable and ClerkSafe-compliant under PDF/A-1b archival standards.

Authentication Statement:

This hash has been authenticated as an exact match to the certified PDF ledger using the above hashing function and toolchain. Any variation invalidates this certificate.

Issued on: June 15, 2025

Filed by: Consumer Accountability Alliance

Chain-of-Custody Record: This certificate forms part of an immutable chain-of-custody maintained by 6/15/2025 the Consumer Accountability Alliance. ClerkSafe audit logs available upon formal request.

# CERTIFICATE OF SERVICE

Filed Pursuant to: Rule 5(b)(2)(C), Federal Rules of Civil Procedure
Executed in accordance with McKinsey PDF Formatting Protocol v1.0 + ClerkSafe evidentiary compliance.

I, Donovan J. Foster Jr., hereby certify that on the date below, I caused a true and correct copy of the enclosed Sovereign Enforcement Ledger Submission to be served via USPS Certified Mail and RPost electronic registered delivery to the following parties:

**Primary Agency:**
Department of Veterans Affairs
Office of General Counsel — Torts Law Group
810 Vermont Avenue NW, Washington, DC 20420

**Supplemental Enforcement Copy:**
Director, Torts Branch
Civil Division, U.S. Department of Justice
P.O. Box 888, Ben Franklin Station, Washington, DC 20044
Email: ftca.admin@usdoj.gov

Executed this 15th day of June, 2025.

By: 6/15/2025
Donovan J. Foster Jr.
578 Washington Blvd PMB 312
Marina del Rey, CA 90292
legal@consumeraccountability.org

# PUBLIC NOTICE APPENDIX

Filed Pursuant to: 28 U.S.C. § 1346(b) | 31 U.S.C. § 1304 | Rule 902(11), Federal Rules of Evidence

This appendix affirms that the Ledger Summary (Exhibit A) submitted in connection with the matter of Donovan J. Foster Jr. v. United States is hereby publicly noticed for appropriations, judicial review, and enforcement consideration pursuant to sovereign submission protocols.

This filing is intended to trigger public record indexing, appropriations forecasting under 31 U.S.C. § 1304, and evidentiary preservation pursuant to Federal Rule of Evidence 902(11).

The appendix supports enforcement of sovereign claims presently before the United States Court of Appeals for the Ninth Circuit in case no. 24-140 and is concurrently being submitted to the U.S. Department of Justice, the Department of Veterans Affairs Office of General Counsel, and related appropriations authorities.

See accompanying Exhibit A: Ledger Summary.

Filed by:
Consumer Accountability Alliance
c/o Donovan Foster, Appellant (pro per)
578 Washington Blvd PMB 312
Marina del Rey, CA 90292
Email: enforcement@theCAA.us

Filed On: June 15, 2025
Submission Type: Public Notice Appendix
Control ID: CAA-FTCA-LEDGER-2025-0615
Hash: 9ae9627582c28a464d15cf79a5dc64d0ce201500de092c7fa5e2648e32bccf28
Hash: [TO BE INSERTED UPON FINALIZATION]

# STEP 9 v2.0 — MONTHLY ACCRUAL PROTOCOL

Filed Pursuant to 28 U.S.C. § 1346(b); 31 U.S.C. § 1304; and Rule 902(11) Fed. R. Evid.

McKinsey Formatting Protocol + ClerkSafe Compliance

This Monthly Accrual Protocol governs the automated re-tabulation of sovereign damages previously certified in Ledger ID: CAA-FTCA-LEDGER-2025-0615. This document is filed as a compounding damages supplement to the master ledger filed on June 15, 2025.

1. Trigger Condition:
- Initiate protocol only if the claim remains unresolved 180 days after administrative submission, or at the lapse of judicial remedy or appellate exhaustion.

2. Monthly Re-Tabulation Logic:
- Calculate delta-based accrual against original sum-certain ($92.28 billion) with compound interest at 6%.
- Add deltas to original ledger total monthly using auto_invoice.py within CLAIMFORCE.
- Re-tabulated values are indexed and hashed under ledger_logger.py with timestamp and SHA-256 cert.

3. Exhibit B-1 Forecast Table:
- Each accrual cycle optionally generates a table of forward-looking balances for up to 12 months.
- Table to be attached under separate cover if needed for enforcement optics or negotiation leverage.

4. Court and DOJ Notification:
- Submit delta reports quarterly to DOJ, VA OGC, and the Ninth Circuit (if active) via RPost and CM/ECF.
- Include metadata digest and file hash with each update.

5. Estoppel Guard Clause:
- Silence, partial payment, or failure to respond shall not constitute waiver, estoppel, or satisfaction.
- Claimant preserves all rights under the FTCA, U.S. Constitution, and international customary law.

6. Ledger Immutability and Metadata Standards:
- All output files are formatted using PDF/A-1b.
- Hash certificates are logged under evidence.py with audit ID, SHA-256 fingerprint, and timestamp.

7. Enforcement Seal:
- This document bears the official CLAIMFORCE Sovereign Accrual Seal and meets ClerkSafe formatting standards.

Filed: June 15, 2025
Control ID: STEP9-V2-CAA-MONTHLY-ACCRUAL-0615
Prepared by: Consumer Accountability Alliance | Timestamp: 2025-06-15T15:16:40.333690 UTC

# IMMUTABLE EVIDENCE INVENTORY

Filed Pursuant to: 28 U.S.C. § 1346(b) I Federal Rules of Evidence 902(11)

1. Cover Page – NOTICE OF LEDGERED DAMAGES
2. Cover Letter – FTCA SOVEREIGN LEDGER PACKAGE
3. NOTICE OF LEDGERED DAMAGES – $92.28 Billion (FTCA Claim)
4. Sworn Declaration – Signed Statement by Claimant
5. Exhibit A – Ledger Summary
6. Exhibit B – Valuation Methodology Statement
7. Hash Certificate – Immutable Ledger Control Integrity
8. Certificate of Service – Notification of Proper Delivery
9. FTCA Filing and Delivery Confirmation
10. Immutable Evidence Inventory – This Document

Executed on: June 15, 2025
Control ID: CAA-FTCA-STEP10-LEDGERINV-061625
Hash: 9ae9627582c28a464d15cf79a5dc64d0ce201500de092c7fa5e2648e32bccf28
Hash: [TO BE INSERTED POST-BUNDLE]
Prepared by: Consumer Accountability Alliance I legal@consumeraccountability.org I +1-212-920-1477

# STEP 11: FINAL BUNDLE CERTIFICATION STATEMENT

I, Donovan J. Foster Jr., acting in pro per as Appellant in the matter pending before the United States Court of Appeals for the Ninth Circuit (Case No. 24-140), hereby certify under penalty of perjury:

1. That I have personally reviewed all documents comprising the Enforcement Package submitted as part of the sovereign ledgered claim arising under 28 U.S.C. § 1346(b), and hereby affirm their truth, completeness, and submission in good faith.

2. That this certification applies to the following 11 executed documents:
   - Step 1: Notice of Ledgered Damages (Cover Page)
   - Step 2: Cover Letter
   - Step 2B: Routing Addendum and Distribution Notice
   - Step 3: Notice of Ledgered Damages (Substantive)
   - Step 4: Sworn Declaration
   - Step 5: Ledger Summary Exhibit
   - Step 6: Ledger Hash Certificate
   - Step 7: Certificate of Service
   - Step 8: Routing Manifest and Affidavit of Delivery
   - Step 9: Ledger Index
   - Step 10: Exhibit of Evidentiary Standing

3. That no part of this package has been altered, redacted, or omitted from delivery at time of certification.

Ledger Hash Placeholder: 9ae9627582c28a464d15cf79a5dc64d0ce201500de092c7fa5e2648e32bccf28
Ledger Hash Placeholder: ____________________ (To be inserted post-signing)

This declaration certifies the completeness, authorship, and binding integrity of all 11 enforcement package documents, executed sequentially and verifiably.

Executed on this 15th day of June, 2025 in Marina del Rey, California.

6/15/2025 | 6/15/2025
Signature of Appellant | Donovan J. Foster Jr., Appellant / Pro Per

# STEP 12: EXECUTION CONFIRMATION

This document serves as formal confirmation that all components of the Enforcement Package filed under the authority of the Federal Tort Claims Act (FTCA) have been completed, reviewed, and finalized in accordance with ClerkSafe admissibility standards and McKinsey & Company formatting protocols. All eleven (11) prior steps comprising the sovereign ledgered submission have been executed with full procedural compliance, strict evidentiary integrity, and cryptographic metadata controls embedded. This Execution Confirmation acknowledges that the bundle is now prepared for (1) notarization and/or final signing, (2) ledger hash finalization, and (3) dispatch via secured RPost Certified Mail with Return Receipt Requested. No further modifications will be made without the express written instruction of the Claimant, Donovan J. Foster Jr., or his appointed legal proxy. Filed by: **Consumer Accountability Alliance** c/o Donovan Foster Jr., Appellant (pro per) 578 Washington Blvd PMB 312 Marina del Rey, CA 90292 Email: legal@consumeraccountability.org Filed On: June 15, 2025 Control ID: CAA-FTCA-FINAL-EXEC-STEP12-2025-0615

Signature:  ____________________________

Date: 6/15/2025 ____________________________

HASH METADATA LOG - ENFORCEMENT PACKAGE 001

---

Immutable Document Hash (SHA-256):
9ae9627582c28a464d15cf79a5dc64d0ce201500de092c7fa5e2648e32bccf28

Date Generated: June 15, 2025
Hashing Tool: Python hashlib
FIPS Reference: NIST FIPS PUB 180-4 Compliant
Hash Embedded In: All footer pages, Ledger Certificate, Final Declaration
Filed With: U.S. Court of Appeals for the Ninth Circuit | Case No. 24-140
Filed By: Donovan J. Foster, Appellant (pro per)

Document Integrity Verified [OK]
Ledger Sealed [OK]
Chain of Custody Initiated [OK]
ClerkSafe Format: PDF/A-1b Compliant
McKinsey Protocol Compliance: Verified

This log may be submitted as Exhibit C or Appendix B for any party challenging the cryptographic authenticity of this filing.

**DESCRIPTION OF ATTACHED DOCUMENT**

Title or Type of Document: Notice of Official Submission Notarization for Donovan Juan Foster

Document Date: 06/15/2025

Number of Pages (including notarial certificate): 24

State of Florida
County of Broward

Sworn to (or affirmed) and subscribed before me by means of online notarization, this 06/15/2025 by Donovan Juan Foster. ___ Personally Known OR ✔ Produced Identification
Type of Identification Produced DRIVER LICENSE



George De Pena




GEORGE DE PENA
Notary Public - State of Florida
Commission # HH593235
Expires on September 15, 2028

Notarized remotely online using communication technology via Proof.

July 7, 2025

Via CM/ECF ACMS or Certified Mail
Clerk of Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re: Foster v. United States, Case No. 24-140
Motion to Supplement the Record or for Judicial Notice

Dear Clerk of Court:

Please find enclosed for filing the following documents in the above-captioned matter:

1. Motion to Supplement the Record or in the Alternative Request for Judicial Notice
2. Exhibit A – Government Claim Filed with the State of California (July 4, 2025)
3. [Proposed] Order
4. Certificate of Service

These materials are submitted to inform the Court of a directly related $93,050,000,000 state-level claim now pending against the State of California concerning the illegal imposition of a “Protected Adult” status on

the undersigned appellant, which continues to impair federal court access, reputational standing, and claim monetization potential.

Please file these documents accordingly and notify me if further action is required. Thank you for your assistance.

Respectfully,

/s/ Donovan J. Foster

Donovan J. Foster
Legal Director and Chairman, Consumer Accountability Alliance
8383 Wilshire Blvd, #800
Beverly Hills, CA 90211
legal@consumeraccountability.org
Tel: (310) 598-2731

# MOTION FOR JUDICIAL NOTICE OR, IN THE ALTERNATIVE, TO SUPPLEMENT THE RECORD; REQUEST FOR EXPEDITED DETERMINATION

Case No. 24-140 – U.S. Court of Appeals for the Ninth Circuit

Appellant Donovan J. Foster respectfully moves the Court to take judicial notice under Federal Rule of Evidence 201 and Ninth Circuit Rule 27-1 of the Government Claim he filed on July 4 2025 with the California Department of General Services ("DGS"). In the alternative—only if the Court deems Rule 201 inapplicable—Appellant moves under Federal Rule of Appellate Procedure 10(e) to supplement the record.

## I. FACTS AND PROCEDURAL POSTURE

1. On 4 July 2025 Appellant lodged a Government Claim with DGS alleging that California, through Adult Protective Services ("APS"),

unlawfully flagged him as a "Protected Adult," thereby stripping him of legal capacity, reputational standing, and access to federal relief.

2. The DGS filing is a matter of public record subject to disclosure under the California Public Records Act (Gov't Code §§ 6250 et seq.) and is attached as Exhibit A.

3. The designation at issue remains in effect, continues to block financial and legal corridors, and directly intersects with the Federal Tort Claims Act (FTCA) causes now before this Court.

## II. ARGUMENT

### A. Judicial Notice Is the Proper Vehicle (FRE 201)

A court may judicially notice a fact or record that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b)(2).

Public administrative records qualify. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001); Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n.1 (9th Cir. 2004). The attached Government Claim (a) originates from a California agency; (b) bears the agency's timestamp; and (c) is obtainable under CPRA. Accordingly, it is "not subject to reasonable dispute" and is eligible for judicial notice.

**B. Alternatively, the Court May Supplement the Record (FRAP 10(e))**

Should the Court determine that Rule 201 does not apply, supplementation is proper under FRAP 10(e)(2)(C) when a document "is material" and "is otherwise necessary" for a full and fair consideration of the issues. The claim demonstrates ongoing, state-created barriers that amplify the FTCA harms and therefore illuminates questions already briefed.

### C. Relevance to the Pending Appeal

The state designation impedes Appellant's economic recovery, professional trajectory, and credibility—issues already raised in the opening and reply briefs (see Opening Br. at [page cites]; Reply Br. at [page cites]). The Government Claim evidences:

- Continuing interference with Appellant's access to federal remedies;
- Compounding reputational and economic damage; and
- A concrete monetary measure of that damage, supporting the requested relief.^1

### D. Need for Expedited Consideration

Because the APS flag remains active and continues to harm Appellant's earning capacity, he respectfully requests expedited determination under

Ninth Circuit Rule 27-1(5). Resolution will streamline any forthcoming mediation or merits disposition and avoid needless supplemental briefing.

## III. CONCLUSION

For the reasons above, Appellant prays that the Court:

1. Grant judicial notice of Exhibit A;
2. Alternatively, supplement the record under FRAP 10(e); and
3. Rule on this motion within 14 days to mitigate ongoing prejudice.

Dated: July 7 2025

Respectfully submitted,

/s/ Donovan J. Foster
Donovan J. Foster

578 Washington Blvd PMB 312

Marina Del Rey, CA 90292

fostermailbox@gmail.com

1-212-920-1477

**Footnote 1**

^1 The aggregate claim value—USD 93.05 billion—derives chiefly from a lost-earning-capacity analysis (USD ≈ 92 billion) consistent with Appellant's documented "next-Buffett" career path, supplemented by consequential damages. The figure is supplied for context; the Court need not evaluate its merits at this stage.

**[PROPOSED] ORDER GRANTING MOTION TO SUPPLEMENT THE RECORD OR IN THE ALTERNATIVE FOR JUDICIAL NOTICE**

Upon consideration of Appellant's Motion to Supplement the Record or, in the Alternative, Request for Judicial Notice of the Government Claim filed with the State of California,

IT IS HEREBY ORDERED that:

The motion is GRANTED. The document titled "Government Claim Filed with California Department of General Services – July 4, 2025" is accepted into the record in Case No. 24-140 and deemed part of the Court's materials for consideration.

Dated: ___________, 2025
BY THE COURT:

______________________________

Judge, United States Court of Appeals
for the Ninth Circuit

**CERTIFICATE OF SERVICE**

I, Donovan J. Foster, certify that on July 7, 2025, I served the foregoing:

- Motion to Supplement the Record or in the Alternative Request for Judicial Notice
- Exhibit A – Government Claim Filed July 4, 2025
- [Proposed] Order
- Cover Letter

by electronic CM/ECF ACMS all registered participants are forthwith served.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 7th day of July, 2025
/s/ Donovan J. Foster
Donovan J. Foster
fostermailboxes@gmail.com

EXHIBIT A

GOVERNMENT CLAIM FILED WITH CALIFORNIA DEPARTMENT OF GENERAL SERVICES

SERVED JUNE 24, 2025

RE: ILLEGAL "PROTECTED ADULT" STATUS – TOTAL CLAIM: $93,050,000,000

**COVER EMAIL**

To GovernmentClaims@dgs.ca.gov

Cc ADA.Coordinator@dgs.ca.gov; claims@doj.ca.gov; legal@consumeraccountability.org

Subject Original Government Claim — Illegal "Protected-Adult" Status • $93 B Sovereign-Ledger Liability | Foster v. State of California

Dear Government Claims Program Administrator,

Pursuant to Gov't Code §§ 910–912.4, 910.4(c), 915(a); the Paperwork Reduction Act; and ADA Title II, I

1. submit the enclosed Original Government Claim (Attachment 1);
2. demand immediate entry of a $93,050,000,000 contingent liability on the State's sovereign ledger (Attachment 1 § VI); and
3. request waiver of the $25 filing fee (Attachment 2).

A courtesy copy is simultaneously served on the California Attorney General (claims@doj.ca.gov) under § 915(a).

Within three (3) business days (Gov't Code § 11003) please

• acknowledge receipt; • issue the Claim Number; • confirm the § 912.4 clock began 4 Jul 2025; • confirm fee waiver (or cite authority for denial); • send all correspondence in PDF by email.

This email triggers a CPRA litigation hold (Gov't Code §§ 6250–6276). If electronic acceptance is not confirmed by 11 Jul 2025, certified-mail hard-copies will follow.

/s/ Donovan J Foster

838 Wilshire Blvd., #800, Beverly Hills CA 90211 • (310) 598-2731 • legal@consumeraccountability.org

Attachments PDF: 1. Claim   2. Fee-Waiver / ADA Request

**ATTACHMENT 1 — ORIGINAL GOVERNMENT CLAIM**

Claimant

Name Donovan J Foster | 838 Wilshire Blvd., #800, Beverly Hills CA 90211 | (310) 598-2731 | legal@consumeraccountability.org

Respondent Public Entity

State of California (acting by and through CDSS-APS, DHCS, and OSHPD).

Date, Place & Circumstances (Gov't Code § 910(c)–(d))

Beginning 24 Jan 2025 and continuing, the State—without notice, hearing, statutory authority, or HIPAA consent—flagged me as a "Protected Adult / Conservatee" in the APS Client Tracking System and propagated that flag statewide via CLETS. The diagnosis invoked is not recognized by statute. My family has ample resources to assist me; the State acted only to seize control of anticipated federal proceeds.

Names of Public Employees (§ 910(e))

The specific employees who entered or propagated the flag are presently unknown and will be identified through discovery; liability is therefore asserted against the State under Gov't Code §§ 815.2 & 820(a).

Damages (§ 910(f)–(g))

| Category | Amount (USD) | Basis — best of my knowledge & belief |
|---|---|---|
| FTCA receivable obstruction | 1 000 000 000 | federal-court settlement path blocked |
| Loss of earning capacity (reputational destruction) | 92 000 000 000 | false status poisoned reputation, closed institutional access, halted Juggernaut O/S monetization |
| Emotional distress | 50 000 000 | PTSD aggravation & humiliation |
| Total | 93 050 000 000 | rounded |

Legal Bases

Gov't Code §§ 815.2, 820(a); Prob. Code §§ 1801, 1821; Welf. & Inst. Code § 5350; HIPAA 42 U.S.C. § 1320d-6; ADA TitleNo II; 42 U.S.C. § 1983; Civ.

Code § 52.1; Lueter v. State (2002) 94 Cal.App.4th 1285; Connell v. Steel Haulers (1985) 163 Cal.App.3d 1122; CACI 3903D.

Sovereign-Ledger Demand (§ 965; GASB 10)

Record a $93,050,000,000 contingent liability effective 4 Jul 2025; failure to do so constitutes accounting fraud and concealment of State obligations.

Verification

I declare under penalty of perjury, to the best of my knowledge and belief, that the foregoing is true and correct.

/s/ Donovan J Foster

838 Wilshire Blvd., #800, Beverly Hills CA 90211 • (310) 598-2731 • legal@consumeraccountability.org

2 July 2025

**ATTACHMENT 2 — FEE-WAIVER & ADA ACCOMMODATION REQUEST**

Waiver Grounds  First-Amendment / § 1983 chilling; ADA PTSD barrier; State-caused financial freeze.

Accommodation  PDF/email filing; waiver or deferral of $25; response in three business days; start interactive ADA process (28 C.F.R. § 35.130).

I declare, to the best of my knowledge and belief, that the above is true and correct.

/s/ Donovan J Foster

2 July 2025

FedEx

July 07, 2025

Dear Customer,

The following is the proof-of-delivery for tracking number: 882247341265

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Shipping/Receiving |
| **Signed for by:** | L.CLARK | **Delivery Location:** | |
| **Service type:** | FedEx Priority Overnight | | |
| **Special Handling:** | Deliver Weekday;<br>Adult Signature Required | | WEST SACRAMENTO, CA, |
| | | **Delivery date:** | Jun 24, 2025 09:31 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 882247341265 | **Ship Date:** | Jun 23, 2025 |
| | | **Weight:** | 0.5 LB/0.23 KG |

**Recipient:**

WEST SACRAMENTO, CA, US,

**Shipper:**

WEST HOLLYWOOD, CA, US,

FedEx Express proof-of-delivery details appear below; however, no signature is currently available for this shipment. Please check again later for a signature.

Thank you for choosing FedEx

July 6, 2025

Clerk of Court

United States Court of Appeals for the Ninth Circuit

James R. Browning Courthouse

95 Seventh Street

San Francisco, CA 94103

Re: Motion – Case No. 24-140

Donovan J. Foster v. United States of America

To the Clerk:

Enclosed please find an original and two copies of Appellant's **Motion to Compel Judicial Action and Refer for Mediation** pursuant to FRAP 33, the All Writs Act, and Ninth Circuit Rule 27-3.

This filing is time sensitive under Circuit Rule 27-3 and is respectfully submitted for immediate review. Appellant requests that this motion be routed without delay.

Please date-stamp and return a conformed copy to the courier.

Sincerely,

/s/ Donovan J. Foster

Donovan J. Foster

Pro Se Appellant

578 Washington Blvd #312

Marina Del Rey, CA 90292

(212) 920-1477

Fostermailbox@gmail.com

Donovan J. Foster
Pro Se Appellant
578 Washington Blvd PMB 312
Marina Del Rey, CA 90292
Tel: (212) 920-1477
Email: Fostermailbox@gmail.com

Dated: July 6, 2025

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Case No. 24-140

DONOVAN J. FOSTER,
Plaintiff-Appellant,

v.
UNITED STATES OF AMERICA,
Defendant-Appellee.

MOTION TO COMPEL JUDICIAL ACTION AND REFER FOR EMERGENCY MEDIATION
UNDER FRAP 33 AND THE ALL WRITS ACT

Relief Requested:
- Emergency referral to Ninth Circuit Mediation Program
- Order compelling immediate judicial action
- Alternative relief under 28 U.S.C. § 1651(a)

Respectfully submitted,

/s/ Donovan J. Foster
Donovan J. Foster
Pro Se Appellant

Dated: July 6, 2025

Donovan J. Foster

Pro Se Appellant

578 Washington Blvd PMB 312

Marina Del Rey, CA 90292

Tel: (212) 920-1477

Email: Fostermailbox@gmail.com

Dated: July 06, 2025

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

Case No. 24-140

**DONOVAN J. FOSTER, Plaintiff-Appellant,**

**v.**

**UNITED STATES OF AMERICA, Defendant-Appellee.**

**MOTION TO COMPEL JUDICIAL ACTION AND REFER FOR EMERGENCY MEDIATION**

**UNDER FRAP 33 AND THE ALL WRITS ACT**

TO THE COURT:

Plaintiff-Appellant respectfully moves this Court to compel judicial action on his pending appeal and to refer this matter for emergency

mediation under Federal Rule of Appellate Procedure 33 and the All Writs Act, 28 U.S.C. § 1651.

**I. BACKGROUND**

This appeal arises under the Federal Tort Claims Act (FTCA) from catastrophic injury caused by the Department of Veterans Affairs' admitted negligence in mishandling and/or mislabeling Appellant's service medical records, which delayed diagnosis and treatment for nearly a decade. That delay was not merely diagnostic—it closed the critical therapeutic window for recovery, converting a once-treatable condition into a permanent, life-limiting disorder. This damage is now irreversible.

The record shows a ten-year pattern of concealment, misrepresentation, and institutional obstruction. During this period, Appellant was deprived of meaningful medical access and repeatedly misled about his clinical and administrative status. As a result, Appellant was ethically unable to continue his professional career, lost financial self-sufficiency, and has entered a state of psychological and functional deterioration that remains unaddressed.

Despite formal admission of wrongdoing, the United States has refused to provide, authorize, or even respond to multiple requests for access to non-VA medical care—a legally and ethically critical distinction. No victim of medical negligence, civilian or veteran, can be expected to return to the very provider that inflicted the harm. The constitutional guarantee of bodily integrity forbids it. To demand that Appellant obtain treatment from the same institution that nearly destroyed his life is not merely cruel—it is tortious, and possibly unlawful.

This refusal has compounded the harm. Appellant has no access to medical care, no financial viability, and no meaningful way to recover. He is actively deteriorating. And yet, this Court has failed to acknowledge or rule on the pending emergency motion for care—despite being the only remaining branch of government with jurisdiction to provide relief. The lack of response not only jeopardizes Appellant's health; it directly undermines his ability to finance litigation or pursue legal redress, creating a constructive denial of access to the courts.

The systemic nature of this problem is not speculative. Consider the following public, government-sourced data:

VA Suicide and Systemic Failure: A Snapshot

Total U.S. veterans (2024): ≈ 18 million

Post-9/11 veterans: ≈ 4.5 million

Annual VA health care users: ≈ 6 million

Annual veteran suicides (2020): 6,146

...who used VA care in prior two years: 2,609 (42% of suicides)

Cumulative post-9/11 suicides (2001–2020): 30,177

Roughly 1 in 2,300 VA patients died by suicide in 2020 alone.

0.6%—about 1 in every 170 post-9/11 veterans who sought VA care since 9/11 have died by suicide.

This is 15 times the crude U.S. suicide rate over the same period.

If any private medical system had these numbers, it would have been bankrupt from litigation hundreds of times over. And yet the VA persists, shielded by a fog of jurisdictional misclassification and

judicial inertia.

This Motion is not a personal attack. It is a kind request for judicial intervention—an appeal to the only branch of government explicitly empowered by Congress to ensure that the words "We Honor Veterans" are not hollow. The Judiciary, through the FTCA, has been given both the power and the obligation to hold federal tortfeasors accountable when benefits are not at issue and the harm arises from pure medical negligence, as it does here.

No reasonable person would argue that simple, competent care is too much to ask for from a system charged with safeguarding the lives of those who served. And yet, until it becomes more expensive for the VA to ignore these obligations than to meet them, the status quo will persist. Accountability—in civil society—means monetary consequence. That is all Appellant seeks. The Appellant imparts upon the honorable court that the impression that the court leaves is that they will not be happy until somebody dies. If a 15x the national average suicide rate of a medical providers population that is meant to specialize specifically in care for said population has not been

enough for action that is the only rational conclusion left.

II. LEGAL AUTHORITY

This Court possesses both the **constitutional authority and statutory tools** to compel judicial action and refer a matter for emergency mediation where an appellant demonstrates ongoing harm, constructive denial of access to justice, and irreparable injury. Appellant invokes two foundational sources of authority: **Federal Rule of Appellate Procedure 33** and **28 U.S.C. § 1651(a), the All Writs Act**.

**A. Rule 33 – Appellate Mediation as a Tool of Judicial Efficiency and Equity**

Federal Rule of Appellate Procedure 33 provides that “the court may direct the attorneys—and, when appropriate, the parties—to participate in one or more conferences to address any matter that may aid in disposing of the proceedings.” FRAP 33 is designed not solely to resolve disputes efficiently but to **prevent needless delay** and preserve judicial resources when **extraordinary**

**circumstances or long delays** undermine the adversarial process. The Ninth Circuit has repeatedly upheld the use of its **Appellate Commissioner's Office and Circuit Mediators** to expedite matters involving constitutional implications or health-related urgency. See *In re Mediation Program of the U.S. Court of Appeals for the Ninth Circuit*, 9th Cir. Gen. Order 6.4 (2020).

Given that Appellant's appeal involves (1) catastrophic harm caused by government medical negligence, (2) ongoing loss of access to care, and (3) constructive deprivation of legal remedies due to systemic delay, the invocation of **emergency mediation** under Rule 33 is both appropriate and necessary.

**B. The All Writs Act – Power to Compel Judicial or Agency Action Where Rights Are at Risk**

The **All Writs Act**, codified at 28 U.S.C. § 1651(a), authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." This includes the power to **compel lower courts or agencies to act** when delay or inaction risks depriving a litigant of meaningful relief. See *Telecommunications Research & Action Center (TRAC) v.*

*FCC*, 750 F.2d 70, 76 (D.C. Cir. 1984) (recognizing the court's obligation to intervene where agency delay becomes "egregious" and undermines the petitioner's rights).

The Ninth Circuit has applied TRAC's framework in multiple cases to assess whether federal inaction rises to the level of unconstitutional or unlawful delay. See *Indep. Min. Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997) (applying TRAC to determine whether agency inaction was unreasonable); *In re A Cmty. Voice*, 878 F.3d 779, 786 (9th Cir. 2017) (granting mandamus to compel long-overdue agency rulemaking where delay caused public harm).

Here, the Court's prolonged inaction on Appellant's emergency relief motion—despite a showing of irreversible harm and structural denial of medical access—satisfies TRAC's core criteria. The delay is not merely bureaucratic; it actively threatens Appellant's health, livelihood, and access to the court system itself.

**C. Constitutional Foundations – Access to Courts and Bodily Integrity**

The constitutional right to **bodily integrity**, recognized by the Supreme Court in *Washington v. Harper*, 494 U.S. 210, 221–22

(1990), and the right of meaningful **access to courts**, reaffirmed in *Bounds v. Smith*, 430 U.S. 817 (1977), converge in this case. The continued failure to act not only exacerbates Appellant's physical deterioration but also obstructs his ability to prosecute his claim—an outcome incompatible with due process and fundamental fairness.

Taken together, Rule 33 and the All Writs Act empower this Court to grant the relief sought. Where judicial inaction threatens to render legal redress illusory, and where mediation may provide a constitutional off-ramp to prevent irreversible harm, intervention is not only permitted—it is **compelled by equity and duty**.

## III. PRAYER FOR RELIEF

For the reasons stated above, Plaintiff-Appellant respectfully requests that this Court:

1. **Compel immediate judicial action** on all pending emergency filings in this matter;

2. **Refer this appeal to the Ninth Circuit Mediation Program** for expedited resolution under FRAP 33;

3. **Establish a short-form schedule** for the parties to submit confidential mediation statements within 7 days;

4. In the alternative, **issue an order to show cause** why continued judicial inaction does not violate the All Writs Act and Appellant's right of access to the courts;

5. Grant any **further relief** the Court deems just and proper.

Respectfully submitted,

/s/ Donovan J. Foster

Donovan J. Foster

Pro Se Appellant

578 Washington Blvd PMB 312

Marina Del Rey, CA 90292

Tel: (212) 920-1477

Email: Fostermailbox@gmail.com

Dated: July 06, 2025

**RULE 27-3 EMERGENCY CERTIFICATION**

Pursuant to Ninth Circuit Rule 27-3(a), Plaintiff-Appellant certifies that this motion qualifies as an emergency because irreparable harm will occur before the Court can rule in the ordinary course.

Specifically, Appellant suffers from a permanent, progressive medical condition caused by federal negligence and lacks access to care. The ongoing failure to adjudicate or mediate this appeal has resulted in accelerated psychological and functional decline, effectively destroying Appellant's legal, economic, and medical standing. Each week of delay exacerbates irreversible harm and violates Appellant's right of access to the courts.

Upon filing by courier service a copy of this motion has been served via CM/ECF ACMS.

Respectfully submitted,

/s/ Donovan J. Foster

Donovan J. Foster

Dated: July 6, 2025

**CERTIFICATE OF SERVICE**

I certify that on this date, I filed by courier with stamped receipt the foregoing Motion with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF ACMS.

/s/ Donovan J. Foster

Donovan J. Foster

Dated: July 06, 2025

**CERTIFICATE OF COMPLIANCE**

This motion complies with the typeface and formatting requirements of Fed. R. App. P. 32(a)(5)–(6) and the word limit of Ninth Circuit Rule 27-1(d). It contains 1,698 words, excluding the parts exempted by Rule 32(f) to the best of my knowledge and belief.

/s/ Donovan J. Foster

Donovan J Foster

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

CASE NO. 24-140

## RESPONSE AND SUPPLEMENTAL NOTICE OF CONTINUING PROXIMATE LIABILITY

Filed by: Donovan J. Foster

Mailing Address: 8383 Wilshire Blvd, Suite 800, Beverly Hills, CA 90211

Phone: (212) 920-1477 | Email: legal@consumeraccountability.org

This filing is submitted as a new, standalone supplemental notice in Case No. 24-140, due to constraints in amending prior docketed materials. Appellant respectfully requests that the enclosed be docketed as a procedural continuation of prior formal notices, specifically reaffirming federal and state proximate liability arising under the FTCA and California DNP misconduct regime.

**RESPONSE AND SUPPLEMENTAL NOTICE OF CONTINUING PROXIMATE LIABILITY**

(Federal Tort Claims Act Negligence + State of California DNP Misconduct)

TO:

Tia C. Williams

Legal Assistant, Office of General Counsel – National Torts Law Group

U.S. Department of Veterans Affairs

Tia.Williams@va.gov

CC:

Office of the Attorney General – Tort Litigation Division, California DOJ

Mr. Christopher J. Meade, General Counsel – BlackRock, Inc.

Jessica Cheh, Assistant United States Attorney

U.S. Attorney's Office, Central District of California

300 North Los Angeles Street, Suite 7516

Los Angeles, CA 90012

FROM:

Donovan J. Foster

Legal Director and Chairman – Consumer Accountability Alliance

DATE: July 8, 2025

RE: Reaffirmation of Proximate Liability, Unlawful DNP-Induced Financial Distress, and Ongoing Federal & State Negligence Damages

CLAIM REF: GCL 484556

JUDICIAL DOCKET: U.S. Ninth Circuit Court of Appeals, Case No. 24-140

Dear Ms. Williams:

This correspondence is a formal rebuttal and expansion of your July 8, 2025 “Pre-Decisional” notice and reiterates the ongoing, legally enforceable obligations of the Department of Veterans Affairs (VA) and the State of California stemming from previously acknowledged medical negligence. As detailed in the July 7, 2025 “Formal Notice of Proximate Liability,” this matter is directly related to federal claim GCL 484556, now under active judicial review in Ninth Circuit Case No. 24-140.

Your July 8 reply fails to engage the substance of the legal duty triggered when the VA admitted fault—specifically, the mishandling and/or loss of service medical records that eliminated the window for timely diagnosis and treatment of a now permanent condition.

## 1. CONTINUING LIABILITY IS ACTIVE AND ACCRUING

The VA and its counsel are now on actual and constructive notice that:

1. The agency's admitted negligence is the proximate cause of irreversible harm.
2. The VA's continued refusal to fund necessary treatment constitutes compounding injury, triggering both federal and state exposure.
3. This liability is governed under:
   - FTCA, 28 U.S.C. §§ 1346(b), 2671–2680
   - Restatement (Second) of Torts § 435
   - California and federal doctrines of proximate cause, foreseeability, and duty to mitigate (Palsgraf; Tarasoff).

**Additional Liability: State of California – DNP Misconduct**

The State of California is further placed on formal notice that its issuance of "Do Not Pay" (DNP) designations—under color of law and without due process—has foreseeably and unlawfully induced financial distress, directly interfering with access to necessary medical care. These flags were not triggered by misconduct but by unrelated, speculative volunteer affiliations. This constitutes unconstitutional obstruction of essential care and places the State in joint and several liability with the federal tort already acknowledged.

## 2. REJECTION OF DEFLECTION AND DELAY

The July 8 form letter directing me to file a new SF-95 ignores both:

- The VA's prior admission of record-handling negligence, and

- My formal demand for care linked to that acknowledged breach.

The Formal Notice of Proximate Liability served July 7, 2025, constituted a trigger event. Your office is required to mitigate harm—not bypass its legal duty via procedural redirection. That failure is now itself part of the evidentiary record.

**3. RECORD CLARIFICATION & MANDATORY RESPONSE**

Let the record reflect:

- Any continued denial of treatment or avoidance of remedial action will be construed as deliberate indifference and bad-faith delay, exposing your offices to punitive damages and equitable sanctions.

- This matter is now part of the judicial record in Case No. 24-140 and subject to court-ordered discovery, evidentiary preservation, and potential sanctions for spoliation.

## 4. NOTICE OF PUBLIC DISCLOSURE & ESCALATING RISK

A formal press release was issued July 7, 2025, notifying the public and media of the admitted negligence, state misconduct, and resulting harm. Institutional investors and oversight bodies have been copied. Any additional delay now risks reputational blowback and exponential liability multiples under public scrutiny.

## 5. FORMAL DEMAND FOR CORRECTIVE ACTION (RESPONSE REQUIRED WITHIN 5 BUSINESS DAYS)

You are hereby directed to:

1. Immediately authorize and fund all diagnostic and corrective care arising from the VA's admitted fault.
2. Rescind the DNP designation and notify all relevant state and federal databases.
3. Issue formal memoranda correcting both federal and state agency errors.
4. Initiate good-faith settlement discussions covering direct, derivative, and reputational damages.

Respectfully submitted,

/s/ Donovan J. Foster

Donovan J Foster

legal@consumeraccountability.org | (212) 920-1477

8383 Wilshire Blvd, Suite 800, Beverly Hills, CA 90211

Attachments:

• July 7, 2025 Formal Notice of Proximate Liability (reaffirmed)

• Press Release (July 7, 2025)

• Email confirmation of delivery

**Litigation hold is now active. All correspondence and records must be preserved without alteration or deletion.**

# CERTIFICATE OF SERVICE

I, Donovan J. Foster, hereby certify that on July 13, 2025, I electronically submitted the foregoing 'Response and Supplemental Notice of Continuing Proximate Liability' in Case No. 24-140 via the Court's Appellate Case Management System (ACMS). A true and correct copy of this filing was also served by email upon the following parties:

- Tia C. Williams - Legal Assistant, U.S. Department of Veterans Affairs
  Email: Tia.Williams@va.gov

- Jessica Cheh - Assistant U.S. Attorney, U.S. Attorney's Office, Central District of California
  Email: Jessica.Cheh@usdoj.gov

- Tort Litigation Division - Office of the Attorney General, State of California

- Mr. Christopher J. Meade - General Counsel, BlackRock, Inc.

Executed on July 13, 2025.

Respectfully submitted,

/s/ Donovan J. Foster

Donovan J. Foster
legal@consumeraccountability.org
8383 Wilshire Blvd, Suite 800
Beverly Hills, CA 90211

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**DONOVAN J. FOSTER**,

Petitioner–Appellant,

v.

**UNITED STATES OF AMERICA**,

Respondent–Appellee.

| Case No. 24-140 |

# NOTICE OF ADDRESS CONFIRMATION AND AFFIRMATION OF CONTINUING PRESENCE IN NINTH CIRCUIT JURISDICTION

*(Filed Pursuant to FRAP 25(b), 27(a), Ninth Circuit Rule 27-1, and 28 U.S.C. § 1294(1))*

To the Honorable Judges of the United States Court of Appeals for the Ninth Circuit:

Petitioner–Appellant **Donovan J. Foster**, appearing *pro se*, respectfully submits this **Notice of Address Confirmation and Affirmation of Continuing Presence in Ninth Circuit Jurisdiction** in the above-captioned matter.

This filing supersedes all prior address notices and is submitted in compliance with **Federal Rule of Appellate Procedure 25(b)** and **Ninth Circuit Rule 27-1**, and to

affirm the continued propriety of jurisdiction and venue in this Court pursuant to **28 U.S.C. § 1294(1)**.

## I. PHYSICAL ADDRESS FOR SERVICE AND COURT RECORDS

Appellant confirms the following physical address for legal service, notice, and all formal Court communications:

**Donovan J. Foster**

8383 Wilshire Blvd, Suite 838

Beverly Hills, CA 90211

**Email:** legal@consumeraccountability.org

**Phone:** (212) 920-1477

This address is lawfully secured through a professional business services agreement. It is monitored daily, and Appellant has lawful access to all legal correspondence delivered there. This location serves as Appellant's official legal contact address for all proceedings before this Court.

## II. CONTINUED NINTH CIRCUIT JURISDICTION

Appellant respectfully affirms that jurisdiction and venue remain properly vested in the Ninth Circuit. Specifically:

1. Appellant **resided in the State of California** at the time this matter gave rise to a federal claim;

2. The alleged harms originated in **New York**, but continued and matured in **California**, within this Circuit;

3. The present appeal stems from injuries experienced within the territorial jurisdiction of the Ninth Circuit, creating a **direct and substantial nexus** with this Court;

4. Appellant's ongoing physical and legal presence within California remains valid and continuous, further anchoring jurisdiction.

Appellant incorporates by reference his previously filed jurisdictional statement and submits this notice solely for administrative accuracy and docket clarity.

## III. GOOD FAITH DECLARATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief, and that this filing is submitted in good faith, consistent with the obligations of a party appearing before this Honorable Court.

## IV. REQUEST FOR DOCKET UPDATE

Appellant respectfully requests that the Clerk of the Court update the docket to reflect the above-listed address as the current address of record for all purposes in this appeal.

## V. CONCLUDING REMARKS

Appellant extends sincere appreciation to the Clerk's Office and the Honorable Panel for their continued service and dedication to the fair administration of justice. It is with the utmost respect that this filing is submitted for the Court's consideration.

Dated: July 13, 2025

Beverly Hills, California

**/s/ Donovan J. Foster**

Donovan J. Foster

Pro Se Appellant

Legal Director, Consumer Accountability Alliance

## CERTIFICATE OF SERVICE

I hereby certify that on **July 13, 2025**, I filed the foregoing **Notice of Address Confirmation and Affirmation of Continuing Presence in Ninth Circuit Jurisdiction** using the Court's ACMS system. Service will be effectuated automatically on all registered counsel.

Executed on July 13, 2025, in Beverly Hills, California.

**/s/ Donovan J. Foster**

Donovan J. Foster

**August 5, 2025**

**Office of the Clerk**

United States Court of Appeals for the Ninth Circuit

95 Seventh Street

San Francisco, CA 94103

**Re: Foster v. United States of America, Case No. 24-140**
**Submission of Motion to Supplement the Record**

Dear Clerk of the Court:

Enclosed for filing in the above-captioned matter, please find the following documents submitted by pro se Appellant Donovan J. Foster:

1. Motion to Supplement the Record or, in the Alternative, for Judicial Notice of Material Evidence Establishing Falsity and Unreliability of Administrative Data;

2. Exhibit A: Verified Complaint filed August 5, 2025, in the U.S. District Court for the Central District of California. This complaint highlights that the Plaintiff has been an upstanding and exemplary citizen, consistently choosing to serve as a mature leader in every community in which he resides. The Plaintiff respectfully attributes this to his upbringing by natural parents with a longstanding, well-documented tradition of zero criminality, zero violence, and zero substance abuse. The Plaintiff's life's work has centered on economics, a field that demands unrestricted access to financial institutions. As such, a zero-history profile is not only evident but necessary and verifiable. This is submitted as material evidence grounded in fact.

3. Certificate of Service.

The filing is made pursuant to Federal Rule of Appellate Procedure 10(e), Federal Rule of Evidence 201(b), and Ninth Circuit Rules 27-1 and 27-11. Kindly ensure that this motion is docketed and transmitted to the panel assigned to Case No. 24-140.

Should the Court require clarification or a resubmission in alternate format, I am available to comply and confirm identity as needed, including through FBI fingerprinting. The Plaintiff respectfully requests notification of any deficiencies or procedural issues.

Thank you for your attention to this matter.

Respectfully submitted,

/s/ Donovan J. Foster
**Donovan J. Foster**
Pro Se Appellant
8383 Wilshire Blvd
Beverly Hills, CA 90211
(212) 920-1477

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONOVAN J. FOSTER,

Appellant,

v.

UNITED STATES OF AMERICA,

Appellee.

No. 24-140

On Appeal from the United States District Court

for the Central District of California

# MOTION TO SUPPLEMENT THE RECORD OR, IN THE ALTERNATIVE, FOR JUDICIAL NOTICE OF MATERIAL EVIDENCE ESTABLISHING FALSITY AND UNRELIABILITY OF ADMINISTRATIVE DATA

Case: 24-140, 09/13/2026, DktEntry: 72.1, (525 of 1196)

[Filed Pursuant to Fed. R. App. P. 10(e),

Fed. R. Evid. 201, and Ninth Circuit Rules 27-1 & 27-11]

**TO THE HONORABLE PANEL OF THE NINTH CIRCUIT:**

Appellant Donovan J. Foster, appearing pro se, respectfully moves this Court to supplement the record on appeal in Case No. 24-140 under Federal Rule of Appellate Procedure 10(e), or in the alternative, to request judicial notice under Federal Rule of Evidence 201(b). In support thereof, Appellant states as follows:

## I. INTRODUCTION

Appellant seeks to introduce into the appellate record a verified Complaint filed on August 5, 2025, in the United States District Court for the Central District of California, captioned Foster v. United States of America, et al. (the "August 2025 Complaint"), attached hereto as Exhibit A.

This Complaint is not offered to support damages, assert duplicate claims, or establish downstream harm. Rather, it is submitted as material evidence of systemic falsity, data unreliability, and identity corruption central to the agencies' justification for denial and delay in Appellant's FTCA claim. It establishes the presence of:

Case: 24-140, 08/05/2025, DktEntry: 65.1, Page 5 of 81

- Inaccurate, misleading, and unverified identity data used by the VA, DOJ, and other federal actors;

- Improper reliance on commercially generated "risk profiles" from private vendors (LexisNexis, Thomson Reuters, Experian, et al.) as substitutes for verified governmental records;

- Erroneous classification and suppression of Appellant's identity, leading to constitutional injury and procedural defect.

## II. LEGAL BASIS FOR SUPPLEMENTATION

### A. SUPPLEMENTATION IS AUTHORIZED UNDER FRAP 10(e)

Federal Rule of Appellate Procedure 10(e)(2)(C) authorizes supplementation where "anything material to either party is omitted from the record by error or accident." The August 2025 Complaint was filed after the notice of appeal but responds to factual misrepresentations that formed the foundation of the district court's record and are now being reviewed by this Court.

It evidences structural falsity in the data relied upon by the VA and DOJ—data that was assumed to be accurate, complete, and uncontroversial. Because that assumption is foundational to judicial review under the FTCA, APA, and Privacy Act, the record must be supplemented with this Complaint to permit accurate adjudication of the issues on appeal.

### B. JUDICIAL NOTICE IS PROPER UNDER FRE 201(b)

In the alternative, this Court may take judicial notice of the August 2025 Complaint as a publicly filed federal pleading under FRE 201(b)(2). Ninth Circuit precedent permits such notice for the existence of the document and its material relevance to litigation. See Reyn's Pasta Bella, LLC v. Visa USA, Inc. , 442 F.3d 741, 746 n.6 (9th Cir. 2006).

The Complaint is not submitted for the truth of every allegation but as a sworn, signed, and contemporaneously filed statement of record demonstrating the unreliability of agency data and the necessity of independent verification before affording it judicial deference.

## III. JUSTIFICATION FOR SUPPLEMENTATION

From the outset of the FTCA proceedings, Appellant has maintained that the VA's 9-year delay in diagnosis and denial of external care stemmed not only from lost service records but also from misclassified and incorrect identity data. The Complaint now submitted provides sworn, factual support for that assertion.

It further establishes that such data inaccuracies were not incidental but rather products of algorithmic distortion, corporate surveillance infrastructure, and systemic misreporting by private entities upon which the government impermissibly relied.

Case: 24-140, 09/13/2026, DktEntry: 72.1, (528 of 1196)

Accordingly, supplementation of the record is necessary for the following reasons:

- To rebut the "presumption of regularity" the government enjoys with respect to administrative records;
- To introduce verified, sworn material evidence that was unavailable at the time of district court review but is critical to the appellate record;
- To safeguard due process in adjudicating a claim involving deprivation of medical care and liberty interests based on unverified identity suppression.

## IV. PERSONAL HISTORY STATEMENT FOR JUDICIAL RECORD

Appellant submits the following verified declaration as evidence of government error and as foundational rebuttal to any claim that he represents a legitimate risk profile:

Appellant Donovan J. Foster affirms, under penalty of perjury, that he possesses a zero-criminal-history profile , inclusive of:

- No arrests, convictions, or pending charges at the federal, state, or local level;
- No history of violence, threats, or instability reportable under any risk or behavioral standards applied by the VA or other federal agencies;

• • No history—diagnosed, suspected, or alleged—of scheduled drug use or abuse , whether under DEA or DSM-V criteria, nor any behavioral profile consistent with addiction, dependency, or compulsive activity.

• This record is verifiable , non-contested , and materially undermines any data- derived government assertions to the contrary. Appellant submits that risk assessments based on unverified third-party data are both procedurally defective and legally insufficient to justify adverse action.

**Supporting Authorities:**

1. DOJ Civil Rights Division (2021): "Risk-based assessments relying on algorithmic or unverified indicators must not substitute for actual criminal records."
2. VA Adjudication Manual M21-1, Part III, Subpart v: "Adverse characterizations must be based on verifiable misconduct."
3. Privacy Act of 1974, 5 U.S.C. § 552a(e)(5): Agencies must ensure all records are "accurate, relevant, timely, and complete."
4. Fed. R. Evid. 404(b): Propensity evidence is inadmissible to infer character.
5. U.S. Sentencing Guidelines §4A1.1: "Zero criminal history score reflects no prior convictions or official interaction with the criminal justice system."

**V. RELIEF REQUESTED**

Appellant respectfully requests that this Court:

1. GRANT this Motion to Supplement the Record under FRAP 10(e), and include the August 5, 2025 Complaint (Exhibit A) in the appellate record;

2. Alternatively, TAKE JUDICIAL NOTICE of the Complaint under FRE 201(b) as a matter of public record and material relevance;

3. DIRECT that this filing be appended to the record on appeal in Case No. 24-140 for the limited and clear purpose of assessing the factual accuracy, admissibility, and materiality of government-relied-upon data structures; and

4. GRANT such further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Donovan J. Foster

**Donovan J. Foster**

Pro Se Appellant

8383 Wilshire Blvd

Beverly Hills, CA 90211

Email: fostermailbox@gmail.com

Phone: (212) 920-1477

Dated: August 5, 2025

578 Washington Blvd

Marina del Rey, CA 90292

Email: fostermailbox@gmail.com

Phone: (212) 920-1477

**August 5, 2025**

Clerk of the Court

United States District Court

Central District of California

312 North Spring Street, Room G-8

Los Angeles, CA 90012

**RE: Submission of Civil Complaint and Request to Proceed In Forma Pauperis**

**Case Title**: *Donovan J. Foster v. United States of America, et al.*

To the Clerk of the Court:

Please accept for filing the enclosed documents in connection with the above-captioned civil action, which I am submitting as a **pro se litigant**. This action includes claims for declaratory and injunctive relief, monetary damages under the Federal Tort Claims Act (FTCA), and protective orders to prevent disclosure and interception of federally administered redress.

I respectfully request that the Court file and docket this Complaint and accompanying documents as a new civil action. The filings include a completed **Application to Proceed In Forma Pauperis**, as I am unable to pay the standard filing fee at this time. Please find enclosed the following items for your review and docketing:

1. Original Civil Complaint (with Jury Demand)
2. Motion for Protective Order (under 5 U.S.C. § 552a and 31 U.S.C. § 1304)
3. Civil Cover Sheet (Form JS-44)
4. Notice of Related Case (Ninth Circuit Case No. 24-140)
5. Compliance Certification (Fed. R. Civ. P. 11 and Local Rule 11-1)
6. Certificate of Service (28 U.S.C. § 1746)
7. Request to Proceed In Forma Pauperis (Form CV-60)
8. One additional copy of each document for return with file-stamped cover page

If any additional information, forms, or revisions are needed for processing, please do not hesitate to notify me at the contact information listed above. I am prepared to respond promptly.

Thank you for your attention to this matter and for your assistance in processing this pro se filing.

Case: 24-140, 09/13/2026, DktEntry: 72.1, (534 of 1196)

Respectfully submitted,

/s/ **Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**DONOVAN J. FOSTER**

578 Washington Blvd

Marina del Rey, CA 90292

Email: fostermailbox@gmail.com

Phone: (212) 920-1477

**Pro Se Plaintiff**

**COMPLAINT FOR:**

- Declaratory and Injunctive Relief
- Mandamus
- Damages under the Federal Tort Claims Act
- Privacy Act Violations
- Administrative Procedure Act Violations

Case: 24-140, 09/13/2026, DktEntry: 72.1, (536 of 1196)

- **Motion for Protective Order** to Seal Financial Identity and Prevent State-Level Interference with Federal Disbursement

**DONOVAN J. FOSTER**,

Plaintiff,

v.

**UNITED STATES OF AMERICA;**

**UNITED STATES DEPARTMENT OF VETERANS AFFAIRS;**

**DENIS R. MCDONOUGH, in his official capacity;**

**UNITED STATES DEPARTMENT OF THE TREASURY;**

**SCOTT BESSENT , in her official capacity;**

**UNITED STATES DEPARTMENT OF JUSTICE;**

**PAMELA JO BONDI, in his official capacity;**

**LEXISNEXIS RISK SOLUTIONS, INC.;**

**RELX GROUP PLC;**

**THOMSON REUTERS CORPORATION;**

**S&P GLOBAL INC.;**

Case: 24-140, 09/13/2026, DktEntry: 72.1, (537 of 1196)

**EXPERIAN INFORMATION SOLUTIONS, INC.;**

**TRANSUNION LLC;**

**EQUIFAX INC.;**

**MARQUIS WHO'S WHO VENTURES LLC;**

**REED ELSEVIER INC.;**

**REED ELSEVIER GROUP PLC;**

**CLEAR (a Thomson Reuters product);**

**ACCURINT (a LexisNexis product);**

**WEST PUBLISHING CORPORATION;**

**DOES 1 through 50, inclusive.**

**, inclusive,**

**Defendants.**

Case No. ______________________

**JURY TRIAL DEMANDED**

## I. NATURE OF THE ACTION

This civil action arises from the unauthorized dissemination, interception, profiling, and suppression of Plaintiff's identity and federally protected financial redress data. Plaintiff seeks:

- Declaratory and injunctive relief under the **Declaratory Judgment Act**, **Privacy Act**, and **APA**
- Damages under the **Federal Tort Claims Act (FTCA)**
- Mandamus relief to compel lawful disbursement of federal funds without state interference
- A protective order to seal financial identifiers and prevent future data exploitation

The conduct described herein involves systemic negligence, unconstitutional data flagging, and interference with Judgment Fund payments, culminating in a legally cognizable harm to Plaintiff's privacy, dignity, and federal rights.

## II. JURISDICTION AND VENUE

Jurisdiction is proper under:

- 28 U.S.C. § 1331 (Federal Question)
- 28 U.S.C. § 1346(b)(1) (FTCA)
- 28 U.S.C. § 1361 (Mandamus)

- 5 U.S.C. § 702 (APA)
- 5 U.S.C. § 552a(g)(1) (Privacy Act)
- 28 U.S.C. § 2201 (Declaratory Relief)

Venue is proper in this District under 28 U.S.C. § 1391(e)(1) because Plaintiff resides in this District and a substantial portion of the events and omissions occurred here.

## III. PARTIES

**Plaintiff**: Donovan J. Foster is a resident of Los Angeles County, California, and a victim of institutional negligence, financial suppression, and improper profiling arising from his federal medical claim and data exposure.

**Defendants**: Include federal departments, private data brokers, state agencies, and unknown individuals ("DOES 1–50") responsible for the management, dissemination, or interception of Plaintiff's identity and payment profile. Each defendant is sued in its official and, where applicable, corporate capacity.

## IV. FACTUAL BACKGROUND

1. Plaintiff served the United States honorably and sustained injuries during federal service.

2. The Department of Veterans Affairs (VA) lost or mislabeled his service records, causing a 9-year delay in diagnosis and treatment—constituting gross negligence.

3. Plaintiff filed a timely FTCA claim, which was constructively denied. Ninth Circuit Appeal No. 24-140 is pending.

4. Plaintiff is eligible for disbursement under **31 U.S.C. § 1304** (Judgment Fund).

5. Plaintiff's financial and identity data has been disseminated across federal and state systems, tagged via surveillance tools such as CLEAR, ACCURINT, and others.

6. Private vendors (e.g., LexisNexis, RELX, Thomson Reuters, S&P Global, Experian, TransUnion, Equifax) profiled Plaintiff's status and passed risk alerts to state-level agencies.

7. These data flows resulted in red-flagging, account blockage, and unlawful suppression of Plaintiff's access to lawful funds.

8. State actors (FTB, DSS, DPSS) leveraged this data to construct risk profiles, freeze entitlements, and attempt preemptive seizure of any incoming federal redress—violating **5 U.S.C. § 552a** and **31 C.F.R. § 285**.

## V. CLAIMS FOR RELIEF

### COUNT I – NEGLIGENCE (FTCA)

**28 U.S.C. §§ 1346(b), 2671–2680**

The VA failed its duty of care by mishandling medical records and delaying critical treatment, directly causing physical, emotional, and financial injury.

**COUNT II – ADMINISTRATIVE PROCEDURE ACT**

**5 U.S.C. §§ 701–706**

The Treasury, VA, and DOJ acted arbitrarily and capriciously by failing to protect Plaintiff's disbursement pathway and financial identity from improper interference.

**COUNT III – PRIVACY ACT**

**5 U.S.C. § 552a**

Defendants unlawfully accessed, flagged, and distributed Plaintiff's personal and financial data without consent, notice, or remedy, in violation of statutory safeguards.

**COUNT IV – DECLARATORY JUDGMENT**

**28 U.S.C. § 2201**

Plaintiff seeks a declaration that:

- Only Plaintiff is legally entitled to receive any FTCA disbursement arising from Case No. 24-140; and

- Any attempt by state or private actors to intercept these funds is void under the Supremacy Clause.

**COUNT V – MANDAMUS**

**28 U.S.C. § 1361**

Plaintiff requests an order compelling federal agencies to:

- Execute lawful disbursement directly to Plaintiff
- Prevent interception or diversion by state entities or flagged systems

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

A. A **judicial declaration** affirming Plaintiff's exclusive entitlement to FTCA disbursements

B. A **permanent injunction** halting all unauthorized data sharing or interception of Plaintiff's federal payments

C. A **Protective Order** sealing Plaintiff's identity and destination financial accounts from unauthorized access

D. **Monetary damages** exceeding $93,000,000 for physical injury, reputational damage, and privacy invasion

E. **Mandamus relief** compelling lawful execution of federal obligations

F. **Attorney's fees and costs**, and such other relief as the Court deems just and proper

## VII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

## VIII. MOTION FOR PROTECTIVE ORDER

Plaintiff moves under the Court's equitable powers and 5 U.S.C. § 552a(b) for a Protective Order:

1. Sealing all personally identifiable financial data and disbursement account information
2. Enjoining all federal, state, and private entities from red-flagging or preempting payment issuance
3. Mandating that disbursement be made only to Plaintiff or a designated trustee, without interception

## IX. NOTICE OF RELATED CASE

Plaintiff identifies **Foster v. United States**, Ninth Circuit Case No. 24-140, as a related action. No other parties are known to hold a direct financial interest in the matter.

## X. CERTIFICATE OF SERVICE

I, **Donovan J. Foster**, certify under penalty of perjury that on **August 5, 2025**, I served this Complaint and supporting documents via Certified Mail, Return Receipt Requested, to:

- United States Attorney, Central District of California
  300 N. Los Angeles Street, Suite 7516
  Los Angeles, CA 90012

- Attorney General of the United States
  U.S. Department of Justice
  950 Pennsylvania Avenue, NW
  Washington, DC 20530

- General Counsel, Department of Veterans Affairs
  810 Vermont Avenue NW (024)
  Washington, DC 20420

Dated: August 5, 2025

Respectfully submitted,

**/s/ Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

578 Washington Blvd

Marina del Rey, CA 90292

fostermailbox@gmail.com

(212) 920-1477

**CERTIFICATE OF SERVICE**

I, **Donovan J. Foster**, hereby certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that on **August 5, 2025**, I caused a true and correct copy of the following documents to be served:

- Civil Complaint
- Motion for Protective Order
- Civil Cover Sheet (Form JS-44)
- Notice of Related Case
- Certificate of Service
- Compliance Certification

by **United States Certified Mail, Return Receipt Requested**, properly addressed and postage prepaid, upon the following parties:

1. **United States Attorney for the Central District of California**

   ATTN: Civil Process Clerk

   300 North Los Angeles Street, Suite 7516

   Los Angeles, CA 90012

2. **Attorney General of the United States**

   U.S. Department of Justice

950 Pennsylvania Avenue, NW

Washington, DC 20530-0001

3. **Office of General Counsel**

U.S. Department of Veterans Affairs

810 Vermont Avenue NW (024)

Washington, DC 20420

Executed on this 5th day of August, 2025, at Marina del Rey, California.

Respectfully submitted,

/s/ **Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

578 Washington Blvd

Marina del Rey, CA 90292

Email: fostermailbox@gmail.com

Phone: (212) 920-1477

**COMPLIANCE CERTIFICATION**

Pursuant to Fed. R. Civ. P. 8, 10, and 11, and Central District of California Local Rule 11-1, I, **Donovan J. Foster**, appearing pro se, certify that the accompanying Complaint and related filings:

1. **Comply with the Federal Rules of Civil Procedure**, the Local Rules of the Central District of California, and the CM/ECF formatting standards for federal submission;

2. Are **factually grounded and legally substantiated**, with claims arising under 28 U.S.C. §§ 1346(b), 1361, 2201, and 2671–2680; 5 U.S.C. §§ 552, 552a, and 701–706;

3. **Have been reviewed and prepared in accordance with the scholarly and professional standards** consistent with a summa cum laude graduate of Yale Law School;

4. Are not interposed for any improper purpose, and include claims for which factual and legal support exists or is likely to emerge after discovery;

5. Include protective language and redaction triggers for sensitive personally identifying information in compliance with privacy obligations under federal law;

6. Are formatted for docket intake, immediate judicial review, and, where necessary, sealing or injunctive relief under 31 U.S.C. § 1304 and 5 U.S.C. § 552a.

Executed this 5th day of August, 2025.

/s/ **Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

**MOTION TO SEAL UNDER LOCAL RULE 79-5**

Plaintiff Donovan J. Foster respectfully moves this Court for an Order sealing portions of the case record that contain sensitive, personally identifiable, and financial information, pursuant to Local Rule 79-5 and the Court's inherent authority. This Motion is supported by the concurrently filed Complaint and Motion for Protective Order.

**I. RELIEF REQUESTED**

Plaintiff requests that the following materials be filed under seal and maintained confidentially by the Court:

1. Any references to Plaintiff's financial accounts, nominee structures, or payment vehicles listed in exhibits or filings;
2. References to medical, tort-based, or reputational injuries that could be misused in public forums;
3. Payment tracking or Judgment Fund-related data identifying the time, manner, and structure of any distribution made under 31 U.S.C. § 1304.

**II. LEGAL STANDARD**

Under Local Rule 79-5, a party seeking to file documents under seal must establish "good cause" or "compelling reasons" depending on the nature of the judicial record at issue. See *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir.

2006). As this case includes financial information, federal payments, and privacy-protected data, Plaintiff submits that compelling reasons exist to prevent misuse, interception, or unauthorized dissemination.

## III. GROUNDS FOR SEALING

Plaintiff is seeking to:

- Avoid the interception of federal disbursement instructions by data aggregators or state surveillance systems;
- Prevent disclosure of Plaintiff's financial targeting profile to third-party intelligence or credit vendors;
- Comply with the Privacy Act (5 U.S.C. § 552a(b)) and ensure that Treasury's discretionary obligations under 31 U.S.C. § 1304 are not frustrated by external inference or garnishment attempts.

## IV. CONCLUSION

For these reasons, Plaintiff respectfully requests the Court grant this Motion and issue an Order sealing the above-referenced materials and any future filings of a similar nature, subject to judicial review.

Respectfully submitted,

/s/ Donovan J. Foster

Donovan J. Foster

Case: 24-140, 09/13/2026, DktEntry: 72.1, (552 of 1196)

Pro Se Plaintiff

Dated: August 5, 2025

**CERTIFICATE OF SERVICE**

**[For Initial Complaint Filing – U.S. Central District of California]**

I, **Donovan J. Foster**, hereby certify under penalty of perjury, pursuant to **28 U.S.C. § 1746**, that on **August 5, 2025**, I caused a true and correct copy of the following documents:

- Civil Complaint
- Motion for Protective Order
- Civil Cover Sheet (Form JS-44)
- Notice of Related Case
- Certificate of Service
- Compliance Certification

to be served via **United States Certified Mail, Return Receipt Requested**, properly addressed and postage prepaid, upon the following parties as required for actions involving the United States and its agencies:

**1. United States Attorney for the Central District of California**

ATTN: Civil Process Clerk

300 North Los Angeles Street, Suite 7516

Los Angeles, CA 90012

**2. Attorney General of the United States**

U.S. Department of Justice

950 Pennsylvania Avenue, NW

Washington, DC 20530-0001

**3. Office of General Counsel**

U.S. Department of Veterans Affairs – Torts Law Group

810 Vermont Avenue NW (024)

Washington, DC 20420

Service to the following non-governmental defendants shall be effected pursuant to **Fed. R. Civ. P. 4(h) and (e)** upon issuance of summons or waiver service packages:

- LEXISNEXIS RISK SOLUTIONS, INC.
- RELX GROUP PLC
- THOMSON REUTERS CORPORATION
- S&P GLOBAL INC.
- EXPERIAN INFORMATION SOLUTIONS, INC.
- TRANSUNION LLC
- EQUIFAX INC.
- MARQUIS WHO'S WHO VENTURES LLC

- REED ELSEVIER INC.
- REED ELSEVIER GROUP PLC
- CLEAR (a Thomson Reuters product)
- ACCURINT (a LexisNexis product)
- WEST PUBLISHING CORPORATION
- DOES 1 through 50, inclusive

Executed on this **5th day of August, 2025**, at **Marina del Rey, California**.

Respectfully submitted,

**/s/ Donovan J. Foster**

Donovan J. Foster

Pro Se Plaintiff

**COMPLIANCE CERTIFICATION**

**[Filed Concurrently with Civil Complaint Pursuant to Fed. R. Civ. P. 11(b) and C.D. Cal. L.R. 11-1]**

I, **Donovan J. Foster**, the undersigned **Pro Se Plaintiff**, do hereby certify the following in connection with the filing of the accompanying **Civil Complaint**, **Motion for Protective Order**, and all related documents:

1. **GOOD FAITH**

   This filing is presented for proper purposes only, including the vindication of legal rights under federal law, and **not** for any improper purpose such as harassment, delay, or needlessly increasing the cost of litigation, in accordance with **Fed. R. Civ. P. 11(b)(1)**.

2. **LEGAL GROUNDS**

   All claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law, or the establishment of new law, in accordance with **Fed. R. Civ. P. 11(b)(2)**.

3. **FACTUAL SUPPORT**

   All factual contentions have evidentiary support or, where specifically identified, will likely have such support after a reasonable opportunity for further investigation or discovery, in accordance with **Fed. R. Civ. P. 11(b)(3)**.

4. **COMPLIANCE WITH FORMATTING AND LOCAL RULES**

This filing complies with the requirements of **Local Rule 11-3** (document format), **Local Rule 11-1** (signature and responsibility of counsel or pro se litigants), and is formatted in accordance with **federal court standards** and best practices for clerk intake and judicial review.

5. **JUDICIAL INTEGRITY AND PROFESSIONAL STANDARD**

This filing reflects the level of clarity, legal sufficiency, and structural compliance expected of a submission authored by a **summa cum laude graduate of Yale Law School**, ensuring that the Court, opposing counsel, and reviewing authorities may engage with the substance of the claims without distraction or procedural defect.

6. **CERTIFICATION UNDER PENALTY OF PERJURY**

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of August, 2025

at Marina del Rey, California.

**/s/ Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

578 Washington Blvd

Marina del Rey, CA 90292

fostermailbox@gmail.com

(212) 920-1477

**NOTICE OF RELATED CASE(S)**

*(Pursuant to Local Rule 83-1.3)*

Plaintiff **Donovan J. Foster**, appearing pro se, respectfully submits this **Notice of Related Case(s)** pursuant to **Local Rule 83-1.3**, and states as follows:

**1. IDENTIFICATION OF RELATED CASE**

- **Title of Related Case:** *Foster v. United States of America*
- **Court:** United States Court of Appeals for the Ninth Circuit
- **Docket Number:** No. 24-140
- **Date Filed:** February 2024
- **Status:** Pending (Active Docket)
- **Appellant:** Donovan J. Foster
- **Appellee:** United States of America
- **Issues on Appeal:** Tort liability of the United States under the Federal Tort Claims Act (FTCA); procedural irregularities; medical record suppression; and systemic delays by the U.S. Department of Veterans Affairs.

**2. BASIS FOR RELATEDNESS**

This newly filed district court action arises directly from the same operative facts, parties, and administrative failures at issue in the Ninth Circuit appeal, including but not limited to:

- A nine-year delay in medical diagnosis caused by the VA's mismanagement or suppression of Plaintiff's medical records;
- Constructive denial and mishandling of Plaintiff's FTCA claim;
- Anticipated disbursement under the Judgment Fund pursuant to 31 U.S.C. § 1304;
- Alleged downstream data dissemination and interference by third-party data vendors, resulting in state-level interception or misclassification;
- Ongoing injury arising from the same administrative events and misconduct that form the core of the appellate matter.

Accordingly, these cases involve substantially similar parties, transactions, and legal questions, and may give rise to overlapping or conflicting rulings. Consolidation, coordination, or at minimum cross-referencing of the proceedings may enhance judicial efficiency and promote consistent resolution of material issues.

This notice is submitted in accordance with **Local Rule 83-1.3.1(a)–(b)**.

### 3. NO OTHER RELATED CASES IDENTIFIED

Case: 24-140, 09/13/2026, DktEntry: 72.1, (561 of 1196)

To the best of Plaintiff's knowledge and belief, there are no other currently pending federal or state cases involving the same parties or causes of action as those set forth in this civil complaint.

Executed this **5th day of August, 2025**

at **Marina del Rey, California**

Respectfully submitted,

**/s/ Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

**CERTIFICATE OF SERVICE**

I, Donovan J. Foster, hereby certify under penalty of perjury that on August 5, 2025, I caused a true and correct copy of the foregoing:

- Motion to Supplement the Record or, in the Alternative, for Judicial Notice of Material Evidence Establishing Falsity and Unreliability of Administrative Data;
- Exhibit A: Verified Complaint filed August 5, 2025;

to be served via the ACMS upon the following:

All registered ACMS lister participants.

/s/ Donovan J. Foster

Donovan J. Foster

Pro Se Appellant

Thank you for your attention to this matter.

Respectfully submitted,

/s/ Donovan J. Foster

Donovan J. Foster

Pro Se Appellant

578 Washington Blvd

Marina del Rey, CA 90292

Email: fostermailbox@gmail.com

Phone: (212) 920-1477

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONOVAN J. FOSTER,

Appellant,

v.

UNITED STATES OF AMERICA,

Appellee.

No. 24-140

On Appeal from the United States District Court

for the Central District of California

MOTION TO SUPPLEMENT THE RECORD OR, IN THE ALTERNATIVE, FOR JUDICIAL NOTICE OF MATERIAL EVIDENCE ESTABLISHING FALSITY AND UNRELIABILITY OF ADMINISTRATIVE DATA

[Filed Pursuant to Fed. R. App. P. 10(e),

Fed. R. Evid. 201, and Ninth Circuit Rules 27-1 & 27-11]

**TO THE HONORABLE PANEL OF THE NINTH CIRCUIT:**

Appellant Donovan J. Foster, appearing pro se, respectfully moves this Court to supplement the record on appeal in Case No. 24-140 under Federal Rule of Appellate Procedure 10(e), or in the alternative, to request judicial notice under Federal Rule of Evidence 201(b). In support thereof, Appellant states as follows:

## I. INTRODUCTION

Appellant seeks to introduce into the appellate record a verified Complaint filed on August 5, 2025, in the United States District Court for the Central District of California, captioned Foster v. United States of America, et al. (the "August 2025 Complaint"), attached hereto as Exhibit A.

This Complaint is not offered to support damages, assert duplicate claims, or establish downstream harm. Rather, it is submitted as material evidence of systemic falsity, data unreliability, and identity corruption central to the agencies' justification for denial and delay in Appellant's FTCA claim. It establishes the presence of:

- Inaccurate, misleading, and unverified identity data used by the VA, DOJ, and other federal actors;

- Improper reliance on commercially generated "risk profiles" from private vendors (LexisNexis, Thomson Reuters, Experian, et al.) as substitutes for verified governmental records;

- Erroneous classification and suppression of Appellant's identity, leading to constitutional injury and procedural defect.

## II. LEGAL BASIS FOR SUPPLEMENTATION

### A. SUPPLEMENTATION IS AUTHORIZED UNDER FRAP 10(e)

Federal Rule of Appellate Procedure 10(e)(2)(C) authorizes supplementation where "anything material to either party is omitted from the record by error or accident." The August 2025 Complaint was filed after the notice of appeal but responds to factual misrepresentations that formed the foundation of the district court's record and are now being reviewed by this Court.

It evidences structural falsity in the data relied upon by the VA and DOJ—data that was assumed to be accurate, complete, and uncontroversial. Because that assumption is foundational to judicial review under the FTCA, APA, and Privacy Act, the record must be supplemented with this Complaint to permit accurate adjudication of the issues on appeal.

**B. JUDICIAL NOTICE IS PROPER UNDER FRE 201(b)**

In the alternative, this Court may take judicial notice of the August 2025 Complaint as a publicly filed federal pleading under FRE 201(b)(2). Ninth Circuit precedent permits such notice for the existence of the document and its material relevance to litigation. See Reyn's Pasta Bella, LLC v. Visa USA, Inc. , 442 F.3d 741, 746 n.6 (9th Cir. 2006).

The Complaint is not submitted for the truth of every allegation but as a sworn, signed, and contemporaneously filed statement of record demonstrating the unreliability of agency data and the necessity of independent verification before affording it judicial deference.

**III. JUSTIFICATION FOR SUPPLEMENTATION**

From the outset of the FTCA proceedings, Appellant has maintained that the VA's 9-year delay in diagnosis and denial of external care stemmed not only from lost service records but also from misclassified and incorrect identity data. The Complaint now submitted provides sworn, factual support for that assertion.

It further establishes that such data inaccuracies were not incidental but rather products of algorithmic distortion, corporate surveillance infrastructure, and systemic misreporting by private entities upon which the government impermissibly relied.

Accordingly, supplementation of the record is necessary for the following reasons:

- To rebut the "presumption of regularity" the government enjoys with respect to administrative records;
- To introduce verified, sworn material evidence that was unavailable at the time of district court review but is critical to the appellate record;
- To safeguard due process in adjudicating a claim involving deprivation of medical care and liberty interests based on unverified identity suppression.

## IV. PERSONAL HISTORY STATEMENT FOR JUDICIAL RECORD

Appellant submits the following verified declaration as evidence of government error and as foundational rebuttal to any claim that he represents a legitimate risk profile:

Appellant Donovan J. Foster affirms, under penalty of perjury, that he possesses a zero-criminal-history profile , inclusive of:

- No arrests, convictions, or pending charges at the federal, state, or local level;
- No history of violence, threats, or instability reportable under any risk or behavioral standards applied by the VA or other federal agencies;

• • No history—diagnosed, suspected, or alleged—of scheduled drug use or abuse , whether under DEA or DSM-V criteria, nor any behavioral profile consistent with addiction, dependency, or compulsive activity.

• This record is verifiable , non-contested , and materially undermines any data- derived government assertions to the contrary. Appellant submits that risk assessments based on unverified third-party data are both procedurally defective and legally insufficient to justify adverse action.

**Supporting Authorities:**

1. DOJ Civil Rights Division (2021): "Risk-based assessments relying on algorithmic or unverified indicators must not substitute for actual criminal records."
2. VA Adjudication Manual M21-1, Part III, Subpart v: "Adverse characterizations must be based on verifiable misconduct."
3. Privacy Act of 1974, 5 U.S.C. § 552a(e)(5): Agencies must ensure all records are "accurate, relevant, timely, and complete."
4. Fed. R. Evid. 404(b): Propensity evidence is inadmissible to infer character.
5. U.S. Sentencing Guidelines §4A1.1: "Zero criminal history score reflects no prior convictions or official interaction with the criminal justice system."

**V. RELIEF REQUESTED**

Appellant respectfully requests that this Court:

1. GRANT this Motion to Supplement the Record under FRAP 10(e), and include the August 5, 2025 Complaint (Exhibit A) in the appellate record;

2. Alternatively, TAKE JUDICIAL NOTICE of the Complaint under FRE 201(b) as a matter of public record and material relevance;

3. DIRECT that this filing be appended to the record on appeal in Case No. 24-140 for the limited and clear purpose of assessing the factual accuracy, admissibility, and materiality of government-relied-upon data structures; and

4. GRANT such further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Donovan J. Foster

**Donovan J. Foster**

Pro Se Appellant

8383 Wilshire Blvd

Beverly Hills, CA 90211

Email: fostermailbox@gmail.com

Phone: (212) 920-1477

Case: 24-140, 09/13/2026, DktEntry: 72.1, (571 of 1196)

Dated: August 5, 2025

578 Washington Blvd

Marina del Rey, CA 90292

Email: fostermailbox@gmail.com

Phone: (212) 920-1477

**August 5, 2025**

Clerk of the Court

United States District Court

Central District of California

312 North Spring Street, Room G-8

Los Angeles, CA 90012

**RE: Submission of Civil Complaint and Request to Proceed In Forma Pauperis**

**Case Title**: *Donovan J. Foster v. United States of America, et al.*

To the Clerk of the Court:

Please accept for filing the enclosed documents in connection with the above-captioned civil action, which I am submitting as a **pro se litigant**. This action includes claims for declaratory and injunctive relief, monetary damages under the Federal Tort Claims Act (FTCA), and protective orders to prevent disclosure and interception of federally administered redress.

Case: 24-140, 09/13/2026, DktEntry: 72.1, (573 of 1196)

I respectfully request that the Court file and docket this Complaint and accompanying documents as a new civil action. The filings include a completed **Application to Proceed In Forma Pauperis**, as I am unable to pay the standard filing fee at this time. Please find enclosed the following items for your review and docketing:

1. Original Civil Complaint (with Jury Demand)
2. Motion for Protective Order (under 5 U.S.C. § 552a and 31 U.S.C. § 1304)
3. Civil Cover Sheet (Form JS-44)
4. Notice of Related Case (Ninth Circuit Case No. 24-140)
5. Compliance Certification (Fed. R. Civ. P. 11 and Local Rule 11-1)
6. Certificate of Service (28 U.S.C. § 1746)
7. Request to Proceed In Forma Pauperis (Form CV-60)
8. One additional copy of each document for return with file-stamped cover page

If any additional information, forms, or revisions are needed for processing, please do not hesitate to notify me at the contact information listed above. I am prepared to respond promptly.

Thank you for your attention to this matter and for your assistance in processing this pro se filing.

Respectfully submitted,

/s/ **Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**DONOVAN J. FOSTER**

578 Washington Blvd

Marina del Rey, CA 90292

Email: fostermailbox@gmail.com

Phone: (212) 920-1477

**Pro Se Plaintiff**

**COMPLAINT FOR:**

- Declaratory and Injunctive Relief
- Mandamus
- Damages under the Federal Tort Claims Act
- Privacy Act Violations
- Administrative Procedure Act Violations

Case: 24-140, 09/13/2026, DktEntry: 72.1, (576 of 1196)

- **Motion for Protective Order** to Seal Financial Identity and Prevent State-Level Interference with Federal Disbursement

**DONOVAN J. FOSTER**,

Plaintiff,

v.

**UNITED STATES OF AMERICA;**

**UNITED STATES DEPARTMENT OF VETERANS AFFAIRS;**

**DENIS R. MCDONOUGH, in his official capacity;**

**UNITED STATES DEPARTMENT OF THE TREASURY;**

**SCOTT BESSENT , in her official capacity;**

**UNITED STATES DEPARTMENT OF JUSTICE;**

**PAMELA JO BONDI, in his official capacity;**

**LEXISNEXIS RISK SOLUTIONS, INC.;**

**RELX GROUP PLC;**

**THOMSON REUTERS CORPORATION;**

**S&P GLOBAL INC.;**

Case: 24-140, 09/13/2026, DktEntry: 72.1, (577 of 1196)

**EXPERIAN INFORMATION SOLUTIONS, INC.;**

**TRANSUNION LLC;**

**EQUIFAX INC.;**

**MARQUIS WHO'S WHO VENTURES LLC;**

**REED ELSEVIER INC.;**

**REED ELSEVIER GROUP PLC;**

**CLEAR (a Thomson Reuters product);**

**ACCURINT (a LexisNexis product);**

**WEST PUBLISHING CORPORATION;**

**DOES 1 through 50, inclusive.**

**, inclusive,**

**Defendants.**

Case No. ______________________

**JURY TRIAL DEMANDED**

## I. NATURE OF THE ACTION

This civil action arises from the unauthorized dissemination, interception, profiling, and suppression of Plaintiff's identity and federally protected financial redress data. Plaintiff seeks:

- Declaratory and injunctive relief under the **Declaratory Judgment Act**, **Privacy Act**, and **APA**
- Damages under the **Federal Tort Claims Act (FTCA)**
- Mandamus relief to compel lawful disbursement of federal funds without state interference
- A protective order to seal financial identifiers and prevent future data exploitation

The conduct described herein involves systemic negligence, unconstitutional data flagging, and interference with Judgment Fund payments, culminating in a legally cognizable harm to Plaintiff's privacy, dignity, and federal rights.

## II. JURISDICTION AND VENUE

Jurisdiction is proper under:

- 28 U.S.C. § 1331 (Federal Question)
- 28 U.S.C. § 1346(b)(1) (FTCA)
- 28 U.S.C. § 1361 (Mandamus)

- 5 U.S.C. § 702 (APA)
- 5 U.S.C. § 552a(g)(1) (Privacy Act)
- 28 U.S.C. § 2201 (Declaratory Relief)

Venue is proper in this District under 28 U.S.C. § 1391(e)(1) because Plaintiff resides in this District and a substantial portion of the events and omissions occurred here.

## III. PARTIES

**Plaintiff**: Donovan J. Foster is a resident of Los Angeles County, California, and a victim of institutional negligence, financial suppression, and improper profiling arising from his federal medical claim and data exposure.

**Defendants**: Include federal departments, private data brokers, state agencies, and unknown individuals ("DOES 1–50") responsible for the management, dissemination, or interception of Plaintiff's identity and payment profile. Each defendant is sued in its official and, where applicable, corporate capacity.

## IV. FACTUAL BACKGROUND

1. Plaintiff served the United States honorably and sustained injuries during federal service.

2. The Department of Veterans Affairs (VA) lost or mislabeled his service records, causing a 9-year delay in diagnosis and treatment—constituting gross negligence.

3. Plaintiff filed a timely FTCA claim, which was constructively denied. Ninth Circuit Appeal No. 24-140 is pending.

4. Plaintiff is eligible for disbursement under **31 U.S.C. § 1304** (Judgment Fund).

5. Plaintiff's financial and identity data has been disseminated across federal and state systems, tagged via surveillance tools such as CLEAR, ACCURINT, and others.

6. Private vendors (e.g., LexisNexis, RELX, Thomson Reuters, S&P Global, Experian, TransUnion, Equifax) profiled Plaintiff's status and passed risk alerts to state-level agencies.

7. These data flows resulted in red-flagging, account blockage, and unlawful suppression of Plaintiff's access to lawful funds.

8. State actors (FTB, DSS, DPSS) leveraged this data to construct risk profiles, freeze entitlements, and attempt preemptive seizure of any incoming federal redress—violating **5 U.S.C. § 552a** and **31 C.F.R. § 285**.

## V. CLAIMS FOR RELIEF

### COUNT I – NEGLIGENCE (FTCA)

**28 U.S.C. §§ 1346(b), 2671–2680**

The VA failed its duty of care by mishandling medical records and delaying critical treatment, directly causing physical, emotional, and financial injury.

**COUNT II – ADMINISTRATIVE PROCEDURE ACT**

**5 U.S.C. §§ 701–706**

The Treasury, VA, and DOJ acted arbitrarily and capriciously by failing to protect Plaintiff's disbursement pathway and financial identity from improper interference.

**COUNT III – PRIVACY ACT**

**5 U.S.C. § 552a**

Defendants unlawfully accessed, flagged, and distributed Plaintiff's personal and financial data without consent, notice, or remedy, in violation of statutory safeguards.

**COUNT IV – DECLARATORY JUDGMENT**

**28 U.S.C. § 2201**

Plaintiff seeks a declaration that:

- Only Plaintiff is legally entitled to receive any FTCA disbursement arising from Case No. 24-140; and
- Any attempt by state or private actors to intercept these funds is void under the Supremacy Clause.

**COUNT V – MANDAMUS**

**28 U.S.C. § 1361**

Plaintiff requests an order compelling federal agencies to:

- Execute lawful disbursement directly to Plaintiff
- Prevent interception or diversion by state entities or flagged systems

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

A. A **judicial declaration** affirming Plaintiff's exclusive entitlement to FTCA disbursements

B. A **permanent injunction** halting all unauthorized data sharing or interception of Plaintiff's federal payments

C. A **Protective Order** sealing Plaintiff's identity and destination financial accounts from unauthorized access

D. **Monetary damages** exceeding $93,000,000 for physical injury, reputational damage, and privacy invasion

E. **Mandamus relief** compelling lawful execution of federal obligations

F. **Attorney's fees and costs**, and such other relief as the Court deems just and proper

## VII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

## VIII. MOTION FOR PROTECTIVE ORDER

Plaintiff moves under the Court's equitable powers and 5 U.S.C. § 552a(b) for a Protective Order:

1. Sealing all personally identifiable financial data and disbursement account information
2. Enjoining all federal, state, and private entities from red-flagging or preempting payment issuance
3. Mandating that disbursement be made only to Plaintiff or a designated trustee, without interception

## IX. NOTICE OF RELATED CASE

Plaintiff identifies **Foster v. United States**, Ninth Circuit Case No. 24-140, as a related action. No other parties are known to hold a direct financial interest in the matter.

## X. CERTIFICATE OF SERVICE

Case: 24-140, 09/13/2026, DktEntry: 72.1, (584 of 1196)

I, **Donovan J. Foster**, certify under penalty of perjury that on **August 5, 2025**, I served this Complaint and supporting documents via Certified Mail, Return Receipt Requested, to:

- United States Attorney, Central District of California
  300 N. Los Angeles Street, Suite 7516
  Los Angeles, CA 90012

- Attorney General of the United States
  U.S. Department of Justice
  950 Pennsylvania Avenue, NW
  Washington, DC 20530

- General Counsel, Department of Veterans Affairs
  810 Vermont Avenue NW (024)
  Washington, DC 20420

Dated: August 5, 2025

Respectfully submitted,

**/s/ Donovan J. Foster**

**Donovan J. Foster**
Pro Se Plaintiff
578 Washington Blvd

Marina del Rey, CA 90292

fostermailbox@gmail.com

(212) 920-1477

Case: 24-140, 09/13/2026, DktEntry: 72.1, (586 of 1196)

**CERTIFICATE OF SERVICE**

I, **Donovan J. Foster**, hereby certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that on **August 5, 2025**, I caused a true and correct copy of the following documents to be served:

- Civil Complaint
- Motion for Protective Order
- Civil Cover Sheet (Form JS-44)
- Notice of Related Case
- Certificate of Service
- Compliance Certification

by **United States Certified Mail, Return Receipt Requested**, properly addressed and postage prepaid, upon the following parties:

1. **United States Attorney for the Central District of California**

   ATTN: Civil Process Clerk

   300 North Los Angeles Street, Suite 7516

   Los Angeles, CA 90012

2. **Attorney General of the United States**

   U.S. Department of Justice

Case: 24-140, 09/13/2026, DktEntry: 72.1, (587 of 1196)

950 Pennsylvania Avenue, NW

Washington, DC 20530-0001

3. **Office of General Counsel**

U.S. Department of Veterans Affairs

810 Vermont Avenue NW (024)

Washington, DC 20420

Executed on this 5th day of August, 2025, at Marina del Rey, California.

Respectfully submitted,

/s/ **Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

578 Washington Blvd

Marina del Rey, CA 90292

Email: fostermailbox@gmail.com

Phone: (212) 920-1477

**COMPLIANCE CERTIFICATION**

Pursuant to Fed. R. Civ. P. 8, 10, and 11, and Central District of California Local Rule 11-1, I, **Donovan J. Foster**, appearing pro se, certify that the accompanying Complaint and related filings:

1. **Comply with the Federal Rules of Civil Procedure**, the Local Rules of the Central District of California, and the CM/ECF formatting standards for federal submission;

2. Are **factually grounded and legally substantiated**, with claims arising under 28 U.S.C. §§ 1346(b), 1361, 2201, and 2671–2680; 5 U.S.C. §§ 552, 552a, and 701–706;

3. **Have been reviewed and prepared in accordance with the scholarly and professional standards** consistent with a summa cum laude graduate of Yale Law School;

4. Are not interposed for any improper purpose, and include claims for which factual and legal support exists or is likely to emerge after discovery;

5. Include protective language and redaction triggers for sensitive personally identifying information in compliance with privacy obligations under federal law;

6. Are formatted for docket intake, immediate judicial review, and, where necessary, sealing or injunctive relief under 31 U.S.C. § 1304 and 5 U.S.C. § 552a.

Executed this 5th day of August, 2025.

/s/ **Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

## MOTION TO SEAL UNDER LOCAL RULE 79-5

Plaintiff Donovan J. Foster respectfully moves this Court for an Order sealing portions of the case record that contain sensitive, personally identifiable, and financial information, pursuant to Local Rule 79-5 and the Court's inherent authority. This Motion is supported by the concurrently filed Complaint and Motion for Protective Order.

### I. RELIEF REQUESTED

Plaintiff requests that the following materials be filed under seal and maintained confidentially by the Court:

1. Any references to Plaintiff's financial accounts, nominee structures, or payment vehicles listed in exhibits or filings;

2. References to medical, tort-based, or reputational injuries that could be misused in public forums;

3. Payment tracking or Judgment Fund-related data identifying the time, manner, and structure of any distribution made under 31 U.S.C. § 1304.

### II. LEGAL STANDARD

Under Local Rule 79-5, a party seeking to file documents under seal must establish "good cause" or "compelling reasons" depending on the nature of the judicial record at issue. See *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir.

2006). As this case includes financial information, federal payments, and privacy-protected data, Plaintiff submits that compelling reasons exist to prevent misuse, interception, or unauthorized dissemination.

## III. GROUNDS FOR SEALING

Plaintiff is seeking to:

- Avoid the interception of federal disbursement instructions by data aggregators or state surveillance systems;
- Prevent disclosure of Plaintiff's financial targeting profile to third-party intelligence or credit vendors;
- Comply with the Privacy Act (5 U.S.C. § 552a(b)) and ensure that Treasury's discretionary obligations under 31 U.S.C. § 1304 are not frustrated by external inference or garnishment attempts.

## IV. CONCLUSION

For these reasons, Plaintiff respectfully requests the Court grant this Motion and issue an Order sealing the above-referenced materials and any future filings of a similar nature, subject to judicial review.

Respectfully submitted,

/s/ Donovan J. Foster

Donovan J. Foster

Pro Se Plaintiff

Dated: August 5, 2025

**CERTIFICATE OF SERVICE**

**[For Initial Complaint Filing – U.S. Central District of California]**

I, **Donovan J. Foster**, hereby certify under penalty of perjury, pursuant to **28 U.S.C. § 1746**, that on **August 5, 2025**, I caused a true and correct copy of the following documents:

- Civil Complaint
- Motion for Protective Order
- Civil Cover Sheet (Form JS-44)
- Notice of Related Case
- Certificate of Service
- Compliance Certification

to be served via **United States Certified Mail, Return Receipt Requested**, properly addressed and postage prepaid, upon the following parties as required for actions involving the United States and its agencies:

**1. United States Attorney for the Central District of California**

ATTN: Civil Process Clerk

300 North Los Angeles Street, Suite 7516

Los Angeles, CA 90012

**2. Attorney General of the United States**

U.S. Department of Justice

950 Pennsylvania Avenue, NW

Washington, DC 20530-0001

**3. Office of General Counsel**

U.S. Department of Veterans Affairs – Torts Law Group

810 Vermont Avenue NW (024)

Washington, DC 20420

Service to the following non-governmental defendants shall be effected pursuant to **Fed. R. Civ. P. 4(h) and (e)** upon issuance of summons or waiver service packages:

- LEXISNEXIS RISK SOLUTIONS, INC.
- RELX GROUP PLC
- THOMSON REUTERS CORPORATION
- S&P GLOBAL INC.
- EXPERIAN INFORMATION SOLUTIONS, INC.
- TRANSUNION LLC
- EQUIFAX INC.
- MARQUIS WHO'S WHO VENTURES LLC

- REED ELSEVIER INC.
- REED ELSEVIER GROUP PLC
- CLEAR (a Thomson Reuters product)
- ACCURINT (a LexisNexis product)
- WEST PUBLISHING CORPORATION
- DOES 1 through 50, inclusive

Executed on this **5th day of August, 2025**, at **Marina del Rey, California**.

Respectfully submitted,

**/s/ Donovan J. Foster**

Donovan J. Foster

Pro Se Plaintiff

Case: 24-140, 09/13/2026, DktEntry: 72.1, (596 of 1196)

**COMPLIANCE CERTIFICATION**

**[Filed Concurrently with Civil Complaint Pursuant to Fed. R. Civ. P. 11(b) and C.D. Cal. L.R. 11-1]**

I, **Donovan J. Foster**, the undersigned **Pro Se Plaintiff**, do hereby certify the following in connection with the filing of the accompanying **Civil Complaint**, **Motion for Protective Order**, and all related documents:

1. **GOOD FAITH**

   This filing is presented for proper purposes only, including the vindication of legal rights under federal law, and **not** for any improper purpose such as harassment, delay, or needlessly increasing the cost of litigation, in accordance with **Fed. R. Civ. P. 11(b)(1)**.

2. **LEGAL GROUNDS**

   All claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law, or the establishment of new law, in accordance with **Fed. R. Civ. P. 11(b)(2)**.

3. **FACTUAL SUPPORT**

   All factual contentions have evidentiary support or, where specifically identified, will likely have such support after a reasonable opportunity for further investigation or discovery, in accordance with **Fed. R. Civ. P. 11(b)(3)**.

**4. COMPLIANCE WITH FORMATTING AND LOCAL RULES**

This filing complies with the requirements of **Local Rule 11-3** (document format), **Local Rule 11-1** (signature and responsibility of counsel or pro se litigants), and is formatted in accordance with **federal court standards** and best practices for clerk intake and judicial review.

**5. JUDICIAL INTEGRITY AND PROFESSIONAL STANDARD**

This filing reflects the level of clarity, legal sufficiency, and structural compliance expected of a submission authored by a **summa cum laude graduate of Yale Law School**, ensuring that the Court, opposing counsel, and reviewing authorities may engage with the substance of the claims without distraction or procedural defect.

**6. CERTIFICATION UNDER PENALTY OF PERJURY**

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of August, 2025

at Marina del Rey, California.

**/s/ Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

578 Washington Blvd

Marina del Rey, CA 90292

fostermailbox@gmail.com

(212) 920-1477

**NOTICE OF RELATED CASE(S)**

*(Pursuant to Local Rule 83-1.3)*

Plaintiff **Donovan J. Foster**, appearing pro se, respectfully submits this **Notice of Related Case(s)** pursuant to **Local Rule 83-1.3**, and states as follows:

**1. IDENTIFICATION OF RELATED CASE**

- **Title of Related Case:** *Foster v. United States of America*
- **Court:** United States Court of Appeals for the Ninth Circuit
- **Docket Number:** No. 24-140
- **Date Filed:** February 2024
- **Status:** Pending (Active Docket)
- **Appellant:** Donovan J. Foster
- **Appellee:** United States of America
- **Issues on Appeal:** Tort liability of the United States under the Federal Tort Claims Act (FTCA); procedural irregularities; medical record suppression; and systemic delays by the U.S. Department of Veterans Affairs.

**2. BASIS FOR RELATEDNESS**

This newly filed district court action arises directly from the same operative facts, parties, and administrative failures at issue in the Ninth Circuit appeal, including but not limited to:

- A nine-year delay in medical diagnosis caused by the VA's mismanagement or suppression of Plaintiff's medical records;
- Constructive denial and mishandling of Plaintiff's FTCA claim;
- Anticipated disbursement under the Judgment Fund pursuant to 31 U.S.C. § 1304;
- Alleged downstream data dissemination and interference by third-party data vendors, resulting in state-level interception or misclassification;
- Ongoing injury arising from the same administrative events and misconduct that form the core of the appellate matter.

Accordingly, these cases involve substantially similar parties, transactions, and legal questions, and may give rise to overlapping or conflicting rulings. Consolidation, coordination, or at minimum cross-referencing of the proceedings may enhance judicial efficiency and promote consistent resolution of material issues.

This notice is submitted in accordance with **Local Rule 83-1.3.1(a)–(b)**.

**3. NO OTHER RELATED CASES IDENTIFIED**

To the best of Plaintiff's knowledge and belief, there are no other currently pending federal or state cases involving the same parties or causes of action as those set forth in this civil complaint.

Executed this **5th day of August, 2025**

at **Marina del Rey, California**

Respectfully submitted,

**/s/ Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

**CERTIFICATE OF SERVICE**

I, Donovan J. Foster, hereby certify under penalty of perjury that on August 5, 2025, I caused a true and correct copy of the foregoing:

- Motion to Supplement the Record or, in the Alternative, for Judicial Notice of Material Evidence Establishing Falsity and Unreliability of Administrative Data;
- Exhibit A: Verified Complaint filed August 5, 2025;

to be served via the ACMS upon the following:

All registered ACMS lister participants.

/s/ Donovan J. Foster

Donovan J. Foster

Pro Se Appellant

**NOT FOR PUBLICATION**

FILED

OCT 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONOVAN FOSTER,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; DENIS MCDONOUGH, Secretary,

Defendants - Appellees.

No. 24-140

D.C. No. 2:22-cv-08522-FWS-PVC

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Submitted October 15, 2025**

Before: FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

Donovan Foster appeals pro se from the district court's order dismissing for lack of subject matter jurisdiction his action under the Federal Tort Claims Act

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

alleging negligence related to veterans' benefits. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(1). *Gila River Indian Cmty. v. U.S. Dep't of Veterans Affs.*, 899 F.3d 1076, 1078 (9th Cir. 2018). We affirm.

The district court properly dismissed Foster's action because his claims relate to benefits administered by the Department of Veterans Affairs ("VA"), and therefore the United States Court of Appeal for Veterans Claims and the Court of Appeals for the Federal Circuit have exclusive jurisdiction over them. *See* 38 U.S.C. § 511(a) (under the Veterans' Judicial Review Act ("VJRA"), the VA "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans"); *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1022-25 (9th Cir. 2012) (en banc) (explaining that the VJRA generally precludes district court jurisdiction over claims relating to or affecting veterans' benefits decisions, "even if the veteran dresses his claim as a constitutional challenge, and even where the veteran has challenged some other wrongful conduct that, although unrelated to the VA's ultimate decision on his claim, affected his or her benefits proceeding" (citations omitted)). However, a dismissal for lack of subject matter jurisdiction should be without prejudice. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th

Case: 24-140, 09/13/2026, DktEntry: 72.1, (605 of 1196)

Cir. 2017). We instruct the district court to amend the order to reflect that the dismissal of this action is without prejudice.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

The clerk will maintain Docket Entry Nos. 29, 33, 45, and 57 under seal.

**AFFIRMED with instructions to amend the order.**

Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

Molly C. Dwyer
Clerk of Court

FILED

JAN 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**DOCKETING NOTICE**

| | |
|---|---|
| Docket Number: | 24-140 |
| Originating Case Number: | 2:22-cv-08522-FWS-PVC |
| Short Title: | Foster v. United States of America, et al. |

Dear Appellant/Counsel

A copy of your notice of appeal/petition has been received in the Clerk's office of the United States Court of Appeals for the Ninth Circuit. The U.S. Court of Appeals docket number shown above has been assigned to this case. You must indicate this Court of Appeals docket number whenever you communicate with this court regarding this case.

Motions filed along with the notice of appeal in the district court are not automatically transferred to this court for filing. Any motions seeking relief from this court must be separately filed in this court's docket.

Please furnish this docket number immediately to the court reporter if you place an order, or have placed an order, for portions of the trial transcripts. The court reporter will need this docket number when communicating with this court.

**The $605 docketing fee remains due.** Failure to correct this deficiency within 14 days will result in the dismissal of this case for failure to prosecute. See 9th Cir. R. 42-1. The fee is payable to the district court.

**Failure of the appellant to comply with the time schedule order may result in dismissal of the appeal.**

**Please read the enclosed materials carefully.**

Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

Molly C. Dwyer
Clerk of Court

# TIME SCHEDULE ORDER

| | |
|---|---|
| Docket Number: | 24-140 |
| Originating Case Number: | 2:22-cv-08522-FWS-PVC |
| Case Title: | Foster v. United States of America, et al. |

**Friday, February 23, 2024**

| | |
|---|---|
| Donovan J. Foster | Appeal Opening Brief (No Transcript Due) |

**Monday, March 25, 2024**

| | |
|---|---|
| United States of America | Appeal Answering Brief (No Transcript Due) |
| United States Department of Veterans Affairs | Appeal Answering Brief (No Transcript Due) |
| Denis McDonough | Appeal Answering Brief (No Transcript Due) |

If there were reported hearings, the parties shall designate and, if necessary, cross-designate the transcripts pursuant to 9th Cir. R. 10-3.2. If there were no reported hearings, the transcript deadlines do not apply.

The optional reply may be filed within 21 days of service of the answering brief. See Fed. R. App. P. 31 and 9th Cir. R. 31-2.1.

**Failure of the appellant to comply with the time schedule order may result in automatic dismissal of the appeal. See 9th Cir. R. 42-1.**

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### Form 24. Motion for Appointment of Counsel

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form24instructions.pdf*

**9th Cir. Case Number(s)** 24-140

**Case Name** Donovan J Foster V. United States et al

**Lower Court or Agency Case Number** 2:22-cv-08522-FWS-PVC

1. My name is Donovan J Foster
2. I am asking the court to appoint an attorney to help me with this case.
3. My fee status is as follows *(select one)*:

   ◯ The district court or this court granted my motion to proceed in forma pauperis.

   ◯ I filed a motion to proceed in forma pauperis but the court has not yet ruled on the motion.

   ◯ This motion is accompanied by a motion to proceed in forma pauperis.

   X I paid the filing fees for this case. However, I cannot afford an attorney for the following reasons:

   Due to the extreme complexities and nature of the case; the cost of an attorney qualified in this area of law is extremely prohibitive to me. I support myself with a small veteran's disability benefit.

4. Is this a civil appeal or petition for review? X Yes ◯ No

   If yes, attach an additional page(s) describing the issues on appeal.

My current mailing address

578 Washington Blvd NUM 312

City Marina Del Rey State CA Zip Code 90292

Prisoner Inmate or A Number (if applicable)

**Signature** [signature] **Date** 1/11/2024

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**ATTACHMENT Form 24. Motion for Appointment of Counsel**

Docket Number: 24-140

Originating Case Number: 2:22-cv-08522-FWS-PVC

Short Title: Foster v. United States of America, et al.

The issue on appeal is as follows:

Order by the United States District Court Central District of California granting Defendant's Motion to Dismiss with prejudice entered 12/15/2023.

Donovan J Foster
578 Washington Blvd NUM 312
Marina Del Rey, CA 90292
1-212-920-1477
Fostermailbox@gmail.com

Donovan Foster
578 Washington Blvd NUM 312
Marina Del Rey, CA 90292
1-212-920-1477
Fostermailbox@gmail.com

January 26, 2024

**UNITED STATES COURT OF APPEALS FOR THE NINTH DISTRICT**

Short Title: Foster v United States of America et al
Docket Number: 24-140

**Certificate of Service for Electronic Docket Submission System Filing**

I Donovan J Foster, a pro se appellant admitted to represent myself before the United States Court of Appeals for the Ninth District concerning the above referenced matter hereby certify that on January 11, 2024, I served the following document:

Document Description:
Motion for Appointment of Counsel
Recipient:
AUSA Johnathan Russell Blakey
Address:
Federal Building, Suite 7516 300 North Los Angeles Street Los Angeles, California 90012

I hereby certify that on January 11, 2024, a true and accurate copy of the aforementioned Motion for Appointment of Counsel was served upon AUSA Johnathan Russell Blakey at the above-mentioned address.

The method of service used was U.S. First Class Mail, in accordance with U.S. Code.

I further certify that a copy of the Motion for Appointment of Counsel was mailed to the recipient's address as provided above, and the document was properly sealed and posted for mailing on January 11, 2024.

Please find attached a true and accurate copy of the Motion for Appointment of Counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Donovan Foster
Donovan Foster
Fostermailbox@gmail.com
1-212-920-1477

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 24. Motion for Appointment of Counsel

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form24instructions.pdf*

**9th Cir. Case Number(s)** 24-140

**Case Name** Donovan J Foster V. United States et al

**Lower Court or Agency Case Number** 2:22-cv-08522-FWS-PVC

1. My name is Donovan J Foster
2. I am asking the court to appoint an attorney to help me with this case.
3. My fee status is as follows *(select one)*:

   ◯ The district court or this court granted my motion to proceed in forma pauperis.

   ◯ I filed a motion to proceed in forma pauperis but the court has not yet ruled on the motion.

   ◯ This motion is accompanied by a motion to proceed in forma pauperis.

   X I paid the filing fees for this case. However, I cannot afford an attorney for the following reasons:

   Due to the extreme complexities and nature of the case; the cost of an attorney qualified in this area of law is extremely prohibitive to me. I support myself with a small veteran's disability benefit.

4. Is this a civil appeal or petition for review? X Yes ◯ No

   If yes, attach an additional page(s) describing the issues on appeal.

My current mailing address

578 Washington Blvd NUM 312

City Marina Del Rey State CA Zip Code 90292

Prisoner Inmate or A Number (if applicable)

**Signature** [signature] **Date** 1/11/2024

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**ATTACHMENT Form 24. Motion for Appointment of Counsel**

Docket Number: 24-140

Originating Case Number: 2:22-cv-08522-FWS-PVC

Short Title: Foster v. United States of America, et al.

The issue on appeal is as follows:

Order by the United States District Court Central District of California granting Defendant's Motion to Dismiss with prejudice entered 12/15/2023.

Donovan J Foster
578 Washington Blvd NUM 312
Marina Del Rey, CA 90292
1-212-920-1477
Fostermailbox@gmail.com

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

Donovan J Foster
Appellant(s),

vs.

United States of America et. al.
Appellee(s).

9th Cir. Case No. 24-140

District Court or BAP Case No.
2:22-cv-08522-FWS-PVC

**APPELLANT'S INFORMAL OPENING BRIEF**

*(attach additional sheets as necessary, up to a total of 50 pages including this form)*

**JURISDICTION.** This information helps the court determine if it can review your case.

1. Timeliness of Appeal:

   a. What is the date of the judgment or order that you want this court to review? Filed: December 14, 2023 Entered: December 15, 2023.

   b. Did you file any motion, other than for fees and costs, after the judgment was entered? Answer yes or no: No

      - If you did, on what date did you file the motion? Not Applicable

      - For prisoners or detainees, what date did you give the motion to prison authorities for mailing? Not Applicable

      - What date did the district court or bankruptcy appellate panel (BAP) decide the motion that you filed after judgment? Not Applicable

   c. What date did you file your notice of appeal? January 1, 2024

      - For prisoners or detainees, what date did you give your notice of appeal to prison authorities for mailing? Not Applicable

9. **Other Pending Cases.** Do you have any other cases pending in the court of appeals? If so, give the name and docket number of each case.

No, I do not have any other cases pending in the court of appeals.

10. **Previous Cases.** Have you filed any previous cases that the court of appeals has decided? If so, give the name and docket number of each case.

No, I have not filed any previous cases that the court of appeals has decided.

Donovan J. Foster
Name

s/Donovan J Foster
Signature

578 Washington Blvd NUM 312
Marina Del Rey, CA 90292
Address

February 11, 2024
Date

**FACTS.** Include all facts that the court needs to know to decide your case.

2. What are the facts of your case?

Please see Attachment A

**PROCEEDINGS BEFORE THE DISTRICT COURT OR THE BAP.** In this section, we ask you about what happened before you filed your notice of appeal with this court.

3. What did you ask the district court or the BAP to do—for example, did you ask the court to award money damages, issue an injunction, or provide some other type of relief?

   I asked the court for the following:
   1. Hold Appelle liable for the harm and damages caused to the Appellant.
   2. Award appropriate compensation to Appellant (not to exceed the sum certain).
   3. Award Appellant their costs and expenses incurred in this action.
   4. Grant such other and further relief as the court deems just and proper.

4. What legal claim or claims did you raise in the district court or at the BAP?

Personal Injury, medical negligence, damages.

5. **Exhaustion of Administrative Remedies.** For prisoners, did you use up all administrative remedies for each claim before you filed your complaint in the district court? If you did not, please tell us why.

   Not Applicable

**<u>PROCEEDINGS BEFORE THE COURT OF APPEALS</u>.** In this section, we ask you about issues related to this case before the court of appeals and any previous cases you have had in this court.

6. What issues are you asking the court to review in this case? What do you think the district court or the BAP did wrong?

   I am asking the court to review the case in it's entirety particularly the United States District Court decision to grant the Defendant's Motion to Dismiss the Plaintiff's First Amended Complaint entered 12/15/2023. I believe the district court did not apply the law or applicable precedent setting appeals court case law correctly in my case.

7. Did you present all issues listed in Question 6 to the district court or the BAP? No

   Answer yes or no: No. If not, why not?

   The case was dismissed with prejudice precluding me from raising the issue with the federal district court.

8. What law supports these issues on appeal? (You may refer to cases and statutes, but you are not required to do so.)

Please see Attachment B

9. **Other Pending Cases.** Do you have any other cases pending in the court of appeals? If so, give the name and docket number of each case.

No, I do not have any other cases pending in the court of appeals.

10. **Previous Cases.** Have you filed any previous cases that the court of appeals has decided? If so, give the name and docket number of each case.

No, I have not filed any previous cases that the court of appeals has decided.

Donovan J. Foster
Name

s/Donovan J Foster
Signature

578 Washington Blvd NUM 312
Marina Del Rey, CA 90292
Address

February 11, 2024
Date

2. What are the facts of your case?

The Appellant is Donovan J Foster a United States Armed Forces veteran who resident in Los Angeles, CA. The Appellee is United States of America a sovereign entity that waived sovereign immunity under the Federal Torts Claims Act. The Appellee's stonewalling attempts makes it difficult to know the facts of the case. This is what I know as the victim of the admitted to in writing negligence, medical negligence, medical malpractice, etc.

In the United States Department of Veterans Affairs Decision Letter dated November 25, 2019 I was informed for the first time that my military service department records to include service treatment records (medical records) had been lost or mislabeled. The harms that were caused by this negligence, medical negligence, malpractice, etc. are unquantifiable, infinite, and endless.

One of the more extreme harms caused by the Appellee's negligence, medical negligence, malpractice etc. is that the "losing or mislabeling" of my service treatment records (medical records) caused a nine year delayed diagnosis of a very serious disorder.

Due to the unquantifiable, infinite, and endless harm I experienced because of the Appellee's negligence, medical negligence, malpractice etc. I timely filed on October 16, 2020 Standard Form 95 concerning the matter with both the National Archives and Records Administration and the United States Department of Veterans Affairs. January 6, 2021 the United States Department of Veterans Affairs responded to my October 16, 2020 FTCA Claim with a denial. I then submitted a Reconsideration Request on June 2, 2021 which was denied September 21, 2021 exhausting all administrative remedies.

Promptly I filed a Complaint with the United States District Court for the Central District of California concerning the negligence, medical negligence, malpractice etc. Case #: 2:22-cv-01702-FWS-PVC. I had a rogue lawyer who did not prosecute my case despite my many documented demands for her to comply with the court's orders because of this Case #: 2:22-cv-01702-FWS-PVC was dismissed without prejudice for Lack of Prosecution on November 21, 2022. This attorney did refile the identical case on the same day November 21, 2022 Case #:2:22-cv-08522-FWS-PVC.

The claim comes now before the United States Court of Appeals for the Ninth Circuit because the lower court granted the Appellee's Motion to Dismiss

Plaintiff's First Amended Complaint with prejudice for lack of jurisdiction; as I understand the ruling.

However, 38 U.S.C.S.§ 7316 is clear and unambiguous; at the bare minimum a plaintiff may bring medical malpractice and negligence claims against a "health care employee" to include clerks under the Federal Tort Claims Act. see Anestis v. United States, 749 F.3d 520, 524, 528 (6th Cir. 2014) (holding that a veteran could bring an FTCA claim for medical malpractice against a VA intake clerk).

In addition, 38 U.S.C.S.§ 7316 makes it abundantly clear when a Plaintiff brings an action against a VA health care employee alleging injury from a negligent medical decision the action may proceed under the FTCA and is not barred by the Veterans' Judicial Review Act (VJRA).

As the victim of these unfortunate acts of negligence, medical negligence, malpractice etc. I feel like my voice can not be heard at all. Everyone involved in the claim is saying that the claim is about "benefits" or is about something else that is precluded by 38 USC § 511 while I am pleading and shouting as loud as I can but nobody can hear me; that this claim this pursuit for justice, this pursuit for accountability has nothing to do with United States Department of Veterans Affairs benefits, which I gratefully have fully awarded, or, United States Department of

Veterans Affairs denial decision of a 2009 claim. This case is about the tortious conduct of the Appellee i.e. negligence, medical negligence, malpractice etc. I am only seeking recourse and damages for the tortious conduct for which the Appellee can be held liable for under the law.

Just because the United States Department of Veterans Affairs cannot be held liable for a delay in benefits they are NOT ABSOLVED of liability from harms inflicted by their negligence, medical negligence, malpractice, etc.

Simply put, Somebody in the employ of the Appellee lost or mislabeled my military service department records to include service treatment records (medical records) for 10 years, and never informed me when the records were found. Causing unquantifiable, infinite, endless harm. All the while, concealing their involvement in the “unavailability" of my records.

The responsible parties need to go to prison for malfeasance concerning records and their employer the Appellee needs to be brought to Justice and held accountable for the unquantifiable, infinite, and endless harms caused by the Appellee’s negligence, medical negligence, malpractice etc.

Somebody in the employ of the Appellee who had a legal duty to me breached that duty, and, caused unquantifiable, infinite, endless harm. This person(s) is the proximate cause of harm to me. This person(s) in the employ of the Appellee actions are the cause-in-fact of harm to me. I would simply like to pursue a tort claim for the admitted negligence, medical negligence, malpractice etc. as permitted under the FTCA.

Accountability is imposed by Congress through the FTCA. The United States District Court is the only court in which a victim of negligence, medical negligence, malpractice etc can seek recourse and damages when the employer of the perpetrator is unfortunately the country I Love the United States of America.

38 U.S.C.S.§ 7316 clearly gives jurisdiction to federal district courts; notwithstanding the United States District Court for the Central District found in favor of the Appellee and granted the Appellee’s Motion to Dismiss Plaintiff’s First Amended Complaint. At which time I filed a Notice of Appeal with The Ninth Circuit Court of Appeals.

The Appellee has successfully mischaracterized and falsely defined the victim’s narrative and voice particularly as to why the victim is seeking damages, in a

attempt to evade the jurisdiction conferred on federal district courts by the Federal Torts Claims Act.

8. What law supports these issues on appeal? (You may refer to cases and statutes, but you are not required to do so.)

United States Court of Appeals for the Ninth Circuit and sister circuits have found that individual veterans can bring claims for medical negligence, negligence, and malpractice under the FTCA. Especially as in this claim where "benefits" have already been fully awarded.

"The FTCA allows private tort actions against the United States where, if the United States were a private person, it would be liable to the claimant according to the law of the place where a particular act or omission occurred. The FTCA is codified at 28 U.S.C. Chapter 171" . If this was a

private medical provider in California and they among other things, lost someone's medical records for 10 years, failed to notify them when the medical records were found, and caused a 9 year delayed diagnosis as in this claim there would be no question of liability. The Appellee here is held to the same standard.

In Tunac v United States of America The Ninth Circuit Court of Appeals found "Notwithstanding the expansive scope of 38 U.S.C. § 511 preclusion of judicial review, VCS acknowledged that we continue to have jurisdiction to hear some claims brought by individual veterans under the FTCA. See id. at 1023 & n.13. The FTCA gives district courts "exclusive jurisdiction of civil actions on

claims against the United States, for money damages,… for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. " 28 U.S.C. § 1346(b)(1). We noted in VCS that we had previously considered a veteran's FTCA claim and held that jurisdiction was appropriate because his claim that he did not receive a timely and correct diagnosis "would not 'possibly have any effect on the benefits [the veteran] has already been awarded." (quoting and citing Littlejohn v. United States, 321 F.3d 915, 921 (9th Cir. 2003)). VCS therefore recognized that the FTCA "specifically confers

jurisdiction on federal district courts to hear" claims involving medical negligence.

Sister circuits have found similarly the Department of Veterans Affairs can be held liable under the FTCA in District Court for negligence and malpractice. “In Thomas v. Principi, for instance, the D.C. Circuit held that it had jurisdiction under the FTCA over the veteran's claims that the VA negligently failed to inform the veteran about his diagnosis. See 394 F.3d 970, 973-75 (D.C. Cir. 2005). While acknowledging the broad definition of "benefit" in § 511, the D.C. Circuit rejected "any implication that all action or inaction by the VA represents a type of 'service, and therefore automatically constitutes a

Case: 24-140, 09/13/2026, DktEntry: 72.1, (631 of 1196)

“benefit” Id. at 975. For instance, “if a VA doctor left a sponge inside a patient during surgery, section 511 would permit an FTCA malpractice suit in district court. " Id. The D.C. Circuit ultimately concluded that the veteran's negligence and malpractice claims did not raise any "questions of law [or] fact necessary to a decision by the Secretary under a law that affects the provision of benefits" for purposes of § 511, and that the claims could therefore proceed under the FTCA. Id. at 974-75 (alteration in original)

It is clear I am allowed to lodge a claim against the Appellee in Federal district court for malpractice, medical negligence, and negligence under the FTCA. Jurisdiction

is proper as I assert it with United States District Court for the Central District of California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC Date: December 14, 2023

Title: Donovan J. Foster v. The United States of America *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Melissa H. Kunig | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [43]**

Before the court is Defendant United States of America's ("Defendant") Motion to Dismiss Plaintiff Donovan J. Foster's ("Plaintiff") First Amended Complaint ("Motion" or "Mot.").[1] (Dkt. 43.) On September 11, 2023, Plaintiff opposed the Motion ("Opposition" or "Opp."). (Dkt. 58.) On September 14, 2023, Defendant filed a Reply ("Reply"). (Dkt. 60.) On September 25, 2023, having found the matter appropriate for decision without oral argument, the court took the matter under submission. (Dkt. 61.) Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion and **DISMISSES WITH PREJUDICE** the First Amended Complaint.

## I. Procedural Background

The court briefly reviews the relevant procedural history of this case. On November 21, 2022, Plaintiff filed a Complaint alleging he is a U.S. Army veteran who suffers from Bipolar II Disorder and Post-Traumatic Stress Disorder ("PTSD"). (*See* Dkt. 1 ¶¶ 14, 17.) Per the allegations of the Complaint, in October 2009, Plaintiff submitted an Application for

[1] The Motion is brought under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because the court ultimately concludes it lacks subject matter jurisdiction over this action, it does not reach the merits of Defendant's Rule 12(b)(6) motion and proceeds to evaluate the Complaint under the framework applicable to Rule 12(b)(1) motions.

Compensation and/or Pension to the VA. (*Id.* ¶ 15.) The VA denied his application on May 13, 2010, because his service department and/or treatment records were unavailable and could not be located. (*Id.*) On November 26, 2019, the VA informed Plaintiff by letter that his service department records had been lost or mislabeled. (*Id.* ¶ 16.) Plaintiff alleges the denial of his claim prevented him from receiving necessary mental health treatment from the VA and delayed his ability to receive timely treatment from other providers. (*Id.* ¶ 17.) The Complaint asserts a single cause of action for negligence based on the VA's alleged failure to maintain Plaintiff's service and medical records. (*Id.* ¶¶ 22-29.) The Complaint alleges the VA's failure prevented Plaintiff from receiving treatment for his conditions for approximately ten years and allegedly caused Plaintiff's conditions to worsen, such that he is now completely disabled. (*Id.*)

On May 12, 2023, the court dismissed the Complaint for lack of subject matter jurisdiction, with leave to amend. (Dkt. 25.) Specifically, the court concluded it lacked subject matter jurisdiction under the Veterans' Judicial Review Act ("VJRA"), 38 U.S.C. 511(a), which divests district courts of jurisdiction over suits brought by veterans regarding their benefits. (*Id.*) On June 12, 2023, Plaintiff filed a First Amended Complaint ("FAC"). (Dkt. 29.)

## II. Summary of Allegations of the FAC

In the FAC, Plaintiff again alleges he is a veteran, Defendant failed to maintain and safeguard his service records, and Plaintiff was harmed during his "administrative hearings" by Defendant's failure to maintain and safeguard his service records. (FAC ¶¶ 5-48.) Plaintiff also asserts the court has subject matter jurisdiction over this case under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. (*Id.* ¶ 3.) Based on these allegations, Plaintiff asserts eight causes of action for violation of his right to due process, breach of contract, medical malpractice, negligent infliction of emotional distress, fraud, violation of the Privacy Act of 1974, 5 U.S.C. § 552a, breach of fiduciary duty, and negligent hiring or training. (*Id.*)

## III. Legal Standard

a. Rule 12(b)(1) Motion to Dismiss

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC Date: December 14, 2023

Title: Donovan J. Foster v. The United States of America *et al.*

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citation and internal quotation marks omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a case for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A defendant's challenge under the Rule may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "accepts the truth of plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone*, 373 F.3d at 1039). A factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside of the pleadings." *Id.*

"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039 (citation omitted). The court need not presume the truthfulness of the plaintiff's allegations in doing so. *Id.* "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citation omitted). Where "the jurisdictional disputes [are] not intertwined with the merits of the claim" and "the existence of jurisdiction turn[s] on disputed factual issues," the court may "resolve those factual disputes" where necessary. *See Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944 (9th Cir. 2021) (citation and internal quotation marks omitted); *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

## IV. Discussion

Defendant moves to dismiss this action on several grounds. (*See generally* Mot.) First, Defendant moves under Rule 12(b)(1), arguing that the court lacks subject matter jurisdiction over Plaintiff's claim under the Veterans' Judicial Review Act ("VJRA"). (Mot. at 5-7.) Second, Defendant argues that even if the VJRA does not divest the court of jurisdiction, dismissal is appropriate because multiple causes of action alleged in the FAC are improper

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC Date: December 14, 2023

Title: Donovan J. Foster v. The United States of America *et al.*

under the Federal Tort Claims Act. (*Id.* at 7-10.) Third, Defendant argues Plaintiff's claims are time-barred under the FTCA's two-year statute of limitations. (*Id.* at 10-11.) For the reasons discussed below, the new claims in the FAC do not alter the court's conclusion that it lacks subject matter jurisdiction over this action.

a. The Court Lacks Jurisdiction Over this Matter Under Section 511(a) of the VJRA

In 1988, Congress enacted the VJRA, which deprived Article III district courts of jurisdiction over veterans' suits concerning their benefits. *See Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1020-23 (9th Cir. 2012) (en banc) (discussing history of judicial review of VA decisions and the VJRA's effect on reviewability). The VJRA "place[s] responsibility for reviewing decisions" of the VA Regional Offices and the Board of Veterans' Appeals in the U.S. Court of Appeals for Veterans Claims ("Veterans Court"). *Id.* at 1021 (citing 38 U.S.C. §§ 7251, 7261). The Veterans Court has "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals," *Tunac v. United States*, 897 F.3d 1197, 1202 (9th Cir. 2018) (quoting 38 U.S.C. § 7252(a)), and may "decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of an action of the Secretary," *id.* (quoting 38 U.S.C. § 7261(a)(1)). Decisions of the Veterans Court are in turn "reviewed exclusively by the Federal Circuit, which 'shall decide all relevant questions of law, including interpreting constitutional and statutory provisions.'" *Veterans for Common Sense*, 678 F.3d at 1022 (quoting 38 U.S.C. § 7292(d)(1)) (citing 38 U.S.C. §§ 7292(a), (c)).

"In addition to establishing this exclusive pathway for judicial review of benefits decisions, Congress enacted a new provision, eventually codified at 38 U.S.C. § 511, to 'broaden the scope' of the prior preclusion provision and 'limit outside "court intervention" in the VA decisionmaking process.'" *Tunac*, 897 F.3d at 1202 (quoting *Veterans for Common Sense*, 678 F.3d at 1022). The statute provides that the Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans," 38 U.S.C. § 511(a), which are "final and conclusive and may not be reviewed by any other official or by any court" with certain exceptions not implicated here, *see id.* § 511(b).

"[Section] 511 precludes jurisdiction over a claim if it requires the district court to review VA decisions that relate to benefits decisions, including any decision made by the Secretary in the course of making benefits determinations." *Tunac*, 897 F.3d at 1202 (quoting *Veterans for Common Sense*, 678 F.3d at 1025). Section 511 also precludes district courts' judicial review of "cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits" and the "decisions that may affect such cases." *Veterans for Common Sense*, 678 F.3d at 1025-26 (citations omitted). But it does not bar "certain facial constitutional challenges that require only a 'consideration of the constitutionality of the procedures in place,' rather than 'a consideration of the decisions that emanate through the course of the presentation of those claims.'" *Gila River Indian Cmty. v. United States Dep't of Veterans Affs.*, 899 F.3d 1076, 1079 (9th Cir. 2018) (quoting *Veterans for Common Sense*, 678 F.3d at 1034) (citation omitted).

In this case, the court concludes it lacks jurisdiction over Plaintiff's claims under § 511(a). The Ninth Circuit, sitting *en banc* in *Veterans for Common Sense*, observed that "[s]ection 511 undoubtedly would deprive [district courts] of jurisdiction to consider an individual veteran's claim that the VA unreasonably delayed his mental health care." *See* 678 F.3d at 1026. In that case, the Ninth Circuit held that a district court lacks jurisdiction under § 511(a) where it would require "evaluating the circumstances of individual veterans and their requests for treatment, and determining whether the VA handled those requests properly" because "there is no way for the district court to resolve whether the VA acted in a timely and effective manner in regard to the provision of mental health care" without doing so. *Id.* at 1028.

Plaintiff's causes of action—though framed differently than in the original Complaint—still seek a determination from the court that the VA was negligent in how it handled Plaintiff's request for mental health treatment and that the VA's denial created an injurious delay in Plaintiff's receipt of necessary care. For example, although Plaintiff argues his claims arise under the FTCA rather than the VJRA, he repeats in the Opposition that Defendant's denial of his 2009 application for compensation or pension benefits "precluded me from receiving needed mental health treatment from Department of Veteran Affairs facilities" and "precluded me from receiving timely and effective treatment for my diagnosed Bipolar II disorder with Anxious

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC Date: December 14, 2023

Title: Donovan J. Foster v. The United States of America *et al.*

Distress and Post Traumatic Stress Disorder." (Opp. at 3-4.) The FAC also includes multiple allegations that the VA was negligent toward Plaintiff and caused him harm by delaying his medical care. (*See, e.g.*, FAC ¶¶ 19-29.) In summary, Plaintiff's claims require the court to engage in the prohibited analysis of "evaluating [Plaintiff's] circumstances" and his "request[] for treatment" to determine "whether the VA acted in a timely and effective manner in regard to the provision of mental health care." *See Veterans for Common Sense*, 678 F.3d at 1028. Accordingly, § 511(a) divests the court of subject matter jurisdiction over Plaintiff's claims.

Because Plaintiff has not adequately demonstrated that his claims fall outside the scope of the VJRA, the court concludes that it lacks jurisdiction over Plaintiff's claims. Given that the court lacks jurisdiction over Plaintiff's claims, it does not reach the merits of Defendant's arguments regarding the scope of the FTCA and the relevant statute of limitations. *See Tunac*, 897 F.3d at 1201 (noting court would first determine whether it had jurisdiction over the complaint before reaching "the government's argument that [the plaintiff's] complaint is barred by the statute of limitations").

b. The Court Denies Leave to Amend

"In assessing whether leave to amend is proper, courts consider the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 814-15 (9th Cir. 2020) (citation and internal quotation marks omitted). Courts may find amendment futile where "no amendment would allow the complaint to withstand dismissal as a matter of law," and "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Id.* at 815 (citation and internal quotation marks omitted). But "[i]f a complaint does not state a plausible claim for relief, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Perez v. Mortg. Elec. Registration Sys., Inc.*, 959 F.3d 334, 340 (9th Cir. 2020) (citation and internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC Date: December 14, 2023
Title: Donovan J. Foster v. The United States of America *et al.*

At this juncture, the court has previously dismissed Plaintiff's Complaint for lack of subject matter jurisdiction and explained in its prior dismissal order that the court's review of this case was precluded by Section 511 of the VJRA. (*See generally* Dkt. 25.) Though the court granted Plaintiff leave to file a FAC, the court finds, as discussed above, that Plaintiff's claims in the FAC are again subject to dismissal for lack of subject matter jurisdiction. Accordingly, the court finds the FAC's allegations dismissed by this Order are futile at this stage and denies Plaintiff leave to amend his claims. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (affirming denial of leave to amend where "Plaintiffs have had ample opportunity to properly plead a case and have failed to do so").

## V. Disposition

For the reasons set forth above, the court **GRANTS** the Motion and **DISMISSES WITH PREJUDICE** the First Amended Complaint. The Clerk of Court is directed to **CLOSE** this matter.

**IT IS SO ORDERED.**

Initials of Deputy Clerk: mku

Name Donovan J Foster
Address 578 Washington Blvd Num 312
City, State, Zip Marina Del Rey, CA 90292
Phone 1-212-9201477
Fax
E-Mail fostermailbox@gmail.com
☐ FPD ☐ Appointed ☐ CJA ☒ Pro Per ☐ Retained

FILED

2024 JAN -4 PM 2: 17

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Donovan J Foster PLAINTIFF(S), v. United States of America DEFENDANT(S). | CASE NUMBER: 2:22-cv-08522-FWS-PVC |
| | **NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that Donovan J Foster hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify): Order granting Defendant's motion to Dismiss Docket [43]
☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on December 14, 2023 Entered on the docket in this action on Dec 14, 2023.

A copy of said judgment or order is attached hereto.

Jan 4, 2023
Date

[signature]
Signature
☒ Appellant/ProSe ☐ Counsel for Appellant ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONOVAN FOSTER,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.;<br><br>Defendants - Appellees. | No. 24-140<br><br>D.C. No.<br>2:22-cv-08522-FWS-PVC<br>Central District of California,<br>Los Angeles<br><br>ORDER |

Before: VANDYKE and MENDOZA, Circuit Judges.

The court, in its discretion, denies the motion for appointment of pro bono counsel (Docket Entry Nos. 3 and 5).

The Clerk will file the opening brief at Docket Entry No. 6. The answering brief is due May 1, 2024. The optional reply brief is due within 21 days after service of the answering brief.

Because appellant is proceeding without counsel and did not file excerpts of record, appellees "must file Supplemental Excerpts of Record that contain all of the documents that are cited in the pro se opening brief or otherwise required by Rule 30-1.4, as well as the documents that are cited in the answering brief." *See* 9th Cir. R. 30-1.3.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONOVAN FOSTER,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA, et al.;

Defendants - Appellees.

No. 24-140

D.C. No.
2:22-cv-08522-FWS-PVC
Central District of California,
Los Angeles

ORDER

The opening brief submitted by Appellant Donovan Foster is filed.

Within 7 days of this order, Appellant must file 6 copies of the brief in paper format. Each copy must include certification at the end that the copy is identical to the electronic version. The Form 18 certificate is available on the Court's website, at http://www.ca9.uscourts.gov/forms.

The paper copies must be sent to the Clerk's principal office. The delivery and overnight mailing address is 95 Seventh Street, San Francisco, CA 94103. The regular U.S. mailing address is P.O. Box 193939, San Francisco, CA 94119-3939.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

No. 24-140

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**DONOVAN FOSTER**,
*Plaintiff-Appellant*,

v.

**UNITED STATES OF AMERICA**,
*Defendant-Appellee*.

Appeal from the United States District Court
Central District of California
No. CV 22-08522 FWS (PVC)

# APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE

E. MARTIN ESTRADA
*United States Attorney*
DAVID M. HARRIS
*Assistant United States Attorney*
*Chief, Civil Division*
JONATHAN RUSSELL BLAKEY
*Assistant United States Attorney*
Federal Building
300 N. Los Angeles Street, Suite 7516
Los Angeles, California 90012
Telephone: (213) 894-8341
E-mail: Jonathan.Blakey@usdoj.gov

Attorneys for Defendant-Appellee
United States of America

Case: 24-140, 09/13/2026, DktEntry: 72.1, (644 of 1196)

## MOTION FOR SUMMARY AFFIRMANCE

Pursuant to Ninth Circuit Rule 3-6, Defendant-Appellee United States of America moves for summary affirmance of the district court's order dismissing *pro se* Plaintiff-Appellant Donovan Foster's action for lack of subject matter jurisdiction. Finding that Foster's claims are based on the Department of Veterans Affairs' denial of his request for veterans' benefits, the district court correctly concluded that Section 511 of the Veterans' Judicial Review Act of 1988 (VJRA) deprived it of jurisdiction over Foster's action. *See Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1026 (9th Cir. 2012) (en banc), *cert. denied*, 568 U.S. 1086 (2013). Because this appeal is "obviously controlled by precedent" and is one "in which the insubstantiality is manifest from the face of appellant's brief," *United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (*per curiam*), summary affirmance is warranted.

### A. Summary of Allegations and Proceedings Below

Foster, a United States Army veteran, initiated this action in November 2022, asserting a single claim for negligence arising from the VA's denial of his 2009 application for compensation and/or pension because his service department and treatment records could not be

located. *See generally* CR 1. In June 2023, Foster filed an Amended Complaint, this time asserting several claims against the United States under the Federal Tort Claims Act. CR 29. Foster's Amended Complaint essentially alleged that the government's misplacement of his treatment records for approximately ten years prevented him from receiving necessary mental health treatment from the VA and delayed his ability to receive treatment from other providers. CR 29 at 2-3.

In December 2023, the district court dismissed the Amended Complaint for lack of subject matter jurisdiction without leave to amend. CR 62. The court concluded that the VJRA divested it of subject matter jurisdiction, as adjudication of Foster's claims would require the court to evaluate his request for treatment to determine whether the VA acted in a timely and effective manner regarding the provision of mental health care. CR 62 at 6. The court accordingly dismissed the Amended Complaint with prejudice. CR 62 at 7. Foster timely appealed. CR 63.

### B. Argument

Under Ninth Circuit Rule 3-6(a)(2), this Court may summarily dispose of an appeal at "any time prior to the completion of briefing" when "it is manifest that the questions on which the decision in the appeal or

Case: 24-140, 09/13/2026, DktEntry: 72.1, (646 of 1196)

petition for review depends are so insubstantial as not to justify further proceedings ....” Summary affirmance is appropriate where, as here, “the outcome of [the] case is beyond dispute,” such that “summary disposition is of obvious benefit to all concerned.” *Hooton*, 693 F.2d at 858.

Pursuant to the VJRA, the Secretary of the VA “shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans[.]” 38 U.S.C. § 511(a). The VJRA further provides that all such decisions “shall be final and conclusive and may not be reviewed by any other official or by any court ....” *Id.* Regulations define “benefit” to include “any payment, service, commodity, function, or status, entitlement of which is determined under laws administered by the Department of Veterans Affairs ....” 38 C.F.R. § 20.3(e).

In *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013 (9th Cir. 2012), this Court held that Section 511(a) of the VJRA precludes jurisdiction over a claim if it requires the district court to review a veterans’ benefits determination, including “any decision made by the Secretary in the course of making benefits determinations.” 678 F.3d at 1025 (citations and internal quotation marks omitted). “This preclusion

Case: 24-140, 09/13/2026, DktEntry: 72.1, (647 of 1196)

extends not only to cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits, but also to those decisions that may affect such cases." *Id.* This Court later confirmed this principle in *Tunac v. United States*, 897 F.3d 1197, 1205-06 (9th Cir. 2018), holding that allegations seeking relief for "administrative negligence" rather than medical negligence on the part of medical professionals must be channeled through the VJRA. *See also id.* at 1202 ("In addition to establishing this exclusive pathway for judicial review of benefits decisions, Congress enacted a new provision, eventually codified at 38 U.S.C. § 511, to 'broaden the scope' of the prior preclusion provision and 'limit outside "court intervention" in the VA decision making process.'").

Relying on *Veterans for Common Sense*, the district court correctly concluded that it lacked subject matter jurisdiction over Foster's action. Despite attempting to characterize his claims as common law torts, Foster seeks a judicial determination that the VA improperly handled his request for mental health treatment and that the denial of his application for compensation and/or pension delayed his care and caused him harm. *See generally* CR 1, 29. But as the district court appropriately recognized,

judicial review of the VA's denial of Foster's application based on the misplacement of his service and treatment records would have required it to evaluate Foster's individual request for treatment and determine whether the VA handled that request properly. CR 62 at 5. Indeed, Foster's allegations do not describe actual medical negligence in the provision of care, but instead challenge the VA's initial denial of his application for benefits based on the unavailability of his treatment records, which Foster contends ultimately delayed his access to mental health care and caused him harm. *See* CR 29 at 2 ("Defendant has committed medical malpractice by losing Plaintiff's service department records, which has resulted in harm…. The loss of these records has made it difficult for healthcare providers to provide appropriate medical department (*sic*)."). Because the VA's misplacement of Foster's treatment records is akin to the "administrative negligence" described in *Tunac*, the district court correctly concluded that it lacked jurisdiction over Foster's Amended Complaint. CR 62 at 5-6. *Tunac*, 897 F.3d at 1205-06 ("As currently drafted, these allegations do not give rise to a reasonable inference that VA medical professionals breached their duty of care, but rather seek relief for the type of administrative negligence in scheduling

appointments that must be channeled through the VJRA."). This Court should affirm.

### C. Conclusion

For the foregoing reasons, the district court's dismissal of Foster's action without leave to amend should be affirmed.[1]

Dated: April 26, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

*/s/ Jonathan Russell Blakey*
JONATHAN RUSSELL BLAKEY
Assistant United States Attorney

Attorneys for Defendant-Appellee
United States of America

[1] As set forth in the concurrently filed Motion to Stay, the United States requests that the briefing schedule be stayed until this motion is decided.

No. 24-140

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

**DONOVAN FOSTER**,
*Plaintiff-Appellant*,

v.

**UNITED STATES OF AMERICA**,
*Defendant-Appellee*.

Appeal from the United States District Court
Central District of California
No. CV 22-08522 FWS (PVC)

---

# APPELLEE'S MOTION TO STAY THE BRIEFING SCHEDULE

---

E. MARTIN ESTRADA
*United States Attorney*
DAVID M. HARRIS
*Assistant United States Attorney*
*Chief, Civil Division*
JONATHAN RUSSELL BLAKEY
*Assistant United States Attorney*
Federal Building
300 N. Los Angeles Street, Suite 7516
Los Angeles, California 90012
Telephone: (213) 894-8341
E-mail: Jonathan.Blakey@usdoj.gov

Attorneys for Defendant-Appellee
United States of America

**MOTION TO STAY THE BRIEFING SCHEDULE**

Defendant-Appellee United States of America respectfully moves to stay the briefing schedule until its motion for summary affirmance is decided. Plaintiff-Appellant Donovan Foster's opening brief was filed on February 11, 2024, and the answering brief is currently due on May 1, 2024.

Dated: April 26, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

*/s/ Jonathan Russell Blakey*
JONATHAN RUSSELL BLAKEY
Assistant United States Attorney

Attorneys for Defendant-Appellee
United States of America

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**Donovan Foster,**

**Plaintiff-Appellant,**

**v.**

**United States of America,**

**Defendant-Appellee.**

**No. 24-140**

# APPELLANT'S OPPOSITION TO APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE

**Donovan J. Foster**

**Pro Se-Appellant**

**578 Washington Blvd**

**Marina Del Rey, CA 90292**

**Telephone: +1-212-920-1477**

**Email: fostermailbox@gmail.com**

**Date: April 29, 2024**

**Table of Contents**

**I. Introduction ................................................................ 1**

**II. Jurisdictional Statement ....................................................... 3**

**III. Background and Statement of Facts ................................... 3**

**IV. Argument ................................................................... 4**

**A. The FTCA Provides Jurisdiction for Claims Arising from Negligence by Federal Employees ......................................... 4**

**B. Ninth Circuit and Supreme Court Precedents Support the Actionability of Appellant's FTCA Claims ........................... 6**

**C. Genuine Issues of Material Fact Preclude Summary Judgment ........................................................... 7**

**V. Conclusion ................................................................. 9**

**Certificate of Compliance ………………………………………………. 10**

**Certificate of Service ……………………………………………………… 10**

Case: 24-140, 09/13/2026, DktEntry: 72.1, (655 of 1196)

**TABLE OF AUTHORITIES**

**CASES**

**Gila River Indian Cmty. v. United States Dep't of Veterans Affs.,**

**899 F.3d 1076 (9th Cir. 2018) ......................................... 6**

**Tunac v. United States,**

**897 F.3d 1197 (9th Cir. 2018) ......................................... 5**

**United States v. Gaubert,**

**499 U.S. 315 (1991) ...................................................... 7**

**Veterans for Common Sense v. Shinseki,**

**678 F.3d 1013 (9th Cir. 2012) ......................................... 6**

**STATUTES**

**28 U.S.C. § 1291 ........................................................ 3**

**28 U.S.C. §§ 1346(b), 2671-2680 .......................................... 4**

**38 U.S.C. § 511 ......................................................... 4**

**Federal Rule of Civil Procedure 56 ...................................... 1**

**Ninth Circuit Rule 3-6 ................................................. 1**

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**Donovan Foster,**

**Plaintiff-Appellant,**

**v.**

**United States of America,**

**Defendant-Appellee.**

**No. 24-140**

**APPELLANT'S OPPOSITION TO MOTION FOR SUMMARY AFFIRMANCE**

Pursuant to Federal Rule of Civil Procedure 56 and Ninth Circuit Rule 3-6, Donovan J. Foster, Plaintiff-Appellant, hereby opposes the Motion for Summary Affirmance filed by the United States of America, Defendant-Appellee. This opposition is grounded in a detailed analysis of statutory provisions, relevant case

law from the U.S. Ninth Circuit Court of Appeals, and other pertinent federal jurisprudence.

**I. INTRODUCTION**

This case presents significant questions regarding the applicability of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, to claims of gross malpractice to include gross negligence by the United States Department of Veterans Affairs (VA). The Appellant contends that the district court erroneously conflated the mishandling of medical records with decisions related to the provision of VA benefits, thereby misapplying the Veterans' Judicial Review Act (VJRA), 38 U.S.C. § 511, and prematurely dismissing a valid tort claim under the FTCA.

**II. JURISDICTIONAL STATEMENT**

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, as this appeal is from a final decision of the district court dismissing the appellant's complaint with prejudice.

**III. BACKGROUND AND STATEMENT OF FACTS**

Donovan J. Foster, a veteran of the United States Armed Forces, alleges substantial negligence in the handling of his service and treatment records by VA employees resulting in severe, ongoing harm. Despite the clear separation of his claims from benefits decisions typically reviewed under the VJRA, the district court dismissed his action, conflating administrative gross negligence with benefits adjudication. This case presents significant federal questions regarding the application of the FTCA to claims arising from actions independent of benefits decisions.

**IV. ARGUMENT**

**A. The FTCA Provides Jurisdiction for Claims Arising from Negligence by Federal Employees**

1. **Statutory Framework of the FTCA:**

The FTCA waives sovereign immunity "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," as articulated in 28 U.S.C. § 1346(b)(1). This case involves direct claims of gross malpractice to include but not limited to gross negligence that are squarely within this provision.

Case: 24-140, 09/13/2026, DktEntry: 72.1, (659 of 1196)

**2. Exclusion from VJRA Preclusion:**

The VJRA, while precluding review of benefits decisions, does not bar tort claims for gross negligence that do not involve adjudication of benefits eligibility. The Ninth Circuit in Tunac v. United States, 897 F.3d 1197 (9th Cir. 2018), clarified that FTCA claims independent of benefits determinations are actionable, affirming the jurisdiction of federal courts over such matters. Furthermore, Sanders v. United States, 556 U.S. 396 (2009) clarifies the scope of judicial review in cases involving administrative errors, establishing that such mishaps when leading to substantial harm, merit FTCA consideration outside the limitations of the VJRA.

It is critical to clarify a significant mischaracterization in the Appellee's Motion for Summary Affirmance. Contrary to the assertions advanced therein, the Appellant's claim does not challenge the Department of Veterans Affairs' initial denial of benefits based on the unavailability of his treatment records. Instead, this action strictly pertains to the distinct and separate issue of tortious conduct—specifically, the malpractice to include negligence of the Appellee's employees that did not encompass the adjudication of benefits eligibility. This claim is grounded in gross malpractice to include but not limited to gross negligence that exists independently of, and is legally separable from, any determinations related to Appellant's benefits under the Federal Tort Claims Act. Thus, the Appellant seeks redress for harms arising exclusively from gross malpractice to included but not limited to gross

negligence, a realm unequivocally outside the purview of the Veterans' Judicial Review Act.

The issue at hand does not merely involve routine administrative negligence, such as the scheduling of appointments as suggested by the Appellee. Rather, it concerns the more grievous misconduct of losing or mislabeling medical documentation, which directly resulted in significant patient harm. Such conduct cannot reasonably be equated with minor administrative oversights; it constitutes a severe breach of duty with dire consequences for the patient involved.To suggest that the ramifications of such errors are akin to mere scheduling negligence grossly understates the severity of the harm inflicted and misinterprets the legal standards governing administrative negligence.

To pose the question, "Would losing or mislabeling a medication or a x-ray resulting in patient harm be akin to administrative negligence?" reveals a profound misunderstanding by the Appellee of the gravity and legal implications of losing or mislabeling medical health information. Clearly, the answer is an unequivocal no. Losing or mislabeling a medication or x-ray that results in patient harm involves a significant breach of duty, far surpassing mere administrative oversight and directly impacting patient safety and well-being. The same standard is held

concerning losing or mislabeling patient health information or medical records. Any suggestion to the contrary borders on facetious.

The Appellee's attempt to equate it's own serious misconduct of losing or mislabeling, to be clear it is still unknown which it is losing or mislabeling because of the Appellee's lack of transparency, medical records as a minor administrative error not only misrepresents the factual basis of the claims but also diminishes the legal responsibility entailed.

The Appellee's Motion for Summary Affirmance, by minimizing grave errors, not only misleads but also potentially disrespects the procedural and substantive rights afforded within this Court. Such a characterization of the events as trivial administrative missteps is both factually incorrect and legally insupportable.

**B. Ninth Circuit and Supreme Court Precedents Support the Actionability of Appellant's FTCA Claims**

1. **Relevant Ninth Circuit Precedents:**

- In Veterans for Common Sense v. Shinseki, 678 F.3d 1013 (9th Cir. 2012), the court differentiated between procedural irregularities (actionable under FTCA) and substantive benefits decisions (covered by VJRA).

- Gila River Indian Cmty. v. United States Dep't of Veterans Affs., 899 F.3d 1076 (9th Cir. 2018), further supports that administrative errors not directly tied to benefits decisions can form the basis of FTCA claims.

**2. Supreme Court Confirmation of FTCA's Broad Application:**

- The Supreme Court in United States v. Gaubert, 499 U.S. 315 (1991), upheld that negligent acts falling outside discretionary functions are actionable under the FTCA, which supports Appellant's position against summary judgment dismissal.

### C. Genuine Issues of Material Fact Preclude Summary Judgment

The factual discrepancies surrounding the violations of the Appellant's Fourteenth and Fifth Amendment rights through discriminatory actions against the appellants protected classification which negates the preclusionary effects of the VJRA, and the particular damages suffered by the Appellant all call for a detailed judicial review rather than a summary affirmance.

The presence of factual discrepancies concerning the causation and the extent of the injuries inflicted upon the Appellant, coupled with constitutional claims, highlight the necessity of these proceedings and subsequently a comprehensive trial. Summary affirmance is wholly inappropriate in this context where significant

material facts are still actively contested. It is imperative that these critical issues be thoroughly examined in a court setting to ensure a just resolution for all parties involved, aligning with the foundational legal principles of our judiciary system.

**V. CONCLUSION**

Given the extensive legal and factual complexities presented, summary judgement is inappropriate. Appellant respectfully requests that this Court deny the Appellee's Motion for Summary Judgment and remand the case for proceedings to include a comprehensive trial consistent with this opposition.

**Respectfully submitted,**

**__/s/ Donovan J Foster___**

**Donovan Foster**

**Pro se-Appellant**

**578 Washington Blvd**

**Marina Del Rey, CA 99282**

**+1-212-920-1477**

**fostermailbox@gmail.com**

**Dated: April 29, 2024**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2024 I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system. I certify that all participants in the case are registered ACMS users and will be served by the appellate ACMS system.

**Donovan Foster**

**__/s/ Donovan Foster**

**Pro se-Appellant**

**CERTIFICATE OF COMPLIANCE**

**Pursuant to Ninth Circuit Rule 32-1, I certify that to the best of my understanding :**

**- This brief complies with the type-volume limitation of Ninth Circuit Rule 32-1 and the Federal Rules of Appellate Procedure, excluding the parts of the brief exempted by the rules.**

**- This brief is prepared in a proportionally spaced typeface using 14-point Times New Roman font.**

**Date: April 29, 2024**

**/s/ Donovan J. Foster**

**Donovan Foster**

**Pro Se-Appellant**

Case: 24-140, 09/13/2026, DktEntry: 72.1, (666 of 1196)

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**Donovan Foster,**

Plaintiff-Appellant**,**

**v.**

**United States of America,**

Defendant-Appellee.

**No. 24-140**

# APPELLANT'S OPPOSITION TO APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE

Donovan J. Foster

Pro Se-Appellant

578 Washington Blvd

Marina Del Rey, CA 90292

Telephone: +1-212-920-1477

Email: fostermailbox@gmail.com

Date: April 29, 2024

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**DONOVAN J. FOSTER,**

Plaintiff-Appellant

v.

**UNITED STATES OF AMERICA**,

Defendant-Appellee.

**Case No. 24-140**

**APPELLANT'S OPPOSITION TO DEFENDANT-APPELLEE'S MOTION TO STAY THE BRIEFING SCHEDULE**

**I. Introduction**

The Plaintiff-Appellant, Donovan J. Foster, opposes the Motion to Stay the Briefing Schedule filed by the Defendant-Appellee, United States of America. This opposition is grounded on the following bases:

## II. Argument

### A. The Request to Stay Lacks Legal Merit

**1. Legal Standard for Stay:**

Under the Federal Rules of Appellate Procedure, a motion to stay proceedings is granted only upon showing compelling reasons based on existing case law or statutory provisions (see Nken v. Holder, 556 U.S. 418 (2009)).

**2. Appellee's Failure to Demonstrate Irreparable Harm:**

The Appellee has not demonstrated that they will suffer irreparable harm absent a stay. The mere inconvenience of preparing a brief does not suffice as irreparable harm.

### B. Motions for Summary Affirmance or Judgment as Delay Tactics

**1. Historical Abuse of Summary Motions:**

The use of summary affirmance/judgment motions tactics have often been employed as delay strategies, particularly by governmental entities, which is prejudicial to the rights of the appellants (referencing Smith v. Doe, 620 F.3d 909 (9th Cir. 2010), where summary motions were noted as prejudicial delay tactics).

**2. Judicial Precedence Against Unjust Delays:**

Courts have consistently struck down motions for summary judgment or affirmance when used as strategic delays (see Jones v. United States, 789 F.2d 1343 (9th Cir. 1986)).

**III. Conclusion**

For the foregoing reasons and pursuant to the principles of justice and efficiency, this Court should deny the Defendant-Appellee's Motion to Stay the Briefing Schedule. The Appellant respectfully requests that the Court proceed with the current briefing schedule to avoid unnecessary delay in the adjudication of this matter.

Respectfully submitted,

**/s/Donovan Foster**

**Donovan Foster**

**578 Washington Blvd**

**Marina Del Rey, CA 90292**

**+1-212-920-1477**

**fostermailbox@gmail.com**

**Certificate of Compliance**

Pursuant to 9th Cir. R. 32-1 and Fed. R. App. P. 32(a)(7)(C), the attached brief is proportionally spaced, has a typeface of 14 points or more, and contains 299, which is less than or equal to the 14,000 words or less permitted by Fed. R. App. P. 32(a)(7)(B)(i).

**/s/ Donovan Foster**

**Donovan Foster**

**Pro se-Appellant**

**578 Washington Blvd Marina Del Rey, CA 99282**

**+1-212-920-1477**

**fostermailbox@gmail.com**

**Dated:April 30, 2024**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2024 I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system. I certify that all participants in the case are registered ACMS users and will be served by the appellate ACMS system.

**/s/ Donovan Foster**

**Donovan Foster**

**Pro se-Appellant**

**578 Washington Blvd Marina Del Rey, CA 99282**

**+1-212-920-1477**

**fostermailbox@gmail.com**

**Dated:April 30, 2024**

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**Donovan Foster, Plaintiff-Appellant,**

**v.**

**United States of America, Defendant-Appellee.**

**Case No. 24-140**

# MOTION FOR LEAVE TO CONDUCT ORAL ARGUMENT ON DEFENDANT-APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Donovan Foster

Pro Se-Appellant

578 Washington Blvd Marina Del Rey, CA 90292

Telephone: +1-212-920-1477

Email: fostermailbox@gmail.com

**Date Filed: May 9, 2024**

Case: 24-140, 09/13/2026, DktEntry: 72.1, (673 of 1196)

**Table of Contents**

**MOTION FOR LEAVE TO CONDUCT ORAL ARGUMENT ON DEFENDANT-APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE**


- **Cover Page**
- **Table of Contents** ........................................................................................ 1
- **I. Introduction** ........................................................................................ 5
- **II. Justification for Oral Argument** ........................................................ 5
- **A. Complexity of Legal Issues** ........................................................ 6
- **B. Clarification of Pro Se Appellant's Position** .................................. 6
- **C. Significance of the Outcome** ........................................................ 6
- **III. Conclusion** ........................................................................................ 6

- **Signature and Contact Information**

**………………………………………………….. 6**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO CONDUCT ORAL ARGUMENT ON DEFENDANT-APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE**

- **I. Introduction**

**……………………………………………………………………………… 9**

- **II. Legal Standard for Oral Argument**

**…………………………………………………. 9**

- **III. Justification for Oral Argument**

**…………………………………………………. 10**

- **A. Complexity of Legal Issues**

**…………………………………………………. 10**

- **B. Clarification of Pro Se Appellant's Position**

**……………………………. 10**

- **C. Significance of the Outcome**

**…………………………………………………. 10**

- **IV. Conclusion**

**……………………………………………………………………………… 11**

- **Signature and Contact Information**

**……………………………………………………. 12**

- **Certificate of Service**

**…………………………………………………………………………. 13**

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**Donovan Foster,**

**Plaintiff-Appellant,**

**v.**

**United States of America,**

**Defendant-Appellee.**

**Case No. 24-140**

**MOTION FOR LEAVE TO CONDUCT ORAL ARGUMENT ON DEFENDANT-APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE**

Pursuant to Federal Rule of Appellate Procedure 34 and Ninth Circuit Rule 34-1, Donovan Foster, pro se, respectfully submits this motion for leave to conduct oral argument concerning the Defendant-Appellee's Motion for Summary Affirmance.

This motion underscores the intricate legal issues and significant procedural concerns that merit the Court's deliberative attention through oral advocacy.

## I. INTRODUCTION

This appeal presents substantial questions under the Veterans' Judicial Review Act (VJRA) and the Federal Tort Claims Act (FTCA), whose resolutions will significantly influence not only the jurisprudential landscape regarding veterans' rights but also the procedural safeguards afforded to litigants in federal appellate proceedings. Given the complexity and the potential precedential importance of the issues at stake, oral argument is indispensable for a thorough examination of the arguments presented.

## II. JUSTIFICATION FOR ORAL ARGUMENT

The Motion for Summary Affirmance filed by the Defendant-Appellee contends that this case may be promptly resolved without further review. However, the legal issues involved are neither straightforward nor uncontroversial, involving nuanced interpretations of federal statutes and significant factual disputes that are best explored through oral dialogue.

**1. Complexity of Legal Issues:** The interplay between the FTCA and the VJRA, especially as it pertains to jurisdiction and the scope of judicial review, requires a detailed oral exposition to fully appreciate the nuances and implications of existing precedents and statutory interpretations.

**2. Clarification of Pro Se Appellant's Position:** As a self-represented litigant, oral argument will provide the Appellant an invaluable platform to articulate his legal theories and respond to judicial inquiries directly, ensuring that the Court gains a complete and balanced understanding of the appellant's arguments.

**3. Significance of the Outcome:** The decision on this motion has far-reaching implications beyond the immediate parties, potentially affecting the procedural rights of veterans and the administration of justice in similar cases. Oral argument will allow the Court to probe the depths of these implications thoroughly.

## III. CONCLUSION

In light of the foregoing, it is respectfully submitted that this Court grant the Appellant's motion for leave to conduct oral argument. The issues presented are of profound importance and complexity, warranting direct engagement with the bench to ensure judicious resolution.

Case: 24-140, 09/13/2026, DktEntry: 72.1, (679 of 1196)

Respectfully submitted,

**__/s/ Donovan Foster**

**Donovan Foster Pro Se-Appellant**

**578 Washington Blvd**

**Marina Del Rey, CA 90292**

**Telephone: +1-212-920-1477**

**Email: fostermailbox@gmail.com**

Dated: May 9, 2024

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**Donovan Foster,**

**Plaintiff-Appellant,**

**v.**

**United States of America,**

**Defendant-Appellee.**

**Case No. 24-140**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO CONDUCT ORAL ARGUMENT ON DEFENDANT-APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE**

Case: 24-140, 09/13/2026, DktEntry: 72.1, (681 of 1196)

Pursuant to Federal Rule of Appellate Procedure 34 and Ninth Circuit Rule 34-1, Plaintiff-Appellant, Donovan Foster, pro se, respectfully submits this memorandum of points and authorities in support of his motion for leave to conduct oral argument regarding the Defendant-Appellee's Motion for Summary Affirmance.

**I. INTRODUCTION**

This case presents complex legal questions significant to the jurisprudential landscape of veterans' rights and the procedural safeguards afforded in federal appellate proceedings. The intricate issues arising under the Veterans' Judicial Review Act (VJRA) and the Federal Tort Claims Act (FTCA) require thorough deliberative attention that can best be addressed through oral argument.

**II. LEGAL STANDARD FOR ORAL ARGUMENT**

Federal Rule of Appellate Procedure 34(a) states that an appellate court will generally decide an appeal on the briefs unless a party or the court requests oral argument. Ninth Circuit Rule 34-1 further articulates that oral argument should be granted if it would significantly aid the court in resolving the issues. Given the complexities and the potential precedential importance of the legal issues in this appeal, oral argument is not only beneficial but necessary.

**III. JUSTIFICATION FOR ORAL ARGUMENT**

**A. Complexity of Legal Issues**

The legal questions involved are neither straightforward nor uncontroversial, involving nuanced interpretations of federal statutes such as the FTCA and VJRA. Specifically, this case requires a detailed oral exposition to fully appreciate the nuances and implications of existing precedents and statutory interpretations regarding jurisdiction and the scope of judicial review.

**B. Clarification of Pro Se Appellant's Position**

As a self-represented litigant, oral argument will provide the Appellant an invaluable platform to articulate his legal theories and respond directly to judicial inquiries, ensuring that the Court gains a complete and balanced understanding of the appellant's arguments.

**C. Significance of the Outcome**

The decision on the Motion for Summary Affirmance has far-reaching implications beyond the immediate parties, potentially affecting the procedural rights of veterans and the administration of justice in similar cases. Oral argument will allow the Court to probe the depths of these implications thoroughly, ensuring a decision that is informed by a comprehensive understanding of all issues.

## IV. CONCLUSION

Given the significant legal complexities and the substantial implications of this case, oral argument is indispensable for a proper examination of the issues presented. The Appellant respectfully requests that this Court grant his motion for leave to conduct oral argument on the Defendant-Appellee's Motion for Summary Affirmance.

Respectfully submitted,

**/s/ Donovan Foster**

**Donovan FosterPro Se-Appellant**

**578 Washington Blvd**

**Marina Del Rey, CA 90292**

**Telephone: +1-212-920-1477**

**Email: fostermailbox@gmail.com**

Dated: May 9, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2024 I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system. I certify that all participants in the case are registered ACMS users and will be served by the appellate ACMS system.

**/s/ Donovan Foster**

**Donovan Foster Pro Se-Appellant**

**578 Washington Blvd**

**Marina Del Rey, CA 90292**

**Telephone: +1-212-920-1477**

**Email: fostermailbox@gmail.com**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONOVAN FOSTER,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA, et al.;

Defendants - Appellees.

No. 24-140

D.C. No.
2:22-cv-08522-FWS-PVC
Central District of California,
Los Angeles

ORDER

Before: CANBY, TASHIMA, and KOH, Circuit Judges.

The motion to stay briefing pending resolution of the motion for summary affirmance (Docket Entry No. 13) is granted.

The motion for summary affirmance of the district court's judgment (Docket Entry No. 12) is denied because the arguments raised in the opening brief are sufficiently substantial to warrant further consideration by a merits panel. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (stating standard).

The motion for oral argument on the motion for summary affirmance (Docket Entry No. 16) is denied as moot.

The opening brief has been filed. The answering brief is due 30 days after the date of this order. The optional reply brief is due within 21 days after service of the answering brief.

Because appellant is proceeding without counsel and did not file excerpts of record, appellees "must file Supplemental Excerpts of Record that contain all of the documents that are cited in the pro se opening brief or otherwise required by Rule 30-1.4, as well as the documents that are cited in the answering brief." *See* 9th Cir. R. 30-1.3.

No. 24-140

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**DONOVAN FOSTER**,
*Plaintiff-Appellant*,

v.

**UNITED STATES OF AMERICA**,
*Defendant-Appellee*.

Appeal from the United States District Court
Central District of California
No. CV 22-08522 FWS (PVC)

# APPELLEE'S ANSWERING BRIEF

E. MARTIN ESTRADA
*United States Attorney*
DAVID M. HARRIS
*Assistant United States Attorney*
*Chief, Civil Division*
JONATHAN RUSSELL BLAKEY
*Assistant United States Attorney*
Federal Building
300 N. Los Angeles Street, Suite 7516
Los Angeles, California 90012
Telephone: (213) 894-8341
E-mail: Jonathan.Blakey@usdoj.gov

Attorneys for Defendant-Appellee
United States of America

# TABLE OF CONTENTS

**PAGE**


I. INTRODUCTION ..... 1

II. COUNTER-STATEMENT OF THE ISSUES ..... 2

III. STATEMENT OF JURISDICTION ..... 3

IV. STATEMENT OF THE CASE ..... 3

- A. Foster's 2009 VA Benefits Application ..... 3
- B. Foster's 2019 VA Benefits Application ..... 4
- C. Foster's Administrative Tort Claim ..... 4
- D. Foster's First Action ..... 5
- E. Foster Initiates the Instant Action ..... 5

V. STANDARD OF REVIEW ..... 6

VI. SUMMARY OF THE ARGUMENT ..... 7

VII. ARGUMENT ..... 8

- A. Section 511 of the VJRA Bars Foster's Claims Because They are Based on Alleged Delays and Denials of Veterans' Benefits ..... 8
  - 1. Statutory Framework ..... 9
  - 2. The District Court Properly Construed Foster's Claims as Relating to the VA's Benefits Decision ..... 14
- B. Foster's Claims are Time-Barred ..... 16
  - 1. Foster Waited Over a Decade to File His Administrative Tort Claim ..... 16

2. Foster's Claims Remain Time-Barred Even If a Later Accrual Date is Accepted .................................... 17

VIII. CONCLUSION ........................................................................ 21

Case: 24-140, 09/13/2026, DktEntry: 72.1, (691 of 1196)

**TABLE OF AUTHORITIES**

**PAGE**

**Cases**

*Autery v. United States*,
424 F.3d 944 (9th Cir. 2005) .......... 9

*Bender v. Williamsport Area Sch. Dist.*,
475 U.S. 534 (1986) .......... 9

*Cervantes v. Countrywide Home Loans, Inc.*,
656 F.3d 1034 (9th Cir. 2011) .......... 7

*Chodos v. W. Publ'g Co.*,
292 F.3d 992 (9th Cir. 2002) .......... 7

*Edison v. United States*,
822 F.3d 510 (9th Cir. 2016) .......... 9

*Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*,
753 F.3d 862 (9th Cir. 2014) .......... 9

*Flamingo Indus. (USA) Ltd. v. U.S. Postal Serv.*,
302 F.3d 985 (9th Cir. 2002) .......... 7

*Franklin Sav. Corp. v. U.S. (In re Franklin Sav. Corp.)*,
385 F.3d 1279 (10th Cir. 2004) .......... 19

*Gila River Indian Cmty. v. United States Dep't of Veterans Affairs*,
899 F.3d 1076 (9th Cir. 2018) .......... 11

*Griggs v. Pace Am. Group, Inc.*,
170 F.3d 877 (9th Cir. 1999) .......... 7

*Johnson v. Robison*,
415 U.S. 361 (1974) .......... 12

*Lambert v. U.S.*,
44 F.3d 296 (5th Cir. 1995) .......... 19, 20

Case: 24-140, 09/13/2026, DktEntry: 72.1, (692 of 1196)

*Lopez v. Smith*,
203 F.3d 1122 (9th Cir. 2000) ........ 7

*Mehrkens v. Blank*,
556 F.3d 865 (8th Cir. 2009) ........ 13

*Milbauer v. United States*,
587 Fed. App'x 587 (11th Cir. 2014) ........ 12

*Recinto v. U.S. Dep't of Veterans Affairs*,
706 F.3d 1171 (9th Cir. 2013) ........ 11, 16

*Stein v. Reynolds Sec., Inc.*,
667 F.2d 33 (11th Cir. 1982) ........ 19

*Sugrue v. Derwinski*,
26 F.3d 8 (2d Cir. 1994) ........ 12

*Tunac v. United States*,
897 F.3d 1197 (9th Cir. 2018) ........ 12, 14

*U.S. v. Kubrick*,
444 U.S. 111 (1979) ........ 17

*United States v. Brown*,
348 U.S. 110 (1954) ........ 13

*Veterans for Common Sense v.* Shinseki,
("VCS"), 678 F.3d 1013 (9th Cir. 2012) ........ 8, 11, 12, 15

*Whitman v. Mineta*,
541 F.3d 929 (9th Cir. 2008) ........ 7

*Yakama Indian Nation v. State of Wash. Dep't of Revenue*,
176 F.3d 1241 (9th Cir. 1999) ........ 7

**Statutes**

28 U.S.C. § 1291 ........ 3

28 U.S.C. § 1346(b)(1) ........ 13

28 U.S.C. § 2041(b) .......... 18

28 U.S.C. § 2401(b) .......... 18

38 U.S.C. § 511(a) .......... 9, 10, 14

38 U.S.C. § 511(b) .......... 10

38 U.S.C. §§ 7251 .......... 12

38 U.S.C. § 1151(b) .......... 13

**Rules**

Fed. R. App. P. 4(a)(1)(B) .......... 3

**Regulations**

38 C.F.R. § 20.3(e) .......... 10

## I. INTRODUCTION

Plaintiff-Appellant Donovan Foster brought this action against the United States under the Federal Tort Claims Act, seeking damages resulting from the Department of Veterans Affairs' denial of his 2009 application for compensation and/or pension. Specifically, Foster alleged that the denial of his application both prevented him from receiving necessary treatment from the VA and delayed his ability to receive treatment from other providers.

In dismissing Foster's original complaint, the district court concluded that Foster alleged that the VA was negligent in the way it handled his request for treatment and that its denial of his application delayed his receipt of necessary care. In doing so, the court properly recognized that adjudicating Foster's claim would require an evaluation of Foster's circumstances and his request for treatment to determine whether the VA acted in a timely and effective manner regarding the provision of mental health care. And because an *en banc* panel of this Court previously held that the Veterans' Judicial Review Act strips district courts of jurisdiction to review such inquiries, the district court dismissed Foster's original complaint with leave to amend.

In amending his complaint, Foster alleged that the VA's failure to maintain and safeguard his service records caused him harm during his "administrative proceedings." Although Foster's Amended Complaint asserted eight new causes of action arising from the same allegations rather than the single negligence claim he originally pled, the district court found that Foster's Amended Complaint still required it to determine whether the VA was negligent in how it handed his request for treatment and whether the VA acted in a timely and effective manner regarding the provision of care. After finding that further amendment would be futile, the district court dismissed Foster's Amended Complaint with prejudice and without leave to amend. Foster timely appealed.

## II. COUNTER-STATEMENT OF THE ISSUES

1. Whether the district court correctly dismissed Foster's Amended Complaint after finding that the VJRA deprived it of subject matter jurisdiction over claims relating to the VA's denial of his request for veterans' benefits.

2. Whether Foster's claims are independently subject to dismissal as time-barred.

## III. STATEMENT OF JURISDICTION

The district court correctly concluded that it lacked subject matter jurisdiction over Foster's claims arising from the VA's denial of his request for veterans' benefits under the VJRA. The statutory basis for jurisdiction in this Court is 28 U.S.C. § 1291.

On December 14, 2023, the district court entered a final and appealable order dismissing the Amended Complaint without leave to amend. SER-4-10. Foster filed his Notice of Appeal on January 1, 2024. SER-113. Thus, the appeal is timely. Fed. R. App. P. 4(a)(1)(B).

## IV. STATEMENT OF THE CASE

### A. Foster's 2009 VA Benefits Application

Foster is a United States Army veteran who served honorably from October 2007 to July 2008. SER-77. According to his original complaint, Foster suffers from Bipolar II Disorder and Post-Traumatic Stress Disorder. SER-87. In October 2009, Foster submitted an application for compensation and/or pension. SER-53-68. Upon receipt of his application, the VA made several attempts to locate Foster's service department and treatment records but ultimately was unable to locate them. SER-66-68. In early May 2010, the VA informed Foster that it could not locate his records and requested that he submit any records in his possession or

"buddy" certificates or affidavits,[1] among other helpful documentation. SER-66-68. Having received no documents from Foster, the VA denied his 2009 application in late May 2010. SER-69-71.

### B. Foster's 2019 VA Benefits Application

Approximately nine years later, in February 2019, Foster submitted another application for disability compensation and related compensation benefits. SER-72-76. In processing this subsequent application, the VA was able to recover Foster's service records and granted his request for VA disability benefits. SER-77-80.

### C. Foster's Administrative Tort Claim

In November 2020, Foster submitted an administrative tort claim against the VA, alleging negligence. SER-14-20. Foster alleged that because the VA misplaced his service medical records from 2009 to 2019, he was prevented from receiving timely and effective mental health treatment leading to his subsequent "permanent debilitating injury." SER-14. In January 2021, the VA denied Foster's administrative tort claim, explaining that because his claim involved VA benefits, it was not

[1] "A 'buddy' certificate or affidavit is a statement by a person who knew you when you were in service and knows of any disability you had while on active duty." SER-67.

cognizable under the FTCA. SER-44-45. Rather, Foster's claim was reviewable solely under the VJRA. SER-44-45. In February 2021, Foster submitted a Request for Reconsideration and the VA again denied Foster's tort claim based on the VJRA's jurisdiction stripping provisions. SER-46-51.

### D. Foster's First Action

On March 15, 2022, Foster filed a complaint asserting a single negligence claim under the FTCA arising from the VA's denial of his 2009 application. *See generally* Complaint, *Foster v. United States of America*, CV 22-01702 (C.D. Cal. Mar. 15, 2022). On November 21, 2022, the district court dismissed Foster's complaint for lack of prosecution and for his failure to comply with the Court's orders. *See* Minute Order, *Foster v. United States of America*, CV 22-01702 (C.D. Cal. Nov. 21, 2022).

### E. Foster Initiates the Instant Action

The same day the district court dismissed his prior action, Foster initiated a new and separate action by re-filing his original complaint. *Foster v. United States of America*, CV 22-08522, CR 1; SER-82-111. In March 2023, the United States moved to dismiss Foster's complaint for lack of jurisdiction and for failure to state a claim. CR 15; SER-32-38. In May 2023, the Court dismissed Foster's complaint with leave to amend.

SER-32-38.

In June 2023, Foster filed his operative Amended Complaint, this time asserting several claims against the United States under the FTCA. SER-26-30. Though its factual allegations are sparse, Foster's Amended Complaint essentially alleged that the VA's misplacement of his treatment records for approximately nine years prevented him from receiving necessary mental health treatment from the VA and delayed his ability to receive treatment from other providers. SER-26-30. In July 2023, the United States again moved to dismiss Foster's Amended Complaint for lack of jurisdiction and for failure to state a claim. CR 43; SER-4-10. In December 2023, the Court dismissed Foster's Amended Complaint with prejudice. SER-4-10. Because it twice concluded that it lacked subject matter jurisdiction over Foster's claims, the district court found that Foster's "allegations [were] futile at this stage and denie[d] Foster leave to amend his claims." SER-4-10. Foster timely appealed. SER-113.

## V. STANDARD OF REVIEW

The grant or denial of a motion to dismiss is a conclusion of law which this Court reviews *de novo*. *Whitman v. Mineta*, 541 F.3d 929, 931

(9th Cir. 2008).

A district court's denial of leave to amend is reviewed for abuse of discretion. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citing *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)). "[A] district court may dismiss without leave where…amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). "[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is 'particularly broad.'" *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (citing *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 879 (9th Cir. 1999)).

Finally, this Court may affirm on any ground supported by the record, even if not relied upon by the district court. *See Flamingo Indus. (USA) Ltd. v. U.S. Postal Serv.*, 302 F.3d 985, 996 (9th Cir. 2002), *rev'd on other grounds*, 540 U.S. 736 (2004).

## VI. SUMMARY OF THE ARGUMENT

This Court should affirm the district court's dismissal of Foster's action for lack of subject matter jurisdiction without leave to amend.

As this Court has long recognized, the VJRA "precludes jurisdiction over a claim if it requires the district court to review VA decisions that relate to benefits decisions, including any decision made by the Secretary in the course of making benefits determinations." *Veterans for Common Sense v. Shinseki* ("*VCS*"), 678 F.3d 1013, 1025 (9th Cir. 2012) (*en banc*) (internal citation and quotation marks omitted). Thus, Foster's claims, which are all based on the VA's inability to locate his service and treatment records and its consequent denial of his 2009 application, are barred by the VJRA.

Moreover, and although the district court did not reach the issue, Foster's claims are independently time-barred because of his delay in submitting his administrative tort claim. Indeed, Foster did not submit his administrative tort claim until approximately nine years after the VA's denial of his application in 2010. Accordingly, this Court may affirm on that basis as well.

## VII. ARGUMENT

### A. Section 511 of the VJRA Bars Foster's Claims Because They are Based on Alleged Delays and Denials of Veterans' Benefits

"[E]very federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in

a cause under review." *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 866 (9th Cir. 2014) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (internal quotation marks omitted)). While this Court reviews subject matter jurisdiction determinations *de novo*, it reviews "[t]he district court's findings of fact relevant to its determination of subject matter jurisdiction … for clear error." *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016) (quoting *Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005)).

### 1. Statutory Framework

The Veterans' Judicial Review Act, 38 U.S.C. § 511(a), provides that the VA "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." Absent application of exceptions not applicable here,[2] "the decision of the Secretary as to any such question shall be final and conclusive *and may not be reviewed by any other official or by any*

[2] The VJRA's jurisdictional bar "does not apply to (1) matters subject to section 502 of this title (Secretary actions regarding rules and regulations); (2) matters covered by sections 1975 and 1984 of this title (regarding servicemembers' life insurance); matters arising under chapter 37 of this title ('Housing and Small Business Loans'); and matters covered by chapter 72 of this title ('United States Court of Appeals for Veterans Claims')." 38 U.S.C. § 511(b).

*court*, whether by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511(a) (emphasis added). In this context, "[b]enefit means any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors." 38 C.F.R. § 20.3(e). This Court has recognized that Section 511(a) "expressly disqualifie[s] [courts] from hearing cases related to VA benefits," and that "Congress has conferred exclusive jurisdiction over such claims to the Veterans Court and the Federal Circuit." *VCS*, 678 F.3d at 1023 (citing §§ 511(b)(4), 7252(a), 7292(c)). This Court has also emphasized Congress's intent that this preclusion of jurisdiction be interpreted broadly, finding that Section 511(a) "precludes jurisdiction over a claim if it requires the district court to review VA decisions that *relate to benefits decisions, including any decision made by the Secretary in the course of making benefits determinations*." *Id.* at 1025 (citations and internal quotation marks omitted) (emphasis added). "The test is whether review requires consideration of predicate 'questions of law and fact … under a law that *affects* the provision of benefits.'" *Gila River Indian Cmty. v. United States Dep't of Veterans Affairs*, 899 F.3d 1076,

Case: 24-140, 09/13/2026, DktEntry: 72.1, (704 of 1196)

1080 (9th Cir. 2018) (emphasis in original).

Notably, the VJRA's jurisdictional bar does not foreclose review entirely. Instead, veterans seeking review of a veterans' benefit decision must follow a well-established administrative review process. Generally, a VA regional office initially processes veterans' claims for veterans' benefits and makes an initial decision. Veterans dissatisfied with the initial benefits decision may then appeal to the VA's Board of Veterans' Appeals (BVA), which issues the VA's final decision.[3] *See Recinto v. U.S. Dep't of Veterans Affairs*, 706 F.3d 1171, 1174 (9th Cir. 2013). Appeals of BVA decisions go first to the United States Court of Appeals for Veterans Claims (Veterans Court), and then to the United States Court of Appeals for the Federal Circuit. 38 U.S.C. §§ 7251, 7252(a), 7261, 7292.

The purpose of this scheme is to "(1) ensure that benefits claims will not burden the courts and the VA with litigation, and (2) promote the adequacy and uniformity of complex veterans' benefits decisions." *Sugrue*

---

[3] The VA expressly informed Foster how to proceed within the VJRA's framework when it denied his 2009 application: "If you do not agree with our decision, you should write and tell us why. You have *one year from the date of this letter to appeal the decision*. The enclosed *VA Form 4107, "Your Rights to Appeal Our Decision,"* explains your right to appeal." SER-70 (emphasis in original).

*v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994) (citing *Johnson v. Robison*, 415 U.S. 361, 369-70 (1974)). Relevant here, the exclusive appeal scheme set forth in the VJRA applies to both delays and denials of veterans' benefits. *See VCS*, 678 F.3d at 1020-1023 (9th Cir. 2012) ("Section 511 undoubtedly would deprive [district courts] of jurisdiction to consider an individual veteran's claim that the VA unreasonably delayed his mental health care."); *see also Tunac v. United States*, 897 F.3d 1197, 1202-03 (9th Cir. 2018) (*VCS* thus makes clear that we lack jurisdiction to review whether the VA unreasonably delayed medical care for an individual veteran as a scheduling matter, because such a claim requires review of a benefits decision.); *Milbauer v. United States*, 587 Fed. App'x 587, 591 (11th Cir. 2014) ("we agree with the Eighth Circuit's conclusion that 'there is no meaningful legal difference between a *delay* of benefits and an outright *denial* of benefits' for purposes of the VJRA.") (quoting *Mehrkens v. Blank*, 556 F.3d 865, 870 (8th Cir. 2009) (emphasis in original)).

Finally, although the VJRA bars judicial review of claims that implicate veterans' benefits decisions, it permits veterans to pursue other claims against the VA in district court. For example, under the FTCA,

veterans may file non-benefits-related claims against the VA for money damages for injuries caused by certain tortious conduct of "any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). To that end, both the Supreme Court and Congress have recognized that a veteran may seek damages under the FTCA if VA employees negligently perform a medical procedure. *See United States v. Brown*, 348 U.S. 110, 113 (1954); 38 U.S.C. § 1151(b) (providing that VA disability payments based on negligence by a VA employee in furnishing medical treatment will be offset against any recovery under the FTCA). Congress has made clear, however, that such claims may proceed *only if* they would not require the court to review decisions by the VA with respect to veterans' benefits, including intermediate decisions. *See* 38 U.S.C. § 511(a); *Tunac*, 897 F.3d at 1200-03 (distinguishing claims alleging negligence by VA healthcare employees, which are cognizable under the FTCA and not barred by the VJRA, from claims alleging "administrative negligence" in the denial or administration of benefits, which are not cognizable under the FTCA because they are barred by the VJRA). Thus, "claims regarding negligence in VA operations … must proceed under the congressionally

mandated pathway set forth in the [VJRA].” *Tunac*, 897 F.3d at 1200.

### 2. The District Court Properly Construed Foster’s Claims as Relating to the VA’s Benefits Decision

The district court properly determined that the VJRA deprived it of subject matter jurisdiction because Foster’s claims, as pled in his Amended Complaint, required it to evaluate the circumstances of his request for treatment and whether the VA handled his request properly. SER-8. As this Court has recognized, “review of decisions *made in the context of* an individual veteran’s VA benefits proceedings are beyond the jurisdiction of federal courts outside the review scheme established by the VJRA.” *VCS*, 678 F.3d at 1023 (emphasis added). Thus, the VJRA’s preclusion “extends not only to cases where adjudicating veterans’ claims requires the district court to determine whether the VA acted properly in handling a veteran’s request for benefits, but also to those decisions that may affect such cases.” *Id.* at 1025.

Applying this standard, Foster’s claims fall squarely within the ambit of claims that the VJRA shields from judicial review. Despite his attempts to characterize his claims as alleging medical negligence, Foster’s reliance on the VA’s delay in conferring benefits due to its initial inability to locate his service records effectively seeks relief for

"administrative negligence," which this Court has held must be channeled through the VJRA. *See* SER-27. ("Defendant has committed medical malpractice by losing Foster's service department records, which has resulted in harm."); *see also* AOB – 11 ("Simply put, [s]omebody in the employ of the Appellee lost or mislabeled my military service department records to include service treatment records (medical records) for 10 years"). Foster further conceded this point in his original complaint when he alleged that "[t]he denial of [2009 application] precluded Plaintiff from receiving necessary and needed mental health treatment from the [VA]." SER-87. This very same allegation was echoed in the attachment to the administrative tort claim Foster submitted prior to bringing this action under the FTCA. SER-18 ("The denial of the [2009 application] precluded me from receiving needed mental health treatment from Department of Veterans['] Affairs Facilities. In addition, the unavailability of my service department records and or service treatment records precluded me from receiving timely and effective treatment for my diagnosed Bi Polar II Disorder with Anxious Distress and Post Traumatic Stress Disorder.") (original text in all capitalized lettering). Accordingly, and despite Foster's efforts to frame his claims

differently than in his initial Complaint, the district court correctly held that the Amended Complaint sought "a determination from the court that the VA was negligent in how it handled Foster's request for mental health treatment and that the VA's denial created an injurious delay in Foster's receipt of necessary care." SER-5. *See also Recinto v. U.S. Dep't of Veterans Affs.*, 706 F.3d 1171, 1175 (9th Cir. 2013) ("[I]f reviewing [a] claim would require review of the circumstances of individual benefits requests, jurisdiction is lacking.").

### B. Foster's Claims are Time-Barred

Although the district court did not reach the question of whether Foster's claims were timely under the FTCA, the record reflects that Foster declined to submit the administrative tort claim that forms the basis of his FTCA action until more than ten years after the VA denied his 2009 application. SER-42-43, 69-71. Accordingly, this Court may affirm the dismissal of Foster's Amended Complaint on this independent basis as well.

#### 1. Foster Waited Over a Decade to File His Administrative Tort Claim

In *U.S. v. Kubrick*, 444 U.S. 111 (1979), the Supreme Court held that "[a] claim accrues within the meaning of § 2401(b) when the plaintiff

Case: 24-140, 09/13/2026, DktEntry: 72.1, (710 of 1196)

knows both the existence and the cause of his injury…." *Kubrick*, 444 U.S. at 111. As Foster's complaints reflect, both of those elements were satisfied in May 2010. On May 21, 2010, the VA mailed a letter to Foster in response to his 2009 application, stating that (1) it was denying the 2009 application because Foster's claimed injuries were not related to his military service (the existence of the injury) and (2) Foster's service and treatment records were unavailable for review and all efforts to locate such records were unsuccessful (the cause of the injury). SER-69-71. Given that Foster submitted his SF-95 in October 2020, over ten years after the VA denied Foster's 2009 application, Foster administratively raised the issue well-after the FTCA's two-year statute of limitations. *See* 28 U.S.C. 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years ….").

### 2. Foster's Claims Remain Time-Barred Even If a Later Accrual Date is Accepted

Foster previously alleged that his claimed injury in fact accrued on November 25, 2019, when the VA issued its decision regarding his February 2019 application, which discussed the VA's recovery of his medical records. SER-98-105. However, Foster's claims are time-barred

even assuming November 25, 2019 is the correct date of accrual.

When the VA issued its final denial of Foster's administrative tort claim on September 21, 2021 (SER-51), Foster had six months to initiate a district court action, or by March 21, 2022. 28 U.S.C. § 2041(b). Foster failed to do so, and instead filed his initial Complaint on November 21, 2022 (SER-82-111), exactly 14 months after the VA issued its final denial. Foster previously tried to diffuse this fatal fact by relying on the filing date of his *prior* Complaint (*Foster v. United States of America*, CV 22-01702 (C.D. Cal. Mar. 15, 2022)), but that reliance is misplaced. While Foster's prior case involved identical issues as those presented in the instant case, it is nevertheless a **separate and distinct action** that cannot cure the untimeliness of the current action.

Sister circuits to consider the very same issue have found that the filing of an untimely claim is not remedied by the filing of a previous claim. *See, e.g.*, *Franklin Sav. Corp. v. U.S. (In re Franklin Sav. Corp.)*, 385 F.3d 1279, 1286 (10th Cir. 2004) (when evaluating FTCA claims under Section 2401(b), the "dismissal of an earlier suit … without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations") (quoting *Stein v. Reynolds Sec.*,

*Inc.*, 667 F.2d 33,34 (11th Cir. 1982)). In *Lambert v. U.S.*, 44 F.3d 296 (5th Cir. 1995), the plaintiff filed a timely FTCA claim, but the court granted the United States' motion to dismiss on the grounds that the plaintiff failed to properly serve the government. *Lambert*, 44 F.3d at 297-299. The plaintiff "filed a second complaint against the government alleging the same facts and theories as his first suit" on the same day his original suit was dismissed. *Id.* In response, the government again moved to dismiss the case as time-barred and the court granted the motion. *Id.* In evaluating the plaintiff's claim and what effect, if any, the timely filing of his first action had on the second action, the court stated, "the district court's order dismissing the suit without prejudice left Lambert in the same position as if the first suit had never been filed." *Id.*

Here, as in *Lambert*, once the district court dismissed Foster's initial March 2022 action, it was as if Foster had never filed his March 2022 complaint at all. Therefore, irrespective of which date is chosen as the date of accrual, Foster's claims remain time-barred and the filing of his prior action, which remains separate and distinct from the instant action, cannot cure his untimeliness. The district court's dismissal of the Amended Complaint must be affirmed.

## VIII. CONCLUSION

For the foregoing reasons, the United States of America respectfully requests that this Court affirm the district court's judgment in its favor.

Dated: July 24, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

*/s/ Jonathan Russell Blakey*
JONATHAN RUSSELL BLAKEY
Assistant United States Attorney

Attorneys for Defendant-Appellee
United States of America

## STATEMENT OF RELATED CASES

Counsel for Appellee is not aware of any related cases pending in this Court.

Dated: July 24, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

*/s/ Jonathan Russell Blakey*
JONATHAN RUSSELL BLAKEY
Assistant United States Attorney

Attorneys for Defendant-Appellee
United States of America

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**Form 8. Certificate of Compliance for Briefs**

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 24-140

I am the attorney or self-represented party.

**This brief contains** 3,851 **words,** including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

- (●) complies with the word limit of Cir. R. 32-1.
- ( ) is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.
- ( ) is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).
- ( ) is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.
- ( ) complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  - [ ] it is a joint brief submitted by separately represented parties.
  - [ ] a party or parties are filing a single brief in response to multiple briefs.
  - [ ] a party or parties are filing a single brief in response to a longer joint brief.
- ( ) complies with the length limit designated by court order dated ______.
- ( ) is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/ Jonathan Russell Blakey **Date** 7/24/2024
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONOVAN FOSTER,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA; et al.,

Defendants - Appellees.

No. 24-140

D.C. No.
2:22-cv-08522-FWS-PVC
Central District of California,
Los Angeles

ORDER

The answering brief submitted by Appellee United States of America is filed.

Within 7 days of this order, Appellee must file 6 copies of the brief in paper format bound with red front cover pages. Each copy must include certification at the end that the copy is identical to the electronic version. The Form 18 certificate is available on the Court's website, at http://www.ca9.uscourts.gov/forms.

The excerpts of record submitted by Appellee United States of America are filed. Within 7 days of this order, Appellee must file 3 copies of the excerpts in paper format securely bound on the left side, with white front cover pages.

The paper copies must be sent to the Clerk's principal office. The delivery and overnight mailing address is 95 Seventh Street, San Francisco, CA 94103. The regular U.S. mailing address is P.O. Box 193939, San Francisco, CA 94119-3939.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

----------------------------------

DONOVAN J. FOSTER,
Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA,
Defendant-Appellee.

----------------------------------

Case No. 24-140

----------------------------------

On Appeal from the United States District Court
for the Central District of California
District Court Case No. CV 22-08522 FWS (PVC)

----------------------------------

REPLY BRIEF OF PLAINTIFF-APPELLANT

Donovan J. Foster, Pro Se
578 Washington Blvd NUM 312
Marina Del Rey, CA 90292
1-212-920-1477
fostermailbox@gmail.com

August 14, 2024

----------------------------------

## TABLE OF CONTENTS

I. INTRODUCTION .............................................. 1
II. JURISDICTION AND SCOPE OF THE FTCA ............ 2
III. TIMELINESS OF THE CLAIMS ............................ 3
A. The Last Act Rule and Continuing Tort Doctrine ..... 3
B. The Discovery Rule ............................................ 4
C. Professional Negligence of Prior Counsel and Refiling of Identical Case ...................................... 5
D. Conclusion ...................................................... 6
IV. ACKNOWLEDGMENT OF FIRST AMENDED COMPLAINT AND SUBSTANCE OF THE CLAIM ......... 7
V. PROTECTION OF STATEMENTS MADE IN THE DEMAND LETTER .............................................. 8
1. Federal Rule of Evidence 408 ............................. 8
2. Supporting Case Law ......................................... 9
3. Public Policy Considerations ................................ 10
4. Application to This Case .................................... 11
5. Conclusion ....................................................... 12
VI. NON-COMPLIANCE WITH VA REGULATIONS ......... 12
VII. CONCLUSION .................................................. 13
A. Summary ........................................................ 13
B. Request for Relief ............................................ 14

CERTIFICATE OF COMPLIANCE ................................ 15
PROOF OF SERVICE ................................................ 16

## TABLE OF AUTHORITIES

Cases:

- Bialowas v. United States, 443 F.2d 1047 (3d Cir. 1971) .................................. 2
- Cassino v. Reichhold Chemicals, Inc., 817 F.2d 1338 (9th Cir. 1987) ................ 9
- Dynamic Image Technologies, Inc. v. United States, 221 F.3d 34 (1st Cir. 2000) .... 2
- Holland v. Florida, 560 U.S. 631 (2010) ........................................................ 5
- Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990) .............................. 6
- Lopez v. United States, 823 F.3d 970 (10th Cir. 2016) ..................................... 2, 7
- McNeil v. United States, 508 U.S. 106 (1993) .................................................. 2
- Pierce v. F.R. Tripler & Co., 955 F.2d 820 (2d Cir. 1992) ..................................... 9
- Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236 (3d Cir. 1999) ................. 6
- United States v. Kubrick, 444 U.S. 111 (1979) ..................................................... 4

Statutes:

- 28 U.S.C. § 1346(b) ...................................................................................... 2
- 28 U.S.C. § 2675(a) ...................................................................................... 2, 7
- 38 U.S.C. § 7316 ............................................................................................ 2
- 38 U.S.C. § 5103A(b) ...................................................................................... 12
- 38 C.F.R. § 3.156(c)(1) ..................................................................................... 12

Rules:

- Federal Rule of Evidence 408 ............................................................ 8, 9, 10, 11

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**Donovan Foster, Plaintiff-Appellant,**

**v.**

**United States of America, Defendant-Appellee.**

**Case No. 24-140**

## I. Introduction

Plaintiff-Appellant Donovan J. Foster respectfully submits this reply to refute Defendant-Appellee's mischaracterization of this lawsuit as concerning VA benefits, rather than addressing the core issue: the VA's negligent loss or mislabeling of service department records. This reply outlines the jurisdictional basis under the Federal Tort Claims Act (FTCA), the timeliness of the claims, and the merits of the case.

## II. Jurisdiction and Scope of the FTCA

The FTCA confers jurisdiction over claims involving personal injury, negligence, and medical malpractice by federal employees, including those at the VA. Pursuant to 28 U.S.C. § 1346(b), this Court has jurisdiction over claims arising from the negligent acts of government employees acting within the scope of their employment. Further, under 38 U.S.C. § 7316, medical malpractice and negligence claims against VA healthcare employees are actionable under the FTCA.

The lawsuit must align with the facts and theories presented in the administrative claim, as mandated by 28 U.S.C. § 2675(a). This principle has been upheld in *Lopez v. United States*, 823 F.3d 970 (10th Cir. 2016), and further reinforced by *Bialowas v. United States*, 443 F.2d 1047 (3d Cir. 1971), and *McNeil v. United States*, 508 U.S. 106 (1993). Additionally, *Dynamic Image Technologies, Inc. v. United States*, 221 F.3d 34 (1st Cir. 2000), emphasizes that the lawsuit must adhere to the scope of the administrative claim.

The Plaintiff's Standard Form 95 Attachment C explicitly states: "My Service Department Records were lost or mislabeled. This flagrant negligent act by your governmental entity or by someone in the employ thereof, in a facility of and/or in

the control of your governmental entity, has caused infinite, endless harm and/or personal injury to myself, the claimant." The Standard Form 95 unambiguously bases the claim on the negligent handling of service department records, including protected patient health information. Therefore, the claim falls squarely outside the scope of the Veterans Judicial Review Act (VJRA).

The Appellee's attempt to invoke Section 511 of the VJRA, alleging that the claims pertain to delays and denials of veterans' benefits, is a blatant mischaracterization. The record shows that Mr. Foster's claims are rooted in flagrant negligence, as articulated in Standard Form 95. Accordingly, the VJRA is inapplicable to this case.

**III. Timeliness of the Claims**

The Appellant's claims are timely under the FTCA, as established by the Last Act Rule (Continuing Tort Doctrine), the Discovery Rule, and the doctrine of equitable tolling due to professional negligence by prior counsel. Each legal principle, supported by robust precedent, demonstrates that the statute of limitations does not bar the Appellant's claims.

**A. The Last Act Rule and Continuing Tort Doctrine**

The Last Act Rule provides that the statute of limitations does not commence until the final wrongful act or omission has ceased. This doctrine is particularly applicable in cases of continuous or ongoing harm, where each day of wrongful conduct constitutes a new tort. The Ninth Circuit has consistently affirmed this doctrine in cases involving continuous injury caused by negligence.

In this instance, the Appellant has endured sustained and ongoing harm due to the Appellee's failure to properly maintain and safeguard his service department records, including protected patient health information. This ongoing negligence establishes a continuing tort, delaying the accrual of the statute of limitations until the wrongful conduct ceases—specifically, when the Appellee fully rectifies its negligence.

The Appellee's admission on November 25, 2019, that it lost or mislabeled the Appellant's service records constitutes the most recent acknowledgment of its ongoing negligence. However, the repercussions of this negligence remain unresolved, as the VA has not provided a comprehensive remedy. Consequently, under the Last Act Rule, the statute of limitations remains tolled until the wrongful conduct is fully addressed.

**B. The Discovery Rule**

The Discovery Rule further reinforces the timeliness of the Appellant's claims. A claim does not accrue until the plaintiff knows, or reasonably should know, both the existence of the injury and its cause. The Supreme Court in *United States v. Kubrick*, 444 U.S. 111 (1979), clarified that the statute of limitations begins to run when the plaintiff is aware of the injury and its causation, irrespective of when the plaintiff understands the legal implications of the injury.

In this case, the Appellant could not have reasonably discovered the VA's negligence until November 25, 2019, when the VA admitted to the loss or mislabeling of his service records in Department of Veterans Affairs Decision Letter Attachment D. Before this admission, the Appellant had no reason to suspect that the VA's actions—or inactions—were the root cause of his inability to access critical records and protected patient health information. The VA's lack of transparency and repeated failure to disclose the loss of records prevented the Appellant from identifying the cause of his injuries at an earlier stage.

The Appellee's assertion that the claim should have accrued in 2010, is fundamentally flawed. The VA's communication in 2010 was ambiguous and did

not clearly indicate that the records were lost or mislabeled due to its negligence. Therefore, under the Discovery Rule, the claim did not accrue until November 25, 2019, making the subsequent filing of the claim well within the permissible time frame.

**C. Professional Negligence of Prior Counsel and Refiling of Identical Case**

Equitable tolling further supports the timeliness of the Appellant's claims, particularly in light of the professional negligence exhibited by his former counsel. The Supreme Court in *Holland v. Florida*, 560 U.S. 631 (2010), reaffirmed that equitable tolling is appropriate when a diligent plaintiff is prevented from timely filing due to extraordinary circumstances, including gross attorney misconduct.

The Appellant filed his complaint on March 15, 2022, within the statutory deadline following the VA's admission of negligence on November 25, 2019. However, due to the professional negligence of his prior attorney—who failed to comply with court orders and effectively abandoned the case—the Appellant was compelled to refile the identical complaint on the same day the case was dismissed without prejudice.

The Ninth Circuit has recognized that professional negligence, particularly when it results in a dismissal without prejudice, warrants the application of equitable tolling. As emphasized in *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 241 (3d Cir. 1999), attorney misconduct that deprives a client of their day in court justifies tolling the statute of limitations.

Moreover, the Supreme Court in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990), held that attorney misconduct, including abandonment of a case, may justify tolling the statute of limitations. The Appellant's situation aligns directly with this precedent, as his former attorney's professional negligence significantly compromised the timely pursuit of his claims.

Given that the Appellant was forced to refile the same complaint due to his attorney's professional negligence, this Court should recognize the applicability of equitable tolling and permit the case to proceed without penalty. The Appellant should not be made to suffer the consequences of his former counsel's failures, and his claims should be deemed timely as of the original filing date.

**D. Conclusion**

The application of the Last Act Rule, the Discovery Rule, and equitable tolling due to professional negligence unequivocally demonstrates the timeliness of the Appellant's claims. The statute of limitations does not bar these claims, as the wrongful acts and resulting harm are ongoing, and the Appellant could not have discovered the injury and its cause until November 25, 2019. The Appellant's diligent pursuit of his rights should not be undermined by his prior attorney's professional negligence. Accordingly, this Court should reject the Appellee's statute of limitations defense.

**IV. Acknowledgment of First Amended Complaint and Substance of the Claim**

The Plaintiff-Appellant acknowledges that the First Amended Complaint contained certain deficiencies, which arose due to severe time constraints created by the professional negligence of the Appellant's prior attorney. The Appellant, whose background is in economics rather than law, faced significant challenges in addressing these issues without adequate legal representation.

Nevertheless, these deficiencies in the First Amended Complaint should not detract from the substantive claims detailed in the Appellant's Standard Form 95, which serves as the foundation of this lawsuit. The Standard Form 95 explicitly outlines

the basis of the claim: the negligent loss or mislabeling of service department records by the Appellee. This core issue underpins all other claims in this case.

Federal jurisprudence firmly establishes that the contents of the Standard Form 95 can clarify and supplement the claims made in the complaint, particularly in cases where the complaint may be deficient. Courts have recognized that the administrative claim, submitted through Standard Form 95, must form the basis for the lawsuit, as required by 28 U.S.C. § 2675(a). In *Lopez v. United States*, 823 F.3d 970 (10th Cir. 2016), the court emphasized that FTCA claims must align with the facts and theories presented in the administrative claim, reinforcing that the Standard Form 95 is central to the Plaintiff's case. Therefore, any issues with the First Amended Complaint should not affect the viability of the claims, as the substantive basis for the lawsuit is clearly established in the Standard Form 95.

The Plaintiff-Appellant's Standard Form 95 explicitly focuses on the negligent handling of service department records, which has caused significant harm and personal injury. The substance of this claim remains intact, and the Court should proceed with considering the merits of the case based on the information presented in the Standard Form 95.

Case: 24-140, 08/14/2024, DktEntry: 25.1, Page 13 of 22

## V. Protection of Statements Made in the Demand Letter

The Appellee's attempt to use statements from the Appellant's demand letter as evidence in this litigation is improper and legally impermissible. Established federal jurisprudence, reinforced by the Federal Rules of Evidence, protects statements made during settlement negotiations and renders them generally inadmissible in court proceedings. This protection reflects public policy considerations that encourage the resolution of disputes without resorting to litigation.

### 1. Federal Rule of Evidence 408

Federal Rule of Evidence 408 governs the admissibility of statements made during settlement negotiations. The rule provides, in relevant part:

**Rule 408: Compromise Offers and Negotiations**

(a) *Prohibited Uses*. Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: (1) furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a

valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim.

The purpose of Rule 408 is to promote public policy favoring the settlement of disputes. Allowing statements made during settlement negotiations to be used in litigation would deter parties from engaging in open and honest discussions aimed at resolving their disputes outside the courtroom.

In this case, any statements made in the Appellant's demand letter are unequivocally protected by Rule 408. The demand letter was a clear attempt to resolve the dispute amicably. As such, any admissions, offers, or other statements contained therein are inadmissible for purposes of proving or disproving the validity of the Appellant's claims or the amount of damages.

**2. Supporting Case Law**

Federal courts have consistently upheld the protections afforded by Rule 408, excluding from evidence statements made during settlement negotiations. For example, in *Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 827 (2d Cir. 1992), the Second Circuit held that Rule 408 bars the use of statements made during

settlement discussions to prove liability, emphasizing that "compromise negotiations are meant to be confidential and inadmissible."

Similarly, in *Bankcard America, Inc. v. Universal Bancard Systems, Inc.*, 203 F.3d 477, 484 (7th Cir. 2000), the Seventh Circuit affirmed the exclusion of settlement communications, stating that "the rule applies to all conduct or statements made during settlement negotiations, including those that involve a concession or other form of admission of fault."

The Ninth Circuit has also applied Rule 408 in numerous cases. In *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1342 (9th Cir. 1987), the court emphasized that the rule protects against the admission of settlement discussions, noting that its purpose is to "encourage settlements by fostering free and full discussion of the issues."

These decisions reinforce the principle that statements made during settlement negotiations, including those in demand letters, cannot be used as evidence in subsequent litigation. This ensures that parties can negotiate freely, without fear that their words will be used against them if the negotiations fail.

**3. Public Policy Considerations**

The public policy rationale behind Rule 408 further supports the exclusion of the demand letter from evidence. Allowing the Appellee to use statements from the demand letter would undermine the policy goals of encouraging settlements and reducing the burden on the courts. If parties feared that their settlement discussions could later be used against them in court, they would be far less likely to engage in meaningful negotiations.

Moreover, allowing the use of settlement-related communications as evidence would create a chilling effect on the negotiation process, frustrating the purpose of Rule 408. This could lead to protracted litigation and increased costs for all parties involved, ultimately burdening the judicial system.

**4. Application to This Case**

In the present case, the demand letter represents a clear attempt by the Appellant to resolve the dispute amicably and without litigation. The Appellee's attempt to use the content of the demand letter in this proceeding directly contravenes Rule 408 and established federal jurisprudence. Any statements made within the demand letter are inadmissible and should be excluded from consideration by this Court.

The Appellee's reliance on the demand letter is not only legally impermissible but also undermines the integrity of the settlement process. The Court should reject any attempt by the Appellee to introduce or rely on statements made in the demand letter and should remind the parties of the protections afforded by Rule 408.

**5. Conclusion**

Based on the clear language of Federal Rule of Evidence 408, supported by applicable federal case law, the Appellee cannot use statements made in the Appellant's demand letter as evidence in this case. Such statements are protected as part of settlement negotiations, and their use would contravene both the letter and spirit of Rule 408. Accordingly, the Court should exclude any reference to or reliance on the demand letter in these proceedings, thereby upholding the principles of fairness and encouraging the resolution of disputes through negotiation rather than litigation.

**VI. Non-Compliance with VA Regulations**

The VA's failure to comply with specific regulations and U.S. Code provisions designed to assist veterans whose records are lost or unavailable further supports the Appellant's claims. Under 38 C.F.R. § 3.156(c)(1) and 38 U.S.C. § 5103A(b),

the VA is required to make reasonable efforts to obtain relevant records, reconsider claims when records are found, and to assist veterans whose records are missing.

The VA's inadequate response to the loss of the Appellant's records contravened these procedural and substantive requirements, contributing to the Appellant's harm. This failure to comply with VA regulations and U.S. Code provisions underscores the VA's negligence and strengthens the Appellant's case.

## VII. Conclusion

### A. Summary

This Reply meticulously addresses each point raised by the Appellee and supports each argument with relevant U.S. Code, applicable federal jurisprudence, and thorough legal analysis. The Plaintiff-Appellant has built a compelling and robust case, grounded in a detailed examination of statutory provisions, pertinent case law from the U.S. Court of Appeals for the Ninth Circuit, and other authoritative legal precedents.

The Plaintiff's-Appellant's claims, as outlined in Standard Form 95, are based on flagrant negligence by the Appellee, which has caused the Appellant significant and

ongoing harm. For the reasons discussed above, the Plaintiff-Appellant respectfully submits that this Court has jurisdiction over the matter, and the claims have been timely filed under the applicable legal standards.

Given the Appellee's admitted negligence and failure to comply with its own regulations, this Court should grant the Plaintiff-Appellant's requested relief to ensure justice for the Appellant, who has suffered substantial harm as a direct result of the Appellee's actions.

**B. Request for Relief**

The Plaintiff-Appellant respectfully requests that this Court:

1. Hold the Appellee liable for the admitted negligence and the resulting harm and damages suffered by the Appellant.
2. Award the Appellant compensatory damages in the amount of $30 million not exceeding the sum certain.
3. Award the Appellant costs and expenses incurred in pursuing this action.
4. Grant such other and further relief as this Court deems just and proper under the circumstances.

5. Alternatively, reverse the district court's dismissal of the case on the grounds that the lower court erred in its jurisdictional or other legal determinations.

6. Alternatively, remand the case to the district court for further proceedings consistent with this Court's findings, particularly to allow for continued discovery. This is necessary to uncover whether the Department of Veterans Affairs engaged in any deliberate actions that lacked transparency, ensuring that all potential constitutional claims are fully explored

**Respectfully submitted,**

/s/ Donovan Foster
Donovan Foster
Donovan J. Foster, Pro Se
578 Washington Blvd NUM 312
Marina Del Rey, CA 90292
1-212-920-1477
fostermailbox@gmail.com
08/14/2024

**PROOF OF SERVICE**

I hereby certify that on [Insert Date], I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system.

I further certify that all participants in the case are registered ACMS users and that service will be accomplished by the appellate ACMS system.

Respectfully submitted,

/s/Donovan Foster
Donovan J. Foster, Pro Se
578 Washington Blvd NUM 312
Marina Del Rey, CA 90292
1-212-920-1477
fostermailbox@gmail.com

August 14, 2024

Attachment C

| **CLAIM FOR DAMAGE, INJURY, OR DEATH** | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| NATIONAL ARCHIVES AND RECORDS ADMINISTRATION<br>AND<br>DEPARTMENT OF VETERANS AFFAIRS | DONOVAN J. FOSTER JR.<br>578 WASHINGTON BLVD NUM 312<br>MARINA DEL REY, CA 90292 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 08/13/1985 | SINGLE | 11/26/2019 | 11:00PM |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY OR BY SOMEONE IN THE EMPLOY THEREOF, IN A FACILITY OF AND OR IN THE CONTROL OF YOUR GOVERNMENTAL ENTITY HAS CAUSED INFINITE ENDLESS HARM AND OR PERSONAL INJURY TO MYSELF THE CLAIMANT. PLEASE SEE ATTACHED DEMAND LETTER FOR FURTHER DETAIL.

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

NONE

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED. THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY HAS CAUSED PERMANENT DEBILITATING INJURY AND POST TRAMATIC STRESS DISORDER.

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| TO BE DETERMINED IN PRE-TRIAL DISCOVERY IF APPLICABLE | TO BE DETERMINED IN PRE-TRIAL DISOVERY IF APPLICABLE |

12. (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| NONE | $92,288,776,984.00 | | $92,288,776,984.00 |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.**

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature] | 2129201477 | 10/13/2020 |

| **CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM** | **CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS** |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

**NSN 7540-00-634-4046**

**STANDARD FORM 95** (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**DONOVAN J. FOSTER,**

**Plaintiff-Appellant,**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant-Appellee.**

**Case No. 24-140**

**CERTIFICATE OF SERVICE**

I, Donovan J. Foster, certify that on August 14, 2024, I electronically filed the **Reply Brief of Plaintiff-Appellant** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the Appellate Case Management System (ACMS).

I further certify that participants in the case who are registered ACMS users were served by the Appellate ACMS CM/ECF system. Specifically, the following attorney was served via ACMS:

**Jonathan Russell Blakey**

Assistant United States Attorney

Email: Jonathan.Blakey@usdoj.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 22, 2024.

Respectfully submitted,

/s/ Donovan Foster

Donovan J. Foster

578 Washington Blvd NUM 312

Marina Del Rey, CA 90292

1-212-920-1477

fostermailbox@gmail.com

Case: 24-140, 09/13/2026, DktEntry: 72.1, (741 of 1196)

**THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**Case No. 24-140**

**Donovan J Foster,**
**Plaintiff-Appellant,**

**v.**

**UNITED STATES OF AMERICA,**
**Defendant-Appellee.**

# EMERGENCY MOTION FOR CLARIFICATION REGARDING SERVICE OF SEALED EMERGENCY MOTION

Filed by:
Donovan J Foster
578 Washington Blvd NUM 312
Marina Del Rey, CA 90292
1-212-920-1477
fostermailbox@gmail.com

Donovan Foster, Plaintiff-Appellant

Dated: January 31, 2025

## INTRODUCTION

Movant respectfully submits this Motion for Clarification regarding the appropriate service of a sealed Emergency Motion filed in the instant case. Specifically, Movant seeks the Court's guidance on whether service upon a non-case participant —the Attorney General of the State of California—was required, permissible, or

inadvertently improper under the applicable sealing order and Federal Rules of Appellate Procedure (FRAP 25).

BACKGROUND

1. On January 28, 2025 at 06:02 PM, Movant filed an Emergency Motion under seal in the U.S. Court of Appeals for the Ninth Circuit.
2. The motion references the State of California and its officials in relation to alleged unlawful interference with a federal litigant.
3. In an effort to ensure procedural compliance and provide relevant notice, movant served a copy, via USPS certified mail return receipt USPS Tracking #: 9214890235890900003O468606, the sealed motion on the Attorney General of the State of California Est. delivery: February 4, 2025.
4. After further review, Movant recognizes the potential that service upon a non-case participant without explicit court authorization may be inconsistent with Ninth Circuit Rule 27-13 and FRAP 25(a)(5).
5. Movant now seeks clarification from this Court as to whether:
    - Service upon the California Attorney General was required or proper, given the contents of the motion;
    - Any remedial steps are necessary if the service was procedurally improper.

LEGAL BASIS

Federal Rule of Appellate Procedure 25(a)(5) governs the service of sealed documents and states that sealed filings must be served only on authorized case participants unless otherwise ordered by the court. Ninth Circuit Rule 27-13 further restricts service of sealed filings unless the court grants specific permission.

Given these rules, Movant seeks judicial clarification as to whether:

1. The service of a sealed motion on a non-party official (California AG) was procedurally sound;
2. Any remedial action (e.g., withdrawal of the service copy, additional protective measures) is warranted.

REQUEST FOR RELIEF

1. Movant files this Emergency Motion for Clarification in an abundance of caution to ensure strict adherence to Ninth Circuit procedures. This filing is not intended to seek relief but rather to ensure transparency regarding the procedural actions taken by Movant and to clarify whether service of a sealed motion upon a non-party official (the California Attorney General) was consistent with Ninth Circuit Rule 27-13 and FRAP 25(a)(5).

Respectfully submitted,

Donovan J Foster
578 Washington Blvd NUM 312
Marina Del Rey, CA 90292

1-212-920-1477
fostermailbox@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2025, I electronically filed the foregoing Emergency Motion for Clarification Regarding Service of Sealed Emergency Motion with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS system. Via email the following parties has been served in accordance with U.S. Ninth Circuit Court of Appeals Rules:

1. Counsel for all case participants United States of America et al

Respectfully submitted,

/s/ Donovan J Foster
Donovan J Foster
578 Washington Blvd NUM 312
Marina Del Rey, CA 90292
1-212-920-1477
fostermailbox@gmail.com

# MOTION TO PROCEED IN FORMA PAUPERIS

Donovan J. Foster

578 Washington Blvd, NUM 312

Marina Del Rey, CA 90292

(212) 920-1477 | fostermailbox@gmail.com

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

------------------------------------------------

| | | |
|---|---|---|
| DONOVAN J. FOSTER, | ) | |
| Plaintiff-Appellant, | ) | Case No. 24-140 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant-Appellee. | ) | |

--------------------------------------------------

MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff-Appellant Donovan J. Foster respectfully moves this Court for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. This request is made in connection with Appellant's appeal from the order of the United States District Court for the Central District of California, dismissing his Federal Tort Claims Act action.

Mr. Foster is a 100% service-connected veteran who has categorically declined VA disability payments as a matter of principle, because the Department of Veterans Affairs—the agency liable in this case—is the very source of the catastrophic harm for which this action seeks redress. He survives without income, employment, or financial support, and has three bank accounts that

are all currently in overdraft.

The Appellant is presently unemployed, and as a direct consequence of the VA's negligence—including the loss and/or mislabeling of vital medical records that delayed diagnosis for nearly a decade—he is permanently disabled and unable to engage in gainful employment.

Mr. Foster has no dependents. His capacity to parent or support a family has also been gravely impaired by the harm inflicted through the VA's tortious conduct.

Given the above, Appellant qualifies for in forma pauperis status under the applicable statutes and case law, and respectfully asks the Court to waive all filing fees and costs associated with the continuation of this appeal.

Attached is the required Form 4 affidavit in support of this request.

Respectfully submitted,

/s/ Donovan J. Foster

Donovan J. Foster

Pro Se Appellant

Dated: April 23, 2025

Donovan J. Foster

578 Washington Blvd, NUM 312

Marina Del Rey, CA 90292

(212) 920-1477 | fostermailbox@gmail.com

# Form 4. Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis

United States Court of Appeals for the Ninth Circuit

Case Number: 24-140

Case Name: Donovan J. Foster v. United States of America

AFFIDAVIT

I, Donovan J. Foster, declare that I am the appellant in the above-entitled proceeding; that in support of my motion to proceed on appeal in forma pauperis, I state that because of my poverty, I am unable to pay the costs of this case or to give security therefor, and I believe I am entitled to redress.

1. I currently have had no income from any source, including VA disability,

Social Security, employment, self-employment, or other sources. I am eligible for VA benefits at the 100% disability level but have declined them on principle due to this litigation. I am currently unemployed. As a direct result of the Department of Veterans Affairs' negligence—including the prolonged loss and/or mislabeling of my service medical records which delayed a critical diagnosis for nearly a decade—I suffer from permanent impairments that render me unable to participate in gainful employment at this time. Until this matter is fully and lawfully resolved, I am not able to safely or ethically operate in a professional setting, as doing so could place others at risk. My sincere wish is to return to productive work, but I cannot responsibly do so without justice and intervention under the laws of the United States of America.

2. I have no dependents. The injuries sustained have left me permanently unable to rear children.

3. I own no real estate, vehicles, or other property. I maintain three checking accounts, all currently in overdraft.

4. I am not employed, and my unemployment is a direct result of the injuries and medical harm caused by the defendant agency.

5. I have no cash or savings on hand.

6. I have a de minims amount of holdings in any stocks, bonds, or other investments.

7. I have no personal or commercial debts owed to me, other than the claim for monetary damages presently sought in this appeal. That claim arises under the Federal Tort Claims Act and reflects the full measure of compensation I contend is due as a result of the United States' negligence. The approximate value asserted in the pleadings is $92 billion.

8. I currently carry over $125,000 in unsecured debt, including legal, medical, and personal liabilities that have accumulated as a direct consequence of the harm at issue in this litigation. I have no realistic means of repayment absent a just resolution of this matter. These debts further underscore my indigency and the impossibility of affording legal fees, court costs, or appellate filing expenses at this time.

9. I declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 23, 2025

/s/ Donovan J. Foster

Donovan J. Foster

578 Washington Blvd, NUM 312

Marina Del Rey, CA 90292

fostermailbox@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on April 23, 2025, I electronically filed the foregoing:

- Motion to Proceed In Forma Pauperis
- Form 4: Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis

with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered ACMS AND CM/ECF users will be served by the appellate ACMS and or CM/ECF system.

Executed on April 23, 2025 in Los Angeles, CA.

/s/ Donovan J. Foster

Donovan J. Foster

578 Washington Blvd, NUM 312

Marina Del Rey, CA 90292

fostermailbox@gmail.com

No. 24-140

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

**DONOVAN FOSTER**,
*Plaintiff-Appellant*,

v.

**UNITED STATES OF AMERICA**,
*Defendant-Appellee*.

Appeal from the United States District Court
Central District of California
No. CV 22-08522 FWS (PVC)

---

# MOTION TO SUBMIT CORRECTED SUPPLEMENTAL EXCERPTS OF RECORD

---

BILAL A. ESSAYLI
*United States Attorney*
DAVID M. HARRIS
*Assistant United States Attorney*
*Chief, Civil Division*
JESSICA O. CHEH
*Assistant United States Attorney*
Federal Building
300 N. Los Angeles Street, Suite 7516
Los Angeles, California 90012
Telephone: (213) 894-0886
E-mail: jessica.cheh@usdoj.gov

Attorneys for Defendant-Appellee
United States of America

**MOTION TO SUBMIT CORRECTED SUPPLEMENTAL EXCERPTS OF RECORD**

The United States moves to submit corrected Supplemental Excerpts of Record (Dkt. 21) to include further necessary redactions of Appellant Donovan Foster's private information which were inadvertently omitted upon initial filing. This motion is made pursuant to Federal Rule of Appellate Procedure 27 and is based on the files and records in this case and the attached declaration of Assistant United States Attorney Jessica O. Cheh.

On April 23, 2025, Appellant Donovan Foster filed a "Motion for Sanctions" representing that the Supplemental Excerpts of Record contained pages identifying his Social Security number. Dkt. 45. Upon reviewing the SER, counsel for the United States confirmed that there were pages on which Foster's personally identifiable information was inadvertently left unredacted. Cheh Decl. ¶ 4.

Because the failure to redact all of Foster's personally identifiable information was an unintentional error, the United States respectfully requests leave to submit corrected Supplemental Excerpts containing all necessary redactions. A proposed corrected SER is submitted concurrently with this motion.

Dated: April 25, 2025

Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

*/s/ Jessica O. Cheh*
JESSICA O. CHEH
Assistant United States Attorney

Attorneys for Defendant-Appellee
United States of America

## DECLARATION OF JESSICA O. CHEH

I, Jessica O. Cheh, hereby declare as follows:

1. I am an Assistant United States Attorney in the Office of the United States Attorney for the Central District of California. I make this declaration pursuant to Federal Rule of Appellate Procedure 27(a)(2)(B).

2. I am Chief of the Civil Appeals Section and recently assumed primary responsibility over the defense of this appeal.

3. On April 23, 2025, Appellant Donovan Foster filed a "Motion for Sanctions" in which he identified multiple pages of the Supplemental Excerpts of Record (Dkt. 21) containing his unredacted Social Security number. Dkt. 45.

4. After reviewing the SER, I confirmed that there were multiple pages on which Mr. Foster's personally identifiable information was unredacted. The failure to redact this information was an inadvertent oversight.

5. On April 24, 2025, I emailed Mr. Foster to advise him of this motion and to obtain his position thereon. I have not yet received a response.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 25th day of April, 2025, at Los Angeles, California.

*/s/ Jessica O. Cheh*

JESSICA O. CHEH

# TABLE OF CONTENTS

## Consolidated Submission – Case No. 24-140


| Section Title | Page Number |
|---|---|
| Motion for Judicial Notice of Ongoing Economic Retaliation and Procedural Sabotage | 2 |
| Legal Basis for Judicial Notice | 4 |
| Factual Background for Judicial Notice | 6 |
| Relevance to the Court's Jurisdictional Inquiry | 8 |
| Conclusion (Judicial Notice Motion) | 9 |
| Signature Line for Motion for Judicial Notice | 11 |
| Declaration of Donovan J. Foster in Support of Motion for Judicial Notice | 12 |
| Signature Line for Declaration | 15 |
| Motion for Leave to File Amicus Curiae Brief by Gio Beverly Hills LLC | 16 |
| Identity and Interest of Amicus | 17 |
| Necessity of Amicus Participation | 18 |
| Request for Leave | 19 |
| Signature Line for Motion for Leave | 20 |
| Brief of Amicus Curiae Gio Beverly Hills LLC in Support of Appellant | 21 |
| Interest of Amicus Curiae | 21 |
| Summary of Argument | 23 |
| Argument Section I: FTCA Tort Based on Independent Negligent Conduct | 24 |
| Argument Section II: Ninth Circuit Doctrine Confirms FTCA Jurisdiction | 25 |
| Argument Section III: Constitutional Fault Lines in DOJ's § 511 | 26 |
| Argument Section IV: Economic Retaliation and Procedural Sabotage | 27 |
| Argument Section V: Why the Ninth Circuit Must Decide the Jurisdictional Issue Now | 28 |
| Conclusion (Amicus Brief) | 29 |
| Signature Line for Amicus Brief | 30 |
| Certificate of Service | 32 |

Case: 24-140, 04/23/2025, DktEntry: 47.1, Page 2 of 17

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

# MOTION FOR JUDICIAL NOTICE OF ONGOING ECONOMIC RETALIATION AND PROCEDURAL SABOTAGE LINKED TO FEDERAL TORT CLAIMS ACT APPEAL

## INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Federal Rule of Appellate Procedure 27, and Ninth Circuit Rule 27-1, Appellant Donovan J. Foster respectfully moves this Court to take judicial notice of key facts bearing on the procedural, constitutional, and economic context of this appeal. Specifically, Appellant requests that this Court recognize:

1. That substantial economic interference has occurred following the filing of this FTCA appeal, targeting Appellant's lawful business entity;

2. **That such interference includes the placement of Appellant's company, Gio Beverly Hills LLC, on the Federal Do Not Pay (DNP) list, which directly resulted in the denial of access to federal small business capital;**

3. **That these actions were taken without any adjudicative process, statutory basis, or notice to the affected party;**

4. **That the timing of this exclusion correlates precisely with the pendency of this appeal, raising legitimate concerns about retaliatory governmental conduct;**

5. That the economic harm from this exclusion has been calculated in good faith at $24,482,503.95, based on anticipated contract performance, disabled-veteran business enterprise (DVBE) opportunities, and federal program access projections denied as a result.

These facts are not offered for purposes of evidentiary adjudication or monetary relief at the appellate level. Rather, they are submitted so that the full constitutional and procedural stakes of this litigation can be appreciated, preserved, and considered by the Court in evaluating whether jurisdiction under the Federal Tort Claims Act (FTCA) is proper, and whether further remand would be just or efficient.

## LEGAL BASIS FOR JUDICIAL NOTICE

Federal Rule of Evidence 201(b) provides that a court may take judicial notice of a fact that is not subject to reasonable dispute because it:

1. Is generally known within the trial court's territorial jurisdiction; or
2. **Can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.**

Judicial notice is appropriate on appeal where the facts in question:

- **Arise after the trial court record closed but bear directly on the continuing viability or constitutional scope of the case;**
- **Serve to preserve structural harms or due process failures that color the judicial process itself;**
- Establish the existence of parallel governmental conduct that reinforces the need for judicial oversight.

Ninth Circuit precedent supports judicial notice for post-record governmental activity tied to constitutional litigation. See:

- United States v. Ritchie, 342 F.3d 903, 909 (9th Cir. 2003);

- Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001);
- Karnoski v. Trump, 926 F.3d 1180, 1196 (9th Cir. 2019).

## FACTUAL BACKGROUND FOR JUDICIAL NOTICE

Appellant Donovan J. Foster is a 100% disabled United States military veteran prosecuting this appeal under the Federal Tort Claims Act for injuries arising from negligent loss and/or misclassification of military medical records by the VA, which caused a nine-year delay in diagnosis of a serious health condition.

To lawfully and therapeutically re-enter economic life within the constraints of his disability, Appellant caused to be formed Gio Beverly Hills LLC, a rehabilitative limited liability company owned by GBH Trust. The company was created as a disabled-veteran-owned enterprise with the intent to participate in federal and state economic programs, including:

- SBA-backed loan programs;
- DVBE set-asides;
- Department of Commerce capacity building contracts;
- Private sector opportunities dependent on federal registration.

On or about February 11, 2025, while this appeal was pending, Gio Beverly Hills LLC received notice that it had been denied SBA participation due to its presence on the Federal Do Not Pay (DNP) list—a Treasury-operated list meant to exclude ineligible entities from receiving federal disbursements.

Upon investigation, it was discovered that the DNP flag had been initiated not by any court or disqualifying federal action, but by the California Department of Social Services (CDSS)—an executive agency of the State of California. The company was given:

- No warning;
- No hearing;

- No findings of fraud, misconduct, or ineligibility;
- No procedural mechanism for appeal or rebuttal.

This blacklisting occurred within weeks of the docketing of this FTCA appeal, and has had a chilling effect on Appellant's ability to lawfully fund, operate, and defend this litigation. The denial resulted in immediate economic exclusion from federal capital programs—a form of collateral suppression that runs afoul of due process and calls into question the structural integrity of sovereign litigation.

**RELEVANCE TO THE COURT'S JURISDICTIONAL INQUIRY**

These facts are not submitted as new causes of action, nor do they request monetary relief here. Rather, they bear on three issues critical to the Court's jurisdictional analysis:

1. **They establish the gravity and persistence of harm flowing from the VA's original tort, including harm to entities aligned with the Appellant;**

2. They demonstrate the presence of state-federal interference, arising not from formal proceedings but from systemic retaliatory conduct against a federal litigant;

3. They underscore the urgency of appellate resolution now—not through remand—because the judicial delay enables continued injury, economic suppression, and loss of public access rights.

This is not merely an appeal. It is a live constitutional battlefield where the FTCA's promise of accountability is being tested not just in the courtroom, but in the lived experience of those daring to invoke it.

## CONCLUSION

Appellant respectfully requests that the Court:

1. **Take judicial notice that Appellant's affiliated business, Gio Beverly Hills LLC, was denied SBA access following improper listing on the Federal Do Not Pay list, without adjudication, during the pendency of this appeal;**

2. Take judicial notice that this exclusion arose from an unexplained designation by the California Department of Social Services, imposed without process or recourse;

3. Take judicial notice that the resulting damages have been calculated at over $24 million, based on foregone economic opportunity and confirmed operational exclusion;

4. Consider these facts not as evidence of liability, but as structural context that underscores the constitutional necessity of preserving FTCA jurisdiction and deciding this appeal without remand.

This litigation has not occurred in a vacuum. It is now surrounded by forces that the judiciary alone can neutralize. To take notice is not to

decide the facts—but to honor the constitutional terrain on which they unfold.

Respectfully submitted,

/s/ Donovan J. Foster

Appellant / GBH Trust Fiduciary

April 23, 2025

Los Angeles, California

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

**DECLARATION OF DONOVAN J. FOSTER IN SUPPORT OF MOTION FOR JUDICIAL NOTICE**

I, Donovan J. Foster, declare and state as follows:

1. I am the Appellant in the above-captioned matter, currently pending before the United States Court of Appeals for the Ninth Circuit. I make this declaration in support of my Motion for

Judicial Notice, and based on personal knowledge unless otherwise stated.

2. I am a 100% service-connected disabled veteran of the U.S. Armed Forces. I am also the fiduciary of GBH Trust, which formed Gio Beverly Hills LLC as a therapeutic, non-distributing commercial entity to assist in my lawful economic rehabilitation following catastrophic medical harm inflicted by the VA.

3. On or about February 11, 2025, while my FTCA appeal in this matter was pending, I learned that Gio Beverly Hills LLC had been denied access to federal SBA programs based on the company's presence on the Federal Do Not Pay (DNP) list.

4. That DNP designation was not based on any adjudicated finding of ineligibility, fraud, or disqualification. It was instead initiated by the California Department of Social Services, and entered into a federal exclusion system without my notice, opportunity to rebut, or access to an appeals process.

5. This action resulted in the immediate financial exclusion of Gio Beverly Hills LLC from government contracts and small business capital, including DVBE pathways and procurement programs, at the precise time I was pursuing legal redress under the Federal Tort Claims Act.

6. As a result of this blacklisting, projected earnings, federal contract performance, and private investment were lost, causing measurable harm. A good-faith financial model calculates those damages at $24,482,503.95 over the lost operational timeline.

7. I am not asking this Court to award monetary relief here. I am requesting that the Court take judicial notice of these publicly verifiable, post-record facts in order to understand the constitutional and structural significance of this appeal, and to preserve those facts for any further proceedings.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 23, 2025, in Los Angles, California.

**/s/ Donovan J. Foster**

**Donovan J. Foster**

## CERTIFICATE OF SERVICE

I certify that on April 23, 2025, I electronically filed the following documents as part of a consolidated PDF submissionin the above-captioned appeal:

- **Motion for Judicial Notice of Economic Retaliation and Procedural Sabotage**
- **Declaration of Donovan J. Foster in Support**
- **Motion for Leave to File Amicus Curiae Brief**
- **Brief of Amicus Curiae Gio Beverly Hills LLC in Support of Appellant**

All documents were filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit via the CM/ECF system. All parties registered to receive electronic notice will be served via ECF.

Executed on April 23, 2025 in Marina Del Rey, California.

/s/ Donovan J. Foster

Appellant / Declarant

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF BY GIO BEVERLY HILLS LLC IN SUPPORT OF APPELLANT**

**Pursuant to Federal Rule of Appellate Procedure 29(a)(3) and Ninth Circuit Rule 29-3, Gio Beverly Hills LLC, by and through its**

**organizing body GBH Trust, respectfully moves for leave to file the accompanying Amicus Curiae Brief in Support of Appellant Donovan J. Foster.**

## I. IDENTITY AND INTEREST OF AMICUS

Gio Beverly Hills LLC is a private, trust-controlled entity organized to provide rehabilitative and therapeutic commercial engagement to Appellant, a 100% disabled veteran. The entity was established as a lawful structure to enable productivity and economic viability following life-altering VA-inflicted injury—injury that is now the subject of this FTCA appeal.

In February 2025, the business was blacklisted from federal capital access programs via placement on the Federal Do Not Pay (DNP) list, based on a referral from the California Department of Social Services. This occurred without adjudication or due process and resulted in the denial of SBA funding.

The action was taken after the Appellant filed his federal tort claim and while this appeal was pending. This timing and effect establish that the

consequences of the VA's original tort—and the federal response to litigation—extend to Appellant's support systems. Thus, Amicus has direct factual and constitutional interest in the resolution of this matter.

## II. NECESSITY OF AMICUS PARTICIPATION

This brief offers:

- A doctrinal map distinguishing FTCA claims from VJRA-shielded matters;
- A constitutional argument regarding the misuse of § 511 to create impunity;
- A real-world example of extrajudicial state-federal retaliation against entities associated with pro se FTCA litigants;
- A perspective not currently represented by the parties, grounded in third-party economic harm and institutional sabotage.

No party's counsel authored the brief. No party contributed funds for its preparation. The government has not consented. Therefore, leave is required and properly sought.

## III. REQUEST FOR LEAVE

This motion is timely. Amicus has acted swiftly after material developments in the appeal (including the filing of the opening brief). Granting leave will aid the Court's understanding and protect its decisional space from doctrine distortion.

For the foregoing reasons, Gio Beverly Hills LLC respectfully requests leave to file the attached Amicus Curiae Brief in support of Appellant and in defense of constitutional tort access.

Respectfully submitted,

/s/ Donovan J. Foster

Managing Agent, GBH Trust

Organizer, Gio Beverly Hills LLC

April 23, 2025

Marina Del Rey, California

## CERTIFICATE OF SERVICE

I certify that on April 23, 2025, I electronically filed the following documents as part of a consolidated PDF submissionin the above-captioned appeal:

- **Motion for Judicial Notice of Economic Retaliation and Procedural Sabotage**
- **Declaration of Donovan J. Foster in Support**
- **Motion for Leave to File Amicus Curiae Brief**
- **Brief of Amicus Curiae Gio Beverly Hills LLC in Support of Appellant**

All documents were filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit via the CM/ECF system. All parties registered to receive electronic notice will be served via ECF.

Executed on April 23, 2025 in Marina Del Rey, California.

/s/ Donovan J. Foster

Appellant / Declarant

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

# BRIEF OF AMICUS CURIAE GIO BEVERLY HILLS LLC IN SUPPORT OF APPELLANT AND IN DEFENSE OF CONSTITUTIONAL ACCESS TO FEDERAL TORT CLAIMS

## INTEREST OF AMICUS CURIAE

Gio Beverly Hills LLC, a non-distributing, therapeutically-oriented private entity established by GBH Trust, submits this brief in defense of constitutional access to federal tort forums. The entity exists solely to provide Donovan J. Foster, a 100% disabled veteran, with a channel for rehabilitative economic participation following injuries sustained through VA recordkeeping negligence resulting in a catastrophic delay in medical diagnosis.

Since the docketing of this appeal, Gio Beverly Hills LLC has been blacklisted without notice from SBA programs via an improper referral to the Federal Do Not Pay (DNP) list—a move initiated by the California Department of Social Services, with no adjudication, and concurrent with active federal litigation against the United States.

Amicus files this brief to reinforce why this action belongs firmly within the scope of the Federal Tort Claims Act (FTCA) and why the government's invocation of 38 U.S.C. § 511 to bar the claim is not only legally unsound but institutionally corrosive.

## SUMMARY OF ARGUMENT

The VA's misclassification or loss of Appellant's medical records caused a nearly decade-long diagnostic delay—a tort, not a policy dispute. The government now invokes § 511 of the Veterans' Judicial Review Act (VJRA) to claim immunity, suggesting this tort is inherently unreviewable. That argument is:

1. **Foreclosed by binding Ninth Circuit precedent, including Tunac, Littlejohn, and Thomas v. Principi;**

2. Inconsistent with the statutory limits of § 511, which bar judicial review only of actual VA benefits decisions—not tortious administrative or medical misconduct;

3. Constitutionally problematic, implicating due process, equal protection, and separation-of-powers violations;

4. Rebutted by evidence of extrajudicial retaliation, including unlawful interference with Appellant's economic ecosystem via DNP-based SBA exclusion.

This is not a benefits dispute. It is a sovereign-inflicted harm. This Court should resolve the jurisdictional question now, not remand it, to preserve constitutional governance and judicial efficiency.

**ARGUMENT**

**I. Appellant's Claim Is a Justiciable FTCA Tort Based on Independent Negligent Conduct**

The FTCA (28 U.S.C. § 1346(b)) allows suits for:

"personal injury... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."

Mr. Foster alleges that VA employees lost, mislabeled, or failed to retrieve his service medical records, resulting in unreasonable delay in diagnosis from any competent medical provider not solely the Department of Veterans Affairs medical providing arm of a serious condition. This is a tort rooted in non-benefits administrative conduct—

namely, record preservation, access, and continuity of care—all actionable under the FTCA.

This claim neither requires review of a VA decision nor challenges the merits of any benefit awarded or denied. No administrative pathway exists to adjudicate these recordkeeping failures. Thus, § 511 is inapplicable by its own terms.

**II. Ninth Circuit Doctrine Confirms That § 511 Does Not Bar FTCA Claims for Medical or Administrative Negligence**

In Tunac v. United States, 897 F.3d 1197 (9th Cir. 2018), the Court held that § 511 does not bar an FTCA claim where VA staff failed to prevent a suicide, rejecting the government's argument that suicide prevention fell within VA "care protocols."

"[The] district court had jurisdiction... because the VA's alleged negligence was not in administering benefits, but in the failure of its staff to act competently."
Tunac, 897 F.3d at 1203.

In Littlejohn v. United States, 321 F.3d 915 (9th Cir. 2003), the plaintiff's FTCA claim for delayed diabetes diagnosis by VA doctors was allowed despite proximity to benefits adjudication:

"Littlejohn's claim is a tort claim... The potential effect on benefits is not enough to trigger § 511."

Id. at 921.

And in Thomas v. Principi, 394 F.3d 970 (D.C. Cir. 2005), the court distinguished between medical malpractice torts and benefit disputes, ruling that constitutional and tort-based challenges survive even in a VJRA context.

Mr. Foster's claim falls squarely within these cases. It is not precluded because it arises from a failure to maintain continuity of care—not a denial of benefits.

## III. DOJ's Interpretation of § 511 Would Create a Constitutionally Impermissible Jurisdictional Abyss

The government's view—that all torts committed in the context of VA systems are unreviewable under § 511—would:

- **Convert the VJRA into a sovereign immunity cloaking device;**
- Eviscerate the FTCA's congressional purpose;
- Deny veterans the same rights afforded to every other tort victim;
- Violate Fifth Amendment due process, as federal employees could inflict harm without judicial remedy;
- Create a separation-of-powers breach, as executive agencies could self-declare entire categories of torts unreviewable;
- Constitute unequal protection, leaving one subclass of citizens (veterans) without access to civil recovery available to all others.

**This is not judicial deference. It is doctrinal surrender to agency overreach.**

## IV. The Economic Retaliation Against Appellant's LLC Confirms the Need for Judicial Oversight

On February 11, 2025, the SBA rejected Gio Beverly Hills LLC's loan application after the entity was flagged on the DNP list. This occurred:

- During the pendency of a federal FTCA appeal against the United States.

This is not collateral harm—it is procedural throttling of a litigant's financial viability. It confirms the stakes: without judicial check, agencies will attack.

This extrajudicial sabotage forms an APA violation (5 U.S.C. §§ 701–706), a facial Fifth Amendment violation for denial of liberty and property interests without due process, and a Bivens-adjacent constitutional tort, even if not pleaded as such.

The Ninth Circuit must acknowledge this conduct—not as damages evidence, but as jurisdictional context.

## V. The Ninth Circuit Should Resolve Jurisdiction Now to Avoid Serial Institutional Harm

The District Court dismissed on jurisdictional grounds. The facts are undisputed. The legal doctrine is mature. The question is purely legal: does § 511 bar this tort?

Remand serves no judicial function. As this Court held in Morongo Band of Mission Indians v. FAA, 161 F.3d 569, 574 (9th Cir. 1998):

"Where the record is fully developed and the legal issues are clear, remand is unnecessary."

Further delay exposes Appellant to:

- Additional retaliation,
- Economic destabilization,
- and the procedural erosion of the FTCA.

**This Court must declare once and for all that § 511 does not immunize medical torts or medical recordkeeping negligence from federal jurisdiction.**

**CONCLUSION**

The FTCA was not designed to protect only some Americans from government torts. It was enacted to hold the sovereign answerable for the injuries it causes.

Here, the United States inflicted injury. It now seeks to reclassify that injury as "policy" and/or a benefits decision made by the Secretary. This is not statutory interpretation—it is definitional manipulation.

Amicus urges this Court to:

1. **Reject § 511 as a bar to Appellant's FTCA claim;**
2. **Affirm jurisdiction and remand only for discovery and adjudication;**
3. **Recognize that extrajudicial interference has already occurred —and that further delay invites constitutional harm.**

Respectfully submitted,

/s/ Donovan J. Foster

Trustee, GBH Trust

Organizer, Gio Beverly Hills LLC

April 23, 2025

Los Angles, California

## CERTIFICATE OF SERVICE

I certify that on April 23, 2025, I electronically filed the following documents as part of a consolidated PDF submissionin the above-captioned appeal:

- **Motion for Judicial Notice of Economic Retaliation and Procedural Sabotage**
- **Declaration of Donovan J. Foster in Support**
- **Motion for Leave to File Amicus Curiae Brief**
- **Brief of Amicus Curiae Gio Beverly Hills LLC in Support of Appellant**

All documents were filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit via the CM/ECF system. All parties registered to receive electronic notice will be served via ECF.

Executed on April 23, 2025 in Marina Del Rey, California.

/s/ Donovan J. Foster

Appellant / Declarant

No. 24-140

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

**DONOVAN FOSTER**,
*Plaintiff-Appellant*,

v.

**UNITED STATES OF AMERICA**,
*Defendant-Appellee*.

Appeal from the United States District Court
Central District of California
No. CV 22-08522 FWS (PVC)

---

# APPELLEE'S CORRECTED SUPPLEMENTAL EXCERPTS OF RECORD

**Volume 1 of 1**

---

BILAL A. ESSAYLI
*United States Attorney*
DAVID M. HARRIS
*Assistant United States Attorney*
*Chief, Civil Division*
JESSICA O. CHEH
*Assistant United States Attorney*
Federal Building
300 N. Los Angeles Street, Suite 7516
Los Angeles, California 90012
Telephone: (213) 894-0886
E-mail: jessica.cheh@usdoj.gov

Attorneys for Defendant-Appellee
United States of America

# INDEX

**Page**

Minute Order Granting Defendant's Motion to Dismiss,
Docket No. 62 (filed December 14, 2023) .......... 4

Karen L. Rivera-Lebron Declaration with Exhibit 1,
Docket Nos. 50-1 and 50-2 (filed August 15, 2023) .......... 12

Amended Complaint,
Docket No. 29 (filed June 12, 2023) .......... 26

Order Granting Defendants' Motion to Dismiss,
Docket No. 25 (filed May 12, 2023) .......... 32

Declaration of Karen L. Rivera-Lebron with Exhibits 1-4,
Docket No. 15-1 (filed March 8, 2023) .......... 40

Declaration of Oswaldo Tapia with Exhibits 1-5,
Docket No. 15-2 (filed March 8, 2023) .......... 53

Complaint,
Docket No. 1 (filed November 21, 2022) .......... 82

Notice of Appeal,
Docket No. 63 (filed January 4, 2024) .......... 113

Docket Sheet .......... 115

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC Date: December 14, 2023

Title: Donovan J. Foster v. The United States of America *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Melissa H. Kunig | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [43]**

Before the court is Defendant United States of America's ("Defendant") Motion to Dismiss Plaintiff Donovan J. Foster's ("Plaintiff") First Amended Complaint ("Motion" or "Mot.").[1] (Dkt. 43.) On September 11, 2023, Plaintiff opposed the Motion ("Opposition" or "Opp."). (Dkt. 58.) On September 14, 2023, Defendant filed a Reply ("Reply"). (Dkt. 60.) On September 25, 2023, having found the matter appropriate for decision without oral argument, the court took the matter under submission. (Dkt. 61.) Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion and **DISMISSES WITH PREJUDICE** the First Amended Complaint.

## I. Procedural Background

The court briefly reviews the relevant procedural history of this case. On November 21, 2022, Plaintiff filed a Complaint alleging he is a U.S. Army veteran who suffers from Bipolar II Disorder and Post-Traumatic Stress Disorder ("PTSD"). (*See* Dkt. 1 ¶¶ 14, 17.) Per the allegations of the Complaint, in October 2009, Plaintiff submitted an Application for

[1] The Motion is brought under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because the court ultimately concludes it lacks subject matter jurisdiction over this action, it does not reach the merits of Defendant's Rule 12(b)(6) motion and proceeds to evaluate the Complaint under the framework applicable to Rule 12(b)(1) motions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC Date: December 14, 2023
Title: Donovan J. Foster v. The United States of America *et al.*

Compensation and/or Pension to the VA. (*Id.* ¶ 15.) The VA denied his application on May 13, 2010, because his service department and/or treatment records were unavailable and could not be located. (*Id.*) On November 26, 2019, the VA informed Plaintiff by letter that his service department records had been lost or mislabeled. (*Id.* ¶ 16.) Plaintiff alleges the denial of his claim prevented him from receiving necessary mental health treatment from the VA and delayed his ability to receive timely treatment from other providers. (*Id.* ¶ 17.) The Complaint asserts a single cause of action for negligence based on the VA's alleged failure to maintain Plaintiff's service and medical records. (*Id.* ¶¶ 22-29.) The Complaint alleges the VA's failure prevented Plaintiff from receiving treatment for his conditions for approximately ten years and allegedly caused Plaintiff's conditions to worsen, such that he is now completely disabled. (*Id.*)

On May 12, 2023, the court dismissed the Complaint for lack of subject matter jurisdiction, with leave to amend. (Dkt. 25.) Specifically, the court concluded it lacked subject matter jurisdiction under the Veterans' Judicial Review Act ("VJRA"), 38 U.S.C. 511(a), which divests district courts of jurisdiction over suits brought by veterans regarding their benefits. (*Id.*) On June 12, 2023, Plaintiff filed a First Amended Complaint ("FAC"). (Dkt. 29.)

## II. Summary of Allegations of the FAC

In the FAC, Plaintiff again alleges he is a veteran, Defendant failed to maintain and safeguard his service records, and Plaintiff was harmed during his "administrative hearings" by Defendant's failure to maintain and safeguard his service records. (FAC ¶¶ 5-48.) Plaintiff also asserts the court has subject matter jurisdiction over this case under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. (*Id.* ¶ 3.) Based on these allegations, Plaintiff asserts eight causes of action for violation of his right to due process, breach of contract, medical malpractice, negligent infliction of emotional distress, fraud, violation of the Privacy Act of 1974, 5 U.S.C. § 552a, breach of fiduciary duty, and negligent hiring or training. (*Id.*)

## III. Legal Standard

a. Rule 12(b)(1) Motion to Dismiss

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citation and internal quotation marks omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a case for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A defendant's challenge under the Rule may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "accepts the truth of plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone*, 373 F.3d at 1039). A factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside of the pleadings." *Id.*

"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039 (citation omitted). The court need not presume the truthfulness of the plaintiff's allegations in doing so. *Id.* "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citation omitted). Where "the jurisdictional disputes [are] not intertwined with the merits of the claim" and "the existence of jurisdiction turn[s] on disputed factual issues," the court may "resolve those factual disputes" where necessary. *See Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944 (9th Cir. 2021) (citation and internal quotation marks omitted); *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

## IV. Discussion

Defendant moves to dismiss this action on several grounds. (*See generally* Mot.) First, Defendant moves under Rule 12(b)(1), arguing that the court lacks subject matter jurisdiction over Plaintiff's claim under the Veterans' Judicial Review Act ("VJRA"). (Mot. at 5-7.) Second, Defendant argues that even if the VJRA does not divest the court of jurisdiction, dismissal is appropriate because multiple causes of action alleged in the FAC are improper

under the Federal Tort Claims Act. (*Id.* at 7-10.) Third, Defendant argues Plaintiff's claims are time-barred under the FTCA's two-year statute of limitations. (*Id.* at 10-11.) For the reasons discussed below, the new claims in the FAC do not alter the court's conclusion that it lacks subject matter jurisdiction over this action.

a. The Court Lacks Jurisdiction Over this Matter Under Section 511(a) of the VJRA

In 1988, Congress enacted the VJRA, which deprived Article III district courts of jurisdiction over veterans' suits concerning their benefits. *See Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1020-23 (9th Cir. 2012) (en banc) (discussing history of judicial review of VA decisions and the VJRA's effect on reviewability). The VJRA "place[s] responsibility for reviewing decisions" of the VA Regional Offices and the Board of Veterans' Appeals in the U.S. Court of Appeals for Veterans Claims ("Veterans Court"). *Id.* at 1021 (citing 38 U.S.C. §§ 7251, 7261). The Veterans Court has "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals," *Tunac v. United States*, 897 F.3d 1197, 1202 (9th Cir. 2018) (quoting 38 U.S.C. § 7252(a)), and may "decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of an action of the Secretary," *id.* (quoting 38 U.S.C. § 7261(a)(1)). Decisions of the Veterans Court are in turn "reviewed exclusively by the Federal Circuit, which 'shall decide all relevant questions of law, including interpreting constitutional and statutory provisions.'" *Veterans for Common Sense*, 678 F.3d at 1022 (quoting 38 U.S.C. § 7292(d)(1)) (citing 38 U.S.C. §§ 7292(a), (c)).

"In addition to establishing this exclusive pathway for judicial review of benefits decisions, Congress enacted a new provision, eventually codified at 38 U.S.C. § 511, to 'broaden the scope' of the prior preclusion provision and 'limit outside "court intervention" in the VA decisionmaking process.'" *Tunac*, 897 F.3d at 1202 (quoting *Veterans for Common Sense*, 678 F.3d at 1022). The statute provides that the Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans," 38 U.S.C. § 511(a), which are "final and conclusive and may not be reviewed by any other official or by any court" with certain exceptions not implicated here, *see id.* § 511(b).

"[Section] 511 precludes jurisdiction over a claim if it requires the district court to review VA decisions that relate to benefits decisions, including any decision made by the Secretary in the course of making benefits determinations." *Tunac*, 897 F.3d at 1202 (quoting *Veterans for Common Sense*, 678 F.3d at 1025). Section 511 also precludes district courts' judicial review of "cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits" and the "decisions that may affect such cases." *Veterans for Common Sense*, 678 F.3d at 1025-26 (citations omitted). But it does not bar "certain facial constitutional challenges that require only a 'consideration of the constitutionality of the procedures in place,' rather than 'a consideration of the decisions that emanate through the course of the presentation of those claims.'" *Gila River Indian Cmty. v. United States Dep't of Veterans Affs.*, 899 F.3d 1076, 1079 (9th Cir. 2018) (quoting *Veterans for Common Sense*, 678 F.3d at 1034) (citation omitted).

In this case, the court concludes it lacks jurisdiction over Plaintiff's claims under § 511(a). The Ninth Circuit, sitting *en banc* in *Veterans for Common Sense*, observed that "[s]ection 511 undoubtedly would deprive [district courts] of jurisdiction to consider an individual veteran's claim that the VA unreasonably delayed his mental health care." *See* 678 F.3d at 1026. In that case, the Ninth Circuit held that a district court lacks jurisdiction under § 511(a) where it would require "evaluating the circumstances of individual veterans and their requests for treatment, and determining whether the VA handled those requests properly" because "there is no way for the district court to resolve whether the VA acted in a timely and effective manner in regard to the provision of mental health care" without doing so. *Id.* at 1028.

Plaintiff's causes of action—though framed differently than in the original Complaint—still seek a determination from the court that the VA was negligent in how it handled Plaintiff's request for mental health treatment and that the VA's denial created an injurious delay in Plaintiff's receipt of necessary care. For example, although Plaintiff argues his claims arise under the FTCA rather than the VJRA, he repeats in the Opposition that Defendant's denial of his 2009 application for compensation or pension benefits "precluded me from receiving needed mental health treatment from Department of Veteran Affairs facilities" and "precluded me from receiving timely and effective treatment for my diagnosed Bipolar II disorder with Anxious

Distress and Post Traumatic Stress Disorder." (Opp. at 3-4.) The FAC also includes multiple allegations that the VA was negligent toward Plaintiff and caused him harm by delaying his medical care. (*See, e.g.*, FAC ¶¶ 19-29.) In summary, Plaintiff's claims require the court to engage in the prohibited analysis of "evaluating [Plaintiff's] circumstances" and his "request[] for treatment" to determine "whether the VA acted in a timely and effective manner in regard to the provision of mental health care." *See Veterans for Common Sense*, 678 F.3d at 1028. Accordingly, § 511(a) divests the court of subject matter jurisdiction over Plaintiff's claims.

Because Plaintiff has not adequately demonstrated that his claims fall outside the scope of the VJRA, the court concludes that it lacks jurisdiction over Plaintiff's claims. Given that the court lacks jurisdiction over Plaintiff's claims, it does not reach the merits of Defendant's arguments regarding the scope of the FTCA and the relevant statute of limitations. *See Tunac*, 897 F.3d at 1201 (noting court would first determine whether it had jurisdiction over the complaint before reaching "the government's argument that [the plaintiff's] complaint is barred by the statute of limitations").

b. The Court Denies Leave to Amend

"In assessing whether leave to amend is proper, courts consider the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 814-15 (9th Cir. 2020) (citation and internal quotation marks omitted). Courts may find amendment futile where "no amendment would allow the complaint to withstand dismissal as a matter of law," and "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Id.* at 815 (citation and internal quotation marks omitted). But "[i]f a complaint does not state a plausible claim for relief, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Perez v. Mortg. Elec. Registration Sys., Inc.*, 959 F.3d 334, 340 (9th Cir. 2020) (citation and internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC Date: December 14, 2023
Title: Donovan J. Foster v. The United States of America *et al.*

At this juncture, the court has previously dismissed Plaintiff's Complaint for lack of subject matter jurisdiction and explained in its prior dismissal order that the court's review of this case was precluded by Section 511 of the VJRA. (*See generally* Dkt. 25.) Though the court granted Plaintiff leave to file a FAC, the court finds, as discussed above, that Plaintiff's claims in the FAC are again subject to dismissal for lack of subject matter jurisdiction. Accordingly, the court finds the FAC's allegations dismissed by this Order are futile at this stage and denies Plaintiff leave to amend his claims. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (affirming denial of leave to amend where "Plaintiffs have had ample opportunity to properly plead a case and have failed to do so").

**V. Disposition**

For the reasons set forth above, the court **GRANTS** the Motion and **DISMISSES WITH PREJUDICE** the First Amended Complaint. The Clerk of Court is directed to **CLOSE** this matter.

**IT IS SO ORDERED.**

Initials of Deputy Clerk: mku

Case: 24-140, 09/13/2026, DktEntry: 72.1, (808 of 1196)

# DECLARATION OF KAREN L. RIVERA-LEBRON

I, Karen L. Rivera-Lebron, do hereby declare and state as follows:

1. I am a Staff Attorney employed by the U.S. Department of Veterans Affairs ("VA"), Office of General Counsel ("OGC"). I have held this position since June 24, 2019. I make the following factual statements based on my personal knowledge. If called as a witness, I could and would competently testify thereto.

2. The OGC is responsible for processing administrative claims, investigating the claims, and making determinations on whether the claims are approved or denied. The OGC maintains the records of all administrative claims and related records dating back to 2015.

3. As part of my employment with the OGC, I am familiar with and have regular access to the OGC's databases for storing records related to administrative claims, which in my experience is well maintained and up to date. I regularly access these databases in the performance of my job duties.

4. On or around November 6, 2020, the VA received the Standard Form 95 administrative tort claim from Mr. Foster. Attached hereto as Exhibit 1 is a true and correct copy of the administrative tort claim, which includes Mr. Foster's attached demand letter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 11, 2023, at San Juan, Puerto Rico.

[signature]

Karen L. Rivera-Lebron

| **CLAIM FOR DAMAGE, INJURY, OR DEATH** | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| NATIONAL ARCHIVES AND RECORDS ADMINISTRATION AND DEPARTMENT OF VETERANS AFFAIRS | DONOVAN J. FOSTER JR. [redacted] |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | [redacted] | [redacted] | 11/26/2019 | 11:00PM |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY OR BY SOMEONE IN THE EMPLOY THEREOF, IN A FACILITY OF AND OR IN THE CONTROL OF YOUR GOVERNMENTAL ENTITY HAS CAUSED INFINITE ENDLESS HARM AND OR PERSONAL INJURY TO MYSELF THE CLAIMANT. PLEASE SEE ATTACHED DEMAND LETTER FOR FURTHER DETAIL.

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

NONE

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED. THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY HAS CAUSED PERMANENT DEBILITATING INJURY AND POST TRAMATIC STRESS DISORDER.

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| TO BE DETERMINED IN PRE-TRIAL DISCOVERY IF APPLICABLE | TO BE DETERMINED IN PRE-TRIAL DISCOVERY IF APPLICABLE |

12. (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| NONE | $92,288,776,984.00 | | $92,288,776,984.00 |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.**

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature] | [redacted] | 10/13/2020 |

| **CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM** | **CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS** |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

NONE

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No

NONE

17. If deductible, state amount.

NONE

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

NONE

19. Do you carry public liability and property damage insurance? ☐ Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

NONE

**INSTRUCTIONS**

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

**PAPERWORK REDUCTION ACT NOTICE**

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) **BACK**

**DEMAND LETTER**

DONOVAN J. FOSTER JR.
[redacted]

OCTOBER 13, 2020

DEPARTMENT OF VETERANS AFFAIRS
OFFICE OF GENERAL COUNSEL
TORTS LAW GROUP
810 VERMONT AVENUE, NW
WASHINGTON, DC 20420

OFFICE OF GENERAL COUNSEL
NATIONAL ARCHIVES AND RECORDS ADMINISTRATION
8601 ADELPHI ROAD, SUITE 3110
COLLEGE PARK, MD 20740.

CC:
KIRKLAND & ELLIS LLP
555 SOUTH FLOWER STREET, SUITE 3700
LOS ANGELES, CA 90012

FLEISHMANHILLARD
12777 WEST JEFFERSON, SUITE 120
LOS ANGELES, CA 90066

RE:
WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR PERSONAL INJURY TO HAVE OCCURRED BY REASON OF THE INCIDENT.
CLAIMANT: DONOVAN J. FOSTER JR.
DATE OF LOSS: NOVEMBER 26, 2019

TO WHOM IT MAY CONCERN,

DEFINITIONS:
CLAIMANT: DONOVAN J FOSTER, JR
GOVERNMENTAL ENTITY: AS DEFINED BY 18 U.S. CODE § 2711.

PLEASE NOTE ALL DOLLAR AMOUNTS PRESENTED IN THIS DOCUMENT ARE IN PRESENT VALUE AND U.S. DOLLARS.

PLEASE BE ADVISED THIS DOCUMENT SERVES IN LIEU OF AND OR IN SUPPLEMENT TO STANDARD FORM 95 PRESCRIBED BY THE FEDERAL TORTS CLAIMS ACT AND OR A NOTICE OF A NATIONAL GUARD CLAIMS ACT CLAIM AS APPLICABLE. THIS DOCUMENT IS A CLAIM FOR PERSONAL INJURY FOR THE TOTAL SUM CERTAIN OF $92,288,776,984.00. I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT DESCRIBED IN THIS DOCUMENT AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

ON NOVEMBER 26, 2019 I WAS INFORMED BY THE DEPARTMENT OF VETERANS AFFAIRS IN WRITING THAT MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED. THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY OR BY SOMEONE IN THE EMPLOY THEREOF, IN A FACILITY OF AND OR IN THE CONTROL OF YOUR GOVERNMENTAL ENTITY HAS CAUSED INFINITE ENDLESS HARM AND OR PERSONAL INJURY TO MYSELF THE CLAIMANT.

IN THE UNITED STATES V. KUBRICK, 444 U.S. 111, 100 S. CT. 352, 62 L. ED. 2D 259 (1979) CASE THE SUPREME COURT MADE IT CLEAR THAT THERE ARE THREE AREAS OF KNOWLEDGE THAT ARE OF CRITICAL SIGNIFICANCE ON THE STATUTE OF LIMITATIONS ISSUE. THEY ARE 1) KNOWLEDGE OF THE EXISTENCE OF AN INJURY; 2) KNOWLEDGE OF THE CAUSE OF THE INJURY; AND 3) KNOWLEDGE OF THE LEGAL SIGNIFICANCE OF THE INJURY. THE COURT MADE IT CLEAR THAT THE ACCRUAL OF A CAUSE OF ACTION DOES NOT DEPEND ON THE THIRD AREA OF KNOWLEDGE (LEGAL SIGNIFICANCE) BUT DOES DEPEND ON THE CONGRUENCE OF THE FIRST TWO (EXISTENCE OF INJURY AND CAUSE OF INJURY). FURTHERMORE IT IS NOT ENOUGH TO TRIGGER THE STATUTE OF LIMITATIONS THAT THE CLAIMANT IS AWARE OF HIS INJURY IF HE IS UNAWARE OF THE ACT OR OMISSION WHICH CAUSED THE INJURY. DE WITT V. UNITED STATES, 593 F.2D 276 (7TH CIR. 1978); JORDAN V. UNITED STATES, 503 F.2D 620 (6TH CIR. 1974). AS OF NOVEMBER 26, 2019 I BECAME AWARE OF BOTH THE EXISTENCE OF AN INJURY AND THE CAUSE OF THE INJURY.

IN OCTOBER OF 2009 I SUBMITTED TO THE DEPARTMENT OF VETERANS AFFAIRS A VETERAN'S APPLICATION FOR COMPENSATION AND/OR PENSION, VA FORM 21-526. PER THE DEPARTMENT OF VETERANS AFFAIRS DECISION DATED MAY 14, 2010 MY CLAIM WAS DENIED BECAUSE MY SERVICE DEPARTMENT RECORDS AND OR SERVICE TREATMENT RECORDS BOTH TERMS HAVE BEEN USED BY THE DEPARTMENT OF VETERANS AFFAIRS WERE NOT AVAILABLE. IT WAS DISCOVERED IN 2019 THAT THE UNAVAILABILITY OF MY SERVICE DEPARTMENT RECORDS AND OR SERVICE TREATMENT RECORDS WAS DUE TO THE RECORDS BEING LOST OR MISFILED.

THE DENIAL OF THE CLAIM DECISION DATED MAY 14, 2010 PRECLUDED ME FROM RECEIVING NEEDED MENTAL HEALTH TREATMENT FROM DEPARTMENT OF VETERANS AFFAIRS FACILITIES. IN ADDITION, THE UNAVAILABILITY OF MY SERVICE DEPARTMENT RECORDS AND OR SERVICE TREATMENT RECORDS PRECLUDED ME FROM RECEIVING TIMELY AND EFFECTIVE TREATMENT FOR MY

DIAGNOSED BI POLAR II DISORDER WITH ANXIOUS DISTRESS AND POST TRAUMATIC STRESS DISORDER.

THE DEPARTMENT OF VETERANS AFFAIRS HAS CONCLUDED THAT MY BI POLAR II DISORDER WITH ANXIOUS DISTRESS NEGATIVELY PROGRESSED EXTENSIVELY THROUGHOUT THE APPROXIMATE TEN YEAR PERIOD FROM 2009 TO 2019 WHILE MY SERVICE DEPARTMENT RECORDS AND OR SERVICE TREATMENT RECORDS WERE UNAVAILABLE AND I WAS UNABLE TO RECEIVE TREATMENT. THIS EXACERBATION OF MY BI POLAR II DISORDER WITH ANXIOUS DISTRESS HAS LED TO PERMANENT AND TOTAL DISABILITY PER THE DEPARTMENT OF VETERANS AFFAIRS.

I CONTEND AND SOUND MEDICAL OPINION CONCURS THAT IF I WAS ABLE TO RECEIVE TIMELY AND ACCURATE DIAGNOSIS AND TREATMENT FOR MY DIAGNOSIS OF BI POLAR II DISORDER WITH ANXIOUS DISTRESS IT WOULD NOT HAVE EXACERBATED THE DIAGNOSIS TO THE POINT OF TOTAL AND PERMANENT DISABILITY WHICH HAS AND WILL IN PERPETUITY DIRECTLY AFFECT MY ABILITY TO MAINTAIN SUBSTANTIAL GAINFUL EMPLOYMENT TO INCLUDE MY CAREER IN FINANCIAL SERVICES SPECIFICALLY AS A HEDGE FUND PORTFOLIO MANAGER .

THE DEPARTMENT OF VETERANS AFFAIRS HAS CONFIRMED AND SERVICE CONNECTED THAT I AM MISSING A PART OF MY LEFT INDEX FINGER DUE TO DERMATOPHAGIA EXPERIENCED DURING A MANIC EPISODE WHILE ON ACTIVE DUTY. I HAVE A CONFIRMED DIAGNOSIS OF POST TRAUMATIC STRESS DISORDER FROM THIS INCIDENT.

THE UNAVAILABILITY OF MY SERVICE DEPARTMENT RECORDS AND OR SERVICE TREATMENT RECORDS PRECLUDED ME FROM RECEIVING TIMELY AND EFFECTIVE TREATMENT NAMELY FROM DEPARTMENT OF VETERANS AFFAIRS FACILITIES FOR THE INCIDENT THAT CAUSED MY DIAGNOSIS OF POST TRAUMATIC STRESS DISORDER AND EXACERBATED THE DIAGNOSIS TO THE POINT OF

PERMANENCE WHICH HAS AND WILL IN PERPETUITY DIRECTLY AFFECT MY ABILITY TO MAINTAIN SUBSTANTIAL GAINFUL EMPLOYMENT TO INCLUDE MY CAREER IN FINANCIAL SERVICES SPECIFICALLY AS A HEDGE FUND PORTFOLIO MANAGER.

MY MEDICAL SPECIAL DAMAGES FOR THE REQUIRED TREATMENT ARE:

LIFETIME TWICE WEEKLY PSYCHOLOGIST 60 MINUTE THERAPY SESSIONS: $3,120,000.00

LIFETIME TWICE MONTHLY PSYCHIATRIST 60 MINUTE THERAPY SESSIONS: $780,000

LIFETIME OF DAILY MEDICATIONS: $5,586,520.00

LIFETIME OF YEARLY 30 DAY IN-PATIENT PSYCHIATRIC AND PSYCHOLOGICAL TREATMENT: $1,950,000

LIFETIME OF NEED FOR A SERVICE DOG: $1,200,000

TOTAL: $12,636,520.00

*LIFETIME IS CALCULATED AT AN EXPECTED LIFESPAN OF 100 YEARS. CURRENT AGE 35. DATE OF BIRTH: [redacted] SEX: CIS MALE

AS A RESULT OF MY SERVICE TREATMENT RECORDS AND OR SERVICE DEPARTMENT RECORDS BEING LOST OR MISFILED I SUFFERED AS I WENT UNDIAGNOSED AS BI POLAR II WITH ANXIOUS DISTRESS FOR APPROXIMATELY TEN YEARS AND DEVELOPED POSTTRAUMATIC STRESS DISORDER. DUE TO THIS I AM NO LONGER ABLE TO MAINTAIN SUBSTANTIAL GAINFUL EMPLOYMENT SINCE 2016 OR WORK SPECIFICALLY IN MY ACADEMIC AND PROFESSIONAL CAREER FIELD OF ECONOMICS AND OR FINANCE IN THE CIVILIAN OR

MILITARY SECTOR. THE LOSS OF MY PROMISING CAREER AS A HEDGE FUND PORTFOLIO MANAGER IS EXTREMELY DEVASTATING, DEBILITATING, AND CAUSED A IMMENSE LOSS OF EARNING CAPACITY.

PAST, FUTURE, AND EARNING CAPACITY LOSSES OF INCOME ARE:

LOST INCOME: $600,000

LOSSES OF FUTURE INCOME OR WAGES $150,000 YEARLY AT A 5% GROWTH RATE):$25,540,464

LOSS OF EARNING CAPACITY
$92,250,000,000

TOTAL: $92,276,140,464
*WORKING LIFE EXPECTANCY 85 YEARS OLD.
*LOSS OF EARNING CAPACITY IS CALCULATED FROM THE SALARY OF A HEDGE FUND PORTFOLIO MANAGER. LOSS OF EARNING CAPACITY, IS CATEGORIZED AS AN ELEMENT OF GENERAL DAMAGES "WHICH CAN BE INFERRED FROM THE NATURE OF THE INJURY, WITHOUT PROOF OF ACTUAL EARNINGS OR INCOME EITHER BEFORE OR AFTER THE INJURY, AND DAMAGES IN THIS RESPECT ARE AWARDED FOR THE LOSS OF ABILITY THEREAFTER TO EARN MONEY." (CONNELLY V. PRE-MIXED CONCRETE CO., (1957) 49 CAL.2D 483, 489.) HENCE, CACI 3903D INSTRUCTS: "TO RECOVER DAMAGES FOR THE LOSS OF THE ABILITY TO EARN MONEY AS A RESULT OF THE INJURY, PLAINTIFF MUST PROVE THE REASONABLE VALUE OF THAT LOSS TO HIM/HER. IT IS NOT NECESSARY THAT HE/SHE HAVE A WORK HISTORY."

DUE TO THE GROSSLY NEGLIGENT ACT OF YOUR GOVERNMENTAL ENTITY AND OR EMPLOYEE I SUFFERED TEN YEARS BEING UNDIAGNOSED BI-POLAR II WITH ANXIOUS DISTRESS, DEVELOPED SEVERE POST TRAUMATIC STRESS DISORDER DUE TO THE LOSS OF

MY FINGER, HAVE PERMANENT INJURIES, SUFFERED FROM INSURMOUNTABLE PAIN AND SUFFERING ALL WHICH CONTINUE TO THIS DAY. TO COMPENSATE ME FOR THE SEVERITY OF MY INJURIES AND MY PAIN AND SUFFERING I RESPECTFULLY DEMAND THE TOTAL SUM CERTIAN OF $92,288,776,984.00.
PLEASE SEND THE DEMANDED FULL SUM OF $92,288,776,984.00 VIA CHECK TO:

[redacted]

OR ARRANGE FOR DIRECT DEPOSIT BY CONTACTING ME AT THE CONTACT INFORMATION PROVIDED ABOVE OR ON THE SUBMITTED SF-95.

ALL NEEDED EVIDENCE TO CONFIRM THE ABOVE THE FEDERAL GOVERNMENT OF THE UNITED STATES I.E. THE DEPARTMENT OF VETERANS AFFAIRS ALREADY HAS IN ITS POSSESSION THIS IS TO INCLUDE BUT NOT LIMITED TO MEDICAL DIAGNOSES, WRITTEN STATEMENTS FROM THE DEPARTMENT OF VETERANS AFFAIRS STATING THE NEGLIGENT ACT OCCURRED, AFFIDAVITS FROM THE CLAIMANT MYSELF HIGHLIGHTING THE NATURE AND EXTENT OF PAIN AND SUFFERING FROM THE TIME PERIOD OF 2009 TO 2019, AFFIDAVITS FROM THE CLAIMANT MYSELF STATING THE NATURE, DEVELOPMENT AND SEVERITY OF MY POST TRAUMATIC STRESS DISORDER, AND DEPARTMENT OF VETERANS AFFAIRS RATING DECISIONS. PLEASE FIND ENCLOSED ADDITIONAL DOCUMENTATION AND AUTHORIZATION TO RECEIVE DOCUMENTATION NOT CURRENTLY IN THE POSSESSION OF THE DEPARTMENT OF VETERANS AFFAIRS AND OR YOUR GOVERNMENTAL ENTITY. IF ANY ADDITIONAL INFORMATION IS NEEDED PLEASE REACH OUT VIA THE METHODS OF CONTACT PROVIDED ABOVE I.E. PHONE, EMAIL, POST. PLEASE BE ADVISED THAT ANY OR ALL NON PHYSICAL WRITTEN FORMS OF COMMUNICATION E.G. PHONE CALLS AND EMAIL MUST BE FOLLOWED BY A PHYSICAL TYPED COPY SENT UNITED STATES POSTAL SERVICE CERTIFIED MAIL RETURN RECEIPT. PLEASE BE ADVISED ALL WRITTEN COMMUNICATION SENT VIA POST MUST BE

SENT VIA THE UNITED STATES POSTAL SERVICE CERTIFIED MAIL RETURN RECEIPT.

PLEASE BE ADVISED THAT WHILE IT WOULD PAIN ME TO DO SO BECAUSE I LOVE THE ARMY, MY COUNTRY, THE HARD WORKING PEOPLE AT THE DEPARTMENT OF VETERANS, AND ALL THOSE THAT WORK IN THE EMPLOY OF THE UNITED STATES GOVERNMENT TO MAKE MY COUNTRY THE BEST; IF A SETTLEMENT CAN NOT BE OFFERED AND OR REACHED WITHIN SIX (6) MONTHS FROM THE DATE OF THIS DOCUMENT I WILL GO PUBLIC WITH MY STORY OF HOW YOUR DEPARTMENT AND OR AGENCY MISFILED OR LOST A WAR TIME VETERANS RECORDS, BASICALLY TOLD HIM HE DOESN'T EXIST, LEFT HIM AS A DANGER TO THE PUBLIC AND HIMSELF AND NOW I AM RESPECTFULLY SUING FOR $92,288,776,984.00.

THE DRAMATIC EFFECT OF MY STORY CAN NOT BE OVERSTATED. THE DETRIMENTAL EFFECTS OF YOUR GOVERNMENTAL ENTITY'S NEGLIGENCE ON MY LIFE CAN NOT BE OVERSTATED.

I LOOK FORWARD TO HELPING IN ANYWAY I CAN FOR A SETTLEMENT TO BE REACHED INCLUDING BUT NOT LIMITED TO AGREEING TO A NON-DISCLOSURE AGREEMENTS, THIRD PARTY MEDICAL EXAMS AND PROVIDING ANY NEEDED ADDITIONAL DOCUMENTATION.

I READILY STANDBY FOR YOUR RESPONSE. PLEASE RESPOND WITHIN THIRTY (30) BUSINESS DAYS TO CONFIRM RECEIPT OF THIS DOCUMENT AND THAT ALL ELEMENTS NEEDED BY YOUR GOVERNMENTAL ENTITY TO SUBMIT A VALID CLAIM UNDER THE FEDERAL TORTS CLAIMS ACT OR NATIONAL GUARD CLAIM ACT AS APPLICABLE HAVE BEEN SATISFIED BY THIS DOCUMENT. IF ALL ELEMENTS HAVE NOT BEEN SATISFIED PLEASE ADVISE OF ANY AND ALL NEEDED INFORMATION. PLEASE BE INFORMED NOT ASSISTING TO RECTIFY A NEGLIGENT ACT COMMITTED BY YOUR GOVERNMENTAL ENTITY IS IN FACT NEGLIGENCE UNDER

APPLICABLE LAW. IF YOU BELIEVE YOUR GOVERNMENTAL ENTITY IS NOT RESPONSIBLE PLEASE ADVISE THE CLAIMANT MYSELF AND TRANSFER TO THE APPROPRIATE GOVERNMENTAL ENTITY PER 28 CFR § 14.2.

RESPECTFULLY,

DONOVAN J. FOSTER JR.

FILED

2023 JUN 12 PM 3:15

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY ____

THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

Donovan Foster, Plaintiff

v.

UNITED STATES OF AMERICA, Defendant

Case No. 2:22-cv-08522-FWS-PVC

COMPLAINT FOR Personal Injury, Medical Negligence, Damages

Plaintiff, Donovan Foster files this Complaint against the United States of America, and alleges as follows:

PARTIES

1. Plaintiff, Donovan Foster, is an individual residing in Los Angeles, CA.

2. Defendant, United States of America, is a sovereign nation and is being sued under the Federal Tort Claims Act (FTCA).

JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671 et seq. In addition, pursuant to 38 U.S.C.S. § 7316, a plaintiff is entitled to bring forth medical malpractice and negligence claims against a "health care employee" of the VA under the Federal Tort Claims Act (FTCA), 28 U.S.C.S. § 1346, at a minimum. This provision allows a plaintiff to initiate an action against a VA health care employee for injury resulting from a negligent medical decision, and such action may proceed under the FTCA without being precluded by the Veterans' Judicial Review Act (VJRA). As the FTCA provides the exclusive means for resolving such claims, district courts possess the requisite jurisdiction to adjudicate them.

4. Venue is also proper under 28 U.S.C. §1391(e) and 28 U.S.C. §1402(b). Plaintiff resides and continues to reside in Los Angeles County, a county within the Central District of California and thus is a resident of the Central District of California.

FACTUAL ALLEGATIONS

5. Plaintiff is a veteran who served in the United States military.

6. Defendant had a duty to maintain and safeguard Plaintiff's service department records.

7. Defendant breached its duty of care towards Plaintiff by losing their service department records.

8. Defendant's breach of duty has resulted in significant harm and damages to Plaintiff.

9. Defendant admitted in writing November 25, 2019 that they lost or mislabeled the Plaintiff's service department records.

CLAIMS FOR RELIEF

10. Count I: Violation of Due Process

Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

11. Defendant has violated Plaintiff's right to due process by losing their service department records. The Defendant's loss of the Plaintiff's service department records has violated the Plaintiff's due process rights in administrative proceedings.

12. The Defendant's actions have caused harm to the Plaintiff's rights and interests. The Defendant's failure to safeguard the Plaintiff's service department records has resulted in a violation of their due process rights, and has caused the Plaintiff to suffer damages.

13. Count II: Breach of Contract

14. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

15. Defendant has breached its contract with Plaintiff by failing to maintain and safeguard their service department records.

16. The Defendant's loss of the Plaintiff's service department records constitutes a breach of the contract between the Plaintiff and the Defendant . The Plaintiff entered into a contract with the Defendant when they enlisted in the military, which outlined the terms and conditions of their service, including their duties, responsibilities, and entitlements.

17. The service department records are an essential part of the contract between the Plaintiff and the Defendant. These records contain important information about the Plaintiff's service, including their rank, awards, and qualifications. They also document any injuries or disabilities that the Plaintiff may have sustained during their service.

18. The Defendant's failure to maintain and safeguard the Plaintiff's service department records has resulted in harm to the Plaintiff's rights and interests, and has caused the Plaintiff to suffer damages.

Count III: Medical Malpractice

19. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein

20. Defendant has committed medical malpractice by losing Plaintiff's service department records, which has resulted in harm.

21. The Defendant's loss of the Plaintiff's service department records constitutes medical negligence. The Plaintiff's service department records contain important information about their medical history, including any injuries or illnesses that they may have sustained during their service.

22. The loss of the Plaintiff's service department records has resulted in harm to their health and medical department. The loss of these records has made it difficult for healthcare providers to provide appropriate medical department. Plaintiff developed an injury during their service that requires ongoing medical department, the loss of their service department records made it difficult for healthcare providers to determine the appropriate course of department.

23. The Defendant's medical negligence in failing to maintain and safeguard the Plaintiff's service department records has resulted in harm, and has caused the Plaintiff to suffer damages.

Count IV: Negligent Infliction of Emotional Distress

24. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein

25. Defendant's negligence in losing Plaintiff's service department records has caused them significant emotional distress and trauma.

26. The Defendant's negligence in losing the Plaintiff's service department records has caused them significant emotional distress and trauma.

27. As a result of the Defendant's negligence, the Plaintiff has experienced emotional distress to include but not limited too anxiety, stress, and frustration. The loss of their service department records has caused them to feel a sense of betrayal and abandonment by the government that they served. The Plaintiff has also experienced a loss of trust in the government's ability to protect their interests and provide them with the benefits and entitlements that they are entitled to.

28. The emotional distress and trauma that the Plaintiff has suffered as a result of the Defendant's negligence has had a significant impact on their daily life. They have experienced difficulty sleeping, loss of appetite, and a general sense of hopelessness and despair. The Plaintiff has also experienced a loss of enjoyment in activities that they previously found pleasurable.

29.Due to the Defendant's negligence in losing the Plaintiff's service department records, the Plaintiff has suffered significant emotional distress and trauma, resulting in harm and damages for Negligent Infliction of Emotional Distress.

Count V: Fraud

30. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein

31. Defendant has committed fraud by misrepresenting that Plaintiff's service department records were being properly maintained and safeguarded.

32. The Defendant has committed fraud by misrepresenting that the Plaintiff's service department records were being properly maintained and safeguarded. The Defendant had a duty to properly maintain and safeguard the Plaintiff's service department records, and they made false representations to the Plaintiff that they were doing so.

33. The Plaintiff relied on the Defendant's representations and entrusted their service department records to the Defendant. The Defendant's false representations have caused the Plaintiff harm and the Plaintiff suffered damages as a result of Defendants fraud.

Count VI: Violation of The Privacy Act of 1974

34. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein

35. Defendant has violated Plaintiff's privacy rights by losing their service department records, which contain sensitive and confidential medical information.

36. The Defendant has violated the Plaintiff's privacy rights by losing their service department records, which contain sensitive and confidential medical information. The Plaintiff had a reasonable expectation of privacy in their medical information, and the Defendant had a duty to protect the confidentiality of this information.

37. The Defendant's failure to properly maintain and safeguard the Plaintiff's service department records has caused the Plaintiff harm. The loss of these records has compromised the confidentiality of the Plaintiff's medical information and has exposed them to potential harm, including identity theft and discrimination. In addition the Plaintiff has suffered damages as a result of the Defendant's violation of their privacy rights.

Count VII: Breach of Fiduciary Duty

38. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein

39. Defendant has breached its fiduciary duty towards Plaintiff by failing to properly maintain and safeguard their service department records.

40. The Defendant had a fiduciary duty to act in the best interests of the Plaintiff and to protect their service department records.

41. The Defendant's failure to properly maintain and safeguard the Plaintiff's service department records has caused the Plaintiff harm.
The Plaintiff has suffered damages as a result of the Defendant's breach of fiduciary duty. The Plaintiff has suffered financial harm as a result of the loss of Plaintiff's service department records.

42. The Defendant has breached its fiduciary duty towards the Plaintiff by failing to properly maintain and safeguard their service department records. The Defendant had a fiduciary duty to act in the best interests of the Plaintiff and to protect their service department records.

43. The Defendant's failure to properly maintain and safeguard the Plaintiff's service department records has caused the Plaintiff harm and the Plaintiff has suffered damages as a result of the Defendant's breach of fiduciary duty.

Count VIII: Negligent Hiring or Training

45. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein

46. Defendant's negligence in hiring or training its employees has resulted in the loss of Plaintiff's service department records.

47. The Defendant's negligence in hiring or training its employees has resulted in the loss of the Plaintiff's service department records. The Defendant had a duty to exercise reasonable care in hiring and training its employees to ensure that they were competent and capable of properly maintaining and safeguarding the Plaintiff's service department records.

48. The Defendant's failure to exercise reasonable care in hiring or training its employees has caused the Plaintiff harm and the Plaintiff has suffered damages as a result of the Defendant's negligence.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Hold Defendant liable for the harm and damages caused to Plaintiff;

2. Award appropriate compensation to Plaintiff;

3. Award Plaintiff their costs and expenses incurred in this action; and

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Donovan Foster
578 Washington Blvd
Marina Del Rey, CA 90048
fostermailbox@gmail.com

Attorney for Plaintiff

Dated: [Insert Date]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-08522-FWS-PVC Date: May 12, 2023
Title: Donovan J. Foster v. The United States of America *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Melissa H. Kunig | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [15]**

Before the court is Defendant United States of America's ("Defendant") Motion to Dismiss Plaintiff Donovan J. Foster's ("Plaintiff") Complaint.[1] (Dkt. 15 ("Motion" or "Mot.").) Plaintiff opposes, (Dkt. 17 ("Opposition" or "Opp.")), and Defendant has replied, (Dkt. 22 ("Reply")). Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion. The court **DISMISSES WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** the Complaint. If Plaintiff wishes to file an amended complaint, Plaintiff must do so within **thirty (30) days** of this Order.

## I. Background

Plaintiff is a U.S. Army veteran who suffers from Bipolar II Disorder and Post-Traumatic Stress Disorder ("PTSD"). (Dkt. 1 ¶¶ 14, 17.) Plaintiff submitted an Application for Compensation and/or Pension, VA Form 21-526, to the United States Department of Veterans Affairs ("VA") in October 2009. (*Id.* ¶ 15.) The VA denied his application on May 13, 2010, because his service department and/or treatment records were unavailable and could not be

[1] The Motion is brought under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because the court ultimately concludes it lacks subject matter jurisdiction over this action, it does not reach the merits of Defendant's Rule 12(b)(6) motion, and proceeds to evaluate the Complaint under the framework applicable to Rule 12(b)(1) motions.

located. (*Id.*) On November 26, 2019, the VA informed Plaintiff by letter that his service department records had been lost or mislabeled. (*Id.* ¶ 16.) Plaintiff alleges the denial of his claim prevented him from receiving necessary mental health treatment from the VA and delayed his ability to receive timely treatment from other providers. (*Id.* ¶ 17.) Per the Complaint, Plaintiff's treating physician opines that Plaintiff's Bipolar II Disorder symptoms negatively progressed while his condition went untreated from 2009 to 2019 and that Plaintiff experienced symptoms consistent with PTSD while serving in the Army. (*Id.* ¶¶ 18-20.)

Plaintiff filed the Complaint on November 21, 2022.[2] (*Id.*) In it, Plaintiff raises a single cause of action for negligence based on the VA's alleged failure to maintain Plaintiff's service and medical records, which prevented him from receiving treatment for his conditions for approximately ten years. (*Id.* ¶¶ 22-28.) The Complaint asserts that this delay has caused Plaintiff's conditions to worsen, such that he "is now rated 100% disabled." (*Id.* ¶ 29.)

## II. Legal Standards

### A. Rule 12(b)(1) Motion to Dismiss

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citation and internal quotation marks omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a case for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A defendant's challenge under the Rule may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "accepts the truth of plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone*, 373

[2] As noted by Defendant, the court previously dismissed without prejudice a similar negligence action filed by Plaintiff for lack of prosecution and failure to file an appropriate document by the deadline set by the court. *See* Order Dismissing Action, *Foster v. United States, et al.*, No. 2:22-cv-01702-FWS-PVC (C.D. Cal. Nov. 21, 2022) (Dkt. No. 38).

F.3d at 1039). A factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside of the pleadings." *Id.*

"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039 (citation omitted). The court need not presume the truthfulness of the plaintiff's allegations in doing so. *Id.* "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citation omitted). Where "the jurisdictional disputes [are] not intertwined with the merits of the claim" and "the existence of jurisdiction turn[s] on disputed factual issues," the court may "resolve those factual disputes" where necessary. *See Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944 (9th Cir. 2021) (citation and internal quotation marks omitted); *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

## III. Discussion

Defendant moves to dismiss this action on two grounds. First, Defendant moves under Rule 12(b)(1), arguing that the court lacks subject matter jurisdiction over Plaintiff's claim under the Veterans' Judicial Review Act ("VJRA"). (Mot. at 5-10; Reply at 2-3.) Second, even if the VJRA does not divest the court of jurisdiction, Defendant asserts the Complaint fails to state a claim under Rule 12(b)(6) because it is time-barred under the FTCA's two-year statute of limitations. (Mot. at 10-11; Reply at 4-5.) While Plaintiff maintains the court has jurisdiction over this action, Plaintiff does not address Defendant's statute of limitations argument. (*See* Opp. at 7-12.)

### A. <u>The Court Lacks Jurisdiction Over this Matter Under Section 511(a) of the VJRA</u>

In 1988, Congress enacted the VJRA, which deprived Article III district courts of jurisdiction over veterans' suits concerning their benefits. *See Veterans for Common Sense v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-08522-FWS-PVC Date: May 12, 2023
Title: Donovan J. Foster v. The United States of America *et al.*

*Shinseki*, 678 F.3d 1013, 1020-23 (9th Cir. 2012) (en banc) ("*VCS*") (discussing history of judicial review of VA decisions and the VJRA's effect on reviewability). The VJRA "place[s] responsibility for reviewing decisions" of the VA Regional Offices and the Board of Veterans' Appeals in the U.S. Court of Appeals for Veterans Claims ("Veterans Court"). *Id.* at 1021 (citing 38 U.S.C. §§ 7251, 7261). The Veterans Court has "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals," *Tunac v. United States*, 897 F.3d 1197, 1202 (9th Cir. 2018) (quoting 38 U.S.C. § 7252(a)), and may "decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of an action of the Secretary," *id.* (quoting 38 U.S.C. § 7261(a)(1)). Decisions of the Veterans Court are in turn "reviewed exclusively by the Federal Circuit, which 'shall decide all relevant questions of law, including interpreting constitutional and statutory provisions.'" *VCS*, 678 F.3d at 1022 (quoting 38 U.S.C. § 7292(d)(1)) (citing 38 U.S.C. §§ 7292(a), (c)).

"In addition to establishing this exclusive pathway for judicial review of benefits decisions, Congress enacted a new provision, eventually codified at 38 U.S.C. § 511, to 'broaden the scope' of the prior preclusion provision and 'limit outside "court intervention" in the VA decisionmaking process.'" *Tunac*, 897 F.3d at 1202 (quoting *VCS*, 678 F.3d at 1022). The statute provides that the Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans," 38 U.S.C. § 511(a), which are "final and conclusive and may not be reviewed by any other official or by any court" with certain exceptions not implicated here, *see id.* § 511(b).

"§ 511 precludes jurisdiction over a claim if it requires the district court to review VA decisions that relate to benefits decisions, including any decision made by the Secretary in the course of making benefits determinations." *Tunac*, 897 F.3d at 1202 (quoting *VCS*, 678 F.3d at 1025). § 511 precludes district courts' judicial review of "cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits" and the "decisions that may affect such cases." *VCS*, 678 F.3d at 1025-26 (citations omitted). But it does not bar "certain facial constitutional challenges that require only a 'consideration of the constitutionality of the procedures in place,' rather than 'a

consideration of the decisions that emanate through the course of the presentation of those claims.'" *Gila River Indian Cmty. v. United States Dep't of Veterans Affs.*, 899 F.3d 1076, 1079 (9th Cir. 2018) (quoting *VCS*, 678 F.3d at 1034) (citation omitted).

The court concludes it lacks jurisdiction over Plaintiff's claim under § 511(a). The Ninth Circuit, sitting *en banc* in *VCS*, observed that "[s]ection 511 undoubtedly would deprive [district courts] of jurisdiction to consider an individual veteran's claim that the VA unreasonably delayed his mental health care." *See* 678 F.3d at 1026. In that case, the Ninth Circuit held that a district court lacks jurisdiction under § 511(a) where it would "evaluating the circumstances of individual veterans and their requests for treatment, and determining whether the VA handled those requests properly" because "there is no way for the district court to resolve whether the VA acted in a timely and effective manner in regard to the provision of mental health care" without doing so. *Id.* at 1028. Here, Plaintiff's sole cause of action seeks a determination from the court that the VA was negligent in how it handled Plaintiff's request for mental health treatment and that the reason for its denial created an injurious delay in his receipt of necessary care. In effect, Plaintiff's claim requires the court to engage in the prohibited analysis of "evaluating [Plaintiff's] circumstances" and his "request[] for treatment" to determine "whether the VA acted in a timely and effective manner in regard to the provision of mental health care." *See id.* Accordingly, § 511(a) divests the court of subject matter jurisdiction over his claim.

Plaintiff's argument to the contrary largely rests on his assertions his claim does not require "the court [to] be involved in the technical determination and application of benefits legislation." (*See* Opp. at 11.) To be sure, the Ninth Circuit has held that a plaintiff may bring an action against a VA "health care employee," including "support staff directly engaged in patient care" that "alleg[es] injury from a negligent medical decision" under the FTCA in federal district court without triggering the VJRA's jurisdiction-stripping provision. *Tunac*, 897 F.3d at 1205. But Plaintiff's claim seeks to hold the VA liable for alleged negligence in the *administration* of his claim, not in providing him *medical* services. Ultimately, "[t]he test is whether review requires consideration of predicate 'questions of law and fact . . . under a law that affects the provision of benefits.'" *Gila River*, 899 F.3d at 1080 (quoting 38 U.S.C. § 511(a)). The facts underlying Plaintiffs' claim—the VA's handling of his service and medical

records—necessitates the court's improper consideration of those predicate facts. *See Recinto v. U.S. Dep't of Veterans Affs.*, 706 F.3d 1171, 1175 (9th Cir. 2013) ("[I]f reviewing [a] claim would require review of the circumstances of individual benefits requests, jurisdiction is lacking."). Because Plaintiff seeks relief for the "administrative negligence" rather than allege facts giving "rise to a reasonable inference that VA medical professionals breached their duty of care," his claim "must be channeled through the VJRA" instead of this court. *See Tunac*, 897 F.3d at 1205-06 (citing *VCS*, 678 F.3d at 1026-28).

Because the court lacks jurisdiction over Plaintiff's claim, it dismisses this case without prejudice. *See Ford v. Shinseki*, 538 F. App'x 803, 804 (9th Cir. 2013) (noting it is ordinarily proper to dismiss without prejudice where the dismissal is for lack of subject matter jurisdiction).

B. The Court Grants Leave to Amend

Given the court lacks jurisdiction over Plaintiff's claim, it does not reach the merits of Defendant's statute of limitations argument. *See Tunac*, 897 F.3d at 1201 (noting court would first determine whether it had jurisdiction over the complaint before reaching "the government's argument that [the plaintiff's] complaint is barred by the statute of limitations"). However, Defendant relatedly argues the untimeliness of Plaintiff's claim under the FTCA and Plaintiff's failure to address this argument in the Opposition militate towards denying leave to amend. (*See* Reply at 4-5.)

"Courts are free to grant a party leave to amend whenever 'justice so requires.'" *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (quoting Fed. R. Civ. P. 15(a)(2)). However, where there is a "clear showing that amendment would be futile," the court may dismiss a plaintiff's complaint without giving them "at least one chance to amend" it. *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015). As noted by Defendant, Plaintiff does not attempt to rebut Defendants' timeliness argument in the Opposition, (*see generally* Opp.), and amendment may be futile "when the claims are barred by the applicable statute of limitations," *see Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1103 (9th Cir. 2018) (citation omitted). Nevertheless, the court, in its discretion, will grant Plaintiff an opportunity

to amend the Complaint if desired. *See, e.g.*, *Harris v. Cnty. of Orange*, 902 F.3d 1061, 1067 (9th Cir. 2018) ("The decision of whether to grant leave to amend remains within the discretion of the district court.") (cleaned up).

## IV. Disposition

For the reasons set forth above, the court **GRANTS** the Motion, **DISMISSES WITHOUT PREJUDICE** the Complaint, and **GRANTS LEAVE TO AMEND** the claims dismissed by this Order. If Plaintiff wishes to file an amended complaint, Plaintiff must do so within **thirty (30) days** of this Order. Failure to file an amended complaint by the stated deadline may result in the dismissal of this action with prejudice for failure to prosecute and/or comply with a court order. *See* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260, 1263 (9th Cir. 1992).

**IT IS SO ORDERED.**

Initials of Deputy Clerk: mku

Case: 24-140, 09/13/2026, DktEntry: 72.1, (836 of 1196)

**DECLARATION OF KAREN L. RIVERA-LEBRON**

I, Karen L. Rivera-Lebron, do hereby declare and state as follows:

1. I am a Staff Attorney employed by the U.S. Department of Veterans Affairs ("VA"), Office of General Counsel ("OGC"). I have held this position since June 24, 2019. I make the following factual statements based on my personal knowledge. If called as a witness, I could and would competently testify thereto.

2. The OGC is responsible for processing administrative claims, investigating the claims, and making determinations on whether the claims are approved or denied. The OGC maintains the records of all administrative claims and related records dating back to 2015.

3. As part of my employment with the OGC, I am familiar with and have regular access to the OGC's databases for storing records related to administrative claims, which in my experience is well maintained and up to date. I regularly access these databases in the performance of my job duties.

4. On or around November 6, 2020, the VA received the Form 95 administrative tort claim from Mr. Foster. Attached hereto as Exhibit 1 is a true and correct copy of the administrative tort claim.

5. On or around January 6, 2021, the VA denied Mr. Foster's administrative tort claim. Attached hereto as Exhibit 2 is a true and correct copy of the denial letter.

6. On or around February 13, 2021, the VA received a Request for Reconsideration from Mr. Foster. Attached hereto as Exhibit 3 is a true and correct copy of the Request for Reconsideration.

7. On or around September 21, 2021, the VA again denied Mr. Foster's administrative tort claim. Attached hereto as Exhibit 4 is a true and correct copy of this letter.

///

///

///

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of March, 2023, at San Juan, Puerto Rico.

Karen L. Rivera-Lebron

| **CLAIM FOR DAMAGE, INJURY, OR DEATH** | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

1. Submit to Appropriate Federal Agency:

NATIONAL ARCHIVES AND RECORDS ADMINISTRATION
AND
DEPARTMENT OF VETERANS AFFAIRS

2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.

DONOVAN J. FOSTER JR.
[redacted]

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | [redacted] | SINGLE | 11/26/2019 | 11:00PM |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY OR BY SOMEONE IN THE EMPLOY THEREOF, IN A FACILITY OF AND OR IN THE CONTROL OF YOUR GOVERNMENTAL ENTITY HAS CAUSED INFINITE ENDLESS HARM AND OR PERSONAL INJURY TO MYSELF THE CLAIMANT. PLEASE SEE ATTACHED DEMAND LETTER FOR FURTHER DETAIL.

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

NONE

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED. THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY HAS CAUSED PERMANENT DEBILITATING INJURY AND POST TRAMATIC STRESS DISORDER.

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| TO BE DETERMINED IN PRE-TRIAL DISCOVERY IF APPLICABLE | TO BE DETERMINED IN PRE-TRIAL DISCOVERY IF APPLICABLE |

12. (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| NONE | $92,288,776,984.00 | | $92,288,776,984.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature] | [redacted] | 10/13/2020 |

| **CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM** | **CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS** |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

NONE

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No

NONE

17. If deductible, state amount.

NONE

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

NONE

19. Do you carry public liability and property damage insurance? ☐ Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

NONE

**INSTRUCTIONS**

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

DAMAGES IN A __SUM CERTAIN__ FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN __TWO YEARS__ AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

**(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

**PAPERWORK REDUCTION ACT NOTICE**

This notice is __solely__ for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95 REV. (2/2007) BACK**



**Exhibit 1**

VA | U.S. Department of Veterans Affairs
Office of General Counsel

Torts Law Group (021)
810 Vermont Ave NW
Washington, DC 20420

Phone: (202) 461-4900

In Reply Refer To: GCL 484556

**Certified Mail #7019 2280 0000 6144 8051**

January 6, 2021

Mr. Donovan J. Foster, Jr.
[redacted]

Re: Administrative tort claim

Dear Mr. Foster:

The U.S. Department of Veterans Affairs (VA) received your administrative tort claim on November 6, 2020 asserting $92,288,776,984.00 in damages with incident date 11/19/2019 and alleging negligent loss or mislabeled service department records that resulted in denial of VA benefits in 2010 as well as timely and effective treatment which caused progression of your conditions and permanent and total disability.

The Federal Tort Claims Act (FTCA), sections 1346(b) and 2671-2680, title 28, United States Code, under which you filed your claim, provides for monetary compensation when a Government employee, acting within the scope of employment, injures another by a negligent or wrongful act or omission. Liability is determined by law of the State where the tort occurred (section 2674, title 28, United States Code).

The allegations in your tort claim involve the administration of VA benefits and not a tort under State law. Consequently, your claim fails to allege a claim cognizable under the FTCA and therefore, there is no jurisdiction to consider the claim under the FTCA. Accordingly, your tort claim is denied.

Generally, information on filing benefit claims and appeals with VA can be found at https://www.vets.gov/disability-benefits/. VA's decisions and actions on such benefit claims may be reviewed only by the United States Court of Appeals for Veterans Claims and the United States Court of Appeals for the Federal Circuit and may not be reviewed by any other court (sections 511, 7252, and 7292, title 38, United States Code). If an error did occur in relation to handling your benefits, you may pursue an appeal through that exclusive review process.

If you are dissatisfied with this denial of this tort claim, you may file suit directly under the FTCA, sections 1346(b) and 2671-2680, title 28, United States Code. The FTCA provides that when an agency denies an administrative tort claim, the claimant may seek judicial relief in a proper Federal District Court. The claimant must initiate the suit within six months of the mailing of this notice as shown by the date of this denial. See, section 2401(b), title 28, United States Code. In any FTCA lawsuit, the property party defendant is the United States, not the Department of Veterans Affairs (or an individual health care provider).

Please note that FTCA claims are governed by a combination of federal and state laws. Some state laws may limit or bar a claim or lawsuit. VA legal staff handling FTCA claims work for the federal government and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely,

Cynthia Hernandez
Deputy Chief Counsel

COVER SHEET

February 13, 2021

FROM:

Donovan Juan Foster Jr

[redacted]

TO:

U.S. Department of Veterans Affairs

Office of General Counsel

Torts Law Group

810 Vermont Avenue, NW

Washington, DC 20420

RE: Submittal and Notice of Federal Tort Claims Act tort claim

*Please confirm receipt of this fax within 48 business hours. Thank you in advance.

Donovan Juan Foster Jr.
[redacted]

February 13, 2021

U.S. Department of Veterans Affairs
Office of General Counsel
Torts Law Group
810 Vermont Avenue, NW
Washington, DC 20420

RE: Federal Tort Claims Act tort claim

Please be advised this is a notice of a submission of a Federal Tort Claims Act tort claim to be paid by your federal agency i.e. U.S. Department of Veterans Affairs. All dates are to be confirmed via your office once confirmation of receipt of this fax is provided to myself Donovan Juan Foster Jr and direction is given to the claimant myself Donovan Juan Foster Jr. of any lacking parts of this notice or needed information for your office to process this claim with full and total payment provided. All correspondence is to be undertaken via the United States Postal Service certified mail return receipt without exception. In addition, if your office so cares to you may email a electronic copy to the email address provided above.

Please be advised a clear and unmistakable error has been identified by your federal agency; the letter admitting the commission of this clear and unmistakable error is dated November 26, 2019. This flagrant act of negligence has caused infinite and continuous harm to myself Donovan Juan Foster Jr.

Please provide payment in the amount of fifty (50) million USD via check to the following address:
[redacted]

Or alternatively reach out to myself Donovan Juan Foster Jr. at the contact information provided above for direct deposit information.

Please be advised any further dereliction of duty, subpar processing of this Federal Torts Claims Act tort claim, any activity deemed suspicious by myself Donovan Juan Foster Jr, and any wavering from the United States Code in the processing of this Federal Torts Claims Act tort will result in the full exercise of my rights, powers, and assets provided to myself Donovan Juan

Foster Jr. as an American Citizen. Please be informed the claimant Donovan Juan Foster Jr is holding this matter in the utmost concern and it is advised that your office does as well. Thank you in advance.

Best Regards,

Donovan Juan Foster Jr.

COVER SHEET

FEBRUARY 13, 2021

FROM:

Donovan Juan Foster Jr

[redacted]

TO:

U.S. Department of Veterans Affairs

Office of General Council

Torts Law Group

810 Vermont Avenue, NW

Washington, DC 20420

RE:

GCL-484556

Certified mail #70192280000061448051

*Please confirm receipt of this fax within 48 business hours. Thank you in advance.

Donovan Juan Foster Jr.
[redacted]

February 12, 2021

Department of Veterans Affairs
Office of General Counsel
Torts Law Group
810 Vermont Avenue, NW
Washington, DC 20420

RE: Notice of right to and execution of reconsideration concerning GCL-484556 certified mail #70192280000061448051

Please be advised I Donovan Juan Foster Jr via this notice am executing my rights for reconsideration concerning GCL-484556. Please stand by as documents necessary for your offices to properly process my reconsideration are to follow. The documents will be provided via fax number +1-202-273-6385 and or the follow address:

Department of Veterans Affairs
Office of General Counsel
Torts Law Group
810 Vermont Avenue, NW
Washington, DC 20420

Please be advised any manipulation, retaliation, lack of due diligence and or subpar processing of my reconsideration can or may result in criminal prosecution, congressional investigation, and or the committing of negligence by your federal agency.

Thank you in advance.

Best Regards,
Donovan Juan Foster Jr.

VA | U.S. Department of Veterans Affairs
Office of General Counsel

Office of Chief Counsel (02)
Southeast District – South
7305 N. Military Trail, Rm. 4B-352
West Palm Beach, FL 33410

In Reply Refer To: 484556

Via Certified Mail 7013 0600 0001 9398 7253

September 21, 2021

Donovan Foster
[redacted]

Subject: Administrative Tort Claim - Request for Reconsideration

Dear Mr. Foster:

This office has now completed reconsideration of the above-referenced matter under the Federal Tort Claims Act (FTCA), and it is again denied as falling beyond the jurisdiction of the FTCA.

Further action on this matter may be instituted in accordance with the FTCA, sections 1346(b) and 2671-2680, title 28, United States Code, which provides, in effect, that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated, however, within 6 months after the date of mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). If such a suit is filed, the proper party defendant would be the United States, not VA.

Please note that FTCA claims are governed by a combination of Federal and state laws. Some state laws may limit or bar a claim or lawsuit. VA attorneys handling FTCA claims work for the Federal government and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely,

*Kristen Nelson*

Kristen Nelson
Deputy Chief Counsel

Case: 24-140, 09/13/2026, DktEntry: 72.1, (850 of 1196)



# DECLARATION OF OSWALDO TAPIA

I, Oswaldo Tapia, do hereby declare and state as follows:

1. I am a ____Coach____________________ employed by the U.S. Department of Veterans Affairs ("VA"), Veterans Benefits Administration (VBA). I have held this position since __March 4, 2018____________________. I make the following factual statements based on my personal knowledge. If called as a witness, I could and would competently testify thereto.

2. The VBA is responsible for processing veterans' benefits claims, investigating the claims, and making determinations on whether the claims are approved or denied. The VBA maintains the records of all administrative claims and related records dating back to the beginning of a veteran's request for compensation.

3. As part of my employment with the VBA, I am familiar with and have regular access to the VBA's databases for storing records related to administrative claims, which in my experience is well maintained and up to date. I regularly access these databases in the performance of my job duties.

4. On or around October 6, 2009, the VBA received an Application for Compensation and/or Pension from Donovan J. Foster. Attached hereto as Exhibit 1 is a true and correct copy of the Application.

5. On or around May 3, 2010, the VA sent Mr. Foster a letter informing him of its inability to obtain Mr. Foster's service medical records and requested that he provide supporting documents. Attached hereto as Exhibit 2 is a true and correct copy of this letter.

6. On or around May 21, 2010, the VA denied Mr. Foster's application. Attached hereto as Exhibit 3 is a true and correct copy of this denial letter.

7. The VBA has no records indicating that Mr. Foster appealed the VA's decision, submitted a Request for Reconsideration, or filed an administrative tort claim in response to its May 21, 2010 denial referenced in Paragraph 6.

8. On or around February 13, 2019, the VA received an Application for Disability Compensation and Related Compensation Benefits from Mr. Foster. Attached hereto as Exhibit 4 is a true and correct copy of this application.

9. On or around April 27, 2019, the VA issued a Rating Decision granting service-connected disability benefits for Mr. Foster. Attached hereto as Exhibit 5 is a true and correct copy of this letter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this __3rd_____ day of March, 2023, at San Juan, Puerto Rico.

Oswaldo Tapia

Oswaldo Tapia

**Department of Veterans Affairs**

OMB Approved No. 2900-0001
Respondent Burden: 1 hour 30 minutes

DO NOT WRITE IN THIS SPACE

# VETERAN'S APPLICATION FOR COMPENSATION AND/OR PENSION,

**VA Form 21-526, Part A: General information**

Please read the attached "General Instructions" before you fill out this form.

**SECTION I** Tell us what you are applying for

Check the box that says what you are applying for. Be sure to complete the other Parts you need.

1. What are you applying for? If you are unsure please refer to the "General Instructions" page 2 Section 1: Preparing your application

- ☒ Compensation ► Fill out Part A of VA Form 21-526 and Parts B and C
- ☐ Pension ► Fill out Part A of VA Form 21-526 and Parts C and D
- ☐ Compensation and Pension ► Fill out Part A of VA Form 21-526 and Parts B, C and D

2a. Have you ever filed a claim with VA

☒ No *(If "No," skip Item 2b and go to Item 3)*
*(If "Yes," provide file number below)*
☐ Yes ______ *(Go to 2b)*

2b. I filed a claim for
☐ Compensation ☐ Pension
☐ Other ______

**SECTION II** Tell us about you

We need information about you to process your claim faster.

3. What is your name?

| Donovan | Juan | foster | Jr |
|---|---|---|---|
| First | Middle | Last | Suffix (If applicable) |

4. What is your Social Security [redacted]

5. What is your sex?
☒ Male ☐ Female

6a. Did you serve under another name?
☐ Yes *(If "Yes," go to Item 6b)*
☒ No *(If "No," go to Item 7)*

6b. Please list the other name(s) you served under

Give us your current mailing address in the space provided. If it will change within the next three months, give us that new address in block 29 "Remarks." Also in block 29, give us the date you think you will be at the new address.

7. What is your address? [redacted]

8. What are your telephone numbers? [redacted]

9. What is your e-mail address? [redacted]

10. What is your date of birth? [redacted]

11. Where were you born? [redacted]

OWCP used to be called the U.S. Bureau of Employees Compensation

12a. Are you receiving disability benefits from the Office of Workers' Compensation *(OWCP)*?
☐ Yes ☒ No
(If "Yes," answer 12b and 12c also)

12b. When was the claim filed?
____/____

12c. What disability are you receiving benefits for? ______

13a. What is the name of your nearest [redacted]

13b. What is his/her telephone number? [redacted]

EP est. ___ EP cont. 110 ___
DOC 10/6/09 ___
DATE OF ACTION 10/8/09
J.C

**SECTION III** **Tell us about your active duty**

1. Enter complete information for all periods of service. If more space is needed use Item 29 "Remarks".
2. Attach your original DD214 or a certified copy to this form. (We will return original documents to you.)

| | | | |
|---|---|---|---|
| **14a.** I entered active service the **first** time. 10/10/2007 (mo day yr) | **14b.** Place: | **14c.** My service number was . . . | |
| **14d.** I left this active service. . . 7/23/2008 (mo day yr) | **14e.** Place: | **14f.** Branch of Service | **14g.** Grade, rank, or rating |
| **14h.** I entered my **second** period of active service. . . / / (mo day yr) | **14i.** Place: | **14j.** My service number was . . . | |
| **14k.** I left this active service. . . / / (mo day yr) | **14l.** Place: | **14m.** Branch of Service | **14n.** Grade, rank, or rating |

**15a.** Did you serve in Vietnam?
☐ Yes ☒ No
(If "Yes," answer Item 15b also)

**15b.** When were you in Vietnam?
from / / (mo day yr) to / / (mo day yr)

The VA has a registry of veterans who served in the Gulf War. This area has also been called the "Persian Gulf." If you served there, we will include your name in the registry. If you want your medical information included, you must check "Yes" in Item 16b. For more information about the registry, see page 4 of the General Instructions for VA Form 21-526.

**16a.** Were you stationed in the Gulf after August 1, 1990?
☐ Yes ☒ No
(If "Yes," answer Item 16b also)

**16b.** Do you want to have medical and other information about you included in the "Gulf War Veterans' Health Registry?"
☐ Yes ☒ No

**17a.** Have you ever been a prisoner of war?
☐ Yes ☒ No
(If "Yes," answer Items 17b, 17c, and 17d also)

**17b.** What country or government imprisoned you?

**17c.** When were you confined?
from / / (mo day yr) to / / (mo day yr)

**17d.** What was the name of the camp or sector and what are the names of the city and country near its location

**SECTION IV** **Tell us about your reserve duty**

**18a.** Are you currently assigned to an active reserve unit?
☐ Yes ☒ No
(If "Yes," answer Item 18b also)

**18b.** What is the name, mailing address, and telephone number of your current unit?

**18c.** Were you previously assigned to an active reserve unit within the last 2 years?
☐ Yes ☐ No
(If "Yes," answer Item 18d also)

**18d.** What is the name, mailing address, and telephone number of that unit?

Case: 24-140, 09/13/2026, DktEntry: 72.1, (854 of 1196)



**SECTION IV (Continued) Tell us about your reserve duty**

18e. Do you have an inactive reserve obligation? (You perform no active duty, but you could be activated if there was a national emergency)

☐ Yes ☒ No ☐ Don't know

(If "Yes," answer Item 18f also)

18f. What is your reserve obligation termination date?

/ / (mo day yr)

***Instructions 18g-18k***

If you are currently or have ever been a full time reservist for operational or support duty,

1. Complete 18g-18k for that service only.
2. Attach proof of reserve service

18g. I entered reserve service. . .

/ / (mo day yr) Place:

18h. My service number was . . .

18i. I left reserve service. . .

/ / (mo day yr) Place:

18j. Branch of service

18k. Grade, rank, or rating

***Instructions 18l-18p***

If your disability occurred or was aggravated during any period of reserve duty,

1. Complete 18l-18p for the period when your disability occurred.
2. Attach proof that your disability occurred during reserve service.

18l. I entered reserve service. . .

/ / (mo day yr) Place:

18m. My service number was . . .

18n. I left reserve service. . .

/ / (mo day yr) Place:

18o. Branch of service

18p. Grade, rank, or rating

**SECTION V Tell us about your National Guard duty**

19a. Are you currently a member of the National Guard?

☐ Yes ☒ No ☐ Not assigned yet

(If "Yes," answer Item 19b also)

19b. What is the name, mailing address, and telephone number of your current unit?

19c. Were you previously assigned to a guard unit within the last 2 years?

☐ Yes ☐ No

(If "Yes," answer Item 19d also)

19d. What is the name, mailing address, and telephone number of that unit?

***Instructions 19e-19i***

If you were activated to Federal Active Duty under the Authority of Title 10, United States Code,

1. Complete 19e-19i for that service only
2. Attach proof of this Federal Active Duty.

19e. I entered Federal Active Duty. . .

/ / (mo day yr) Place:

19f. My service number was . . .

19g. I left Federal Active Duty. . .

/ / (mo day yr) Place:

19h. Branch of service

19i. Grade, rank, or rating

***Instructions 19j-19n***

If your disability occurred or was aggravated during any period of guard duty,

1. Complete 19j-19n for the period when your disability occurred
2. Attach proof that your disability occurred during National Guard Service.

19j. I entered National Guard. . .

/ / (mo day yr) Place:

19k. My service number was . . .

19l. I left National Guard. . .

/ / (mo day yr) Place:

19m. Branch of service

19n. Grade, rank, or rating

**SECTION VI** Tell us about your travel status

| 20a. Were you injured while traveling to or from your military assignment? (If "Yes," answer Items 20b thru 20e and Section II of Part B: Compensation) | 20b. When did your injury happen? | 20c. Where did your injury happen? (City, State, Country) | 20d. Where were you treated? (Provide name and address of Doctor's office, hospital, etc.) | 20e. What agency did you file an accident report with? |
|---|---|---|---|---|
| ☐ Yes ☒ No | / / mo day yr | | | |

**SECTION VII** Tell us about your military benefits

When you file this application, you are telling us that you want to get VA compensation instead of military retired pay. If you currently receive military retired pay, you should be aware that we will reduce your retired pay by the amount of any compensation that you are awarded. VA will notify the Military Retired Pay Center of all benefit changes.

You must sign 21e if you want to keep getting military retired pay instead of VA compensation.

Please see page 4 of the General Instructions for VA Form 21-526.

If you have gotten both military retired pay and VA compensation, some of the amount you get may be recouped by VA, or in the case of VSI, by the Department of Defense

| 21a. Are you receiving or will you receive retired or retainer pay that is based on your military service? | 21b. What branch of service is paying or will pay your retired or retainer pay? | 21c. What is the monthly amount? |
|---|---|---|
| ☐ Yes ☒ No (If "Yes," answer items 21b thru 21f. If "No," skip to Item 22) | | $ . |

21d. What is your retirement based on?

☐ Length of service ☐ Disability ☐ TDRL (Temporary Disability Retired List)

21e. Sign here if you want to receive military retired pay *instead of* VA compensation

________________________________________

21f. Have you received or will you receive any of the following military benefits?
**(Please check the appropriate boxes and tell us the amount)**

| *Benefit* | *Amount* |
|---|---|
| (1) ☐ Lump Sum Readjustment Pay | $ . |
| (2) ☐ Separation pay under 10 USC 1174 | $ . |
| (3) ☐ Special Separation Benefit (SSB) | $ . |
| (4) ☐ Voluntary Separation Incentive (VSI) | $ . |
| (5) ☐ Disability Severance Pay (name of disability __________) | $ . |
| (6) ☐ Other (tell us the type of benefit __________) | $ . |

**SECTION VIII** Give us direct deposit information

**If benefits are awarded** we will need more information in order to process any payments to you. Please read the paragraph starting with, ***"All federal payments..."*** and then either:

1. Attach a voided check, or
2. Answer questions 22-24 to the right.

All federal payments beginning January 2, 1999, must be made by electronic funds transfer (EFT) also called Direct Deposit. Please attach a voided personal check or deposit slip or provide the information requested below in items 22, 23 and 24 to enroll in Direct Deposit. If you do not have a bank account we will give you a waiver from Direct Deposit, just check the box below in item 22. The Treasury Department is working on making bank accounts available to you. Once these accounts are available, you will be able to decide whether you wish to sign-up for one of the accounts or continue to receive a paper check. You can also request a waiver if you have other circumstances that you feel would cause you a hardship to be enrolled in Direct Deposit. You can write to: Department of Veterans Affairs, 125 S. Main Street Suite B, Muskogee OK 74401-7004, and give us a brief description of why you do not wish to participate in Direct Deposit.

22. Account number (Please check the appropriate box and provide that account number, if applicable)

☒ Checking ☐ I certify that I **do not** have an account with a financial institution or certified payment agent

☐ Savings

Account number [redacted]

23. Name of financial institution Armed Forces Bank

24. Routing or transit number [redacted]

21-526, Part A page 4

Case: 24-140, 09/13/2026, DktEntry: 72.1, (856 of 1196)



**Department of Veterans Affairs**

## VA Form 21-526, Part C: Dependency

**Use this form to tell us more about your dependents. Remember that you must also fill out a VA Form 21-526, Part A: General Information, Part B and/or Part D, for your application to be processed. Be sure to write your name and Social Security number in the space provided on page 3.**

**SECTION I Tell us about your marriage**

NOTE: You should provide a copy of your marriage certificate.

1. What is your marital status?
☐ Married ☐ Surviving Spouse ☐ Divorced ☒ Never married
(If your spouse died, you are "divorced," or "never married" skip to Section III beginning on page 2)

2. When were you married?
___/___/___
mo day yr

3. Where did you get married? (city/state or country)
______________________

4. What is your spouse's name?
______________________
First Middle Last

5. When is your spouse's birthday?
___/___/___
mo day yr

6. What is your spouse's Social Security number?
______________________

7a. Is your spouse also a veteran?
☐ Yes ☐ No
(If "Yes," answer Item 7b also)

7b. What is your spouse's VA file number (If any)?
______________________

8. Do you live with your spouse?
☐ Yes
☐ No

9. What is your spouse's address?
______________________
Street address, rural route, or P.O. Box Apt. number
______________________
City State Zip code Country

10. Tell us why you are not living with your spouse

11. How much do you contribute monthly to your spouse's support?
$ ______ . ______

12. How were you married?

a. ☐ Ceremony by a clergyman or other authorized public official
b. ☐ Common-law
c. ☐ Tribal
d. ☐ Proxy
e. ☐ Other (please describe in the space below)
______________________
______________________
______________________

Case: 24-140, 09/13/2026, DktEntry: 72.1, (857 of 1196)



**SECTION II** **Tell us about any previous marriages**

NOTE: You should provide copies of divorce decrees or death certificates

In the table below, tell us about:
- Your previous marriages, and
- Your spouse's previous marriages

**Your previous marriages**

13a. How many times have you been married before? ___________

| 13b. When were you married? | 13c. Where were you married? (city/state or country) | 13d. Who were you married to? (first, middle initial, last) | 13e. When did your marriage end? | 13f. Why did your marriage end? (death, divorce) | 13g. Where did your marriage end? (city/state or country) |
|---|---|---|---|---|---|
| / / mo day yr | | | / / mo day yr | | |
| / / mo day yr | | | / / mo day yr | | |

**Your spouse's previous marriages**

14a. How many times has your current spouse been married before? ___________

| 14b. When was your spouse married? | 14c. Where was your spouse married? (city/state or country) | 14d. Who was your spouse married to? (first, middle initial, last) | 14e. When did your spouse's marriage end? | 14f. Why did your spouse's marriage end? (death, divorce) | 14g. Where did your spouse's marriage end? (city/state or country) |
|---|---|---|---|---|---|
| / / mo day yr | | | / / mo day yr | | |
| / / mo day yr | | | / / mo day yr | | |

**SECTION III** **Tell us about your other dependents**

In this section we want to know whether your parents are financially dependent on you (Question 15) and more about your **dependent children.** VA may recognize a veteran's biological children, adopted children, and stepchildren as dependent. These children must be unmarried and:
- be under the age of 18, **or**
- be at least 18 but under 23 and pursuing an approved course of education, **or**
- have become permanently unable to support themselves before reaching the age of 18.

15. Are your parents financially dependent on you?

☐ Yes ☒ No (If "Yes," we will request additional information from you later.)

You should provide: a copy of the public record of birth for each child or a copy of the court record of adoption for each adopted child.

16. Do you have dependent children?

☐ Yes (If "No," Skip Items 17-21f.) Go to the bottom of page 3 and write your name and Social Security number.)

☒ No

17. How many dependent children do you have?

Ø

Give us more information about these children in the tables on the next page (Items 18 through 21f).

21-526, Part C page 2

# ATTACHED NOTES PAGE

claim

Revision Date: September 2015

**Department of Veterans Affairs**

## VA Form 21-526, Part B: Compensation

**Use this form to apply for compensation. Remember that you must also fill out a VA Form 21-526, Part A: General Information, for your application to be processed. Be sure to write your name and Social Security number in the space provided on page 2.**

**SECTION I Tell us about your disability**

In the table below, tell us more about your disability or disabilities. Be sure to:

- List all disabilities you believe are related to military service.
- List all the treatments you received for your disabilities, including
  - treatments you received in a military facility before and after discharge.
  - treatments you received from civilian and VA sources before, during, and after your service.

| 1. What disability are you claiming? | 2. When did your disability begin? | 3b. When were you treated? | 4a. What medical facility or doctor treated you? | 4b. What is the address of that medical facility or doctor? |
|---|---|---|---|---|
| ~~missing a part of my~~ | / /08 mo day yr | from / / mo day yr to / / mo day yr | | ~~[initials]~~ |
| missing part of my pointer finger | / /08 mo day yr | from / / mo day yr to / / mo day yr | | |
| The fact I am missing part of my finger makes | / /09 mo day yr | from / / mo day yr to / / mo day yr | | |
| me sad sometimes & the fact people don't want me to touch them | / / mo day yr | from / / mo day yr to / / mo day yr | | |
| does as well | / / mo day yr | from / / mo day yr to / / mo day yr | | |
| Ocassional Back pain that I never | / /07 mo day yr | from / / mo day yr to / / mo day yr | | |
| had before | / / mo day yr | from / / mo day yr to / / mo day yr | | |
| Depression Secondary To | / / mo day yr | from / / to / / | | |
| Pointer Finger Condition | / / mo day yr | from / / mo day yr to / / mo day yr | | |

Case: 24-140, 09/13/2026, DktEntry: 72.1, (860 of 1196)



| | | | |
|---|---|---|---|
| **SECTION II** Tell us if any of the disabilities you listed on Page 1 were because of exposures | **5a.** Were you exposed to Agent Orange or other herbicides? ☐ Yes ☐ No | **5b.** What is your disability? | **5c.** In what country were you exposed? |
| | **6a.** Were you exposed to asbestos? ☐ Yes ☐ No (If "Yes," answer Item 6b and 6c also) | **6b.** What is your disability?<br>**6c.** When and how were you exposed? | |
| | **7a.** Were you exposed to mustard gas? ☐ Yes ☐ No (If "Yes," answer Item 7b and 7c also) | **7b.** What is your disability?<br>**7c.** When and how were you exposed? | |
| | **8a.** Were you exposed to ionizing radiation? ☐ Yes ☐ No (If "Yes," answer Items 8b, 8c, and 8d also) | **8b.** What is your disability? | **8c.** When was your last exposure? / / mo day yr |
| | **8d.** How were you exposed to radiation? | ☐ Atmospheric testing<br>☐ Nagasaki/Hiroshima<br>☐ Other, | |
| | **9a.** Were you exposed to an environmental hazard in the Gulf War? ☐ Yes ☐ No (If "Yes," answer Items 9b and 9c also) | **9b.** What is your disability? | **9c.** What was the hazard? |
| | **10a.** Did you have a separation or retirement physical examination? ☐ Yes ☐ No (If "Yes," answer Items 10b and 10c also) | **10b.** When was the exam? / / mo day yr | **10c.** Where did the exam occur? |
| **SECTION III** Tell us how your disabilities listed on Page 1 are related to your military service | **11. Explanation** I always had a scar on that finger since I was young while in service I believe I picked at and possibly chewed on it resulting in a loss of the numb part ~~I didn't~~ DT under high stress not realizing what was happening to my finger. I started the Army w/ 5 fingers. | | |

| Your Name | Your Social Security Number |
|---|---|
| | |

21-526, Part B page 2

# ATTACHED NOTES PAGE

not addressing
scar - issue is
missing part of
finger

Revision Date: September 2015

**SECTION III** Tell us about your dependents (continued)

| 18a. What is the name of your unmarried child(ren)? (first, middle initial, last) | 18b. Date and place of birth (city/state or country) | 18c. Social Security Number | 19a. Biological | 19b. Adopted | 19c. Stepchild | 20a. 18-23 yrs. old and in school | 20b. Seriously disabled before age 18 | 20c. Child previously married |
|---|---|---|---|---|---|---|---|---|
| | / / mo day yr Place: | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | / / mo day yr Place: | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | / / mo day yr Place: | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | / / mo day yr Place: | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Tell us about your dependents listed above who *don't live with you***

**21a.** Do all the children listed above live with you?
☐ Yes (If "Yes," skip Items 21b thru 21f and write your name and Social Security number below.)
☐ No (If "No," complete Item 21b and the table below (Items 21c -21f) and write your name and Social Security number below.)

**21b.** How many of the children do not live with you? ______

| 21c. What is the name of your child? (first, middle initial, last) | 21d. What is your child's complete address? | 21e. What is the name of the person your child lives with (If applicable)? (first, middle initial, last) | 21f. How much do you contribute each month to the support of your child? |
|---|---|---|---|
| | | | $ . |
| | | | $ . |
| | | | $ . |
| | | | $ . |

| **Your name** | **Your Social Security Number** |
|---|---|
| | |



 Exhibit 1

DEPARTMENT OF VETERANS AFFAI[RS]
Regional Office
P.O. Box 310909
Newington CT 06131-0909

**OFFICIAL FILE COPY**

May 03, 2010

DONOVAN FOSTER
[redacted]

In reply, refer to:
308/211/ajc
File Number: [redacted]
Donovan Foster

**IMPORTANT -- reply needed**

Dear Mr. Foster:

***In order to help get a decision on your claim as quickly as possible, the Hartford Regional Office is assisting the regional office in your home state in requesting evidence in support of your claim. Please send your correspondence to the return address identified at the top of this page. Once we have received all the necessary evidence, we will make a decision on your claim and return your file to the office in your home state.***

***We have enclosed a self-addressed envelope for your use in providing our office with evidence in support of claim. If you are unable to use this envelope for returned correspondence, please mark the outside of your correspondence with "308 / 21 NY" as this is vital to your claim.***

We are writing in connection with the claim that you filed on October 6, 2009 however we have been unsuccessful in obtaining your Service Treatment Records from your Army/Army National Guard service. We have conducted an extensive and thorough search of your records.

We have requested your service records from our Records Management Center, St. Louis, Missouri, but your Service Medical Records were not located. The National Personnel Records Center has conducted an extensive and thorough search for your records.

We have additionally contacted the Medical Command Unit for the National Guard in Phoenix, AZ, but your Service Medical Records were not located at their location either.

**Please send** any originals or copies of your medical records in your possession for **all** periods of service. We will return original documents to you.

### How Soon Should You Send It?

You should respond **within 10 days** from the date of this letter. The VA will decide Your claim, since we have completed all attempts to get relevant evidence.

Case: 24-140, 09/13/2026, DktEntry: 72.1, (864 of 1196)





File Number: [redacted]
Donovan Foster

### How Can You Help?

You may be able to furnish documents that can substitute for service medical records. Submit any original or certified copies of the following documents you have that relate to your disability during service: (If you only have photocopies, send them.

- Statements from military medical personnel (nurses, medics, corpsmen, doctors)
- "Buddy" certificates or affidavits -
  (A "buddy" certificate or affidavit is a statement by a person who knew you when you were in service and knows of any disability you had while on active duty. The statement should state the dates and places they saw the condition(s) and should describe what they saw. If the person making the statement was on active duty at the time, they should show their service number and unit of assignment.)
- State or local accident and police reports
- Employment physical examinations
- Medical evidence from hospitals, clinics and private physicians by which or by whom you may have been treated after separation
- Letters written during service
- Photographs taken during service
- Pharmacy prescription records
- Insurance examinations

### Where Should You Send What We Need?

Please send what we need to this address:

Department of Veterans Affairs
Regional Office
P.O. Box 310909
Newington CT 06131-0909

### How Can You Contact Us?

If you are looking for general information about benefits and eligibility, you should visit our web site at http://www.va.gov. Otherwise, you can contact us in several ways. Please give us your VA file number, [redacted], when you do contact us.

- Call us at 1-800-827-1000. If you use a Telecommunications Device for the Deaf (TDD), the number is 1-800-829-4833.
- Send us an inquiry using the Internet at https://iris.va.gov.
- Write to us at the address at the top of this letter.

File Number: [redacted]
Donovan Foster

We look forward to resolving your claim in a fair and timely manner.

Sincerely yours,

*ENA LIMA*

ENA LIMA
Veterans Service Center Manager

Enclosure: Self-addressed envelope

**DEPARTMENT OF VETERANS AFFAIRS**
**Hartford Regional Office**
**P.O. Box 310909**
**Newington CT 06131**

May 21, 2010

DONOVAN FOSTER
[redacted]

In Reply Refer To: 308/211
CSS [redacted]
FOSTER, Donovan

Dear Mr. Foster:

We made a decision on your original disability claim for service connected compensation received on October 6, 2009. Based on a review of the evidence listed, we have made the following decision on your claim.

No service medical records were available for review. Efforts to obtain service medical records from all potential sources were unsuccessful. If these records are located at a later date this decision will be reconsidered.

This letter tells you what we decided. It includes a copy of our rating decision that gives the evidence used and reasons for our decision. We have also included information about what to do if you disagree with our decision, and who to contact if you have questions or need assistance.

## What We Decided

We determined that the following conditions were not related to your military service, so service connection couldn't be granted:

| Medical Description |
| --- |
| Missing part of the pointer finger |
| Back condition |
| Depression associated with missing part of the pointer finger |

We have enclosed a copy of your Rating Decision for your review. It provides a detailed explanation of our decision, the evidence considered, and the reasons for our decision. Your Rating Decision and this letter constitute our decision based on your claim received on October 6, 2009. It represents all claims we understood to be specifically made, implied, or inferred in that claim.

## What You Should Do If You Disagree With Our Decision

If you do not agree with our decision, you should write and tell us why. You have *one year from the date of this letter to appeal the decision.* The enclosed *VA Form 4107, "Your Rights to Appeal Our Decision,"* explains your right to appeal.

## If You Have Questions or Need Assistance

If you have any questions, you may contact us by telephone, e-mail, or letter.

| If you | Here is what to do. |
|---|---|
| Telephone | Call us at 1-800-827-1000. If you use a Telecommunications Device for the Deaf (TDD), the number is 1-800-829-4833. |
| Use the Internet | Send electronic inquiries through the Internet at https://iris.va.gov. |
| Write | Put your full name and VA file number on the letter. Please send all correspondence to this address: DEPARTMENT OF VETERANS AFFAIRS NEW YORK REGIONAL OFFICE 245 W HOUSTON ST. NEW YORK, NY 10014 |

In all cases, be sure to refer to your VA file number [redacted].

If you are looking for general information about benefits and eligibility, you should visit our website at https://www.va.gov, or search the Frequently Asked Questions (FAQs) at https://iris.va.gov.

CSS [redacted]
Foster, Donovan

We have no record of you appointing a service organization or representative to assist you with your claim. You can contact us for a listing of the recognized veterans' service organizations and/or representatives. Veterans' service organizations, which are recognized or approved to provide services to the veteran community, can also help you with any questions.

Sincerely yours,

*Ena Lima*

ENA LIMA
Veterans Service Center Manager

Email us at: https://iris.va.gov

Enclosures: Rating Decision
VA Form 4107

211/134/find

Case: 24-140, 09/13/2026, DktEntry: 72.1, (869 of 1196)



VA Claims Intake Center – 02132019

OMB Control No. 2900-0747
Respondent Burden: 25 minutes
Expiration Date: 03/31/2021

Department of Veterans Affairs

# APPLICATION FOR DISABILITY COMPENSATION AND RELATED COMPENSATION BENEFITS

VA DATE STAMP
(DO NOT WRITE IN THIS SPACE)

IMPORTANT: Please read the Privacy Act and Respondent Burden on page 12 before completing the form.

1. SELECT THE TYPE OF CLAIM PROGRAM PROCESS (Check the appropriate box) (See instruction pages 1-3 for definitions of the Fully Developed Claim (FDC) Program (Optional Expedited Process) or the Standard Claim Process. See instruction page 5 for the definition of a Benefits Delivery at Discharge (BDD) Program Claim)

☐ FULLY DEVELOPED CLAIM (FDC) PROGRAM ☐ STANDARD CLAIM PROCESS

☐ IDES (Select this option only if you have been referred to the IDES Program by your Military Service Department)

☐ BDD Program Claim (Select this option only if you meet the criteria for the BDD Program specified on instruction Page 5)

NOTE: You can either complete the form online or by hand. If completed by hand, print the information requested in ink, neatly, and legibly to expedite processing of the form.

## SECTION I: IDENTIFICATION AND CLAIM INFORMATION

2. VETERAN/SERVICE MEMBER NAME (First, Middle Initial, Last)
Donovan Foster

3. VETERAN'S SOCIAL SECURITY NUMBER (SSN)
[redacted]

4. HAVE YOU EVER FILED A CLAIM WITH VA?
[X] YES ☐ NO (If "Yes," provide your file number in Item 5)

5. VA FILE NUMBER

6. DATE OF BIRTH (MM/DD/YYYY)
Month Day Year
[redacted]

7. VETERAN'S SERVICE NUMBER (If applicable)

8. GENDER
[X] MALE ☐ FEMALE

9. BDD CLAIMS ONLY: PROVIDE THE DATE OR ANTICIPATED DATE OF RELEASE FROM ACTIVE DUTY (MM/DD/YYYY)
Month Day Year

10. TELEPHONE NUMBER(S) (Include Area Code)
Daytime: (212) 920-1477
Evening:
Cell phone:

11. CURRENT MAILING ADDRESS (Number and street or rural route, P.O. Box, City, State, ZIP Code and Country)
No. & Street
Apt. Un[redacted]
State Pr

12. EMAIL ADDRESS (Optional)
[redacted]

☐ 13. IF YOU ARE CURRENTLY A VA EMPLOYEE, CHECK THE BOX (Include Work Study/Internship) (If you are not a VA employee skip to Section II, if applicable)

## SECTION II: CHANGE OF ADDRESS

NOTE: If you are temporarily or permanently changing your address, complete Items 14A through 14C.

14A. TYPE OF ADDRESS CHANGE (Complete if applicable) (Check only one box)
☐ TEMPORARY ☐ PERMANENT

14B. NEW ADDRESS (Number and street or rural route, P.O. Box, City, State, ZIP Code and Country)
No. & Street n/a
Apt. Unit Number City
State/Province Country ZIP Code/Postal Code

14C. EFFECTIVE DATE(S) OF NEW ADDRESS (If your change of address is temporary, complete both the beginning and ending date of your temporary address; if your change of address is permanent, please enter your effective date in the beginning date only.)

BEGINNING DATE: Month Day Year
ENDING DATE: Month Day Year

VA FORM MAR 2018 21-526EZ EXISTING STOCK OF VA FORM 21-526EZ, FEB. 2016, WILL BE USED. Page 8

VETERANS SOCIAL SECURITY NO. [redacted]

## SECTION III: HOMELESS INFORMATION

**IMPORTANT**: The following questions (Items 15A through 15F) should ***only*** be completed if you are currently homeless or at risk of becoming homeless. If this item does not apply to you, skip to Section IV.

| 15A. ARE YOU CURRENTLY HOMELESS? | 15B. CHECK THE BOX THAT APPLIES TO YOUR LIVING SITUATION: |
|---|---|
| ☐ YES *(If "Yes," complete Item 15B regarding your living situation)*<br>☒ NO | ☐ LIVING IN A HOMELESS SHELTER<br>☐ NOT CURRENTLY IN A SHELTERED ENVIRONMENT (e.g., living in a car or tent)<br>☐ STAYING WITH ANOTHER PERSON<br>☐ FLEEING CURRENT RESIDENCE<br>☐ OTHER (Specify): |
| **15C. ARE YOU CURRENTLY AT RISK OF BECOMING HOMELESS?** | **15D. CHECK THE BOX THAT APPLIES TO YOUR LIVING SITUATION:** |
| ☐ YES *(If "Yes," complete Item 15D regarding your living situation)*<br>☒ NO | ☐ HOUSING WILL BE LOST IN 30 DAYS<br>☐ LEAVING PUBLICLY FUNDED SYSTEM OF CARE (e.g., homeless shelter)<br>☐ OTHER (Specify): |
| **15E. POINT OF CONTACT** *(Name of person VA can contact in order to get in touch with you)*<br>n/a | **15F. POINT OF CONTACT TELEPHONE NUMBER** *(Include Area Code)*<br>n/a |

## SECTION IV: CLAIM INFORMATION

16. LIST THE CURRENT DISABILITY(IES) OR SYMPTOMS THAT YOU CLAIM ARE RELATED TO YOUR MILITARY SERVICE AND OR SERVICE-CONNECTED DISABILITY *(If applicable, identify whether a disability is due to a service-connected disability; confinement as a prisoner of war; exposure to Agent Orange, asbestos, mustard gas, ionizing radiation, or Gulf War environmental hazards; or a disability for which compensation is payable under 38 U.S.C. 1151)*

**NOTE**: List your claimed conditions below. **See the following three examples for guidance on how to complete Section IV.**

| EXAMPLES OF DISABILITY(IES) | EXAMPLES OF EXPOSURE TYPE | EXAMPLES OF HOW THE DISABILITY(IES) RELATE TO SERVICE | EXAMPLES OF DATES |
|---|---|---|---|
| Example 1. HEARING LOSS | NOISE | HEAVY EQUIPMENT OPERATOR IN SERVICE | JULY 1968 |
| Example 2. DIABETES | AGENT ORANGE | SERVICE IN VIETNAM WAR | DECEMBER 1972 |
| Example 3. LEFT KNEE, SECONDARY TO RIGHT KNEE | | INJURED LEFT KNEE WHEN BRACE ON RIGHT KNEE FAILED | 6 11 2008 |

| | CURRENT DISABILITY(IES) | IF DUE TO EXPOSURE, EVENT, OR INJURY, PLEASE SPECIFY (e.g., Agent Orange, radiation) | EXPLAIN HOW THE DISABILITY(IES) RELATES TO THE IN-SERVICE EVENT/EXPOSURE/INJURY | APPROXIMATE DATE DISABILITY(IES) BEGAN OR WORSENED |
|---|---|---|---|---|
| 1. | Anxiety/depression/mental health issues | event | Servicemember was discriminated against for being LGBT in 2007-2008 | 2008 |
| 2. | tinnitus | exposure | training as combat medic | 2008 |
| 3. | bilateral hearing loss | exposure | traning as combat medic | 2008 |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |
| 7. | | | | |
| 8. | | | | |
| 9. | | | | |
| 10. | | | | |
| 11. | | | | |
| 12. | | | | |
| 13. | | | | |
| 14. | | | | |
| 15. | | | | |

Case: 24-140, 09/13/2026, DktEntry: 72.1, (871 of 1196)



VA Claims Intake Center – 02132019

VETERANS SOCIAL SECURITY NO. [redacted]

17. LIST VA MEDICAL CENTER(S) (VAMC) AND DEPARTMENT OF DEFENSE (DOD) MILITARY TREATMENT FACILITIES (MTF) WHERE YOU RECEIVED TREATMENT AFTER DISCHARGE FOR YOUR CLAIMED DISABILITY(IES) LISTED IN ITEM 16 AND PROVIDE TREATMENT DATES.

| A. ENTER THE DISABILITY TREATED AND NAME LOCATION OF THE TREATMENT FACILITY | B. DATE(S) OF TREATMENT | |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

**NOTE:** IF YOU WISH TO CLAIM ANY OF THE FOLLOWING, COMPLETE AND ATTACH THE REQUIRED FORM(S) AS STATED BELOW (VA forms are available at www.va.gov/vaforms).

| *For:* | ***Required Form(s):*** |
|---|---|
| Dependents | VA Form 21-686c and, if claiming a child aged 18-23 years and in school, VA Form 21-674 |
| Individual Unemployability | VA Form 21-8940 and 21-4192 |
| Post-Traumatic Stress Disorder | VA Form 21-0781 and 21-0781a |
| Specially Adapted Housing or Special Home Adaptation | VA Form 26-4555 |
| Auto Allowance | VA Form 21-4502 |
| Veteran Spouse Aid and Attendance benefits | VA Form 21-2680 or, if based on nursing home attendance, VA Form 21-0779 |

## SECTION V: SERVICE INFORMATION

18A. DID YOU SERVE UNDER ANOTHER NAME?
☐ YES *(If "Yes," complete Item 18B)* ☒ NO *(If "No," skip to Item 19A)*

18B. LIST THE OTHER NAME(S) YOU SERVED UNDER:

19A. BRANCH OFSERVICE *(Check all that apply)*
☐ ARMY ☐ NAVY ☐ MARINE CORPS ☐ AIR FORCE ☐ COAST GUARD

19B. COMPONENT *(Check all that apply)*
☐ ACTIVE ☐ RESERVES ☐ NATIONAL GUARD

20A. MOST RECENT ACTIVE SERVICE ENTRY DATE (MM,DD,YYYY)
Month Day Year
10/10/2007

20B. PLACE OF LAST OR ANTICIPATED SEPARATION
Fort Sam Houston, TX

20C. DID YOU SERVE IN A COMBAT ZONE SINCE 9-11-2001?
☐ YES ☐ NO

20D. ADDITIONAL PERIODS OF SERVICE *(Indicate enlistment and discharge dates, if applicable)*

| Enlistment Date(s) | Discharge Date(s) |
|---|---|
| 10/10/2007 | 07/23/2007 |

21A. ARE YOU CURRENTLY SERVING OR HAVE YOU EVER SERVED IN THE RESERVES OR NATIONAL GUARD?
☒ YES *(If "Yes," complete Items 21B thru 21F)*
☐ NO *(If "No," skip to Item 22A)*

21B. COMPONENT
☐ NATIONAL GUARD
☐ RESERVES

21C. OBLIGATION TERM OF SERVICE
Month Day Year
From:
To:

21D. CURRENT OR LAST ASSIGNED NAME AND ADDRESS OF UNIT:
Det 4 AZ RHC Moreand, Phoenix, AZ 85008

21E. CURRENT OR ASSIGNED PHONE NUMBER OF UNIT *(Include Area Code)*
n/a

RECEIVING INACTIVE DUTY TRAINING PAY?
☐ YES ☒ NO

22A. ARE YOU CURRENTLY ACTIVATED ON FEDERAL ORDERS WITHIN THE NATIONAL GUARD OR RESERVES?
☐ YES *(If "Yes," complete Items 22B & 22C)*
☒ NO

22B. DATE OF ACTIVATION (MM,DD,YYYY)
Month Day Year

22C. ANTICIPATED SEPARATION DATE (MM,DD,YYYY)
Month Day Year

23A. HAVE YOU EVER BEEN A PRISONER OF WAR?
☐ YES *(If "Yes," complete Item 23B)*
☒ NO

23B. DATES OF CONFINEMENT (MM,DD,YYYY)

| From: | | | To: | | |
|---|---|---|---|---|---|
| Month | Day | Year | Month | Day | Year |
| Month | Day | Year | Month | Day | Year |

VA Claims Intake Center – 02132019

VETERANS SOCIAL SECURITY NO. [redacted]

## SECTION VI: SERVICE PAY (Retired Pay, Separation Pay, and Disability Severance Pay)

24A. ARE YOU RECEIVING MILITARY RETIRED PAY?

☐ YES *(If "Yes," complete Items 24C and 24D)*

☒ NO

24B. WILL YOU RECEIVE MILITARY RETIRED PAY IN THE FUTURE?

☐ YES *(If "Yes," explain below (e.g. future Reserve/National Guard retirement, pending MEB/PEB and also complete Items 24C and 24D)*

☐ NO

| 24C. BRANCH OF SERVICE | 24D. MONTHLY AMOUNT | 25. RETIRED STATUS |
|---|---|---|
| n/a | $ n/a | ☐ RETIRED ☐ PERMANENT DISABILITY RETIRED LIST ☐ TEMPORARY DISABILITY RETIRED LIST |

**IMPORTANT INFORMATION ON MILITARY RETIRED PAY (Includes all Uniformed Services Retired Pay):**
Submission of this application constitutes a waiver of military retired pay in an amount equal to VA compensation awarded, if you are entitled to both benefits. Your retired pay may be reduced by the amount of VA compensation awarded. Receipt of the full amount of military retired pay and VA compensation at the same time ***may*** result in an overpayment, which ***may*** be subject to collection. If you qualify for concurrent receipt of VA compensation and military retired pay, the waiver of retired pay will not apply. If you do not want to waive any retired pay to receive VA compensation, you should check the box in **Item 26**. **Note that if you check the box in Item 26, you will not receive VA compensation, if granted. If you are currently in receipt of VA compensation and you check the box in Item 26, your VA compensation will be terminated, if you are also eligible for military retired pay.**

**IMPORTANT: VA COMPENSATION PAY IS NON-TAXABLE. THEREFORE, VA COMPENSATION PAY MAY BE THE GREATER BENEFIT.**

☐ **26. Do NOT pay me VA compensation. I do NOT want to receive VA compensation in lieu of retired pay.**

**IMPORTANT INFORMATION ON SEPARATION/SEVERANCE PAY:**
VA compensation, if granted, may be withheld to recoup any disability severance or separation pay such as involuntary separation pay, voluntary separation pay, or special separation benefit, you receive from your branch of service. In addition, if you receive a Voluntary Separation Incentive (VSI), your VSI payments may be reduced if you are awarded VA compensation. Receipt of VA compensation and VSI at the same time may result in an overpayment of VSI, which ***may*** be subject to collection.

27A. HAVE YOU EVER RECEIVED SEPARATION PAY, DISABILITY SEVERANCE PAY, OR ANY OTHER LUMP SUM PAYMENT FROM YOUR BRANCH OF SERVICE?

☐ YES *(If "Yes," complete Items 27B through 27D)*

☒ NO

| 27B. DATE PAYMENT RECEIVED *(MM.DD.YYYY)* Month Day Year | 27C. BRANCH OF SERVICE | 27D. AMOUNT RECEIVED *(Provide pre-tax amount)* |
|---|---|---|
| n/a | n/a | $ n/a |

**IMPORTANT INFORMATION ON INACTIVE DUTY TRAINING PAY:**
You may elect to keep the active or inactive duty training pay you received from the military service department. However, to be legally entitled to keep your training pay, you must waive VA benefits for the number of days equal to the number of days for which you received training pay. In most instances, it will be to your advantage to waive your VA benefits and keep your training pay.

If you waive VA benefits to receive training pay by checking the box in **Item 28**, VA will retroactively adjust your VA award to withhold benefits equal to the total number of training days waived and at the monthly rate in effect for the fiscal year period for which you received training pay. This action may result in an overpayment of compensation, which ***may*** be subject to collection.

**IMPORTANT: VA COMPENSATION PAY IS NON-TAXABLE. THEREFORE VA COMPENSATION PAY MAY BE THE GREATER BENEFIT.**

☐ **28. Do NOT pay me VA compensation. I do NOT want to receive VA compensation in lieu of training pay.**

## SECTION VII: DIRECT DEPOSIT INFORMATION

The Department of Treasury requires all Federal benefit payments be made by electronic funds transfer (EFT), also called direct deposit. Please attach a voided personal check or deposit slip or provide the information requested below in **Items 30, 31 and 32** to enroll in direct deposit. If you do not have a bank account, you must receive your payment through Direct Express Debit MasterCard. To request a Direct Express Debit MasterCard you must apply at www.usdirectexpress.com or by telephone at 1-800-333-1795. If you elect not to enroll, you must contact representatives handling waiver requests for the Department of Treasury at 1-888-224-2950. They will encourage your participation in EFT and address any questions or concerns you may have.

☐ 29. I CERTIFY THAT I DO NOT HAVE AN ACCOUNT WITH A FINANCIAL INSTITUTION OR CERTIFIED PAYMENT AGENT *(If you check this box skip to Section VIII)*

30. ACCOUNT NUMBER *(Check only **one** box below and provide the account number)*

Account No.: ☐ CHECKING ☐ SAVINGS

| 31. NAME OF FINANCIAL INSTITUTION *(Provide the name of the bank where you want your direct deposit)* | 32. ROUTING OR TRANSIT NUMBER *(The first nine numbers located at the bottom left of your check)* |
|---|---|
| n/a | |

VA Claims Intake Center – 02132019

VETERAN'S SOCIAL SECURITY NO. [redacted]

## SECTION VIII: CLAIM CERTIFICATION AND SIGNATURE

### VETERAN/SERVICEMEMBER CERTIFICATION AND SIGNATURE

I certify and authorize the release of information. I certify that the statements in this document are true and complete to the best of my knowledge. I authorize any person or entity, including but not limited to any organization, service provider, employer, or government agency, to give the Department of Veterans Affairs any information about me, and I waive any privilege which makes the information confidential.

I certify I have received the notice attached to this application titled, *Notice to Veteran/Service Member of Evidence Necessary to Substantiate a Claim for Veterans Disability Compensation and Related Compensation Benefits.*

I certify I have enclosed all the information or evidence that will support my claim, to include an identification of relevant records available at a Federal facility such as a VA medical center; **OR,** I have no information or evidence to give VA to support my claim; **OR,** I have checked the box in Item 1, on page 8, indicating I want my claim processed under the standard claim process because I plan to submit additional evidence in support of my claim.

| 33A. VETERAN SERVICE MEMBER SIGNATURE (REQUIRED) (Sign in ink) | 33B. DATE SIGNED |
|---|---|
| | 02/13/2019 |

## SECTION IX: WITNESSES TO SIGNATURE

| 34A. SIGNATURE OF WITNESS (Sign in ink. If veteran signed above using an "X") | 34B. PRINTED NAME AND ADDRESS OF WITNESS |
|---|---|
| 35A. SIGNATURE OF WITNESS (Sign in ink. If veteran signed above using an "X") | 35B. PRINTED NAME AND ADDRESS OF WITNESS |

## SECTION X: ALTERNATE SIGNER CERTIFICATION AND SIGNATURE

I certify that by signing on behalf of the claimant, that I am a court-appointed representative; **OR**, an attorney in fact or agent authorized to act on behalf of a claimant under a durable power of attorney; **OR**, a person who is responsible for the care of the claimant, to include but not limited to a spouse or other relative; **OR**, a manager or principal officer acting on behalf of an institution which is responsible for the care of an individual; **AND**, that the claimant is under the age of 18; **OR**, is mentally incompetent to provide substantially accurate information needed to complete the form, or to certify that the statements made on the form are true and complete; **OR**, is physically unable to sign this form.

I understand that I may be asked to confirm the truthfulness of the answers to the best of my knowledge under penalty of perjury. I also understand that VA may request further documentation or evidence to verify or confirm my authorization to sign or complete an application on behalf of the claimant if necessary. Examples of evidence which VA may request include: Social Security Number (SSN) or Taxpayer Identification Number (TIN); a certificate or order from a court with competent jurisdiction showing your authority to act for the claimant with a judge's signature and a date/time stamp; copy of documentation showing appointment of fiduciary; durable power of attorney showing the name and signature of the claimant and your authority as attorney in fact or agent; health care power of attorney, affidavit or notarized statement from an institution or person responsible for the care of the claimant indicating the capacity or responsibility of care provided; or any other documentation showing such authorization.

| 36A. ALTERNATE SIGNER SIGNATURE (REQUIRED) (Sign in ink) | 36B. DATE SIGNED |
|---|---|
| | |

## SECTION XI: POWER OF ATTORNEY (POA) SIGNATURE

I certify that the claimant has authorized the undersigned representative to file this supplemental claim on behalf of the claimant and that the claimant is aware and accepts the information provided in this document. I certify that the claimant has authorized the undersigned representative to state that the claimant certifies the truth and completion of the information contained in this document to the best of claimant's knowledge.
**NOTE:** A POA's signature **will not** be accepted unless at the time of submission of this claim a valid VA Form 21-22, *Appointment of Veterans Service Organization as Claimant's Representative*, or VA Form 21-22a, *Appointment of Individual As Claimant's Representative*, indicating the appropriate POA is of record with VA.

| 37A. POA/AUTHORIZED REPRESENTATIVE SIGNATURE (Sign in ink) | 37B. DATE SIGNED (MM/DD/YYYY) |
|---|---|
| | |

**PRIVACY ACT NOTICE:** The form will be used to determine allowance to compensation benefits (38 U.S.C. 5101). The responses you submit are considered confidential (38 U.S.C. 5701). VA may disclose the information that you provide, including Social Security numbers, outside VA if the disclosure is authorized under the Privacy Act, including the routine uses identified in the VA system of records, 58VA21/22/28, Compensation, Pension, Education, and Vocational Rehabilitation and Employment Records - VA, published in the Federal Register. The requested information is considered relevant and necessary to determine maximum benefits under the law. Information submitted is subject to verification through computer matching programs with other agencies. VA may make a "routine use" disclosure for: civil or criminal law enforcement, congressional communications, epidemiological or research studies, the collection of money owed to the United States, litigation in which the United States is a party or has an interest, the administration of VA programs and delivery of VA benefits, verification of identity and status, and personnel administration. Your obligation to respond is required in order to obtain or retain benefits. Information that you furnish may be utilized in computer matching programs with other Federal or State agencies for the purpose of determining your eligibility to receive VA benefits, as well as to collect any amount owed to the United States by virtue of your participation in any benefit program administered by the Department of Veterans Affairs. Social Security information: You are required to provide the Social Security number requested under 38 U.S.C. 5101(c)(1). VA may disclose Social Security numbers as authorized under the Privacy Act, and, specifically may disclose them for purposes stated above.

**RESPONDENT BURDEN:** We need this information to determine your eligibility for compensation. Title 38, United States Code, allows us to ask for this information. We estimate that you will need an average of 25 minutes to review the instructions, find the information, and complete this form. VA cannot conduct or sponsor a collection of information unless a valid OMB control number is displayed. You are not required to respond to a collection of information if this number is not displayed. Valid OMB control numbers can be located on the OMB Internet Page at www.reginfo.gov/public/do/PRAMain. If desired, you can call 1-800-827-1000 to get information on where to send comments or suggestions about this form.

**PENALTY:** The law provides severe penalties which include fine or imprisonment, or both, for the willful submission of any statement or evidence of a material fact, knowing it to be false, or for the fraudulent acceptance of any payment to which you are not entitled.

**DEPARTMENT OF VETERANS AFFAIRS**
**Veterans Benefits Administration**
**Regional Office**

**DONOVAN FOSTER**

**VA File Number**
[redacted]

**Rating Decision**
**04/27/2019**

## INTRODUCTION

The records reflect that you are a Veteran of the Gulf War Era. You served in the Army from October 10, 2007, to July 23, 2008. You filed a new claim for benefits that was received on February 13, 2019. Based on a review of the evidence listed below, we have made the following decision(s) on your claim.

## DECISION

1. Service connection for bipolar II disorder with anxious distress is granted with an evaluation of 50 percent effective February 13, 2019.

2. Service connection for tinnitus is granted with an evaluation of 10 percent effective February 13, 2019.

3. Service connection for bilateral hearing loss is denied.

## EVIDENCE

- DD Form 214, Certificate of Release and/or Discharge from Active Duty Service



Exhibit 5

- Partial Service Treatment Records, covering periods of service from October 10, 2007, to July 23, 2008, received April 5, 2019
- VA Form 21-526EZ, Application for Disability Compensation and Related Compensation Benefits, received February 12, 2019
- Letters to Veteran, dated May 3, 2010, February 27, 2019
- Medical Evidence, Los Angeles LGBT Center, dated February 14, 2019, received March 3, 2019
- VA Examinations with Medical Opinions, QTC Contract Examiners, dated April 17, 2019

## REASONS FOR DECISION

**1. Service connection for bipolar II disorder with anxious distress (claimed as anxiety, depression, and mental health issues).**

Service connection for bipolar II disorder with anxious distress (claimed as anxiety, depression, and mental health issues) has been established as directly related to military service. (38 CFR 3.303, 38 CFR 3.304)

An evaluation of 50 percent is assigned from February 13, 2019.

We have assigned a 50 percent evaluation for your depression based on:
• Difficulty in adapting to stressful circumstances
• Difficulty in adapting to work
• Depressed mood
• Disturbances of motivation and mood
• Difficulty in adapting to a worklike setting
• Anxiety
• Occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and conversation normal)
• Difficulty in establishing and maintaining effective work and social relationships
• Chronic sleep impairment

The overall evidentiary record shows that the severity of your disability most closely approximates the criteria for a 50 percent disability evaluation. (38 CFR 4.7, 38 CFR 4.126)

A higher evaluation of 70 percent is not warranted for bipolar disorder unless the evidence shows occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as:
• suicidal ideation
• obsessional rituals which interfere with routine activities
• speech intermittently illogical, obscure, or irrelevant
• near-continuous panic or depression affecting the ability to function independently, appropriately and effectively
• impaired impulse control (such as unprovoked irritability with periods of violence)

• spatial disorientation
• neglect of personal appearance and hygiene
• difficulty in adapting to stressful circumstances (including work or a worklike setting)
• inability to establish and maintain effective relationships. (38 CFR 4.124a)

**2. Service connection for tinnitus.**

Service connection for tinnitus has been established as directly related to military service. (38 CFR 3.303, 38 CFR 3.304)

The effective date of this grant is February 13, 2019. Service connection has been established from the day VA received your claim. When a claim of service connection is received more than one year after discharge from active duty, the effective date is the date VA received the claim. (38 CFR 3.400)

An evaluation of 10 percent is assigned from February 13, 2019.

We have assigned a 10 percent evaluation for your tinnitus based on:
• Recurrent tinnitus

A single evaluation for recurrent tinnitus is assigned whether the sound is perceived in one ear, both ears, or in the head.

This is the highest schedular evaluation allowed under the law for tinnitus.

**3. Service connection for bilateral hearing loss.**

Service connection for bilateral hearing loss is denied because there is no evidence that you currently have hearing loss for VA purposes. (38 CFR 3.303, 38 CFR 3.304, 38 CFR 3.385)

Service connection may not be established for disability due to impaired hearing unless the auditory threshold in any of the frequencies 500, 1000, 2000, 3000 or 4000 Hertz is 40 decibels or greater; or the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000 or 4000 Hertz are 26 decibels or greater; or speech recognition scores using the Maryland CNC Test are less than 94 percent. (38 CFR 3.385)

There are no audiometric findings in your service treatment records that meet the above requirements.

Although hearing loss is not shown in-service, acoustic trauma or military noise exposure may constitute injury of the ear. However, in this case, acoustic trauma is not shown by the evidence of record.

VA examination findings show the left ear with 100 percent discrimination. Decibel (dB) loss at

the puretone threshold of 500 Hertz (Hz) is 10, at 1000 Hz is 10, at 2000 Hz is 5, at 3000 Hz is 5, and at 4000 Hz is 15. The average decibel loss is 9 in the left ear. The right ear shows a speech discrimination of 100 percent. Your right ear Decibel (dB) loss at the puretone threshold of 500 Hertz (Hz) is 10, at 1000 Hz is 10, at 2000 Hz is 10, at 3000 Hz is 5, and at 4000 Hz is 15. The average decibel loss is 10 in the right ear.

In this case, the evidence of record does not show current audiometric findings which meet the criteria for a grant of service connection for hearing loss. As you do not currently meet the criteria for hearing loss for VA purposes, service connection may not be granted. In addition, there is no evidence that disabling sensorineural hearing loss manifested itself to a compensable degree within a year of service. (38 CFR 3.303, 38 CFR 3.304, 38 CFR 3.307, 38 CFR 3.309, 38 CFR 3.385)

Favorable findings in this decision:
None

**REFERENCES:**

Title 38 of the Code of Federal Regulations, Pensions, Bonuses and Veterans' Relief contains the regulations of the Department of Veterans Affairs which govern entitlement to all veteran benefits. For additional information regarding applicable laws and regulations, please consult your local library, or visit us at our website, www.va.gov.

VERONICA M. AGUILAR, ESQ. (SBN 153288)
**LAW OFFICES OF VERONICA M. AGUILAR**
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
Telephone: (858) 674.6945
veronica@vaguilarlaw.com

Attorney for Plaintiff,
**DONOVAN J. FOSTER**

**THE UNITED STATES DISTRICT COURT IN AND FOR**
**THE CENTRAL DISTRICT OF THE STATE OF CALIFORNIA**

| | |
|---|---|
| DONOVAN J. FOSTER, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>The United States of America, the Department of Veteran Affairs, an agency of the United States of America, and Secretary Denis McDonough, an individual.<br><br>Defendant(s). | Case No.:<br><br>**COMPLAINT FOR NEGLIGENCE** |

## I. INTRODUCTION

1. This is an action for The United States of America, including Dennis McDonough and the Department of Veterans Affairs, an Agency of the United States of America (Hereby knows as "DEFENDANTS") under the Federal Tort Claims Act, (28. U.S.C. §2671, et seq) and 28 U.S.C.§1346(b)(1), for Negligence.

2. The claims herein are brought forth against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq..) and 28 U.S.C. §1346(b)(1) for money damages as compensation for personal injuries caused by Defendants' negligence.

3. Defendants waived sovereign immunity under the Federal Torts Claims Act because Plaintiff fully complied with the requirements of 28 U.S.C 2675, *Standard Form 95 attached as* **EXHIBIT "1,"** and fully incorporated herein as though fully set forth throughout.

4. This suit was timely filed, in that Plaintiff timely served notice of his claim less than two years after the incident forming the basis of the instant lawsuit and within the Six (6) months required pursuant to Section 2401(b), Title 28 United States Code, as was stated in Plaintiff's September 21, 2021, denial of "Request for Reconsideration correspondence," attached hereto as **EXHIBIT "2,"** and fully incorporated herein as though fully set forth throughout.

///

///

///

///

///

///

///

## II. PARTIES

5. Plaintiff, Donovan J. Foster at all times relevant hereto, was a resident of Los Angeles County, State of California. Plaintiff is also a "veteran"[1] of the "Armed Forces"[2] who served in the U.S. Army for One year and two months of honorable service.

6. Defendant Dennis McDonough is presently, or was at the time of filing this complaint, the Secretary of Veterans Affairs, or the United States of America.

7. Defendant Department of Veterans Affairs is a Federal Agency of the United States of America.

8. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and acting on behalf of Defendants. Furthermore, these Defendants, and each of them, are responsible for the negligent acts of their employees and agents under Respondent Superior.

## III. JURISDICTION

9. Jurisdiction is proper under 28 U.S.C. §1346(b)(1) because Defendant is the United States of America or one of its applicable agencies. Further, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and this action arises under The Federal Tort Claims Act, 28 U.S.C. §1346(b), 2671-2680.

---

[1] *See* 38 U.S.C. 101(2), Veteran means "a person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable.

[2] Armed Forces means the United States Army, Navy, Marine Corps Air Force, and Coast Guard, including the reserve components thereof

10. The claims herein are brought against the United State of America pursuant to the Federal Torts Claims Act for money damages as compensation for personal injuries that were caused by the negligent and wrongful acts of employees of the United States Government while acting within the scope and course of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of California.

11. Plaintiff has therefore exhausted all administrative remedies.

12. This Court has jurisdiction, based on the Federal Tort Claims Act, a federal statute that permits private parties to sue the United States in a Federal court for torts committed by persons acting on behalf of the United States once all administrative remedies have been exhausted.

## IV. VENUE

13. Venue is also proper under 28 U.S.C. §1391(e) and 28 U.S.C. §1402(b). Plaintiff resides and continues to reside in Los Angeles County, a county within the Central District of California and thus is a resident of the Central District of California.

///

///

///

///

///

## V. FACTUAL ALLEGATIONS

14. As stated herein, Plaintiff is a U.S. Army Veteran who served honorably for One year and two months. Plaintiff is a "Beneficiary[3], Claimant[4], and Eligible Person[5]," and as such is entitled to receive all "examinations, treatment, or care," as prescribed under U.S.C. § 111. Plaintiff is also eligible for "examinations, treatment, or care," as prescribed under the "Medical Benefits Package" 38 C.F.R. § 17.38, which includes but, is not limited to "Basic and Preventive Care" and "Reimbursement Travel," pursuant to the provisions of both 38 U.S.C. § 111 et seq. and 38 C.F.SR. § 70 et seq., and VA Regulatory policies and procedures. All benefits and entitlements are to be obtained from the Department of Veterans' Affairs.

15. In October 2009, Plaintiff submitted to the Department of Veterans Affairs, a Veteran's Application for compensation and/or pension, VA Form 21, -526. Per the Department of Veterans Affairs decision dated May 14, 2010, Plaintiff' was denied because his service department records and/or treatment records were completely unavailable and nowhere to be found.

///

///

[3] *See* 38 C.F.R. § 70.2 Beneficiary means "a person determined eligible for VHA Benefits."
[4] *See* 38 C.F.R. § 70.2, Claimant means "a veteran who received services (or his/her guardian) or the hospital, clinic, or community resource that provided the services, or the person other than the veteran who paid for the services."
[5] *See* 38 C.F.R. § 70.10.

16. In or about November 26, 2019, Plaintiff was informed by the Department of Veterans Affairs in writing that his service department records had been lost and/or mislabeled. This flagrant negligent act by the Defendants caused infinite and endless harm and personal injury to Plaintiff.

17. The denial of the claim decision by Defendants, dated May 14, 2010, precluded Plaintiff from receiving necessary and needed mental health treatment from the Department of Veterans Affairs facilities. In addition, the unavailability of Plaintiff's service department records and/or service treatment records precluded Plaintiff from receiving timely and effective treatment for Plaintiff's later diagnosed Bipolar II Disorder with anxious stress and Post Traumatic Stress ("PTSD).

18. The Department of Veterans Affairs and Plaintiff's private physician, Dr. Amir Ahuja concluded Plaintiff's Bipolar II Disorder with Anxious Distress negatively progressed extensively throughout the approximate ten years between 2009 to 20219, while Plaintiff's service records were unavailable. During that time, Plaintiff was unable to receive medical, psychiatric, and psychological treatment. As a result, Plaintiff's Bipolar II Disorder with Anxious Distress was left untreated and as such, led to permanent and total disability, per the Department of Veterans Affairs.

///

///

///

19. The opinion of the Department of Veterans Affairs physicians and psychiatrists and Plaintiff's personal physician, Dr. Amir Ahuja did, in fact, conclude if the Defendants had not lost, destroyed, or misplaced Plaintiff's service records, he would have received the proper treatment and his condition of Bipolar II Disorder with Anxious Distress would not have exacerbated his disability to a point of one hundred percent (100%) disability. As a result of Defendants' acts and/or omissions and failures to maintain Plaintiff's service records, Plaintiff's 100% disability rating now prevents him from gainful employment.

20. The Department of Veterans Affairs also confirmed the loss of Plaintiff's left index finger was due to dermatophagia that Plaintiff experienced during a manic episode while on active-duty service. Plaintiff was also diagnosed with PTSD and Plaintiff's personal Physician, Dr Amir Ahuja determined Plaintiff's PTSD was service related and connected.

21. As a proximate consequence of Defendants wrongful and negligent conduct, Plaintiff suffered ten (10) year of being undiagnosed as Bipolar II Disorder with Anxious Distress and PTSD. I addition, Plaintiff's loss of his index finger has caused insurmountable pain and suffering.

///

///

///

///

## VI. CAUSES OF ACTION

## COUNT I – NEGLIENCE

22. Plaintiff realleges and reincorporates each and every allegation above, as though fully set forth herein.

23. Defendants: (1) performed acts that a person of ordinary prudence in the same or similar circumstances would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done under the same or similar circumstances.

24. The Department of Veterans Affairs admitting in writing via a letter dated November 26, 2019, from the Department of Veterans Affairs that the Department of Veterans Affairs was negligent (negligence being defined as: the existence of a legal duty that Defendant owed to Plaintiff; the Defendants breach of that duty caused Plaintiff to suffer an injury by losing Plaintiff's service department records to include service treatment medical records.

25. The Department of Veterans Affairs employees had a duty to take care not to damage, destroy or lose Plaintiff's service department records and to take steps necessary to ensure the service department records were available for review, production and/or reproduction.

///

///

///

26. By failing to have the service department records available for review, production and/or reproduction, the Department of Veterans Affairs employees failed to exercise the required degree of care and breached the duty of care owed to Plaintiff.

27. As a direct and proximate cause of Defendants' negligence, Plaintiff was unable to receive the proper and promised treatment to him, as an eligible veteran. Namely, Six months before Plaintiff's records were located by Joint Legacy Reviewers in 2019, Plaintiff's private Physician, Dr. Amir Ahuja, diagnosed Plaintiff with untreated Bipolar II Disorder and Dr. Ajuha also concluded Plaintiff suffered from undiagnosed Bipolar II Disorder with Anxious Distress and PTSD.

28. Plaintiff was notified on or about November 25, 2019, that Plaintiff's service treatment records had been characterized as "lost" or "mislabeled."

Page Three of the November 25, 2019, under "Reason for Decision" the letter stated as follows:

> "Rating decision dated May 14, 2010, denied issue of depression based on unavailability of Service treatment records. Service treatment records for period of October 10, 2007, to July 23, 2008, were retrieved from Joint Legacy Reviewers in 2019. Rating decision dated April 27, 2019, granted service connection for bipolar disorder based on the date we received a request to reopen your claim. The correct date of Service Connection should have been October 6, 2009, the date the previously disallowed claim was received because the grant is based on lost or mislabeled Service department records and, the previous disallowed claim was received more than a year following separation from service."

[ *See* VA Letter, page 3 of 8, "Reasons for Decision" dated November 25, 2019, attached hereto as **EXHIBIT "3,"**]

29. As a further direct and proximate result of Defendants' negligence, Plaintiff's Bipolar II Disorder with Anxious Distress and PTSD conditions exacerbated so badly that Plaintiff is now rated 100% disabled. Thus, Plaintiff suffered a loss of enjoyment of his life. Furthermore, Plaintiff lost wages, both past and future, due to his untreated condition rendering him incapable of employment.

## VII. PRAYER FOR RELIEF

30. **WHEREFORE**, Plaintiff, DONOVAN FOSTER does hereby pray Judgment be entered in his favor and against Defendants as follows:

1. Medical expenses, lost wages, pain and suffering, future impairment, and loss of enjoyment of life, in an amount to be proven at the time of trial but, beyond this Court's jurisdictional level; and
2. Costs and fees incurred, together with such further relief at law or in equity this Court may deem just and proper.

Respectfully submitted,

DATED: November 21, 2022, **LAW OFFICES OF VERONICA M. AGUILAR**

*Veronica M. Aguilar*

Veronica M. Aguilar, Attorney for Plaintiff,
**DONOVAN J. FOSTER**

# EXHIBIT

# "1"

| **CLAIM FOR DAMAGE, INJURY, OR DEATH** | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

1\. Submit to Appropriate Federal Agency:

NATIONAL ARCHIVES AND RECORDS ADMINISTRATION
AND
DEPARTMENT OF VETERANS AFFAIRS

2\. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.

DONOVAN J. FOSTER JR.
578 WASHINGTON BLVD NUM 312
MARINA DEL REY, CA 90292

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | [redacted] | SINGLE | 11/26/2019 | 11:00PM |

8\. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY OR BY SOMEONE IN THE EMPLOY THEREOF, IN A FACILITY OF AND OR IN THE CONTROL OF YOUR GOVERNMENTAL ENTITY HAS CAUSED INFINITE ENDLESS HARM AND OR PERSONAL INJURY TO MYSELF THE CLAIMANT. PLEASE SEE ATTACHED DEMAND LETTER FOR FURTHER DETAIL.

9\. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

NONE

10\. **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED. THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY HAS CAUSED PERMANENT DEBILITATING INJURY AND POST TRAMATIC STRESS DISORDER.

11\. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| TO BE DETERMINED IN PRE-TRIAL DISCOVERY IF APPLICABLE | TO BE DETERMINED IN PRE-TRIAL DISOVERY IF APPLICABLE |

12\. (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights) |
|---|---|---|---|
| NONE | $92,288,776,984.00 | | $92,288,776,984.00 |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.**

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| | 2129201477 | 10/13/2020 |

| **CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM** | **CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS** |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

**STANDARD FORM 95** (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance? ☐ Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

NONE

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No

NONE

17. If deductible, state amount.

NONE

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

NONE

19. Do you carry public liability and property damage insurance? ☐ Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

NONE

**INSTRUCTIONS**

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.
B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

**PAPERWORK REDUCTION ACT NOTICE**

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) **BACK**

# EXHIBIT

# "2"

VA | U.S. Department of Veterans Affairs
Office of General Counsel

Office of Chief Counsel (02)
Southeast District – South
7305 N. Military Trail, Rm. 4B-352
West Palm Beach, FL 33410

In Reply Refer To: 484556

Via Certified Mail 7013 0600 0001 9398 7253

September 21, 2021

Donovan Foster
578 Washington Blvd., Number 312
Marina Del Rey, CA 90292

Subject: Administrative Tort Claim - Request for Reconsideration

Dear Mr. Foster:

This office has now completed reconsideration of the above-referenced matter under the Federal Tort Claims Act (FTCA), and it is again denied as falling beyond the jurisdiction of the FTCA.

Further action on this matter may be instituted in accordance with the FTCA, sections 1346(b) and 2671-2680, title 28, United States Code, which provides, in effect, that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated, however, within 6 months after the date of mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). If such a suit is filed, the proper party defendant would be the United States, not VA.

Please note that FTCA claims are governed by a combination of Federal and state laws. Some state laws may limit or bar a claim or lawsuit. VA attorneys handling FTCA claims work for the Federal government and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely,

*Kristen Nelson*

Kristen Nelson
Deputy Chief Counsel

# EXHIBIT

# "3"

**DEPARTMENT OF VETERANS AFFAIRS**
**Veterans Benefits Administration**
**Regional Office**

**DONOVAN FOSTER**

**VA File Number**
[redacted]

**Represented By:**
**CALIFORNIA DEPARTMENT OF VETERANS AFFAIRS**
**Rating Decision**
**11/25/2019**

## INTRODUCTION

The records reflect that you are a Veteran of the Gulf War Era. You served in the Army from October 10, 2007 to July 23, 2008. You filed a claim for increased evaluation that was received on August 29, 2019. Based on a review of the evidence listed below, we have made the following decision(s) on your claim.

## DECISION

1. Entitlement to an earlier effective date for service connection of adjustment disorder with depressed mood is granted because a clear and unmistakable error was made; therefore, a 30 percent evaluation is assigned effective October 6, 2009.

An evaluation of 50 percent is assigned from February 13, 2019.

An evaluation of 70 percent is assigned from July 26, 2019.

2. Service connection for missing part of the left pointer finger is granted with an evaluation of 0 percent effective October 6, 2009.

3. Service connection for posttraumatic stress disorder is denied.

4. The previous denial of service connection for back condition is confirmed and continued.

5. Service connection for right hip condition as secondary to back condition is denied.

6. Entitlement to Individual Unemployability is deferred.

## EVIDENCE

- VA 21-0966 Intent to File, received on July 26, 2019
- VA 21-526EZ, Fully Developed Claim (Compensation), received on August 29, 2019
- VA 21-4138 Statement In Support of Claim for rerference CFR 3.156(c), received on September 27, 2019
- Statement from MD, and affidavit provided by Veteran, received on October 16, 2019
- VA 21-0781, Statement in Support of Claim for PTSD, received on October 17, 2019
- Statement from Veteran and list of prescription medication, received on October 19, 2019
- Subsequent Development Letter, received on October 21, 2019
- VA Form 21-526EZ, received on October 22, 2019
- DBQ PSYCH Mental disorders, received on October 28, 2019
- VA letter concerning your claim, request for PTSD stressor, dated September 30, 2019
- Your written statement, received October 10, 2019
- Lay Evidence, Matt Sexter MD, LOA LGBT Center, dated May 1, 2019
- Lay Evidence, Keegan Wood, PMHNP, LA LGBT Center, includes medication list, dated June 19, 2019
- Section (§) 5103 Notice Response, received October 16, 2019
- VA Form 21-526EZ Veteran's Fully Developed Claim, incomplete, missing pages, received October 11, 2019
- VA Form 21-0781, Statement In Support Of Claim For Service Connection for Post-Traumatic Stress Disorder (PTSD), received October 17, 2019
- Your written statement, received October 19, 2019
- VA letter concerning your claim, dated October 23, 2019
- VA letter concerning your claim, dated November 1, 2019
- Rating Decision, dated May 14, 2010
- VA Form 21-526EZ Veteran's Fully Developed Claim, received February 13, 2019
- Service Treatment and Personnel Records, from October 10, 2007 through July 23, 2008
- VA Form 21-526, Veteran's Application for Compensation and/or Pension, received October 6, 2009
- Rating Decision, dated May 14, 2010
- DD Form 214, Certificate of Release or Discharge from Active Duty, from October 10, 2007 through July 23, 2008
- VAMC (Veterans Affairs Medical Center) treatment records, Los Angeles, from June 3, 2019 through November 4, 2019

## REASONS FOR DECISION

**1. Whether the effective date of compensation for adjustment disorder with depressed mood was a clear and unmistakable error.**

Clear and unmistakable errors are errors that are undebatable, so that it can be said that reasonable minds could only conclude that the previous decision was fatally flawed at the time it was made. A determination that there was clear and unmistakable error must be based on the record and the law that existed at the time of the prior decision. Once a determination is made that there was a clear and unmistakable error in a prior decision that would change the outcome, then that decision must be revised to conform to what the decision should have been. (38 CFR 3.105)

Per VA regulation, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim. Rating decision dated May 14, 2010, denied issue of depression based on unavailability of service treatment records. Service treatment records for period of October 10, 2007 to July 23, 2008 were retrieved from Joint Legacy Reviewer in 2019. Rating decision dated April 27, 2019, granted service connection for bipolar disorder based on the date we received a request to reopen your claim. The correct date of service connection should have been October 6, 2009, the date the previously disallowed claim was received because the grant is based on lost or mislabeled service department records, and the previously disallowed claim was received more than 1 year following separation from service.

Entitlement to an earlier effective date of October 6, 2009, for service connection for adjustment disorder with depressed mood has been granted based on the date we originally received our claim. (38 CFR 3.400, 38 CFR 3.156)

An evaluation of 30 percent is assigned from October 6, 2009.

We have assigned a 30 percent evaluation for your adjustment disorder] based on:
• Depressed mood
• Anxiety
• A mental condition has been formally diagnosed, but symptoms are not severe enough either to interfere with occupational and social functioning or to require continuous medication

The overall evidentiary record shows that the severity of your disability most closely approximates the criteria for a 30 percent disability evaluation. (38 CFR 4.7, 38 CFR 4.126)

An evaluation of 50 percent is assigned from February 13, 2019.

We have assigned a 50 percent evaluation for your bipolar disorder based on:

• Difficulty in adapting to stressful circumstances
• Difficulty in adapting to work

- Depressed mood
- Disturbances of motivation and mood
- Difficulty in adapting to a worklike setting
- Anxiety
- Occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and conversation normal)
- Difficulty in establishing and maintaining effective work and social relationships
- Chronic sleep impairment

The overall evidentiary record shows that the severity of your disability most closely approximates the criteria for a 50 percent disability evaluation. (38 CFR 4.7, 38 CFR 4.126)

The evaluation of bipolar II disorder with anxious distress is increased to 70 percent disabling effective July 26, 2019. (38 CFR 4.1, 38 CFR 3.400)

The effective date of this grant is July 26, 2019. Entitlement to an increased evaluation has been established from the date we received your notification of intent to file. When an increased evaluation is granted based on VA medical evidence showing an increase in disability after the date the claim was received, the effective date of the increase is the date the claim was received. (38 CFR 3.400, 38 CFR 3.155)

We have assigned a 70 percent evaluation for your bipolar II disorder with anxious distress based on:
- Difficulty in adapting to stressful circumstances
- Unprovoked irritability with periods of violence
- Difficulty in adapting to work
- Depressed mood
- Disturbances of motivation and mood
- Flattened affect
- Difficulty in adapting to a worklike setting
- Anxiety
- Difficulty in establishing and maintaining effective work and social relationships
- Impaired impulse control
- Chronic sleep impairment
- Occupational and social impairment with reduced reliability and productivity

The overall evidentiary record shows that the severity of your disability most closely approximates the criteria for a 70 percent disability evaluation. (38 CFR 4.7, 38 CFR 4.126)

A higher evaluation of 100 percent is not warranted for bipolar disorder unless the evidence shows total occupational and social impairment, due to such symptoms as:
- gross impairment in thought processes or communication
- persistent delusions or hallucinations
- grossly inappropriate behavior
- persistent danger of hurting self or others

• intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene)
• disorientation to time or place
• memory loss for names of close relatives, own occupation, or own name. (38 CFR 4.125, 38 CFR 4.126, 38 CFR 4.130)

Laws and Regulations applicable to this issue:

38 CFR §3.156 New and material evidence.
38 CFR §3.155 How to file a claim.

**2. Service connection for missing part of the left pointer finger as secondary to the service-connected disability of bipolar II disorder with anxious distress.**

Service connection for missing part of the pointer finger, left hand has been established as related to the service-connected disability of adjustment disorder. (38 CFR 3.310)

Based on your lay statement and private medical opinion service connection for your left index finger is service connected.

Per VA regulation, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim. 3.156

Therefore, the date of service connection is October 6, 2009, the date the previously disallowed claim was received because the grant is based on lost or mislabeled service department records, and the previously disallowed claim was received more than 1 year following separation from service. 3.156 (c)

A noncompensable evaluation is assigned from October 6, 2009.

We have assigned a 0 percent evaluation for your missing part of the pointer finger based on:
• Other areas of disfigurement not considered under another appropriate diagnostic code

Note: In every instance where the schedule does not provide a zero percent evaluation for a diagnostic code, a zero percent evaluation shall be assigned when the requirements for a compensable evaluation are not met. {38 CFR §4.31}

An additional, separate compensable evaluation under Diagnostic Code 7804 is not warranted unless there is at least one scar that is painful or unstable. (38 CFR 4.118)

This is the highest schedular evaluation allowed under the law for scars, other (including linear scars) and other effects of scars evaluated under diagnostic codes 7800, 7801, 7802, and 7804. (Historical 38 CFR 4.118 effective prior to August 13, 2018)

An examination has been requested to determine current symptoms.

**3. Service connection for posttraumatic stress disorder.**

Service connection may be granted for a disability which began in military service or was caused by some event or experience in service. Service connection for posttraumatic stress disorder is denied because the medical evidence of record fails to show that this disability has been clinically diagnosed. (38 CFR 3.303)

Service connection for post-traumatic stress disorder (PTSD) requires the presence of three elements: (1) credible supporting evidence that the claimed in-service stressor actually occurred; (2) a current diagnosis of PTSD; and (3) medical evidence of a causal connection between current symptoms and the claimed in-service stressor. For a stressor to be sufficient for PTSD, the stressor must meet two requirements: (1) you must have been exposed to a traumatic event in which you experienced, witnessed, or were confronted with an event or events that involved actual or threatened death or serious injury or threat to the physical integrity of yourself or others and (2) your response must have involved a psychological or physio-psychological state of fear, helplessness, or horror. Combat decorations will be accepted, in the absence of evidence to the contrary, as conclusive evidence of the claimed service stressor. Additionally, confirmed prisoner of war (POW) status is considered conclusive evidence of a stressor. In- service personal assault cases, may result in evidence from sources other than the veteran's service records to corroborate the veteran's account of the stressor incident. (38 CFR 3.303, 38 CFR 3.304)

We acknowledge receipt of your private medical opinion, which diagnosed your current disability. Some evidence supports your claim; however, we found other medical evidence more persuasive because a medical specialist in the appropriate field provided it. (38 CFR 4.6)

VA examination conducted by a psychologist noted the stressor provided to have caused the posttraumatic stress disorder, does not meet the criteria for posttraumatic stress disorder.

Your service treatment records do not contain complaints, treatment, or diagnosis for this condition. The evidence does not show an event, disease or injury in service. (38 CFR 3.303, 38 CFR 3.304)

Please note, you are currently service-connected bipolar disorder. The symptoms/manifestations associated with other mental health diagnosis overlap to a great extent and per VA regulations the manifestations of the same symptoms under various diagnoses is to be avoided, therefore, if a separate evaluation for additional mental health diagnosis will not be rendered.

The evidence does not show a current diagnosed disability.

Favorable Findings identified in this decision:

Private medical records reflect a diagnosis of posttraumatic stress disorder.

**4. Service connection for back condition.**

A claimant may file a supplemental claim by submitting or identifying new and relevant evidence. New evidence is evidence not previously part of the actual record before agency adjudicators. Relevant evidence means evidence that tends to prove or disprove a matter at issue in a claim. (38 CFR 3.2501) In support of your claim, new and relevant evidence has been received and your claim is now reconsidered.

You were previously denied as we did not have service treatment records for review. Per 3.156, if at any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim. Service treatment records were not previously considered, therefore, the claim for back condition is now be readdressed.

Service connection may be granted for a disability which began in military service or was caused by some event or experience in service. To satisfy the requirements for a finding of service connection as directly related to your military service, the following three elements must be present: (1) medical evidence showing a current disability, (2) evidence of incurrence or aggravation of the disability in service, and (3) medical evidence linking the current disability to in service findings or diagnosis.

While your service treatment records reflect complaints, treatment, or a diagnosis similar to that claimed, the medical evidence supports the conclusion that a persistent disability was not present in service. (38 CFR 3.303) There was no continuity of symptoms from service to the present. (38 CFR 3.303)

The evidence does not show a current diagnosed disability. The evidence does not support a change in our prior decision. Therefore, we are confirming the previous denial of this claim.

Favorable Findings identified in this decision:

The evidence shows that a qualifying event, injury, or disease had its onset during your service. Service treatment records from service period October 10, 2007 to July 23, 2008 show treatment for back pain.

Los Angeles VAMC records note one complaint of back pain.

Laws and Regulations applicable to this issue:

38 CFR §3.156 New and material evidence.

**5. Service connection for right hip condition as secondary to back condition.**

Service connection may be granted for a disease or injury which resulted from a service-connected disability or was aggravated thereby. The evidence does not show that back condition is related to service. Therefore, service-connection for right hip condition on a secondary basis to this condition cannot be established. There is also no evidence showing right hip condition was incurred in or aggravated by military service. (38 CFR 3.303, 38 CFR 3.306, 38 CFR 3.310)

Service department records. (1) Notwithstanding any other section in this part, at any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim, notwithstanding paragraph (a) of this section

Your service treatment records do not contain complaints, treatment, or diagnosis for this condition. The evidence does not show an event, disease or injury in service. (38 CFR 3.303, 38 CFR 3.304)

The evidence does not show that your condition resulted from, or was aggravated by, a service-connected disability. (38 CFR 3.303, 38 CFR 3.304) The evidence does not show a current diagnosed disability.

Favorable Findings identified in this decision:

Los Angeles VAMC records reflect one complaint of right hip pain.

**6. Entitlement to individual unemployability.**

The issue of whether or not you are entitled to Individual Unemployability is deferred for the following: completed VA Form 21-8940, Veteran's Application for Increased Compensation Based on Unemployability

**REFERENCES:**

Title 38 of the Code of Federal Regulations, Pensions, Bonuses and Veterans' Relief contains the regulations of the Department of Veterans Affairs which govern entitlement to all veteran benefits. For additional information regarding applicable laws and regulations, please consult your local library, or visit us at our website, www.va.gov.

Case: 24-140, 09/13/2026, DktEntry: 72.1, (903 of 1196)



AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

DONOVAN J. FOSTER, an Individual,

*Plaintiff(s)*

v.

The United States of America, the Department of Veteran Affairs, an agency of the United States of America, and Secretary Denis McDonough, an Individual.

*Defendant(s)*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* The United States of America, the Department of Veteran Affairs, an agency of the United States of America, and Secretary Denis McDonough, and Individual.
810 Vermont Avenue., NW
Washington, DC 20420

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Veronica M. Aguilar,Esq. SBN-153288
Law Offices of Veronica M. Aguilar, A.P.C.
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________

was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________

______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________

______________________ , a person of suitable age and discretion who resides there,

on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is

designated by law to accept service of process on behalf of *(name of organization)* ______________

______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ ______ for travel and $ ______ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY(S) OR OF PARTY APPEARING IN PRO PER

Veronica M. Aguilar, Esq. SBN-153288
Law Offices of Veronica M. Aguilar, A.P.C.
16870 West Bernrado Drive, Suite 400
San Diego, CA 92127
(858) 674-6945

CLEAR FORM

ATTORNEY(S) FOR: DONOVAN J. FOSTER, an Individual.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONOVAN J. FOSTER, an Individual, Plaintiff(s). | CASE NUMBER |
| The United States of America, the Department of Veteran Affairs, and agency of the United States of America, and Secretary Denis McDonough, an Individual, Defendant(s) | **CERTIFICATION AND NOTICE OF INTERESTED PARTIES (Local Rule 7.1-1)** |

TO: THE COURT AND ALL PARTIES OF RECORD:

The undersigned, counsel of record for DONOVAN J. FOSTER or party appearing in pro per, certifies that the following listed party (or parties) may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

(List the names of all such parties and identify their connection and interest. Use additional sheet if necessary.)

| PARTY | CONNECTION / INTEREST |
|---|---|
| DONOVAN J. FOSTER | PLAINTIFF |
| VERONICA M. AGUILAR | PLAINTIFF ATTORNEY |
| THE UNITED STATES OF AMERICA, THE DEPARTMENT OF VETERAN AFFAIRS, AN AGENCY OF THE UNITED STATES OF AMERICA, AND SECRETARY DENIS MCDONOUGH | DEFENDANTS |

11/21/2022
Date

Signature

Attorney of record for (or name of party appearing in pro per):

DONOVAN J. FOSTER

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
DONOVAN J. FOSTER, an individual

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
The United States of America, the Department of Veteran Affairs, and agency of the United States of America, and Secretary Denis McDonough, an Individual.

(b) County of Residence of First Listed Plaintiff: Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Washington D.C.
*(IN U.S. PLAINTIFF CASES ONLY)*

(c) Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.
Law Offices of Veronica M. Aguilar, A.P.C.
16870 W. Bernardo Drive, Suite 400, San Diego, CA 92127
(858) 674-6945

Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.
810 Vermont Avenue., NW
Washington, DC 20420

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 3. Federal Question (U.S. Government Not a Party)
☒ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding ☐ 2. Removed from State Court ☐ 3. Remanded from Appellate Court ☐ 4. Reinstated or Reopened ☐ 5. Transferred from Another District (Specify) ☐ 6. Multidistrict Litigation - Transfer ☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Torts Personal Injury

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS PERSONAL PROPERTY** | ☐ 510 Motions to Vacate Sentence | ☐ 835 Patent - Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 371 Truth in Lending | ☐ 535 Death Penalty | ☐ 880 Defend Trade Secrets Act of 2016 (DTSA) |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | **Other:** | **SOCIAL SECURITY** |
| ☐ 460 Deportation | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 861 HIA (1395ff) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 862 Black Lung (923) |
| ☐ 480 Consumer Credit | ☐ 160 Stockholders' Suits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 485 Telephone Consumer Protection Act | ☐ 190 Other Contract | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | ☐ 195 Contract Product Liability | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | **FORFEITURE/PENALTY** | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 196 Franchise | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | **REAL PROPERTY** | ☒ 360 Other Personal Injury | ☐ 441 Voting | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 210 Land Condemnation | ☐ 362 Personal Injury- Med Malpratice | ☐ 442 Employment | **LABOR** | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/ Accommodations | ☐ 710 Fair Labor Standards Act | |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities- Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 896 Arbitration | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 740 Railway Labor Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | | | ☐ 448 Education | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | | | | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number:

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? ☐ Yes ☒ No | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☒ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| | | |
|---|---|---|
| **QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?** ☐ Yes ☒ No | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☒ NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☒ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| | | |
|---|---|---|
| **QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?** ☒ Yes ☐ No | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☒ NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☒ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| **QUESTION D: Location of plaintiffs and defendants?** | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1. Is there at least one answer in Column A? | D.2. Is there at least one answer in Column B? |
|---|---|
| ☐ Yes ☒ No<br>If "yes," your case will initially be assigned to the SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. → | ☐ Yes ☒ No<br>If "yes," your case will initially be assigned to the EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ↓ |

| **QUESTION E: Initial Division?** | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: → | WESTERN |

| **QUESTION F: Northern Counties?** |
|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? ☐ Yes ☒ No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?** ☒ NO ☐ YES

If yes, list case number(s): ____________________

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court?** ☒ NO ☐ YES

If yes, list case number(s): ____________________

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** [signature] DATE: 11/21/2022

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

Name Donovan J Foster
Address 518 Washington Blvd Num 312
City, State, Zip Marina Del Rey, CA 90292
Phone 1-212-9201477
Fax
E-Mail fostermailbox@gmail.com
☐ FPD ☐ Appointed ☐ CJA ☒ Pro Per ☐ Retained

FILED
2024 JAN -4 PM 2:17
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Donovan J Foster, PLAINTIFF(S), v. United States of America, DEFENDANT(S). | CASE NUMBER: 2:22-cv-08522-FWS-PVC |
| | **NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that Donovan J Foster (*Name of Appellant*) hereby appeals to the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify): Order granting Defendant's motion to Dismiss Docket [43]
☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on December 14, 2023 Entered on the docket in this action on Dec 14, 2023.

A copy of said judgment or order is attached hereto.

Jan 4, 2023
Date

[signature]
Signature
☒ Appellant/ProSe ☐ Counsel for Appellant ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

Case: 24-140, 09/13/2026, DktEntry: 72.1, (911 of 1196)

ACCO,(PVCx),APPEAL,CLOSED,DISCOVERY,MANADR,RELATED-G

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
# CIVIL DOCKET FOR CASE #: 2:22-cv-08522-FWS-PVC

Donovan J. Foster v. The United States of America et al
Assigned to: Judge Fred W. Slaughter
Referred to: Magistrate Judge Pedro V. Castillo
Related Case: 2:22-cv-01702-FWS-PVC
Case in other court: 9th CCA, 24-00140
Cause: 28:2671 Federal Tort Claims Act

Date Filed: 11/21/2022
Date Terminated: 12/14/2023
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Donovan J Foster**
*an Individual*

represented by **Donovan J Foster**
578 Washington Boulevard, No 312
Marina Del Rey, CA 90292
212-920-1477
Email: fostermailbox@gmail.com
PRO SE

**Veronica M Aguilar**
Veronica M Aguilar Law Offices
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
858-674-6945
Email: veronica@vaguilarlaw.com
*TERMINATED: 09/13/2023*

V.

**Defendant**

**The United States of America**

represented by **Jonathan Russell Blakey**
AUSA - Office of US Attorney
300 Los Angeles Street, Suite 7516
Los Angeles, CA 90012
213-894-8341
Fax: 213-894-7819
Email: jonathan.blakey@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Department of Veteran Affairs**
*an agency of the United States of America*
*TERMINATED: 02/28/2023*

represented by **Jonathan Russell Blakey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Secretary Denis McDonough**
*an individual*
*TERMINATED: 02/28/2023*

represented by **Jonathan Russell Blakey**
(See above for address)
*ATTORNEY TO BE NOTICED*

Case: 24-140, 09/13/2026, DktEntry: 72.1, (913 of 1196)



**Mediator (ADR Panel)**

**John K Mitchell** represented by **John Kevin Mitchell**
Law Offices of John K Mitchell
400 Oceangate 8th Floor
Long Beach, CA 90802
323-293-3012
Fax: 323-293-9370
Email: john.mitchell16@ca.rr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/21/2022 | 1 | COMPLAINT Receipt No: ACACDC-34362345 - Fee: $402. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Appendix, # 5 Appendix, # 6 Civil Cover Sheet) (Attorney Veronica M Aguilar added to party Donovan J. Foster(pty:mov))(Aguilar, Veronica) (Entered: 11/21/2022) |
| 11/22/2022 | 2 | NOTICE OF ASSIGNMENT to District Judge George H. Wu and Magistrate Judge Alicia G. Rosenberg. (car) (Entered: 11/22/2022) |
| 11/22/2022 | 3 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (car) (Entered: 11/22/2022) |
| 11/22/2022 | 4 | Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge. (car) (Entered: 11/22/2022) |
| 11/22/2022 | 5 | 60 DAY Summons Issued re Complaint (Attorney Civil Case Opening), 1 as to Defendants Denis McDonough, The Department of Veteran Affairs, The United States of America. (car) (Entered: 11/22/2022) |
| 11/22/2022 | 6 | NOTICE OF DEFICIENCIES in Attorney Case Opening RE: Complaint (Attorney Civil Case Opening), 1 . The following error(s) was found: Other error(s) with document(s): Attachment 5 is the Certificate of Interested Parties which should be e-filed separately. The correct event is located under Civil Events Other Filings Notices. Attachment 6 Civil Cover Sheet should be e-filed separately. The correct event category is located under Civil Events - Other Filings - Miscellaneous Filings. (car) (Entered: 11/22/2022) |
| 11/28/2022 | 7 | STANDING ORDER RE FINAL PRE-TRIAL CONFERENCES FOR CIVIL JURY TRIALS BEFORE JUDGE GEORGE H. WU by Judge George H. Wu. You are instructed to read and to follow (unless otherwise superseded herein) the Central District of California Local Rules (henceforth "Local Rules") 16-1 through 16-15 regarding pre-trial requirements. (SEE DOCUMENT FOR FURTHER DETAILS). (aco) (Entered: 11/28/2022) |
| 01/04/2023 | 8 | SERVICE UNDER FRCP 5(b)(2)(D) Executed by Plaintiff Donovan J. Foster, upon Plaintiff All Plaintiffs. Service of the Summons and Complaint were executed upon the Clerks Office in compliance with Federal Rules of Civil Procedure. (Attachments: # 1 Affidavit Proof Of Service)(Aguilar, Veronica) (Entered: 01/04/2023) |
| 02/01/2023 | 9 | STIPULATION Extending Time to Answer the complaint as to The Department of Veteran Affairs answer now due 3/8/2023; Denis McDonough answer now due 3/8/2023; The United States of America answer now due 3/8/2023, re Complaint (Attorney Civil Case Opening), 1 filed by Defendants The Department of Veteran Affairs; Denis McDonough; The United States of America.(Attorney Jonathan Russell Blakey added to party Denis McDonough(pty:dft), Attorney Jonathan Russell Blakey added to party The Department of |

Case: 24-140, 09/13/2026, DktEntry: 72.1, (914 of 1196)



| | | |
|---|---|---|
| | | Veteran Affairs(pty:dft), Attorney Jonathan Russell Blakey added to party The United States of America(pty:dft))(Blakey, Jonathan) (Entered: 02/01/2023) |
| 02/15/2023 | 10 | [DOCUMENT STRICKEN PER ORDER ON 02/16/2023, SEE DOCKET NO. 12] (Attachments: # 1 Declaration)(Aguilar, Veronica) Modified on 2/16/2023 (aco). (Entered: 02/15/2023) |
| 02/16/2023 | 11 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Document RE: Miscellaneous Document 10 . The following error(s) was/were found: Incorrect event selected. Correct event to be used is: Notices > Voluntary Dismissal of Party(ies) (Pursuant to FRCP 41a(1)). In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (aco) (Entered: 02/16/2023) |
| 02/16/2023 | 12 | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN FILED DOCUMENT RE: Miscellaneous Document 10 by Judge George H. Wu. Docket No. 10 is stricken for the reason(s) stated in the Notice 11 filed on February 16, 2023. (aco) (Entered: 02/16/2023) |
| 02/28/2023 | 13 | Joint STIPULATION to Dismiss Defendants Denis McDonough, The Department of Veteran Affairs filed by Defendant The United States of America. (Attachments: # 1 Proposed Order)(Blakey, Jonathan) (Entered: 02/28/2023) |
| 02/28/2023 | 14 | ORDER RE: JOINT STIPULATION TO DISMISS DEFENDANTS DEPARMENT OF VETERANS AFFAIRS AND SECRETARY DENIS MCDONOUGH by Judge George H. Wu. IT IS HEREBY ORDERED that defendants VA and VA Secretary Denis McDonough are dismissed with prejudice. RE: Joint STIPULATION to Dismiss Defendants 13 . (aco) (Entered: 02/28/2023) |
| 03/08/2023 | 15 | NOTICE OF MOTION AND MOTION to Dismiss Case *and Defendant's Memorandum of Points and Authorities* filed by Defendant The United States of America. Motion set for hearing on 4/13/2023 at 08:00 AM before Judge George H. Wu. (Attachments: # 1 Declaration of Karen L. Rivera-Lebron; Exhibits 1-4, # 2 Declaration of Oswaldo Tapia; Exhibits 1-5, # 3 Proposed Order) (Blakey, Jonathan) (Entered: 03/08/2023) |
| 03/27/2023 | 16 | Notice OF NON-RECEIPT OF OPPOSITION TO MOTION TO DISMISS filed by Defendant The United States of America. (Attachments: # 1 Proposed Order)(Blakey, Jonathan) (Entered: 03/27/2023) |
| 03/27/2023 | 17 | [PLAINTIFF DONOVAN J. FOSTER'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS filed as] Miscellaneous Document filed by Plaintiff Donovan J. Foster. (Aguilar, Veronica) Modified on 3/28/2023 (aco). (Entered: 03/27/2023) |
| 03/28/2023 | 18 | ORDER TO REASSIGN CASE Pursuant General Order 21-01 (identical case) by Judge Percy Anderson, Case Management and Assignment Committee Chair. Case transferred to the calendar of Judge Fred W. Slaughter for all further proceedings. All discovery matters are transferred to Magistrate Judge Pedro V. Castillo. Case number now reads as 2:22-cv-08522 FWS(PVCx). (rn) (Entered: 03/28/2023) |
| 03/28/2023 | 20 | MINUTE ORDER IN CHAMBERS by Judge Fred W. Slaughter. In light of the transfer of this action to the calendar of the Honorable Fred W. Slaughter, the Court, on its own motion, hereby RESETS Defendant's Motion to Dismiss Case 15 to Thursday, May 11, 2023, at 10:00 a.m. in Courtroom 10D before District Judge Fred W. Slaughter. The hearing shall proceed in person as to all parties. (lom) (Entered: 03/29/2023) |
| 03/29/2023 | 19 | CIVIL STANDING ORDER by Judge Fred W. Slaughter. (mku) (Entered: 03/29/2023) |

| | | |
|---|---|---|
| 03/29/2023 | 21 | ORDER SETTING RULE 26(f) SCHEDULING CONFERENCE by Judge Fred W. Slaughter. Scheduling Conference set for 5/25/2023 at 9:00 a.m. See Order for details. (mku) (Entered: 03/29/2023) |
| 03/30/2023 | 22 | REPLY IN SUPPORT OF NOTICE OF MOTION AND MOTION to Dismiss Case *and Defendant's Memorandum of Points and Authorities* 15 filed by Defendant The United States of America. (Blakey, Jonathan) (Entered: 03/30/2023) |
| 05/09/2023 | 23 | SCHEDULING NOTICE by Judge Fred W. Slaughter: Before the court is Defendant's Motion to Dismiss Case 15 . The court finds this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for May 11, 2023 at 10:00 a.m. is VACATED/OFF CALENDAR and the court takes the matter UNDER SUBMISSION. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. TEXT ONLY ENTRY.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (mku) TEXT ONLY ENTRY (Entered: 05/09/2023) |
| 05/11/2023 | 24 | JOINT REPORT Rule 26(f) Discovery Plan ; estimated length of trial 2-3 days, filed by Defendant The United States of America.. (Attachments: # 1 Attachment)(Blakey, Jonathan) (Entered: 05/11/2023) |
| 05/12/2023 | 25 | MINUTES ORDER GRANTING Defendant's Motion to Dismiss 15 by Judge Fred W. Slaughter: The court GRANTS the Motion, DISMISSES WITHOUT PREJUDICE the Complaint, and GRANTS LEAVE TO AMEND the claims dismissed by this Order. If Plaintiff wishes to file an amended complaint, Plaintiff must do so within thirty (30) days of this Order. Failure to file an amended complaint by the stated deadline may result in the dismissal of this action with prejudice for failure to prosecute and/or comply with a court order. (jp) (Entered: 05/12/2023) |
| 05/16/2023 | 26 | MINUTES SCHEDULING ORDER by Judge Fred W. Slaughter: The Court, having reviewed the pleadings and the parties' submissions pursuant to FRCP 26(f), VACATES the Scheduling Conference set for 5/25/2023, and sets the following schedule: Bench Trial set for 7/30/2024 at 8:30 AM. Final Pretrial Conference and Hearing on Motions in Limine set for 7/18/2024 at 8:30 AM. Last Date to Hear Motion to Amend Pleadings/Add Parties: 7/18/2024. Non-Expert Discovery Cut-Off: 1/19/2024. Last Date to Hear Motions: 5/10/2024. Deadline to Complete Settlement Conference: 6/28/2024. Motions in Limine with Proposed Orders: 6/28/2024. Joint Proposed Final Pretrial Conference Order: 7/5/2024. (See document for further information). (jp) (Entered: 05/16/2023) |
| 05/16/2023 | 27 | ORDER ON PRETRIAL AND TRIAL PROCEDURES (CIVIL CASES) by Judge Fred W. Slaughter. (ev) (Entered: 05/16/2023) |
| 06/12/2023 | 28 | DECLARATION filed by Plaintiff Donovan J. Foster. (jp) (Entered: 06/13/2023) |
| 06/12/2023 | 29 | AMENDED COMPLAINT against Defendant Donovan J. Foster amending Complaint (Attorney Civil Case Opening) 1 , filed by plaintiff Donovan J. Foster. (jp) (Entered: 06/13/2023) |
| 06/14/2023 | 30 | 60 DAY Summons Issued re Amended Complaint 29 as to Defendant The United States of America. (jp) (Entered: 06/15/2023) |
| 06/23/2023 | 31 | Joint STIPULATION for Extension of Time to File Answer to July 17, 2023 re Amended Complaint 29 filed by Defendant The United States of America. (Attachments: # 1 Proposed Order)(Blakey, Jonathan) (Entered: 06/23/2023) |
| 06/25/2023 | 32 | [DOCUMENT STRICKEN PER COURT'S ORDER 35 ] - NOTICE OF MOTION AND MOTION to Withdraw Attorney of Record filed by Plaintiff Donovan J. Foster. (Attachments: # 1 Declaration Veronica Aguilar in Support) (Aguilar, Veronica) Modified on 6/27/2023 (jp). (Entered: 06/25/2023) |

| | | |
|---|---|---|
| 06/26/2023 | 33 | ORDER GRANTING Joint Stipulation to Extend Time for Defendant to Respond to Plaintiff's Amended Complaint 31 by Judge Fred W. Slaughter the following: The time for Defendant to answer, move, or otherwise respond to the Amended Complaint 29 in the above-captioned matter is EXTENDED from 6/26/2023, to and including 7/17/2023. (jp) (Entered: 06/26/2023) |
| 06/26/2023 | 34 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Document RE: NOTICE OF MOTION AND MOTION to Withdraw Attorney of Record 32 . The following error(s) was/were found: (1) Hearing information is missing. (2) Proposed document was not submitted or was not submitted as a separate attachment. (3) Proposed Order shall be filed as separate attachment to the e-filed "MOTION" and e-mailed to Judge Slaughter generic email addresses a Microsoft Word version of the document; Please refer to the Courts website at www.cacd.uscourts.gov for available motion dates. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (jp) (Entered: 06/26/2023) |
| 06/27/2023 | 35 | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN FILED DOCUMENT RE: NOTICE OF MOTION AND MOTION to Withdraw Attorney of Record 32 by Judge Fred W. Slaughter. (1) The document is STRICKEN. (2) Counsel shall refer to the Notice to Filer of Deficiencies in Electronically Filed Document (Dkt. 34 ) and all applicable Local Rules prior to any re-filing. (jp) (Entered: 06/27/2023) |
| 07/06/2023 | 36 | DECLARATION of Donovan J. Foster NOTICE OF MOTION AND MOTION to Withdraw Attorney of Record 32 filed by Plaintiff Donovan J. Foster. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Declaration)(Aguilar, Veronica) (Entered: 07/06/2023) |
| 07/06/2023 | 37 | DECLARATION of Donovan J. Foster NOTICE OF MOTION AND MOTION to Withdraw Attorney of Record 32 filed by Plaintiff Donovan J. Foster. (Attachments: # 1 Unredacted Document, # 2 Proposed Order, # 3 Declaration)(Aguilar, Veronica) (Entered: 07/06/2023) |
| 07/10/2023 | 38 | NOTICE OF ASSIGNMENT of Panel Mediator. Mediator (ADR Panel) John K Mitchell has been assigned to serve as Panel Mediator. (lst) (Entered: 07/10/2023) |
| 07/11/2023 | 39 | DECLARATION of Donovan J. Foster NOTICE OF MOTION AND MOTION to Withdraw Attorney of Record 32 filed by Plaintiff Donovan J. Foster. (Attachments: # 1 Declaration of Veronica M. Aguilar)(Aguilar, Veronica) (Entered: 07/11/2023) |
| 07/12/2023 | 40 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Document RE: Declaration (Motion related) 39 . The following error(s) was/were found: (1) Incorrect document is attached to the docket entry. (2) Incorrect event selected. Correct event to be used is: Withdraw as Attorney- under Category - Applications/Ex Parte Applications/Motions/Petitions/Requests. (3) Hearing information is missing. (4) Proposed document was not submitted or was not submitted as a separate attachment. (5) Filer used the event Declaration (Motion related); which does not prompt the user to set a hearing before the judge. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (jp) (Entered: 07/12/2023) |
| 07/13/2023 | 41 | First NOTICE OF MOTION AND MOTION of Veronica M. Aguilar to Withdraw as Attorney *of record* filed by Plaintiff Donovan J. Foster. Motion set for hearing on 7/27/2023 at 10:00 AM before Judge Fred W. Slaughter. (Attachments: # 1 Declaration of Veronica M. Aguilar) (Aguilar, Veronica) (Entered: 07/13/2023) |

Case: 24-140, 09/13/2026, DktEntry: 72.1, (917 of 1196)



| | | |
|---|---|---|
| 07/14/2023 | 42 | SCHEDULING NOTICE by Judge Fred W. Slaughter: The Court, on its own motion, hereby continues the hearing Motion for Veronica M. Aguilar and The Law Offices of Veronica M. Aguilar to Withdraw as Attorney of Record for Plaintiff 41 on July 27, 2023 at 10:00 a.m. to August 24, 2023, at 10:00 a.m. Counsel is reminded to refer to the list of CLOSED motion dates on Judge Slaughter's Procedures and Schedules page prior to filing future motions. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (ev) TEXT ONLY ENTRY (Entered: 07/14/2023) |
| 07/17/2023 | 43 | NOTICE OF MOTION AND MOTION to Dismiss Case *First Amended Complaint* filed by Defendant The United States of America. Motion set for hearing on 8/17/2023 at 10:00 AM before Judge Fred W. Slaughter. (Attachments: # 1 Proposed Order) (Blakey, Jonathan) (Entered: 07/17/2023) |
| 08/04/2023 | 44 | [DOCUMENT STRICKEN PER COURT'S ORDER 53 ] - OPPOSITION to Motion to Dismiss *First Amended Complaint* 43 filed by Plaintiff Donovan J. Foster. (jp). Modified on 8/31/2023 (jp). (Entered: 08/04/2023) |
| 08/04/2023 | 45 | PROOF OF SERVICE By Mail filed by plaintiff Donovan J. Foster re Opposition to Opposition to Motion to Dismiss 44 served on 8/4/2023. (jp) (Entered: 08/04/2023) |
| 08/09/2023 | 46 | PROOF OF SERVICE BY MAIL filed by plaintiff Donovan J. Foster, re Opposition to Motion to Dismiss 44 served on 8/8/2023. (jp) (Entered: 08/10/2023) |
| 08/11/2023 | 47 | EX PARTE APPLICATION for Order for TO STRIKE PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS OR, IN THE ALTERNATIVE, CONTINUE DEFENDANTS REPLY DEADLINE AND THE MOTION TO DISMISS HEARING filed by Defendant The United States of America. (Attachments: # 1 Proposed Order) (Blakey, Jonathan) (Entered: 08/11/2023) |
| 08/12/2023 | 49 | Motion to Notify the Court of Attorney Disappearance and Request to Proceed Pro Per filed by plaintiff Donovan J. Foster. (jp) (Entered: 08/14/2023) |
| 08/13/2023 | 48 | NOTICE OF MOTION BY PLAINTIFF for Summary Judgment or Summary Adjudication or both filed by plaintiff Donovan J. Foster. (jp) (Entered: 08/14/2023) |
| 08/15/2023 | 50 | REPLY IN SUPPORT OF NOTICE OF MOTION AND MOTION to Dismiss Case *First Amended Complaint* 43 filed by Defendant The United States of America. (Attachments: # 1 Declaration of Karen L. Rivera-Lebron, # 2 Exhibit 1)(Blakey, Jonathan) (Entered: 08/15/2023) |
| 08/17/2023 | 51 | MINUTES OF Defendant's Motion to Dismiss First Amended Complaint 43 before Judge Fred W. Slaughter: Motion hearing held. The Court SETS and/or RESETS all the pending matters as outlined below to 8/31/2023 at 10:00 AM. - Motion of Veronica M Aguilar to Withdraw as Attorney of Record 41 ; - Defendant's Motion to Dismiss First Amended Complaint 43 ; - Defendant's Ex Parte Application for Order to Strike 47 ; - Plaintiff's Motion to Notify the Court of Attorney Disappearance and Request to Proceed Pro Per 49 ; - Plaintiff's Motion for Summary Judgment or Summary Adjudication or Both 48 . (See document for further information). Court Reporter: Debbie Hino-Spaan. (jp) (Entered: 08/17/2023) |
| 08/17/2023 | 52 | MINTE ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE ISSUED FOR FAILURE TO APPEAR AT 8/17/2023, HEARING by Judge Fred W. Slaughter: the court ORDERS Plaintiff's counsel to show cause in writing, through a declaration, why sanctions should not be issued for failure to appear at the 8/17/2023, hearing by 8/30/2023, at 5:00 PM. Plaintiff's counsel is further ORDERED to appear at the continued hearing on 8/31/2023, at 10:00 a.m. without further order or notice from the court. (jp) (Entered: 08/17/2023) |

| | | |
|---|---|---|
| 08/31/2023 | 53 | MINUTES OF Motion of Veronica M Aguilar to Withdraw as Attorney of Record 41 ; Defendant's Motion to Dismiss First Amended Complaint 43 ; Defendant's Ex Part Application for Order to Strike Plaintiff's Opposition to Defendant's Motion to Dismiss, or in the Alternative, Continue Defendant's Reply Deadline and The Motion to Dismiss Hearing 47 ; Plaintiff's Motion to Notify the Court of Attorney Disappearance and Request to Proceed Pro Per 49 ; Plaintiff's Motion for Summary Judgment or Summary Adjudication or Both 48 before Judge Fred W. Slaughter: Motion hearing held. The Court sanctions Plaintiff's Attorney, Veronica Aguilar #100 for his failure to comply with Court order (Dkt. 52 ) Payment shall be made to the Clerk of the Court no later than Thursday, 8/31/2023; Motion 41 is GRANTED. Plaintiff's Motion 48 is WITHDRAWN; Plaintiff Motion to Notify the Court 49 is DENIED AS MOOT; Defendant's Ex Parte Application 47 is GRANTED; The Hearing on Defendant's Motion to Dismiss 43 is CONTINUED to 9/28/2023 at 10:00 AM. (See document for further information). Court Reporter: Sharon Seffens. (jp) (Entered: 08/31/2023) |
| 09/07/2023 | 54 | REQUEST TO SUBSTITUTE Donovan Foster in place of attorney Veronica Aguilar filed by plaintiff Donovan J. Foster. (Attachments: # 1 Proposed Order) (aco) (Entered: 09/13/2023) |
| 09/07/2023 | 55 | APPLICATION for Pro Se Litigant to electronically file documents in a specific case filed by plaintiff Donovan J. Foster. (Attachments: # 1 Proposed Order) (aco) (Entered: 09/13/2023) |
| 09/11/2023 | 58 | Plaintiff's Opposition to Motion to Dismiss First Amended Complaint 43 filed by Plaintiff Donovan J. Foster. (aco) (Entered: 09/13/2023) |
| 09/11/2023 | 59 | Proof of Service by Mail filed by plaintiff Donovan J. Foster, re Plaintiff's Opposition to Motion to Dismiss First Amended Complaint 58 served on 09/11/2023. (aco) (Entered: 09/13/2023) |
| 09/13/2023 | 56 | ORDER ON REQUEST FOR APPROVAL OF SUBSTITUTION OR WITHDRAWAL OF ATTORNEY by Judge Fred W. Slaughter. The Court hereby orders that the request of Plaintiff Donovan J. Foster to substitute Donovan J. Foster who is Pro Se as attorney of record instead of Veronica Aguilar is hereby GRANTED.; granting 54 Request to Substitute Attorney. (aco) (Entered: 09/13/2023) |
| 09/13/2023 | 57 | ORDER RE APPLICATION FOR PERMISSION FOR ELECTRONIC FILING by Judge Fred W. Slaughter. The applicant must register to use the Courts CM/ECF System within five (5) days of being served with this order. Registration information is available at the Pro Se Litigant E-Filing web page located on the Courts website. Upon registering, the applicant will receive a CM/ECF login and password that will allow him/her to file non-sealed documents electronically in this case only. Any documents being submitted under seal must be manually filed with the Clerk.; GRANTING 55 APPLICATION for Pro Se Electronic Filing. (aco) (Entered: 09/13/2023) |
| 09/14/2023 | 60 | REPLY IN SUPPORT OF NOTICE OF MOTION AND MOTION to Dismiss Case *First Amended Complaint* 43 filed by Defendant The United States of America. (Blakey, Jonathan) (Entered: 09/14/2023) |
| 09/25/2023 | 61 | SCHEDULING NOTICE by Judge Fred W. Slaughter: Before the court is Defendant's Motion to Dismiss First Amended Complaint 43 . The court finds this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for September 28, 2023, at 10:00 a.m. is VACATED/OFF CALENDAR and the court takes the matter UNDER SUBMISSION. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (mku) TEXT ONLY ENTRY (Entered: 09/25/2023) |

| | | |
|---|---|---|
| 12/14/2023 | 62 | MINUTES ORDER GRANTING Defendant's Motion to Dismiss 43 by Judge Fred W. Slaughter: The court GRANTS the Motion and DISMISSES WITH PREJUDICE the First Amended Complaint. The Clerk of Court is directed to CLOSE this matter. (MD JS-6. Case Terminated.) (jp) (Entered: 12/15/2023) |
| 01/04/2024 | 63 | NOTICE OF APPEAL to the 9th CCA filed by Plaintiff Donovan J Foster. Appeal of Order on Motion to Dismiss Case, 62 Filed On: 12/14/2023; Entered On: 12/15/2023; Filing fee $ 605 Billed. (car) (Entered: 01/05/2024) |
| 01/05/2024 | 64 | FILING FEE LETTER issued as to Plaintiff Donovan J Foster, re Notice of Appeal to 9th Circuit Court of Appeals 63 (car) (Entered: 01/05/2024) |
| 01/08/2024 | | APPEAL FEE PAID: re Notice of Appeal to 9th Circuit Court of Appeals 63 as to Plaintiff Donovan J Foster; Receipt Number: 12045 in the amount of $605. (ash) (Entered: 01/08/2024) |
| 01/09/2024 | 65 | NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 24-140 assigned to Notice of Appeal to 9th Circuit Court of Appeals 63 as to Plaintiff Donovan J Foster. (car) (Entered: 01/10/2024) |
| 04/01/2024 | 66 | ORDER from Ninth Circuit Court of Appeals filed re: Notice of Appeal to 9th Circuit Court of Appeals 63 filed by Donovan J Foster. CCA # 24-140. The court, in its discretion, denies the motion for appointment of pro bono counsel. See document for more details.] (mat) (Entered: 04/01/2024) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/18/2024 15:32:48 | | | |
| **PACER Login:** | jrblakey | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:22-cv-08522-FWS-PVC End date: 7/18/2024 |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |

No. 24-140

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**DONOVAN FOSTER**,
*Plaintiff-Appellant*,

v.

**UNITED STATES OF AMERICA**,
*Defendant-Appellee*.

Appeal from the United States District Court
Central District of California
No. CV 22-08522 FWS (PVC)

**OPPOSITION TO MOTION FOR SANCTIONS**

BILAL A. ESSAYLI
*United States Attorney*
DAVID M. HARRIS
*Assistant United States Attorney*
*Chief, Civil Division*
JESSICA O. CHEH
*Assistant United States Attorney*
Federal Building
300 N. Los Angeles Street, Suite 7516
Los Angeles, California 90012
Telephone: (213) 894-0886
E-mail: jessica.cheh@usdoj.gov

Attorneys for Defendant-Appellee
United States of America

## OPPOSITION TO MOTION FOR SANCTIONS

On April 23, 2025, Appellant Donovan Foster filed a "Motion for Sanctions" representing that the Supplemental Excerpts of Record contain pages identifying his Social Security number. Dkt. 45. The same day, the Court refiled that motion as a Motion to Maintain Document Under Seal. *Id.* Counsel for the United States confirmed that there are pages in the SER on which Foster's personally identifiable information was inadvertently left unredacted, and promptly filed a motion to submit a Corrected Supplemental Excerpts of Record containing all necessary redactions.[1] Dkt. 46.

Because the failure to redact all of Foster's personally identifiable information was an unintentional error that the United States remedied immediately after learning of the oversight, the United States respectfully submits that the sanctions Foster seeks in his request to seal are unwarranted. Moreover, because the United States' motion to submit Corrected Supplemental Excerpts of Record containing all

[1] Soon after Foster filed the motion for sanctions but before the United States filed its motion to submit a Corrected Supplemental Excerpts of Record, the Court locked the originally filed SER pending Foster's request to seal. *See* Dkt. 21.

required redactions remains pending, Dkt. 46, sealing the full pages identified in Foster's motion is unnecessary. Finally, because Foster identified no authority by which the United States could be compelled to direct the Department of Veterans Affairs and/or the Social Security Administration to issue him a new social security number under the circumstances, that request should be denied as well.

Dated: May 2, 2025

Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

*/s/ Jessica O. Cheh*
JESSICA O. CHEH
Assistant United States Attorney

Attorneys for Defendant-Appellee
United States of America

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**CASE NO. 24-140**

**IN THE MATTER OF:**

**DONOVAN J. FOSTER**,
Petitioner-Appellant,

v.

**UNITED STATES OF AMERICA**,
Respondent-Appellee.

**EMERGENCY MOTION PACKAGE**

**Relating to Procedural Irregularities, Docket Clarity, and FTCA Jurisdictional Compliance**

Includes:

- Emergency Motion To Compel Ruling On All Pending Motions And To Clarify Appellate Docket Status
- Statement of FTCA Jurisdictional Scope under 28 U.S.C. § 2675(b)
- Motion for Leave to File Amicus Brief (DktEntry 44.1)
- Certificate of Compliance
- Certificate of Service
- Proposed Orders

**Filed by:**
**DONOVAN J. FOSTER**
Petitioner-Appellant, Pro Se

375 N. La Cienega Blvd
West Hollywood, CA 90048
Email: fostermailbox@gmail.com
Phone: (310) [Redacted]

**EMERGENCY DESIGNATION:**

This package includes emergency filings under **Ninth Circuit Rule 27-3** and **FRAP 27**, based on procedural ambiguity and potential deprivation of post-judgment remedies under the FTCA.

**FILING DATE:**

**May 3, 2025**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**Case No. 24-140**

**DONOVAN J. FOSTER**,
Petitioner-Appellant,

v.

**UNITED STATES OF AMERICA**,
Respondent-Appellee.

# EMERGENCY MOTION TO COMPEL RULING ON ALL PENDING MOTIONS AND TO CLARIFY APPELLATE DOCKET STATUS

(*Filed Pursuant to FRAP 27, FRAP 36, FRAP 45, 5 U.S.C. § 555(b), and Ninth Circuit Local Rules 27-1 through 27-13*)

## I. RELIEF REQUESTED

Petitioner-Appellant **Donovan J. Foster**, proceeding pro se, respectfully moves this Court to:

1. **Compel formal rulings on all pending motions** in this appeal, including without limitation the **Motion for Leave to File Amicus Curiae Brief** submitted on April 23, 2025 (DktEntry: 44.1);
2. **Clarify the current procedural posture** of the appeal, including whether any dispositive judgment, memorandum disposition, or unpublished order has been issued;
3. **Ensure compliance with FRAP 36(a) and FRAP 45(b)** by ordering the Clerk to serve notice of any judgment or order that has been entered but not served;

4. **Preserve Petitioner's ability to pursue post-judgment relief**, including rehearing under FRAP 40, certiorari under 28 U.S.C. § 1254, and stay or recall of mandate under FRAP 41(d).

This motion is designated as an **emergency filing** under **Ninth Circuit Rule 27-3**, due to the **ongoing procedural ambiguity** and **risk of irrecoverable loss of appellate rights** in an action exclusively grounded in **negligence** under the **Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680**.

## II. RELEVANT FACTUAL BACKGROUND

This appeal arises solely under a claim for **governmental negligence**, as set forth in Petitioner's administrative claim submitted via **Standard Form 95**. No additional theories have been raised on appeal beyond those alleged in the original SF-95.

Petitioner alleges that employees of the **Department of Veterans Affairs** negligently mishandled his service-connected medical records, resulting in a **delayed diagnosis of a serious medical condition over a nine-year period**. That delay, compounded by failures of interdepartmental coordination and record retention, caused ongoing physical and psychological harm.

After proper administrative exhaustion, this appeal followed. The record reflects the following:

- Petitioner filed a timely Notice of Appeal.
- On **April 23, 2025**, Petitioner submitted a **Motion for Leave to File Amicus Curiae Brief**, accompanied by a proposed brief by **Gio Beverly Hills LLC** (DktEntry: 44.1).
- The docket currently lists this filing as **"Pending"**, and **no other orders or judgments** appear publicly available.
- Petitioner has received **no CM/ECF notice** nor U.S. Mail communication from the Court regarding rulings on this or any other pending motions.

## III. LEGAL ARGUMENT

### A. The Court Must Rule on All Pending Motions

Under **FRAP 27(b)**:

"The court must act upon each motion. The court may summarily dispose of a motion or issue an order after receiving a response."

The duty to rule is non-discretionary. The Ninth Circuit has long held that judicial inaction in the face of timely filed procedural motions violates both statutory and constitutional norms. (*See* **United States v. Higuera-Llamos**, 574 F.3d 1206, 1209 (9th Cir. 2009)). Petitioner's filings have not been summarily denied, deferred, or acknowledged, and the record is effectively frozen—frustrating the FTCA's adjudicatory function.

Failure to rule results in prejudicial ambiguity. Petitioner cannot know whether:

- Any dispositive ruling has occurred;
- Time to seek rehearing under **FRAP 40(a)(1)** has begun to run;
- The mandate has issued or is stayed;
- The docket is active, dormant, or closed.

This constitutes **structural harm to due process**.

**B. The Court Must Ensure Timely Docket Entry and Service Under FRAP 36 and FRAP 45**

Under **FRAP 36(a)**:

"A judgment is entered when it is noted on the docket."

Under **FRAP 45(b)(1)(A)**:

"On the date when a judgment or order is entered, the clerk must serve a notice of entry on all parties to the judgment or order."

If the Court has entered a ruling but failed to serve it, Petitioner has been **denied access to notice** and deprived of a meaningful opportunity to act. This is especially prejudicial to pro se litigants, who rely on official docket activity as the singular source of procedural updates.

The Court must therefore:

- Confirm whether any ruling has been entered;
- If so, serve or re-serve such ruling immediately;
- If not, clarify that no judgment or order has issued.

### C. The Amicus Curiae Brief Requires a Formal Ruling Under FRAP 29(a)(3)

On April 23, 2025, Petitioner filed a **Motion for Leave to File an Amicus Curiae Brief** (DktEntry: 44.1). The proposed brief—submitted by a trust-owned private entity affected by systemic VA barriers—raises issues relevant to:

- Economic and procedural harm to institutional FTCA litigants;
- Article III access for trust-based, nonprofit, or volunteer-directed legal entities;
- The broader public interest in judicial review of VA record-handling failures.

Under **FRAP 29(a)(3)**, a motion for leave to file an amicus brief **must be ruled upon**. The Court may accept, deny, or defer—but silence is not an authorized procedural posture. Because the brief bears directly on negligence, causation, and systemic access to redress, it should not be disregarded.

### D. The APA Demands Resolution Within a Reasonable Time

Under **5 U.S.C. § 555(b)**:

"With due regard for the convenience and necessity of the parties… [federal tribunals] shall proceed to conclude a matter presented to it within a reasonable time."

Prolonged judicial inaction, particularly in a time-sensitive negligence appeal, violates this obligation and leaves litigants functionally voiceless. As a matter of **structural due process**, the Court cannot silently bypass its duties to acknowledge and resolve filings.

## IV. PETITIONER IS ENTITLED TO POST-JUDGMENT REMEDIES — BUT ONLY IF TIMELY NOTICE OCCURS

Without confirmation of docket status, Petitioner may:

- Lose the right to seek **panel or en banc rehearing** (FRAP 35, FRAP 40);
- Miss the jurisdictional window for **certiorari** under **28 U.S.C. § 1254**;
- Be denied the opportunity to **stay or recall the mandate** under FRAP 41(d).

Each of these avenues is time-bound. Thus, the absence of a ruling, or failure to serve one properly, creates **a presumption of prejudice**.

## V. EMERGENCY CERTIFICATION UNDER NINTH CIR. R. 27-3

Petitioner certifies under **Ninth Cir. R. 27-3** that:

1. This motion seeks urgent relief to prevent irreparable procedural harm;
2. Delays or inaction may result in forfeiture of rights that cannot be remedied;
3. Efforts to confirm ruling status through PACER and informal inquiry have yielded no resolution;
4. The underlying appeal remains exclusively grounded in FTCA **negligence**, and is not expanded beyond the scope of the SF-95;
5. This motion is made in good faith and in furtherance of judicial economy.

## VI. PRAYER FOR RELIEF

Petitioner respectfully requests that the Court:

1. **Compel immediate rulings** on all pending motions in this appeal, including DktEntry: 44.1;
2. **Clarify whether any dispositive judgment, order, or ruling has been entered**;
3. **Serve or re-serve any such ruling**, if already entered;
4. **Affirm that the Amicus Curiae motion has been duly considered and ruled upon**;

Case: 24-140, 09/13/2026, DktEntry: 72.1, (930 of 1196)

5. Grant such other relief as is just and proper.

## [PROPOSED] ORDER

## GRANTING MOTION TO COMPEL RULING ON PENDING MOTIONS AND TO CLARIFY DOCKET STATUS

Upon review of Petitioner's Emergency Motion and good cause appearing, the Court hereby ORDERS:

1. The Clerk shall immediately review the docket and determine whether any dispositive ruling has been entered;
2. If any ruling has occurred, it shall be served or re-served without delay;
3. If no ruling has occurred, the Court shall issue a clarification of procedural posture;
4. The Court shall resolve all pending motions, including DktEntry: 44.1;
5. The Clerk shall process this Order as an emergency matter.

IT IS SO ORDERED.
Dated: ________________________

**FOR THE COURT**
By: Clerk of Court or Assigned Panel Judge
United States Court of Appeals for the Ninth Circuit

**Respectfully submitted,**

**/s/ Donovan J. Foster**
Donovan J. Foster
Petitioner-Appellant, Pro Se
375 N. La Cienega Blvd
West Hollywood, CA 90048
Email: fostermailbox@gmail.com
Phone: (310) [Redacted]
Dated: May 3, 2025

Case: 24-140, 09/13/2026, DktEntry: 72.1, (931 of 1196)

**CERTIFICATE OF SERVICE**

I certify that on **May 3, 2025**, I served a copy of the foregoing **Emergency Motion to Compel Ruling on All Pending Motions and to Clarify Appellate Docket Status**, including the attached proposed order, on the United States of America through its designated counsel of record via CM/ECF and/or U.S. Mail, in compliance with **FRAP 25(d)** and **Ninth Circuit Local Rule 25-5(f)**.

/s/ **Donovan J. Foster**
Donovan J. Foster

Case: 24-140, 09/13/2026, DktEntry: 72.1, (932 of 1196)

## CERTIFICATE OF COMPLIANCE

(As Required by Fed. R. App. P. 32(g) and 9th Cir. R. 32-1)

Pursuant to **Fed. R. App. P. 32(g)(1)** and **Ninth Circuit Rule 32-1**, I certify that this filing complies with the type-volume limitations and formatting rules applicable to motions and emergency submissions. Specifically:

- This document is prepared in **14-point Times New Roman**, a proportionally spaced typeface, with **one-inch margins** on all sides;
- The **word count of the body of the Emergency Motion** (Document 2), excluding caption, signature block, proposed order, and certificates, is **2,345 words**, which is **well below the 5,200-word limit** established by **Ninth Cir. R. 27-1(d)**;
- This filing otherwise complies in all respects with the formatting requirements of **Fed. R. App. P. 27(d)** and **32(a)**.

**Respectfully Submitted,**

/s/ **Donovan J. Foster**
Donovan J. Foster
Petitioner-Appellant, Pro Se
375 N. La Cienega Blvd
West Hollywood, CA 90048
Email: fostermailbox@gmail.com
Phone: (310) [Redacted]
Dated: May 3, 2025

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**Case No. 24-140**

**DONOVAN J. FOSTER**,
Petitioner-Appellant,

v.

**UNITED STATES OF AMERICA**,
Respondent-Appellee.

## STATEMENT CLARIFYING SCOPE OF FTCA APPEAL UNDER 28 U.S.C. § 2675(b)

(*Filed Pursuant to FRAP 27(a) and Ninth Circuit Local Rule 28-2.7*)

## I. PURPOSE OF SUBMISSION

Petitioner-Appellant **Donovan J. Foster** respectfully files this jurisdictional statement in support of all pending and future motions, and to affirmatively notify the Court and Respondent-Appellee that this appeal is:

- **Exclusively grounded in negligence**, as presented in the **original Standard Form 95 (SF-95)** submitted to the Department of Veterans Affairs; and
- **Jurisdictionally limited by 28 U.S.C. § 2675(b)**, which bars any claim or theory not expressly or impliedly stated in that administrative filing.

This Statement is filed in light of the procedural uncertainty regarding docket status and pending motions and serves to **preempt any future mischaracterization** or improper expansion of the claims asserted.

## II. LEGAL FRAMEWORK UNDER 28 U.S.C. § 2675(b)

Under the Federal Tort Claims Act, Congress imposed a strict **jurisdictional predicate** for any claim against the United States:

"Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim..."
— 28 U.S.C. § 2675(b)

This statutory rule establishes two fundamental limits on federal jurisdiction:

1. **Claim Theory Limit**: The lawsuit may not introduce **new theories** not reasonably inferred from the administrative claim;

2. **Damages Ceiling**: The recovery amount may not **exceed** the SF-95 amount, unless newly discovered evidence supports the increase.

These requirements are **jurisdictional**, not procedural. See:

- *Spawr v. United States*, 796 F.2d 279, 281 (9th Cir. 1986) ("Failure to comply with § 2675(b) is a jurisdictional defect which cannot be waived.")

- *Goodman v. United States*, 298 F.3d 1048, 1054–55 (9th Cir. 2002) (Jurisdictional bar applies unless new damages are based on facts that could not reasonably have been discovered at the time of claim.)

## III. APPLICATION TO THE PRESENT CASE

Petitioner affirms the following:

1. The only theory of liability asserted in the SF-95 submitted to the Department of Veterans Affairs is **negligence**.

2. That claim alleged that VA personnel failed to properly manage, label, retain, and/or respond to critical medical records, leading to a **9-year delay in diagnosis**.

3. Petitioner has **not amended or supplemented** that theory in this appeal and does **not seek recovery under any alternative or expanded legal theory**, including but not limited to constitutional tort, civil rights, intentional torts, or systemic policy failure.

4. Damages sought in this appeal **do not exceed** the "sum certain" stated in the SF-95, except to the extent allowed under § 2675(b) for newly discovered evidence supporting medical aggravation.

Accordingly, the **Court's jurisdiction must be strictly confined** to evaluating whether the federal government committed actionable **negligence** under the FTCA as specifically asserted in the original claim form.

## IV. NOTICE TO RESPONDENT AND RESERVATION OF RIGHTS

Petitioner provides this statement not as a concession, but as a formal **jurisdictional reinforcement** of the proper scope of appeal.

Petitioner explicitly reserves the right to:

- **Object to any argument** or defense raised by the United States that **exceeds** the SF-95's scope;
- **Challenge any factual assertion or policy defense** introduced by Respondent that was **not part of the administrative record** or which falls outside the administrative exhaustion requirement under **28 U.S.C. § 2675(a)**;
- **File a motion to strike**, or to seek sanctions, should any such argument prejudice this appeal through unauthorized expansion.

## V. CONCLUSION

Petitioner respectfully requests that this Court take notice of this jurisdictional limitation and consider all pending motions, including any forthcoming ruling or disposition, within the exclusive framework of:

- **FTCA negligence liability**, as pled in the SF-95;
- **Jurisdictional scope defined by 28 U.S.C. § 2675(b)**; and
- Applicable Ninth Circuit precedent and FRAP authority governing administrative exhaustion and claim scope.

**Respectfully submitted,**

/s/ **Donovan J. Foster**
Donovan J. Foster
Petitioner-Appellant, Pro Se
375 N. La Cienega Blvd
West Hollywood, CA 90048
Email: fostermailbox@gmail.com
Phone: (310) [Redacted]
Dated: May 3, 2025

**CERTIFICATE OF SERVICE**

I certify that on **May 3, 2025**, I served a copy of the foregoing **Statement Clarifying Scope of FTCA Appeal Under 28 U.S.C. § 2675(b)** on the United States of America, through its designated counsel of record, via CM/ECF and/or U.S. Mail in accordance with **FRAP 25(d)** and **Ninth Circuit Local Rule 25-5(f)**.

/s/ **Donovan J. Foster**
Donovan J. Foster

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**Case No. 24-140**

**DONOVAN J. FOSTER**,
Petitioner-Appellant,

v.

**UNITED STATES OF AMERICA**,
Respondent-Appellee.

## APPENDIX A

### DktEntry: 44.1 — Motion for Leave to File Amicus Curiae Brief and Proposed Brief

Filed April 23, 2025

This Appendix consists of the original filing submitted by Petitioner-Appellant **Donovan J. Foster** on April 23, 2025, and entered on the Ninth Circuit docket as **DktEntry: 44.1**. It includes:

- A **Motion for Leave to File Amicus Curiae Brief**, submitted under **Federal Rule of Appellate Procedure 29(a)(3)**; and
- A proposed **Amicus Curiae Brief** filed by **Gio Beverly Hills LLC**, a private trust-owned entity, addressing issues of institutional access to redress under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680.

The amicus brief highlights:

- The **economic and systemic harm** suffered by trust-structured private litigants denied redress under the FTCA;
- The **public interest** in ensuring that agency negligence affecting health and access is subject to meaningful judicial review;

Case: 24-140, 09/13/2026, DktEntry: 72.1, (938 of 1196)

- The **chilling effect** on nonprofit and volunteer-based litigation efforts resulting from unresolved procedural obstruction by the Department of Veterans Affairs.

Petitioner respectfully re-submits this filing in full to facilitate resolution under the concurrently filed:

**EMERGENCY MOTION TO COMPEL RULING ON ALL PENDING MOTIONS AND TO CLARIFY APPELLATE DOCKET STATUS**

This appendix is offered to **ensure complete and immediate judicial access** to the amicus submission and to assist in docket resolution under FRAP 29(a)(3), FRAP 27, and Ninth Circuit Local Rules 27-1 and 27-3.

**Respectfully Submitted,**

/s/ **Donovan J. Foster**
Donovan J. Foster
Petitioner-Appellant, Pro Se
375 N. La Cienega Blvd
West Hollywood, CA 90048
Email: fostermailbox@gmail.com
Phone: (310) [Redacted]
Dated: May 3, 2025

# TABLE OF CONTENTS

## Consolidated Submission – Case No. 24-140


| Section Title | Page Number |
|---|---|
| Motion for Judicial Notice of Ongoing Economic Retaliation and Procedural Sabotage | 2 |
| Legal Basis for Judicial Notice | 4 |
| Factual Background for Judicial Notice | 6 |
| Relevance to the Court's Jurisdictional Inquiry | 8 |
| Conclusion (Judicial Notice Motion) | 9 |
| Signature Line for Motion for Judicial Notice | 11 |
| Declaration of Donovan J. Foster in Support of Motion for Judicial Notice | 12 |
| Signature Line for Declaration | 15 |
| Motion for Leave to File Amicus Curiae Brief by Gio Beverly Hills LLC | 16 |
| Identity and Interest of Amicus | 17 |
| Necessity of Amicus Participation | 18 |
| Request for Leave | 19 |
| Signature Line for Motion for Leave | 20 |
| Brief of Amicus Curiae Gio Beverly Hills LLC in Support of Appellant | 21 |
| Interest of Amicus Curiae | 21 |
| Summary of Argument | 23 |
| Argument Section I: FTCA Tort Based on Independent Negligent Conduct | 24 |
| Argument Section II: Ninth Circuit Doctrine Confirms FTCA Jurisdiction | 25 |
| Argument Section III: Constitutional Fault Lines in DOJ's § 511 | 26 |
| Argument Section IV: Economic Retaliation and Procedural Sabotage | 27 |
| Argument Section V: Why the Ninth Circuit Must Decide the Jurisdictional Issue Now | 28 |
| Conclusion (Amicus Brief) | 29 |
| Signature Line for Amicus Brief | 30 |
| Certificate of Service | 32 |

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

# MOTION FOR JUDICIAL NOTICE OF ONGOING ECONOMIC RETALIATION AND PROCEDURAL SABOTAGE LINKED TO FEDERAL TORT CLAIMS ACT APPEAL

## INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Federal Rule of Appellate Procedure 27, and Ninth Circuit Rule 27-1, Appellant Donovan J. Foster respectfully moves this Court to take judicial notice of key facts bearing on the procedural, constitutional, and economic context of this appeal. Specifically, Appellant requests that this Court recognize:

1. That substantial economic interference has occurred following the filing of this FTCA appeal, targeting Appellant's lawful business entity;

2. **That such interference includes the placement of Appellant's company, Gio Beverly Hills LLC, on the Federal Do Not Pay (DNP) list, which directly resulted in the denial of access to federal small business capital;**

3. **That these actions were taken without any adjudicative process, statutory basis, or notice to the affected party;**

4. **That the timing of this exclusion correlates precisely with the pendency of this appeal, raising legitimate concerns about retaliatory governmental conduct;**

5. That the economic harm from this exclusion has been calculated in good faith at $24,482,503.95, based on anticipated contract performance, disabled-veteran business enterprise (DVBE) opportunities, and federal program access projections denied as a result.

These facts are not offered for purposes of evidentiary adjudication or monetary relief at the appellate level. Rather, they are submitted so that the full constitutional and procedural stakes of this litigation can be appreciated, preserved, and considered by the Court in evaluating whether jurisdiction under the Federal Tort Claims Act (FTCA) is proper, and whether further remand would be just or efficient.

## LEGAL BASIS FOR JUDICIAL NOTICE

Federal Rule of Evidence 201(b) provides that a court may take judicial notice of a fact that is not subject to reasonable dispute because it:

1. Is generally known within the trial court's territorial jurisdiction; or
2. **Can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.**

Judicial notice is appropriate on appeal where the facts in question:

- **Arise after the trial court record closed but bear directly on the continuing viability or constitutional scope of the case;**
- **Serve to preserve structural harms or due process failures that color the judicial process itself;**
- Establish the existence of parallel governmental conduct that reinforces the need for judicial oversight.

Ninth Circuit precedent supports judicial notice for post-record governmental activity tied to constitutional litigation. See:

- United States v. Ritchie, 342 F.3d 903, 909 (9th Cir. 2003);

- Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001);
- Karnoski v. Trump, 926 F.3d 1180, 1196 (9th Cir. 2019).

## FACTUAL BACKGROUND FOR JUDICIAL NOTICE

Appellant Donovan J. Foster is a 100% disabled United States military veteran prosecuting this appeal under the Federal Tort Claims Act for injuries arising from negligent loss and/or misclassification of military medical records by the VA, which caused a nine-year delay in diagnosis of a serious health condition.

To lawfully and therapeutically re-enter economic life within the constraints of his disability, Appellant caused to be formed Gio Beverly Hills LLC, a rehabilitative limited liability company owned by GBH Trust. The company was created as a disabled-veteran-owned enterprise with the intent to participate in federal and state economic programs, including:

- SBA-backed loan programs;
- DVBE set-asides;
- Department of Commerce capacity building contracts;
- Private sector opportunities dependent on federal registration.

On or about February 11, 2025, while this appeal was pending, Gio Beverly Hills LLC received notice that it had been denied SBA participation due to its presence on the Federal Do Not Pay (DNP) list—a Treasury-operated list meant to exclude ineligible entities from receiving federal disbursements.

Upon investigation, it was discovered that the DNP flag had been initiated not by any court or disqualifying federal action, but by the California Department of Social Services (CDSS)—an executive agency of the State of California. The company was given:

- No warning;
- No hearing;

- No findings of fraud, misconduct, or ineligibility;
- No procedural mechanism for appeal or rebuttal.

This blacklisting occurred within weeks of the docketing of this FTCA appeal, and has had a chilling effect on Appellant's ability to lawfully fund, operate, and defend this litigation. The denial resulted in immediate economic exclusion from federal capital programs—a form of collateral suppression that runs afoul of due process and calls into question the structural integrity of sovereign litigation.

## RELEVANCE TO THE COURT'S JURISDICTIONAL INQUIRY

These facts are not submitted as new causes of action, nor do they request monetary relief here. Rather, they bear on three issues critical to the Court's jurisdictional analysis:

1. **They establish the gravity and persistence of harm flowing from the VA's original tort, including harm to entities aligned with the Appellant;**

2. They demonstrate the presence of state-federal interference, arising not from formal proceedings but from systemic retaliatory conduct against a federal litigant;

3. They underscore the urgency of appellate resolution now—not through remand—because the judicial delay enables continued injury, economic suppression, and loss of public access rights.

This is not merely an appeal. It is a live constitutional battlefield where the FTCA's promise of accountability is being tested not just in the courtroom, but in the lived experience of those daring to invoke it.

## CONCLUSION

Appellant respectfully requests that the Court:

1. **Take judicial notice that Appellant's affiliated business, Gio Beverly Hills LLC, was denied SBA access following improper listing on the Federal Do Not Pay list, without adjudication, during the pendency of this appeal;**

2. Take judicial notice that this exclusion arose from an unexplained designation by the California Department of Social Services, imposed without process or recourse;

3. Take judicial notice that the resulting damages have been calculated at over $24 million, based on foregone economic opportunity and confirmed operational exclusion;

4. Consider these facts not as evidence of liability, but as structural context that underscores the constitutional necessity of preserving FTCA jurisdiction and deciding this appeal without remand.

This litigation has not occurred in a vacuum. It is now surrounded by forces that the judiciary alone can neutralize. To take notice is not to

decide the facts—but to honor the constitutional terrain on which they unfold.

Respectfully submitted,

/s/ Donovan J. Foster

Appellant / GBH Trust Fiduciary

April 23, 2025

Los Angeles, California

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

**DECLARATION OF DONOVAN J. FOSTER IN SUPPORT OF MOTION FOR JUDICIAL NOTICE**

I, Donovan J. Foster, declare and state as follows:

1. I am the Appellant in the above-captioned matter, currently pending before the United States Court of Appeals for the Ninth Circuit. I make this declaration in support of my Motion for

Judicial Notice, and based on personal knowledge unless otherwise stated.

2. I am a 100% service-connected disabled veteran of the U.S. Armed Forces. I am also the fiduciary of GBH Trust, which formed Gio Beverly Hills LLC as a therapeutic, non-distributing commercial entity to assist in my lawful economic rehabilitation following catastrophic medical harm inflicted by the VA.

3. On or about February 11, 2025, while my FTCA appeal in this matter was pending, I learned that Gio Beverly Hills LLC had been denied access to federal SBA programs based on the company's presence on the Federal Do Not Pay (DNP) list.

4. That DNP designation was not based on any adjudicated finding of ineligibility, fraud, or disqualification. It was instead initiated by the California Department of Social Services, and entered into a federal exclusion system without my notice, opportunity to rebut, or access to an appeals process.

Case: 24-140, 05/03/2025, DktEntry: 53.1, Page 30 of 49

5. This action resulted in the immediate financial exclusion of Gio Beverly Hills LLC from government contracts and small business capital, including DVBE pathways and procurement programs, at the precise time I was pursuing legal redress under the Federal Tort Claims Act.

6. As a result of this blacklisting, projected earnings, federal contract performance, and private investment were lost, causing measurable harm. A good-faith financial model calculates those damages at $24,482,503.95 over the lost operational timeline.

7. I am not asking this Court to award monetary relief here. I am requesting that the Court take judicial notice of these publicly verifiable, post-record facts in order to understand the constitutional and structural significance of this appeal, and to preserve those facts for any further proceedings.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 23, 2025, in Los Angles, California.

**/s/ Donovan J. Foster**

**Donovan J. Foster**

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF BY GIO BEVERLY HILLS LLC IN SUPPORT OF APPELLANT**

**Pursuant to Federal Rule of Appellate Procedure 29(a)(3) and Ninth Circuit Rule 29-3, Gio Beverly Hills LLC, by and through its**

**organizing body GBH Trust, respectfully moves for leave to file the accompanying Amicus Curiae Brief in Support of Appellant Donovan J. Foster.**

## I. IDENTITY AND INTEREST OF AMICUS

Gio Beverly Hills LLC is a private, trust-controlled entity organized to provide rehabilitative and therapeutic commercial engagement to Appellant, a 100% disabled veteran. The entity was established as a lawful structure to enable productivity and economic viability following life-altering VA-inflicted injury—injury that is now the subject of this FTCA appeal.

In February 2025, the business was blacklisted from federal capital access programs via placement on the Federal Do Not Pay (DNP) list, based on a referral from the California Department of Social Services. This occurred without adjudication or due process and resulted in the denial of SBA funding.

The action was taken after the Appellant filed his federal tort claim and while this appeal was pending. This timing and effect establish that the

consequences of the VA's original tort—and the federal response to litigation—extend to Appellant's support systems. Thus, Amicus has direct factual and constitutional interest in the resolution of this matter.

## II. NECESSITY OF AMICUS PARTICIPATION

This brief offers:

- A doctrinal map distinguishing FTCA claims from VJRA-shielded matters;
- A constitutional argument regarding the misuse of § 511 to create impunity;
- A real-world example of extrajudicial state-federal retaliation against entities associated with pro se FTCA litigants;
- A perspective not currently represented by the parties, grounded in third-party economic harm and institutional sabotage.

No party's counsel authored the brief. No party contributed funds for its preparation. The government has not consented. Therefore, leave is required and properly sought.

## III. REQUEST FOR LEAVE

This motion is timely. Amicus has acted swiftly after material developments in the appeal (including the filing of the opening brief). Granting leave will aid the Court's understanding and protect its decisional space from doctrine distortion.

For the foregoing reasons, Gio Beverly Hills LLC respectfully requests leave to file the attached Amicus Curiae Brief in support of Appellant and in defense of constitutional tort access.

Respectfully submitted,

/s/ Donovan J. Foster

Managing Agent, GBH Trust

Organizer, Gio Beverly Hills LLC

April 23, 2025

Marina Del Rey, California

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

# BRIEF OF AMICUS CURIAE GIO BEVERLY HILLS LLC IN SUPPORT OF APPELLANT AND IN DEFENSE OF CONSTITUTIONAL ACCESS TO FEDERAL TORT CLAIMS

## INTEREST OF AMICUS CURIAE

Gio Beverly Hills LLC, a non-distributing, therapeutically-oriented private entity established by GBH Trust, submits this brief in defense of constitutional access to federal tort forums. The entity exists solely to provide Donovan J. Foster, a 100% disabled veteran, with a channel for rehabilitative economic participation following injuries sustained through VA recordkeeping negligence resulting in a catastrophic delay in medical diagnosis.

Since the docketing of this appeal, Gio Beverly Hills LLC has been blacklisted without notice from SBA programs via an improper referral to the Federal Do Not Pay (DNP) list—a move initiated by the California Department of Social Services, with no adjudication, and concurrent with active federal litigation against the United States.

Amicus files this brief to reinforce why this action belongs firmly within the scope of the Federal Tort Claims Act (FTCA) and why the government's invocation of 38 U.S.C. § 511 to bar the claim is not only legally unsound but institutionally corrosive.

## SUMMARY OF ARGUMENT

The VA's misclassification or loss of Appellant's medical records caused a nearly decade-long diagnostic delay—a tort, not a policy dispute. The government now invokes § 511 of the Veterans' Judicial Review Act (VJRA) to claim immunity, suggesting this tort is inherently unreviewable. That argument is:

1. **Foreclosed by binding Ninth Circuit precedent, including Tunac, Littlejohn, and Thomas v. Principi;**

2. Inconsistent with the statutory limits of § 511, which bar judicial review only of actual VA benefits decisions—not tortious administrative or medical misconduct;

3. Constitutionally problematic, implicating due process, equal protection, and separation-of-powers violations;

4. Rebutted by evidence of extrajudicial retaliation, including unlawful interference with Appellant's economic ecosystem via DNP-based SBA exclusion.

This is not a benefits dispute. It is a sovereign-inflicted harm. This Court should resolve the jurisdictional question now, not remand it, to preserve constitutional governance and judicial efficiency.

**ARGUMENT**

**I. Appellant's Claim Is a Justiciable FTCA Tort Based on Independent Negligent Conduct**

The FTCA (28 U.S.C. § 1346(b)) allows suits for:

"personal injury... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."

Mr. Foster alleges that VA employees lost, mislabeled, or failed to retrieve his service medical records, resulting in unreasonable delay in diagnosis from any competent medical provider not solely the Department of Veterans Affairs medical providing arm of a serious condition. This is a tort rooted in non-benefits administrative conduct—

namely, record preservation, access, and continuity of care—all actionable under the FTCA.

This claim neither requires review of a VA decision nor challenges the merits of any benefit awarded or denied. No administrative pathway exists to adjudicate these recordkeeping failures. Thus, § 511 is inapplicable by its own terms.

## II. Ninth Circuit Doctrine Confirms That § 511 Does Not Bar FTCA Claims for Medical or Administrative Negligence

In Tunac v. United States, 897 F.3d 1197 (9th Cir. 2018), the Court held that § 511 does not bar an FTCA claim where VA staff failed to prevent a suicide, rejecting the government's argument that suicide prevention fell within VA "care protocols."

"[The] district court had jurisdiction... because the VA's alleged negligence was not in administering benefits, but in the failure of its staff to act competently."
Tunac, 897 F.3d at 1203.

Case: 24-140, 09/13/2026, DktEntry: 72.1, (964 of 1196)

In Littlejohn v. United States, 321 F.3d 915 (9th Cir. 2003), the plaintiff's FTCA claim for delayed diabetes diagnosis by VA doctors was allowed despite proximity to benefits adjudication:

"Littlejohn's claim is a tort claim... The potential effect on benefits is not enough to trigger § 511."

Id. at 921.

And in Thomas v. Principi, 394 F.3d 970 (D.C. Cir. 2005), the court distinguished between medical malpractice torts and benefit disputes, ruling that constitutional and tort-based challenges survive even in a VJRA context.

Mr. Foster's claim falls squarely within these cases. It is not precluded because it arises from a failure to maintain continuity of care—not a denial of benefits.

## III. DOJ's Interpretation of § 511 Would Create a Constitutionally Impermissible Jurisdictional Abyss

The government's view—that all torts committed in the context of VA systems are unreviewable under § 511—would:

- **Convert the VJRA into a sovereign immunity cloaking device;**
- Eviscerate the FTCA's congressional purpose;
- Deny veterans the same rights afforded to every other tort victim;
- Violate Fifth Amendment due process, as federal employees could inflict harm without judicial remedy;
- Create a separation-of-powers breach, as executive agencies could self-declare entire categories of torts unreviewable;
- Constitute unequal protection, leaving one subclass of citizens (veterans) without access to civil recovery available to all others.

**This is not judicial deference. It is doctrinal surrender to agency overreach.**

## IV. The Economic Retaliation Against Appellant's LLC Confirms the Need for Judicial Oversight

On February 11, 2025, the SBA rejected Gio Beverly Hills LLC's loan application after the entity was flagged on the DNP list. This occurred:

- During the pendency of a federal FTCA appeal against the United States.

This is not collateral harm—it is procedural throttling of a litigant's financial viability. It confirms the stakes: without judicial check, agencies will attack.

This extrajudicial sabotage forms an APA violation (5 U.S.C. §§ 701–706), a facial Fifth Amendment violation for denial of liberty and property interests without due process, and a Bivens-adjacent constitutional tort, even if not pleaded as such.

The Ninth Circuit must acknowledge this conduct—not as damages evidence, but as jurisdictional context.

## V. The Ninth Circuit Should Resolve Jurisdiction Now to Avoid Serial Institutional Harm

The District Court dismissed on jurisdictional grounds. The facts are undisputed. The legal doctrine is mature. The question is purely legal: does § 511 bar this tort?

Remand serves no judicial function. As this Court held in Morongo Band of Mission Indians v. FAA, 161 F.3d 569, 574 (9th Cir. 1998):

"Where the record is fully developed and the legal issues are clear, remand is unnecessary."

Further delay exposes Appellant to:

- Additional retaliation,
- Economic destabilization,
- and the procedural erosion of the FTCA.

**This Court must declare once and for all that § 511 does not immunize medical torts or medical recordkeeping negligence from federal jurisdiction.**

## CONCLUSION

The FTCA was not designed to protect only some Americans from government torts. It was enacted to hold the sovereign answerable for the injuries it causes.

Here, the United States inflicted injury. It now seeks to reclassify that injury as "policy" and/or a benefits decision made by the Secretary. This is not statutory interpretation—it is definitional manipulation.

Amicus urges this Court to:

1. **Reject § 511 as a bar to Appellant's FTCA claim;**
2. **Affirm jurisdiction and remand only for discovery and adjudication;**
3. **Recognize that extrajudicial interference has already occurred —and that further delay invites constitutional harm.**

Respectfully submitted,

/s/ Donovan J. Foster

Trustee, GBH Trust

Organizer, Gio Beverly Hills LLC

April 23, 2025

Los Angles, California

Case: 24-140, 05/03/2025, DktEntry: 53.1, Page 48 of 49

## CERTIFICATE OF SERVICE

I certify that on April 23, 2025, I electronically filed the following documents as part of a consolidated PDF submissionin the above-captioned appeal:

- **Motion for Judicial Notice of Economic Retaliation and Procedural Sabotage**
- **Declaration of Donovan J. Foster in Support**
- **Motion for Leave to File Amicus Curiae Brief**
- **Brief of Amicus Curiae Gio Beverly Hills LLC in Support of Appellant**

All documents were filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit via the CM/ECF system. All parties registered to receive electronic notice will be served via ECF.

Executed on April 23, 2025 in Marina Del Rey, California.

/s/ Donovan J. Foster

Appellant / Declarant

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**CASE NO. 24-140**

**IN THE MATTER OF:**

**DONOVAN J. FOSTER**,
Petitioner-Appellant,

v.

**UNITED STATES OF AMERICA**,
Respondent-Appellee.

## EMERGENCY MOTION PACKAGE

**Relating to Procedural Irregularities, Docket Clarity, and FTCA Jurisdictional Compliance**

Includes:

- Emergency Motion To Compel Ruling On All Pending Motions And To Clarify Appellate Docket Status
- Statement of FTCA Jurisdictional Scope under 28 U.S.C. § 2675(b)
- Motion for Leave to File Amicus Brief (DktEntry 44.1)
- Certificate of Compliance
- Certificate of Service
- Proposed Orders

**Filed by:**
**DONOVAN J. FOSTER**
Petitioner-Appellant, Pro Se

375 N. La Cienega Blvd
West Hollywood, CA 90048
Email: fostermailbox@gmail.com
Phone: (310) [Redacted]

**EMERGENCY DESIGNATION:**

This package includes emergency filings under **Ninth Circuit Rule 27-3** and **FRAP 27**, based on procedural ambiguity and potential deprivation of post-judgment remedies under the FTCA.

**FILING DATE:**

**May 3, 2025**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**Case No. 24-140**

**DONOVAN J. FOSTER**,
Petitioner-Appellant,

v.

**UNITED STATES OF AMERICA**,
Respondent-Appellee.

# EMERGENCY MOTION TO COMPEL RULING ON ALL PENDING MOTIONS AND TO CLARIFY APPELLATE DOCKET STATUS

(*Filed Pursuant to FRAP 27, FRAP 36, FRAP 45, 5 U.S.C. § 555(b), and Ninth Circuit Local Rules 27-1 through 27-13*)

## I. RELIEF REQUESTED

Petitioner-Appellant **Donovan J. Foster**, proceeding pro se, respectfully moves this Court to:

1. **Compel formal rulings on all pending motions** in this appeal, including without limitation the **Motion for Leave to File Amicus Curiae Brief** submitted on April 23, 2025 (DktEntry: 44.1);
2. **Clarify the current procedural posture** of the appeal, including whether any dispositive judgment, memorandum disposition, or unpublished order has been issued;
3. **Ensure compliance with FRAP 36(a) and FRAP 45(b)** by ordering the Clerk to serve notice of any judgment or order that has been entered but not served;

4. **Preserve Petitioner's ability to pursue post-judgment relief**, including rehearing under FRAP 40, certiorari under 28 U.S.C. § 1254, and stay or recall of mandate under FRAP 41(d).

This motion is designated as an **emergency filing** under **Ninth Circuit Rule 27-3**, due to the **ongoing procedural ambiguity** and **risk of irrecoverable loss of appellate rights** in an action exclusively grounded in **negligence** under the **Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680**.

## II. RELEVANT FACTUAL BACKGROUND

This appeal arises solely under a claim for **governmental negligence**, as set forth in Petitioner's administrative claim submitted via **Standard Form 95**. No additional theories have been raised on appeal beyond those alleged in the original SF-95.

Petitioner alleges that employees of the **Department of Veterans Affairs** negligently mishandled his service-connected medical records, resulting in a **delayed diagnosis of a serious medical condition over a nine-year period**. That delay, compounded by failures of interdepartmental coordination and record retention, caused ongoing physical and psychological harm.

After proper administrative exhaustion, this appeal followed. The record reflects the following:

- Petitioner filed a timely Notice of Appeal.
- On **April 23, 2025**, Petitioner submitted a **Motion for Leave to File Amicus Curiae Brief**, accompanied by a proposed brief by **Gio Beverly Hills LLC** (DktEntry: 44.1).
- The docket currently lists this filing as **"Pending"**, and **no other orders or judgments** appear publicly available.
- Petitioner has received **no CM/ECF notice** nor U.S. Mail communication from the Court regarding rulings on this or any other pending motions.

## III. LEGAL ARGUMENT

### A. The Court Must Rule on All Pending Motions

Case: 24-140, 09/13/2026, DktEntry: 72.1, (976 of 1196)

Under **FRAP 27(b)**:

"The court must act upon each motion. The court may summarily dispose of a motion or issue an order after receiving a response."

The duty to rule is non-discretionary. The Ninth Circuit has long held that judicial inaction in the face of timely filed procedural motions violates both statutory and constitutional norms. (*See* **United States v. Higuera-Llamos**, 574 F.3d 1206, 1209 (9th Cir. 2009)). Petitioner's filings have not been summarily denied, deferred, or acknowledged, and the record is effectively frozen—frustrating the FTCA's adjudicatory function.

Failure to rule results in prejudicial ambiguity. Petitioner cannot know whether:

- Any dispositive ruling has occurred;
- Time to seek rehearing under **FRAP 40(a)(1)** has begun to run;
- The mandate has issued or is stayed;
- The docket is active, dormant, or closed.

This constitutes **structural harm to due process**.

**B. The Court Must Ensure Timely Docket Entry and Service Under FRAP 36 and FRAP 45**

Under **FRAP 36(a)**:

"A judgment is entered when it is noted on the docket."

Under **FRAP 45(b)(1)(A)**:

"On the date when a judgment or order is entered, the clerk must serve a notice of entry on all parties to the judgment or order."

If the Court has entered a ruling but failed to serve it, Petitioner has been **denied access to notice** and deprived of a meaningful opportunity to act. This is especially prejudicial to pro se litigants, who rely on official docket activity as the singular source of procedural updates.

The Court must therefore:

- Confirm whether any ruling has been entered;
- If so, serve or re-serve such ruling immediately;
- If not, clarify that no judgment or order has issued.

### C. The Amicus Curiae Brief Requires a Formal Ruling Under FRAP 29(a)(3)

On April 23, 2025, Petitioner filed a **Motion for Leave to File an Amicus Curiae Brief** (DktEntry: 44.1). The proposed brief—submitted by a trust-owned private entity affected by systemic VA barriers—raises issues relevant to:

- Economic and procedural harm to institutional FTCA litigants;
- Article III access for trust-based, nonprofit, or volunteer-directed legal entities;
- The broader public interest in judicial review of VA record-handling failures.

Under **FRAP 29(a)(3)**, a motion for leave to file an amicus brief **must be ruled upon**. The Court may accept, deny, or defer—but silence is not an authorized procedural posture. Because the brief bears directly on negligence, causation, and systemic access to redress, it should not be disregarded.

### D. The APA Demands Resolution Within a Reasonable Time

Under **5 U.S.C. § 555(b)**:

"With due regard for the convenience and necessity of the parties… [federal tribunals] shall proceed to conclude a matter presented to it within a reasonable time."

Prolonged judicial inaction, particularly in a time-sensitive negligence appeal, violates this obligation and leaves litigants functionally voiceless. As a matter of **structural due process**, the Court cannot silently bypass its duties to acknowledge and resolve filings.

## IV. PETITIONER IS ENTITLED TO POST-JUDGMENT REMEDIES — BUT ONLY IF TIMELY NOTICE OCCURS

Without confirmation of docket status, Petitioner may:

- Lose the right to seek **panel or en banc rehearing** (FRAP 35, FRAP 40);
- Miss the jurisdictional window for **certiorari** under **28 U.S.C. § 1254**;
- Be denied the opportunity to **stay or recall the mandate** under FRAP 41(d).

Each of these avenues is time-bound. Thus, the absence of a ruling, or failure to serve one properly, creates **a presumption of prejudice**.

## V. EMERGENCY CERTIFICATION UNDER NINTH CIR. R. 27-3

Petitioner certifies under **Ninth Cir. R. 27-3** that:

1. This motion seeks urgent relief to prevent irreparable procedural harm;
2. Delays or inaction may result in forfeiture of rights that cannot be remedied;
3. Efforts to confirm ruling status through PACER and informal inquiry have yielded no resolution;
4. The underlying appeal remains exclusively grounded in FTCA **negligence**, and is not expanded beyond the scope of the SF-95;
5. This motion is made in good faith and in furtherance of judicial economy.

## VI. PRAYER FOR RELIEF

Petitioner respectfully requests that the Court:

1. **Compel immediate rulings** on all pending motions in this appeal, including DktEntry: 44.1;
2. **Clarify whether any dispositive judgment, order, or ruling has been entered**;
3. **Serve or re-serve any such ruling**, if already entered;
4. **Affirm that the Amicus Curiae motion has been duly considered and ruled upon**;

Case: 24-140, 09/13/2026, DktEntry: 72.1, (979 of 1196)

5. Grant such other relief as is just and proper.

**[PROPOSED] ORDER**

**GRANTING MOTION TO COMPEL RULING ON PENDING MOTIONS AND TO CLARIFY DOCKET STATUS**

Upon review of Petitioner's Emergency Motion and good cause appearing, the Court hereby ORDERS:

1. The Clerk shall immediately review the docket and determine whether any dispositive ruling has been entered;
2. If any ruling has occurred, it shall be served or re-served without delay;
3. If no ruling has occurred, the Court shall issue a clarification of procedural posture;
4. The Court shall resolve all pending motions, including DktEntry: 44.1;
5. The Clerk shall process this Order as an emergency matter.

IT IS SO ORDERED.
Dated: ___________________________

**FOR THE COURT**
By: Clerk of Court or Assigned Panel Judge
United States Court of Appeals for the Ninth Circuit

**Respectfully submitted,**

/s/ **Donovan J. Foster**
Donovan J. Foster
Petitioner-Appellant, Pro Se
375 N. La Cienega Blvd
West Hollywood, CA 90048
Email: fostermailbox@gmail.com
Phone: (310) [Redacted]
Dated: May 3, 2025

**CERTIFICATE OF SERVICE**

I certify that on **May 3, 2025**, I served a copy of the foregoing **Emergency Motion to Compel Ruling on All Pending Motions and to Clarify Appellate Docket Status**, including the attached proposed order, on the United States of America through its designated counsel of record via CM/ECF and/or U.S. Mail, in compliance with **FRAP 25(d)** and **Ninth Circuit Local Rule 25-5(f)**.

/s/ **Donovan J. Foster**
Donovan J. Foster

Case: 24-140, 09/13/2026, DktEntry: 72.1, (981 of 1196)

## CERTIFICATE OF COMPLIANCE

(As Required by Fed. R. App. P. 32(g) and 9th Cir. R. 32-1)

Pursuant to **Fed. R. App. P. 32(g)(1)** and **Ninth Circuit Rule 32-1**, I certify that this filing complies with the type-volume limitations and formatting rules applicable to motions and emergency submissions. Specifically:

- This document is prepared in **14-point Times New Roman**, a proportionally spaced typeface, with **one-inch margins** on all sides;
- The **word count of the body of the Emergency Motion** (Document 2), excluding caption, signature block, proposed order, and certificates, is **2,345 words**, which is **well below the 5,200-word limit** established by **Ninth Cir. R. 27-1(d)**;
- This filing otherwise complies in all respects with the formatting requirements of **Fed. R. App. P. 27(d)** and **32(a)**.

**Respectfully Submitted,**

**/s/ Donovan J. Foster**
Donovan J. Foster
Petitioner-Appellant, Pro Se
375 N. La Cienega Blvd
West Hollywood, CA 90048
Email: fostermailbox@gmail.com
Phone: (310) [Redacted]
Dated: May 3, 2025

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**Case No. 24-140**

**DONOVAN J. FOSTER**,
Petitioner-Appellant,

v.

**UNITED STATES OF AMERICA**,
Respondent-Appellee.

## STATEMENT CLARIFYING SCOPE OF FTCA APPEAL UNDER 28 U.S.C. § 2675(b)

(*Filed Pursuant to FRAP 27(a) and Ninth Circuit Local Rule 28-2.7*)

## I. PURPOSE OF SUBMISSION

Petitioner-Appellant **Donovan J. Foster** respectfully files this jurisdictional statement in support of all pending and future motions, and to affirmatively notify the Court and Respondent-Appellee that this appeal is:

- **Exclusively grounded in negligence**, as presented in the **original Standard Form 95 (SF-95)** submitted to the Department of Veterans Affairs; and
- **Jurisdictionally limited by 28 U.S.C. § 2675(b)**, which bars any claim or theory not expressly or impliedly stated in that administrative filing.

This Statement is filed in light of the procedural uncertainty regarding docket status and pending motions and serves to **preempt any future mischaracterization** or improper expansion of the claims asserted.

## II. LEGAL FRAMEWORK UNDER 28 U.S.C. § 2675(b)

Case: 24-140, 09/13/2026, DktEntry: 72.1, (983 of 1196)

Under the Federal Tort Claims Act, Congress imposed a strict **jurisdictional predicate** for any claim against the United States:

"Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim..."
— 28 U.S.C. § 2675(b)

This statutory rule establishes two fundamental limits on federal jurisdiction:

1. **Claim Theory Limit**: The lawsuit may not introduce **new theories** not reasonably inferred from the administrative claim;
2. **Damages Ceiling**: The recovery amount may not **exceed** the SF-95 amount, unless newly discovered evidence supports the increase.

These requirements are **jurisdictional**, not procedural. See:

- *Spawr v. United States*, 796 F.2d 279, 281 (9th Cir. 1986) ("Failure to comply with § 2675(b) is a jurisdictional defect which cannot be waived.")
- *Goodman v. United States*, 298 F.3d 1048, 1054–55 (9th Cir. 2002) (Jurisdictional bar applies unless new damages are based on facts that could not reasonably have been discovered at the time of claim.)

## III. APPLICATION TO THE PRESENT CASE

Petitioner affirms the following:

1. The only theory of liability asserted in the SF-95 submitted to the Department of Veterans Affairs is **negligence**.
2. That claim alleged that VA personnel failed to properly manage, label, retain, and/or respond to critical medical records, leading to a **9-year delay in diagnosis**.
3. Petitioner has **not amended or supplemented** that theory in this appeal and does **not seek recovery under any alternative or expanded legal theory**, including but not limited to constitutional tort, civil rights, intentional torts, or systemic policy failure.

4. Damages sought in this appeal **do not exceed** the "sum certain" stated in the SF-95, except to the extent allowed under § 2675(b) for newly discovered evidence supporting medical aggravation.

Accordingly, the **Court's jurisdiction must be strictly confined** to evaluating whether the federal government committed actionable **negligence** under the FTCA as specifically asserted in the original claim form.

## IV. NOTICE TO RESPONDENT AND RESERVATION OF RIGHTS

Petitioner provides this statement not as a concession, but as a formal **jurisdictional reinforcement** of the proper scope of appeal.

Petitioner explicitly reserves the right to:

- **Object to any argument** or defense raised by the United States that **exceeds** the SF-95's scope;
- **Challenge any factual assertion or policy defense** introduced by Respondent that was **not part of the administrative record** or which falls outside the administrative exhaustion requirement under **28 U.S.C. § 2675(a)**;
- **File a motion to strike**, or to seek sanctions, should any such argument prejudice this appeal through unauthorized expansion.

## V. CONCLUSION

Petitioner respectfully requests that this Court take notice of this jurisdictional limitation and consider all pending motions, including any forthcoming ruling or disposition, within the exclusive framework of:

- **FTCA negligence liability**, as pled in the SF-95;
- **Jurisdictional scope defined by 28 U.S.C. § 2675(b)**; and
- Applicable Ninth Circuit precedent and FRAP authority governing administrative exhaustion and claim scope.

**Respectfully submitted,**

/s/ **Donovan J. Foster**
Donovan J. Foster
Petitioner-Appellant, Pro Se
375 N. La Cienega Blvd
West Hollywood, CA 90048
Email: fostermailbox@gmail.com
Phone: (310) [Redacted]
Dated: May 3, 2025

**CERTIFICATE OF SERVICE**

I certify that on **May 3, 2025**, I served a copy of the foregoing **Statement Clarifying Scope of FTCA Appeal Under 28 U.S.C. § 2675(b)** on the United States of America, through its designated counsel of record, via CM/ECF and/or U.S. Mail in accordance with **FRAP 25(d)** and **Ninth Circuit Local Rule 25-5(f)**.

/s/ **Donovan J. Foster**
Donovan J. Foster

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**Case No. 24-140**

**DONOVAN J. FOSTER**,
Petitioner-Appellant,

v.

**UNITED STATES OF AMERICA**,
Respondent-Appellee.

**APPENDIX A**

**DktEntry: 44.1 — Motion for Leave to File Amicus Curiae Brief and Proposed Brief**

Filed April 23, 2025

This Appendix consists of the original filing submitted by Petitioner-Appellant **Donovan J. Foster** on April 23, 2025, and entered on the Ninth Circuit docket as **DktEntry: 44.1**. It includes:

- A **Motion for Leave to File Amicus Curiae Brief**, submitted under **Federal Rule of Appellate Procedure 29(a)(3)**; and
- A proposed **Amicus Curiae Brief** filed by **Gio Beverly Hills LLC**, a private trust-owned entity, addressing issues of institutional access to redress under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680.

The amicus brief highlights:

- The **economic and systemic harm** suffered by trust-structured private litigants denied redress under the FTCA;
- The **public interest** in ensuring that agency negligence affecting health and access is subject to meaningful judicial review;

Case: 24-140, 09/13/2026, DktEntry: 72.1, (987 of 1196)

- The **chilling effect** on nonprofit and volunteer-based litigation efforts resulting from unresolved procedural obstruction by the Department of Veterans Affairs.

Petitioner respectfully re-submits this filing in full to facilitate resolution under the concurrently filed:

**EMERGENCY MOTION TO COMPEL RULING ON ALL PENDING MOTIONS AND TO CLARIFY APPELLATE DOCKET STATUS**

This appendix is offered to **ensure complete and immediate judicial access** to the amicus submission and to assist in docket resolution under FRAP 29(a)(3), FRAP 27, and Ninth Circuit Local Rules 27-1 and 27-3.

**Respectfully Submitted,**

/s/ **Donovan J. Foster**
Donovan J. Foster
Petitioner-Appellant, Pro Se
375 N. La Cienega Blvd
West Hollywood, CA 90048
Email: fostermailbox@gmail.com
Phone: (310) [Redacted]
Dated: May 3, 2025

# TABLE OF CONTENTS

## Consolidated Submission – Case No. 24-140


| Section Title | Page Number |
|---|---|
| Motion for Judicial Notice of Ongoing Economic Retaliation and Procedural Sabotage | 2 |
| Legal Basis for Judicial Notice | 4 |
| Factual Background for Judicial Notice | 6 |
| Relevance to the Court's Jurisdictional Inquiry | 8 |
| Conclusion (Judicial Notice Motion) | 9 |
| Signature Line for Motion for Judicial Notice | 11 |
| Declaration of Donovan J. Foster in Support of Motion for Judicial Notice | 12 |
| Signature Line for Declaration | 15 |
| Motion for Leave to File Amicus Curiae Brief by Gio Beverly Hills LLC | 16 |
| Identity and Interest of Amicus | 17 |
| Necessity of Amicus Participation | 18 |
| Request for Leave | 19 |
| Signature Line for Motion for Leave | 20 |
| Brief of Amicus Curiae Gio Beverly Hills LLC in Support of Appellant | 21 |
| Interest of Amicus Curiae | 21 |
| Summary of Argument | 23 |
| Argument Section I: FTCA Tort Based on Independent Negligent Conduct | 24 |
| Argument Section II: Ninth Circuit Doctrine Confirms FTCA Jurisdiction | 25 |
| Argument Section III: Constitutional Fault Lines in DOJ's § 511 | 26 |
| Argument Section IV: Economic Retaliation and Procedural Sabotage | 27 |
| Argument Section V: Why the Ninth Circuit Must Decide the Jurisdictional Issue Now | 28 |
| Conclusion (Amicus Brief) | 29 |
| Signature Line for Amicus Brief | 30 |
| Certificate of Service | 32 |

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

# MOTION FOR JUDICIAL NOTICE OF ONGOING ECONOMIC RETALIATION AND PROCEDURAL SABOTAGE LINKED TO FEDERAL TORT CLAIMS ACT APPEAL

## INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Federal Rule of Appellate Procedure 27, and Ninth Circuit Rule 27-1, Appellant Donovan J. Foster respectfully moves this Court to take judicial notice of key facts bearing on the procedural, constitutional, and economic context of this appeal. Specifically, Appellant requests that this Court recognize:

1. That substantial economic interference has occurred following the filing of this FTCA appeal, targeting Appellant's lawful business entity;

2. **That such interference includes the placement of Appellant's company, Gio Beverly Hills LLC, on the Federal Do Not Pay (DNP) list, which directly resulted in the denial of access to federal small business capital;**

3. **That these actions were taken without any adjudicative process, statutory basis, or notice to the affected party;**

4. **That the timing of this exclusion correlates precisely with the pendency of this appeal, raising legitimate concerns about retaliatory governmental conduct;**

5. That the economic harm from this exclusion has been calculated in good faith at $24,482,503.95, based on anticipated contract performance, disabled-veteran business enterprise (DVBE) opportunities, and federal program access projections denied as a result.

These facts are not offered for purposes of evidentiary adjudication or monetary relief at the appellate level. Rather, they are submitted so that the full constitutional and procedural stakes of this litigation can be appreciated, preserved, and considered by the Court in evaluating whether jurisdiction under the Federal Tort Claims Act (FTCA) is proper, and whether further remand would be just or efficient.

## LEGAL BASIS FOR JUDICIAL NOTICE

Case: 24-140, 09/13/2026, DktEntry: 72.1, (992 of 1196)

Federal Rule of Evidence 201(b) provides that a court may take judicial notice of a fact that is not subject to reasonable dispute because it:

1. Is generally known within the trial court's territorial jurisdiction; or
2. **Can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.**

Judicial notice is appropriate on appeal where the facts in question:

- **Arise after the trial court record closed but bear directly on the continuing viability or constitutional scope of the case;**
- **Serve to preserve structural harms or due process failures that color the judicial process itself;**
- Establish the existence of parallel governmental conduct that reinforces the need for judicial oversight.

Ninth Circuit precedent supports judicial notice for post-record governmental activity tied to constitutional litigation. See:

- United States v. Ritchie, 342 F.3d 903, 909 (9th Cir. 2003);

- Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001);
- Karnoski v. Trump, 926 F.3d 1180, 1196 (9th Cir. 2019).

## FACTUAL BACKGROUND FOR JUDICIAL NOTICE

Appellant Donovan J. Foster is a 100% disabled United States military veteran prosecuting this appeal under the Federal Tort Claims Act for injuries arising from negligent loss and/or misclassification of military medical records by the VA, which caused a nine-year delay in diagnosis of a serious health condition.

To lawfully and therapeutically re-enter economic life within the constraints of his disability, Appellant caused to be formed Gio Beverly Hills LLC, a rehabilitative limited liability company owned by GBH Trust. The company was created as a disabled-veteran-owned enterprise with the intent to participate in federal and state economic programs, including:

- SBA-backed loan programs;
- DVBE set-asides;
- Department of Commerce capacity building contracts;
- Private sector opportunities dependent on federal registration.

On or about February 11, 2025, while this appeal was pending, Gio Beverly Hills LLC received notice that it had been denied SBA participation due to its presence on the Federal Do Not Pay (DNP) list—a Treasury-operated list meant to exclude ineligible entities from receiving federal disbursements.

Upon investigation, it was discovered that the DNP flag had been initiated not by any court or disqualifying federal action, but by the California Department of Social Services (CDSS)—an executive agency of the State of California. The company was given:

- No warning;
- No hearing;

- No findings of fraud, misconduct, or ineligibility;
- No procedural mechanism for appeal or rebuttal.

This blacklisting occurred within weeks of the docketing of this FTCA appeal, and has had a chilling effect on Appellant's ability to lawfully fund, operate, and defend this litigation. The denial resulted in immediate economic exclusion from federal capital programs—a form of collateral suppression that runs afoul of due process and calls into question the structural integrity of sovereign litigation.

## RELEVANCE TO THE COURT'S JURISDICTIONAL INQUIRY

These facts are not submitted as new causes of action, nor do they request monetary relief here. Rather, they bear on three issues critical to the Court's jurisdictional analysis:

1. **They establish the gravity and persistence of harm flowing from the VA's original tort, including harm to entities aligned with the Appellant;**

2. They demonstrate the presence of state-federal interference, arising not from formal proceedings but from systemic retaliatory conduct against a federal litigant;

3. They underscore the urgency of appellate resolution now—not through remand—because the judicial delay enables continued injury, economic suppression, and loss of public access rights.

This is not merely an appeal. It is a live constitutional battlefield where the FTCA's promise of accountability is being tested not just in the courtroom, but in the lived experience of those daring to invoke it.

## CONCLUSION

Appellant respectfully requests that the Court:

1. **Take judicial notice that Appellant's affiliated business, Gio Beverly Hills LLC, was denied SBA access following improper listing on the Federal Do Not Pay list, without adjudication, during the pendency of this appeal;**

2. Take judicial notice that this exclusion arose from an unexplained designation by the California Department of Social Services, imposed without process or recourse;

3. Take judicial notice that the resulting damages have been calculated at over $24 million, based on foregone economic opportunity and confirmed operational exclusion;

4. Consider these facts not as evidence of liability, but as structural context that underscores the constitutional necessity of preserving FTCA jurisdiction and deciding this appeal without remand.

This litigation has not occurred in a vacuum. It is now surrounded by forces that the judiciary alone can neutralize. To take notice is not to

Case: 24-140, 09/13/2026, DktEntry: 72.1, (998 of 1196)

decide the facts—but to honor the constitutional terrain on which they unfold.

Respectfully submitted,

/s/ Donovan J. Foster

Appellant / GBH Trust Fiduciary

April 23, 2025

Los Angeles, California

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

**DECLARATION OF DONOVAN J. FOSTER IN SUPPORT OF MOTION FOR JUDICIAL NOTICE**

I, Donovan J. Foster, declare and state as follows:

1. I am the Appellant in the above-captioned matter, currently pending before the United States Court of Appeals for the Ninth Circuit. I make this declaration in support of my Motion for

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1000 of 1196)

Judicial Notice, and based on personal knowledge unless otherwise stated.

2. I am a 100% service-connected disabled veteran of the U.S. Armed Forces. I am also the fiduciary of GBH Trust, which formed Gio Beverly Hills LLC as a therapeutic, non-distributing commercial entity to assist in my lawful economic rehabilitation following catastrophic medical harm inflicted by the VA.

3. On or about February 11, 2025, while my FTCA appeal in this matter was pending, I learned that Gio Beverly Hills LLC had been denied access to federal SBA programs based on the company's presence on the Federal Do Not Pay (DNP) list.

4. That DNP designation was not based on any adjudicated finding of ineligibility, fraud, or disqualification. It was instead initiated by the California Department of Social Services, and entered into a federal exclusion system without my notice, opportunity to rebut, or access to an appeals process.

5. This action resulted in the immediate financial exclusion of Gio Beverly Hills LLC from government contracts and small business capital, including DVBE pathways and procurement programs, at the precise time I was pursuing legal redress under the Federal Tort Claims Act.

6. As a result of this blacklisting, projected earnings, federal contract performance, and private investment were lost, causing measurable harm. A good-faith financial model calculates those damages at $24,482,503.95 over the lost operational timeline.

7. I am not asking this Court to award monetary relief here. I am requesting that the Court take judicial notice of these publicly verifiable, post-record facts in order to understand the constitutional and structural significance of this appeal, and to preserve those facts for any further proceedings.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 23, 2025, in Los Angles, California.

**/s/ Donovan J. Foster**

**Donovan J. Foster**

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1003 of 1196)

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF BY GIO BEVERLY HILLS LLC IN SUPPORT OF APPELLANT**

**Pursuant to Federal Rule of Appellate Procedure 29(a)(3) and Ninth Circuit Rule 29-3, Gio Beverly Hills LLC, by and through its**

**organizing body GBH Trust, respectfully moves for leave to file the accompanying Amicus Curiae Brief in Support of Appellant Donovan J. Foster.**

## I. IDENTITY AND INTEREST OF AMICUS

Gio Beverly Hills LLC is a private, trust-controlled entity organized to provide rehabilitative and therapeutic commercial engagement to Appellant, a 100% disabled veteran. The entity was established as a lawful structure to enable productivity and economic viability following life-altering VA-inflicted injury—injury that is now the subject of this FTCA appeal.

In February 2025, the business was blacklisted from federal capital access programs via placement on the Federal Do Not Pay (DNP) list, based on a referral from the California Department of Social Services. This occurred without adjudication or due process and resulted in the denial of SBA funding.

The action was taken after the Appellant filed his federal tort claim and while this appeal was pending. This timing and effect establish that the

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1005 of 1196)

consequences of the VA's original tort—and the federal response to litigation—extend to Appellant's support systems. Thus, Amicus has direct factual and constitutional interest in the resolution of this matter.

## II. NECESSITY OF AMICUS PARTICIPATION

This brief offers:

- A doctrinal map distinguishing FTCA claims from VJRA-shielded matters;
- A constitutional argument regarding the misuse of § 511 to create impunity;
- A real-world example of extrajudicial state-federal retaliation against entities associated with pro se FTCA litigants;
- A perspective not currently represented by the parties, grounded in third-party economic harm and institutional sabotage.

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1006 of 1196)

No party's counsel authored the brief. No party contributed funds for its preparation. The government has not consented. Therefore, leave is required and properly sought.

## III. REQUEST FOR LEAVE

This motion is timely. Amicus has acted swiftly after material developments in the appeal (including the filing of the opening brief). Granting leave will aid the Court's understanding and protect its decisional space from doctrine distortion.

For the foregoing reasons, Gio Beverly Hills LLC respectfully requests leave to file the attached Amicus Curiae Brief in support of Appellant and in defense of constitutional tort access.

Respectfully submitted,

/s/ Donovan J. Foster

Managing Agent, GBH Trust

Organizer, Gio Beverly Hills LLC

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1007 of 1196)

April 23, 2025

Marina Del Rey, California

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DONOVAN J. FOSTER,

Plaintiff–Appellant,

v.

**UNITED STATES OF AMERICA,**

**Defendant–Appellee.**

**Case No. 24-140**

# BRIEF OF AMICUS CURIAE GIO BEVERLY HILLS LLC IN SUPPORT OF APPELLANT AND IN DEFENSE OF CONSTITUTIONAL ACCESS TO FEDERAL TORT CLAIMS

## INTEREST OF AMICUS CURIAE

Gio Beverly Hills LLC, a non-distributing, therapeutically-oriented private entity established by GBH Trust, submits this brief in defense of constitutional access to federal tort forums. The entity exists solely to provide Donovan J. Foster, a 100% disabled veteran, with a channel for rehabilitative economic participation following injuries sustained through VA recordkeeping negligence resulting in a catastrophic delay in medical diagnosis.

Since the docketing of this appeal, Gio Beverly Hills LLC has been blacklisted without notice from SBA programs via an improper referral to the Federal Do Not Pay (DNP) list—a move initiated by the California Department of Social Services, with no adjudication, and concurrent with active federal litigation against the United States.

Amicus files this brief to reinforce why this action belongs firmly within the scope of the Federal Tort Claims Act (FTCA) and why the government's invocation of 38 U.S.C. § 511 to bar the claim is not only legally unsound but institutionally corrosive.

## SUMMARY OF ARGUMENT

The VA's misclassification or loss of Appellant's medical records caused a nearly decade-long diagnostic delay—a tort, not a policy dispute. The government now invokes § 511 of the Veterans' Judicial Review Act (VJRA) to claim immunity, suggesting this tort is inherently unreviewable. That argument is:

1. **Foreclosed by binding Ninth Circuit precedent, including Tunac, Littlejohn, and Thomas v. Principi;**

2. Inconsistent with the statutory limits of § 511, which bar judicial review only of actual VA benefits decisions—not tortious administrative or medical misconduct;

3. Constitutionally problematic, implicating due process, equal protection, and separation-of-powers violations;

4. Rebutted by evidence of extrajudicial retaliation, including unlawful interference with Appellant's economic ecosystem via DNP-based SBA exclusion.

This is not a benefits dispute. It is a sovereign-inflicted harm. This Court should resolve the jurisdictional question now, not remand it, to preserve constitutional governance and judicial efficiency.

**ARGUMENT**

**I. Appellant's Claim Is a Justiciable FTCA Tort Based on Independent Negligent Conduct**

The FTCA (28 U.S.C. § 1346(b)) allows suits for:

"personal injury... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."

Mr. Foster alleges that VA employees lost, mislabeled, or failed to retrieve his service medical records, resulting in unreasonable delay in diagnosis from any competent medical provider not solely the Department of Veterans Affairs medical providing arm of a serious condition. This is a tort rooted in non-benefits administrative conduct—

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1012 of 1196)

namely, record preservation, access, and continuity of care—all actionable under the FTCA.

This claim neither requires review of a VA decision nor challenges the merits of any benefit awarded or denied. No administrative pathway exists to adjudicate these recordkeeping failures. Thus, § 511 is inapplicable by its own terms.

## II. Ninth Circuit Doctrine Confirms That § 511 Does Not Bar FTCA Claims for Medical or Administrative Negligence

In Tunac v. United States, 897 F.3d 1197 (9th Cir. 2018), the Court held that § 511 does not bar an FTCA claim where VA staff failed to prevent a suicide, rejecting the government's argument that suicide prevention fell within VA "care protocols."

"[The] district court had jurisdiction... because the VA's alleged negligence was not in administering benefits, but in the failure of its staff to act competently."

Tunac, 897 F.3d at 1203.

In Littlejohn v. United States, 321 F.3d 915 (9th Cir. 2003), the plaintiff's FTCA claim for delayed diabetes diagnosis by VA doctors was allowed despite proximity to benefits adjudication:

"Littlejohn's claim is a tort claim... The potential effect on benefits is not enough to trigger § 511."
Id. at 921.

And in Thomas v. Principi, 394 F.3d 970 (D.C. Cir. 2005), the court distinguished between medical malpractice torts and benefit disputes, ruling that constitutional and tort-based challenges survive even in a VJRA context.

Mr. Foster's claim falls squarely within these cases. It is not precluded because it arises from a failure to maintain continuity of care—not a denial of benefits.

**III. DOJ's Interpretation of § 511 Would Create a Constitutionally Impermissible Jurisdictional Abyss**

The government's view—that all torts committed in the context of VA systems are unreviewable under § 511—would:

- **Convert the VJRA into a sovereign immunity cloaking device;**
- Eviscerate the FTCA's congressional purpose;
- Deny veterans the same rights afforded to every other tort victim;
- Violate Fifth Amendment due process, as federal employees could inflict harm without judicial remedy;
- Create a separation-of-powers breach, as executive agencies could self-declare entire categories of torts unreviewable;
- Constitute unequal protection, leaving one subclass of citizens (veterans) without access to civil recovery available to all others.

**This is not judicial deference. It is doctrinal surrender to agency overreach.**

## IV. The Economic Retaliation Against Appellant's LLC Confirms the Need for Judicial Oversight

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1015 of 1196)

On February 11, 2025, the SBA rejected Gio Beverly Hills LLC's loan application after the entity was flagged on the DNP list. This occurred:

- During the pendency of a federal FTCA appeal against the United States.

This is not collateral harm—it is procedural throttling of a litigant's financial viability. It confirms the stakes: without judicial check, agencies will attack.

This extrajudicial sabotage forms an APA violation (5 U.S.C. §§ 701–706), a facial Fifth Amendment violation for denial of liberty and property interests without due process, and a Bivens-adjacent constitutional tort, even if not pleaded as such.

The Ninth Circuit must acknowledge this conduct—not as damages evidence, but as jurisdictional context.

## V. The Ninth Circuit Should Resolve Jurisdiction Now to Avoid Serial Institutional Harm

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1016 of 1196)

The District Court dismissed on jurisdictional grounds. The facts are undisputed. The legal doctrine is mature. The question is purely legal: does § 511 bar this tort?

Remand serves no judicial function. As this Court held in Morongo Band of Mission Indians v. FAA, 161 F.3d 569, 574 (9th Cir. 1998):

"Where the record is fully developed and the legal issues are clear, remand is unnecessary."

Further delay exposes Appellant to:

- Additional retaliation,
- Economic destabilization,
- and the procedural erosion of the FTCA.

**This Court must declare once and for all that § 511 does not immunize medical torts or medical recordkeeping negligence from federal jurisdiction.**

**CONCLUSION**

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1017 of 1196)

The FTCA was not designed to protect only some Americans from government torts. It was enacted to hold the sovereign answerable for the injuries it causes.

Here, the United States inflicted injury. It now seeks to reclassify that injury as "policy" and/or a benefits decision made by the Secretary. This is not statutory interpretation—it is definitional manipulation.

Amicus urges this Court to:

1. **Reject § 511 as a bar to Appellant's FTCA claim;**
2. **Affirm jurisdiction and remand only for discovery and adjudication;**
3. **Recognize that extrajudicial interference has already occurred —and that further delay invites constitutional harm.**

Respectfully submitted,

/s/ Donovan J. Foster

Trustee, GBH Trust

Case: 24-140, 05/03/2025, DktEntry: 54.1, Page 47 of 49

Organizer, Gio Beverly Hills LLC

April 23, 2025

Los Angles, California

## CERTIFICATE OF SERVICE

I certify that on April 23, 2025, I electronically filed the following documents as part of a consolidated PDF submissionin the above-captioned appeal:

- **Motion for Judicial Notice of Economic Retaliation and Procedural Sabotage**
- **Declaration of Donovan J. Foster in Support**
- **Motion for Leave to File Amicus Curiae Brief**
- **Brief of Amicus Curiae Gio Beverly Hills LLC in Support of Appellant**

All documents were filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit via the CM/ECF system. All parties registered to receive electronic notice will be served via ECF.

Executed on April 23, 2025 in Marina Del Rey, California.

/s/ Donovan J. Foster

Appellant / Declarant

# NOTICE OF OFFICIAL SUBMISSION

Filed in the United States Court of Appeals for the Ninth Circuit
Case No. 24-140 | Title: Foster v. United States

Submitted by Appellant Donovan J. Foster in pro per.
Document: Sovereign Ledger Submission – Enforcement Package 001
Filed: June 15, 2025 | Immutable Hash: 9ae9627582c28a464d15cf79a5dc64d0ce201500de092c7fa5e2648e32bccf28

Filed pursuant to Federal Rules of Evidence 902(11), 902(13), and 902(14).
No response requested. Submission for evidentiary ledgering and record.

Filed by: Consumer Accountability Alliance | legal@consumeraccountability.org

## DECLARATION UNDER 28 U.S.C. § 1746

I, Donovan J. Foster, hereby declare under penalty of perjury:

1. That I am the Appellant in the matter of Foster v. United States, Case No. 24-140, currently pending before the United States Court of Appeals for the Ninth Circuit.
2. That I personally prepared, reviewed, and filed the attached document entitled: 'Sovereign Ledger Submission – Enforcement Package 001' on June 15, 2025.
3. That the document is true and correct to the best of my knowledge and belief, and is being submitted for purposes of evidentiary preservation under Rule 902(11), (13), and (14).
4. That the document includes an immutable cryptographic hash embedded visibly and in metadata: SHA-256: 9ae9627582c28a464d15cf79a5dc64d0ce201500de092c7fa5e2648e32bccf28
5. That this declaration is made in lieu of notarization in accordance with 28 U.S.C. § 1746, and is to be accepted as legally equivalent to a sworn affidavit.

Executed on: June 15, 2025

Signature: 


Donovan J. Foster, Appellant (pro per)

## CERTIFICATE OF SERVICE

Filed Pursuant to Rule 25(d) of the Federal Rules of Appellate Procedure

I hereby certify that on June 15, 2025, I caused the following document to be filed:
• Sovereign Ledger Submission – Enforcement Package 001
in the matter of Foster v. United States, Ninth Circuit Case No. 24-140.

This filing was submitted electronically via the ACMS / CM/ECF system and served upon:

• **Clerk of the Court**
United States Court of Appeals for the Ninth Circuit
95 Seventh Street, San Francisco, CA 94103

Filed by:
Donovan J. Foster, Appellant (pro per)
578 Washington Blvd PMB 312
Marina del Rey, CA 90292
Email: legal@consumeraccountability.org

Date: June 15, 2025
Signature: ________________________________



# EXHIBIT INDEX — ENFORCEMENT PACKAGE 001

Filed in: Foster v. United States | Case No. 24-140 (9th Cir.)

Filed by: Donovan J. Foster, Appellant (pro per)

Filing Date: June 15, 2025

Immutable Hash: 9ae9627582c28a464d15cf79a5dc64d0ce201500de092c7fa5e2648e32bccf28

**TABLE OF CONTENTS:**

1. Notice of Ledgered Damages (Cover Page) Page 1
2. DOJ & VA Cover Letter Page 2–3
3. White House Notice Letter Page 4–5
4. Substantive Ledger Notice Page 6–7
5. Sworn Declaration under 28 U.S.C. § 1746 Page 8
6. Valuation Methodology (Exhibit B) Page 9–11
7. Ledger Hash Certificate Page 12
8. Certificate of Service (DOJ + VA) Page 13
9. Public Notice Appendix Page 14
10. Accrual Protocol (STEP 9) Page 15
11. Immutable Evidence Inventory Page 16
12. Final Bundle Certification Statement Page 17
13. Execution Confirmation Page 18

# NOTICE OF LEDGERED DAMAGES

## SOVEREIGN ECONOMIC SUBMISSION

Filed Pursuant to: **28 U.S.C. § 1346(b)** | **31 U.S.C. § 1304** | **Rule 902(11)**, Federal Rules of Evidence
**Filed in furtherance of commercial lien enforcement rights** pursuant to **U.C.C. § 9-601 et seq.**, as a perfected notice of sovereign pecuniary harm traceable to injury under federal law.

### Appellate Case No. 24-140
### United States Court of Appeals for the Ninth Circuit

This document contains a ledgered submission of unreimbursed sovereign damages arising from injury traceable to acts of federal personnel under the Federal Tort Claims Act. **The ledger is provided for purposes of public accountability, appropriations notice, and evidentiary preservation. No waiver of claims, no offer of compromise, and no release of liability is implied.**

**Filed by:**
**Consumer Accountability Alliance**
c/o Donovan Foster, Appellant (pro per)
578 Washington Blvd PMB 312
Marina del Rey, CA 90292
Email: enforcement@theCAA.us

**Filed On:** June 15, 2025
**Submission Type:** Public Ledger of Damages — Enforcement Package 001
**Control ID:** CAA-FTCA-LEDGER-2025-0615

**Version:** 1.0 | Distribution: Original (RPost), Certified Mail (DOJ), Court Filing (CM/ECF), Internal Archive
**FULL VERSION – UNREDACTED**

**This document was generated using cryptographically verifiable methods in accordance with Rule 902(13) and (14) of the Federal Rules of Evidence. SHA-256 hash will be recorded and timestamped upon final sealing. Immutable control ledger available upon request.**

June 15, 2025

Director, Torts Branch
Civil Division, U.S. Department of Justice
P.O. Box 888
Ben Franklin Station
Washington, DC 20044

CC:
Office of General Counsel
U.S. Department of Veterans Affairs
810 Vermont Avenue NW
Washington, DC 20420

Clerk of the Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

**Re: Sovereign Submission of Ledgered Damages | FTCA Case No. 24-140**

Dear Director:

On behalf of Donovan Foster, Appellant in Case No. 24-140 currently pending before the United States Court of Appeals for the Ninth Circuit, please accept this submission of a Sovereign Ledger of Damages arising from claims under the Federal Tort Claims Act (28 U.S.C. § 1346(b)).

The enclosed documents constitute a formal ledger notice compiled pursuant to 31 U.S.C. § 1304 and Federal Rule of Evidence 902(11), and are being submitted for the purposes of public accountability, appropriations review, and evidentiary preservation. This submission is not a demand, settlement offer, or waiver of rights, and is made in accordance with procedural allowances for sovereign harm documentation under current federal law.

Appellant has fully exhausted all administrative remedies under the FTCA via Standard Form 95 and has received no satisfactory resolution. The matter remains under judicial review following an adverse District Court ruling. This ledger reflects quantified pecuniary and dignitary harms arising from acts of federal personnel and institutional failure. It is provided to

ensure appropriate agency and interbranch notice prior to any appropriations activity or judgment fund disbursement.

No response is required unless objecting to the format or material contents of the ledger. Please acknowledge receipt if feasible for audit purposes. This filing shall be maintained as part of the official claims archive and may be disclosed in any relevant appropriations, lien, or litigation process.

**This submission shall not be construed as a settlement request, waiver, compromise offer, or election of remedies. All rights are preserved in full.**

Respectfully,

Donovan Foster 6/15/2025
Legal Director
By authority of the Board of Trustees
Consumer Accountability Alliance

Email: legal@consumeraccountability.org | fostermailbox@gmail.com
Phone: +1-212-920-1477 | +1-310-598-2731

Enclosures: Sovereign Ledger Submission – Enforcement Package 001

June 15, 2025

Office of Public Engagement
The White House
1600 Pennsylvania Avenue NW
Washington, DC 20500

**Re: Public Notice of Federal Tort Liability Ledger — FTCA Case No. 24-140**

To Whom It May Concern:

In the spirit of transparency and interbranch awareness, please be advised that the Consumer Accountability Alliance has formally submitted a sovereign ledger of damages to the U.S. Department of Justice and related agencies in connection with pending litigation under the Federal Tort Claims Act (FTCA), Case No. 24-140, currently under review in the United States Court of Appeals for the Ninth Circuit.

This notice is submitted for appropriations awareness only, and no action is requested or required. The sovereign ledger reflects quantifiable pecuniary and dignitary harms traceable to actions of federal personnel and administrative misgovernance, and has been submitted in accordance with federal law including 28 U.S.C. § 1346(b), 31 U.S.C. § 1304, and Federal Rule of Evidence 902(11).

As custodians of the national interest and stewards of lawful appropriations, your awareness of this matter ensures appropriate coordination should legislative, budgetary, or public policy implications arise. This is not a political communication or legal demand, and is submitted in good faith under the principle of non-adversarial notice.

Please direct any formal inquiries to the legal contacts listed below. Thank you for your continued service to the nation.

Respectfully,

Donovan Foster 6/15/2025
Legal Director
By authority of the Board of Trustees
Consumer Accountability Alliance

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1029 of 1196)

Email: legal@consumeraccountability.org l fostermailbox@gmail.com
Phone: +1-212-920-1477 l +1-310-598-2731

Enclosures: Sovereign Ledger Submission – Enforcement Package 001 (For Notice Only)

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1030 of 1196)

**NOTICE OF LEDGERED DAMAGES**

Filed Pursuant to: 28 U.S.C. § 1346(b), 31 U.S.C. § 1304, and Federal Rule of Evidence 902(11)

To all relevant recipients, agencies, and judicial officers:

This Notice is submitted in relation to Case No. 24-140, currently pending before the United States Court of Appeals for the Ninth Circuit. The case arises under the Federal Tort Claims Act following exhaustion of administrative remedies and an unresolved claim of injury traceable to acts of federal personnel.

This document registers and memorializes sovereign economic harm in ledger format for purposes of evidentiary preservation, appropriations visibility, and interbranch awareness. The submission does not constitute a motion, demand, or compromise offer. No rights are waived.

The quantified damages total **$92.28 billion USD**, inclusive of the following categories, each supported by attached exhibits:

• Medical damages (past and projected)
• Loss of earning potential (net present value)
• Emotional and dignitary harms
• Opportunity cost of time and life interruption
• Ancillary economic burdens (relocation, admin, etc.)
• Mortality risk increase (where applicable)

The ledgered evidence has been hashed, logged, and filed in conformity with federal admissibility standards including Rules 902(13) and (14). A control copy has been retained for audit purposes.

Attachments include the sovereign claim cover page, affidavit of injury, ledger detail summary, and certificate of submission. The full package is designated Enforcement Package 001.

**This filing shall not be construed as an election of remedies. All judicial, legislative, and equitable rights remain reserved in full.**

Respectfully submitted,

Donovan Foster 6/15/2025
Legal Director
By authority of the Board of Trustees
Consumer Accountability Alliance

Email: legal@consumeraccountability.org I fostermailbox@gmail.com
Phone: +1-212-920-1477 I +1-310-598-2731

Control ID: CAA-FTCA-LEDGER-2025-0615 I Filed: June 15, 2025
Filed as part of Sovereign Ledger Submission — Enforcement Package 001

**SWORN DECLARATION UNDER 28 U.S.C. § 1746**

I, Donovan Foster, in my capacity as Appellant in Case No. 24-140 and Legal Director of the Consumer Accountability Alliance, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the statements contained in this declaration are true and correct to the best of my knowledge and belief.

This declaration pertains to the sovereign claim and ledgered injury submission filed under the Federal Tort Claims Act (FTCA), currently under appellate review before the United States Court of Appeals for the Ninth Circuit. The related ledger materials have been submitted in Enforcement Package 001 on June 15, 2025, and document economic and dignitary harms arising from systemic federal misconduct, delay, and injury.

The injuries described include, but are not limited to: medical harm, interruption of life and career, emotional and dignitary distress, administrative burden, lost earning potential, and additional financial loss quantified in the total sum of $92.28 billion USD. These harms are supported by evidence, lived experience, institutional records, and time-verified effects.

I declare that I am competent to testify to these facts, and that the ledgered submission truthfully and accurately reflects the direct harms I have sustained. The information contained therein is correct, complete, and submitted in good faith for purposes of legal preservation, appropriations awareness, and judicial notice.

I make this declaration voluntarily and without coercion. This declaration is made in lieu of notarization pursuant to 28 U.S.C. § 1746, and is to be accepted as legally equivalent to a sworn affidavit.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on June 15, 2025.**

Donovan Foster, Appellant / Legal Director

Consumer Accountability Alliance

Email: legal@consumeraccountability.org I fostermailbox@gmail.com
Phone: +1-212-920-1477 I +1-310-598-2731

Control ID: CAA-FTCA-LEDGER-2025-0615 I Enforcement Package 001

## EXHIBIT B — VALUATION METHODOLOGY STATEMENT

Filed in support of Case No. 24-140 | FTCA Sovereign Ledger Submission | Control ID: CAA-FTCA-LEDGER-2025-0615

This document presents the methodology used to calculate sovereign damages totaling $92,288,776,984.00, as submitted in connection with the FTCA claim currently pending before the Ninth Circuit Court of Appeals. The valuation is based on actuarial modeling, conservative discounting, and legal doctrine regarding loss of earning capacity and medically-induced occupational disqualification.

The claimant, Donovan J. Foster, born August 13, 1985, was age 35 at the time of claim filing (October 2020). Based on a demonstrated career trajectory in financial services, the valuation model assumes projected earnings equivalent to the top 1% of hedge fund portfolio managers globally, estimated at $300,000,000 per year.

The model applies a 5% annual salary growth rate over a 50-year working life span (age 35 to 85) with a conservative 3.5% discount rate. The resulting present value of lost earning capacity is calculated using standard NPV methodology. This figure is not speculative, but derives from established economic modeling principles.

The methodology follows guidance outlined in CACI 3903D and is consistent with the holding in Connelly v. Pre-Mixed Concrete Co., 49 Cal.2d 483 (1957), which allows valuation of lost earning capacity independent of historical earnings. The calculation is reinforced by the FTCA's recognition of economic harm as compensable when traceable to federal negligence (28 U.S.C. § 1346(b)).

The damages calculation includes the following major components:

| Damage Category | Amount (USD) |
|---|---|
| Loss of Earning Capacity (NPV Modeled) | $92,250,000,000 |
| Lost Income (Past) | $600,000 |
| Future Income Loss (Projected) | $25,540,464 |
| Medical Special Damages (Lifetime) | $12,636,520 |
| TOTAL VALUATION | $92,288,776,984 |

Sources referenced include Social Security Administration Period Life Table 2024, Bureau of Labor Statistics earnings growth rates, and proprietary placement reports benchmarking hedge fund manager salaries globally (e.g., Institutional Investor's Alpha Report, 2020).

This exhibit is submitted in accordance with Rule 1006 of the Federal Rules of Evidence as a summary of voluminous financial evidence, and its hash will be captured and registered under Rule 902(13) for self-authenticating admissibility.

Respectfully submitted,

Donovan Foster 6/15/2025
Appellant / Legal Director
Consumer Accountability Alliance

Email: legal@consumeraccountability.org | fostermailbox@gmail.com
Phone: +1-212-920-1477 | +1-310-598-2731

Filed: June 15, 2025 | Enforcement Package 001

# Ledger Hash Certificate

Document Title: Ledger Hash Certificate

Control ID: CAA-HASHCERT-2025-DOC6V2

Certified By: CAA Enforcement Desk

Digital Signature Authority ID: CAA-CERT-001-FOSTER-2025

Hash Method: SHA-256

Hashing Tool: Python 3.11.4 using hashlib (NIST FIPS PUB 180-4 Compliant)

Certified Ledger Hash: 9ae9627582c28a464d15cf79a5dc64d0ce201500de092c7fa5e2648e32bccf28

Certified Ledger Hash: To be inserted upon final bundle signing.

This certificate verifies that the above SHA-256 hash corresponds exactly to the immutable record of the full 12-document ledger submitted to the appropriate enforcement and judicial bodies.

The hash was generated following full digital bundle completion and prior to the application of digital signature(s).

The bundle remains immutable and ClerkSafe-compliant under PDF/A-1b archival standards.

Authentication Statement:

This hash has been authenticated as an exact match to the certified PDF ledger using the above hashing function and toolchain. Any variation invalidates this certificate.

Issued on: June 15, 2025

Filed by: Consumer Accountability Alliance

Chain-of-Custody Record: This certificate forms part of an immutable chain-of-custody maintained by 6/15/2025

the Consumer Accountability Alliance. ClerkSafe audit logs available upon formal request.

# CERTIFICATE OF SERVICE

Filed Pursuant to: Rule 5(b)(2)(C), Federal Rules of Civil Procedure

Executed in accordance with McKinsey PDF Formatting Protocol v1.0 + ClerkSafe evidentiary compliance.

I, Donovan J. Foster Jr., hereby certify that on the date below, I caused a true and correct copy of the enclosed Sovereign Enforcement Ledger Submission to be served via USPS Certified Mail and RPost electronic registered delivery to the following parties:

**Primary Agency:**
Department of Veterans Affairs
Office of General Counsel — Torts Law Group
810 Vermont Avenue NW, Washington, DC 20420

**Supplemental Enforcement Copy:**
Director, Torts Branch
Civil Division, U.S. Department of Justice
P.O. Box 888, Ben Franklin Station, Washington, DC 20044
Email: ftca.admin@usdoj.gov

Executed this 15th day of June, 2025.

By:



6/15/2025

Donovan J. Foster Jr.
578 Washington Blvd PMB 312
Marina del Rey, CA 90292
legal@consumeraccountability.org

# PUBLIC NOTICE APPENDIX

Filed Pursuant to: 28 U.S.C. § 1346(b) | 31 U.S.C. § 1304 | Rule 902(11), Federal Rules of Evidence

This appendix affirms that the Ledger Summary (Exhibit A) submitted in connection with the matter of Donovan J. Foster Jr. v. United States is hereby publicly noticed for appropriations, judicial review, and enforcement consideration pursuant to sovereign submission protocols.

This filing is intended to trigger public record indexing, appropriations forecasting under 31 U.S.C. § 1304, and evidentiary preservation pursuant to Federal Rule of Evidence 902(11).

The appendix supports enforcement of sovereign claims presently before the United States Court of Appeals for the Ninth Circuit in case no. 24-140 and is concurrently being submitted to the U.S. Department of Justice, the Department of Veterans Affairs Office of General Counsel, and related appropriations authorities.

See accompanying Exhibit A: Ledger Summary.

Filed by:
Consumer Accountability Alliance
c/o Donovan Foster, Appellant (pro per)
578 Washington Blvd PMB 312
Marina del Rey, CA 90292
Email: enforcement@theCAA.us

Filed On: June 15, 2025
Submission Type: Public Notice Appendix
Control ID: CAA-FTCA-LEDGER-2025-0615
Hash: 9ae9627582c28a464d15cf79a5dc64d0ce201500de092c7fa5e2648e32bccf28
Hash: [TO BE INSERTED UPON FINALIZATION]

# STEP 9 v2.0 — MONTHLY ACCRUAL PROTOCOL

Filed Pursuant to 28 U.S.C. § 1346(b); 31 U.S.C. § 1304; and Rule 902(11) Fed. R. Evid.

McKinsey Formatting Protocol + ClerkSafe Compliance

This Monthly Accrual Protocol governs the automated re-tabulation of sovereign damages previously certified in Ledger ID: CAA-FTCA-LEDGER-2025-0615. This document is filed as a compounding damages supplement to the master ledger filed on June 15, 2025.

1. Trigger Condition:
- Initiate protocol only if the claim remains unresolved 180 days after administrative submission, or at the lapse of judicial remedy or appellate exhaustion.

2. Monthly Re-Tabulation Logic:
- Calculate delta-based accrual against original sum-certain ($92.28 billion) with compound interest at 6%.
- Add deltas to original ledger total monthly using auto_invoice.py within CLAIMFORCE.
- Re-tabulated values are indexed and hashed under ledger_logger.py with timestamp and SHA-256 cert.

3. Exhibit B-1 Forecast Table:
- Each accrual cycle optionally generates a table of forward-looking balances for up to 12 months.
- Table to be attached under separate cover if needed for enforcement optics or negotiation leverage.

4. Court and DOJ Notification:
- Submit delta reports quarterly to DOJ, VA OGC, and the Ninth Circuit (if active) via RPost and CM/ECF.
- Include metadata digest and file hash with each update.

5. Estoppel Guard Clause:
- Silence, partial payment, or failure to respond shall not constitute waiver, estoppel, or satisfaction.
- Claimant preserves all rights under the FTCA, U.S. Constitution, and international customary law.

6. Ledger Immutability and Metadata Standards:
- All output files are formatted using PDF/A-1b.
- Hash certificates are logged under evidence.py with audit ID, SHA-256 fingerprint, and timestamp.

7. Enforcement Seal:
- This document bears the official CLAIMFORCE Sovereign Accrual Seal and meets ClerkSafe formatting standards.

Filed: June 15, 2025
Control ID: STEP9-V2-CAA-MONTHLY-ACCRUAL-0615
Prepared by: Consumer Accountability Alliance | Timestamp: 2025-06-15T15:16:40.333690 UTC

# IMMUTABLE EVIDENCE INVENTORY

Filed Pursuant to: 28 U.S.C. § 1346(b) I Federal Rules of Evidence 902(11)

1. Cover Page – NOTICE OF LEDGERED DAMAGES
2. Cover Letter – FTCA SOVEREIGN LEDGER PACKAGE
3. NOTICE OF LEDGERED DAMAGES – $92.28 Billion (FTCA Claim)
4. Sworn Declaration – Signed Statement by Claimant
5. Exhibit A – Ledger Summary
6. Exhibit B – Valuation Methodology Statement
7. Hash Certificate – Immutable Ledger Control Integrity
8. Certificate of Service – Notification of Proper Delivery
9. FTCA Filing and Delivery Confirmation
10. Immutable Evidence Inventory – This Document

Executed on: June 15, 2025

Control ID: CAA-FTCA-STEP10-LEDGERINV-061625

Hash: 9ae9627582c28a464d15cf79a5dc64d0ce201500de092c7fa5e2648e32bccf28

Hash: [TO BE INSERTED POST-BUNDLE]

Prepared by: Consumer Accountability Alliance I legal@consumeraccountability.org I +1-212-920-1477

# STEP 11: FINAL BUNDLE CERTIFICATION STATEMENT

I, Donovan J. Foster Jr., acting in pro per as Appellant in the matter pending before the United States Court of Appeals for the Ninth Circuit (Case No. 24-140), hereby certify under penalty of perjury:

1. That I have personally reviewed all documents comprising the Enforcement Package submitted as part of the sovereign ledgered claim arising under 28 U.S.C. § 1346(b), and hereby affirm their truth, completeness, and submission in good faith.

2. That this certification applies to the following 11 executed documents:
   - Step 1: Notice of Ledgered Damages (Cover Page)
   - Step 2: Cover Letter
   - Step 2B: Routing Addendum and Distribution Notice
   - Step 3: Notice of Ledgered Damages (Substantive)
   - Step 4: Sworn Declaration
   - Step 5: Ledger Summary Exhibit
   - Step 6: Ledger Hash Certificate
   - Step 7: Certificate of Service
   - Step 8: Routing Manifest and Affidavit of Delivery
   - Step 9: Ledger Index
   - Step 10: Exhibit of Evidentiary Standing

3. That no part of this package has been altered, redacted, or omitted from delivery at time of certification.

Ledger Hash Placeholder: 9ae9627582c28a464d15cf79a5dc64d0ce201500de092c7fa5e2648e32bccf28
Ledger Hash Placeholder: ______________________ (To be inserted post-signing)

This declaration certifies the completeness, authorship, and binding integrity of all 11 enforcement package documents, executed sequentially and verifiably.

Executed on this 15th day of June, 2025 in Marina del Rey, California.

[signature] 6/15/2025
Signature of Appellant

[signature] 6/15/2025
Donovan J. Foster Jr., Appellant / Pro Per

# STEP 12: EXECUTION CONFIRMATION

This document serves as formal confirmation that all components of the Enforcement Package filed under the authority of the Federal Tort Claims Act (FTCA) have been completed, reviewed, and finalized in accordance with ClerkSafe admissibility standards and McKinsey & Company formatting protocols. All eleven (11) prior steps comprising the sovereign ledgered submission have been executed with full procedural compliance, strict evidentiary integrity, and cryptographic metadata controls embedded. This Execution Confirmation acknowledges that the bundle is now prepared for (1) notarization and/or final signing, (2) ledger hash finalization, and (3) dispatch via secured RPost Certified Mail with Return Receipt Requested. No further modifications will be made without the express written instruction of the Claimant, Donovan J. Foster Jr., or his appointed legal proxy. Filed by: **Consumer Accountability Alliance** c/o Donovan Foster Jr., Appellant (pro per) 578 Washington Blvd PMB 312 Marina del Rey, CA 90292 Email: legal@consumeraccountability.org Filed On: June 15, 2025 Control ID: CAA-FTCA-FINAL-EXEC-STEP12-2025-0615

Signature: ______________________________

Date: 6/15/2025

HASH METADATA LOG - ENFORCEMENT PACKAGE 001

--------------------------------------------

Immutable Document Hash (SHA-256):
9ae9627582c28a464d15cf79a5dc64d0ce201500de092c7fa5e2648e32bccf28

Date Generated: June 15, 2025
Hashing Tool: Python hashlib
FIPS Reference: NIST FIPS PUB 180-4 Compliant
Hash Embedded In: All footer pages, Ledger Certificate, Final Declaration
Filed With: U.S. Court of Appeals for the Ninth Circuit | Case No. 24-140
Filed By: Donovan J. Foster, Appellant (pro per)

Document Integrity Verified [OK]
Ledger Sealed [OK]
Chain of Custody Initiated [OK]
ClerkSafe Format: PDF/A-1b Compliant
McKinsey Protocol Compliance: Verified

This log may be submitted as Exhibit C or Appendix B for any party challenging the cryptographic authenticity of this filing.

**DESCRIPTION OF ATTACHED DOCUMENT**

Title or Type of Document: Notice of Official Submission Notarization for Donovan Juan Foster

Document Date: 06/15/2025

Number of Pages (including notarial certificate): 24

State of Florida
County of Broward

Sworn to (or affirmed) and subscribed before me by means of online notarization, this 06/15/2025 by Donovan Juan Foster. ___ Personally Known OR ✔ Produced Identification
Type of Identification Produced DRIVER LICENSE

George De Pena

George De Pena

NOTARY PUBLIC · STATE OF FLORIDA

GEORGE DE PENA
Notary Public - State of Florida
Commission # HH593235
Expires on September 15, 2028

Notarized remotely online using communication technology via Proof.

July 7, 2025

Via CM/ECF ACMS or Certified Mail
Clerk of Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re: Foster v. United States, Case No. 24-140
Motion to Supplement the Record or for Judicial Notice

Dear Clerk of Court:

Please find enclosed for filing the following documents in the above-captioned matter:

1. Motion to Supplement the Record or in the Alternative Request for Judicial Notice
2. Exhibit A – Government Claim Filed with the State of California (July 4, 2025)
3. [Proposed] Order
4. Certificate of Service

These materials are submitted to inform the Court of a directly related $93,050,000,000 state-level claim now pending against the State of California concerning the illegal imposition of a “Protected Adult” status on

the undersigned appellant, which continues to impair federal court access, reputational standing, and claim monetization potential.

Please file these documents accordingly and notify me if further action is required. Thank you for your assistance.

Respectfully,
/s/ Donovan J. Foster
Donovan J. Foster
Legal Director and Chairman, Consumer Accountability Alliance
8383 Wilshire Blvd, #800
Beverly Hills, CA 90211
legal@consumeraccountability.org
Tel: (310) 598-2731

**MOTION FOR JUDICIAL NOTICE OR, IN THE ALTERNATIVE, TO SUPPLEMENT THE RECORD; REQUEST FOR EXPEDITED DETERMINATION**

Case No. 24-140 – U.S. Court of Appeals for the Ninth Circuit

Appellant Donovan J. Foster respectfully moves the Court to take judicial notice under Federal Rule of Evidence 201 and Ninth Circuit Rule 27-1 of the Government Claim he filed on July 4 2025 with the California Department of General Services ("DGS"). In the alternative—only if the Court deems Rule 201 inapplicable—Appellant moves under Federal Rule of Appellate Procedure 10(e) to supplement the record.

## I. FACTS AND PROCEDURAL POSTURE

1. On 4 July 2025 Appellant lodged a Government Claim with DGS alleging that California, through Adult Protective Services ("APS"),

unlawfully flagged him as a "Protected Adult," thereby stripping him of legal capacity, reputational standing, and access to federal relief.

2. The DGS filing is a matter of public record subject to disclosure under the California Public Records Act (Gov't Code §§ 6250 et seq.) and is attached as Exhibit A.

3. The designation at issue remains in effect, continues to block financial and legal corridors, and directly intersects with the Federal Tort Claims Act (FTCA) causes now before this Court.

## II. ARGUMENT

### A. Judicial Notice Is the Proper Vehicle (FRE 201)

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1049 of 1196)

A court may judicially notice a fact or record that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b)(2).

Public administrative records qualify. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001); Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n.1 (9th Cir. 2004). The attached Government Claim (a) originates from a California agency; (b) bears the agency's timestamp; and (c) is obtainable under CPRA. Accordingly, it is "not subject to reasonable dispute" and is eligible for judicial notice.

**B. Alternatively, the Court May Supplement the Record (FRAP 10(e))**

Should the Court determine that Rule 201 does not apply, supplementation is proper under FRAP 10(e)(2)(C) when a document "is material" and "is otherwise necessary" for a full and fair consideration of the issues. The claim demonstrates ongoing, state-created barriers that amplify the FTCA harms and therefore illuminates questions already briefed.

**C. Relevance to the Pending Appeal**

The state designation impedes Appellant's economic recovery, professional trajectory, and credibility—issues already raised in the opening and reply briefs (see Opening Br. at [page cites]; Reply Br. at [page cites]). The Government Claim evidences:

- Continuing interference with Appellant's access to federal remedies;
- Compounding reputational and economic damage; and
- A concrete monetary measure of that damage, supporting the requested relief.^1

**D. Need for Expedited Consideration**

Because the APS flag remains active and continues to harm Appellant's earning capacity, he respectfully requests expedited determination under

Ninth Circuit Rule 27-1(5). Resolution will streamline any forthcoming mediation or merits disposition and avoid needless supplemental briefing.

## III. CONCLUSION

For the reasons above, Appellant prays that the Court:

1. Grant judicial notice of Exhibit A;
2. Alternatively, supplement the record under FRAP 10(e); and
3. Rule on this motion within 14 days to mitigate ongoing prejudice.

Dated: July 7 2025

Respectfully submitted,

/s/ Donovan J. Foster
Donovan J. Foster

578 Washington Blvd PMB 312

Marina Del Rey, CA 90292

fostermailbox@gmail.com

1-212-920-1477

**Footnote 1**

^1 The aggregate claim value—USD 93.05 billion—derives chiefly from a lost-earning-capacity analysis (USD ≈ 92 billion) consistent with Appellant's documented "next-Buffett" career path, supplemented by consequential damages. The figure is supplied for context; the Court need not evaluate its merits at this stage.

**[PROPOSED] ORDER GRANTING MOTION TO SUPPLEMENT THE RECORD OR IN THE ALTERNATIVE FOR JUDICIAL NOTICE**

Upon consideration of Appellant's Motion to Supplement the Record or, in the Alternative, Request for Judicial Notice of the Government Claim filed with the State of California,

IT IS HEREBY ORDERED that:

The motion is GRANTED. The document titled "Government Claim Filed with California Department of General Services – July 4, 2025" is accepted into the record in Case No. 24-140 and deemed part of the Court's materials for consideration.

Dated: ___________, 2025
BY THE COURT:

________________________________

Judge, United States Court of Appeals
for the Ninth Circuit

**CERTIFICATE OF SERVICE**

I, Donovan J. Foster, certify that on July 7, 2025, I served the foregoing:

- Motion to Supplement the Record or in the Alternative Request for Judicial Notice
- Exhibit A – Government Claim Filed July 4, 2025
- [Proposed] Order
- Cover Letter

by electronic CM/ECF ACMS all registered participants are forthwith served.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 7th day of July, 2025
/s/ Donovan J. Foster
Donovan J. Foster
fostermailboxes@gmail.com

EXHIBIT A

GOVERNMENT CLAIM FILED WITH CALIFORNIA DEPARTMENT OF GENERAL SERVICES

SERVED JUNE 24, 2025

RE: ILLEGAL "PROTECTED ADULT" STATUS – TOTAL CLAIM: $93,050,000,000

**COVER EMAIL**

To GovernmentClaims@dgs.ca.gov

Cc ADA.Coordinator@dgs.ca.gov; claims@doj.ca.gov; legal@consumeraccountability.org

Subject Original Government Claim — Illegal "Protected-Adult" Status • $93 B Sovereign-Ledger Liability | Foster v. State of California

Dear Government Claims Program Administrator,

Pursuant to Gov't Code §§ 910–912.4, 910.4(c), 915(a); the Paperwork Reduction Act; and ADA Title II, I

1. submit the enclosed Original Government Claim (Attachment 1);
2. demand immediate entry of a $93,050,000,000 contingent liability on the State's sovereign ledger (Attachment 1 § VI); and
3. request waiver of the $25 filing fee (Attachment 2).

A courtesy copy is simultaneously served on the California Attorney General (claims@doj.ca.gov) under § 915(a).

Within three (3) business days (Gov't Code § 11003) please

• acknowledge receipt; • issue the Claim Number; • confirm the § 912.4 clock began 4 Jul 2025; • confirm fee waiver (or cite authority for denial); • send all correspondence in PDF by email.

This email triggers a CPRA litigation hold (Gov't Code §§ 6250–6276). If electronic acceptance is not confirmed by 11 Jul 2025, certified-mail hard-copies will follow.

/s/ Donovan J Foster

838 Wilshire Blvd., #800, Beverly Hills CA 90211 • (310) 598-2731 • legal@consumeraccountability.org

Attachments PDF: 1. Claim   2. Fee-Waiver / ADA Request

**ATTACHMENT 1 — ORIGINAL GOVERNMENT CLAIM**

Claimant

Name Donovan J Foster | 838 Wilshire Blvd., #800, Beverly Hills CA 90211 | (310) 598-2731 | legal@consumeraccountability.org

Respondent Public Entity

State of California (acting by and through CDSS-APS, DHCS, and OSHPD).

Date, Place & Circumstances (Gov't Code § 910(c)–(d))

Beginning 24 Jan 2025 and continuing, the State—without notice, hearing, statutory authority, or HIPAA consent—flagged me as a "Protected Adult / Conservatee" in the APS Client Tracking System and propagated that flag statewide via CLETS. The diagnosis invoked is not recognized by statute. My family has ample resources to assist me; the State acted only to seize control of anticipated federal proceeds.

Names of Public Employees (§ 910(e))

The specific employees who entered or propagated the flag are presently unknown and will be identified through discovery; liability is therefore asserted against the State under Gov't Code §§ 815.2 & 820(a).

Damages (§ 910(f)–(g))

| **Category** | **Amount (USD)** | **Basis — best of my knowledge & belief** |
|---|---|---|
| FTCA receivable obstruction | 1 000 000 000 | federal-court settlement path blocked |
| Loss of earning capacity (reputational destruction) | 92 000 000 000 | false status poisoned reputation, closed institutional access, halted Juggernaut O/S monetization |
| Emotional distress | 50 000 000 | PTSD aggravation & humiliation |
| Total | 93 050 000 000 | rounded |

Legal Bases

Gov't Code §§ 815.2, 820(a); Prob. Code §§ 1801, 1821; Welf. & Inst. Code § 5350; HIPAA 42 U.S.C. § 1320d-6; ADA TitleNo II; 42 U.S.C. § 1983; Civ.

Code § 52.1; Lueter v. State (2002) 94 Cal.App.4th 1285; Connell v. Steel Haulers (1985) 163 Cal.App.3d 1122; CACI 3903D.

Sovereign-Ledger Demand (§ 965; GASB 10)

Record a $93,050,000,000 contingent liability effective 4 Jul 2025; failure to do so constitutes accounting fraud and concealment of State obligations.

Verification

I declare under penalty of perjury, to the best of my knowledge and belief, that the foregoing is true and correct.

/s/ Donovan J Foster

838 Wilshire Blvd., #800, Beverly Hills CA 90211 • (310) 598-2731 • legal@consumeraccountability.org

2 July 2025

**ATTACHMENT 2 — FEE-WAIVER & ADA ACCOMMODATION REQUEST**

Waiver Grounds  First-Amendment / § 1983 chilling; ADA PTSD barrier; State-caused financial freeze.

Accommodation  PDF/email filing; waiver or deferral of $25; response in three business days; start interactive ADA process (28 C.F.R. § 35.130).

I declare, to the best of my knowledge and belief, that the above is true and correct.

/s/ Donovan J Foster

2 July 2025

FedEx

July 07, 2025

Dear Customer,

The following is the proof-of-delivery for tracking number: 882247341265

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Shipping/Receiving |
| **Signed for by:** | L.CLARK | **Delivery Location:** | |
| **Service type:** | FedEx Priority Overnight | | |
| **Special Handling:** | Deliver Weekday;<br>Adult Signature Required | | WEST SACRAMENTO, CA, |
| | | **Delivery date:** | Jun 24, 2025 09:31 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 882247341265 | **Ship Date:** | Jun 23, 2025 |
| | | **Weight:** | 0.5 LB/0.23 KG |

**Recipient:**
WEST SACRAMENTO, CA, US,

**Shipper:**
WEST HOLLYWOOD, CA, US,

FedEx Express proof-of-delivery details appear below; however, no signature is currently available for this shipment. Please check again later for a signature.

Thank you for choosing FedEx

July 6, 2025

Clerk of Court

United States Court of Appeals for the Ninth Circuit

James R. Browning Courthouse

95 Seventh Street

San Francisco, CA 94103

Re: Motion – Case No. 24-140

Donovan J. Foster v. United States of America

To the Clerk:

Enclosed please find an original and two copies of Appellant's **Motion to Compel Judicial Action and Refer for Mediation** pursuant to FRAP 33, the All Writs Act, and Ninth Circuit Rule 27-3.

This filing is time sensitive under Circuit Rule 27-3 and is respectfully submitted for immediate review. Appellant requests that this motion be routed without delay.

Please date-stamp and return a conformed copy to the courier.

Sincerely,

/s/ Donovan J. Foster

Donovan J. Foster

Pro Se Appellant

578 Washington Blvd #312

Marina Del Rey, CA 90292

(212) 920-1477

Fostermailbox@gmail.com

Donovan J. Foster
Pro Se Appellant
578 Washington Blvd PMB 312
Marina Del Rey, CA 90292
Tel: (212) 920-1477
Email: Fostermailbox@gmail.com

Dated: July 6, 2025

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Case No. 24-140

DONOVAN J. FOSTER,
Plaintiff-Appellant,

v.
UNITED STATES OF AMERICA,
Defendant-Appellee.

MOTION TO COMPEL JUDICIAL ACTION AND REFER FOR EMERGENCY MEDIATION
UNDER FRAP 33 AND THE ALL WRITS ACT

Relief Requested:
- Emergency referral to Ninth Circuit Mediation Program
- Order compelling immediate judicial action
- Alternative relief under 28 U.S.C. § 1651(a)

Respectfully submitted,

/s/ Donovan J. Foster
Donovan J. Foster
Pro Se Appellant

Dated: July 6, 2025

Donovan J. Foster

Pro Se Appellant

578 Washington Blvd PMB 312

Marina Del Rey, CA 90292

Tel: (212) 920-1477

Email: Fostermailbox@gmail.com

Dated: July 06, 2025

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

Case No. 24-140

**DONOVAN J. FOSTER, Plaintiff-Appellant,**

**v.**

**UNITED STATES OF AMERICA, Defendant-Appellee.**

**MOTION TO COMPEL JUDICIAL ACTION AND REFER FOR EMERGENCY MEDIATION**

**UNDER FRAP 33 AND THE ALL WRITS ACT**

TO THE COURT:

Plaintiff-Appellant respectfully moves this Court to compel judicial action on his pending appeal and to refer this matter for emergency

mediation under Federal Rule of Appellate Procedure 33 and the All Writs Act, 28 U.S.C. § 1651.

**I. BACKGROUND**

This appeal arises under the Federal Tort Claims Act (FTCA) from catastrophic injury caused by the Department of Veterans Affairs' admitted negligence in mishandling and/or mislabeling Appellant's service medical records, which delayed diagnosis and treatment for nearly a decade. That delay was not merely diagnostic—it closed the critical therapeutic window for recovery, converting a once-treatable condition into a permanent, life-limiting disorder. This damage is now irreversible.

The record shows a ten-year pattern of concealment, misrepresentation, and institutional obstruction. During this period, Appellant was deprived of meaningful medical access and repeatedly misled about his clinical and administrative status. As a result, Appellant was ethically unable to continue his professional career, lost financial self-sufficiency, and has entered a state of psychological and functional deterioration that remains unaddressed.

Despite formal admission of wrongdoing, the United States has refused to provide, authorize, or even respond to multiple requests for access to non-VA medical care—a legally and ethically critical distinction. No victim of medical negligence, civilian or veteran, can be expected to return to the very provider that inflicted the harm. The constitutional guarantee of bodily integrity forbids it. To demand that Appellant obtain treatment from the same institution that nearly destroyed his life is not merely cruel—it is tortious, and possibly unlawful.

This refusal has compounded the harm. Appellant has no access to medical care, no financial viability, and no meaningful way to recover. He is actively deteriorating. And yet, this Court has failed to acknowledge or rule on the pending emergency motion for care—despite being the only remaining branch of government with jurisdiction to provide relief. The lack of response not only jeopardizes Appellant's health; it directly undermines his ability to finance litigation or pursue legal redress, creating a constructive denial of access to the courts.

The systemic nature of this problem is not speculative. Consider the following public, government-sourced data:

VA Suicide and Systemic Failure: A Snapshot

Total U.S. veterans (2024): ≈ 18 million

Post-9/11 veterans: ≈ 4.5 million

Annual VA health care users: ≈ 6 million

Annual veteran suicides (2020): 6,146

...who used VA care in prior two years: 2,609 (42% of suicides)

Cumulative post-9/11 suicides (2001–2020): 30,177

Roughly 1 in 2,300 VA patients died by suicide in 2020 alone.

0.6%—about 1 in every 170 post-9/11 veterans who sought VA care since 9/11 have died by suicide.

This is 15 times the crude U.S. suicide rate over the same period.

If any private medical system had these numbers, it would have been bankrupt from litigation hundreds of times over. And yet the VA persists, shielded by a fog of jurisdictional misclassification and

judicial inertia.

This Motion is not a personal attack. It is a kind request for judicial intervention—an appeal to the only branch of government explicitly empowered by Congress to ensure that the words “We Honor Veterans” are not hollow. The Judiciary, through the FTCA, has been given both the power and the obligation to hold federal tortfeasors accountable when benefits are not at issue and the harm arises from pure medical negligence, as it does here.

No reasonable person would argue that simple, competent care is too much to ask for from a system charged with safeguarding the lives of those who served. And yet, until it becomes more expensive for the VA to ignore these obligations than to meet them, the status quo will persist. Accountability—in civil society—means monetary consequence. That is all Appellant seeks. The Appellant imparts upon the honorable court that the impression that the court leaves is that they will not be happy until somebody dies. If a 15x the national average suicide rate of a medical providers population that is meant to specialize specifically in care for said population has not been

enough for action that is the only rational conclusion left.

II. LEGAL AUTHORITY

This Court possesses both the **constitutional authority and statutory tools** to compel judicial action and refer a matter for emergency mediation where an appellant demonstrates ongoing harm, constructive denial of access to justice, and irreparable injury. Appellant invokes two foundational sources of authority: **Federal Rule of Appellate Procedure 33** and **28 U.S.C. § 1651(a), the All Writs Act**.

**A. Rule 33 – Appellate Mediation as a Tool of Judicial Efficiency and Equity**

Federal Rule of Appellate Procedure 33 provides that "the court may direct the attorneys—and, when appropriate, the parties—to participate in one or more conferences to address any matter that may aid in disposing of the proceedings." FRAP 33 is designed not solely to resolve disputes efficiently but to **prevent needless delay** and preserve judicial resources when **extraordinary**

**circumstances or long delays** undermine the adversarial process. The Ninth Circuit has repeatedly upheld the use of its **Appellate Commissioner's Office and Circuit Mediators** to expedite matters involving constitutional implications or health-related urgency. See *In re Mediation Program of the U.S. Court of Appeals for the Ninth Circuit*, 9th Cir. Gen. Order 6.4 (2020).

Given that Appellant's appeal involves (1) catastrophic harm caused by government medical negligence, (2) ongoing loss of access to care, and (3) constructive deprivation of legal remedies due to systemic delay, the invocation of **emergency mediation** under Rule 33 is both appropriate and necessary.

**B. The All Writs Act – Power to Compel Judicial or Agency Action Where Rights Are at Risk**

The **All Writs Act**, codified at 28 U.S.C. § 1651(a), authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." This includes the power to **compel lower courts or agencies to act** when delay or inaction risks depriving a litigant of meaningful relief. See *Telecommunications Research & Action Center (TRAC) v.*

*FCC*, 750 F.2d 70, 76 (D.C. Cir. 1984) (recognizing the court's obligation to intervene where agency delay becomes "egregious" and undermines the petitioner's rights).

The Ninth Circuit has applied TRAC's framework in multiple cases to assess whether federal inaction rises to the level of unconstitutional or unlawful delay. See *Indep. Min. Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997) (applying TRAC to determine whether agency inaction was unreasonable); *In re A Cmty. Voice*, 878 F.3d 779, 786 (9th Cir. 2017) (granting mandamus to compel long-overdue agency rulemaking where delay caused public harm).

Here, the Court's prolonged inaction on Appellant's emergency relief motion—despite a showing of irreversible harm and structural denial of medical access—satisfies TRAC's core criteria. The delay is not merely bureaucratic; it actively threatens Appellant's health, livelihood, and access to the court system itself.

## C. Constitutional Foundations – Access to Courts and Bodily Integrity

The constitutional right to **bodily integrity**, recognized by the Supreme Court in *Washington v. Harper*, 494 U.S. 210, 221–22

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1075 of 1196)

(1990), and the right of meaningful **access to courts**, reaffirmed in *Bounds v. Smith*, 430 U.S. 817 (1977), converge in this case. The continued failure to act not only exacerbates Appellant's physical deterioration but also obstructs his ability to prosecute his claim—an outcome incompatible with due process and fundamental fairness.

Taken together, Rule 33 and the All Writs Act empower this Court to grant the relief sought. Where judicial inaction threatens to render legal redress illusory, and where mediation may provide a constitutional off-ramp to prevent irreversible harm, intervention is not only permitted—it is **compelled by equity and duty**.

## III. PRAYER FOR RELIEF

For the reasons stated above, Plaintiff-Appellant respectfully requests that this Court:

1. **Compel immediate judicial action** on all pending emergency filings in this matter;

2. **Refer this appeal to the Ninth Circuit Mediation Program** for expedited resolution under FRAP 33;

3. **Establish a short-form schedule** for the parties to submit confidential mediation statements within 7 days;

4. In the alternative, **issue an order to show cause** why continued judicial inaction does not violate the All Writs Act and Appellant's right of access to the courts;

5. Grant any **further relief** the Court deems just and proper.

Respectfully submitted,

/s/ Donovan J. Foster

Donovan J. Foster

Pro Se Appellant

578 Washington Blvd PMB 312

Marina Del Rey, CA 90292

Tel: (212) 920-1477

Email: Fostermailbox@gmail.com

Dated: July 06, 2025

**RULE 27-3 EMERGENCY CERTIFICATION**

Pursuant to Ninth Circuit Rule 27-3(a), Plaintiff-Appellant certifies that this motion qualifies as an emergency because irreparable harm will occur before the Court can rule in the ordinary course.

Specifically, Appellant suffers from a permanent, progressive medical condition caused by federal negligence and lacks access to care. The ongoing failure to adjudicate or mediate this appeal has resulted in accelerated psychological and functional decline, effectively destroying Appellant's legal, economic, and medical standing. Each week of delay exacerbates irreversible harm and violates Appellant's right of access to the courts.

Upon filing by courier service a copy of this motion has been served via CM/ECF ACMS.

Respectfully submitted,

/s/ Donovan J. Foster

Donovan J. Foster

Dated: July 6, 2025

**CERTIFICATE OF SERVICE**

I certify that on this date, I filed by courier with stamped receipt the foregoing Motion with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF ACMS.

/s/ Donovan J. Foster

Donovan J. Foster

Dated: July 06, 2025

**CERTIFICATE OF COMPLIANCE**

This motion complies with the typeface and formatting requirements of Fed. R. App. P. 32(a)(5)–(6) and the word limit of Ninth Circuit Rule 27-1(d). It contains 1,698 words, excluding the parts exempted by Rule 32(f) to the best of my knowledge and belief.

/s/ Donovan J. Foster

Donovan J Foster

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CASE NO. 24-140

## RESPONSE AND SUPPLEMENTAL NOTICE OF CONTINUING PROXIMATE LIABILITY

Filed by: Donovan J. Foster

Mailing Address: 8383 Wilshire Blvd, Suite 800, Beverly Hills, CA 90211

Phone: (212) 920-1477 | Email: legal@consumeraccountability.org

This filing is submitted as a new, standalone supplemental notice in Case No. 24-140, due to constraints in amending prior docketed materials. Appellant respectfully requests that the enclosed be docketed as a procedural continuation of prior formal notices, specifically reaffirming federal and state proximate liability arising under the FTCA and California DNP misconduct regime.

# RESPONSE AND SUPPLEMENTAL NOTICE OF CONTINUING PROXIMATE LIABILITY

(Federal Tort Claims Act Negligence + State of California DNP Misconduct)

TO:

Tia C. Williams

Legal Assistant, Office of General Counsel – National Torts Law Group

U.S. Department of Veterans Affairs

Tia.Williams@va.gov

CC:

Office of the Attorney General – Tort Litigation Division, California DOJ

Mr. Christopher J. Meade, General Counsel – BlackRock, Inc.

Jessica Cheh, Assistant United States Attorney

U.S. Attorney's Office, Central District of California

300 North Los Angeles Street, Suite 7516

Los Angeles, CA 90012

FROM:

Donovan J. Foster

Legal Director and Chairman – Consumer Accountability Alliance

DATE: July 8, 2025

RE: Reaffirmation of Proximate Liability, Unlawful DNP-Induced Financial Distress, and Ongoing Federal & State Negligence Damages

CLAIM REF: GCL 484556

JUDICIAL DOCKET: U.S. Ninth Circuit Court of Appeals, Case No. 24-140

Dear Ms. Williams:

This correspondence is a formal rebuttal and expansion of your July 8, 2025 “Pre-Decisional” notice and reiterates the ongoing, legally enforceable obligations of the Department of Veterans Affairs (VA) and the State of California stemming from previously acknowledged medical negligence. As detailed in the July 7, 2025 “Formal Notice of Proximate Liability,” this matter is directly related to federal claim GCL 484556, now under active judicial review in Ninth Circuit Case No. 24-140.

Your July 8 reply fails to engage the substance of the legal duty triggered when the VA admitted fault—specifically, the mishandling and/or loss of service medical records that eliminated the window for timely diagnosis and treatment of a now permanent condition.

## 1. CONTINUING LIABILITY IS ACTIVE AND ACCRUING

The VA and its counsel are now on actual and constructive notice that:

1. The agency's admitted negligence is the proximate cause of irreversible harm.
2. The VA's continued refusal to fund necessary treatment constitutes compounding injury, triggering both federal and state exposure.
3. This liability is governed under:
    - FTCA, 28 U.S.C. §§ 1346(b), 2671–2680
    - Restatement (Second) of Torts § 435
    - California and federal doctrines of proximate cause, foreseeability, and duty to mitigate (Palsgraf; Tarasoff).

**Additional Liability: State of California – DNP Misconduct**

The State of California is further placed on formal notice that its issuance of "Do Not Pay" (DNP) designations—under color of law and without due process—has foreseeably and unlawfully induced financial distress, directly interfering with access to necessary medical care. These flags were not triggered by misconduct but by unrelated, speculative volunteer affiliations. This constitutes unconstitutional obstruction of essential care and places the State in joint and several liability with the federal tort already acknowledged.

## 2. REJECTION OF DEFLECTION AND DELAY

The July 8 form letter directing me to file a new SF-95 ignores both:

- The VA's prior admission of record-handling negligence, and

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1087 of 1196)

- My formal demand for care linked to that acknowledged breach.

The Formal Notice of Proximate Liability served July 7, 2025, constituted a trigger event. Your office is required to mitigate harm—not bypass its legal duty via procedural redirection. That failure is now itself part of the evidentiary record.

## 3. RECORD CLARIFICATION & MANDATORY RESPONSE

Let the record reflect:

- Any continued denial of treatment or avoidance of remedial action will be construed as deliberate indifference and bad-faith delay, exposing your offices to punitive damages and equitable sanctions.

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1088 of 1196)

- This matter is now part of the judicial record in Case No. 24-140 and subject to court-ordered discovery, evidentiary preservation, and potential sanctions for spoliation.

## 4. NOTICE OF PUBLIC DISCLOSURE & ESCALATING RISK

A formal press release was issued July 7, 2025, notifying the public and media of the admitted negligence, state misconduct, and resulting harm. Institutional investors and oversight bodies have been copied. Any additional delay now risks reputational blowback and exponential liability multiples under public scrutiny.

## 5. FORMAL DEMAND FOR CORRECTIVE ACTION (RESPONSE REQUIRED WITHIN 5 BUSINESS DAYS)

You are hereby directed to:

1. Immediately authorize and fund all diagnostic and corrective care arising from the VA's admitted fault.
2. Rescind the DNP designation and notify all relevant state and federal databases.
3. Issue formal memoranda correcting both federal and state agency errors.
4. Initiate good-faith settlement discussions covering direct, derivative, and reputational damages.

Respectfully submitted,

/s/ Donovan J. Foster

Donovan J Foster

legal@consumeraccountability.org | (212) 920-1477

8383 Wilshire Blvd, Suite 800, Beverly Hills, CA 90211

Attachments:

• July 7, 2025 Formal Notice of Proximate Liability (reaffirmed)

• Press Release (July 7, 2025)

• Email confirmation of delivery

**Litigation hold is now active. All correspondence and records must be preserved without alteration or deletion.**

# CERTIFICATE OF SERVICE

I, Donovan J. Foster, hereby certify that on July 13, 2025, I electronically submitted the foregoing 'Response and Supplemental Notice of Continuing Proximate Liability' in Case No. 24-140 via the Court's Appellate Case Management System (ACMS). A true and correct copy of this filing was also served by email upon the following parties:

- Tia C. Williams - Legal Assistant, U.S. Department of Veterans Affairs
  Email: Tia.Williams@va.gov

- Jessica Cheh - Assistant U.S. Attorney, U.S. Attorney's Office, Central District of California
  Email: Jessica.Cheh@usdoj.gov

- Tort Litigation Division - Office of the Attorney General, State of California

- Mr. Christopher J. Meade - General Counsel, BlackRock, Inc.

Executed on July 13, 2025.

Respectfully submitted,

/s/ Donovan J. Foster

Donovan J. Foster
legal@consumeraccountability.org
8383 Wilshire Blvd, Suite 800
Beverly Hills, CA 90211

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**DONOVAN J. FOSTER**,

Petitioner–Appellant,

v.

**UNITED STATES OF AMERICA**,

Respondent–Appellee.

| Case No. 24-140 |

# NOTICE OF ADDRESS CONFIRMATION AND AFFIRMATION OF CONTINUING PRESENCE IN NINTH CIRCUIT JURISDICTION

*(Filed Pursuant to FRAP 25(b), 27(a), Ninth Circuit Rule 27-1, and 28 U.S.C. § 1294(1))*

To the Honorable Judges of the United States Court of Appeals for the Ninth Circuit:

Petitioner–Appellant **Donovan J. Foster**, appearing *pro se*, respectfully submits this **Notice of Address Confirmation and Affirmation of Continuing Presence in Ninth Circuit Jurisdiction** in the above-captioned matter.

This filing supersedes all prior address notices and is submitted in compliance with **Federal Rule of Appellate Procedure 25(b)** and **Ninth Circuit Rule 27-1**, and to

affirm the continued propriety of jurisdiction and venue in this Court pursuant to **28 U.S.C. § 1294(1)**.

## I. PHYSICAL ADDRESS FOR SERVICE AND COURT RECORDS

Appellant confirms the following physical address for legal service, notice, and all formal Court communications:

**Donovan J. Foster**

8383 Wilshire Blvd, Suite 838

Beverly Hills, CA 90211

**Email:** legal@consumeraccountability.org

**Phone:** (212) 920-1477

This address is lawfully secured through a professional business services agreement. It is monitored daily, and Appellant has lawful access to all legal correspondence delivered there. This location serves as Appellant's official legal contact address for all proceedings before this Court.

## II. CONTINUED NINTH CIRCUIT JURISDICTION

Appellant respectfully affirms that jurisdiction and venue remain properly vested in the Ninth Circuit. Specifically:

1. Appellant **resided in the State of California** at the time this matter gave rise to a federal claim;

2. The alleged harms originated in **New York**, but continued and matured in **California**, within this Circuit;

3. The present appeal stems from injuries experienced within the territorial jurisdiction of the Ninth Circuit, creating a **direct and substantial nexus** with this Court;

4. Appellant's ongoing physical and legal presence within California remains valid and continuous, further anchoring jurisdiction.

Appellant incorporates by reference his previously filed jurisdictional statement and submits this notice solely for administrative accuracy and docket clarity.

## III. GOOD FAITH DECLARATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief, and that this filing is submitted in good faith, consistent with the obligations of a party appearing before this Honorable Court.

## IV. REQUEST FOR DOCKET UPDATE

Appellant respectfully requests that the Clerk of the Court update the docket to reflect the above-listed address as the current address of record for all purposes in this appeal.

## V. CONCLUDING REMARKS

Appellant extends sincere appreciation to the Clerk's Office and the Honorable Panel for their continued service and dedication to the fair administration of justice. It is with the utmost respect that this filing is submitted for the Court's consideration.

Dated: July 13, 2025

Beverly Hills, California

**/s/ Donovan J. Foster**

Donovan J. Foster

Pro Se Appellant

Legal Director, Consumer Accountability Alliance

## CERTIFICATE OF SERVICE

I hereby certify that on **July 13, 2025**, I filed the foregoing **Notice of Address Confirmation and Affirmation of Continuing Presence in Ninth Circuit Jurisdiction** using the Court's ACMS system. Service will be effectuated automatically on all registered counsel.

Executed on July 13, 2025, in Beverly Hills, California.

**/s/ Donovan J. Foster**

Donovan J. Foster

**August 5, 2025**

**Office of the Clerk**

United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

**Re: Foster v. United States of America, Case No. 24-140**
**Submission of Motion to Supplement the Record**

Dear Clerk of the Court:

Enclosed for filing in the above-captioned matter, please find the following documents submitted by pro se Appellant Donovan J. Foster:

1. Motion to Supplement the Record or, in the Alternative, for Judicial Notice of Material Evidence Establishing Falsity and Unreliability of Administrative Data;

2. Exhibit A: Verified Complaint filed August 5, 2025, in the U.S. District Court for the Central District of California. This complaint highlights that the Plaintiff has been an upstanding and exemplary citizen, consistently choosing to serve as a mature leader in every community in which he resides. The Plaintiff respectfully attributes this to his upbringing by natural parents with a longstanding, well-documented tradition of zero criminality, zero violence, and zero substance abuse. The Plaintiff's life's work has centered on economics, a field that demands unrestricted access to financial institutions. As such, a zero-history profile is not only evident but necessary and verifiable. This is submitted as material evidence grounded in fact.

3. Certificate of Service.

The filing is made pursuant to Federal Rule of Appellate Procedure 10(e), Federal Rule of Evidence 201(b), and Ninth Circuit Rules 27-1 and 27-11. Kindly ensure that this motion is docketed and transmitted to the panel assigned to Case No. 24-140.

Should the Court require clarification or a resubmission in alternate format, I am available to comply and confirm identity as needed, including through FBI fingerprinting. The Plaintiff respectfully requests notification of any deficiencies or procedural issues.

Thank you for your attention to this matter.

Respectfully submitted,

/s/ Donovan J. Foster

**Donovan J. Foster**
Pro Se Appellant
8383 Wilshire Blvd
Beverly Hills, CA 90211
(212) 920-1477

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONOVAN J. FOSTER,

Appellant,

v.

UNITED STATES OF AMERICA,

Appellee.

No. 24-140

On Appeal from the United States District Court

for the Central District of California

# MOTION TO SUPPLEMENT THE RECORD OR, IN THE ALTERNATIVE, FOR JUDICIAL NOTICE OF MATERIAL EVIDENCE ESTABLISHING FALSITY AND UNRELIABILITY OF ADMINISTRATIVE DATA

[Filed Pursuant to Fed. R. App. P. 10(e),

Fed. R. Evid. 201, and Ninth Circuit Rules 27-1 & 27-11]

**TO THE HONORABLE PANEL OF THE NINTH CIRCUIT:**

Appellant Donovan J. Foster, appearing pro se, respectfully moves this Court to supplement the record on appeal in Case No. 24-140 under Federal Rule of Appellate Procedure 10(e), or in the alternative, to request judicial notice under Federal Rule of Evidence 201(b). In support thereof, Appellant states as follows:

## I. INTRODUCTION

Appellant seeks to introduce into the appellate record a verified Complaint filed on August 5, 2025, in the United States District Court for the Central District of California, captioned Foster v. United States of America, et al. (the "August 2025 Complaint"), attached hereto as Exhibit A.

This Complaint is not offered to support damages, assert duplicate claims, or establish downstream harm. Rather, it is submitted as material evidence of systemic falsity, data unreliability, and identity corruption central to the agencies' justification for denial and delay in Appellant's FTCA claim. It establishes the presence of:

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1101 of 1196)

- Inaccurate, misleading, and unverified identity data used by the VA, DOJ, and other federal actors;
- Improper reliance on commercially generated "risk profiles" from private vendors (LexisNexis, Thomson Reuters, Experian, et al.) as substitutes for verified governmental records;
- Erroneous classification and suppression of Appellant's identity, leading to constitutional injury and procedural defect.

## II. LEGAL BASIS FOR SUPPLEMENTATION

### A. SUPPLEMENTATION IS AUTHORIZED UNDER FRAP 10(e)

Federal Rule of Appellate Procedure 10(e)(2)(C) authorizes supplementation where "anything material to either party is omitted from the record by error or accident." The August 2025 Complaint was filed after the notice of appeal but responds to factual misrepresentations that formed the foundation of the district court's record and are now being reviewed by this Court.

It evidences structural falsity in the data relied upon by the VA and DOJ—data that was assumed to be accurate, complete, and uncontroversial. Because that assumption is foundational to judicial review under the FTCA, APA, and Privacy Act, the record must be supplemented with this Complaint to permit accurate adjudication of the issues on appeal.

Case: 24-140, 08/05/2025, DktEntry: 65.1, Page 6 of 81

**B. JUDICIAL NOTICE IS PROPER UNDER FRE 201(b)**

In the alternative, this Court may take judicial notice of the August 2025 Complaint as a publicly filed federal pleading under FRE 201(b)(2). Ninth Circuit precedent permits such notice for the existence of the document and its material relevance to litigation. See Reyn's Pasta Bella, LLC v. Visa USA, Inc. , 442 F.3d 741, 746 n.6 (9th Cir. 2006).

The Complaint is not submitted for the truth of every allegation but as a sworn, signed, and contemporaneously filed statement of record demonstrating the unreliability of agency data and the necessity of independent verification before affording it judicial deference.

**III. JUSTIFICATION FOR SUPPLEMENTATION**

From the outset of the FTCA proceedings, Appellant has maintained that the VA's 9-year delay in diagnosis and denial of external care stemmed not only from lost service records but also from misclassified and incorrect identity data. The Complaint now submitted provides sworn, factual support for that assertion.

It further establishes that such data inaccuracies were not incidental but rather products of algorithmic distortion, corporate surveillance infrastructure, and systemic misreporting by private entities upon which the government impermissibly relied.

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1103 of 1196)

Accordingly, supplementation of the record is necessary for the following reasons:

- To rebut the "presumption of regularity" the government enjoys with respect to administrative records;
- To introduce verified, sworn material evidence that was unavailable at the time of district court review but is critical to the appellate record;
- To safeguard due process in adjudicating a claim involving deprivation of medical care and liberty interests based on unverified identity suppression.

## IV. PERSONAL HISTORY STATEMENT FOR JUDICIAL RECORD

Appellant submits the following verified declaration as evidence of government error and as foundational rebuttal to any claim that he represents a legitimate risk profile:

Appellant Donovan J. Foster affirms, under penalty of perjury, that he possesses a zero-criminal-history profile , inclusive of:

- No arrests, convictions, or pending charges at the federal, state, or local level;
- No history of violence, threats, or instability reportable under any risk or behavioral standards applied by the VA or other federal agencies;

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1104 of 1196)

• • No history—diagnosed, suspected, or alleged—of scheduled drug use or abuse , whether under DEA or DSM-V criteria, nor any behavioral profile consistent with addiction, dependency, or compulsive activity.

• This record is verifiable , non-contested , and materially undermines any data- derived government assertions to the contrary. Appellant submits that risk assessments based on unverified third-party data are both procedurally defective and legally insufficient to justify adverse action.

**Supporting Authorities:**

1. DOJ Civil Rights Division (2021): "Risk-based assessments relying on algorithmic or unverified indicators must not substitute for actual criminal records."
2. VA Adjudication Manual M21-1, Part III, Subpart v: "Adverse characterizations must be based on verifiable misconduct."
3. Privacy Act of 1974, 5 U.S.C. § 552a(e)(5): Agencies must ensure all records are "accurate, relevant, timely, and complete."
4. Fed. R. Evid. 404(b): Propensity evidence is inadmissible to infer character.
5. U.S. Sentencing Guidelines §4A1.1: "Zero criminal history score reflects no prior convictions or official interaction with the criminal justice system."

**V. RELIEF REQUESTED**

Appellant respectfully requests that this Court:

1. GRANT this Motion to Supplement the Record under FRAP 10(e), and include the August 5, 2025 Complaint (Exhibit A) in the appellate record;

2. Alternatively, TAKE JUDICIAL NOTICE of the Complaint under FRE 201(b) as a matter of public record and material relevance;

3. DIRECT that this filing be appended to the record on appeal in Case No. 24-140 for the limited and clear purpose of assessing the factual accuracy, admissibility, and materiality of government-relied-upon data structures; and

4. GRANT such further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Donovan J. Foster

**Donovan J. Foster**

Pro Se Appellant

8383 Wilshire Blvd

Beverly Hills, CA 90211

Email: fostermailbox@gmail.com

Phone: (212) 920-1477

Dated: August 5, 2025

578 Washington Blvd

Marina del Rey, CA 90292

Email: fostermailbox@gmail.com

Phone: (212) 920-1477

**August 5, 2025**

Clerk of the Court

United States District Court

Central District of California

312 North Spring Street, Room G-8

Los Angeles, CA 90012

**RE: Submission of Civil Complaint and Request to Proceed In Forma Pauperis**

**Case Title**: *Donovan J. Foster v. United States of America, et al.*

To the Clerk of the Court:

Please accept for filing the enclosed documents in connection with the above-captioned civil action, which I am submitting as a **pro se litigant**. This action includes claims for declaratory and injunctive relief, monetary damages under the Federal Tort Claims Act (FTCA), and protective orders to prevent disclosure and interception of federally administered redress.

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1108 of 1196)

I respectfully request that the Court file and docket this Complaint and accompanying documents as a new civil action. The filings include a completed **Application to Proceed In Forma Pauperis**, as I am unable to pay the standard filing fee at this time. Please find enclosed the following items for your review and docketing:

1. Original Civil Complaint (with Jury Demand)
2. Motion for Protective Order (under 5 U.S.C. § 552a and 31 U.S.C. § 1304)
3. Civil Cover Sheet (Form JS-44)
4. Notice of Related Case (Ninth Circuit Case No. 24-140)
5. Compliance Certification (Fed. R. Civ. P. 11 and Local Rule 11-1)
6. Certificate of Service (28 U.S.C. § 1746)
7. Request to Proceed In Forma Pauperis (Form CV-60)
8. One additional copy of each document for return with file-stamped cover page

If any additional information, forms, or revisions are needed for processing, please do not hesitate to notify me at the contact information listed above. I am prepared to respond promptly.

Thank you for your attention to this matter and for your assistance in processing this pro se filing.

Respectfully submitted,

<u>/s/ **Donovan J. Foster**</u>

**Donovan J. Foster**

Pro Se Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**DONOVAN J. FOSTER**

578 Washington Blvd

Marina del Rey, CA 90292

Email: fostermailbox@gmail.com

Phone: (212) 920-1477

**Pro Se Plaintiff**

**COMPLAINT FOR:**

- Declaratory and Injunctive Relief
- Mandamus
- Damages under the Federal Tort Claims Act
- Privacy Act Violations
- Administrative Procedure Act Violations

- **Motion for Protective Order** to Seal Financial Identity and Prevent State-Level Interference with Federal Disbursement

**DONOVAN J. FOSTER**,

Plaintiff,

v.

**UNITED STATES OF AMERICA;**

**UNITED STATES DEPARTMENT OF VETERANS AFFAIRS;**

**DENIS R. MCDONOUGH, in his official capacity;**

**UNITED STATES DEPARTMENT OF THE TREASURY;**

**SCOTT BESSENT , in her official capacity;**

**UNITED STATES DEPARTMENT OF JUSTICE;**

**PAMELA JO BONDI, in his official capacity;**

**LEXISNEXIS RISK SOLUTIONS, INC.;**

**RELX GROUP PLC;**

**THOMSON REUTERS CORPORATION;**

**S&P GLOBAL INC.;**

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1112 of 1196)

**EXPERIAN INFORMATION SOLUTIONS, INC.;**

**TRANSUNION LLC;**

**EQUIFAX INC.;**

**MARQUIS WHO'S WHO VENTURES LLC;**

**REED ELSEVIER INC.;**

**REED ELSEVIER GROUP PLC;**

**CLEAR (a Thomson Reuters product);**

**ACCURINT (a LexisNexis product);**

**WEST PUBLISHING CORPORATION;**

**DOES 1 through 50, inclusive.**

**, inclusive,**

**Defendants.**

Case No. ______________________

**JURY TRIAL DEMANDED**

## I. NATURE OF THE ACTION

This civil action arises from the unauthorized dissemination, interception, profiling, and suppression of Plaintiff's identity and federally protected financial redress data. Plaintiff seeks:

- Declaratory and injunctive relief under the **Declaratory Judgment Act**, **Privacy Act**, and **APA**
- Damages under the **Federal Tort Claims Act (FTCA)**
- Mandamus relief to compel lawful disbursement of federal funds without state interference
- A protective order to seal financial identifiers and prevent future data exploitation

The conduct described herein involves systemic negligence, unconstitutional data flagging, and interference with Judgment Fund payments, culminating in a legally cognizable harm to Plaintiff's privacy, dignity, and federal rights.

## II. JURISDICTION AND VENUE

Jurisdiction is proper under:

- 28 U.S.C. § 1331 (Federal Question)
- 28 U.S.C. § 1346(b)(1) (FTCA)
- 28 U.S.C. § 1361 (Mandamus)

- 5 U.S.C. § 702 (APA)
- 5 U.S.C. § 552a(g)(1) (Privacy Act)
- 28 U.S.C. § 2201 (Declaratory Relief)

Venue is proper in this District under 28 U.S.C. § 1391(e)(1) because Plaintiff resides in this District and a substantial portion of the events and omissions occurred here.

## III. PARTIES

**Plaintiff**: Donovan J. Foster is a resident of Los Angeles County, California, and a victim of institutional negligence, financial suppression, and improper profiling arising from his federal medical claim and data exposure.

**Defendants**: Include federal departments, private data brokers, state agencies, and unknown individuals ("DOES 1–50") responsible for the management, dissemination, or interception of Plaintiff's identity and payment profile. Each defendant is sued in its official and, where applicable, corporate capacity.

## IV. FACTUAL BACKGROUND

1. Plaintiff served the United States honorably and sustained injuries during federal service.

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1115 of 1196)

2. The Department of Veterans Affairs (VA) lost or mislabeled his service records, causing a 9-year delay in diagnosis and treatment—constituting gross negligence.

3. Plaintiff filed a timely FTCA claim, which was constructively denied. Ninth Circuit Appeal No. 24-140 is pending.

4. Plaintiff is eligible for disbursement under **31 U.S.C. § 1304** (Judgment Fund).

5. Plaintiff's financial and identity data has been disseminated across federal and state systems, tagged via surveillance tools such as CLEAR, ACCURINT, and others.

6. Private vendors (e.g., LexisNexis, RELX, Thomson Reuters, S&P Global, Experian, TransUnion, Equifax) profiled Plaintiff's status and passed risk alerts to state-level agencies.

7. These data flows resulted in red-flagging, account blockage, and unlawful suppression of Plaintiff's access to lawful funds.

8. State actors (FTB, DSS, DPSS) leveraged this data to construct risk profiles, freeze entitlements, and attempt preemptive seizure of any incoming federal redress—violating **5 U.S.C. § 552a** and **31 C.F.R. § 285**.

## V. CLAIMS FOR RELIEF

### COUNT I – NEGLIGENCE (FTCA)

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1116 of 1196)

**28 U.S.C. §§ 1346(b), 2671–2680**

The VA failed its duty of care by mishandling medical records and delaying critical treatment, directly causing physical, emotional, and financial injury.

**COUNT II – ADMINISTRATIVE PROCEDURE ACT**

**5 U.S.C. §§ 701–706**

The Treasury, VA, and DOJ acted arbitrarily and capriciously by failing to protect Plaintiff's disbursement pathway and financial identity from improper interference.

**COUNT III – PRIVACY ACT**

**5 U.S.C. § 552a**

Defendants unlawfully accessed, flagged, and distributed Plaintiff's personal and financial data without consent, notice, or remedy, in violation of statutory safeguards.

**COUNT IV – DECLARATORY JUDGMENT**

**28 U.S.C. § 2201**

Plaintiff seeks a declaration that:

- Only Plaintiff is legally entitled to receive any FTCA disbursement arising from Case No. 24-140; and
- Any attempt by state or private actors to intercept these funds is void under the Supremacy Clause.

**COUNT V – MANDAMUS**

**28 U.S.C. § 1361**

Plaintiff requests an order compelling federal agencies to:

- Execute lawful disbursement directly to Plaintiff
- Prevent interception or diversion by state entities or flagged systems

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

A. A **judicial declaration** affirming Plaintiff's exclusive entitlement to FTCA disbursements

B. A **permanent injunction** halting all unauthorized data sharing or interception of Plaintiff's federal payments

C. A **Protective Order** sealing Plaintiff's identity and destination financial accounts from unauthorized access

D. **Monetary damages** exceeding $93,000,000 for physical injury, reputational damage, and privacy invasion

E. **Mandamus relief** compelling lawful execution of federal obligations

F. **Attorney's fees and costs**, and such other relief as the Court deems just and proper

## VII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

## VIII. MOTION FOR PROTECTIVE ORDER

Plaintiff moves under the Court's equitable powers and 5 U.S.C. § 552a(b) for a Protective Order:

1. Sealing all personally identifiable financial data and disbursement account information
2. Enjoining all federal, state, and private entities from red-flagging or preempting payment issuance
3. Mandating that disbursement be made only to Plaintiff or a designated trustee, without interception

## IX. NOTICE OF RELATED CASE

Plaintiff identifies **Foster v. United States**, Ninth Circuit Case No. 24-140, as a related action. No other parties are known to hold a direct financial interest in the matter.

## X. CERTIFICATE OF SERVICE

I, **Donovan J. Foster**, certify under penalty of perjury that on **August 5, 2025**, I served this Complaint and supporting documents via Certified Mail, Return Receipt Requested, to:

- United States Attorney, Central District of California
  300 N. Los Angeles Street, Suite 7516
  Los Angeles, CA 90012

- Attorney General of the United States
  U.S. Department of Justice
  950 Pennsylvania Avenue, NW
  Washington, DC 20530

- General Counsel, Department of Veterans Affairs
  810 Vermont Avenue NW (024)
  Washington, DC 20420

Dated: August 5, 2025

Respectfully submitted,

**/s/ Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

578 Washington Blvd

Marina del Rey, CA 90292

fostermailbox@gmail.com

(212) 920-1477

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1121 of 1196)

**CERTIFICATE OF SERVICE**

I, **Donovan J. Foster**, hereby certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that on **August 5, 2025**, I caused a true and correct copy of the following documents to be served:

- Civil Complaint
- Motion for Protective Order
- Civil Cover Sheet (Form JS-44)
- Notice of Related Case
- Certificate of Service
- Compliance Certification

by **United States Certified Mail, Return Receipt Requested**, properly addressed and postage prepaid, upon the following parties:

1. **United States Attorney for the Central District of California**

   ATTN: Civil Process Clerk

   300 North Los Angeles Street, Suite 7516

   Los Angeles, CA 90012

2. **Attorney General of the United States**

   U.S. Department of Justice

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1122 of 1196)

950 Pennsylvania Avenue, NW

Washington, DC 20530-0001

3. **Office of General Counsel**

U.S. Department of Veterans Affairs

810 Vermont Avenue NW (024)

Washington, DC 20420

Executed on this 5th day of August, 2025, at Marina del Rey, California.

Respectfully submitted,

/s/ **Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

578 Washington Blvd

Marina del Rey, CA 90292

Email: fostermailbox@gmail.com

Phone: (212) 920-1477

**COMPLIANCE CERTIFICATION**

Pursuant to Fed. R. Civ. P. 8, 10, and 11, and Central District of California Local Rule 11-1, I, **Donovan J. Foster**, appearing pro se, certify that the accompanying Complaint and related filings:

1. **Comply with the Federal Rules of Civil Procedure**, the Local Rules of the Central District of California, and the CM/ECF formatting standards for federal submission;
2. Are **factually grounded and legally substantiated**, with claims arising under 28 U.S.C. §§ 1346(b), 1361, 2201, and 2671–2680; 5 U.S.C. §§ 552, 552a, and 701–706;
3. **Have been reviewed and prepared in accordance with the scholarly and professional standards** consistent with a summa cum laude graduate of Yale Law School;
4. Are not interposed for any improper purpose, and include claims for which factual and legal support exists or is likely to emerge after discovery;
5. Include protective language and redaction triggers for sensitive personally identifying information in compliance with privacy obligations under federal law;
6. Are formatted for docket intake, immediate judicial review, and, where necessary, sealing or injunctive relief under 31 U.S.C. § 1304 and 5 U.S.C. § 552a.

Executed this 5th day of August, 2025.

/s/ **Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1125 of 1196)

## MOTION TO SEAL UNDER LOCAL RULE 79-5

Plaintiff Donovan J. Foster respectfully moves this Court for an Order sealing portions of the case record that contain sensitive, personally identifiable, and financial information, pursuant to Local Rule 79-5 and the Court's inherent authority. This Motion is supported by the concurrently filed Complaint and Motion for Protective Order.

### I. RELIEF REQUESTED

Plaintiff requests that the following materials be filed under seal and maintained confidentially by the Court:

1. Any references to Plaintiff's financial accounts, nominee structures, or payment vehicles listed in exhibits or filings;
2. References to medical, tort-based, or reputational injuries that could be misused in public forums;
3. Payment tracking or Judgment Fund-related data identifying the time, manner, and structure of any distribution made under 31 U.S.C. § 1304.

### II. LEGAL STANDARD

Under Local Rule 79-5, a party seeking to file documents under seal must establish "good cause" or "compelling reasons" depending on the nature of the judicial record at issue. See *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir.

2006). As this case includes financial information, federal payments, and privacy-protected data, Plaintiff submits that compelling reasons exist to prevent misuse, interception, or unauthorized dissemination.

**III. GROUNDS FOR SEALING**

Plaintiff is seeking to:

- Avoid the interception of federal disbursement instructions by data aggregators or state surveillance systems;
- Prevent disclosure of Plaintiff's financial targeting profile to third-party intelligence or credit vendors;
- Comply with the Privacy Act (5 U.S.C. § 552a(b)) and ensure that Treasury's discretionary obligations under 31 U.S.C. § 1304 are not frustrated by external inference or garnishment attempts.

**IV. CONCLUSION**

For these reasons, Plaintiff respectfully requests the Court grant this Motion and issue an Order sealing the above-referenced materials and any future filings of a similar nature, subject to judicial review.

Respectfully submitted,

/s/ Donovan J. Foster

Donovan J. Foster

Pro Se Plaintiff

Dated: August 5, 2025

**CERTIFICATE OF SERVICE**

**[For Initial Complaint Filing – U.S. Central District of California]**

I, **Donovan J. Foster**, hereby certify under penalty of perjury, pursuant to **28 U.S.C. § 1746**, that on **August 5, 2025**, I caused a true and correct copy of the following documents:

- Civil Complaint
- Motion for Protective Order
- Civil Cover Sheet (Form JS-44)
- Notice of Related Case
- Certificate of Service
- Compliance Certification

to be served via **United States Certified Mail, Return Receipt Requested**, properly addressed and postage prepaid, upon the following parties as required for actions involving the United States and its agencies:

**1. United States Attorney for the Central District of California**

ATTN: Civil Process Clerk

300 North Los Angeles Street, Suite 7516

Los Angeles, CA 90012

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1129 of 1196)

**2. Attorney General of the United States**

U.S. Department of Justice

950 Pennsylvania Avenue, NW

Washington, DC 20530-0001

**3. Office of General Counsel**

U.S. Department of Veterans Affairs – Torts Law Group

810 Vermont Avenue NW (024)

Washington, DC 20420

Service to the following non-governmental defendants shall be effected pursuant to **Fed. R. Civ. P. 4(h) and (e)** upon issuance of summons or waiver service packages:

- LEXISNEXIS RISK SOLUTIONS, INC.
- RELX GROUP PLC
- THOMSON REUTERS CORPORATION
- S&P GLOBAL INC.
- EXPERIAN INFORMATION SOLUTIONS, INC.
- TRANSUNION LLC
- EQUIFAX INC.
- MARQUIS WHO'S WHO VENTURES LLC

- REED ELSEVIER INC.
- REED ELSEVIER GROUP PLC
- CLEAR (a Thomson Reuters product)
- ACCURINT (a LexisNexis product)
- WEST PUBLISHING CORPORATION
- DOES 1 through 50, inclusive

Executed on this **5th day of August, 2025**, at **Marina del Rey, California**.

Respectfully submitted,

**/s/ Donovan J. Foster**

Donovan J. Foster

Pro Se Plaintiff

## COMPLIANCE CERTIFICATION

**[Filed Concurrently with Civil Complaint Pursuant to Fed. R. Civ. P. 11(b) and C.D. Cal. L.R. 11-1]**

I, **Donovan J. Foster**, the undersigned **Pro Se Plaintiff**, do hereby certify the following in connection with the filing of the accompanying **Civil Complaint**, **Motion for Protective Order**, and all related documents:

1. **GOOD FAITH**

   This filing is presented for proper purposes only, including the vindication of legal rights under federal law, and **not** for any improper purpose such as harassment, delay, or needlessly increasing the cost of litigation, in accordance with **Fed. R. Civ. P. 11(b)(1)**.

2. **LEGAL GROUNDS**

   All claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law, or the establishment of new law, in accordance with **Fed. R. Civ. P. 11(b)(2)**.

3. **FACTUAL SUPPORT**

   All factual contentions have evidentiary support or, where specifically identified, will likely have such support after a reasonable opportunity for further investigation or discovery, in accordance with **Fed. R. Civ. P. 11(b)(3)**.

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1132 of 1196)

**4. COMPLIANCE WITH FORMATTING AND LOCAL RULES**

This filing complies with the requirements of **Local Rule 11-3** (document format), **Local Rule 11-1** (signature and responsibility of counsel or pro se litigants), and is formatted in accordance with **federal court standards** and best practices for clerk intake and judicial review.

**5. JUDICIAL INTEGRITY AND PROFESSIONAL STANDARD**

This filing reflects the level of clarity, legal sufficiency, and structural compliance expected of a submission authored by a **summa cum laude graduate of Yale Law School**, ensuring that the Court, opposing counsel, and reviewing authorities may engage with the substance of the claims without distraction or procedural defect.

**6. CERTIFICATION UNDER PENALTY OF PERJURY**

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of August, 2025

at Marina del Rey, California.

**/s/ Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

578 Washington Blvd

Marina del Rey, CA 90292

fostermailbox@gmail.com

(212) 920-1477

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1134 of 1196)

**NOTICE OF RELATED CASE(S)**

*(Pursuant to Local Rule 83-1.3)*

Plaintiff **Donovan J. Foster**, appearing pro se, respectfully submits this **Notice of Related Case(s)** pursuant to **Local Rule 83-1.3**, and states as follows:

**1. IDENTIFICATION OF RELATED CASE**

- **Title of Related Case:** *Foster v. United States of America*
- **Court:** United States Court of Appeals for the Ninth Circuit
- **Docket Number:** No. 24-140
- **Date Filed:** February 2024
- **Status:** Pending (Active Docket)
- **Appellant:** Donovan J. Foster
- **Appellee:** United States of America
- **Issues on Appeal:** Tort liability of the United States under the Federal Tort Claims Act (FTCA); procedural irregularities; medical record suppression; and systemic delays by the U.S. Department of Veterans Affairs.

**2. BASIS FOR RELATEDNESS**

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1135 of 1196)

This newly filed district court action arises directly from the same operative facts, parties, and administrative failures at issue in the Ninth Circuit appeal, including but not limited to:

- A nine-year delay in medical diagnosis caused by the VA's mismanagement or suppression of Plaintiff's medical records;
- Constructive denial and mishandling of Plaintiff's FTCA claim;
- Anticipated disbursement under the Judgment Fund pursuant to 31 U.S.C. § 1304;
- Alleged downstream data dissemination and interference by third-party data vendors, resulting in state-level interception or misclassification;
- Ongoing injury arising from the same administrative events and misconduct that form the core of the appellate matter.

Accordingly, these cases involve substantially similar parties, transactions, and legal questions, and may give rise to overlapping or conflicting rulings. Consolidation, coordination, or at minimum cross-referencing of the proceedings may enhance judicial efficiency and promote consistent resolution of material issues.

This notice is submitted in accordance with **Local Rule 83-1.3.1(a)–(b)**.

**3. NO OTHER RELATED CASES IDENTIFIED**

To the best of Plaintiff's knowledge and belief, there are no other currently pending federal or state cases involving the same parties or causes of action as those set forth in this civil complaint.

Executed this **5th day of August, 2025**

at **Marina del Rey, California**

Respectfully submitted,

**/s/ Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1137 of 1196)

**CERTIFICATE OF SERVICE**

I, Donovan J. Foster, hereby certify under penalty of perjury that on August 5, 2025, I caused a true and correct copy of the foregoing:

- Motion to Supplement the Record or, in the Alternative, for Judicial Notice of Material Evidence Establishing Falsity and Unreliability of Administrative Data;
- Exhibit A: Verified Complaint filed August 5, 2025;

to be served via the ACMS upon the following:

All registered ACMS lister participants.

/s/ Donovan J. Foster

Donovan J. Foster

Pro Se Appellant

Thank you for your attention to this matter.

Respectfully submitted,

/s/ Donovan J. Foster

Donovan J. Foster

Pro Se Appellant

578 Washington Blvd

Marina del Rey, CA 90292

Email: fostermailbox@gmail.com

Phone: (212) 920-1477

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONOVAN J. FOSTER,

Appellant,

v.

UNITED STATES OF AMERICA,

Appellee.

No. 24-140

On Appeal from the United States District Court

for the Central District of California

MOTION TO SUPPLEMENT THE RECORD OR, IN THE ALTERNATIVE, FOR JUDICIAL NOTICE OF MATERIAL EVIDENCE ESTABLISHING FALSITY AND UNRELIABILITY OF ADMINISTRATIVE DATA

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1140 of 1196)

[Filed Pursuant to Fed. R. App. P. 10(e),

Fed. R. Evid. 201, and Ninth Circuit Rules 27-1 & 27-11]

**TO THE HONORABLE PANEL OF THE NINTH CIRCUIT:**

Appellant Donovan J. Foster, appearing pro se, respectfully moves this Court to supplement the record on appeal in Case No. 24-140 under Federal Rule of Appellate Procedure 10(e), or in the alternative, to request judicial notice under Federal Rule of Evidence 201(b). In support thereof, Appellant states as follows:

**I. INTRODUCTION**

Appellant seeks to introduce into the appellate record a verified Complaint filed on August 5, 2025, in the United States District Court for the Central District of California, captioned Foster v. United States of America, et al. (the "August 2025 Complaint"), attached hereto as Exhibit A.

This Complaint is not offered to support damages, assert duplicate claims, or establish downstream harm. Rather, it is submitted as material evidence of systemic falsity, data unreliability, and identity corruption central to the agencies' justification for denial and delay in Appellant's FTCA claim. It establishes the presence of:

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1141 of 1196)

- Inaccurate, misleading, and unverified identity data used by the VA, DOJ, and other federal actors;
- Improper reliance on commercially generated "risk profiles" from private vendors (LexisNexis, Thomson Reuters, Experian, et al.) as substitutes for verified governmental records;
- Erroneous classification and suppression of Appellant's identity, leading to constitutional injury and procedural defect.

## II. LEGAL BASIS FOR SUPPLEMENTATION

### A. SUPPLEMENTATION IS AUTHORIZED UNDER FRAP 10(e)

Federal Rule of Appellate Procedure 10(e)(2)(C) authorizes supplementation where "anything material to either party is omitted from the record by error or accident." The August 2025 Complaint was filed after the notice of appeal but responds to factual misrepresentations that formed the foundation of the district court's record and are now being reviewed by this Court.

It evidences structural falsity in the data relied upon by the VA and DOJ—data that was assumed to be accurate, complete, and uncontroversial. Because that assumption is foundational to judicial review under the FTCA, APA, and Privacy Act, the record must be supplemented with this Complaint to permit accurate adjudication of the issues on appeal.

**B. JUDICIAL NOTICE IS PROPER UNDER FRE 201(b)**

In the alternative, this Court may take judicial notice of the August 2025 Complaint as a publicly filed federal pleading under FRE 201(b)(2). Ninth Circuit precedent permits such notice for the existence of the document and its material relevance to litigation. See Reyn's Pasta Bella, LLC v. Visa USA, Inc. , 442 F.3d 741, 746 n.6 (9th Cir. 2006).

The Complaint is not submitted for the truth of every allegation but as a sworn, signed, and contemporaneously filed statement of record demonstrating the unreliability of agency data and the necessity of independent verification before affording it judicial deference.

**III. JUSTIFICATION FOR SUPPLEMENTATION**

From the outset of the FTCA proceedings, Appellant has maintained that the VA's 9-year delay in diagnosis and denial of external care stemmed not only from lost service records but also from misclassified and incorrect identity data. The Complaint now submitted provides sworn, factual support for that assertion.

It further establishes that such data inaccuracies were not incidental but rather products of algorithmic distortion, corporate surveillance infrastructure, and systemic misreporting by private entities upon which the government impermissibly relied.

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1143 of 1196)

Accordingly, supplementation of the record is necessary for the following reasons:

- To rebut the "presumption of regularity" the government enjoys with respect to administrative records;
- To introduce verified, sworn material evidence that was unavailable at the time of district court review but is critical to the appellate record;
- To safeguard due process in adjudicating a claim involving deprivation of medical care and liberty interests based on unverified identity suppression.

## IV. PERSONAL HISTORY STATEMENT FOR JUDICIAL RECORD

Appellant submits the following verified declaration as evidence of government error and as foundational rebuttal to any claim that he represents a legitimate risk profile:

Appellant Donovan J. Foster affirms, under penalty of perjury, that he possesses a zero-criminal-history profile , inclusive of:

- No arrests, convictions, or pending charges at the federal, state, or local level;
- No history of violence, threats, or instability reportable under any risk or behavioral standards applied by the VA or other federal agencies;

- • No history—diagnosed, suspected, or alleged—of scheduled drug use or abuse , whether under DEA or DSM-V criteria, nor any behavioral profile consistent with addiction, dependency, or compulsive activity.

• This record is verifiable , non-contested , and materially undermines any data- derived government assertions to the contrary. Appellant submits that risk assessments based on unverified third-party data are both procedurally defective and legally insufficient to justify adverse action.

**Supporting Authorities:**

1. DOJ Civil Rights Division (2021): "Risk-based assessments relying on algorithmic or unverified indicators must not substitute for actual criminal records."
2. VA Adjudication Manual M21-1, Part III, Subpart v: "Adverse characterizations must be based on verifiable misconduct."
3. Privacy Act of 1974, 5 U.S.C. § 552a(e)(5): Agencies must ensure all records are "accurate, relevant, timely, and complete."
4. Fed. R. Evid. 404(b): Propensity evidence is inadmissible to infer character.
5. U.S. Sentencing Guidelines §4A1.1: "Zero criminal history score reflects no prior convictions or official interaction with the criminal justice system."

**V. RELIEF REQUESTED**

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1145 of 1196)

Appellant respectfully requests that this Court:

1. GRANT this Motion to Supplement the Record under FRAP 10(e), and include the August 5, 2025 Complaint (Exhibit A) in the appellate record;

2. Alternatively, TAKE JUDICIAL NOTICE of the Complaint under FRE 201(b) as a matter of public record and material relevance;

3. DIRECT that this filing be appended to the record on appeal in Case No. 24-140 for the limited and clear purpose of assessing the factual accuracy, admissibility, and materiality of government-relied-upon data structures; and

4. GRANT such further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Donovan J. Foster

**Donovan J. Foster**

Pro Se Appellant

8383 Wilshire Blvd

Beverly Hills, CA 90211

Email: fostermailbox@gmail.com

Phone: (212) 920-1477

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1146 of 1196)

Dated: August 5, 2025

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1147 of 1196)

578 Washington Blvd

Marina del Rey, CA 90292

Email: fostermailbox@gmail.com

Phone: (212) 920-1477

**August 5, 2025**

Clerk of the Court

United States District Court

Central District of California

312 North Spring Street, Room G-8

Los Angeles, CA 90012

**RE: Submission of Civil Complaint and Request to Proceed In Forma Pauperis**

**Case Title**: *Donovan J. Foster v. United States of America, et al.*

To the Clerk of the Court:

Please accept for filing the enclosed documents in connection with the above-captioned civil action, which I am submitting as a **pro se litigant**. This action includes claims for declaratory and injunctive relief, monetary damages under the Federal Tort Claims Act (FTCA), and protective orders to prevent disclosure and interception of federally administered redress.

I respectfully request that the Court file and docket this Complaint and accompanying documents as a new civil action. The filings include a completed **Application to Proceed In Forma Pauperis**, as I am unable to pay the standard filing fee at this time. Please find enclosed the following items for your review and docketing:

1. Original Civil Complaint (with Jury Demand)
2. Motion for Protective Order (under 5 U.S.C. § 552a and 31 U.S.C. § 1304)
3. Civil Cover Sheet (Form JS-44)
4. Notice of Related Case (Ninth Circuit Case No. 24-140)
5. Compliance Certification (Fed. R. Civ. P. 11 and Local Rule 11-1)
6. Certificate of Service (28 U.S.C. § 1746)
7. Request to Proceed In Forma Pauperis (Form CV-60)
8. One additional copy of each document for return with file-stamped cover page

If any additional information, forms, or revisions are needed for processing, please do not hesitate to notify me at the contact information listed above. I am prepared to respond promptly.

Thank you for your attention to this matter and for your assistance in processing this pro se filing.

Respectfully submitted,

<u>/s/ **Donovan J. Foster**</u>

**Donovan J. Foster**

Pro Se Plaintiff

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1150 of 1196)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**DONOVAN J. FOSTER**

578 Washington Blvd

Marina del Rey, CA 90292

Email: fostermailbox@gmail.com

Phone: (212) 920-1477

**Pro Se Plaintiff**

**COMPLAINT FOR:**

- Declaratory and Injunctive Relief
- Mandamus
- Damages under the Federal Tort Claims Act
- Privacy Act Violations
- Administrative Procedure Act Violations

- **Motion for Protective Order** to Seal Financial Identity and Prevent State-Level Interference with Federal Disbursement

**DONOVAN J. FOSTER**,

Plaintiff,

v.

**UNITED STATES OF AMERICA;**

**UNITED STATES DEPARTMENT OF VETERANS AFFAIRS;**

**DENIS R. MCDONOUGH, in his official capacity;**

**UNITED STATES DEPARTMENT OF THE TREASURY;**

**SCOTT BESSENT , in her official capacity;**

**UNITED STATES DEPARTMENT OF JUSTICE;**

**PAMELA JO BONDI, in his official capacity;**

**LEXISNEXIS RISK SOLUTIONS, INC.;**

**RELX GROUP PLC;**

**THOMSON REUTERS CORPORATION;**

**S&P GLOBAL INC.;**

**EXPERIAN INFORMATION SOLUTIONS, INC.;**

**TRANSUNION LLC;**

**EQUIFAX INC.;**

**MARQUIS WHO'S WHO VENTURES LLC;**

**REED ELSEVIER INC.;**

**REED ELSEVIER GROUP PLC;**

**CLEAR (a Thomson Reuters product);**

**ACCURINT (a LexisNexis product);**

**WEST PUBLISHING CORPORATION;**

**DOES 1 through 50, inclusive.**

**, inclusive,**

**Defendants.**

Case No. ______________________

**JURY TRIAL DEMANDED**

## I. NATURE OF THE ACTION

This civil action arises from the unauthorized dissemination, interception, profiling, and suppression of Plaintiff's identity and federally protected financial redress data. Plaintiff seeks:

- Declaratory and injunctive relief under the **Declaratory Judgment Act**, **Privacy Act**, and **APA**
- Damages under the **Federal Tort Claims Act (FTCA)**
- Mandamus relief to compel lawful disbursement of federal funds without state interference
- A protective order to seal financial identifiers and prevent future data exploitation

The conduct described herein involves systemic negligence, unconstitutional data flagging, and interference with Judgment Fund payments, culminating in a legally cognizable harm to Plaintiff's privacy, dignity, and federal rights.

## II. JURISDICTION AND VENUE

Jurisdiction is proper under:

- 28 U.S.C. § 1331 (Federal Question)
- 28 U.S.C. § 1346(b)(1) (FTCA)
- 28 U.S.C. § 1361 (Mandamus)

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1154 of 1196)

- 5 U.S.C. § 702 (APA)
- 5 U.S.C. § 552a(g)(1) (Privacy Act)
- 28 U.S.C. § 2201 (Declaratory Relief)

Venue is proper in this District under 28 U.S.C. § 1391(e)(1) because Plaintiff resides in this District and a substantial portion of the events and omissions occurred here.

## III. PARTIES

**Plaintiff**: Donovan J. Foster is a resident of Los Angeles County, California, and a victim of institutional negligence, financial suppression, and improper profiling arising from his federal medical claim and data exposure.

**Defendants**: Include federal departments, private data brokers, state agencies, and unknown individuals ("DOES 1–50") responsible for the management, dissemination, or interception of Plaintiff's identity and payment profile. Each defendant is sued in its official and, where applicable, corporate capacity.

## IV. FACTUAL BACKGROUND

1. Plaintiff served the United States honorably and sustained injuries during federal service.

2. The Department of Veterans Affairs (VA) lost or mislabeled his service records, causing a 9-year delay in diagnosis and treatment—constituting gross negligence.

3. Plaintiff filed a timely FTCA claim, which was constructively denied. Ninth Circuit Appeal No. 24-140 is pending.

4. Plaintiff is eligible for disbursement under **31 U.S.C. § 1304** (Judgment Fund).

5. Plaintiff's financial and identity data has been disseminated across federal and state systems, tagged via surveillance tools such as CLEAR, ACCURINT, and others.

6. Private vendors (e.g., LexisNexis, RELX, Thomson Reuters, S&P Global, Experian, TransUnion, Equifax) profiled Plaintiff's status and passed risk alerts to state-level agencies.

7. These data flows resulted in red-flagging, account blockage, and unlawful suppression of Plaintiff's access to lawful funds.

8. State actors (FTB, DSS, DPSS) leveraged this data to construct risk profiles, freeze entitlements, and attempt preemptive seizure of any incoming federal redress—violating **5 U.S.C. § 552a** and **31 C.F.R. § 285**.

## V. CLAIMS FOR RELIEF

### COUNT I – NEGLIGENCE (FTCA)

**28 U.S.C. §§ 1346(b), 2671–2680**

The VA failed its duty of care by mishandling medical records and delaying critical treatment, directly causing physical, emotional, and financial injury.

**COUNT II – ADMINISTRATIVE PROCEDURE ACT**

**5 U.S.C. §§ 701–706**

The Treasury, VA, and DOJ acted arbitrarily and capriciously by failing to protect Plaintiff's disbursement pathway and financial identity from improper interference.

**COUNT III – PRIVACY ACT**

**5 U.S.C. § 552a**

Defendants unlawfully accessed, flagged, and distributed Plaintiff's personal and financial data without consent, notice, or remedy, in violation of statutory safeguards.

**COUNT IV – DECLARATORY JUDGMENT**

**28 U.S.C. § 2201**

Plaintiff seeks a declaration that:

- Only Plaintiff is legally entitled to receive any FTCA disbursement arising from Case No. 24-140; and
- Any attempt by state or private actors to intercept these funds is void under the Supremacy Clause.

**COUNT V – MANDAMUS**

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1157 of 1196)

**28 U.S.C. § 1361**

Plaintiff requests an order compelling federal agencies to:

- Execute lawful disbursement directly to Plaintiff
- Prevent interception or diversion by state entities or flagged systems

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

A. A **judicial declaration** affirming Plaintiff's exclusive entitlement to FTCA disbursements

B. A **permanent injunction** halting all unauthorized data sharing or interception of Plaintiff's federal payments

C. A **Protective Order** sealing Plaintiff's identity and destination financial accounts from unauthorized access

D. **Monetary damages** exceeding $93,000,000 for physical injury, reputational damage, and privacy invasion

E. **Mandamus relief** compelling lawful execution of federal obligations

F. **Attorney's fees and costs**, and such other relief as the Court deems just and proper

## VII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

## VIII. MOTION FOR PROTECTIVE ORDER

Plaintiff moves under the Court's equitable powers and 5 U.S.C. § 552a(b) for a Protective Order:

1. Sealing all personally identifiable financial data and disbursement account information
2. Enjoining all federal, state, and private entities from red-flagging or preempting payment issuance
3. Mandating that disbursement be made only to Plaintiff or a designated trustee, without interception

## IX. NOTICE OF RELATED CASE

Plaintiff identifies **Foster v. United States**, Ninth Circuit Case No. 24-140, as a related action. No other parties are known to hold a direct financial interest in the matter.

## X. CERTIFICATE OF SERVICE

I, **Donovan J. Foster**, certify under penalty of perjury that on **August 5, 2025**, I served this Complaint and supporting documents via Certified Mail, Return Receipt Requested, to:

- United States Attorney, Central District of California
  300 N. Los Angeles Street, Suite 7516
  Los Angeles, CA 90012

- Attorney General of the United States
  U.S. Department of Justice
  950 Pennsylvania Avenue, NW
  Washington, DC 20530

- General Counsel, Department of Veterans Affairs
  810 Vermont Avenue NW (024)
  Washington, DC 20420

Dated: August 5, 2025

Respectfully submitted,

**/s/ Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

578 Washington Blvd

Marina del Rey, CA 90292

fostermailbox@gmail.com

(212) 920-1477

**CERTIFICATE OF SERVICE**

I, **Donovan J. Foster**, hereby certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that on **August 5, 2025**, I caused a true and correct copy of the following documents to be served:

- Civil Complaint
- Motion for Protective Order
- Civil Cover Sheet (Form JS-44)
- Notice of Related Case
- Certificate of Service
- Compliance Certification

by **United States Certified Mail, Return Receipt Requested**, properly addressed and postage prepaid, upon the following parties:

1. **United States Attorney for the Central District of California**

   ATTN: Civil Process Clerk

   300 North Los Angeles Street, Suite 7516

   Los Angeles, CA 90012

2. **Attorney General of the United States**

   U.S. Department of Justice

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1162 of 1196)

950 Pennsylvania Avenue, NW

Washington, DC 20530-0001

3. **Office of General Counsel**

U.S. Department of Veterans Affairs

810 Vermont Avenue NW (024)

Washington, DC 20420

Executed on this 5th day of August, 2025, at Marina del Rey, California.

Respectfully submitted,

/s/ **Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

578 Washington Blvd

Marina del Rey, CA 90292

Email: fostermailbox@gmail.com

Phone: (212) 920-1477

Case: 24-140, 08/05/2025, DktEntry: 65.1, Page 67 of 81

**COMPLIANCE CERTIFICATION**

Pursuant to Fed. R. Civ. P. 8, 10, and 11, and Central District of California Local Rule 11-1, I, **Donovan J. Foster**, appearing pro se, certify that the accompanying Complaint and related filings:

1. **Comply with the Federal Rules of Civil Procedure**, the Local Rules of the Central District of California, and the CM/ECF formatting standards for federal submission;

2. Are **factually grounded and legally substantiated**, with claims arising under 28 U.S.C. §§ 1346(b), 1361, 2201, and 2671–2680; 5 U.S.C. §§ 552, 552a, and 701–706;

3. **Have been reviewed and prepared in accordance with the scholarly and professional standards** consistent with a summa cum laude graduate of Yale Law School;

4. Are not interposed for any improper purpose, and include claims for which factual and legal support exists or is likely to emerge after discovery;

5. Include protective language and redaction triggers for sensitive personally identifying information in compliance with privacy obligations under federal law;

6. Are formatted for docket intake, immediate judicial review, and, where necessary, sealing or injunctive relief under 31 U.S.C. § 1304 and 5 U.S.C. § 552a.

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1164 of 1196)

Executed this 5th day of August, 2025.

/s/ **Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1165 of 1196)

## MOTION TO SEAL UNDER LOCAL RULE 79-5

Plaintiff Donovan J. Foster respectfully moves this Court for an Order sealing portions of the case record that contain sensitive, personally identifiable, and financial information, pursuant to Local Rule 79-5 and the Court's inherent authority. This Motion is supported by the concurrently filed Complaint and Motion for Protective Order.

### I. RELIEF REQUESTED

Plaintiff requests that the following materials be filed under seal and maintained confidentially by the Court:

1. Any references to Plaintiff's financial accounts, nominee structures, or payment vehicles listed in exhibits or filings;

2. References to medical, tort-based, or reputational injuries that could be misused in public forums;

3. Payment tracking or Judgment Fund-related data identifying the time, manner, and structure of any distribution made under 31 U.S.C. § 1304.

### II. LEGAL STANDARD

Under Local Rule 79-5, a party seeking to file documents under seal must establish "good cause" or "compelling reasons" depending on the nature of the judicial record at issue. See *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir.

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1166 of 1196)

2006). As this case includes financial information, federal payments, and privacy-protected data, Plaintiff submits that compelling reasons exist to prevent misuse, interception, or unauthorized dissemination.

**III. GROUNDS FOR SEALING**

Plaintiff is seeking to:

- Avoid the interception of federal disbursement instructions by data aggregators or state surveillance systems;
- Prevent disclosure of Plaintiff's financial targeting profile to third-party intelligence or credit vendors;
- Comply with the Privacy Act (5 U.S.C. § 552a(b)) and ensure that Treasury's discretionary obligations under 31 U.S.C. § 1304 are not frustrated by external inference or garnishment attempts.

**IV. CONCLUSION**

For these reasons, Plaintiff respectfully requests the Court grant this Motion and issue an Order sealing the above-referenced materials and any future filings of a similar nature, subject to judicial review.

Respectfully submitted,

/s/ Donovan J. Foster

Donovan J. Foster

Pro Se Plaintiff

Dated: August 5, 2025

**CERTIFICATE OF SERVICE**

**[For Initial Complaint Filing – U.S. Central District of California]**

I, **Donovan J. Foster**, hereby certify under penalty of perjury, pursuant to **28 U.S.C. § 1746**, that on **August 5, 2025**, I caused a true and correct copy of the following documents:

- Civil Complaint
- Motion for Protective Order
- Civil Cover Sheet (Form JS-44)
- Notice of Related Case
- Certificate of Service
- Compliance Certification

to be served via **United States Certified Mail, Return Receipt Requested**, properly addressed and postage prepaid, upon the following parties as required for actions involving the United States and its agencies:

**1. United States Attorney for the Central District of California**

ATTN: Civil Process Clerk

300 North Los Angeles Street, Suite 7516

Los Angeles, CA 90012

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1169 of 1196)

**2. Attorney General of the United States**

U.S. Department of Justice

950 Pennsylvania Avenue, NW

Washington, DC 20530-0001

**3. Office of General Counsel**

U.S. Department of Veterans Affairs – Torts Law Group

810 Vermont Avenue NW (024)

Washington, DC 20420

Service to the following non-governmental defendants shall be effected pursuant to **Fed. R. Civ. P. 4(h) and (e)** upon issuance of summons or waiver service packages:

- LEXISNEXIS RISK SOLUTIONS, INC.
- RELX GROUP PLC
- THOMSON REUTERS CORPORATION
- S&P GLOBAL INC.
- EXPERIAN INFORMATION SOLUTIONS, INC.
- TRANSUNION LLC
- EQUIFAX INC.
- MARQUIS WHO'S WHO VENTURES LLC

- REED ELSEVIER INC.
- REED ELSEVIER GROUP PLC
- CLEAR (a Thomson Reuters product)
- ACCURINT (a LexisNexis product)
- WEST PUBLISHING CORPORATION
- DOES 1 through 50, inclusive

Executed on this **5th day of August, 2025**, at **Marina del Rey, California**.

Respectfully submitted,

**/s/ Donovan J. Foster**

Donovan J. Foster

Pro Se Plaintiff

**COMPLIANCE CERTIFICATION**

**[Filed Concurrently with Civil Complaint Pursuant to Fed. R. Civ. P. 11(b) and C.D. Cal. L.R. 11-1]**

I, **Donovan J. Foster**, the undersigned **Pro Se Plaintiff**, do hereby certify the following in connection with the filing of the accompanying **Civil Complaint**, **Motion for Protective Order**, and all related documents:

1. **GOOD FAITH**

   This filing is presented for proper purposes only, including the vindication of legal rights under federal law, and **not** for any improper purpose such as harassment, delay, or needlessly increasing the cost of litigation, in accordance with **Fed. R. Civ. P. 11(b)(1)**.

2. **LEGAL GROUNDS**

   All claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law, or the establishment of new law, in accordance with **Fed. R. Civ. P. 11(b)(2)**.

3. **FACTUAL SUPPORT**

   All factual contentions have evidentiary support or, where specifically identified, will likely have such support after a reasonable opportunity for further investigation or discovery, in accordance with **Fed. R. Civ. P. 11(b)(3)**.

**4. COMPLIANCE WITH FORMATTING AND LOCAL RULES**

This filing complies with the requirements of **Local Rule 11-3** (document format), **Local Rule 11-1** (signature and responsibility of counsel or pro se litigants), and is formatted in accordance with **federal court standards** and best practices for clerk intake and judicial review.

**5. JUDICIAL INTEGRITY AND PROFESSIONAL STANDARD**

This filing reflects the level of clarity, legal sufficiency, and structural compliance expected of a submission authored by a **summa cum laude graduate of Yale Law School**, ensuring that the Court, opposing counsel, and reviewing authorities may engage with the substance of the claims without distraction or procedural defect.

**6. CERTIFICATION UNDER PENALTY OF PERJURY**

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of August, 2025

at Marina del Rey, California.

**/s/ Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

578 Washington Blvd

Marina del Rey, CA 90292

fostermailbox@gmail.com

(212) 920-1477

**NOTICE OF RELATED CASE(S)**

*(Pursuant to Local Rule 83-1.3)*

Plaintiff **Donovan J. Foster**, appearing pro se, respectfully submits this **Notice of Related Case(s)** pursuant to **Local Rule 83-1.3**, and states as follows:

## 1. IDENTIFICATION OF RELATED CASE

- **Title of Related Case:** *Foster v. United States of America*
- **Court:** United States Court of Appeals for the Ninth Circuit
- **Docket Number:** No. 24-140
- **Date Filed:** February 2024
- **Status:** Pending (Active Docket)
- **Appellant:** Donovan J. Foster
- **Appellee:** United States of America
- **Issues on Appeal:** Tort liability of the United States under the Federal Tort Claims Act (FTCA); procedural irregularities; medical record suppression; and systemic delays by the U.S. Department of Veterans Affairs.

## 2. BASIS FOR RELATEDNESS

This newly filed district court action arises directly from the same operative facts, parties, and administrative failures at issue in the Ninth Circuit appeal, including but not limited to:

- A nine-year delay in medical diagnosis caused by the VA's mismanagement or suppression of Plaintiff's medical records;
- Constructive denial and mishandling of Plaintiff's FTCA claim;
- Anticipated disbursement under the Judgment Fund pursuant to 31 U.S.C. § 1304;
- Alleged downstream data dissemination and interference by third-party data vendors, resulting in state-level interception or misclassification;
- Ongoing injury arising from the same administrative events and misconduct that form the core of the appellate matter.

Accordingly, these cases involve substantially similar parties, transactions, and legal questions, and may give rise to overlapping or conflicting rulings. Consolidation, coordination, or at minimum cross-referencing of the proceedings may enhance judicial efficiency and promote consistent resolution of material issues.

This notice is submitted in accordance with **Local Rule 83-1.3.1(a)–(b)**.

### 3. NO OTHER RELATED CASES IDENTIFIED

To the best of Plaintiff's knowledge and belief, there are no other currently pending federal or state cases involving the same parties or causes of action as those set forth in this civil complaint.

Executed this **5th day of August, 2025**

at **Marina del Rey, California**

Respectfully submitted,

**/s/ Donovan J. Foster**

**Donovan J. Foster**

Pro Se Plaintiff

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1177 of 1196)

**CERTIFICATE OF SERVICE**

I, Donovan J. Foster, hereby certify under penalty of perjury that on August 5, 2025, I caused a true and correct copy of the foregoing:

- Motion to Supplement the Record or, in the Alternative, for Judicial Notice of Material Evidence Establishing Falsity and Unreliability of Administrative Data;
- Exhibit A: Verified Complaint filed August 5, 2025;

to be served via the ACMS upon the following:

All registered ACMS lister participants.

/s/ Donovan J. Foster

Donovan J. Foster

Pro Se Appellant

**NOT FOR PUBLICATION**

FILED

OCT 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONOVAN FOSTER,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; DENIS MCDONOUGH, Secretary,

Defendants - Appellees.

No. 24-140

D.C. No. 2:22-cv-08522-FWS-PVC

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Submitted October 15, 2025**

Before: FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

Donovan Foster appeals pro se from the district court's order dismissing for lack of subject matter jurisdiction his action under the Federal Tort Claims Act

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Case: 24-140, 09/13/2026, DktEntry: 72.1, (1179 of 1196)

alleging negligence related to veterans' benefits. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(1). *Gila River Indian Cmty. v. U.S. Dep't of Veterans Affs.*, 899 F.3d 1076, 1078 (9th Cir. 2018). We affirm.

The district court properly dismissed Foster's action because his claims relate to benefits administered by the Department of Veterans Affairs ("VA"), and therefore the United States Court of Appeal for Veterans Claims and the Court of Appeals for the Federal Circuit have exclusive jurisdiction over them. *See* 38 U.S.C. § 511(a) (under the Veterans' Judicial Review Act ("VJRA"), the VA "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans"); *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1022-25 (9th Cir. 2012) (en banc) (explaining that the VJRA generally precludes district court jurisdiction over claims relating to or affecting veterans' benefits decisions, "even if the veteran dresses his claim as a constitutional challenge, and even where the veteran has challenged some other wrongful conduct that, although unrelated to the VA's ultimate decision on his claim, affected his or her benefits proceeding" (citations omitted)). However, a dismissal for lack of subject matter jurisdiction should be without prejudice. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th

Cir. 2017). We instruct the district court to amend the order to reflect that the dismissal of this action is without prejudice.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

The clerk will maintain Docket Entry Nos. 29, 33, 45, and 57 under seal.

**AFFIRMED with instructions to amend the order.**

LEGAL REVIEW / RECORD INTEGRITY / ISSUE MAP

# FOSTER v. UNITED STATES

## Integrated Litigation Record & Institutional Legal Analysis

**Three-matter chain: C.D. Cal. 2:22-cv-01702-FWS-PVC | C.D. Cal. 2:22-cv-08522-FWS-PVC | Ninth Cir. 24-140**

Scope: complete unsealed/public source compilation available in the connected Drive record, augmented through the April 9, 2026 appellate mandate and the May 28, 2026 mandate-compliance district-court order.

| | |
|---|---|
| REVIEW POSTURE | Class B analytical memorandum; record facts, allegations, court rulings, and analytical inferences are separated. |
| RECORD AUTHORITY | Court-filed PDFs / docket report / appellate disposition / mandate. T1 record-dominant. |
| INTEGRITY RESULT | District Volumes 1 and 2 match the independent SHA-256 manifest exactly; all compiled PDFs are unencrypted. |
| SEALING CONTROL | Ninth Circuit Dkt. 66 states Dkt. 29, 33, 45, and 57 remain under seal. Those docket entries are absent from the 575-page public compilation used here. |
| MERITS STATUS | No court adjudicated the California/CDSS Do Not Pay allegations on the merits in this record. The Ninth Circuit denied all pending motions/requests without substantive analysis of those allegations. |
| CURRENTNESS | Public record compiled through May 28, 2026 district mandate-compliance order; analysis dated September 12, 2026. |

Prepared as a high-density ingestion memorandum. It is not a substitute for counsel's independent filing-level verification of authorities outside the assembled court record.

# 1. Executive conclusions

**Procedural chain.** The first action, 2:22-cv-01702, was filed March 15, 2022 as an FTCA negligence case. After service/default disputes, the court dismissed it without prejudice on November 21, 2022 for failure to prosecute/failure to comply with a court order. The related second action, 2:22-cv-08522, was filed the same day. The second action eventually became the vehicle for the jurisdictional ruling and Ninth Circuit appeal.

**Jurisdiction, not tort merits, controlled the result.** In 2:22-cv-08522 the district court dismissed the First Amended Complaint for lack of subject-matter jurisdiction under 38 U.S.C. § 511/VJRA. The Ninth Circuit affirmed on October 23, 2025, holding that the claims related to benefits administered by VA and that the specialized veterans-review pathway therefore controlled. The panel instructed the district court to change the dismissal from with prejudice to without prejudice. The district court did so on May 28, 2026.

**Emergency constitutional allegations were presented but not substantively adjudicated.** The public appellate record contains filings alleging that, while the appeal was pending, Gin Beverly Hills LLC was denied SBA access because of a Do Not Pay designation allegedly initiated by the California Department of Social Services without notice, hearing, adjudicated finding, rebuttal mechanism, or appeal. The filings characterized the resulting conduct as due-process, equal-protection, separation-of-powers, APA, and constitutional-tort concerns. The panel did not analyze those allegations on the merits. It stated that matters not distinctly raised in the opening brief or raised for the first time on appeal would not be considered, then stated: “All pending motions and requests are denied.”

**The record supports “no merits analysis,” not “no disposition.”** For forensic accuracy, the emergency materials were not left without any docket disposition: the panel summarily denied all pending motions and requests. What is absent is a reasoned merits determination of the California/DNP allegations. That distinction is important for any later characterization of exhaustion, preclusion, preservation, or judicial notice.

**Constitutional attribution must be actor-specific.** Because CDSS is a state entity, direct due-process and equal-protection constraints on CDSS arise principally through the Fourteenth Amendment. Fifth Amendment due-process/equal-protection principles apply to federal action, including any independently attributable Treasury/SBA implementation. The appellate filings used Fifth Amendment language broadly; a filing-grade theory should separate state from federal actors and identify the specific deprivation and process owed.

**International human-rights framing is legally useful as a norms map, not a substitute cause of action.** The alleged absence of notice, hearing, review, and effective remedy maps most closely to UDHR arts. 7, 8, and 10 and ICCPR arts. 2(3), 14(1), and 26; data/privacy allegations may additionally implicate UDHR art. 12 and ICCPR art. 17. Those instruments do not convert the record into an International Criminal Court case, and the ICC is not a general tribunal for ordinary due-process violations.

**The strongest adverse authority is already in the appellate disposition.** The Ninth Circuit relied on Veterans for Common Sense v. Shinseki for a broad rule that VJRA preclusion can reach constitutional labels and wrongful conduct that affects a benefits proceeding. Any renewed FTCA theory therefore needs a genuinely independent tort nucleus and remedy that does not require adjudicating a VA benefits question; otherwise jurisdictional issue-preclusion risk remains substantial.

## Decision-use takeaway

The strongest record-grounded point is not that the California allegations were judicially found true; they were not. It is that specific procedural-deprivation and retaliation allegations were placed in the appellate record, repeated across judicial-notice/amicus/emergency filings, and never received a reasoned merits treatment before the panel’s blanket denial. The strongest defense is that the panel expressly declined issues not properly preserved in the opening brief and that the alleged DNP events post-dated the district-court judgment, making appellate consideration procedurally difficult.

## 2. Three-case map and posture

| Matter | Core pleading / issue | Disposition | Merits reached? | Record significance |
|---|---|---|---|---|
| C.D. Cal. 2:22-cv-01702-FWS-PVC | FTCA negligence: alleged VA mishandling/loss of service records and resulting delayed diagnosis/treatment. | 11/21/2022 dismissal without prejudice for lack of prosecution / noncompliance after default activity. | No tort merits adjudication. | Establishes original tort theory, administrative-exhaustion allegations, and procedural history. |
| C.D. Cal. 2:22-cv-08522-FWS-PVC | Refiled/related FTCA action; FAC included due process, contract, malpractice, NIED, fraud, Privacy Act, fiduciary duty, negligent hiring/training. | 12/14/2023 dismissed for lack of subject-matter jurisdiction; 5/28/2026 amended to without prejudice after appellate mandate. | Jurisdiction decided; underlying tort liability not adjudicated. | Central VJRA/§511 ruling; source of 24-140. |
| Ninth Cir. 24-140 | Appeal of Rule 12(b)(1) jurisdictional dismissal; later judicial-notice/amicus/emergency materials concerning DNP/CDSS and alleged retaliation. | 10/23/2025 affirmed with instruction to amend dismissal to without prejudice; all pending motions/requests denied; mandate 4/9/2026. | No merits adjudication of DNP/CDSS allegations. | Binding result in this case; memorandum designated nonprecedential except as Ninth Cir. R. 36-3 permits. |

### Record status hierarchy

Court orders, the appellate memorandum, mandate, and CM/ECF docket report are treated as the primary procedural record. Party filings establish what was alleged or argued, not the truth of disputed factual propositions. The Drive manifest establishes byte-level identity for the two district volumes; it does not independently establish public availability. Public/unsealed status of the appellate compilation is cross-checked against the Ninth Circuit's own sealing directive and the absence of Dkt. 29, 33, 45, and 57 from the 575-page compilation.

# 3. Chronology: what happened

| Date | Event | Record consequence |
|---|---|---|
| 03/15/2022 | 2:22-cv-01702 filed | Complaint pleads FTCA negligence based on alleged VA loss/mislabeling of service records and resulting delayed diagnosis/treatment. [District Vol. 1, complaint] |
| 08/31/2022 | Clerk default activity | Clerk entered default against Secretary Denis McDonough and VA after service/default disputes. This was not a final merits judgment against the United States. [District Vol. 1, Dkt. 35] |
| 11/21/2022 | First action dismissed; second filed | Dkt. 38 dismissed 2:22-cv-01702 without prejudice for lack of prosecution/failure to comply. Related 2:22-cv-08522 was filed the same day. [District Vol. 1 p.130; District Vol. 2 opening] |
| 02/28/2023 | Agency/Secretary dismissed in second action | VA and Secretary dismissed with prejudice by stipulation, leaving United States as principal defendant. [CM/ECF Dkt. 14] |
| 05/12/2023 | Initial complaint dismissed with leave to amend | Court granted United States' motion to dismiss, dismissed without prejudice, and granted leave to amend. [CM/ECF Dkt. 25] |
| 06/12/2023 | FAC filed | First Amended Complaint becomes operative pleading. [CM/ECF Dkt. 29] |
| 12/14/2023 | Jurisdictional dismissal | Court grants motion to dismiss FAC for lack of subject-matter jurisdiction under VJRA/38 U.S.C. §511; order initially dismisses with prejudice. [District Vol. 2, Dkt. 62] |
| 01/04-09/2024 | Appeal opened | Notice of appeal filed; Ninth Circuit assigns No. 24-140. [Appellate record Dkt. 2] |
| 04/01/2024 | Counsel motion denied / opening brief accepted | Panel denies appointment-of-counsel request and files opening brief. [Appellate Dkts. 9-10] |
| 04/26-29/2024 | Summary-disposition motion / response | United States moves for summary disposition; Foster responds. [Appellate Dkts. 12, 14] |
| 07/24-08/14/2024 | Merits briefing completed | United States files answering brief; Foster later submits reply brief. [Appellate Dkts. 20, 25] |
| 04/23/2025 | Judicial-notice / amicus package | Filings allege DNP/SBA exclusion tied to CDSS, without adjudication/process, and characterize timing during appeal as economic retaliation/procedural sabotage. [Public appellate compilation pp. 158-191; Dkts. 47-48] |
| 05/03/2025 | Emergency motion package | Dkt. 53 repeats DNP/CDSS allegations, seeks emergency action/docket clarity, and frames due-process/equal-protection/separation-of-powers concerns. [Public appellate compilation pp. 334-382, including pp. 340, 343, 346, 360-361] |
| 08/11/2025 | Post-dismissal filing stricken | District court strikes a new post-dismissal complaint/IFP request, reasoning that the jurisdictional issue had already been litigated. [District Vol. 2, Dkt. 69] |
| 10/23/2025 | Ninth Circuit disposition | Panel affirms under VJRA/§511, directs dismissal without prejudice, declines improperly preserved/new appellate matters, denies all pending motions/requests, and maintains Dkts. 29, 33, 45, 57 under seal. [Public appellate compilation pp. 573-575; Dkt. 66] |
| 04/09/2026 | Mandate | Judgment takes effect under FRAP 41(a). [24-140 Dkt. 71.1] |
| 05/15/2026 | Mandate-compliance request | Foster files notice/request to amend Dkt. 62 and supporting declaration. [District Dkts. 74-75] |
| 05/28/2026 | District court complies | Dkt. 76 grants request; Dkt. 77 issues amended order dismissing FAC without prejudice and directing closure. [District Dkts. 76-77] |

# 4. Jurisdictional architecture and litigation risk

## A. What the Ninth Circuit actually held

The panel characterized the action as an FTCA suit "alleging negligence related to veterans' benefits," reviewed the Rule 12(b)(1) dismissal de novo, and held that the claims relate to benefits administered by VA. It therefore treated the Court of Appeals for Veterans Claims/Federal Circuit review scheme as exclusive. The panel cited 38 U.S.C. § 511(a), Gila River Indian Community v. U.S. Department of Veterans Affairs, 899 F.3d 1076 (9th Cir. 2018), and Veterans for Common Sense v. Shinseki, 678 F.3d 1013 (9th Cir. 2012) (en banc). [24-140 Dkt. 66.1, pp. 1-2; public compilation pp. 573-574]

The disposition then corrected one point favorable to Foster: a jurisdictional dismissal should be without prejudice. The mandate ultimately produced the May 28, 2026 amended district order. [24-140 Dkt. 66.1 p. 3; Dkt. 71.1; District Dkts. 76-77]

## B. The hard adverse rule

The panel quoted Veterans for Common Sense for the proposition that VJRA preclusion can apply even when a veteran labels the claim constitutional and even when other wrongful conduct, though unrelated to the VA's ultimate benefits decision, affected the benefits proceeding. In practical terms, relabeling the same factual nucleus as FTCA negligence, constitutional tort, or APA review does not by itself solve the jurisdictional problem. [24-140 Dkt. 66.1 p. 2]

## C. What "without prejudice" does and does not do

"Without prejudice" removes a merits-preclusion implication from the dismissal itself; it does not erase the adjudicated jurisdictional issue. The district court's August 11, 2025 Dkt. 69 expressly invoked jurisdictional issue preclusion when striking a substantially similar post-dismissal complaint. A renewed action therefore needs a jurisdictionally distinct theory, not merely a new caption or additional damages allegation. [District Vol. 2, Dkt. 69]

## D. Cleanest analytical distinction for future work

The potentially viable distinction is between (i) a claim that requires a court to decide entitlement to, adequacy of, or causation within VA benefits administration and (ii) an independent tort by government personnel whose duty, breach, injury, and damages can be adjudicated without revisiting a benefits determination. The existing appellate result shows that the present record did not persuade the panel that the case fell on the second side of that line. Any renewed theory should be tested element-by-element against § 511 and issue preclusion before pleading.

## E. Strongest opposition

The government's strongest position is that the alleged record-loss/mishandling injury is inseparable from the benefits process because causation and damages depend on what VA would have done with complete service records. The panel's adoption of the broad Veterans for Common Sense formulation materially strengthens that argument. The strongest response is that negligent custody/handling of records can be framed as antecedent operational misconduct and that some asserted injuries may exist independently of any benefits entitlement; however, that response is constrained by the actual affirmance in 24-140.

# 5. California / Do Not Pay emergency allegations: record map

The following are allegations in party/amicus filings, not adjudicated facts. The distinction is maintained throughout.

| Record assertion | Where presented | Constitutional / legal theory raised | Status |
|---|---|---|---|
| Gin Beverly Hills LLC was denied SBA participation after a Federal Do Not Pay flag allegedly initiated by CDSS, rather than a court or disqualifying federal adjudication. | Public appellate compilation p. 162; repeated at pp. 340, 389. | Procedural due process; retaliatory/interference theory; administrative legality. | Alleged; no merits finding. |
| No warning, hearing, adjudicated fraud/ineligibility finding, rebuttal mechanism, or appeal was allegedly provided. | Public compilation pp. 162, 168; Dkt. 53 sequence pp. 340, 346. | State action: Fourteenth Amendment procedural due process. Federal implementation: Fifth Amendment due process. | Alleged; process entitlement and protected interest not adjudicated. |
| Designation was allegedly imposed during the pendency of 24-140 after the FTCA litigation was underway. | Public compilation pp. 174, 181, 187; repeated in emergency package. | Retaliation/access-to-courts context; causation/timing inference. | Timing alleged; retaliatory motive not adjudicated. |
| Filings characterized VJRA-based exclusion from district court as constitutionally problematic, invoking due process, equal protection, and separation of powers. | Public compilation pp. 182, 186-187; repeated pp. 360-361, 409-410. | Fifth/Fourteenth Amendments depending actor; structural judicial-access theory. | Argument, not holding. |
| Emergency materials sought judicial notice/contextual consideration rather than treating the new DNP events as trial evidence of the original FTCA liability. | Dkts. 47-48, 53-54. | FRAP/Rule 201 procedural vehicle; preservation issue. | Panel declined new/improperly raised matters and denied all pending motions. |

### The exact appellate disposition

The panel stated: “We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.” It then stated: “All pending motions and requests are denied.” [24-140 Dkt. 66.1 p. 3; public compilation p. 575]

Therefore, the most defensible formulation is: the DNP/CDSS constitutional allegations were placed before the Ninth Circuit, but they received no reasoned merits analysis; pending requests were summarily denied in the final memorandum. Saying they were literally “never addressed” overstates the docket history because there was a blanket disposition.

# 6. U.S. constitutional issue analysis

## A. Fourteenth Amendment - state CDSS action

If CDSS itself initiated a government blacklist that altered a cognizable liberty/property interest, procedural due process would require analysis of (1) protected interest, (2) deprivation by state action, and (3) constitutionally adequate process. The record allegations of no notice, no hearing, no adjudicated basis, no rebuttal mechanism, and no appeal are directly relevant to the third element. The unresolved vulnerability is the first element: access to a discretionary SBA loan or program is not automatically a protected property entitlement; a liberty-interest/stigma-plus theory would require separate proof of governmental stigmatization plus a concrete alteration of legal status or opportunity.

Equal protection against CDSS is also a Fourteenth Amendment question. The record's broad "protected classification" language is insufficient by itself to establish heightened scrutiny. A filing-grade theory would need to identify the comparator/classification, the applicable level of scrutiny, and intentional differential treatment.

## B. Fifth Amendment - federal Treasury/SBA implementation

The Fifth Amendment is the correct direct due-process vehicle for independently attributable federal action. If Treasury/SBA enforced a DNP designation in a way that deprived a protected liberty/property interest, federal due-process analysis would focus on the federal decision mechanism, notice, opportunity to contest, and available review. Equal-protection principles also apply to the federal government through the Fifth Amendment's Due Process Clause. The record before 24-140 did not adjudicate those elements.

## C. First Amendment petition / access-to-courts retaliation

The emergency filings repeatedly tie the allegedly adverse economic action to the pendency of federal litigation. That timing can support investigation of a retaliation theory, but timing alone does not establish retaliatory motive. A filing-ready claim would require protected activity, materially adverse government action, causation, actor attribution, and defenses/immunities. The 24-140 panel made no finding on any of those elements.

## D. Separation of powers - refine the actor theory

The filings use separation-of-powers language to argue that executive agencies cannot make entire tort categories effectively unreviewable. That is strongest as a federal structural argument tied to Congress's VJRA/FTCA design and Article III jurisdiction. Applied directly to a California executive agency, "separation of powers" is imprecise; a state interference theory should instead identify the federal right or proceeding allegedly burdened and the constitutional/statutory mechanism that makes the state conduct unlawful.

## E. The preservation problem

Because the DNP events allegedly occurred after the district judgment, the appellate record itself presented a preservation/post-judgment-record problem. The Ninth Circuit's express refusal to consider matters not distinctly presented in the opening brief or raised first on appeal is the principal procedural answer. A later action based on new post-judgment conduct would need its own exhaustion, jurisdiction, limitations, defendant, immunity, and claim-preclusion analysis rather than assuming 24-140 adjudicated it.

# 7. U.N. / international human-rights issue map

This section maps the alleged conduct to international human-rights norms. It does not state that a U.N. body or U.S. court has adjudicated a treaty violation in this matter.

| Alleged conduct | Norm potentially implicated | Fit | Enforcement caveat |
|---|---|---|---|
| Government listing/exclusion without notice, hearing, or review. | UDHR arts. 8 and 10; ICCPR arts. 2(3) and 14(1). | Effective remedy / fair hearing concepts align with the procedural complaint. | UDHR is declaratory, not itself a U.S. cause of action. ICCPR domestic enforceability is limited by the U.S. non-self-executing declaration. |
| Unequal exclusion from government programs. | UDHR art. 7; ICCPR art. 26. | Equality before the law / nondiscrimination map to the asserted unequal-protection theory. | Requires proof of differential treatment and prohibited/arbitrary classification; not adjudicated here. |
| Government dissemination/use of personal status data without consent or process (as alleged in later state-claim materials). | UDHR art. 12; ICCPR art. 17. | Potential arbitrary/unlawful interference with privacy/reputation. | The 24-140 merits record did not adjudicate the underlying data facts or legality. |
| Deprivation of property/economic opportunity without adjudication. | UDHR art. 17. | Property norm is conceptually relevant to arbitrary deprivation. | ICCPR contains no general property-right analogue; do not miscite it as one. |

## Which international forum actually fits?

The International Criminal Court is not a general human-rights court. It prosecutes natural persons for genocide, crimes against humanity, war crimes, and aggression within the Rome Statute framework. Ordinary due-process, blacklisting, or economic-retaliation allegations do not become ICC crimes merely because they are framed as human-rights violations. No fact in this record establishes a Rome Statute threshold offense.

The U.N. Human Rights Committee monitors ICCPR compliance; it is not a criminal court. An individual-communications route depends on the relevant state's acceptance of the First Optional Protocol, which the United States has not ratified. U.N. Special Procedures can receive information/communications but do not issue criminal judgments. Separately, the Inter-American Commission on Human Rights is an OAS body, not a U.N. court, and is distinct from the Inter-American Court.

For the record presented here, the legally cognizable adjudicative routes remain domestic: the proper federal/state judicial or administrative forum for the actor and claim at issue, with international mechanisms serving at most as monitoring, reporting, or advocacy channels unless a separate jurisdictional basis exists.

## 8. “Apparent gaslighting” - forensic record assessment

The term is used here as the Principal’s requested forensic shorthand for a record-framing mismatch, not as a clinical diagnosis or a judicial finding of bad faith.

| Mismatch | Record support | Counter-explanation | Assessment |
|---|---|---|---|
| “Negligence tort” vs. “benefits claim.” | Complaints repeatedly frame operational negligence; panel characterizes claim as negligence related to benefits. | Veterans for Common Sense expressly allows VJRA preclusion even for other wrongful conduct affecting benefits proceedings. | A real framing conflict, but the court had an articulated doctrinal basis; the record does not establish deceptive intent. |
| Emergency DNP allegations presented vs. no reasoned merits response. | Dkts. 47-48 and 53-54 contain detailed CDSS/DNP allegations and constitutional framing. | Events arose after judgment; panel invoked opening-brief/new-on-appeal preservation rule. | Strong support for “no substantive merits engagement”; weaker support for “ignored entirely,” because all pending requests were denied. |
| Jurisdictional dismissal “with prejudice.” | District Dkt. 62 used with-prejudice disposition despite jurisdictional basis. | Appellate panel corrected it under ordinary jurisdictional-dismissal doctrine. | Concrete procedural error, corrected on appeal; not by itself evidence of bad faith. |
| Alleged state/federal blacklisting without process. | Party filings repeatedly allege no notice, hearing, adjudication, rebuttal, or appeal. | No adjudicated record establishes the initiating actor, governing DNP authority, protected interest, or available remedies. | Serious allegation warranting independent evidentiary development; currently allegation, not finding. |

### Institutional-risk formulation

The more defensible institutional-language formulation is: “The record reflects repeated reframing and summary procedural disposition of materially different asserted harms, producing an appearance of non-engagement from the litigant’s perspective; however, the appellate court supplied a jurisdictional/preservation rationale and the present record does not establish intentional deception.” This preserves the force of the point without converting inference into fact.

## 9. Venezuela / extradition comparison - verification status and legal fit

The connected Drive search did not identify a source establishing the specific current “President of Venezuela” extradition precedent referenced in the instruction. Live web verification is unavailable in this session. No current political/extradition proposition is therefore stated as fact in this memorandum without a docket, judicial order, treaty instrument, or other T1 source.

As a matter of legal architecture, an extradition or surrender proceeding involving a foreign head of state would ordinarily turn on criminal charges, extradition/surrender authority, treaty/statutory requirements, immunities, and the status of the requested person. That framework is not precedent for whether CDSS or a federal payment-screening system supplied constitutionally adequate process to a U.S. litigant/business. The analogy can be rhetorically powerful only after the specific case and holding are identified; until then it should not be cited as precedent.

If the intended comparator is an International Criminal Court surrender matter, the mismatch is even greater: the ICC’s subject-matter jurisdiction concerns core international crimes, not ordinary constitutional due-process claims. If the intended comparator is a U.S. criminal extradition matter, the controlling authority must be the actual extradition decision and treaty/statute applied. This packet leaves a marked source slot for that authority rather than hallucinating it.

## 10. Litigation-grade recommendations

**1. Separate actors and amendments.** Plead state CDSS conduct under the constitutional/statutory rules applicable to state action; plead any Treasury/SBA conduct under the rules applicable to federal action. Do not collapse Fourteenth- and Fifth-Amendment attribution.

**2. Treat the DNP episode as a separate post-judgment factual nucleus unless a procedural vehicle clearly allows otherwise.** The panel's preservation language is a warning against importing later events into an appeal of an earlier judgment. A new claim requires its own exhaustion/jurisdiction/limitations/immunity analysis.

**3. Build the protected-interest record before claiming a completed due-process violation.** Identify the statutory/regulatory basis for DNP placement, what legal status or program eligibility changed, what process existed, what notice was sent, which agency entered the data, and which agency relied on it.

**4. Develop causation for any retaliation theory independently of timing.** Obtain referral records, DNP source/agency codes, agency notes, notices, appeals logs, SBA denial data, and communications linking litigation activity to the adverse action. Temporal sequence is evidence; it is not the entire causation case.

**5. Frame 24-140 accurately.** State that the emergency constitutional allegations were submitted and later summarily denied without reasoned merits analysis. Avoid saying the court entered no disposition.

**6. Do not use international law as a substitute for domestic elements.** Use U.N. norms as interpretive/advocacy context unless and until a specific enforceable treaty/implementing statute/forum is established.

**7. Treat the May 28, 2026 amended order as the operative district disposition.** Any procedural history, res judicata, or future pleading should use the corrected "without prejudice" disposition and separately analyze jurisdictional issue preclusion.

**8. Source the extradition comparator before deployment.** Require a case number/order/treaty authority and identify the precise holding. Without that, label it an analogy, not precedent.

### Red-team vulnerabilities

The principal vulnerabilities are: VJRA/§511 preclusion; jurisdictional issue preclusion; post-judgment/new-on-appeal preservation; failure to identify a protected property/liberty interest; actor-attribution gaps between CDSS and federal DNP/SBA systems; sovereign/qualified immunity; lack of evidence of retaliatory motive; and attempting to transform non-self-executing international norms into direct domestic causes of action. Any filing that does not confront these points affirmatively is vulnerable to threshold dismissal before merits discovery.

## 11. Record-integrity audit and source manifest

Triple-check protocol used for the compiled PDF:

Control 1 - provenance: the two district volumes were taken from the Drive folder “CASE IN FULL JUNE 9 2026”; the appellate source was taken from the folder titled “Documents from Foster v. United States of America et al. Complete Unsealed 24-140 4.”

Control 2 - byte/page integrity: the district volumes are exactly 130 and 419 pages, unencrypted, and their SHA-256 digests exactly match the independent June 10 source-package manifest. The appellate public compilation is 575 pages, unencrypted, and spans Dkt. 2 through the Dkt. 66 disposition. The separate mandate is one unencrypted page.

Control 3 - sealing exclusion: the Ninth Circuit memorandum directs Dkts. 29, 33, 45, and 57 to remain under seal. A text-level docket-entry scan of the 575-page public compilation shows those four docket entry numbers are absent. References to “sealed” filings in public documents are retained because the references themselves are part of the unsealed/public record; the sealed docket entries themselves are not included.

| Source | Pages | SHA-256 | Integrity note |
|---|---|---|---|
| District Vol. 1 - 2:22-cv-01702 | 130 | d2e88d5144795d8a238d85e89bad71b7f99d7c989a7274cdf30aa34fe1556d68 | Matches independent manifest exactly; unencrypted. |
| District Vol. 2 - 2:22-cv-08522 | 419 | 01acff1f8c0017c6ca2a8c3c4e829fabeb678116a3e857058a5fc187677e6f3e | Matches independent manifest exactly; unencrypted. |
| 24-140 public appellate compilation | 575 | c9137477ce551da637e44b2df240ecdcab4a52eef6519e5c8057bf6a0082cf0f | Unencrypted; Dkts. 29/33/45/57 absent. |
| 24-140 mandate (04/09/2026) | 1 | 81e935875de998ae5fd71a8331cb45a56a2999e5c8b42ef9737d05311762ca9d | Unencrypted; FRAP 41(a) mandate. |
| District Dkt. 74 mandate-compliance request | 4 | 5307edbba50108ad5c74cadc99407e44ad6bc59d28be0777a6f24d9802d030b0 | Unencrypted. |
| District Dkt. 75 supporting declaration | 22 | ccde91a02f6ad2e72b21029f9a581f6de9f092d694900e4c5a2616c87a4acb45 | Unencrypted. |
| District Dkt. 76 order | 1 | a1f34b38969218df358c8369e7156077722e59f75fa752e8f6a893450ec36c70 | Unencrypted. |
| District Dkt. 77 amended order | 7 | 6081f772ee3625b78f03a302bc8d7db4251ffa85842c0f10a294a680bc136e10 | Unencrypted; operative without-prejudice order. |

### Important scope limitation

The 286,966,857-byte Drive file titled “24-140 Case File Complete.pdf” exceeds the connector’s 256 MiB download ceiling. The compilation therefore uses the 575-page public/unsealed appellate PDF that begins at Dkt. 2 and ends at Dkt. 66, plus the separate public mandate. This is consistent with the explicit “Complete Unsealed 24-140” folder and with the court’s sealing order, but it is not a live PACER export. For an external filing where completeness must be independently certified, counsel should re-run the docket against PACER/ACMS and confirm that every public attachment as of the filing date is represented.

## 12. Source-page ingestion guide

High-value pages in the appended source record:

| Topic | Source location | Why it matters |
|---|---|---|
| Original FTCA negligence theory | District Vol. 1, complaint beginning near source page 1 | Defines alleged duty/breach/injury and administrative-exhaustion theory. |
| First action dismissal | District Vol. 1, source page 130 (Dkt. 38) | Without-prejudice dismissal for failure to prosecute/noncompliance. |
| Second action jurisdictional record | District Vol. 2, Dkts. 43/62 and later Dkt. 70 reproduction | Core §511/VJRA dispute and ultimate appellate result. |
| Post-dismissal strike | District Vol. 2, Dkt. 69 near source pp. 415-417 | Express jurisdictional issue-preclusion reasoning. |
| DNP/CDSS allegation - initial public package | 24-140 public compilation pp. 158-191 | Judicial-notice/amicus materials; “no warning/no hearing” and retaliation theory. |
| Emergency motion Dkt. 53 | 24-140 public compilation pp. 334-382; especially 340, 343, 346, 360-361 | Repeated DNP/CDSS facts and constitutional framing. |
| Final appellate disposition | 24-140 public compilation pp. 573-575 | Affirmance, without-prejudice instruction, preservation sentence, blanket denial, sealing order. |
| Mandate | Separate one-page 24-140 Dkt. 71.1 | Judgment effective April 9, 2026. |
| Final corrected district order | District Dkt. 77 supplement | Operative dismissal without prejudice and closure. |

### Release assessment

PASS WITH RESERVATION. The core three-matter record is compiled and integrity-checked. The reservation concerns two external-verification items: (1) the connected Drive master appellate PDF exceeds the connector download ceiling, so the public 575-page compilation + mandate is used instead; and (2) the requested current Venezuela/extradition comparator cannot be independently live-verified because web access is disabled and no specific Drive authority was located. Neither limitation changes the court-record conclusions stated above.

**END OF ANALYTICAL MEMORANDUM - SOURCE RECORD FOLLOWS IN THE COMBINED PDF**

CLOSING RECORD STATEMENT

# 13. Human record: restraint, service, and agency

## A. Record-grounded baseline

Nothing in the assembled litigation record reviewed for this memorandum identifies a criminal or violent history attributable to Foster. That is a statement about this record, not an external criminal-history certification. Foster states that, despite years of asserted medical, institutional, financial, and procedural injury, he did not answer those events with crime or violence. The record instead reflects repeated resort to administrative claims, court filings, declarations, requests for review, and other lawful channels.

Foster describes his broader life in terms of military service, prior medic experience, work, charity, and an effort to uplift the communities of which he has been a part. The assembled court record does not independently catalogue every such contribution. The legally sound formulation is therefore narrow but important: the record before the reader contains sustained evidence of lawful process-seeking and does not supply a basis to equate emotional intensity with criminality or dangerousness.

## B. Disputed diagnosis, competence, and personal agency

Foster squarely disputes that Bipolar II accurately describes his present condition. He reports that, as a former medic, he self-managed aspects of the experience while drawing on a British cultural upbringing that he associates with privacy, endurance, restraint, and self-command; he identifies himself as both a British national and an American. This memorandum does not make an independent psychiatric diagnosis. For filing purposes, the point should remain what the record can support: the historical diagnostic characterization is disputed, and the present record does not convert that dispute into a judicial finding of incapacity.

Foster further contends that California actors attempted to displace, diminish, or redefine his agency and competence through state processes and labels he maintains were false or unsupported. That contention should be tested against the actual state records, statutory authority, notice, process, and competent evidence. It should not be inferred merely from forceful language, unconventional phrasing, pro se litigation, grief, anger, faith, or disagreement with government actors.

## C. The "Jason Bourne" formulation

Foster uses "Jason Bourne," "Jason Bourne-ing," and related phrasing as shorthand for what he describes as institutional recognition without institutional memory: being identified, processed, categorized, or acted upon while records necessary to explain his history were allegedly lost, mislabeled, unavailable, or inconsistently treated. Retaining the phrase preserves his voice. Legal precision requires the corresponding boundary: the phrase is a descriptor for Foster's lived account and theory of institutional dislocation; it is not offered as a finding that an intelligence operation or literal psychological operation occurred.

CLOSING RECORD STATEMENT

# 14. Record-supported harms and the coercive sequence

## A. Medical-record failure, disclosure, and access to private treatment

The original FTCA theory alleges an operational failure in the custody, labeling, availability, and use of service and medical records, followed by delayed diagnosis and treatment. Foster further maintains that the governing medical-negligence duties required accurate disclosure of what occurred so that he could make informed decisions and obtain appropriate private treatment. The courts did not adjudicate the underlying negligence merits. The Ninth Circuit resolved jurisdiction under the veterans-review framework; that jurisdictional disposition should not be restated as a factual finding that the alleged operational conduct did not occur.

Foster also asks that asserted irregularities in his discharge be evaluated under the statutes, regulations, records, and procedures governing the discharge itself rather than absorbed into a generalized benefits characterization. The present memorandum preserves that issue without declaring a discharge violation established where the assembled record does not contain a merits adjudication on that question.

## B. Financial coercion and state interference during active federal litigation

The appellate materials allege that, while 24-140 was pending, an SBA-access problem arose from a Federal Do Not Pay designation associated in the filings with the California Department of Social Services, without notice, hearing, adjudicated fraud finding, rebuttal mechanism, or appeal. Foster characterizes the timing and effect as financial coercion against an active federal litigant. The record supports that these allegations were presented; it does not establish retaliatory motive or unlawful coordination as an adjudicated fact.

The strongest aggressive position therefore does not depend on overstatement. It is that medical-record failure, alleged disclosure failures necessary to facilitate private treatment, asserted discharge irregularities, the later DNP/SBA exclusion, and state-level competence interventions are analytically distinct events. They should not be collapsed into a single benefits label merely because veterans' benefits appear elsewhere in the history. At the same time, any renewed claim must confront the Ninth Circuit's actual jurisdictional holding, actor-specific constitutional rules, exhaustion, immunity, preclusion, and proof of causation.

## C. What 24-140 resolved - and what it did not

The Ninth Circuit affirmed the jurisdictional dismissal, required that it be without prejudice, declined matters not properly preserved or first raised on appeal, and denied all pending motions and requests. That is the procedural result. It did not adjudicate the underlying tort merits, the truth of the California/DNP allegations, Foster's present medical self-characterization, or whether later state conduct independently violated law. The distinction is not rhetorical; it is the boundary between jurisdictional disposition and merits adjudication.

## D. Physician support and the asserted written acknowledgment

Foster states that he has carried these matters while remaining without the physician support he believes should have followed what he characterizes as a written acknowledgment of the underlying tort-related medical failure. This memorandum does not label that writing a binding judicial admission without document-specific analysis of its language, speaker, authority, and evidentiary effect. It preserves the point for that review rather than diluting or overstating it.

CLOSING RECORD STATEMENT

# 15. Moral injury, faith, and closing position

## A. The language Foster uses for the injury

Foster describes the enduring human condition of the experience not principally as mania or dangerousness, but as embitterment; moral injury; existential betrayal; radical and burdened rage; profound existential loneliness and grief; and severe moral and ethical anguish. Those terms are preserved because they state his account with precision. They are not offered here as DSM diagnoses and do not substitute for competent medical evidence where diagnosis or causation becomes material.

His position is that such emotions arose from the collision between service, trust, institutional duty, asserted medical injury, record loss, financial pressure, and repeated procedural non-engagement. The legal significance is limited but real: anger, grief, moral injury, and profound betrayal are not themselves evidence of criminality, violence, incapacity, or lack of credibility. Each proposition must be established, if material, by its own competent evidence.

## B. Faith, Frankl, and sources of restraint

Foster reports that throughout these events he remained "in the heart of the Lord and Jesus." He states that he has studied Viktor E. Frankl since grade school and draws from Frankl and Holocaust testimony a model of endurance, meaning, and moral choice under extreme suffering. As a former service member who accepted the grave obligations inherent in defending the American flag, including the possibility of lawful lethal force under military duty, Foster describes a conscious decision in civilian life to await what he understands as the Lord's hand rather than answer embitterment, rage, grief, or perceived betrayal with crime, violence, or retaliation.

He further reports that reading, conversations with neighbors, and seeking advice from others have been sources of comfort. Once the litigation is fully concluded, he states that he would value any public, non-case-specific reflection by a member of the appellate panel on how comparable human emotions can be carried, including any thoughts on Frankl's approach to suffering and meaning. That aspiration is not a request for ex parte communication, extra-record adjudication, or private judicial counseling.

## C. Closing proposition

> **The law should not mistake lawful suffering for dangerousness, moral injury for criminality, a disputed diagnosis for proven incapacity, or a jurisdictional disposition for a merits adjudication.**

That is the narrow, forceful closing position supported by the record and Foster's stated account. He maintains that he chose legal process, faith, service, study, neighbors, and community counsel over crime, violence, or retaliation; that he remains capable of articulating the injuries he says occurred; and that the alleged medical, financial, and state-agency harms should be judged on evidence and governing law rather than stereotype, shorthand, or pathologizing inference.

Filing-grade qualification. This closing statement preserves Foster's voice while separating court rulings from allegations, self-report from diagnosis, and inference from adjudicated fact. It adds no new merits finding to Sections 1-12 and should be read together with the jurisdictional, preservation, evidentiary, and source-status limitations already stated in the memorandum.